**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

THE WAVE STUDIO, LLC,

               *Plaintiff*,

   v.

GENERAL HOTEL MANAGEMENT LTD.;
VFM LEONARDO, INC; PEGASUS SOLUTIONS,
INC.; ABOUT, INC. d/b/a ABOUT.COM; ALLIANCE
RESERVATIONS NETWORK d/b/a
RESERVETRAVEL.COM; BUDGETWORKS, INC.
d/b/a SETAICONDORENTALS.COM; DELTA
AIRLINES d/b/a DELTA.COM; ESSLINGER
WOOTEN MAXWELL, INC. d/b/a
NELSONGONZALEZ.COM; JETBLUE AIRWAYS
CORPORATION d/b/a JETBLUE.COM; FROMMER
MEDIA d/b/a FROMMERS.COM; LEXYL TRAVEL
TECHNOLOGIES d/b/a HOTELPLANNER.COM;
IBT MEDIA INC. d/b/a IBTIMES.COM;
MYSOBE.COM d/b/a MYSOBE.COM; KAYAK
SOFTWARE CORPORATION d/b/a KAYAK.COM;
NETADVANTAGE.COM d/b/a
IHSADVANTAGE.COM; ORBITZ WORLDWIDE
LLC d/b/a ORBITZ.COM; QUESTEX MEDIA LLC
d/b/a FIVESTARALLIANCE.COM; CEDORA, INC.
d/b/a REALADVENTURES.COM; SETAI OWNERS
LLC d/b/a SETAI.COM d/b/a SETAI-REALTY.COM;
SPA FINDER, INC. d/b/a SPAFINDER.COM; THE
LEADING HOTELS OF THE WORLD d/b/a
LHW.COM; THIS EXIT LLC d/b/a
ROADSIDEAMERICA.COM; ROOM77 d/b/a
ROOM77.COM; EXPEDIA, INC d/b/a
EXPEDIA.COM; HOTELS.COM GP LLC d/b/a
HOTELS.COM d/b/a TRAVELNOW.COM;
RESERVATION COUNTER d/b/a
RESERVATIONCOUNTER.COM; AMERICAN
AIRLINES, INC. d/b/a AAVACATIONS.COM;
UNITED AIRLINES INC. d/b/a
HOTELS.UNITED.COM; HOTELSBYME.COM d/b/a
HOTELSBYME.COM; SIGNATURE TRAVEL
NETWORK d/b/a SIGNATURETRAVELNETWORK
.COM; FROSH INTERNATIONAL TRAVEL, INC.

Civil Action No. 7:13-cv-09239

ECF Case

**JURY TRIAL DEMANDED**

d/b/a <u>FROSCHVACATIONS.COM</u>; VACATIONS BY
TZELL d/b/a <u>VACATIONSBYTZELL.COM</u>;
ANDREW HARPER d/b/a <u>ANDREWHARPER.COM</u>;
BOOKIT.COM INC d/b/a <u>BOOKIT.COM</u>; ESCALA
VACATIONS d/b/a <u>ESCALAVACATIONS.COM</u>;
FAREBUZZ d/b/a <u>FAREBUZZ.COM</u>; FAREPORTAL
INC d/b/a <u>CHEAPOAIR.COM</u>; RANDOM HOUSE
d/b/a <u>FODORS.COM</u>; GETAROOM.COM d/b/a
<u>GETAROOM.COM</u>; GOGOBOT, INC. d/b/a
<u>GOGOBOT.COM</u>; HIPMUNK, INC. d/b/a
<u>HIPMUNK.COM</u>; HOTELGUIDES.COM, INC. d/b/a
<u>HOTELGUIDES.COM</u>; MARKET ES INC. d/b/a
<u>HOTELS-AND-DISCOUNTS.COM</u>;
HOTELSTRAVEL.COM d/b/a
<u>HOTELSTRAVEL.COM</u>; ESTEBAN OLIVEREZ d/b/a
<u>INSANELYCHEAPFLIGHTS.COM</u>; LUXEMONT
d/b/a <u>JUSTLUXE.COM</u>; LONELY PLANET GLOBAL,
INC. d/b/a <u>LONELYPLANET.COM</u>; LUXE TRAVEL,
LLC d/b/a <u>LUXETRAVEL.COM</u>; LUXURY TRAVEL
MEDIA d/b/a <u>LUXURYTRAVELMAGAZINE.COM</u>;
METRO TRAVEL GUIDE d/b/a
<u>METROTRAVELGUIDE.COM</u>; MOBISSIMO INC.
d/b/a <u>MOBISSIMO.COM</u>; NEXTAG, INC. d/b/a
<u>NEXTAG.COM</u>; QANTAS AIRWAYS LIMITED d/b/a
<u>QANTAS.COM.AU</u>; QATAR AIRWAYS d/b/a
<u>QATARAIRWAYS.COM</u>; JOE MAZZARELLA d/b/a
<u>ROOMRATE.COM</u>; WK TRAVEL INC. d/b/a
<u>TRAVELSPOT.US</u> d/b/a <u>ONETRAVEL.COM</u>;
TRAVELOCITY.COM LP d/b/a
<u>TRAVELOCITY.COM</u>; TRIPADVISOR LLC d/b/a
<u>TRIPADVISOR.COM</u>; TABLET INC d/b/a
<u>TABLETHOTELS.COM</u>; and DOES 1-100.

*Defendants*.

## <u>FIRST AMENDED COMPLAINT</u>

The Wave Studio, LLC ("Plaintiff"), by their attorneys, Leason Ellis LLP, for their first

amended complaint against the following Defendants (collectively "Defendants") alleges as

follows:

## NATURE OF THIS ACTION

1.      Plaintiff is the copyright owner of photographic works created by one of its members, Junior Lee.  Ms. Lee is a Malaysian photographer who uses her pictures to create distinctive marketing and promotional materials for prominent hotels and renowned travel organizations worldwide.

2.      This is an action for copyright infringement arising out of Defendants' unauthorized reproduction, display, distribution, publication and utilization of hundreds of Plaintiff's photographs in connection with Defendants' promotion and sale of hotel and travel bookings on various websites accessed across the United States.

3.      Ms. Lee is commissioned either by hotel management and promotional agencies, or by hotel and travel locations directly, to photograph elite hotel properties and destination locales and to create marketing and promotional materials featuring her photographs.  However, per the express terms of her contracts with such agencies, Plaintiff retains sole and exclusive ownership of all right, title and interest in the underlying photos, as well as the sole and exclusive right to license, distribute and use the photographs for any and all other purposes, unless a contract specifically states otherwise.

4.      As set forth in more detail below, Defendants have committed blatant acts of copyright infringement by improperly using Plaintiff's photographs - without authorization - for their own financial gain, including but not limited to, using Plaintiff's photographs in their own articles, photo galleries, and promotional materials, all of which are generating traffic to – not to mention revenue for – Defendants and their businesses.  By virtue of this action, Plaintiff should

{04892/606459-000/01156433.1}

be awarded the appropriate injunctive relief and monetary damages to remedy and redress Defendants' rampant, willful and continued misuse of Plaintiff's copyrighted photographs.

## JURISDICTION AND VENUE

5.      This complaint alleges causes of action under the Copyright Laws of the United States, Title 17 of the United States Code.

6.      This Court has subject matter jurisdiction over this claim pursuant to 28 U.S.C. §§§ 1331, 1338 and 2201 as Plaintiff's claims against Defendants arise under Title 17 of the United State Code.

7.      This Court has personal jurisdiction over the Defendants, as all are domiciled in, or have done business in this district.

8.      Pursuant to 29 U.S.C. § 1391, venue properly lies in this Court because Plaintiff's principal place of business is in this judicial district and a substantial part of the events giving rise to the claims occurred in this judicial district.

## THE PARTIES

9.      Plaintiff, The Wave Studio, LLC, is a limited liability company organized under the laws of the State of New York, with its principal place of business at One Barker Avenue, #542, White Plains, New York 10601.  Plaintiff is a business entity operated by photographer Junior Lee, a Malaysian citizen currently domiciled in Singapore.  Ms. Lee creates marketing materials for businesses worldwide using her original works, but retains ownership of all rights, title, and interest to all artistic works used therein.   The Wave Studio, LLC was formed to hold, manage, and control the U.S. intellectual property rights to said works, including, but not limited to, several U.S. copyright registrations.

4

10.     Upon information and belief, Defendant General Hotel Management Ltd. ("GHM") is a Singapore corporation with its principal place of business at No. 1 Orchard Spring Lane, #4-02 Tourism Court, Singapore 247729.     GHM specializes in conceptualizing, developing and operating luxury hotels and resorts in Southeast Asia.   Upon information and belief, the hotels managed or promoted by GHM include but are not limited to The Setai Miami - USA, The Heritage House Mendocino - USA, The Chedi Milan - Italy, The Leela Goa - India, The Chedi Muscat - Oman, The Nam Hai Hoi An - Vietnam, The Chedi Chiang Mai - Thailand, The Chedi Phuket - Thailand, The Datai Langkawi - Malaysia, The Andaman Langkawi - Malaysia, The Saujana Kuala Lumpur - Malaysia, The Club at The Saujana Kuala Lumpur - Malaysia, Carcosa Seri Negara Kuala Lumpur - Malaysia, The Legian Seminyak - Bali, The Club at The Legian Seminyak - Bali, The Chedi Club Ubud - Bali, The Serai Club Jimbaran - Bali, The Lalu Sun Moon Lake - Taiwan, Langsuan Apartment Bangkok - Thailand, Seah St. Apartment - Singapore, GHM Boutique Products - Singapore, The Fullerton Hotel - Singapore, Raffles Hotel - Singapore, La Pari-Pari Hotel Langkawi - Malaysia, and Four Seasons Great Exuma - Bahamas ("Hotels").   GHM targets New York residents to book accommodation and other hospitality services at the Hotels when they travel to those vacation destinations.

11.     Upon information and belief, Defendant VFM Leonardo Inc. ("VFM") is a Canadian corporation with its principal place of business at 111 Peter Street, Suite 530, Toronto, Canada M5V2H1.  VFM specializes in selling advertising packages to travel and hotel websites for promoting and selling bookings from across the United States.  Plaintiff is informed and believes and based thereon alleges that: (1)  VFM has derived and continues to derive substantial profits from the advertising packages that it promotes and sells to its customer websites in the United States, including in New York and this jurisdiction; and (2) that VFM targets residents of

New York and travelers to New York by using its advertisements on third-party websites to induce these prospective travelers to book hotel and travel packages through the websites operated by its customers.

12.     Upon information and belief, Defendant Pegasus Solutions, Inc. ("Pegasus") is a U.S. corporation with a place of business at 1250 Broadway 12th Floor New York, NY 10001.  Pegasus, among other things, provides promotion and advertising services to travel and hotel websites for use in promoting and selling hotel bookings in the United States.  Plaintiff is informed and believes and based thereon alleges that: (1) Pegasus has derived and continues to derive substantial profits from the services that it provides, promotes, and sells to its customer websites in the United States, including in New York and this jurisdiction; and (2) that Pegasus targets residents of New York and travelers to New York by supplying third-party websites with advertising content, including photographs of hotels, to induce these prospective travelers to book hotel and travel packages through the websites operated by its customers.

13.     Upon information and belief, Defendant About, Inc. d/b/a ABOUT.COM, located at 1500 Broadway, 6th Floor, New York, NY 10036, registers and uses the domain name www.about.com. Upon information and belief, Defendant About, Inc. regularly transacts or solicits business in the State of New York through, inter alia, a website resolving to www.about.com.

14.     Upon information and belief, Alliance Reservations Network d/b/a RESERVETRAVEL.COM, located at 428 E. Thunderbird Rd. #427, Phoenix, AZ 85022, registers and uses the domain name domain name www.reservetravel.com. Upon information and

6

belief, Defendant Alliance Reservations Network regularly transacts or solicits business in the State of New York through, *inter alia*, a website resolving to www.reservetravel.com.

15.     Upon information and belief, Defendant BudgetWorks Inc. d/b/a SETAICONDORENTALS.COM located at 101 20th St., Condo 3103, Miami Beach, FL 33139, registers and uses the domain name www.setaicondorentals.com.   Upon information and belief, Defendant BudgetWorks Inc. regularly transacts or solicits business in the State of New York through, *inter alia*, a website resolving to www.setaicondorentals.com

16.     Upon information and belief, Defendant Delta Air Lines Inc. d/b/a DELTA.COM, located at 1030 Delta Boulevard, Atlanta, GA 30354, registers and uses the domain name www.delta.com.  Upon information and belief, Defendant Delta Air Lines Inc. regularly transacts or solicits business in the State of New York through, *inter alia*, a website resolving to www.delta.com.

17.     Upon information and belief, Defendant Esslinger Wooten Maxwell, Inc. d/b/a NELSONGONZALEZ.COM, located at 419 Arthur Godfrey Road, Miami Beach, FL 33140, registers and uses the domain name www.nelsongonzalez.com.   Upon information and belief, Defendant Esslinger Wooten Maxwell, Inc. regularly transacts or solicits business in the State of New York through, *inter alia*, a website resolving to www.nelsongonzalez.com.

18.     Upon information and belief, Defendant Jet Blue Airways Corporation d/b/a JETBLUE.COM, located at 27-01 Queens Plaza North, Long Island City, NY 11101, registers and uses the domain name www.jetblue.com.  Upon information and belief, Defendant JetBlue Airways Corporation regularly transacts or solicits business in the State of New York through, *inter alia*, a website resolving to www.jetblue.com.

{04892/606459-000/01156433.1}

19.     Upon information and belief, Defendant Frommer's Media LLC d/b/a FROMMERS.COM, located at 767 Third Avenue, New York, NY 10017, registers and uses the domain name *www.frommers.com*.  Upon information and belief, Defendant John Wiley & Sons, Inc. regularly transacts or solicits business in the State of New York through, *inter alia*, a website resolving to *www.frommers.com*.

20.     Upon information and belief, Defendant Lexyl Travel Technologies d/b/a/ HOTELPLANNER.COM, located at 777 S Flagler Dr Suite 800, West Tower, West Palm Beach, Florida 33401, registers and uses the domain name *www.hotelplanner.com*. Upon information and belief, Defendant Lexyl Travel Technologies regularly transacts or solicits business in the State of New York through, *inter alia*, a website resolving to *www.hotelplanner.com*.

21.     Upon information and belief, Defendant IBT Media Inc. d/b/a IBTIMES.COM, located at 7 Hanover Square, 5th Floor, New York, NY 10004, registers and uses the domain name www.ibtimes.com.  Upon information and belief, Defendant IBT Media Inc regularly transacts or solicits business in the State of New York through, inter alia, a website resolving to www.ibtimes.com.

22.     Upon information and belief, Defendant Kayak Software Corporation d/b/a KAYAK.COM, located at 55 North Water Street, Suite 1, Norwalk, CT 06854, registers and uses the domain name *www.kayak.com*.  Upon information and belief, Defendant Kayak Software Corporation regularly transacts or solicits business in the State of New York through, *inter alia*, a website resolving to *www.kayak.com*.

23.     Upon information and belief, Defendant MySoBe.com d/b/a MYSOBE.COM, located at 918 Ocean Drive, Miami Beach, FL 33139, registers and uses the domain name to

8

*www.mysobe.com*.  Upon information and belief, Defendant MySoBe.com regularly transacts or solicits business in the State of New York through, *inter alia*, a website resolving to *www.mysobe.com*.

24.    Upon information and belief, Defendant NetAdvantage.com d/b/a IHSADVANTAGE.COM, located at 2139 E. Primrose Springfield, MO 65804, registers and uses the domain name *www.ihsadvantage.com*. Upon information and belief, Defendant NetAdvantage.com regularly transacts or solicits business in the State of New York through, *inter alia*, a website resolving to *www.ihsadvantage.com*.

25.    Upon information and belief, Defendant Orbitz Worldwide, LLC d/b/a ORBITZ.COM, located at 500 W. Madison St. 1000, Chicago, IL 60661, registers and uses the domain names *www.orbitz.com*.  Upon information and belief, Defendant Orbitz Worldwide LLC regularly transacts or solicits business in the State of New York through, *inter alia*, websites resolving to *www.orbitz.com*.

26.    Upon information and belief, Defendant Questex Media Group LLC d/b/a FIVESTARALLIANCE.COM, located at 1900 L Street NW, Suite 401, Washington, DC 20036, registers and uses the domain name *www.fivestarallaince.com*.  Upon information and belief, Defendant Questex Media LLC regularly transacts or solicits business in the State of New York through, *inter alia*, a website resolving to *www.fivestaralliance.com*.

27.    Upon information and belief, Defendant Cedora, Inc. d/b/a REALADVENTURES.COM, registers and uses the domain name *www.realadventures.com*, through proxy registration service that conceals its true domicile information.  After a diligent search, Plaintiff is informed and believes that Defendant Cedora, Inc. resides at 349 Newbury St. Suite 304, Boston, MA 02115.  Upon information and belief, Defendant Cedora, Inc. regularly

{04892/606459-000/01156433.1}

transacts or solicits business in the State of New York through, *inter alia*, a website resolving to *www.realadventures.com*.

28.     Upon information and belief, Defendant Setai Owners LLC d/b/a SETAI.COM d/b/a SETAI-REALTY.COM, located at 2001 Collins Avenue, Miami Beach, FL 33139, registers and uses the domain names *www.setai.com* and *www.setai-realty.com*.   Upon information and belief, Defendant Setai Owners LLC regularly transacts or solicits business in the State of New York through, *inter alia*, websites resolving to *www.setai.com* and *www.setai-realty.com*

29.     Upon   information   and   belief,   Defendant   Spa   Finder   Inc.   d/b/a SPAFINDER.COM, located at 257 Park Ave. South, 10th Floor, New York, NY 10010, registers and uses the domain name *www.spafinder.com*.   Upon information and belief, Defendant Spa Finder Inc. regularly transacts or solicits business in the State of New York through, *inter alia*, a website resolving to *www.spafinder.com*.

30.     Upon information and belief, Defendant The Leading Hotels of the World d/b/a LHW.COM, located at 485 Lexington Ave., Suite 401, New York, NY 10017, registers and uses the domain name *www.lhw.com*.   Upon information and belief, Defendant The Leading Hotels of the World regularly transacts or solicits business in the State of New York through, *inter alia*, a website resolving to *www.lhw.com*.

31.     Upon   information   and   belief,   Defendant   This   Exit   LLC   d/b/a ROADSIDEAMERICA.COM, located at 23 Tenaya Lane, Novato, CA 94948, registers and uses the domain name *www.roadsideamerica.com*.  Upon information and belief, Defendant This Exit LLC regularly transacts or solicits business in the State of New York through, *inter alia*, a website resolving to *www.roadsideamerica.com*.

{04892/606459-000/01156433.1}

32.     Upon information and belief, Defendant Room77 d/b/a ROOM77.COM, located at 888 Villa St., Suite 300, Mountain View, CA 94041, registers and uses the domain name www.room77.com.   Upon information and belief, Defendant Room77 regularly transacts or solicits business in the State of New York through, *inter alia*, a website resolving to www.room77.com.

33.     Upon information and belief, Defendant Expedia, Inc. d/b/a EXPEDIA.COM, located at 333 108th Ave NE, Bellevue, WA 98004, registers and uses the domain name www.expedia.com.  Upon information and belief, Defendant Expedia, Inc. regularly transacts or solicits business in the State of New York through, *inter alia*, a website resolving to www.expedia.com.

34.     Upon information and belief, Defendant Hotels.com GP LLC d/b/a HOTELS.COM d/b/a TRAVELNOW.COM, located at 5400 LBJ Freeway, Suite 500, Dallas, TX 75240, registers and uses the domain names www.hotels.com and www.travelnow.com. Upon information and belief, Defendant Hotels.com GP LLC regularly transacts or solicits business in the State of New York through, *inter alia*, websites resolving to www.hotels.com and www.travelnow.com.

35.     Upon information and belief, Defendant Reservation Counter d/b/a RESERVATIONCOUNTER.COM, located at 8831 South Redwood Road, Suite D, West Jordan, Utah 84088, the domain name www.reservationcounter.com.  Upon information and belief, Defendant Reservation Counter transacts or solicits business in the State of New York through, *inter alia*, a website resolving to www.reservationcounter.com.

36.     Upon information and belief, Defendant American Airlines, Inc. d/b/a AAVACATIONS.COM, located at P.O. Box 619616, DFW Airport, Texas 75261, registers and

uses the domain name *www.aavacations.com*. Upon information and belief, Defendant American Airlines, Inc. regularly transacts or solicits business in the State of New York through, *inter alia*, a website resolving to *www.aavacations.com*.

37.    Upon information and belief, Defendant United Airlines Inc. d/b/a HOTELS.UNITED.COM, located at PO Box 66100, Chicago, IL 60666, registers and uses the domain name *hotels.united.com*. Upon information and belief, Defendant United Airlines, Inc. regularly transacts or solicits business in the State of New York through, *inter alia*, a website resolving to *hotels.united.com*.

38.    Upon information and belief, Defendant hotelsbyme.com d/b/a HOTELSBYME.COM, located at 16055 Space Center Blvd., Suite 235, Houston, TX 77062, registers and uses the domain name *www.hotelsbyme.com*. Upon information and belief, Defendant hotelsbyme.com regularly transacts or solicits business in the State of New York through, *inter alia*, a website resolving to *www.hotelsbyme.com*.

39.    Upon information and belief, Defendant Signature Travel Network d/b/a SIGNATURETRAVELNETWORK.COM, located at 4640 Admiralty Way, Suite 306, Marina del Rey, CA 90292, registers and uses the domain name *www.signaturetravelnetwork.com*. Upon information and belief, Defendant Signature Travel Network regularly transacts or solicits business in the State of New York through, *inter alia*, a website resolving to *www.signaturetravelnetwork.com*

40.    Upon information and belief, Defendant Frosch International Travel, Inc. d/b/a FROSCHVACATIONS.COM, located at 1 Greenway Plaza, Suite 800, Houston, TX 77046, registers and uses the domain name *www.froschvacations.com*. Upon information and belief,

Defendant Frosch International Travel, Inc. regularly transacts or solicits business in the State of New York through, *inter alia*, a website resolving to *www.froschvacations.com*.

41.     Upon information and belief, Defendant Vacations By Tzell d/b/a WWW.VACATIONSBYTZELL.COM, located at 119 W. 40th Street, New York, NY 10018, registers and uses the domain name *www.vacationsbytzell.com*. Upon information and belief, Defendant Vacations by Tzell regularly transacts or solicits business in the State of New York through, *inter alia*, a website resolving to *www.vacationsbytzell.com.*

42.     Upon information and belief, Defendant Andrew Harper d/b/a ANDREWHARPER.COM, located at 601 Oakmont Lane, Suite 450, Westmont, IL 60559, registers and uses the domain name *www.andrewharper.com*. Upon information and belief, Defendant Andrew Harper regularly transacts or solicits business in the State of New York through, *inter alia*, a website resolving to *www.andrewharper.com*.

43.     Upon information and belief, Defendant BookIt.Com Inc. d/b/a BOOKIT.COM, located at 14251 Panama City Beach Pkwy, Panama City Beach, FL 32413, registers and uses the domain name *www.bookit.com*. Upon information and belief, Defendant BookIt.Com Inc. regularly transacts or solicits business in the State of New York through, *inter alia*, a website resolving to *www.bookit.com*.

44.     Upon information and belief, Defendant Escala Vacations d/b/a ESCALAVACATIONS.COM, located at 2332 Galiano Ave. Suite 119, Coral Gables, FL 33134, registers and uses the domain name *www.escalavacations.com.* Upon information and belief, Defendant Escala Vacations regularly transacts or solicits business in the State of New York through, *inter alia*, a website resolving to *www.escalavacations.com.*

{04892/606459-000/01156433.1}

45.     Upon information and belief, Defendant Farebuzz d/b/a FAREBUZZ.COM, located at 135 West 50th Street, Suite 504, New York, NY 10020, registers and uses the domain name *www.farebuzz.com.* Upon information and belief, Defendant Farebuzz regularly transacts or solicits business in the State of New York through, *inter alia*, a website resolving to *www.farebuzz.com.*

46.     Upon information and belief, Defendant Fareportal Inc. CHEAPOAIR.COM, located at 213 W 35th Street, Suite 1301, New York, NY 10001, registers and uses the domain name *www.cheapoair.com.* Upon information and belief, Defendant Fareportal Inc. regularly transacts or solicits business in the State of New York through, *inter alia*, a website resolving to *www.cheapoair.com.*

47.     Upon information and belief, Defendant Random House d/b/a FODORS.COM, located 1745 Broadway New York, NY 10019, registers and uses the domain name *www.fodors.com.* Upon information and belief, Defendant Random House regularly transacts or solicits business in the State of New York through, *inter alia*, a website resolving to *www.fodors.com.*

48.     Upon information and belief, Defendant GETAROOM.COM d/b/a GETAROOM.COM, located 3010 LBJ Freeway, Suite 1550, Dallas TX 75234, registers and uses the domain name *www.getaroom.com.* Upon information and belief, Defendant GETAROOM.COM regularly transacts or solicits business in the State of New York through, *inter alia*, a website resolving to *www.getaroom.com.*

49.     Upon information and belief, Defendant Gogobot, Inc. d/b/a GOGOBOT.COM, located 650 Live Oak Ave.  Menlo Park, CA 94025, registers and uses the domain name *www.gogobot.com.* Upon information and belief, Defendant Gogobot, Inc. regularly transacts or

14

solicits business in the State of New York through, *inter alia*, a website resolving to www.gogobot.com.

50.     Upon information and belief, Defendant Hipmunk, Inc. d/b/a HIPMUNK.COM, located at 434 Brannan St., 1st Floor, San Francisco, CA 94107, registers and uses the domain name www.hipmunk.com. Upon information and belief, Defendant Hipmunk, Inc. regularly transacts or solicits business in the State of New York through, *inter alia*, a website resolving to www.hipmunk.com.

51.     Upon information and belief, Defendant HotelGuides.com, Inc. d/b/a HOTELGUIDES.COM, located at PO Box 13318, Charleston, SC 29422, registers and uses the domain name www.hotelguides.com. Upon information and belief, Defendant HotelGuides.com, Inc. regularly transacts or solicits business in the State of New York through, *inter alia*, a website resolving to www.hotelguides.com.

52.     Upon information and belief, Defendant Market Es Inc. d/b/a HOTELS-AND-DISCOUNTS.COM, located at 2295 S. Hiawassee Rd. Ste. 208 Orlando, FL 32835, registers and uses the domain name www.hotels-and-discounts.com. Upon information and belief, Defendant Market Es Inc. regularly transacts or solicits business in the State of New York through, *inter alia*, a website resolving to www.hotels-and-discounts.com.

53.     Upon information and belief, Defendant HotelsTravel.com d/b/a HOTELSTRAVEL.COM, located at 99 West Hawthorne Ave. Suite 420, Valley Stream, NY, US 11580, registers and uses the domain name www.HotelsTravel.com. Upon information and belief, Defendant HotelsTravel.com regularly transacts or solicits business in the State of New York through, *inter alia*, a website resolving to www.HotelsTravel.com.

54.     Upon     information     and     belief,     Defendant     Esteban     Oliverez     d/b/a
INSANELYCHEAPFLIGHTS.COM, located at 1050 East Flamingo Road, Suite S-302 Las
Vegas, NV 89119, registers and uses the domain name *www.insanelycheapflights.com.* Upon
information and belief, Defendant Esteban Oliverez regularly transacts or solicits business in the
State of New York through, *inter alia*, a website resolving to *www.insanelycheapflights.com.*

55.     Upon     information     and     belief,     Defendant     Luxemont,     LLC     d/b/a
JUSTLUXE.COM, located at 501 W Broadway Plaza A #321 San Diego, CA 92101, registers
and  uses  the  domain  name  *www.justluxe.com.*  Upon  information  and  belief,  Defendant
Luxemont, LLC regularly transacts or solicits business in the State of New York through, *inter
alia*, a website resolving to *www.justluxe.com.*

56.     Upon information and belief, Defendant Lonely Planet Global, Inc. d/b/a
LONELYPLANET.COM, located at 150 Linden St., Oakland, CA 94607 registers and uses the
domain name *www.lonelyplanet.com.* Upon information and belief, Defendant Lonely Planet
Global, Inc. regularly transacts or solicits business in the State of New York through, *inter alia*, a
website resolving to *www.lonelyplanet.com.*

57.     Upon     information     and     belief,     Defendant     Luxe     Travel,     LLC     d/b/a
LUXETRAVEL.COM, located at 1004 E. Ogden Ave. Milwaukee, WI 53202, registers and uses
the domain name *www.luxetravel.com.* Upon information and belief, Defendant Luxe Travel,
LLC regularly transacts or solicits business in the State of New York through, *inter alia*, a
website resolving to *www.luxetravel.com.*

58.     Upon     information     and     belief,     Defendant     Luxury     Travel     Media     d/b/a
LUXURYTRAVELMAGAZINE.COM, located at PO Box 7246 Fairfax Station, VA 22039-
7246, registers and uses the domain name *www.luxurytravelmagazine.com.* Upon information

16

and belief, Defendant Luxury Travel Media regularly transacts or solicits business in the State of New York through, *inter alia*, a website resolving to *www.luxurytravelmagazine.com.*

59.      Upon information and belief, Defendant Metro Travel Guide d/b/a METROTRAVELGUIDE.COM, located at 2139 East Primrose Springfield, MO 65804, registers and uses the domain name *www.metrotravelguide.com.* Upon information and belief, Defendant Metro Travel Guide regularly transacts or solicits business in the State of New York through, *inter alia*, a website resolving to *www.metrotravelguide.com.*

60.      Upon information and belief, Defendant Mobissimo Inc. d/b/a MOBISSIMO.COM, located at 631 Howard Street, Suite 520, San Francisco, CA 94105, registers and uses the domain name *www.mobissimo.com.* Upon information and belief, Defendant Mobissimo Inc. regularly transacts or solicits business in the State of New York through, *inter alia*, a website resolving to *www.mobissimo.com.*

61.      Upon information and belief, Defendant NexTag, Inc. d/b/a NEXTAG.COM, located at 2955 Campus Drive, 3rd Floor, San Mateo, CA 94403, registers and uses the domain name *www.nextag.com.* Upon information and belief, Defendant NexTag, Inc. regularly transacts or solicits business in the State of New York through, *inter alia*, a website resolving to *www.nextag.com.*

62.      Upon information and belief, Defendant Qantas Airways Limited d/b/a *www.qantas.com.au*, located at Building 23, JFK International Airport, Jamaica, NY 11430 registers and uses the domain name *www.qantas.com.au.* Upon information and belief, Defendant Qatar Airways regularly transacts or solicits business in the State of New York through, *inter alia*, a website resolving to *www.qantas.com.au.*

{04892/606459-000/01156433.1}

63.     Upon     information     and     belief,     Defendant     Qatar     Airways     d/b/a
www.qatarairways.com, located at Trump Tower, 725 Fifth Avenue, New York, NY 10022
registers and uses the domain name *www.qatarairways.com.* Upon information and belief,
Defendant Qatar Airways regularly transacts or solicits business in the State of New York
through, *inter alia*, a website resolving to *www.qatarairways.com.*

64.     Upon     information     and     belief,     Defendant     Joe     Mazzarella     d/b/a
ROOMRATE.COM, located at 110 Doyle Road, Tolland, CT 06084, registers and uses the
domain name *www.roomrate.com.* Upon information and belief, Defendant Joe Mazzarella
regularly transacts or solicits business in the State of New York through, *inter alia*, a website
resolving to *www.roomrate.com.*

65.     Upon information and belief, WK Travel Inc. d/b/a TRAVELSPOT.US, located at
135 W 50th Street, Suite-500, New York, NY 10020, registers and uses the domain name
domain name *www.travelspot.us.* Upon information and belief, Defendant Alliance Reservations
Network regularly transacts or solicits business in the State of New York through, *inter alia*, a
website resolving to *www.travelspot.us.*

66.     Upon     information     and     belief,     Defendant     Travelocity.com     LP     d/b/a
TRAVELOCITY.COM, located at 3150 Sabre Dr., Southlake, TX 76092, registers and uses the
domain name *www.travelocity.com.* Upon information and belief, Defendant Travelocity.com LP
regularly transacts or solicits business in the State of New York through, *inter alia*, a website
resolving to *www.travelocity.com.*

67.     Upon     information     and     belief,     Defendant     TripAdvisor     LLC     d/b/a
TRIPADVISOR.COM, located at 141 Needham Street, Newton, MA 02464, registers and uses
the domain name *www.tripadvisor.com.* Upon information and belief, Defendant TripAdvisor

LLC regularly transacts or solicits business in the State of New York through, *inter alia*, a website resolving to *www.tripadvisor.com.*

68.     Upon    information    and    belief,    Defendant    Tablet    Inc.    d/b/a TABLETHOTELS.COM, located at 6 West 18th Street, 3rd Floor, New York, NY 10011, registers and uses the domain name *www.tablethotels.com.* Upon information and belief, Defendant Tablet regularly transacts or solicits business in the State of New York through, *inter alia*, a website resolving to *www.tablethotels.com.*

69.     Upon information and belief, Defendant Does 1 through 100 are unknown entities operating websites that resolve to unknown domain names that currently display photographs that are the subject of the Copyrighted Works alleged herein.   Upon information and belief, Defendants (including, but not limited to, Defendants GHM, VFM, and Pegasus) supplied infringing photographs to Defendant Does 1 through 100 without Plaintiff's knowledge or authorization.   The identity of DOES 1 through 100 is unknown to the Plaintiff despite the Plaintiff's best efforts to identify the same, but the named Defendants herein above are believed to possess knowledge of the identities of Does 1 through 100.

## FACTUAL BACKGROUND

70.     Over the years, Junior Lee has established a widely successful business in travel and hotel photography worldwide.  She has photographed The Setai Miami - USA, The Heritage House Mendocino - USA, The Chedi Milan - Italy, The Leela Goa - India, The Chedi Muscat - Oman, The Nam Hai Hoi An - Vietnam, The Chedi Chiang Mai - Thailand, The Chedi Phuket - Thailand, The Datai Langkawi - Malaysia, The Andaman Langkawi - Malaysia, The Saujana Kuala Lumpur - Malaysia, The Club at The Saujana Kuala Lumpur - Malaysia, Carcosa Seri Negara Kuala Lumpur - Malaysia, The Legian Seminyak - Bali, The Club at The Legian

{04892/606459-000/01156433.1}

Seminyak - Bali, The Chedi Club Ubud - Bali, The Serai Club Jimbaran - Bali, The Lalu Sun

Moon Lake - Taiwan, Langsuan Apartment Bangkok - Thailand, Seah St. Apartment -

Singapore, GHM Boutique Products - Singapore, The Fullerton Hotel - Singapore, Raffles Hotel

- Singapore, La Pari-Pari Hotel Langkawi - Malaysia, and Four Seasons Great Exuma -

Bahamas. Her photographs are highly sought after works of art that businesses worldwide

routinely display in the course of promoting their facilities, custom and trade.

71.     The nature of Ms. Lee's photography business is promotional in nature.

Generally, Ms. Lee is commissioned by her clientele to photograph certain items, personnel,

sites, or facilities, modify the images as necessary, and deliver the final product to her clientele

for approval.  Ms. Lee is usually compensated via the client's purchase of marketing materials

that incorporate her photographs (*i.e.,* the client purchases the marketing materials designed and

manufactured by Ms. Lee, inclusive of a license to distribute the marketing materials created by

Ms. Lee – not the underlying photographs).

72.     Ms. Lee specifically reserves all rights to her works that are not otherwise

purchased by her client.  One of the rights she reserves is the ownership of the photographs

(including the copyright in and to the same).

73.     From December 2000, Ms. Lee was exclusively commissioned by GHM to shoot

a series of photographs at the Hotels for advertising, promotion and documentation purposes

("Hotel Photographs").  Specifically, Ms. Lee and GHM entered an agreement under which

GHM would arrange for Ms. Lee to photograph certain hotel properties, and the hotels

themselves would compensate Ms. Lee for her work.

74.     On or around August 2003, Ms. Lee submitted her Hotel Photographs to GHM as

agreed.  GHM accepted the Hotel Photographs but repeatedly refused to honor its payment

obligation without cause.  Ultimately, after litigation, GHM and Ms. Lee amicably resolved the dispute.

75.    The settlement between GHM and Ms. Lee did not include the transfer of any rights to GHM concerning the Hotel Photographs, which rights remained exclusively owned by Ms. Lee.  Moreover, the settlement did not include a license for GHM to distribute the Hotel Photographs to third parties for use in promotion of GHM's businesses.

76.    Aside from her legal counsel and certain government agencies, Ms. Lee did not disclose the Hotel Photographs to anyone other than GHM or otherwise allow them to be publically disseminated in any manner, including on the Internet.

77.    Ms. Lee, through various business entities (including, but not limited to, Wave-s, The Wave Pte. Ltd. and The Wave Design Pte. Ltd.) obtained copyright registrations from the United States Copyright Office for the Hotel Photographs (collectively and individually, "Copyrighted Works").  True and correct copies of registration certificates for the Copyrighted Works have been annexed as exhibits to the Original Complaint in this matter (*Dkt*. 1).

| Registration Number | Title of Work |
| --- | --- |
| VAu 1-055-458 | The Wave Design Pte. Ltd. Unpublished photographs 2005 (C) setai429 – setai803 |
| VAu 1-055-459 | The Wave Design Pte. Ltd. Unpublished photographs 2005 (D) setai960 – setai1179 |
| VAu 1-057-927 | The Wave Pte. Unpublished setai 182 |
| VAu 1-060-180 | The Wave Design Pte. Ltd. unpublished setai0183; 0184 |
| VAu 1-060-182 | Wave-s unpublished setai959 |
| VA 1-432-324 | Wave-s Photographs 2001 |
| VA 1-432-325 | Wave-s Photographs 2002 |

{04892/606459-000/01156433.1}

| | |
|---|---|
| VA 1-432-326 | The Wave Design Pte. Ltd. Photographs 2007(A) |
| VA 1-432-327 | The Wave Design Pte. Ltd. Photographs 2007 (B) |
| VA 1-432-328 | Wave-s Photographs 2003 |
| VA 1-432-329 | Wave-s Photographs 2004 |
| VA 1-432-330 | The Wave Design Pte. Ltd. Photographs 2006 |
| VA 1-432-331 | The Wave Pte. Ltd. Photographs 2005 (A) |
| VA 1-432-332 | The Wave Design Pte. Ltd. Photographs 2005 |
| VA 1-432-336 | Wave-s Photographs 2002 (B) |
| VA 1-758-524 | Wave-s Photographs 2004 (B) |
| VA 1-765-854 | The Wave Design Pte. Ltd. published legian 121 |

78.     On November 11, 2011, Ms. Lee assigned all right, title and interest in and to the Copyrighted Works to Plaintiff.

79.     Plaintiff has never assigned or otherwise transferred any interest in and to the Copyrighted Works to any Defendant identified herein or otherwise dedicated them to the public.

80.     Upon information and belief, GHM has reproduced and distributed the Hotel Photographs that are the subject of the Copyrighted Works to Defendants without consent, authorization or appropriate acknowledgement from Plaintiff or Junior Lee.

81.     Upon information and belief, GHM materially contributed to Defendants' infringement of Plaintiff's Copyrighted Works by disseminating the Hotel Photographs to Defendants.

82.     Unsurprisingly, after GHM circulated the Hotel Photographs to its business partners, including, but not limited to, all Defendants named herein, Defendants reproduced, displayed and/or distributed Plaintiff's Hotel Photographs on and through various travel, hotel

{04892/606459-000/01156433.1}

and realty websites.  Indeed, upon information and belief, GHM provided Defendants with the Hotel Photographs knowing and/or anticipating that the Hotel Photographs would be publicized on travel, hotel and realty websites and would generate revenue for GHM's business.

83.      Upon information and belief, GHM Hotel Photographs purposefully disseminated the Hotel Photographs, thereby inducing Defendants to violate Plaintiff's rights in the Hotel Photographs to drive interest to the properties featured in the Hotel Photographs, all for GHM's own commercial gain.

84.      Upon information and belief, Defendant GHM provided Defendant VFM with digital reproductions of the Hotel Photographs. Upon information and belief, VFM thereafter held itself out to the public and/or its customers as (i) the author of the Hotel Photographs, (ii) and/or as having rights to Plaintiff's Hotel Photographs that are the subject of the Copyrighted Works.  Upon further information and belief, VFM contracted and/or conspired with one or more of the other Defendants to create the appearance that VFM controlled rights to Plaintiff's Copyrighted Works.

85.      Upon information and belief, VFM, without the consent of Plaintiff, controlled the unauthorized distribution of the Hotel Photographs by reproducing, displaying and distributing one or more copies of Plaintiff's Hotel Photographs to its customers, including to certain Defendants (including, but not limited to, Defendant Does 1-100), for purposes of trade, including promoting bookings and receiving compensation for its efforts in that regard.

86.      Upon information and belief, VFM's distribution, display and reproduction of the Hotel Photographs resulted in VFM's own commercial gain.

87.      Defendant Pegasus obtained digital reproductions of the Hotel Photographs.

{04892/606459-000/01156433.1}

88.     Upon information and belief, VFM may have supplied Pegasus with digital reproductions of the Hotel Photographs without the consent of Plaintiff.

89.     Upon information and belief, Pegasus, without the consent of Plaintiff, controlled the unauthorized distribution of the Hotel Photographs by reproducing, displaying and distributing one or more copies of Plaintiff's Hotel Photographs to its customers, including to certain Defendants (including, but not limited to, Defendant Does 1-100), for purposes of trade, including promoting bookings and receiving compensation for its efforts in that regard.

90.     Upon information and belief, Pegasus' distribution, display and reproduction of the Hotel Photographs resulted in Pegasus' own commercial gain.

91.     Defendants did not seek, nor have they ever sought, Plaintiff or Junior Lee's permission to utilize the Hotel Photographs.

92.     Despite having no permission, consent or license to do so from Plaintiff, Defendants have and continue to use the Hotel Photographs and have not compensated Plaintiff for such use.

93.     Upon information and belief, the Hotel Photographs that are the subject of the Copyrighted Works have been seen and continue to be seen by millions of users on a daily basis.

94.     Upon information and belief, Defendants (including, but not limited to, Defendant Does 1-100) have utilized the Hotel Photographs for purposes of trade, including promoting and advertising the bookings to the boutique and high-end hotels featured in those Works, thus realizing millions of dollars in revenue.  Examples of said use have been annexed as exhibits to the Original Complaint in this matter (*Dkt*. 1), which exhibits are hereby incorporated by reference pursuant to Rule 10(c) of the Federal Rules of Civil Procedure as is fully set forth herein or otherwise annexed as exhibits hereto.

{04892/606459-000/01156433.1}

**First Claim for Relief**
**Copyright Infringement Against All Defendants**
<u>(17 U.S.C. § 101 *et. seq.*)</u>

95.     Plaintiff repeats and realleges by reference each and every allegation contained in paragraphs above.

96.     Defendants have directly, vicariously or contributorily infringed Plaintiff's Hotel Photographs that are the subject of the Copyrighted Works by reproducing, displaying, or distributing unauthorized copies of Plaintiff's photographs in violation of 17 U.S.C. § 501 *et seq.* One or more Defendants have further induced the infringement of Plaintiff's Copyrighted Works by others.

97.     Each of the Defendants (including, but not limited to, Defendant Does 1-100), either directly or indirectly, copied Plaintiff's entire images for its own personal commercial gain.  Moreover, Defendants' use of the Hotel Photographs are for the exact same purpose as Plaintiff's intended use – to be used to promote and market hotel properties and destination locations; thus, there is no added benefit to the public from having Defendants display Plaintiff's Hotel Photographs.

98.     Without authorization or consent, Defendant GHM has reproduced, displayed or distributed one or more of Plaintiff's Copyrighted Works of Registration Nos., VAu 1-055-458, VAu 1-055-459, VAu 1-057-927, VAu 1-060-180, VAu 1-060-182, VA 1-432-324, VA 1-432-325, VA 1-432-326, VA 1-432-327, VA 1-432-328, VA 1-432-329, VA 1-432-330, VA 1-432-331, VA 1-432-332, VA 1-432-336, VA 1-758-524, VA 1-765-854.

99.     Without authorization or consent, Defendant VFM has reproduced, displayed or distributed to other Defendants (including, but not limited to, Defendant Does 1-100), Plaintiff's Copyrighted Works of Registration Nos., VAu 1-055-458, VAu 1-055-459, VAu 1-057-927,

{04892/606459-000/01156433.1}

VAu 1-060-180, VAu 1-060-182, VA 1-432-324, VA 1-432-325, VA 1-432-326, VA 1-432-327, VA 1-432-328, VA 1-432-329, VA 1-432-330, VA 1-432-331, VA 1-432-332, VA 1-432-336, VA 1-758-524, and VA 1-765-854.

100.    Without authorization or consent, Defendant Pegasus has reproduced, displayed or distributed to other Defendants (including, but not limited to, Defendant Does 1-100), at a minimum, Plaintiff's Copyrighted Works of Registration Nos., VA 1-432-325, VA 1-432-326, VA 1-432-328, VA 1-432-329, VA 1-432-330, VA 1-432-331, VA 1-432-332, VA 1-825-264 and VA 1-825-429.

101.    Without authorization or consent, Defendant About, Inc. d/b/a *www.about.com* has reproduced, displayed or distributed Plaintiff's Copyrighted Works of Registration Nos. VAu 1-060-182, VA 1-432-324, VA 1-432-325, VA 1-432-326, VA 1-432-327, VA 1-432-328, VA 1-432-329, VA 1-432-330, VA 1-432-331, VA 1-432-332, VA 1-825-429, and VA 1-758-524.

102.    Without authorization or consent, Defendant Alliance Reservations Network d/b/a *www.reservetravel.com* has reproduced, displayed or distributed Plaintiff's Copyrighted Works of Registration Nos., VA 1-432-325, VA 1-432-326, VA 1-432-327, VA 1-432-328, VA 1-432-329, VA 1-432-330, VA 1-432-331, and VA 1-432-332.

103.    Without authorization or consent, Defendant Budgetworks, Inc. d/b/a *www.setaicondorentals.com* has reproduced, displayed, or distributed Plaintiff's Copyrighted Works of Registration Nos. VA 1-432-329, VA 1-432-330, VA 1-432-331, and VA 1-432-332.

104.    Without authorization or consent, Defendant Delta Airlines d/b/a *www.delta.com* has reproduced, displayed, or distributed Plaintiff's Copyrighted Works of Registration Nos. VAu 1-060-182, VA 1-432-326, VA 1-432-327, VA 1-432-328, VA 1-432-329, VA 1-432-330, VA 1-432-331, VA 1-432-332, and VA 1-758-524.

26

105.    Without authorization or consent, Defendant Esslinger Wooten Maxwell, Inc. d/b/a *www.nelsongonzalez.com* has reproduced, displayed, or distributed Plaintiff's Copyrighted Works of Registration Nos. VA 1-432-331, and VA 1-432-332.

106.    Without authorization or consent, Defendant JetBlue Airways Corporation d/b/a *www.jetblue.com* has reproduced, displayed or distributed Plaintiff's Copyrighted Works of Registration Nos.VA 1-432-325, VA 1-432-326, VA 1-432-327, VA 1-432-328, VA 1-432-329, VA 1-432-330, VA 1-432-331, VA 1-432-332, and VA 1-758-524.

107.    Without authorization or consent, Defendant Frommer Media d/b/a *www.frommers.com* has reproduced, displayed or distributed Plaintiff's Copyrighted Works of Registration Nos. VA 1-432-326, VA 1-432-328, VA 1-432-329, VA 1-432-330, VA 1-432-331, and VA 1-432-332.

108.    Without authorization or consent, Defendant Lexyl Travel Technologies d/b/a *www.hotelplanner.com* has reproduced, displayed or distributed Plaintiff's Copyrighted Works of Registration Nos. VA 1-432-325, VA 1-432-326, VA 1-432-327, VA 1-432-328, VA 1-432-329, VA 1-432-331, VA 1-432-332, and VA 1-758-524.

109.    Without authorization or consent, Defendant IBT Media Inc. d/b/a *www.ibtimes.com* has reproduced, displayed or distributed Plaintiff's Copyrighted Works of Registration Nos. VA 1-432-324, VA 1-432-325, VA 1-432-326, VA 1-432-328, VA 1-432-329, VA 1-432-330, VA 1-432-331, VA 1-432-332, VAu 1-055-458, VAu 1-057-927.

110.    Without authorization or consent, Defendant Kayak Software Corporation d/b/a *www.kayak.com* has reproduced, displayed or distributed Plaintiff's Copyrighted Works of Registration Nos. VAu 1-060-182, VA 1-432-324, VA 1-432-325, VA 1-432-326, VA 1-432-

327, VA 1-432-328, VA 1-432-329, VA 1-432-330, VA 1-432-331, VA 1-432-332, and VA 1-758-524.

111.   Without   authorization   or   consent,   Defendant   MySoBe.com   d/b/a/ *www.mysobe.com* has reproduced, displayed or distributed Plaintiff's Copyrighted Works of Registration Nos. VA 1-432-324, VA 1-432-325, VA 1-432-326, VA 1-432-328, VA 1-432-329, VA 1-432-330, VA 1-432-331, VA 1-432-332, and VA 1-758-524.

112.   Without   authorization   or   consent,   Defendant   Netadvantage.com   d/b/a/ *www.ihsadvantage.com* has reproduced, displayed or distributed Plaintiff's Copyrighted Works of Registration Nos. VA 1-432-329 and VA 1-432-331.

113.   Without authorization or consent, Defendant Orbitz Worldwide LLC d/b/a *www.orbitz.com* has reproduced, displayed or distributed Plaintiff's Copyrighted Works of Registration Nos. VA 1-432-325, VA 1-432-326, VA 1-432-327, VA 1-432-328, VA 1-432-329, VA 1-432-330, VA 1-432-331, VA 1-432-332, and VA 1-758-524.

114.   Without authorization or consent, Defendant Questex Media LLC d/b/a *www.fivestaralliance.com* has reproduced, displayed or distributed Plaintiff's Copyrighted Works of Registration Nos. VA 1-432-325, VA 1-432-326, VA 1-432-328, VA 1-432-329, VA 1-432-331, VA 1-432-332, and VA 1-758-524.

115.   Without   authorization   or   consent,   Defendant   Cedora,   Inc.   d/b/a *www.realadventures.com* has reproduced, displayed or distributed Plaintiff's Copyrighted Works of Registration Nos. VA 1-432-329 and VA 1-432-332.

116.   Without authorization or consent, Defendant Setai Owners LLC d/b/a *www.setai.com* d/b/a *www.setai-realty.com* has reproduced, displayed or distributed Plaintiff's

28

Copyrighted Works of Registration Nos. VAu 1-055-459, VA 1-432-329, VA 1-432-330, VA 1-432-331, VA 1-432-332, and VA 1-758-524.

117.    Without authorization or consent, Defendant Spa Finder, Inc. d/b/a/ *www.spafinder.com* has reproduced, displayed or distributed Plaintiff's Copyrighted Works of Registration Nos. VAu 1-060-182, VA 1-432-326, VA 1-432-329, VA 1-432-330, VA 1-432-331, and VA 1-432-332.

118.    Without authorization or consent, Defendant The Leading Hotels of the World d/b/a *www.lhw.com* has reproduced, displayed or distributed Plaintiff's Copyrighted Works of Registration Nos. VA 1-432-325, VA 1-432-326, VA 1-432-328, VA 1-432-329, VA 1-432-330, VA 1-432-331 and VA 1-432-332.

119.    Without authorization or consent, Defendant This Exit LLC d/b/a *www.roadsideamerica.com* has reproduced, displayed or distributed Plaintiff's Copyrighted Works of Registration Nos. VA 1-432-325, VA 1-432-326, VA 1-432-327, VA 1-432-328, VA 1-432-329, VA 1-432-330, VA 1-432-331 and VA 1-432-332.

120.    Without authorization or consent, Defendant Room77 d/b/a *www.room77.com* has reproduced, displayed or distributed Plaintiff's Copyrighted Works of Registration Nos. VA 1-825-429, VA 1-432-324, VA 1-432-325, VA 1-432-326, VA 1-432-327, VA 1-432-328, VA 1-432-329, VA 1-432-330, VA 1-432-331, VA 1-432-332 and VA 1-758-524.

121.    Without authorization or consent, Defendant Expedia, Inc. d/b/a *www.expedia.com* has reproduced, displayed or distributed Plaintiff's Copyrighted Works of Registration Nos. VA 1-432-325, VA 1-432-326, VA 1-432-327, VA 1-432-328, VA 1-432-329, VA 1-432-330, VA 1-432-331, VA 1-432-332, and VA 1-758-524.

{04892/606459-000/01156433.1}

122.    Without authorization or consent, Defendant Hotels.com GP LLC *d/b/a* *www.hotels.com* *d/b/a* *www.travelnow.com* has reproduced, displayed or distributed Plaintiff's Copyrighted Works of Registration Nos. VA 1-432-324, VA 1-432-325, VA 1-432-326, VA 1-432-327, VA 1-432-328, VA 1-432-329, VA 1-432-330, VA 1-432-331, VA 1-432-332 and VA 1-758-524.

123.    Without authorization or consent, Defendant Reservation Counter *d/b/a* *www.reservationcounter.com* has reproduced, displayed or distributed Plaintiff's Copyrighted Works of Registration Nos. VA 1-432-324, VA 1-432-325, VA 1-432-326, VA 1-432-327, VA 1-432-328, VA 1-432-329, VA 1-432-330, VA 1-432-331, VA 1-432-332 and VA 1-758-524.

124.    Without authorization or consent, Defendant American Airlines, Inc. d/b/a *www.aavacations.com* has reproduced, displayed or distributed Plaintiff's Copyrighted Works of Registration Nos. VAu 1-060-182, VA 1-432-325, VA 1-432-326, VA 1-432-328, VA 1-432-329, VA 1-432-330, VA 1-432-331, VA 1-432-332 and VA 1-758-524.

125.    Without authorization or consent, Defendant United Airlines Inc. d/b/a *hotels.united.com* has reproduced, displayed or distributed Plaintiff's Copyrighted Works of Registration Nos. VA 0001825264, VA 1-758-524, VA 1-825-429, VA 1-432-324, VA 1-432-325, VA 1-432-326, VA 1-432-327, VA 1-432-328, VA 1-432-329, VA 1-432-330, VA 1-432-331, VA 1-758-524 and VA 1-432-332.

126.    Without authorization or consent, Defendant hotelsbyme.com d/b/a *www.hotelsbyme.com* has reproduced, displayed or distributed Plaintiff's Copyrighted Works of Registration Nos. VA 1-758-524, VA 1-432-324, VA 1-432-325, VA 1-432-326, VA 1-432-327, VA 1-432-328, VA 1-432-329, VA 1-432-331, and VA 1-432-332.

127.    Without authorization or consent, Defendant Signature Travel Network d/b/a www.signaturetravelnetwork.com has reproduced, displayed or distributed Plaintiff's Copyrighted Works of Registration Nos. VA 1-432-331.

128.    Without authorization or consent, Defendant Frosch International Travel, Inc. d/b/a www.froschvacations.com has reproduced, displayed or distributed Plaintiff's Copyrighted Works of Registration Nos. VA 1-432-329, VA 1-432-331, VA 1-432-332, and VA 1-758-524.

129.    Without authorization or consent, Defendant Vacations By Tzell d/b/a www.vacationsbytzell.com has reproduced, displayed or distributed Plaintiff's Copyrighted Works of Registration No. VA 1-432-329, VA 1-432-331, VA 1-432-332 and VA 1-758-524.

130.    Without authorization or consent, Defendant Andrew Harper, LLC d/b/a www.andrewharper.com has reproduced, displayed or distributed Plaintiff's Copyrighted Works of Registration Nos. VA 1-432-326, VA 1-432-328, VA 1-432-329, VA 1-432-331, and VA 1-432-332.

131.    Without authorization or consent, Defendant BookIt.Com Inc. d/b/a www.bookit.com has reproduced, displayed or distributed Plaintiff's Copyrighted Works of Registration Nos. VA 1-432-326, VA 1-432-327, VA 1-432-328, VA 1-432-329, VA 1-432-330, VA 1-432-331, VA 1-432-332 and VA 1-758-524.

132.    Without authorization or consent, Defendant Escala Vacations d/b/a www.escalavacations.com has reproduced, displayed or distributed Plaintiff's Copyrighted Works of Registration Nos. VA0001825264, VA 0001829021, VA 1-432-324, VA 1-432-325, VA 1-432-326, VA 1-432-328, VA 1-432-329, VA 1-432-331, and VA 1-432-332.

133.    Without authorization or consent, Defendant Farebuzz d/b/a www.farebuzz.com has reproduced, displayed or distributed Plaintiff's Copyrighted Works of Registration Nos.

31

VA0001825264, VA 1-432-324, VA 1-432-325, VA 1-432-326, VA 1-432-327, VA 1-432-328, VA 1-432-329, VA 1-432-330, VA 1-432-331, VA 1-432-332, and VA 1-758-524.

134. Without authorization or consent, Defendant Fareportal Inc. d/b/a www.cheapoair.com has reproduced, displayed or distributed Plaintiff's Copyrighted Works of Registration Nos. VA 1-432-324, VA 1-432-325, VA 1-432-326, VA 1-432-327, VA 1-432-328, VA 1-432-329, VA 1-432-330, VA 1-432-331, VA 1-432-332, and VA 1-758-524.

135. Without authorization or consent, Defendant Random House d/b/a www.fodors.com has reproduced, displayed or distributed Plaintiff's Copyrighted Works of Registration Nos. VA 1-432-325, VA 1-432-326, VA 1-432-327, VA 1-432-328, VA 1-432-329, VA 1-825-429, VA 1-432-330, VA 1-432-331, VA 1-432-332, and VA 1-758-524.

136. Without authorization or consent, Defendant Getaroom.Com d/b/a www.getaroom.com has reproduced, displayed or distributed Plaintiff's Copyrighted Works of Registration Nos. VA 1-432-325, VA 1-432-326, VA 1-432-328, VA 1-432-329, VA 1-432-331, VA 1-432-332, and VA 1-758-524.

137. Without authorization or consent, Defendant Gogobot, Inc. d/b/a www.gogobot.com has reproduced, displayed or distributed Plaintiff's Copyrighted Works of Registration Nos. VA 1-432-330, VA 1-432-331, VA 1-432-332, and VA 1-758-524.

138. Without authorization or consent, Defendant Hipmunk, Inc. d/b/a www.hipmunk.com has reproduced, displayed or distributed Plaintiff's Copyrighted Works of Registration Nos. VA 1-825-429, VA 1-432-325, VA 1-432-326, VA 1-432-328, VA 1-432-329, VA 1-432-330, VA 1-432-331, and VA 1-432-332.

139. Without authorization or consent, Defendant HotelGuides.com, Inc. d/b/a www.hotelguides.com has reproduced, displayed or distributed Plaintiff's Copyrighted Works of

{04892/606459-000/01156433.1}

Registration Nos. VA 1-825-429, VA 1-758-524, VA 1-432-326, VA 1-432-329, VA 1-432-330, VA 1-432-331, and VA 1-432-332.

140.    Without authorization or consent, Defendant Market Es Inc. d/b/a www.hotels-and-discounts.com has reproduced, displayed or distributed Plaintiff's Copyrighted Works of Registration Nos. VA 1-825-429, VA 1-758-524, VA 1-432-325, VA 1-432-326, VA 1-432-327, VA 1-432-328, VA 1-432-329, VA 1-432-330, VA 1-432-331, and VA 1-432-332.

141.    Without authorization or consent, Defendant HotelsTravel.com d/b/a www.HotelsTravel.com has reproduced, displayed or distributed Plaintiff's Copyrighted Works of Registration Nos. VA 1-432-325, VA 1-432-326, VA 1-432-328, VA 1-432-329, VA 1-432-331, and VA 1-432-332.

142.    Without authorization or consent, Defendant Esteban Oliverez d/b/a www.insanelycheapflights.com has reproduced, displayed or distributed Plaintiff's Copyrighted Works of Registration Nos. VA 1-825-429, VA 1-758-524, VA 1-432-324, VA 1-432-325, VA 1-432-326, VA 1-432-327, VA 1-432-328, VA 1-432-329, VA 1-432-330, VA 1-432-331, and VA 1-432-332.

143.    Without authorization or consent, Defendant Luxemont, LLC d/b/a www.justluxe.com has reproduced, displayed or distributed Plaintiff's Copyrighted Works of Registration Nos. VA 1-758-524, VA 1-432-324, VA 1-432-325, VA 1-432-326, VA 1-432-328, VA 1-432-329, VA 1-432-330, VA 1-432-331, and VA 1-432-332.

144.    Without authorization or consent, Defendant Lonely Planet Global, Inc. d/b/a www.lonelyplanet.com has reproduced, displayed or distributed Plaintiff's Copyrighted Works of Registration Nos. VA 1-060-182, VA 1-825-429, VA 1-758-524, VA 1-432-324, VA 1-432-

{04892/606459-000/01156433.1}

325, VA 1-432-326, VA 1-432-327, VA 1-432-328, VA 1-432-329, VA 1-432-330, VA 1-432-331, and VA 1-432-332.

145.    Without authorization or consent, Defendant Luxe Travel, LLC d/b/a www.luxetravel.com  has reproduced, displayed or distributed Plaintiff's Copyrighted Works of Registration Nos. VA 1-060-182, VA 1-758-524, VA 1-432-329, VA 1-432-330, VA 1-432-331, and VA 1-432-332.

146.    Without authorization or consent, Defendant Luxury Travel Media d/b/a www.luxurytravelmagazine.com  has reproduced, displayed or distributed Plaintiff's Copyrighted Works of Registration Nos. VA 1-758-524, VAu 1-055-458, VA 1-432-324, VA 1-432-325, VA 1-432-326, VA 1-432-327, VA 1-432-328, VA 1-432-329, VA 1-432-330, VA 1-432-331 and VA -432-336.

147.    Without authorization or consent, Defendant Metro Travel Guide d/b/a www.metrotravelguide.com  has reproduced, displayed or distributed Plaintiff's Copyrighted Works of Registration Nos. VA 1-432-329, VA 1-432-331, and VA 1-432-332.

148.    Without authorization or consent, Defendant Mobissimo Inc. d/b/a www.mobissimo.com  has reproduced, displayed or distributed Plaintiff's Copyrighted Works of Registration Nos. VA 1-432-326, VA 1-432-328 and VA 1-432-332.

149.    Without authorization or consent, Defendant NexTag, Inc. d/b/a www.nextag.com has reproduced, displayed or distributed Plaintiff's Copyrighted Works of Registration Nos. VA 1-432-325, VA 1-432-326, VA 1-432-328, VA 1-432-329, VA 1-432-331, and VA 1-432-332.

150.    Without authorization or consent, Defendant Qantas Airways d/b/a/ www.qantas.com.au has reproduced, displayed or distributed Plaintiff's Copyrighted Works of Registration Nos. VA 1-432-326, VA 1-432-329 and VA 1-432-331.

151.     Without authorization or consent, Defendant Qatar Airways d/b/a _www.qatarairways.com_ has reproduced, displayed or distributed Plaintiff's Copyrighted Works of Registration Nos. VA 1-432-326, VA 1-432-328, VA 1-432-329, VA 1-432-331, VA 1-432-332, VA 1-825-264 and VA 1-829-021.

152.     Without authorization or consent, Defendant Mazzarella d/b/a _www.roomrate.com_ has reproduced, displayed or distributed Plaintiff's Copyrighted Works of Registration Nos. VA 1-845-429, VA 1-432-326, VA 1-432-329, VA 1-432-331, and VA 1-432-332.

153.     Without authorization or consent, Defendant Travelocity.com LP d/b/a _www.travelocity.com_ has reproduced, displayed or distributed Plaintiff's Copyrighted Works of Registration Nos. VA 1-825-429, VA 1-432-325, VA 1-432-326, VA 1-432-328, VA 1-432-329, VA 1-432-331, and VA 1-432-332.

154.     Without authorization or consent, Defendant TripAdvisor LLC d/b/a _www.tripadvisor.com_ has reproduced, displayed or distributed Plaintiff's Copyrighted Works of Registration Nos. VA 1-825-429, VA 1-432-325, VA 1-432-326, VA 1-432-327, VA 1-432-328, VA 1-432-329, VA 1-432-330, and VA 1-432-331.

155.     Without authorization or consent, Defendant Tablet d/b/a _www.tablethotels.com_ has reproduced, displayed or distributed Plaintiff's Copyrighted Works of Registration Nos. VA 1-758-524, VA 1-432-326, VA 1-432-329, VA 1-432-330, VA 1-432-331, and VA 1-432-332.

156.     Without authorization or consent, Defendant WK Travel Inc. d/b/a _www.onetravel.com_ and _www.travelspot.us_ has reproduced, displayed or distributed Plaintiff's Copyrighted Works of Registration Nos. VA 1-432-325, VA 1-432-326, VA 1-432-327, VA 1-432-328, VA 1-432-329, VA 1-432-330, VA 1-432-331, VA 1-432-332, VA 1-758-524, VA 1-825-264, and VA 1-825-429.

{04892/606459-000/01156433.1}

157.    Each Defendant's infringement of Plaintiff's rights in and to each of the Copyrighted Works constitutes a separate and distinct act of infringement.

158.    Upon information and belief, Defendants knew or should have known that their acts constituted copyright infringement.

159.    Defendants' conduct was willful within the meaning of the Copyright Act.

160.    Plaintiff has been damaged by Defendants' conduct, including, but not limited to economic losses.  Plaintiff continues to be damaged by such conduct, and has no adequate remedy at law to compensate the Plaintiff for all the possible damages stemming from the Defendants' conduct.

161.    Because of the willful nature of the Defendants' conduct, Plaintiff is entitled to an award of statutory damages for each instance of copyright infringement by each Defendant, in lieu of recovery of exemplary damages, attorney's fees, and all associated costs.

**Second Claim for Relief**
**Contributory Copyright Infringement**

162.    Plaintiff realleges by reference every allegation contained in paragraphs above.

163.    GHM was aware of Plaintiff's rights in and to the Hotel Photographs, having contracted with Plaintiff to take the pictures.

164.    Upon information and belief, GHM, without the consent of Plaintiff, distributed the Hotel Photographs to Defendants (including, but not limited to, Defendant Does 1-100).

165.    Upon information and belief, VFM, without the consent of Plaintiff, distributed the Hotel Photographs to Defendants (including, but not limited to, Defendant Does 1-100).

166.    Upon information and belief, Pegasus, without the consent of Plaintiff, distributed the Hotel Photographs to Defendants (including, but not limited to, Defendant Does 1-100).

{04892/606459-000/01156433.1}

167.    By providing the Hotel Photographs to Defendants for distribution and permitting unfettered access to the Hotel Photographs, GHM, VFM, and Pegasus each materially contributed to Defendants' infringement of Plaintiff's copyrights.

168.    GHM, VFM, and Pegasus each knew or should have known that Defendants would copy and publish the Hotel Photographs.

169.    By allowing Defendants access to the Hotel Photographs, GHM, VFM, and Pegasus each induced, permitted, caused, contributed to and/or encouraged Defendants to continue using Plaintiff's Hotel Photographs without Plaintiff's permission and without giving Plaintiff credit or paying Plaintiff royalties for the Hotel Photographs.

170.    GHM, VFM, and Pegasus each knew and/or should have known that the Hotel Photographs it was providing to third parties, would be used, published and disseminated on high-trafficked websites and in widely circulated promotional materials.

171.    The misconduct of GHM, VFM, and Pegasus each was willful and/or intentional and with knowledge of both Plaintiff's rights and Defendants' infringement of said rights.

172.    Upon information and belief, Defendants (including, but not limited to, Does 1-100) may each be liable for contributory copyright infringement alleged herein to the extent that one or all may have supplied, provided, distributed, or otherwise facilitated unfettered access by unknown third-parties to the Hotel Photographs without Plaintiff's knowledge or authorization.

173.    Plaintiff seeks all damages recoverable under the Copyright Act, including statutory or actual damages, including any profits or gains attributable to the infringement of the Hotel Photographs.

{04892/606459-000/01156433.1}

**Third Claim for Relief**
**Vicarious Copyright Infringement**

174.    Plaintiff repeats and realleges by reference each and every allegation contained in paragraphs above.

175.    Upon information and belief, Defendants (including, but not limited to, Defendant Does 1-100) are each vicariously liable for the copyright infringement alleged herein because Defendants each had the ability to supervise the infringing conduct and because it had a direct financial interest in the infringing conduct.

176.    VFM affirmatively assumed credit for Plaintiff's Hotel Photographs knowing that VFM did not photograph, license or in any way have permission to use, sell, license or assign the Hotel Photographs.

177.    No Defendants had the authority to license, sell, assign or grant permission for any third party to use or display the Hotel Photographs because Plaintiff is the sole and exclusive owner of the Hotel Photographs that are the subject of the Copyrighted Works and did not grant either any Defendant permission to license, sell, assign or use the Hotel Photographs.

178.    Notwithstanding the fact that neither VFM nor Pegasus had any right to license, sell, assign or permit any third party to use the Hotel Photographs, with each knowing it was not the owner of the copyright in the Hotel Photographs, VFM and Pegasus both continued to represent to third parties that it had such rights in and to the Hotel Photographs.

179.    Upon information and belief, VFM and Pegasus each controlled the distribution of the Hotel Photographs by contracting with various websites and hotels, including Defendants, to sell, assign or license the Hotel Photographs.

180.    Due to the nature of their control over the content on their websites, Defendants each had the right and the ability to supervise the infringing activities complained of herein.

{04892/606459-000/01156433.1}

181.    Because of the nature of their business relationship, VFM and Pegasus each had the right and the ability to supervise the infringing activities of Defendants.

182.    VFM and Pegasus each knew and/or should have known that the Hotel Photographs it was providing to Defendants, would be used, published and disseminated on high-trafficked websites and in widely circulated promotional materials.

183.    Further, because VFM and Pegasus improperly and unlawfully represented to third parties, including Defendants, that it was the owner of and/or had the authority to grant permission to use the Hotel Photographs, VFM and Pegasus each knew that Defendants and others would not seek to secure an appropriate license or authorization from Plaintiff.

184.    As a result of Defendants' vicarious infringement of Plaintiff's copyrights, Defendants have obtained direct and indirect profits that they would not otherwise have realized but for their infringement of the Hotel Photographs that are the subject of the Copyrighted Works.

185.    Defendants' misconduct was willful, intentional and/or reckless and done for their own economic gain.

186.    Plaintiff seeks all damages recoverable under the Copyright Act, including statutory or actual damages, including a disgorgement of profits or gains directly or indirectly attributable to the infringement of the Hotel Photographs.

{04892/606459-000/01156433.1}

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests entry of judgment against each Defendant as follows:

A.      That Defendants have each infringed Plaintiff's rights in the Copyrighted Works;

B.      For entry of preliminary and permanent injunctions providing that such Defendants and their officers, agents, servants and those persons in active concert or participation shall be enjoined from infringement of Plaintiff's rights in the Copyrighted Works;

C.      For entry of preliminary and permanent injunctions providing that Defendants shall immediately remove all copies of the Copyrighted Works from their websites and/or immediately seek a license from Plaintiff for their use;

D.      For entry of judgment that such Defendants shall pay actual damages and profits, or statutory damages, pursuant to 17 U.S.C. § 504, at the election of Plaintiff;

E.      For entry of judgment that Defendants shall pay Plaintiff's costs and attorneys' fees incurred in this action, pursuant to 17 U.S.C. § 505;

F.      For entry of judgment that Plaintiff be granted such other relief as the Court deems just, equitable and proper.

**JURY DEMAND**

Plaintiff demands trial by jury on all issues triable to a jury.

Dated: April 23, 2014
       White Plains, New York

Respectfully Submitted,

Cameron S. Reuber
LEASON ELLIS LLP
One Barker Avenue, Fifth Floor
White Plains, NY 10601
Tel: (914) 821-3075
Email: reuber@leasonellis.com

*Attorneys for Plaintiff*

40