

# KOZYAK · TROPIN
# THROCKMORTON
### ATTORNEYS AT LAW

**Daniel F. Benavides,** Esq.
dfb@kttlaw.com | 305.728.2980

June 18, 2014

**VIA E-FILING AND EMAIL**

The Honorable Cathy Seibel
United States District Court
  for the Southern District of New York
The Hon. Charles L. Brieant Jr.
  Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150
chambersnysdseibel@nysd.uscourts.gov

    Re:    *The Wave Studio, LLC v. General Hotel Management Ltd. et al.,*
             **No. 7:13-cv-09239-CS**

Dear Judge Seibel:

    We are counsel for Defendant General Hotel Management Ltd. ("GHM"). In accordance with the Court's *Individual Rules of Practice*, we respectfully submit this letter requesting a pre-motion conference on an anticipated motion to bifurcate or stay this case.

### Factual Background

    Defendant GHM is a Singapore-based hotel management company. GHM does not currently manage any hotels in the United States.

    On various occasions between approximately 1993 and 2007, Plaintiff's principal, Junior Lee ("Ms. Lee"), was engaged to photograph and develop marketing materials for certain GHM-managed hotels. Ms. Lee was paid for the right to use the marketing materials and photographs to promote and market the hotels. They have long been used for that purpose without objection.

    On or about 2009, a dispute arose between Ms. Lee and GHM with respect to a few allegedly unpaid invoices for the marketing materials and photographs. On June 9, 2010, The Wave Studio PTE Ltd. ("Wave Singapore"), an affiliate of the Plaintiff also owned by Ms. Lee, sued GHM in the Subordinate Courts of the Republic of Singapore, Case No. MC14699/2010/V (the "Singapore Action"), seeking payment of the invoices for her marketing and photography services. The total amount claimed by Wave Singapore in the Singapore Action was $46,468.00 plus interest.

    Notwithstanding that Ms. Lee had known for many years that the photographs were being used to market GHM-managed hotels and notwithstanding that the parties were in the midst of litigation concerning payment for the photographs, Ms. Lee did not in (or at any time prior to)

June 18, 2014
Page 2

the Singapore Action raise any objection to GHM's decade-long use and distribution of the photographs.

On April 6, 2011, the parties settled the Singapore Action and executed a Settlement Agreement. Unbeknownst to GHM, at the same time that the Settlement Agreement was being negotiated in Singapore, Ms. Lee and/or her related entities quietly copyrighted the photographs in the United States and allegedly assigned the copyrights to Plaintiff, whose principal place of business is the office of its counsel. Because Ms. Lee did not advise GHM of the U.S. copyrights, the Settlement Agreement does not expressly refer to them (though it does contain broad release language).

Two years later, without any prior notice or demand, Plaintiff filed this action for copyright infringement against GHM and 58 other defendants, alleging they infringed the copyrights in the same photographs for which Ms. Lee had already been paid. Incredibly, Plaintiff acknowledges that she was paid, but apparently contends that the payments were made for some undisclosed reason other than the right to use and distribute the photographs to market GHM-managed hotels. Plaintiff seeks compensatory and statutory damages and injunctive relief from all Defendants.

GHM maintains that this case is frivolous. Nevertheless, immediately upon learning of this action, GHM and its marketing partners removed and/or took steps to remove the photographs from their respective marketing materials and websites, thus ending any alleged infringement.

## **Argument**

GHM's motion will be aimed at promoting efficiency and judicial economy. The gravamen of Plaintiff's case is that the photographs were used and distributed by GHM without authorization and that the other Defendants, in turn, further used or distributed the same photographs without authorization. Thus, a finding that GHM had the right to use and distribute the photographs to the other Defendants to market GHM-managed hotels would be case dispositive as to GHM and the vast majority of the Defendants sued in this action, and eliminate needless time and expense on dozens of answers and potentially hundreds of discovery requests and pleadings.

To that end, GHM will move this Court to stay these proceedings as to all Defendants except GHM so that the Plaintiff[1] and GHM may (1) engage in limited discovery; and (2) file dispositive motions concerning the threshold issue of whether GHM was authorized to use and distribute the photographs.

The Court has broad discretion to control pretrial procedures. *Trans World Airlines, Inc. v. Hughes*, 449 F.2d 51, 63 (2d Cir. 1971). Moreover, under Federal Rule of Civil Procedure 42(b), a district court has broad discretion to try issues and claims separately in order to "further convenience, avoid prejudice, or promote efficiency." *Amato v. City of Saratoga Springs*, 170 F.3d 311, 316 (2d Cir. 1999). In particular, "bifurcation may be appropriate where, for example,

---

[1] GHM also anticipates filing a third-party complaint against Ms. Lee and Wave Singapore for breach of contract and indemnification that may be addressed during this first phase of the proceedings.

June 18, 2014
Page 3

the litigation of the first issue might eliminate the need to litigate the second issue" *Id.* (citations omitted); *see also Vichare v. AMBAC, Inc.,* 106 F.3d 457, 466 (2d Cir.1996) (holding bifurcation to be "appropriate where the evidence offered on two different issues will be wholly distinct . . . or where litigation of one issue may obviate the need to try another issue").

Bifurcation or a limited stay of the proceedings is appropriate in this case, particularly in light of its potential size and complexity. As discussed above, a ruling by this Court regarding GHM's right to use and distribute the photographs could be case dispositive as to GHM and most of the 58 other Defendants, obviating the need for potentially hundreds of unnecessary pleadings. Moreover, none of the Defendants other than GHM possesses any knowledge or evidence concerning Wave's engagement to take the photographs, the Singapore Action or the subsequent Settlement Agreement. Thus, any evidence concerning the threshold issue of whether GHM had a right to use and distribute the photographs will be wholly distinct from any evidence that might be presented by the other Defendants in this case.

Respectfully submitted,

Daniel F. Benavides, Esq.
KOZYAK TROPIN & THROCKMORTON, LLP
New York Bar No. 4618575
2525 Ponce de Leon Boulevard, 9th Floor
Miami, FL  33134
T:  305.372.1800
F:  305.372.3508

William Hansen (WH-9446)
Thomas H. Curtin (TC-5753)
LATHROP & GAGE LLP
230 Park Avenue, Suite 2400
New York, NY 10169
T: 212.850.6220
F: 212.850.6221
Attorneys for General Hotel Management Ltd.

cc:    All counsel of record via E-Filing