UNITED STATES DISTRICT COURT
THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

THE WAVE STUDIO, LLC.,

                                    Plaintiff,

        -against-

GENERAL HOTEL MANAGEMENT LTD., VFM
LEONADO, INC; PEGASUS SOLUTIONS, INC.,
ABOUT, INC., d/b/a ABOUT.COM; ALLIANCE
RESERVATIONS NETWORK d/b/a
RESERVETRAVEL.COM; BUDGETWORKS, INC.,
d/b/a SETAICONDORENTALS.COM; DELTA
AIRLINES d/b/a DELTA.COM; ESSLINGER
WOOTEN MAXWELL, INC. d/b/a
NELSONGONZALEZ.COM; JETBLUE AIRWAYS
CORPORATION d/b/a JETBLUE.COM; FROMMER
MEDIA d/b/a FROMMERS.COM; LEXYL TRAVEL
TECHNOLOGIES d/b/a HOTELPLANNER.COM; IBT
MEDIA INC. d/b/a IBTIMES.COM; MYSOBE.COM
d/b/a MYSOBE.COM; KAYAK SOFTWARE
CORPORATION d/b/a KAYAK.COM;
NETADVANTAGE.COM d/b/a
IHSADVANTAGE.COM; ORBITZ WORLDWIDE
LLC. d/b/a ORBITZ.COM; QUESTEX MEDIA, LLC.
d/b/a FIVESTARALLIANCE.COM; CEDORA, INC.
d/b/a REALADVENTURES.COM; SETAI OWNERS
LLC. d/b/a SETAI.COM d/b/a SETAI-REALTY.COM;
SPA FINDER, INC. d/b/a SPAFINDER.COM; THE
LEADING HOTELS OF THE WORLD d/b/a
LHW.COM; THIS EXIT LLC. d/b/a
ROADSIDEAMERICA.COM; room77 d/b/a
ROOM77.COM; EXPEDIA, INC. d/b/a
EXPEDIA.COM; HOTELS.COM GP LLC. d/b/a
HOTELS.COM; d/b/a TRAVELNOW.COM;
RESERVATION COUNTER d/b/a
RESERVATIONCOUNTER.COM; AMERICAN
AIRLINES, INC. d/b/a AAVACATIONS.COM;
UNITED AIRLINES INC. d/b/a
HOTELS.UNITED.COM; HOTELSBYME.COM d/b/a
HOTELSBYME.COM; SIGNATURE TRAVEL
NETWORK d/b/a
SIGNATURETRAVELNETWORK.COM; FROSCH
INTERNATIONAL TRAVEL, INC. d/b/a
FROSCHVATIONS.COM; VACATIONS BY TZELL
d/b/a VACATIONBYTZELL.COM; ANDREW

Our File No. 16555DZHIW

Civil Action No.: 7:13-cv-09239

**ANSWER TO FIRST
AMENDED COMPLAINT**

HARPER d/b/a ANDREWHARPER.COM;
BOOKIT.COM INC. d/b/a BOOKIT.COM; ESCALA
VACATIONS d/b/a ESCALAVACATIONS.COM;
FAREBUZZ d/b/a FAREBUZZ.COM; FAREPORTAL
INC. d/b/a CHEAPOAIR.COM; RANDOM HOUSE
d/b/a FODORS.COM; GETAROOM.COM d/b/a
GETAROOM.COM; GOGOBOT, INC. d/b/a
GOGOBOT.COM; HIPMUNK, INC. d/b/a
HIPMUNK.COM; HOTELGUIDES.COM, INC. d/b/a
HOTELGUIDES.COM; MARKET ES INC. d/b/a
HOTELS-AND-DISCOUNTS.COM;
HOTELSTRAVEL.COM d/b/a
HOTELSTRAVEL.COM; ESTEBAN OLIVEREZ d/b/a
INSANELYCHEAPFLIGHTS.COM; LUXEMONT
d/b/a JUSTLUXE.COM; LONELY PLANET GLOBAL,
INC. d/b/a LONELYPLANET.COM; LUXE TRAVEL,
LLC. d/b/a LUXETRAVEL.COM; LUXURY TRAVEL
MEDIA d/b/a LUXURYTRAVELMAGAZINE.COM;
METRO TRAVEL GUIDE d/b/a
METROTRAVELGUIDE.COM; MOBISSIMO INC.
d/b/a MOBISSIMO.COM; NEXTAG, INC. d/b/a
NEXTAG.COM; QANTAS AIRWAYS LIMITED d/b/a
QANTAS.COM.AU; QATAR AIRWAYS d/b/a
ROOMRATE.COM; WK TRAVEL INC. d/b/a
TRAVELSPOT.US. d/b/a ONETRAVEL.COM;
TRAVELOCITY.COM LP d/b/a
TRAVELOCITY.COM; TRIPADVISOR LLC. d/b/a
TRIPADVISOR.COM; TABLET INC. d/b/a
TABLETHOTELS.COM and DOES1-100,

Defendants.

-----------------------------------------------------------------x

Defendant, DELTA AIRLINES, INC. s/h/a DELTA AIRLINES, INC. d/b/a

DELTA.COM;, by and through its attorneys, BAXTER SMITH & SHAPIRO, P.C.,

answering the plaintiff's First Amended Complaint, upon information and belief, state(s) as

follows:

1.      Denies knowledge and information sufficient to form a belief as to the truth of

the allegations of the first amended complaint as contained in paragraphs thereof numbered "1."

2

2.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "2."

3.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "3."

4.     Denies each and every allegation of the first amended complaint as contained in the paragraph thereof numbered "4," insofar as they refer to this answering defendant.

5.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "5."

6.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "6."

7.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "7."

8.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "8."

9.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "9."

10.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "10."

11.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "11."

12.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "12."

13.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "13."

14.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "14."

15.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "15."

16.     Denies each and every allegation of the first amended complaint as contained in paragraphs thereof numbered "16" except admits that Delta Airlines, Inc. uses the domain name Delta.com, referring all conclusions of law and fact to the Court.

17.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "17."

18.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "18."

19.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "19."

20.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "20."

21.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "21."

22.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "22."

23.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "23."

24.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "24."

25.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "25."

26.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "26."

27.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "27."

28.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "28."

29.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "29."

30.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "30."

31.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "31."

32.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "32."

33.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "33."

34.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "34."

35.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "35."

36.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "36."

37.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "37."

38.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "38."

39.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "39."

40.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "40."

41.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "41."

42.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "42."

43.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "43."

44.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "44."

45.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "45."

46.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "46."

47.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "47."

48.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "48."

49.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "49."

50.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "50."

51.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "51."

52.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "52."

53.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "53."

54.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "54."

55.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "55."

56.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "56."

57.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "57."

58.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "58."

59.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "59."

60.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "60."

61.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "61."

62.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "62."

63.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "63."

64.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "64."

65.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "65."

66.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "66."

67.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "67."

68.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "68."

69.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "69."

70.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "70."

71.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "71."

72.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "72."

73.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "73."

74.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "74."

75.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "75."

76.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "76."

77.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "77."

78.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "78."

79.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "79."

80.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "80."

81.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "81."

82.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "82."

83.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "83."

84.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "84."

85.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "85."

86.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "86."

87.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "87."

88.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "88."

89.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "89."

90.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "90."

91.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "91."

92.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "92."

93.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "93."

94.     Denies each and every allegation of the first amended complaint as contained in the paragraph thereof numbered "94," insofar as they refer to this answering defendant.

### AS AND FOR AN ANSWER TO THE FIRST CLAIM FOR RELIEF

95.     The answering defendant repeats, reiterates and realleges each and every answer to the allegations contained in the paragraphs of the complaint as contained in paragraphs "1" through "95" with the same force and effect as though set forth more fully herein at length.

96.     Denies each and every allegation of the first amended complaint as contained in the paragraph thereof numbered "96," insofar as they refer to this answering defendant.

97.     Denies each and every allegation of the first amended complaint as contained in the paragraph thereof numbered "97," insofar as they refer to this answering defendant.

98.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "98."

99.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "99."

100.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "100."

101.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "101."

102.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "102."

103.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "103."

104.    Denies each and every allegation of the first amended complaint as contained in the paragraph thereof numbered "104," insofar as they refer to this answering defendant.

105.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "105."

106.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "106."

107.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "107."

108.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "108."

109.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "109."

110.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "110."

111.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "111."

112.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "112."

113.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "113."

114.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "114."

115.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "115."

116.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "116."

117.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "117."

118.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "118."

119.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "119."

120.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "120."

121.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "121."

122.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "122."

123.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "123."

124.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "124."

125.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "125."

126.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "126."

127.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "127."

128.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "128."

129.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "129."

130.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "130."

131.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "131."

132.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "132."

133.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "133."

134.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "134."

135.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "135."

136.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "136."

137.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "137."

138.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "138."

139.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "139."

140.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "140."

141.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "141."

142.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "142."

143.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "143."

144.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "144."

145.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "145."

146.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "146."

147.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "147."

148.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "148."

149.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "149."

150.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "150."

151.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "151."

152.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "152."

153.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "153."

154.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "154."

155.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "155."

156.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "156."

157.    Denies each and every allegation of the first amended complaint as contained in the paragraph thereof numbered "157," insofar as they refer to this answering defendant.

158.    Denies each and every allegation of the first amended complaint as contained in the paragraph thereof numbered "158," insofar as they refer to this answering defendant.

159.    Denies each and every allegation of the first amended complaint as contained in the paragraph thereof numbered "159," insofar as they refer to this answering defendant.

160.    Denies each and every allegation of the first amended complaint as contained in the paragraph thereof numbered "160," insofar as they refer to this answering defendant.

161.    Denies each and every allegation of the first amended complaint as contained in the paragraph thereof numbered "161," insofar as they refer to this answering defendant.

## AS AND FOR AN ANSWER TO THE SECOND CLAIM FOR RELIEF

162.    The answering defendant repeats, reiterates and realleges each and every answer to the allegations contained in the paragraphs of the complaint as contained in paragraphs "1" through "161" with the same force and effect as though set forth more fully herein at length.

163.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "163."

164.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "164."

165.   Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "165."

166.   Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "166."

167.   Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "167."

168.   Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "168."

169.   Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "169."

170.   Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "170."

171.   Denies each and every allegation of the first amended complaint as contained in the paragraph thereof numbered "171," insofar as they refer to this answering defendant.

172.   Denies each and every allegation of the first amended complaint as contained in the paragraph thereof numbered "172," insofar as they refer to this answering defendant.

173.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "173."

### AS AND FOR AN ANSWER TO THE THIRD CLAIM FOR RELIEF

174.    The answering defendant repeats, reiterates and realleges each and every answer to the allegations contained in the paragraphs of the complaint as contained in paragraphs "1" through "174" with the same force and effect as though set forth more fully herein at length.

175.    Denies each and every allegation of the first amended complaint as contained in the paragraph thereof numbered "175," insofar as they refer to this answering defendant.

176.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "176."

177.    Denies each and every allegation of the first amended complaint as contained in the paragraph thereof numbered "177," insofar as they refer to this answering defendant, and referring all conclusions of law and fact to the Court.

178.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "178."

179.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "179."

180.    Denies each and every allegation of the first amended complaint as contained in the paragraph thereof numbered "180," insofar as they refer to this answering defendant, and referring all conclusions of law and fact to the Court.

181.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "181."

182.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "182."

183.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "183."

184.    Denies each and every allegation of the first amended complaint as contained in the paragraph thereof numbered "184," insofar as they refer to this answering defendant, and referring all conclusions of law and fact to the Court.

185.    Denies each and every allegation of the first amended complaint as contained in the paragraph thereof numbered "185," insofar as they refer to this answering defendant. Court.

186.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first amended complaint as contained in paragraphs thereof numbered "186."

### AS AND FOR A  FIRST AFFIRMATIVE DEFENSE

187.    The first amended complaint should be dismissed for failure to state a cause of action against the answering defendant.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

188.    Any damages sustained by the plaintiff were caused by the culpable conduct of the plaintiff, including contributory negligence and/or assumption of risk, and/or misuse of the product and not by the culpable conduct, acts/or omissions, breach of contract and/or warranties or negligence of the answering defendant.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

189.    Plaintiff was under an obligation to mitigate its damages and failed to do so.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

190.    The plaintiff's own acts and/or omissions and/or breach of contract were the sole proximate cause of the alleged damages.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

191.    To the extent that there was an agreement between the parties, it was breached by the plaintiff.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

192.    The first amended complaint is barred by the doctrine of Unclean Hands.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

193.    The complaint is barred by the doctrine of Laches.

## AS AND FOR AN EIGHT AFFIRMATIVE DEFENSE

194.    The complaint is barred by the doctrine of Estoppel.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

195.    The complaint is barred by the doctrine of Waiver and/or Release.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

196.    The complaint should be dismissed due to the plaintiff's failure to join all necessary parties to this action.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

197.    The plaintiff's claims are barred by the applicable statute(s) of limitations.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

198.    The first amended complaint should be dismissed on the ground that the

Court lacks personal jurisdiction.

**AS AND FOR A CROSS-CLAIM AGAINST THE CO-DEFENDANTS, GENERAL HOTEL MANAGEMENT LTD., VFM LEONADO, INC; PEGASUS SOLUTIONS, INC., ABOUT, INC., d/b/a ABOUT.COM; ALLIANCE RESERVATIONS NETWORK d/b/a RESERVETRAVEL.COM; BUDGETWORKS, INC., d/b/a SETAICONDORENTALS.COM; ESSLINGER WOOTEN MAXWELL, INC. d/b/a NELSONGONZALEZ.COM; JETBLUE AIRWAYS CORPORATION d/b/a JETBLUE.COM; FROMMER MEDIA d/b/a FROMMERS.COM; LEXYL TRAVEL TECHNOLOGIES d/b/a HOTELPLANNER.COM; IBT MEDIA INC. d/b/a IBTIMES.COM; MYSOBE.COM d/b/a MYSOBE.COM; KAYAK SOFTWARE CORPORATION d/b/a KAYAK.COM; NETADVANTAGE.COM d/b/a IHSADVANTAGE.COM; ORBITZ WORLDWIDE LLC. d/b/a ORBITZ.COM; QUESTEX MEDIA, LLC. d/b/a FIVESTARALLIANCE.COM; CEDORA, INC. d/b/a REALADVENTURES.COM; SETAI OWNERS LLC. d/b/a SETAI.COM d/b/a SETAI-REALTY.COM; SPA FINDER, INC. d/b/a SPAFINDER.COM; THE LEADING HOTELS OF THE WORLD d/b/a LHW.COM; THIS EXIT LLC. d/b/a ROADSIDEAMERICA.COM; room77 d/b/a ROOM77.COM; EXPEDIA, INC. d/b/a EXPEDIA.COM; HOTELS.COM GP LLC. d/b/a HOTELS.COM; d/b/a TRAVELNOW.COM; RESERVATION COUNTER d/b/a RESERVATIONCOUNTER.COM; AMERICAN AIRLINES, INC. d/b/a AAVACATIONS.COM; UNITED AIRLINES INC. d/b/a HOTELS.UNITED.COM; HOTELSBYME.COM d/b/a HOTELSBYME.COM; SIGNATURE TRAVEL NETWORK d/b/a SIGNATURETRAVELNETWORK.COM; FROSCH INTERNATIONAL TRAVEL, INC. d/b/a FROSCHVATIONS.COM; VACATIONS BY TZELL d/b/a VACATIONBYTZELL.COM; ANDREW HARPER d/b/a ANDREWHARPER.COM; BOOKIT.COM INC. d/b/a BOOKIT.COM; ESCALA VACATIONS d/b/a ESCALAVACATIONS.COM; FAREBUZZ d/b/a FAREBUZZ.COM; FAREPORTAL INC. d/b/a CHEAPOAIR.COM; RANDOM HOUSE d/b/a FODORS.COM; GETAROOM.COM d/b/a GETAROOM.COM; GOGOBOT, INC. d/b/a GOGOBOT.COM; HIPMUNK, INC. d/b/a HIPMUNK.COM; HOTELGUIDES.COM, INC. d/b/a HOTELGUIDES.COM; MARKET ES INC. d/b/a HOTELS-AND-DISCOUNTS.COM; HOTELSTRAVEL.COM d/b/a HOTELSTRAVEL.COM; ESTEBAN OLIVEREZ d/b/a INSANELYCHEAPFLIGHTS.COM; LUXEMONT d/b/a JUSTLUXE.COM; LONELY PLANET GLOBAL, INC. d/b/a LONELYPLANET.COM; LUXE TRAVEL, LLC. d/b/a LUXETRAVEL.COM; LUXURY TRAVEL MEDIA d/b/a LUXURYTRAVELMAGAZINE.COM; METRO TRAVEL GUIDE d/b/a METROTRAVELGUIDE.COM; MOBISSIMO INC. d/b/a MOBISSIMO.COM;**

**NEXTAG, INC. d/b/a <u>NEXTAG.COM</u>; QANTAS AIRWAYS LIMITED d/b/a <u>QANTAS.COM.AU</u>; QATAR AIRWAYS d/b/a <u>ROOMRATE.COM</u>; WK TRAVEL INC. d/b/a <u>TRAVELSPOT.US</u>. d/b/a <u>ONETRAVEL.COM</u>; TRAVELOCITY.COM LP d/b/a <u>TRAVELOCITY.COM</u>; TRIPADVISOR LLC. d/b/a <u>TRIPADVISOR.COM</u>; TABLET INC. d/b/a <u>TABLETHOTELS.COM</u> and DOES 1-100, THE ANSWERING DEFENDANT, DELTA AIRLINES, INC. s/h/a DELTA AIRLINES, INC. d/b/a <u>DELTA.COM</u> ALLEGES THE FOLLOWING:**

199.     In the event that the plaintiff recovers any judgment against the defendants herein, the answering defendant demands that any judgment be divided among all defendants in accordance with the degree of culpability of each herein, and further demands that the answering defendant be granted indemnification in accordance with any applicable contracts, agreements, warranties, express or implied, or by reason of the active and primary copyright infringement and/or wrongdoing and/or negligence of the other defendants herein.

**AS AND FOR A COUNTERCLAIM AGAINST THE PLAINTIFF, THE WAVE STUDIO, LLC., THE ANSWERING DEFENDANT, DELTA AIRLINES, INC. s/h/a <u>DELTA AIRLINES, INC. d/b/a DELTA.COM, ALLEGES THE FOLLOWING</u>:**

200.     That if plaintiff was caused to sustain damages at the time(s) and place(s) set forth in first amended complaint through any fault other than plaintiff's own and/or the fault of the co-defendants herein, then said damages arose in whole or in part from the acts and/or omissions and/or breach of contract and/or negligence of the plaintiff, The Wave Studio, LLC, and if any judgment is recovered herein by plaintiff against the answering defendant, said defendant will be damaged thereby and will be entitled to proportionate indemnity and/or contribution on the basis of proportionate responsibility from the plaintiff, The Wave Studio, LLC.

Dated:    White Plains, New York
            July 8, 2014

                                        Yours, etc.,

                                        BAXTER SMITH & SHAPIRO, P.C.

                                        By:_____
                                           Sim R. Shapiro
                                      Attorneys for Defendant
                                      DELTA AIRLINES, INC. s/h/a DELTA
                                      AIRLINES, INC. d/b/a DELTA.COM
                                      200 Mamaroneck Avenue, Suite 601
                                      White Plains, New York 10601
                                      (914) 684-1055

TO:

LEASON ELLIS, LLP.
Attorneys for Plaintiff
One Barker Avenue, Fifth Floor
White Plains, New York 10601
(914) 821-3075

## AFFIDAVIT OF SERVICE BY E-FILING

STATE OF NEW YORK )
COUNTY OF WESTCHESTER) ss.:

ELSA A. COLOTTI, being duly sworn, deposes and says:

Deponent is not a party to the action, is over 18 years of  age and resides in Westchester, New York.

On the 8th day of July 2014, deponent served the within **ANSWER TO FIRST AMENDED COMPLAINT WITH NOTICE OF EXAMINATION BEFORE TRIAL** upon the following at their respective addresses:

TO:

LEASON ELLIS,LLP.
Attorneys for Plaintiff
One Barker Avenue, Fifth Floor
White Plains, New York 10601
(914) 821-3075

by E-FILING.

_____
ELSA A. COLOTTI

Sworn to before me this
8th day of July, 2014

_____
NOTARY PUBLIC

**SIM R. SHAPIRO**
**Notary Public, State of New York**
**Reg. No 02SH6008722**
**Qualified in Westchester County**
**My Commission Expires June 15, 2018**

UNITED STATES DISTRICT COURT
THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
THE WAVE STUDIO, LLC.,

                                        Plaintiff,

          -against-

GENERAL HOTEL MANAGEMENT LTD., VFM
LEONADO, INC; PEGASUS SOLUTIONS, INC.,
ABOUT, INC., d/b/a ABOUT.COM; ALLIANCE
RESERVATIONS NETWORK d/b/a
RESERVETRAVEL.COM; BUDGETWORKS, INC.,
d/b/a SETAICONDORENTALS.COM; DELTA
AIRLINES d/b/a DELTA.COM; ESSLINGER
WOOTEN MAXWELL, INC. d/b/a
NELSONGONZALEZ.COM; JETBLUE AIRWAYS
CORPORATION d/b/a JETBLUE.COM; FROMMER
MEDIA d/b/a FROMMERS.COM; LEXYL TRAVEL
TECHNOLOGIES d/b/a HOTELPLANNER.COM; IBT
MEDIA INC. d/b/a IBTIMES.COM; MYSOBE.COM
d/b/a MYSOBE.COM; KAYAK SOFTWARE
CORPORATION d/b/a KAYAK.COM;
NETADVANTAGE.COM d/b/a
IHSADVANTAGE.COM; ORBITZ WORLDWIDE
LLC. d/b/a ORBITZ.COM; QUESTEX MEDIA, LLC.
d/b/a FIVESTARALLIANCE.COM; CEDORA, INC.
d/b/a REALADVENTURES.COM; SETAI OWNERS
LLC. d/b/a SETAI.COM d/b/a SETAI-REALTY.COM;
SPA FINDER, INC. d/b/a SPAFINDER.COM; THE
LEADING HOTELS OF THE WORLD d/b/a
LHW.COM; THIS EXIT LLC. d/b/a
ROADSIDEAMERICA.COM; room77 d/b/a
ROOM77.COM; EXPEDIA, INC. d/b/a
EXPEDIA.COM; HOTELS.COM GP LLC. d/b/a
HOTELS.COM; d/b/a TRAVELNOW.COM;
RESERVATION COUNTER d/b/a
RESERVATIONCOUNTER.COM; AMERICAN
AIRLINES, INC. d/b/a AAVACATIONS.COM;
UNITED AIRLINES INC. d/b/a
HOTELS.UNITED.COM; HOTELSBYME.COM d/b/a
HOTELSBYME.COM; SIGNATURE TRAVEL
NETWORK d/b/a
SIGNATURETRAVELNETWORK.COM; FROSCH
INTERNATIONAL TRAVEL, INC. d/b/a
FROSCHVATIONS.COM; VACATIONS BY TZELL

Our File No. 16555DZHIW

Civil Action No.: 7:13-cv-09239

**NOTICE OF EXAMINATION
BEFORE TRIAL**

d/b/a <u>VACATIONBYTZELL.COM</u>; ANDREW
HARPER d/b/a <u>ANDREWHARPER.COM</u>;
BOOKIT.COM INC. d/b/a <u>BOOKIT.COM</u>; ESCALA
VACATIONS d/b/a <u>ESCALAVACATIONS.COM</u>;
FAREBUZZ d/b/a <u>FAREBUZZ.COM</u>; FAREPORTAL
INC. d/b/a <u>CHEAPOAIR.COM</u>; RANDOM HOUSE
d/b/a <u>FODORS.COM</u>; GETAROOM.COM d/b/a
<u>GETAROOM.COM</u>; GOGOBOT, INC. d/b/a
<u>GOGOBOT.COM</u>; HIPMUNK, INC. d/b/a
<u>HIPMUNK.COM</u>; HOTELGUIDES.COM, INC. d/b/a
<u>HOTELGUIDES.COM</u>; MARKET ES INC. d/b/a
<u>HOTELS-AND-DISCOUNTS.COM</u>;
HOTELSTRAVEL.COM d/b/a
<u>HOTELSTRAVEL.COM</u>; ESTEBAN OLIVEREZ d/b/a
<u>INSANELYCHEAPFLIGHTS.COM</u>; LUXEMONT
d/b/a <u>JUSTLUXE.COM</u>; LONELY PLANET
GLOBAL, INC. d/b/a <u>LONELYPLANET.COM</u>; LUXE
TRAVEL, LLC. d/b/a <u>LUXETRAVEL.COM</u>;
LUXURY TRAVEL MEDIA d/b/a
<u>LUXURYTRAVELMAGAZINE.COM</u>; METRO
TRAVEL GUIDE d/b/a
<u>METROTRAVELGUIDE.COM</u>; MOBISSIMO INC.
d/b/a <u>MOBISSIMO.COM</u>; NEXTAG, INC. d/b/a
<u>NEXTAG.COM</u>; QANTAS AIRWAYS LIMITED d/b/a
<u>QANTAS.COM.AU</u>; QATAR AIRWAYS d/b/a
<u>ROOMRATE.COM</u>; WK TRAVEL INC. d/b/a
<u>TRAVELSPOT.US</u>. d/b/a <u>ONETRAVEL.COM</u>;
TRAVELOCITY.COM LP d/b/a
<u>TRAVELOCITY.COM</u>; TRIPADVISOR LLC. d/b/a
<u>TRIPADVISOR.COM</u>; TABLET INC. d/b/a
<u>TABLETHOTELS.COM</u> and DOES1-100,

Defendants.

-----------------------------------------------------------------x

C O U N S E L O R S :

PLEASE TAKE NOTICE, that pursuant to Article 31 of the Civil Practice Law and

Rules, defendant by its attorneys, BAXTER SMITH & SHAPIRO, P.C. will cause the

testimony, upon oral examination of all adverse parties herein to be taken before a notary

public who is not an attorney, or employee of an attorney, for any party or prospective party

herein and is not a person who would be disqualified to act as a juror because of interest or

because of consanguinity or affinity to any party herein, at the United States District Court, The

Southern District of New York, **on September 25, 2014 at 10:00 a.m.** with respect to all

relevant facts and circumstances in connection with the issues and claims alleged in the first

amended complaint.

Said persons to be examined are required to produce all books, records, printed

materials, objects and papers in their custody and possession that may be relevant to the issues

herein.

Dated:        White Plains, New York
              July 8, 2014

                                        Yours, etc.,

                                        BAXTER SMITH & SHAPIRO, P.C.

                                        By:_____
                                              Sim R. Shapiro
                                        Attorneys for Defendant
                                        DELTA AIRLINES d/b/a <u>DELTA.COM</u>;
                                        200 Mamaroneck Avenue, Suite 601
                                        White Plains, New York 10601
                                        (914) 684-1055

TO:

LEASON ELLIS, LLP.
Attorneys for Plaintiff
One Barker Avenue, Fifth Floor
White Plains, New York 10601
(914) 821-3075

## AFFIDAVIT OF SERVICE BY E-FILING

STATE OF NEW YORK  )
COUNTY OF WESTCHESTER) ss.:

      ELSA A. COLOTTI, being duly sworn, deposes and says:

      Deponent is not a party to the action, is over 18 years of  age and resides in Westchester, New York.

      On the 8th day of July 2014, deponent served the within **ANSWER TO FIRST AMENDED COMPLAINT WITH NOTICE OF EXAMINATION BEFORE TRIAL** upon the following at their respective addresses:

TO:

LEASON ELLIS,LLP.
Attorneys for Plaintiff
One Barker Avenue, Fifth Floor
White Plains, New York 10601
(914) 821-3075

by E-FILING.

                                     ELSA A. COLOTTI

Sworn to before me this
8th day of July, 2014

NOTARY PUBLIC

**SIM R. SHAPIRO**
**Notary Public, State of New York**
**Reg. No 02SH6008722**
**Qualified in Westchester County**
**My Commission Expires June 15, 2018**

Civil Action No.: 7:13-cv-09239

UNITED STATES DISTRICT COURT
THE SOUTHERN DISTRICT OF NEW YORK

THE WAVE STUDIO, LLC.,

Plaintiff,

-against-

GENERAL HOTEL MANAGEMENT LTD., ET. AL.,

Defendants.

## ANSWER TO FIRST AMENDED COMPLAINT WITH NOTICE OF EXAMINATION BEFORE TRIAL

# BAXTER SMITH & SHAPIRO, P.C.

Attorneys at Law
Attorneys for Defendant
**DELTA AIRLINES d/b/a DELTA.COM**
200 MAMARONECK AVENUE, SUITE 601
WHITE PLAINS, NEW YORK  10601
(914) 684-1055