UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE WAVE STUDIO, LLC,

                         Plaintiffs,

            - against -

GENERAL HOTEL MANAGEMENT, ET AL.,

                        Defendants.

13-CV-9239 (CS)

**ORDER TO SHOW CAUSE**

Seibel, J.

      Plaintiff, represented by Cameron S. Reuber of the law firm Leason Ellis LLP, filed this action against Defendants on December 31, 2013. (Doc. 1.) On March 24, 2104, Plaintiff – represented by different counsel – brought a similar lawsuit in the Northern District of California against Mastercard International, Inc. ("Mastercard"). That case was transferred to this Court on October 20, 2014 and assigned docket number 14-CV-8322. At a November 24, 2014 conference, I asked Mr. Reuber why the matter had been brought in two parts, and he replied that his firm could not sue Mastercard on Plaintiff's behalf because it represented Mastercard in other matters. Mastercard's counsel in No. 14-CV-8322 indicated that it planned to move to consolidate the two cases, and that motion is indeed pending.

      By letter dated February 20, 2015, counsel for Defendant General Hotel Management Ltd. in this case advised the Court that Plaintiff had not been participating in discovery because of Mr. Reuber's firm's conflict of interest; that Mr. Reuber had represented that his firm would be withdrawing and new counsel would be substituted by January 9, 2015; and that no substitution, or progress on discovery, had occurred. (Doc. 97.) By letter dated February 20, 2015, and again at a conference held on March 6, 2015, Mr. Reuber represented that his client

1

was actively seeking new counsel and asked for additional time for his client to retain new counsel.

Plaintiff's prolonged failure to hire new counsel has prevented this matter from moving forward in a fair and timely manner. Plaintiff was aware of the conflict before it filed the case against Mastercard in March 2014. Mr. Reuber was aware of the conflict certainly in November 2104; very likely in October 2014 when the Mastercard case was transferred to this Court; and quite possibly before that. Plaintiff is not unsophisticated, knows how to access excellent legal representation, and should have resolved its representation issues long before this. Accordingly,

Plaintiff is **ORDERED TO SHOW CAUSE** in writing on or before March 27, 2015, why the Court should not relieve Mr. Reuber and his law firm. Any opposing party may respond by March 30, 2015. Plaintiff is advised that if Mr. Reuber is relieved as counsel on or after March 30, 2015, and if Plaintiff fails to substitute counsel by April 15, 2015, Plaintiff's case will be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute, and because a corporation cannot appear *pro se*. *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983). Plaintiff is also advised that if the case is not dismissed, new counsel must appear at a conference on April 24, 2015 at 11:45 am, and that Plaintiff should be prepared to proceed immediately with discovery. Mr. Reuber is instructed to serve this Order on Plaintiff by email and overnight mail no later than March 11, 2015. The Court will advise Mr. Reuber if his firm is relieved from representation of Plaintiff.

**SO ORDERED.**

Dated: March 11, 2015
       White Plains, New York

                                                                       CATHY SEIBEL, U.S.D.J.