```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

THE WAVE STUDIO, LLC,

                Plaintiff,

           v.                              13 Civ. 9239 CS

GENERAL HOTEL MANAGEMENT LTD.,
et al.,

                Defendants.

------------------------------x
                                           White Plains, N.Y.
                                           April 24, 2015
                                           12:00 Noon
Before:

                     HON. CATHY SEIBEL,

                                 District Judge
```

|    |                                                           |
|----|-----------------------------------------------------------|
| 1  |                    APPEARANCES                            |
|    | COBALT, LLP                                               |
| 2  |      Attorney for Plaintiff                               |
|    | VIJAY K. TOKE                                             |
| 3  |                                                           |
|    | GOLDBERG SEGALLA                                          |
| 4  |      Attorney for Defendant Setai                         |
|    | VACHARAESORN VIVACHARAWONGSE                              |
| 5  |                                                           |
|    | WOLFF & SAMSON                                            |
| 6  |      Attorney for Defendant General Hotel                 |
|    | HOWARD J. SCHWARTZ                                        |
| 7  |                                                           |
|    | CLAUSEN MILLER                                            |
| 8  |      Attorney for Defendant VFM                           |
|    | MATTHEW JAMES VAN DUSEN                                   |
| 9  |                                                           |
|    | BAXTER & SMITH                                            |
| 10 |      Attorney for Defendant Delta                         |
|    | SIM R. SHAPIRO                                            |
| 11 |                                                           |
|    | KOZYAK TROPIN & THROCKMORTON                              |
| 12 |      Attorney for Defendant General Hotel                 |
|    | DANIEL FERNANDO BENAVIDES (by phone)                      |
| 13 |                                                           |
| 14 |         -o0o-                                             |
| 15 |         THE COURTROOM DEPUTY:  The Wave Studio v. General |
| 16 | Hotel Management, et al.                                  |
| 17 |         THE COURT:  Good morning Mr. Toke and Mr. Schwartz.|
| 18 |         MR. SCHWARTZ:  Good morning, your Honor.          |
| 19 |         THE COURT:  You've got GHM.  Mr. Van Dusen.       |
| 20 |         MR. VAN DUSEN:  Good morning, your Honor.         |
| 21 |         THE COURT:  You're from VFM.  Mr. Shapiro.        |
| 22 |         MR. SHAPIRO:  Good morning, your Honor.  I represent |
| 23 | Delta.                                                    |
| 24 |         THE COURT:  That leaves somebody I missed.        |
| 25 | Mr. Vivacharawongse.  Was I close?                        |

1                MR. VIVACHARAWONGSE:  Very close, Judge.

2                THE COURT:  And was there somebody who we were
3    supposed to get on the phone.

4                MR. BENAVIDES:  Daniel Benavides for GHM.

5                THE COURT:  So we have been delayed by plaintiff's
6    representation situation which has now been resolved and we
7    need to get back on track.  I had stayed everything as to all
8    the defendants except GHM.  How far had you gotten when we had
9    the problem with Mr. Reuber's conflict?

10               MR. SCHWARTZ:  Nothing.  Nothing has occurred.
11   Nothing at all.  In the last letter that prompted the
12   conference last time which prompted the order to show cause, we
13   were trying to schedule the deposition of Junior Lee and any
14   other witnesses from her company.  No progress, nothing, zero.

15               THE COURT:  And I had entered a scheduling order.  So
16   we need to enter a new one.

17               MR. SCHWARTZ:  The order from March 11th that your
18   Honor entered said plaintiff should be prepared to proceed
19   immediately with discovery.  So we are very interested in
20   taking the deposition of Junior Lee in New York.

21               THE COURT:  Have you gotten paper discovery?

22               MR. SCHWARTZ:  Yes, there is some discovery, enough so
23   I'm ready to take the deposition.  In addition, in the initial
24   disclosures for individuals with knowledge of the facts,
25   plaintiff disclosed Masano Kawana as the photographer and the

1    documents that I've seen demonstrate that he was the gentleman

2    who took the photographs.  He's listed as either a co-owner of

3    the copyright or somebody who is a work-for-hire.  This is

4    according to their own documents.  I don't acknowledge any of

5    that.  The only address we have for him from the initial

6    disclosures is Masano Kawana, Japan.  Exactly, your Honor, that

7    was my instinct as well.

8         I'd like to take his deposition, he's clearly a

9    gentleman knowledgeable of the facts at issue here.  I don't

10   know how to get him.  If he's under the control of the

11   plaintiff and Junior Lee they should bring him here.  I don't

12   think I have the ability, frankly, to take his deposition in

13   Japan.

14        THE COURT:  Mr. Toke, do you have any better idea of

15   where this gentleman is to be found?

16        MR. TOKE:  I believe this gentleman is in fact in

17   Japan and Mr. Schwartz and I have not talked about this

18   particular topic.  So we can certainly discuss THIS with our

19   client.  We don't have control over this gentleman because he

20   is not an employee of Wave.  He is, as I understand it, an

21   independent contractor and therefore he is a third party.  We

22   can certainly work with Mr. Schwartz to see what we can do, if

23   we can produce him.  That's something that we would need to

24   discuss with Wave.

25        THE COURT:  You can certainly produce better contact

1    information than just he's in the country of Japan.

2    MR. TOKE:  True.

3    THE COURT:  So it would be lovely if you could produce

4    him OR at least give the defendants contact information for

5    him.  Who knows, maybe he would be willing to be deposed.

6    Maybe he comes to New York anyway.

7    MR. TOKE:  We'll certainly check with the client, your

8    Honor.  But if I might, since we've just substituted in and

9    there's obviously a lot of documentation in this case *vis a vis*

10   GHM, plaintiff would like to have SOME time, or new counsel, to

11   get up to speed with the documents.  Wave's produced tens of

12   thousands of documents.  GHM produced a number of thousands of

13   pages of documents.  We need to review these in order to

14   meaningfully prepare Wave's 30(b)(6) and Junior Lee for

15   deposition.  We would ask for some time to allow us to do that.

16   We understand the delay.  Of course the delay was no fault of

17   Wave's.  The first time that the conflict became an issue was

18   in December and we have now addressed that.

19   THE COURT:  I can't say I agree that it's not at all

20   Wave's responsibility.  The conflict is not Wave's

21   responsibility; it's counsel's.  But I think counsel first

22   mentioned it in November, mentioned it to me at a conference

23   November 24, 2014, and it took five months for Wave to hire you

24   even though you were already representing them in a bunch of

25   lawsuits, and I think I had to issue an order to show cause to

1  get the client's attention.  That's why when I issued that
2  order to show cause I made the comment you better be prepared
3  to roll right into discovery because it did seem to me that the
4  plaintiff's dithering was holding things up.
5          MR. SCHWARTZ:  To put more into the dithering comment,
6  Mr. Benavides was trying to take the deposition since the
7  spring of last year.  Plus Wave -- and this particular law firm
8  is representing Wave in seven other lawsuits, in our view,
9  improperly filed in California -- in this case alone there are
10 59 defendants just waiting for Wave to do something.  I believe
11 there's a total of 80 defendants in all of the cases plus an
12 unnumbered amount of John Does.  In most of the other cases,
13 the issues are the same, I believe the complaints are just one
14 copy of another, maybe tweaking one or two items.  I believe
15 that literally plaintiff is just dithering.  I think these
16 cases are just filed with the idea to reach settlements and no
17 one on the plaintiff's side has any really intention to proceed
18 with activity in federal court.  So we're interested in
19 proceeding as quickly as possible.
20         THE COURT:  Ms Lee's deposition needs to take place by
21 May 29th.  And if a week goes by and you haven't agreed on a
22 date, you need to come back to me because I'll pick one.  She's
23 going to need to come here.  And all discovery should be
24 complete by August 28th, all fact discovery.  I don't know if
25 you'll have experts.  I don't know what discovery you'll want

1  from the defendants but four months should be enough time.  And
2  they're all domestic I assume.
3          MR. TOKE:  Your Honor, I apologize for interrupting.
4  I know the Court just said May 29th.  I mentioned yesterday I'm
5  actually out of the country during that period of time.
6          THE COURT:  When are you going away?
7          MR. TOKE:  From the 25th of May through June 5th.
8          THE COURT:  Do it by May 23rd.  I want it to happen
9  sooner rather than later.
10         MR. SCHWARTZ:  Your Honor, just so I can make sure I
11 have a fine point on this because I've heard this from my
12 adversary and his predecessor counsel.  The 30(b)(6) issue.  We
13 want someone.  If it's Junior Lee, fine.  If she's going to say
14 I don't know anything about such and such, we would want not
15 just one representative, all the representatives responsive.  I
16 don't think the company has any actual employees at any rate
17 but we would want people who are knowledgeable about the
18 matters are presently under issue or at issue.
19         THE COURT:  By May 23rd Ms Lee's deposition has to be
20 taken as well as any 30(b)(6) witness of the plaintiff.  I'm
21 guessing that will all be Ms Lee but if it's somebody else,
22 fine.  Just make sure you talk to each other and schedule it by
23 a week from now.  Can we have a conference in early September.
24         MR. TOKE:  With regard to the depositions of
25 defendants which we obviously haven't noticed yet, if Ms Lee is

1    going to be produced here in New York, then we would request
2    that the same be true for GHM's witnesses which presumably are
3    also located in Singapore.
4              MR. SCHWARTZ:  We're located in Singapore.  We're not
5    the plaintiff.  The rule generally is they have to go where my
6    people are located.  If someone from GHM is coming to New York
7    I will represent to the Court that I'll notify them.  I do not
8    believe that they come to New York.  I believe there's no
9    contact at all with New York.  The deposition of GHM by rule
10   should be in Singapore where they're located.
11             MR. TOKE:  That's actually, with regard to the
12   connections, your Honor, GHM has a sales office in Manhattan.
13   So in terms of their presence in New York...
14             THE COURT:  There's no personal jurisdiction motion
15   pending.  It's just a matter of the usual protocols as to who
16   travels where.  If you can't agree, let me know.  If we think
17   it's going to be one of those cases, which perhaps it is, I
18   will have a magistrate judge supervise the discovery.  If
19   you're not going to be able to agree on things like where to
20   take depositions, I think we'll have to do that.
21             MR. SCHWARTZ:  So that there's no surprise, one of the
22   witnesses from GHM, who at the time, 2002, 2004, 2005
23   communicated with Junior Lee about some of the underlying
24   photographs, no longer works for us, I believe he's in Taiwan
25   and we have no control over him.  I'm forgetting his name.

1   Maybe his first name is Ralph.

2           MR. BENAVIDES:  Ralph Ohletz.  I believe he's now the
3   CEO of Regent Hotel.

4           MR. SCHWARTZ:  Almost everyone from our side is
5   located in Southeast Asia.  We have no control over him.  I
6   want to make sure that my adversary is aware that a witness who
7   Junior Lee certainly knows about, and was active in the
8   underlying transactions -- that's a whole other story.

9           THE COURT:  I'm realizing one thing.  August 28th may
10  be optimistic.  But I'm going to refer you to a magistrate
11  judge for general pretrial supervision.  He or she can extend
12  that date if it turns out that what I've said is too
13  optimistic.  Let's set the status conference for September.

14          THE COURTROOM DEPUTY:  Thursday, September 17,
15  eleven a.m.

16          THE COURT:  If discovery is not complete, I'll
17  postpone.  But if it is and either side thinks a motion is
18  appropriate, let me have the premotion letter by September 3rd
19  and the opposition by September 10th and we'll talk about it on
20  the 17th.

21          MR. SHAPIRO:  The stay as to the remaining defendants,
22  does that stay in effect?

23          THE COURT:  Yep.  I'm sure whoever the magistrate
24  is -- it's Judge Davison.  I think I already tried to see if he
25  could settle and that turned out to be a bust.

F4oiwavc ag                    CONFERENCE

1           MR. TOKE:  On that topic, we would certainly be
2    willing to try another settlement conference with Judge
3    Davison.
4           THE COURT:  I'm sure he will ask you that question
5    when he meets with you.  I'll check the box for general
6    pretrial supervision and settlement.  I don't know what the
7    barrier was last time, which side it was coming from, but
8    naturally if it can be settled that's good for everybody.
9           Anything else?  All right.  We're back on track.
10   Thank you all.
11           (Proceedings adjourned)
12
13
14
15
16
17
18
19
20
21
22
23
24
25