```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

THE WAVE STUDIO LLC,

              Plaintiff,

         -against-                      13 Civ. 9239 (CS)

GENERAL HOTEL MANAGEMENT, LTD.,
et al.,

              Defendants.

------------------------------------x

                                    United States Courthouse
                                    White Plains, New York

                                    March 6, 2015

B e f o r e:
              HON. CATHY SEIBEL,
                                  District Court Judge

A P P E A R A N C E S:

CAMERON S. REUBER
         Attorney for Plaintiff

DANIEL F. BENAVIDES (by phone)
HOWARD J. SCHWARTZ
         Attorney for General Hotel Management Ltd.

MATTHEW J. VAN DUSEN
         Attorney for VFM Leonardo

SIM R. SHAPIRO
         Attorney for Delta Airlines

VACHARAESORN VIVACHARAWONGSE
         Attorney for Setai Owners


ANGELA A. O'DONNELL, RPR
Official Court Reporter
```

                Angela O'Donnell, RPR, 914-390-4025

|     |                                                         |
| --- | ------------------------------------------------------- |
| 1   | P R O C E E D I N G S                                   |
| 2   | THE CLERK:  Cathy Seibel presiding Wave Studio          |
| 3   | against General Hotel Management.                       |
| 4   | THE COURT:  Let me get Mr. Benavides on the phone       |
| 5   | and we'll start.  You guys can have a seat.             |
| 6   | Hi, Mr. Benavides.                                      |
| 7   | MR. BENAVIDES:  Yes.                                    |
| 8   | THE COURT:  Hi, it's Judge Seibel.  I'm here with       |
| 9   | Mr. Reuber for the plaintiff, and let's see, for General|
| 10  | Hotel, you're here for General Hotel Management, as is  |
| 11  | Mr. Schwartz.  Then we have Mr. Van Dusen here --       |
| 12  | MR. VAN DUSEN:  Correct, your Honor.                    |
| 13  | THE COURT:  -- for VFM.                                 |
| 14  | MR. VAN DUSEN:  And 25 other defendants.                |
| 15  | THE COURT:  And 25 other defendants.  All right.        |
| 16  | And I'm going to try this, Mr. Vivacharawongse.         |
| 17  | MR. VIVACHARAWONGSE:  Yes, Judge, very close.           |
| 18  | THE COURT:  That's actually exactly how it's            |
| 19  | spelled.                                                |
| 20  | MR. VIVACHARAWONGSE:  Right.                            |
| 21  | THE COURT:  You're here for the Setai entities.         |
| 22  | MR. VIVACHARAWONGSE:  Setai Owners, LLC.                |
| 23  | THE COURT:  I'm here mostly to talk to you,             |
| 24  | Mr. Reuber.  You know, the issue of the plaintiff needing|
| 25  | new counsel is not a new one.  You candidly brought to my|

Angela O'Donnell, RPR, 914-390-4025

1  attention at our November 24, 2014, conference that your
2  firm had a problem because you apparently represented
3  MasterCard in other matters, and from what I can tell from
4  Mr. Schwartz' letter, everything has come to a halt because
5  of that and yet in the intervening months no new counsel has
6  come in.  So, I'm running out of patience.  What's the
7  story?
8              MR. REUBER:  Your Honor, I wish I had more
9  information.  I'm just told by my client she is diligently
10 seeking alternative counsel and she's interviewed several
11 firms.  I can tell you that we've discussed this matter with
12 at least two separate firms that are interested or were
13 showing interest in possibly being retained.  We have
14 been -- tried to make our ourselves available to the client
15 and to whatever firm she'd like to have us speak to to take
16 over representation.  There's nothing more we can do and I
17 realize that it's a very complex matter from what I've been
18 told and from what I've experienced firsthand and I think
19 that might be a large part of why it's taking so long for
20 firms to do due diligence and determine that they can be
21 retained in this matter.
22             THE COURT:  Well, I'm going to help nudge her
23 along by dismissing the case if she doesn't get counsel
24 soon.  I just want to, in deciding how soon soon is going to
25 be, I just want to look at the docket sheet again.  We were

1   here in November, just looking to see what schedule we had
2   in place, if any.  Let's see, at that November conference I
3   extended discovery to March 2.  Trying to see what it was
4   originally set for.  The docket is so long in this case that
5   I don't have the whole thing in front of me, but maybe it
6   should be in my file.  So let's hold on.  I want to make
7   sure I have the history.  All right.  At our July 2
8   conference I set a cut-off of December 31.  At our November
9   conference I extended it to March 2, and based on
10  Mr. Schwartz' letter, it sounds like the defendants have
11  been trying, since current counsel has been in they have
12  been trying since the beginning of the year to take
13  depositions without success and previous counsel tried to do
14  it over the summer without success.  I don't know why
15  nothing happened over the summer but the excuse more
16  recently has been the need to get new counsel.  So this is
17  not a situation, sometimes I have situations where it's a
18  single, unsophisticated plaintiff bringing maybe an
19  employment discrimination case or a 1983 case against the
20  cops and there just isn't a lawyer --
21          THE CLERK:  Judge, excuse me one moment.
22          MR. SHAPIRO:  Your Honor, I beg your pardon, I'm
23  an attorney on this case.
24          THE COURT:  Who do you represent?
25          MR. SHAPIRO:  I represent delta.

                    Angela O'Donnell, RPR, 914-390-4025

1             THE COURT:  What is your name?

2             MR. SHAPIRO:  Sim Shapiro.  I do apologize for my
3    tardiness.

4             THE COURT:  If you were trying to take
5    Metro-North, you're not the only one.  Maybe that's not your
6    excuse.

7             MR. SHAPIRO:  It is not, your Honor.

8             THE COURT:  Anyway, all you've missed is that I'm
9    telling Mr. Reuber that I'm going to set a date by which I'm
10   going to dismiss the case unless his client gets counsel
11   because she's had since November and she is not, as I was
12   starting to say, an unsophisticated, individual plaintiff
13   with some sort of risky claim on which she's looking for a
14   lawyer to take her case on contingency.

15            First of all, I keep referring to her as "she"
16   because Mr. Reuber did, but the plaintiff is a corporation
17   and behind the corporation is a sophisticated person.
18   There's no reason why she shouldn't have gotten counsel now.

19            So it's been November, December, January,
20   February, March.  We're talking it's been four months and
21   nothing's happened.  And I understand before somebody takes
22   it on they're going to want to talk to Mr. Reuber's firm and
23   all that, but I'm going to set a drop-dead date of April 15.
24   If no new counsel appear by April 15, I'll have to dismiss.
25   I mean, technically I haven't relieved Mr. Reuber's firm

1    yet.  I assume it's because they prefer to just have a
2    stipulation of substitution, but if no new counsel has
3    appeared by April 15, I'll relieve plaintiff's counsel and
4    dismiss for failure to prosecute.
5             What you need to do, Mr. Reuber, is two things.
6    Well, I guess I need to give the plaintiff an opportunity to
7    tell me why I shouldn't relieve you.  So what I'll do is
8    issue an order to show cause that Mr. Reuber is to serve on
9    the client giving plaintiff the opportunity to tell me why I
10   shouldn't relieve Mr. Reuber's firm.  And I'll have her do
11   that by let's say by March 27.  And we'll stick in there
12   that, if I relieve Mr. Reuber and there's no substitution by
13   April 15, the case will be dismissed because, as we all
14   know, a corporation can't appear *pro se*.
15            Can we have a conference date soon after April 15
16   on the assumption that new counsel will be in by then?
17            THE CLERK:  Friday, April 24, 11:45.
18            THE COURT:  That work for everybody?  That will be
19   to reset the discovery schedule.  Obviously, if I've
20   dismissed the case before that, there will be no need.
21            So the message, Mr. Reuber, is time to fish or cut
22   bait.  And I recognize this is not plaintiff's fault and
23   there's maybe something your firm needs to do with its
24   conflict-checking procedures, but it is what it is, and,
25   honestly, I'm just trying to figure this out, the case that

                    Angela O'Donnell, RPR, 914-390-4025

1   plaintiff brought against MasterCard was brought in October
2   with other plaintiff's counsel so it seems like she knew
3   even then that there was a problem with your firm doing
4   that.  So I really don't get what's going on.  I also don't
5   get why the counsel that's representing her in the case
6   against MasterCard, which for the record is 14CV8322, isn't
7   a likely suspect to come in in your place.  But that's not
8   my business.  Anyway, this is going to give her almost six
9   weeks and she's really had many months.  So, as I said, time
10  to fish or cut bait.
11          Is there anything else we should do today?
12          MR. SCHWARTZ:  Yes, I just wanted inform your
13  Honor, prior to your Honor setting April 4 as the
14  conference, I was going to suggest that incoming counsel be
15  aware that discovery cut-off will be whatever your Honor
16  would be willing to set it as today, because I think your
17  Honor should know that, in addition to the MasterCard case,
18  Wave has filed a case against Amex, a case against United,
19  separate, separate cases, not one case, not one case with
20  each of these as a defendant.  There's one case against
21  Amex, one case against United, one case against AOL, one
22  case against Visa and just filed this week another case
23  against Virgin America, all in California, all I believe
24  represented by the Cobalt law firm that your Honor just
25  mentioned as or questioned as to why they couldn't make an

1	appearance here and be admitted *pro hac*.

2	What seems to me to be happening for whatever
3	reason plaintiff has decided, is they're filing just a
4	number of cases in California against anybody they think
5	has, in my opinion, a deep pocket, and there's going to have
6	to be a day of reckoning with all of this at some point.  I
7	say that in order to try to emphasize that the issue of new
8	counsel is really a matter of some urgency, and while I
9	accept and agree, obviously, with the April 15 drop-dead
10	date, I think there should be some further warnings or
11	advice to plaintiff about being ready to proceed
12	immediately.  One of the issues, for example, that
13	Mr. Reuber couldn't deal with because of his position was we
14	want to take her deposition and she should be here in
15	New York for the deposition which raises another series of
16	questions which I've already raised with him, it's not
17	before your Honor at the moment but certain to come is
18	whether or not this case should even be venued here to begin
19	with and whether or not jurisdiction is proper over at least
20	General Home Management.  I'm just advising that that, I
21	believe, is coming on the horizon.

22	THE COURT:  Well, you know what, maybe she'll
23	decide she'd rather do this all in California, which is her
24	home turf.  My feelings wouldn't be hurt.

25	MR. SCHWARTZ:  One of them has already been

1  transferred here because we were first and that's the
2  MasterCard case.  This is clearly a mess and the mess is
3  getting bigger only as a result of plaintiff.
4          THE COURT:  Well, I'll certainly be looking on
5  April 24 for whoever represents the plaintiff to explain why
6  they're bringing such similar claims against so many parties
7  in so many different lawsuits in different courts.
8          MR. VAN DUSEN:  Your Honor, may I?
9          THE COURT:  You know, Mr. Reuber, you should
10 absolutely make sure your client understands she needs to be
11 ready to proceed with discovery immediately once new counsel
12 comes in.
13         MR. VAN DUSEN:  Your Honor, may I speak a moment?
14         THE COURT:  Yes.
15         MR. VAN DUSEN:  We represent, as we said before,
16 26 defendants.  One of those defendants is United Airlines.
17 Okay.  On February 23 of this year, which is about a week
18 and a half ago, the plaintiff filed a new case against my
19 client and John Does 1 through 100 in the Northern District
20 of California bearing Docket 3:15-CV-00818 by the Cobalt
21 firm, the same firm that's in the MasterCard case that's
22 been transferred to this court by an order of the Honorable
23 Richard Seeborg, United States District Court Judge.  So my
24 client has now been sued and these images in question are
25 nearly a copy and paste of the same registration numbers

```
 1   that are in play in this matter.  So she's suing us for the
 2   exact same thing --
 3            THE COURT:  Did you call up counsel in California
 4   and point out that he or she might have overlooked something
 5   important?
 6            MR. VAN DUSEN:  Our client hasn't been served.  We
 7   have not spoken to them yet.
 8            THE COURT:  Well, if I were you, I'd pick up the
 9   phone and call that person and say:  Yo, you'd better drop
10   us from the California case, you're already suing us in
11   New York and see what happens.  You know, if they don't and
12   there's no explanation or excuse for suing you twice for the
13   same claims in two different courts, especially after one's
14   been transferred from California to here, they could have a
15   Rule 11 problem.
16            It seems to me like the best way to make it go
17   away might be to flag this for him.  Obviously we have a
18   little problem here with the left hand not knowing what the
19   right hand is doing and what you've just told me again
20   points out a reason why it might make sense to have the same
21   plaintiff's counsel in all these cases, but as I said,
22   whatever, maybe they don't like to come to New York.
23   Although they're already here because the MasterCard case
24   got transferred.
25            MR. VAN DUSEN:  Your Honor, the plaintiff is a
```

1  New York LLC registered in White Plains, New York.  So
2  that's where she is.
3              THE COURT:  Look, I can't imagine why she has
4  different lawyers filing overlapping lawsuits in different
5  courts.  But Mr. Reuber has -- he can't really answer that
6  for me, so we need to wait and see.  If everything you're
7  saying is accurate, then, A, maybe a phone call will do it,
8  and if not, I would imagine a judge in California would be
9  glad to dismiss.
10             MR. VAN DUSEN:  Your Honor, it seems like an end
11 run around your stay order in this matter to sue my client
12 in a different court.
13             THE COURT:  You're right, that's what it sounds
14 like.  The first thing I would do if I were you is call up
15 the other side and tell them:  Do you know you've already
16 sued me in New York and there's a stay?  You need to
17 dismiss.  And if they don't, then you'll have to make a
18 motion, either in the California case or here.  But we can't
19 really do anything until plaintiff has a lawyer in this
20 case.  Of course, if I dismiss this case, then the stay goes
21 away, too.
22             MR. VAN DUSEN:  That would be dismissal with
23 prejudice if it's dismissed?
24             THE COURT:  I guess we'll have to cross that
25 bridge when we come to it.  Failure to prosecute cases

1    usually are without prejudice but maybe if there's a reason
2    why you convince me it should be with, I would consider
3    that.
4            Look, my sense is that this is a plaintiff who
5    wants to see her case through, so now she knows she needs to
6    stop shopping and start buying.
7            Okay, anything else?
8            MR. VAN DUSEN:  No, your Honor.
9            THE COURT:  All right, thank you all.
10           MR. BENAVIDES:  Thank you.
11           THE COURT:  I'm going to hang up on you,
12   Mr. Benavides.  Good-bye.
13           (Proceeding concluded at 11:19 a.m.)
14                   C E R T I F I C A T E
15   Certified to be a true and correct transcript of the
16   stenographic record to the best of my ability.
17           _____
18        Angela A. O'Donnell, RPR, Official Court Reporter
19   United States District Court, Southern District of New York
20
21
22
23
24
25

                 Angela O'Donnell, RPR, 914-390-4025