

**Clausen Miller**PC

*Attorneys at Law*

CLAUSEN MILLER P.C.
CHICAGO, IL
FLORHAM PARK, NJ
IRVINE, CA
NEW YORK, NY

CLAUSEN MILLER LLP
LONDON, ENGLAND

**CMI** CLAUSEN MILLER INTERNATIONAL

Clausen Miller LLP, LONDON
Clausen Miller P.C.
Giraldi Avocats, PARIS
Studio Legale Corapi, ROME
van Cutsem-Wittamer-Marnef & Partners, BRUSSELS
Wilhelm Partnerschaft von Rechtsanwälten mbB, DÜSSELDORF

28 Liberty Street, 39th Floor • New York, NY 10005 • www.clausen.com
Tel: 212.805.3900 • Fax: 212.805.3939

Carl M. Perri, Esq.
E-mail:       cperri@clausen.com

August 18, 2015

**VIA ECF:**
Hon. Cathy Seibel
Charles L. Brieant United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

Re:  *The Wave Studio, LLC v. Virgin America Inc. et al* 7:15-cv-05960-CS; *The Wave Studio, LLC v General Hotel Management Ltd., et al.* Case No. 7:13-CV-9239-CS

Dear Judge Seibel:

I write on behalf of defendants Virgin America, Inc.; Virgin Atlantic Airways Limited; Virgin Vacations, Inc. (collectively the "Virgin Action Defendants") in accordance with Your Honor's Individual Rules of Practice. Having agreed to stay proceedings against all but one defendant in No. 7:13-cv-9239 ("GHM Action"), Plaintiff The Wave Studio, LLC ("Wave Studio") seeks to move forward in No. 7:15-cv-05962-CS ("Virgin Action"), a lawsuit in which it asserts the same claims over many of the same photographs against another defendant that obtained some or all the photos from the same source, General Hotel Management ("GHM") and/or GHM-managed hotels. The Virgin Action Defendants seek leave to move to stay proceedings in the Virgin Action.

**A. Factual background**

Wave Studio first filed suit on December 31, 2013, against 84 defendants, alleging copyright infringement in more than 80 photographs ("GHM Action"). On April 23, 2014, Wave Studio filed an amended complaint. Both complaints alleged the photos had been "exclusively commissioned by GHM." No. 7:13-cv-9239, Dkt. 1 ¶ 96, Dkt. 7 ¶ 4. Both alleged Junior Lee, Wave Studio's member and photographer, "did not disclose the Hotel photographs to anyone other than GHM." No. 7:13-cv-9239, Dkt. 1 ¶ 99, Dkt. 7 ¶ 76. Thus, Wave Studio alleged it provided the photographs to GHM, and GHM, in turn, supplied them to the other defendants.

On June 18, 2014, GHM sought to stay the proceedings against all other defendants until the Court decided its rights to use the photos, arguing "a finding that GHM had the right to use and distribute the photographs to the other Defendants to market GHM-managed hotels would be case dispositive as to GHM and the vast majority of the Defendants." Letter from GHM, Dkt. 50, at 2. Wave Studio agreed: "Plaintiff is amenable to staying all proceedings as to all other Defendants beside GHM while the Plaintiff and GHM litigate the issue of whether GHM owns 'use and distribution' rights to Plaintiff's copyrighted works." Dkt. 60. Thus, on July 3, 2014, the

384763.1

**Clausen Miller**

Hon. Cathy Seibel
Case No. 7:15-cv-05960-CS
August 18, 2015
Page 2

court stayed the matter "as to all Defendants with the exception of [GHM]." Dkt. 67. *See also* Apr. 24, 2015 Docket Entry (stating stay remains in effect).

Wave Studio then filed eight new cases in the federal district court for the Northern District of California, alleging infringement of many of the same photos. *See The Wave Studio, LLC v. Mastercard Int'l, Inc.*, No. 3:14-cv-01342-RS (N.D. Cal. Mar. 24, 2014); *The Wave Studio, LLC v. Visa, Inc.*, No. 3:15-cv-00239-JST (N.D. Cal. Jan. 16, 2015); *The Wave Studio, LLC v. American Express Co.*, No. 3:15-cv-00354-WHA (N.D. Cal. Jan. 26, 2015); *The Wave Studio, LLC v. United Airlines, Inc.*, No. 4:15-cv-00818-YGR (N.D. Cal. Feb. 23, 2015); *The Wave Studio, LLC v. AOL Inc.*, No. 3:15-cv-00814-SI (N.D. Cal. Feb. 23, 2015); *The Wave Studio, LLC v. Virgin Am., Inc.*, No. 3:15-cv-00952-MMC (N.D. Cal. Mar. 2, 2015); *The Wave Studio, LLC v. British Airways PLC*, No. 5:15-cv-01341-LHK (N.D. Cal. Mar. 23, 2015); *The Wave Studio, LLC v. Amadeus N.A., Inc.*, No. 3:15-cv-01364-RS (N.D. Cal. Mar. 24, 2015). Wave Studio initially opposed efforts to transfer these cases to this Court, until the California federal court granted a motion to transfer. Six transfers are complete, including this action *See Mastercard Int'l, Inc.* case; *Virgin Am., Inc.* case; *American Express Co.* case; *Visa, Inc.* case; *United Airlines* case; and *AOL Inc.* case.

The complaint in this case alleges the Virgin Action Defendants are responsible for infringing photos on three separate websites: virginamerica.com, virginatlantictravelplus.com and virginvacations.com. The Wave claims that 29 separate registered copyrights were infringed by the Virgin Action Defendants. (Dkt 1, ¶ 17), including some 20 copyright registrations already at issue in the GHM Action. Wave Studio should and could have brought these claims against Virgin Action Defendants in the GHM Action.

After service of the complaint, the Virgin Action Defendants asked Wave Studio to agree to (1) transfer the case to this Court; (2) consolidate the Virgin and GHM Actions; and (3) stay the matter, consistent with the existing GHM stay. Following the filing of a motion challenging jurisdiction and venue, the Wave agreed to stipulate to the transfer of the Virgin Action to the Southern District of New York, but declined to stipulate to consolidate or stay the case, unless the Virgin Action Defendants could provide proof they obtained the images from GHM. With respect to the Virgin Action Defendants, some (if not all) of the images were ultimately supplied by GHM or GHM-managed hotels.

**B. A Stay is Appropriate**

The Virgin Action Defendants seek leave to move for a stay for two primary reasons. First, a stay will promote judicial economy. Wave Studio has admitted it supplied the photos ***only*** to GHM. *See* GHM Amended Complaint Dkt. 7 ¶74. It ***agreed*** to stay the action pending a decision whether "GHM owns 'use and distribution' rights to Plaintiff's copyrighted works." Dkt. 60. And this Court has stayed the GHM Action against all other defendants in the GHM Action to resolve "the issue of the rights between the plaintiff and GHM." Transcript of July 2, 2014 Conference at 15. The same reasons that compelled a stay then compel a stay now. No other

Case 7:13-cv-02239-CS Document 150 Filed 08/18/15 Page 3 of 3
Case 7:15-cv-05960-CS Document 36 Filed 08/18/15 Page 3 of 3

Clausen Miller

Hon. Cathy Seibel
Case No. 7:15-cv-05960-CS
August 18, 2015
Page 3

defendant should have to wage a lengthy, costly battle against Wave Studio when the Court may ultimately find GHM had the rights to supply the images to its co-defendants. *See Marshel v. AFW Fabric Corp.*, 552 F.2d 471, 472 (2d Cir. 1977) (ordering stay where "[t]he question of liability for damages will, in all likelihood, turn upon" another decision); *Flo & Eddie, Inc. v. Sirius XM Radio Inc.*, 2015 U.S. Dist. LEXIS 17374, *10 (S.D.N.Y. Feb. 10, 2015) (granting stay pending interlocutory appeal; "[J]udicial economy strongly favors staying the proceedings pending resolution of the legal question at the core of this action.").

In opposing a motion to stay filed by American Express Company (7:15-CV-03420-CS) Wave Studio argues that because GHM claims it has an implied license to distribute its photographs, even if it prevails, the "subsequent distribution of [the photographs] by recipients of photographs from GHM… cannot be subject to an implied license to GHM." July 17, 2015 Letter from Wave Studio, Dkt. 47. In fact, GHM argues it had an implied license from Wave Studio that included use of the photos by third parties. It also claims to *own* the copyright in the images under Singapore copyright law. *See, e.g.,* July 28, 2015 Letter from GHM, Dkt. 135 (characterizing "threshold issue" as whether GHM had an "implied license" or whether "it and/or its managed hotels are the rightful owners of the photographs…"). A decision in GHM's favor on either issue will dispose of this lawsuit. Second, refusing to stay the action will allow Wave Studio to violate the well-established rule that "plaintiffs may not file duplicative complaints … to expand their legal rights." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 140 (2d Cir. 2000). Wave Studio has already agreed to a stay, and "[n]ew counsel cannot be permitted to disaffirm a stipulation entered into by his predecessor." *In re Benedict*, 90 F.3d 50, 55 (2d Cir. 1996); *see also Davidowitz v. Patridge*, 2010 WL 1779279, *4 (S.D.N.Y. 2010) (refusing to excuse oversight by prior counsel because "litigants are generally bound by the professional conduct of the attorneys they choose to represent them"). Wave Studio cannot circumvent the stay to which it agreed by filing a new complaint against the Virgin Action Defendants.

For these reasons, the Virgin Action Defendants respectfully ask for leave to file a motion to stay the Virgin Action until and unless this Court lifts the stay in the GHM Action.

Respectfully submitted,

Carl M. Perri

CMP:mm

Pre-motion conference to be held on 9/9/15 at 11:30 am. Plaintiff is to state its position, by letter of no more than three pages, one week in advance.

cc: All parties via ECF

SO ORDERED.

Cathy Seibel
CATHY SEIBEL, U.S.D.J.     8/18/15

384763.1