

HOWARD J. SCHWARTZ
One Boland Drive
West Orange, NJ 07052
973.530.2031
Fax: 973.530.2231
hschwartz@csglaw.com

csglaw.com

November 19, 2015

*Via E-filing and Email: chambersnysdseibel@nysd.uscourts.gov*
The Honorable Cathy Seibel
United States District Court
   for the Southern District of New York
The Hon. Charles L. Brieant Jr. Federal Building
   and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

      Re:    The Wave Studio, LLC v. General Hotel Management Ltd. et al.
             <u>Case No. 7:13-cv-09239-CS-PED</u>

Dear Judge Seibel:

      This firm represents Defendant General Hotel Management Ltd. ("GHM"). Pursuant to Your Honor's August 28, 2015 Order and in accordance with Your Honor's *Individual Rules of Practice,* we respectfully submit this letter prior to the conference before Your Honor scheduled for December 3, 2015 regarding GHM's anticipated motion for summary judgment and related relief against Plaintiff. Fact discovery as to the threshold issue in this matter closes on November 20, 2015.

      GHM intends to file a motion for summary judgment and related relief seeking dismissal of all of Plaintiff's claims in this proceeding against all defendants. Summary judgment should be granted in this proceeding because the undisputed material facts demonstrate that Plaintiff does not have standing to assert copyright infringement claims against GHM or any other defendant relating to photographs that Plaintiff's affiliates allegedly took of hotel properties – primarily in Southeast Asia – managed by GHM. Specifically, neither Plaintiff nor any of Plaintiff's affiliates own the copyright in any of the photographs. Even if Plaintiff was the rightful owner of the copyrights in the photographs, Plaintiff's claims nonetheless fail, as the undisputed facts show that an implied license exists for GHM and the hotels to use and distribute the allegedly infringed photographs to any third parties.

      In order to assert a claim for copyright infringement and prove a violation of the Copyright Act, the Plaintiff must establish (1) that it owns a valid copyright; and (2) that the defendants have engaged in the unauthorized copying or distribution of that protected work. *See Arista Records LLC v. Lime Group LLC*, 784 F.Supp.2d 398, 423 (S.D.N.Y. 2011). In this case, Plaintiff does not and cannot meet either of those requirements. Furthermore, there is no reasonable legal or factual basis for Plaintiff's assertion of jurisdiction over GHM.

The Honorable Cathy Seibel
November 19, 2015
Page 2

<u>Plaintiff does not own valid copyrights in the allegedly infringed photographs.</u>

"Copyright is a form of property, and the usual rule is that the interests of the parties in property are determined by the law of the state with the 'most significant relationship' to the property and the parties." *Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 153 F.3d 82, 90 (2nd Cir. 1998). In this case, foreign law – not U.S. law – applies in determining issues of ownership of rights in the allegedly infringing photographs.[1] Here, Singapore is undoubtedly the state with the most significant relationship to the allegedly infringed photographs.

Section 30(5) of the Singapore Copyright Act states that "where a person makes, for valuable consideration, an agreement with another person for the taking of a photograph… and the work is made in pursuance of the agreement, the first-mentioned person shall be entitled to any copyright subsisting in the work…." In the facts of this case, affiliates of Plaintiff, all of which were Singapore entities, <u>were commissioned by hotel properties managed by GHM</u>, with GHM's involvement and approval, to take photographs of the properties to create marketing collateral for those properties and to use in marketing those properties. Plaintiff's affiliates were paid substantially for such photographs over the course of nearly 10 years.

Thus, Plaintiff's affiliates entered into agreements – pursuant to the laws of Singapore, Indonesia, Vietnam, Oman and other countries – in accordance with which they were provided valuable consideration to take photographs for the hotels managed by GHM, and either GHM or those properties are entitled to the copyrights in each and every one of those works. Inexplicably, Plaintiff has not sued any of the hotels at issue (aside from Setai Owners, LLC), which are necessary parties. Plaintiff will presumably argue that boilerplate small-print language in its affiliates' production estimates reserving rights in "all designs / soft copies / material / photographs / projects undertaken" is sufficient to displace the strong general rule in Singapore that the party that commissioned the work owns the copyright. First, over half of the estimates produced in this proceeding are unsigned. Second, even if they were signed by a representative of GHM or one of the properties managed by GHM, the language is not sufficiently specific under Singapore law to shift the ownership of the copyrights to Plaintiff's affiliates. Plaintiff's affiliates could not have reserved rights in something that they never owned in the first instance. Accordingly, under Singapore Law, Plaintiff's affiliates never owned the copyrights in the photographs at issue here. Any assignment of such rights to Plaintiff was thus invalid, and Plaintiff has no standing to bring infringement claims against GHM or any other defendants.

Even if United States law were to apply to determine the issue of ownership, the Plaintiff still cannot prove that it is the rightful owner of all of the allegedly infringed photographs, as there are fatal errors in the chains of title to a number of both the underlying photographs and several of the copyright registrations which are the subject of this dispute. That is, certain of the affiliates transferred copyrights in the photographs prior to the dissolution of each respective

---

[1] GHM has previously (and repeatedly) advised counsel for Plaintiff, both verbally and in writing, of its intention to raise issues of foreign law. Nevertheless, GHM hereby formally gives notice to the Court, to Plaintiff (again) and to its co-defendants of its intention to raise issues of Singapore law in this proceeding in accordance with FED. R. CIV. P. 44.1.

The Honorable Cathy Seibel
November 19, 2015
Page 3

entity, which then improperly filed applications for U.S. Copyright Registrations directed to those photographs. In fact, Plaintiff's principal has admitted to backdating sworn documents, both prior to the institution of this litigation and after being questioned at her deposition about the chain of title issues, in attempts to qualify Plaintiff's standing to bring this lawsuit. There are serious questions about Plaintiff's registrations and recordation of documents at the Copyright Office, and referral to the Register of Copyrights under 17 U.S.C. §411(b)(2) may be required.

<u>GHM had a right to use and distribute the allegedly infringed photographs in any way it saw fit.</u>

Finally, summary judgment should be granted dismissing Plaintiff's complaint because, even assuming *arguendo* that Plaintiff was the rightful owner of all of the copyright registrations and/or photographs alleged to be infringed in this case, GHM and the properties that it managed had the right, under an implied license from Plaintiff's affiliates, to use and distribute the allegedly infringed photographs to market the properties. As an initial matter, this is not an issue arising under the Copyright Act, but rather a contractual dispute concerning the distribution and use of the photographs – the scope of the license. In essence, Plaintiff says it granted the rights for GHM and the hotels to use the photographs in hard copy marketing collateral (like brochures), but not on the internet. Once again, foreign law would govern these agreements. Significantly, there is no diversity jurisdiction to resolve these questions because Plaintiff is a New York limited liability company and 16 of the other defendants Plaintiff has sued in this proceeding – by Plaintiff's own assertions – are located in New York. Plaintiff cannot establish that any of the defendants engaged in the unauthorized copying of its allegedly protected works. The evidence shows that Plaintiff's affiliates created the photographs at the request of GHM and the properties managed by GHM with the intention that the photographs be exploited to market the properties. In fact, if a license was not implied to permit GHM and its managed properties' use of the works, the works would be rendered worthless. Plaintiff's affiliates never objected – even while suing GHM in Singapore – to the use of the photographs online or in print to market the properties or to the distribution of those photographs to third parties.

Based on the foregoing, which is not meant to constitute a full statement of all of GHM's arguments or all relevant facts, GHM intends to file a motion for summary judgment and related relief seeking dismissal of Plaintiff's complaint in its entirety. In accordance with Your Honor's August 28, 2015 Order, we assume that the schedule for filing this motion will be set at the conference scheduled for December 3, 2015. Due to the number of complicated issues to be addressed in the brief, we respectfully request an enlargement of the page limitation for the brief from 25 pages to 40 pages so that GHM may fully present its arguments. Notwithstanding any increased page limit Your Honor may agree to, GHM will certainly endeavor to keep its brief as succinct as possible. We thank Your Honor for your attention to this matter.

Respectfully submitted,

/s/ *Howard J. Schwartz*
Howard J. Schwartz

HJS:ajr
cc:   All counsel of record via ECF

5613898.3