TM

PROMO ©

vijay k. toke
vijay@cobaltlaw.com
510.841.9800

**VIA ECF**

November 30, 2015

Judge Cathy Seibel
United States District Court Judge
The Hon. Charles L. Brieant Jr. Federal Building
And United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

RE:   *The Wave Studio, LLC v. General Hotel Management Ltd., et al.*
      Case No. 7:13-cv-09239 (CS)

Dear Judge Seibel:

This firm represents Plaintiff The Wave Studio LLC in this matter. We write in response to GHM's letter of November 19, 2015 to the court indicating that GHM wishes to file a motion for summary judgment in this matter.

Plaintiff also intends to move for summary judgment on the issue of copyright ownership. Plaintiff disagrees with GHM's positions on: (1) the application of Singapore law as to ownership, (2) even assuming Singapore law did apply, its effect on copyright ownership, (3) the possibility of third party ownership of the copyrights to the photographs at issue, and (4) the existence of an implied license to distribute the photographs at issue as they did. In fact, because Plaintiff has valid and subsisting copyright registrations, the presumption of validity applies and Plaintiff is necessarily the owner of the copyrights at issue.

GHM's claim that Singapore law applies to the issue of copyright ownership in this case is unsupported. The case cited by GHM, *Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 153 F.3d 82 (2d Cir. 1998) is inapplicable as the application of foreign law applied only to unregistered works, not registered works such as Plaintiff's. Where the works at issue are registered, the statutory presumption of ownership and validity under 17 U.S.C. Section 410(c) applies. *See, Seoul Broadcasting System Intern., Inc. v. Young Min Ro*, 784 F.Supp.2d 611, 614-15 (E.D.Va. 2011) (distinguishing *Itar-Tass* because it did not involve registered works and noting that Section 410(c) should apply to the registered works at issue). In fact, in *Seoul Broadcasting*, the Eastern District of Virginia went on to note that even in the *Itar-Tass* case, the Second Circuit properly did not disturb the district court's recognition of the applicability of the statutory presumption of ownership for those plaintiffs who did in fact have registered copyrights in the foreign works at issue. Because Wave has copyright registrations for all the works at issue, the statutory presumption of ownership and validity applies, even under the precedent cited



Lawyers in Advertising, Promotions & Intellectual Property     918 Parker Street, Bldg A21     P.510.841.9800
cobaltlaw.com                                                   Berkeley, CA 94710              F.510.295.2401

by GHM. That Singapore was the country of first publication does not affect this outcome, and is even less relevant since the vast majority of the defendants in this case are located in the United States.

Moreover, Plaintiff contends that even if Singapore law does apply, it vests ownership of the copyrights in Plaintiff. In Singapore, as in the US, the presumption is that the creator of a work is the owner of the copyright in it. Plaintiff disputes that the section of the Singapore Copyright Act cited by GHM applies to the photographs at issue here because Wave merely provided photography services to create photographs that would later be used in marketing collateral for GHM-managed hotels. Thus, the services provided are not the commissioning of photographs within the meaning of the Singapore Copyright Act. However, even assuming it does and the copyright would otherwise be owned by the GHM-managed hotels (as GHM contends), Singapore law allows parties to contract around that provision. The course of conduct between the parties and the contractual documents involved indisputably establish that that Wave retained the copyrights to the photographs at issue. Indeed, GHM itself indicated to Wave that GHM understood Wave to be the owner of the copyrights to the photographs at issue. Finally, even assuming that all of the foregoing is ignored and Wave is not the owner of the copyrights under Singapore law, the cited section of the Singapore Copyright Act provides Wave as the creator of the works with the right to stop others, including GHM and the hotels, from using the photographs in any manner beyond the scope of the commissioned purpose. It is beyond dispute that the complained-of use by GHM and the hotels is outside such scope and thus actionable by Plaintiff.

For the Court's practical considerations, Plaintiff intends to offer expert testimony to support its position on copyright ownership under Singapore law. Therefore, Plaintiff wishes to discuss with the court and opposing counsel at the December 3, 2015 hearing the timing and manner for submission of such expert testimony.

Plaintiff additionally asserts that the undisputed facts establish that there was no implied license to GHM or the hotels at all, let alone to distribute the photographs down multiple sublicensing levels as it appears that they did. The parties understood that Wave was the exclusive supplier of marketing collateral for the hotels managed by GHM and the photographs were to be selected for each piece of marketing collateral for Wave to produce. At no time did Wave authorize the use of the individual photographs in any manner, let alone for marketing on the Internet after the relationship between Wave and GHM had ended.

Finally, Plaintiff disagrees with GHM's assertion that there are fatal errors in Plaintiff's chain of title. Plaintiff has prepared documentation to record its chain of title properly. Each of the Wave entities was owned and controlled by Ms. Lee Kar Yin, and all of the appropriate assignments are in place to secure title in the copyrights at issue with Plaintiff. Wave maintains that even if any defects in the chain of title exist, they can

Judge Cathy Seibel
November 30, 2015
Page 3

easily be remedied since each of the companies at issue was owned and operated by Ms. Lee. Therefore, any defect in the chain of title is necessarily reparable.

The foregoing is not a full recitation of the facts or law that support Plaintiff's position as to its own motion for summary judgment or GHM's. Like GHM, Plaintiff also requests an enlargement of the page limitation should it file a motion for summary judgment from 25 to 40 pages. Plaintiff is also amenable to setting deadlines for briefing on the parties' intended motions for summary judgment at the December 3, 2015 hearing.

Respectfully submitted,

COBALT LLP

Vijay K. Toke

Counsel for Plaintiff The Wave Studio, LLC