UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE WAVE STUDIO, LLC,

        Plaintiff,

        v.

GENERAL HOTEL MANAGEMENT,
LTD.
*et al.,*

        Defendants.

Case No.:  13-cv-09239 (CS) (PED)

**DECLARATION OF ABIGAIL J.
REMORE IN SUPPORT OF GENERAL
HOTEL MANAGEMENT, LTD'S MOTION
FOR SUMMARY JUDGMENT**

ABIGAIL J. REMORE, of full age, hereby declares as follows:

    1.    I am an attorney at law, licensed to practice in the State of New York and this Court, and an associate with the law firm of Chiesa Shahinian & Giantomasi PC, attorneys for defendant General Hotel Management, Ltd. ("GHM").  I submit this Declaration in support of GHM's Motion for Summary Judgment.

    2.    Unless otherwise qualified, I have personal knowledge of the facts set forth in this Declaration.

    3.    Filed concurrently with this Declaration are the Declarations of Monica Chloe Chng and Dr. Stanley Lai, SC.

    4.    Attached hereto as Exhibit A is a true and correct copy of Plaintiff's First Amended Complaint filed with the Court on April 23, 2014.

    5.    Attached hereto as Exhibit B is a true and correct copy of Plaintiff The Wave Studio, LLC's Supplemental Responses and Objections to the First Set of Requests for Admission of Defendant General Hotel Management, Ltd.

6.     Attached hereto as Exhibit C is a true and correct copy of relevant pages of the court reporter's transcript of the Deposition of Lee Kar Yin, Plaintiff's principal, that took place May 21, 2015, along with the complete index to said transcript.

7.     Attached hereto as Exhibit D is a true and correct copy of relevant pages of the court reporter's transcript of the Continued Deposition of Lee Kar Yin, Plaintiff's principal, that took place on September 9, 2015, along with the complete index to said transcript.

8.     Attached hereto as Exhibit E is a true and correct copy of relevant pages of the court reporter's transcript of the deposition of Ralf Ohletz Graf von Plettenberg that took place on September 23, 2015.

9.     Attached hereto as Exhibit F is a true and correct copy of a document produced by Plaintiff to GHM, Bates Numbered TWS0355581, which is a production estimate for a corporate brochure for The Chedi Muscat hotel.

10.    Plaintiff produced approximately 25 production estimates (this number does not include earlier drafts for production estimates of the same job) that contain references to "photography."    Of those 25 production estimates, 14 do not have signatures from either a representative of a hotel or GHM.

11.    Plaintiff produced a number of production estimates and invoices for goods and services relating to photography.  Based upon a review of those documents, it appears that the hotels paid the Plaintiff at least $250,000.00 for goods and services relating to photography.

12.    Attached hereto as Exhibit G is a true and correct copy of a document produced by Plaintiff to GHM, Bates Numbered TWS0199763, which is email

2

correspondence dated September 27, 2007 between Lee Kar Yin ("Ms. Lee") and Alvin Fong.

13.     Attached hereto as Exhibit H is a true and correct copy of a document produced by GHM to Plaintiff, Bates Numbered GHM 00142, which is email correspondence dated May 16, 2006 from See Soo Eng to Ms. Lee.

14.     Attached hereto as Exhibit I is a true and correct copy of a document produced by GHM to Plaintiff, Bates Numbered GHM 00144, which is email correspondence dated May 16, 2006 and May 17, 2006 between See Soo Eng and Ms. Lee.

15.     Attached hereto as Exhibit J is a true and correct copy of a document produced by GHM to Plaintiff, Bates Numbered GHM 00145, which is email correspondence dated November 18, 2006 from See Soo Eng to Eleanor Hardy that was copied on Ms. Lee.

16.     Attached hereto as Exhibit K is a true and correct copy of a document produced by GHM to Plaintiff, Bates Numbered GHM 00081, which is email correspondence dated May 2, 2007 from See Soo Eng to Ms. Lee.

17.     Attached hereto as Exhibit L is a true and correct copy of a document produced by GHM to Plaintiff, Bates Numbered GHM 00802-GHM 00803 which is email correspondence dated October 5, 2006 and October 6, 2006 between Astrid Djuansjah and Ms. Lee.

18.     Attached hereto as Exhibit M is a true and correct copy of a document produced by Plaintiff to GHM, Bates Numbered TWS0199393-TWS0199396 which is an agreement between Wave-S and The Wave Design Pte. Ltd.

3

19.    Attached hereto as Exhibit N is a true and correct copy of a document produced by Plaintiff to GHM, Bates Numbered TWS0199380-TWS0199383, which is an agreement between The Wave Pte. Ltd. and The Wave Studio Pte. Ltd.

20.    Attached hereto as Exhibit O is a true and correct copy of a document produced by Plaintiff to GHM, Bates Numbered TWS0199400-TWS0199402, which is an agreement between Wave-S and Plaintiff.

21.    Attached hereto as Exhibit P is a true and correct copy of a document produced by Plaintiff to GHM, Bates Numbered TWS0199389-TWS0199391, which is an agreement between The Wave Pte. Ltd. and Plaintiff.

22.    Attached hereto as Exhibit Q is a true and correct copy of a document produced by Plaintiff to GHM, Bates Numbered TWS0355824-TWS0355826, which is titled "Declaration of Dissolution of Wave-S and Transfer of Copyrights to Lee Kar Yin, Declaration of Dissolution of The Wave Pte. Ltd. and Transfer of Copyrights to Lee Kar Yin, Declaration of Change of Name of The Wave Design Pte. Ltd. to The Wave Studio Pte. Ltd., and the Transfer of All Copyrights and Nunc Pro Tunc Assignment of Copyrights to The Wave Studio, LLC."

23.    Attached hereto as Exhibit R is a true and correct copy of a document produced by Plaintiff to GHM, Bates Numbered TWS0355771-TWS0355778, which is titled "Declaration of Lee Kar Yin and Nunc Pro Tunc Copyright Assignments to The Wave Studio, LLC." Exhibit R was first provided to this office via email on September 8, 2015 at 2:58 p.m. EST.

24.    Attached hereto as Exhibit S is a true and correct copy of Exhibit 1 to Plaintiff's original Complaint, filed with the Court on December 31, 2013, and

incorporated by reference in Plaintiff's First Amended Complaint at paragraph 77, which are copies of Plaintiffs copyright registration certificates.

25.    Attached hereto as Exhibit T is true and correct copy of the Declaration of Junior Lee in Support of Plaintiff's Opposition to Motion for Transfer or, Alternatively, to Stay, filed in the Northern District of California in The Wave Studio, LLC v. MasterCard International, Inc., et. al., Case No. 3:14-cv-01342, on September 18, 2014.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 12, 2016

ABIGAIL J. REMORE

5

# Exhibit A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

THE WAVE STUDIO, LLC,

            *Plaintiff,*

    v.

GENERAL HOTEL MANAGEMENT LTD.;
VFM LEONARDO, INC; PEGASUS SOLUTIONS,
INC.; ABOUT, INC. d/b/a ABOUT.COM; ALLIANCE
RESERVATIONS NETWORK d/b/a
RESERVETRAVEL.COM; BUDGETWORKS, INC.
d/b/a SETAICONDORENTALS.COM; DELTA
AIRLINES d/b/a DELTA.COM; ESSLINGER
WOOTEN MAXWELL, INC. d/b/a
NELSONGONZALEZ.COM; JETBLUE AIRWAYS
CORPORATION d/b/a JETBLUE.COM; FROMMER
MEDIA d/b/a FROMMERS.COM; LEXYL TRAVEL
TECHNOLOGIES d/b/a HOTELPLANNER.COM;
IBT MEDIA INC. d/b/a IBTIMES.COM;
MYSOBE.COM d/b/a MYSOBE.COM; KAYAK
SOFTWARE CORPORATION d/b/a KAYAK.COM;
NETADVANTAGE.COM d/b/a
IHSADVANTAGE.COM; ORBITZ WORLDWIDE
LLC d/b/a ORBITZ.COM; QUESTEX MEDIA LLC
d/b/a FIVESTARALLIANCE.COM; CEDORA, INC.
d/b/a REALADVENTURES.COM; SETAI OWNERS
LLC d/b/a SETAI.COM d/b/a SETAI-REALTY.COM;
SPA FINDER, INC. d/b/a SPAFINDER.COM; THE
LEADING HOTELS OF THE WORLD d/b/a
LHW.COM; THIS EXIT LLC d/b/a
ROADSIDEAMERICA.COM; ROOM77 d/b/a
ROOM77.COM; EXPEDIA, INC d/b/a
EXPEDIA.COM; HOTELS.COM GP LLC d/b/a
HOTELS.COM d/b/a TRAVELNOW.COM;
RESERVATION COUNTER d/b/a
RESERVATIONCOUNTER.COM; AMERICAN
AIRLINES, INC. d/b/a AAVACATIONS.COM;
UNITED AIRLINES INC. d/b/a
HOTELS.UNITED.COM; HOTELSBYME.COM d/b/a
HOTELSBYME.COM; SIGNATURE TRAVEL
NETWORK d/b/a SIGNATURETRAVELNETWORK
.COM; FROSH INTERNATIONAL TRAVEL, INC.

Civil Action No. 7:13-cv-09239

ECF Case

**JURY TRIAL DEMANDED**

d/b/a FROSCHVACATIONS.COM; VACATIONS BY
TZELL d/b/a VACATIONSBYTZELL.COM;
ANDREW HARPER d/b/a ANDREWHARPER.COM;
BOOKIT.COM INC d/b/a BOOKIT.COM; ESCALA
VACATIONS d/b/a ESCALAVACATIONS.COM;
FAREBUZZ d/b/a FAREBUZZ.COM; FAREPORTAL
INC d/b/a CHEAPOAIR.COM; RANDOM HOUSE
d/b/a FODORS.COM; GETAROOM.COM d/b/a
GETAROOM.COM; GOGOBOT, INC. d/b/a
GOGOBOT.COM; HIPMUNK, INC. d/b/a
HIPMUNK.COM; HOTELGUIDES.COM, INC. d/b/a
HOTELGUIDES.COM; MARKET ES INC. d/b/a
HOTELS-AND-DISCOUNTS.COM;
HOTELSTRAVEL.COM d/b/a
HOTELSTRAVEL.COM; ESTEBAN OLIVEREZ d/b/a
INSANELYCHEAPFLIGHTS.COM; LUXEMONT
d/b/a JUSTLUXE.COM; LONELY PLANET GLOBAL,
INC. d/b/a LONELYPLANET.COM; LUXE TRAVEL,
LLC d/b/a LUXETRAVEL.COM; LUXURY TRAVEL
MEDIA d/b/a LUXURYTRAVELMAGAZINE.COM;
METRO TRAVEL GUIDE d/b/a
METROTRAVELGUIDE.COM; MOBISSIMO INC.
d/b/a MOBISSIMO.COM; NEXTAG, INC. d/b/a
NEXTAG.COM; QANTAS AIRWAYS LIMITED d/b/a
QANTAS.COM.AU; QATAR AIRWAYS d/b/a
QATARAIRWAYS.COM; JOE MAZZARELLA d/b/a
ROOMRATE.COM; WK TRAVEL INC. d/b/a
TRAVELSPOT.US d/b/a ONETRAVEL.COM;
TRAVELOCITY.COM LP d/b/a
TRAVELOCITY.COM; TRIPADVISOR LLC d/b/a
TRIPADVISOR.COM; TABLET INC d/b/a
TABLETHOTELS.COM; and DOES 1-100.

*Defendants.*

---

## FIRST AMENDED COMPLAINT

The Wave Studio, LLC ("Plaintiff"), by their attorneys, Leason Ellis LLP, for their first

amended complaint against the following Defendants (collectively "Defendants") alleges as

follows:

2

## NATURE OF THIS ACTION

1.     Plaintiff is the copyright owner of photographic works created by one of its members, Junior Lee. Ms. Lee is a Malaysian photographer who uses her pictures to create distinctive marketing and promotional materials for prominent hotels and renowned travel organizations worldwide.

2.     This is an action for copyright infringement arising out of Defendants' unauthorized reproduction, display, distribution, publication and utilization of hundreds of Plaintiff's photographs in connection with Defendants' promotion and sale of hotel and travel bookings on various websites accessed across the United States.

3.     Ms. Lee is commissioned either by hotel management and promotional agencies, or by hotel and travel locations directly, to photograph elite hotel properties and destination locales and to create marketing and promotional materials featuring her photographs. However, per the express terms of her contracts with such agencies, Plaintiff retains sole and exclusive ownership of all right, title and interest in the underlying photos, as well as the sole and exclusive right to license, distribute and use the photographs for any and all other purposes, unless a contract specifically states otherwise.

4.     As set forth in more detail below, Defendants have committed blatant acts of copyright infringement by improperly using Plaintiff's photographs - without authorization - for their own financial gain, including but not limited to, using Plaintiff's photographs in their own articles, photo galleries, and promotional materials, all of which are generating traffic to – not to mention revenue for – Defendants and their businesses. By virtue of this action, Plaintiff should

3

be awarded the appropriate injunctive relief and monetary damages to remedy and redress Defendants' rampant, willful and continued misuse of Plaintiff's copyrighted photographs.

## JURISDICTION AND VENUE

5.     This complaint alleges causes of action under the Copyright Laws of the United States, Title 17 of the United States Code.

6.     This Court has subject matter jurisdiction over this claim pursuant to 28 U.S.C. §§§ 1331, 1338 and 2201 as Plaintiff's claims against Defendants arise under Title 17 of the United State Code.

7.     This Court has personal jurisdiction over the Defendants, as all are domiciled in, or have done business in this district.

8.     Pursuant to 29 U.S.C. § 1391, venue properly lies in this Court because Plaintiff's principal place of business is in this judicial district and a substantial part of the events giving rise to the claims occurred in this judicial district.

## THE PARTIES

9.     Plaintiff, The Wave Studio, LLC, is a limited liability company organized under the laws of the State of New York, with its principal place of business at One Barker Avenue, #542, White Plains, New York 10601.  Plaintiff is a business entity operated by photographer Junior Lee, a Malaysian citizen currently domiciled in Singapore.  Ms. Lee creates marketing materials for businesses worldwide using her original works, but retains ownership of all rights, title, and interest to all artistic works used therein.   The Wave Studio, LLC was formed to hold, manage, and control the U.S. intellectual property rights to said works, including, but not limited to, several U.S. copyright registrations.

4

{04892/806459-000/01156433.1}

10.    Upon information and belief, Defendant General Hotel Management Ltd. ("GHM") is a Singapore corporation with its principal place of business at No. 1 Orchard Spring Lane, #4-02 Tourism Court, Singapore 247729.    GHM specializes in conceptualizing, developing and operating luxury hotels and resorts in Southeast Asia.    Upon information and belief, the hotels managed or promoted by GHM include but are not limited to The Setai Miami - USA, The Heritage House Mendocino - USA, The Chedi Milan - Italy, The Leela Goa - India, The Chedi Muscat - Oman, The Nam Hai Hoi An - Vietnam, The Chedi Chiang Mai - Thailand, The Chedi Phuket - Thailand, The Datai Langkawi - Malaysia, The Andaman Langkawi - Malaysia, The Saujana Kuala Lumpur - Malaysia, The Club at The Saujana Kuala Lumpur - Malaysia, Carcosa Seri Negara Kuala Lumpur - Malaysia, The Legian Seminyak - Bali, The Club at The Legian Seminyak - Bali, The Chedi Club Ubud - Bali, The Serai Club Jimbaran - Bali, The Lalu Sun Moon Lake - Taiwan, Langsuan Apartment Bangkok - Thailand, Seah St. Apartment - Singapore, GHM Boutique Products - Singapore, The Fullerton Hotel - Singapore, Raffles Hotel - Singapore, La Pari-Pari Hotel Langkawi - Malaysia, and Four Seasons Great Exuma - Bahamas ("Hotels").    GHM targets New York residents to book accommodation and other hospitality services at the Hotels when they travel to those vacation destinations.

11.    Upon information and belief, Defendant VFM Leonardo Inc. ("VFM") is a Canadian corporation with its principal place of business at 111 Peter Street, Suite 530, Toronto, Canada M5V2H1.    VFM specializes in selling advertising packages to travel and hotel websites for promoting and selling bookings from across the United States.    Plaintiff is informed and believes and based thereon alleges that: (1)  VFM has derived and continues to derive substantial profits from the advertising packages that it promotes and sells to its customer websites in the United States, including in New York and this jurisdiction; and (2) that VFM targets residents of

{04892/606459-000/01156433.1}

New York and travelers to New York by using its advertisements on third-party websites to induce these prospective travelers to book hotel and travel packages through the websites operated by its customers.

12.     Upon information and belief, Defendant Pegasus Solutions, Inc. ("Pegasus") is a U.S. corporation with a place of business at 1250 Broadway 12th Floor New York, NY 10001. Pegasus, among other things, provides promotion and advertising services to travel and hotel websites for use in promoting and selling hotel bookings in the United States. Plaintiff is informed and believes and based thereon alleges that: (1) Pegasus has derived and continues to derive substantial profits from the services that it provides, promotes, and sells to its customer websites in the United States, including in New York and this jurisdiction; and (2) that Pegasus targets residents of New York and travelers to New York by supplying third-party websites with advertising content, including photographs of hotels, to induce these prospective travelers to book hotel and travel packages through the websites operated by its customers.

13.     Upon information and belief, Defendant About, Inc. d/b/a ABOUT.COM, located at 1500 Broadway, 6ᵗʰ Floor, New York, NY 10036, registers and uses the domain name _www.about.com_. Upon information and belief, Defendant About, Inc. regularly transacts or solicits business in the State of New York through, _inter alia_, a website resolving to _www.about.com_.

14.     Upon information and belief, Alliance Reservations Network d/b/a RESERVETRAVEL.COM, located at 428 E. Thunderbird Rd. #427, Phoenix, AZ 85022, registers and uses the domain name domain name _www.reservetravel.com_. Upon information and

6

belief, Defendant Alliance Reservations Network regularly transacts or solicits business in the State of New York through, *inter alia*, a website resolving to *www.reservetravel.com*.

15. Upon information and belief, Defendant BudgetWorks Inc. d/b/a SETAICONDORENTALS.COM located at 101 20th St., Condo 3103, Miami Beach, FL 33139, registers and uses the domain name *www.setaicondorentals.com*. Upon information and belief, Defendant BudgetWorks Inc. regularly transacts or solicits business in the State of New York through, *inter alia*, a website resolving to *www.setaicondorentals.com*

16. Upon information and belief, Defendant Delta Air Lines Inc. d/b/a DELTA.COM, located at 1030 Delta Boulevard, Atlanta, GA 30354, registers and uses the domain name *www.delta.com*. Upon information and belief, Defendant Delta Air Lines Inc. regularly transacts or solicits business in the State of New York through, *inter alia*, a website resolving to *www.delta.com*.

17. Upon information and belief, Defendant Esslinger Wooten Maxwell, Inc. d/b/a NELSONGONZALEZ.COM, located at 419 Arthur Godfrey Road, Miami Beach, FL 33140, registers and uses the domain name *www.nelsongonzalez.com*. Upon information and belief, Defendant Esslinger Wooten Maxwell, Inc. regularly transacts or solicits business in the State of New York through, *inter alia*, a website resolving to *www.nelsongonzalez.com*.

18. Upon information and belief, Defendant Jet Blue Airways Corporation d/b/a JETBLUE.COM, located at 27-01 Queens Plaza North, Long Island City, NY 11101, registers and uses the domain name *www.jetblue.com*. Upon information and belief, Defendant JetBlue Airways Corporation regularly transacts or solicits business in the State of New York through, *inter alia*, a website resolving to *www.jetblue.com*.

7

19.    Upon information and belief, Defendant Frommer's Media LLC d/b/a FROMMERS.COM, located at 767 Third Avenue, New York, NY 10017, registers and uses the domain name *www.frommers.com*. Upon information and belief, Defendant John Wiley & Sons, Inc. regularly transacts or solicits business in the State of New York through, *inter alia*, a website resolving to *www.frommers.com*.

20.    Upon information and belief, Defendant Lexyl Travel Technologies d/b/a/ HOTELPLANNER.COM, located at 777 S Flagler Dr Suite 800, West Tower, West Palm Beach, Florida 33401, registers and uses the domain name *www.hotelplanner.com*. Upon information and belief, Defendant Lexyl Travel Technologies regularly transacts or solicits business in the State of New York through, *inter alia*, a website resolving to *www.hotelplanner.com*.

21.    Upon information and belief, Defendant IBT Media Inc. d/b/a IBTIMES.COM, located at 7 Hanover Square, 5th Floor, New York, NY 10004, registers and uses the domain name www.ibtimes.com. Upon information and belief, Defendant IBT Media Inc regularly transacts or solicits business in the State of New York through, inter alia, a website resolving to www.ibtimes.com.

22.    Upon information and belief, Defendant Kayak Software Corporation d/b/a KAYAK.COM, located at 55 North Water Street, Suite 1, Norwalk, CT 06854, registers and uses the domain name *www.kayak.com*. Upon information and belief, Defendant Kayak Software Corporation regularly transacts or solicits business in the State of New York through, *inter alia*, a website resolving to *www.kayak.com*.

23.    Upon information and belief, Defendant MySoBe.com d/b/a MYSOBE.COM, located at 918 Ocean Drive, Miami Beach, FL 33139, registers and uses the domain name to

8

{04892/606459-000/01156433.1}

*www.mysobe.com*.  Upon information and belief, Defendant MySoBe.com regularly transacts or solicits business in the State of New York through, *inter alia*, a website resolving to *www.mysobe.com*.

24.  Upon information and belief, Defendant NetAdvantage.com d/b/a IHSADVANTAGE.COM, located at 2139 E. Primrose Springfield, MO 65804, registers and uses the domain name *www.ihsadvantage.com*. Upon information and belief, Defendant NetAdvantage.com regularly transacts or solicits business in the State of New York through, *inter alia*, a website resolving to *www.ihsadvantage.com*.

25.  Upon information and belief, Defendant Orbitz Worldwide, LLC d/b/a ORBITZ.COM, located at 500 W. Madison St. 1000, Chicago, IL 60661, registers and uses the domain names *www.orbitz.com*.  Upon information and belief, Defendant Orbitz Worldwide LLC regularly transacts or solicits business in the State of New York through, *inter alia*, websites resolving to *www.orbitz.com*.

26.  Upon information and belief, Defendant Questex Media Group LLC d/b/a FIVESTARALLIANCE.COM, located at 1900 L Street NW, Suite 401, Washington, DC 20036, registers and uses the domain name *www.fivestarallaince.com*.  Upon information and belief, Defendant Questex Media LLC regularly transacts or solicits business in the State of New York through, *inter alia*, a website resolving to *www.fivestaralliance.com*.

27.  Upon information and belief, Defendant Cedora, Inc. d/b/a REALADVENTURES.COM, registers and uses the domain name *www.realadventures.com*, through proxy registration service that conceals its true domicile information.  After a diligent search, Plaintiff is informed and believes that Defendant Cedora, Inc. resides at 349 Newbury St. Suite 304, Boston, MA 02115.  Upon information and belief, Defendant Cedora, Inc. regularly

9

transacts or solicits business in the State of New York through, *inter alia*, a website resolving to *www.realadventures.com*.

28.    Upon information and belief, Defendant Setai Owners LLC d/b/a SETAI.COM d/b/a SETAI-REALTY.COM, located at 2001 Collins Avenue, Miami Beach, FL 33139, registers and uses the domain names *www.setai.com* and *www.setai-realty.com*.    Upon information and belief, Defendant Setai Owners LLC regularly transacts or solicits business in the State of New York through, *inter alia*, websites resolving to *www.setai.com* and *www.setai-realty.com*

29.    Upon    information    and    belief,    Defendant    Spa    Finder    Inc.    d/b/a SPAFINDER.COM, located at 257 Park Ave. South, 10th Floor, New York, NY 10010, registers and uses the domain name *www.spafinder.com*.    Upon information and belief, Defendant Spa Finder Inc. regularly transacts or solicits business in the State of New York through, *inter alia*, a website resolving to *www.spafinder.com*.

30.    Upon information and belief, Defendant The Leading Hotels of the World d/b/a LHW.COM, located at 485 Lexington Ave., Suite 401, New York, NY 10017, registers and uses the domain name *www.lhw.com*.    Upon information and belief, Defendant The Leading Hotels of the World regularly transacts or solicits business in the State of New York through, *inter alia*, a website resolving to *www.lhw.com*.

31.    Upon    information    and    belief,    Defendant    This    Exit    LLC    d/b/a ROADSIDEAMERICA.COM, located at 23 Tenaya Lane, Novato, CA 94948, registers and uses the domain name *www.roadsideamerica.com*.    Upon information and belief, Defendant This Exit LLC regularly transacts or solicits business in the State of New York through, *inter alia*, a website resolving to *www.roadsideamerica.com*.

10

32.    Upon information and belief, Defendant Room77 d/b/a ROOM77.COM, located
at 888 Villa St., Suite 300, Mountain View, CA 94041, registers and uses the domain name
*www.room77.com*.    Upon information and belief, Defendant Room77 regularly transacts or
solicits business in the State of New York through, *inter alia*, a website resolving to
*www.room77.com*.

33.    Upon information and belief, Defendant Expedia, Inc. d/b/a EXPEDIA.COM,
located at 333 108th Ave NE, Bellevue, WA 98004, registers and uses the domain name
*www.expedia.com*.    Upon information and belief, Defendant Expedia, Inc. regularly transacts or
solicits business in the State of New York through, *inter alia*, a website resolving to
*www.expedia.com*.

34.    Upon information and belief, Defendant Hotels.com GP LLC d/b/a
HOTELS.COM d/b/a TRAVELNOW.COM, located at 5400 LBJ Freeway, Suite 500, Dallas,
TX 75240, registers and uses the domain names *www.hotels.com* and *www.travelnow.com*.
Upon information and belief, Defendant Hotels.com GP LLC regularly transacts or solicits
business in the State of New York through, *inter alia*, websites resolving to *www.hotels.com* and
*www.travelnow.com*.

35.    Upon    information    and    belief,    Defendant    Reservation    Counter    d/b/a
RESERVATIONCOUNTER.COM, located at 8831 South Redwood Road, Suite D, West
Jordan, Utah 84088, the domain name *www.reservationcounter.com*.    Upon information and
belief, Defendant Reservation Counter transacts or solicits business in the State of New York
through, *inter alia*, a website resolving to *www.reservationcounter.com*.

36.    Upon information and belief, Defendant American Airlines, Inc. d/b/a
AAVACATIONS.COM, located at P.O. Box 619616, DFW Airport, Texas 75261, registers and

uses the domain name *www.aavacations.com*. Upon information and belief, Defendant American Airlines, Inc. regularly transacts or solicits business in the State of New York through, *inter alia*, a website resolving to *www.aavacations.com*.

37.     Upon information and belief, Defendant United Airlines Inc. d/b/a HOTELS.UNITED.COM, located at PO Box 66100, Chicago, IL 60666, registers and uses the domain name *hotels.united.com*. Upon information and belief, Defendant United Airlines, Inc. regularly transacts or solicits business in the State of New York through, *inter alia*, a website resolving to *hotels.united.com*.

38.     Upon information and belief, Defendant hotelsbyme.com d/b/a HOTELSBYME.COM, located at 16055 Space Center Blvd., Suite 235, Houston, TX 77062, registers and uses the domain name *www.hotelsbyme.com*. Upon information and belief, Defendant hotelsbyme.com regularly transacts or solicits business in the State of New York through, *inter alia*, a website resolving to *www.hotelsbyme.com*.

39.     Upon information and belief, Defendant Signature Travel Network d/b/a SIGNATURETRAVELNETWORK.COM, located at 4640 Admiralty Way, Suite 306, Marina del Rey, CA 90292, registers and uses the domain name *www.signaturetravelnetwork.com*. Upon information and belief, Defendant Signature Travel Network regularly transacts or solicits business in the State of New York through, *inter alia*, a website resolving to *www.signaturetravelnetwork.com*

40.     Upon information and belief, Defendant Frosch International Travel, Inc. d/b/a FROSCHVACATIONS.COM, located at 1 Greenway Plaza, Suite 800, Houston, TX 77046, registers and uses the domain name *www.froschvacations.com*. Upon information and belief,

12

{04892/606459-000/01156433.1}

Defendant Frosch International Travel, Inc. regularly transacts or solicits business in the State of New York through, *inter alia*, a website resolving to *www.froschvacations.com*.

41. Upon information and belief, Defendant Vacations By Tzell d/b/a WWW.VACATIONSBYTZELL.COM, located at 119 W. 40th Street, New York, NY 10018, registers and uses the domain name *www.vacationsbytzell.com*. Upon information and belief, Defendant Vacations by Tzell regularly transacts or solicits business in the State of New York through, *inter alia*, a website resolving to *www.vacationsbytzell.com*.

42. Upon information and belief, Defendant Andrew Harper d/b/a ANDREWHARPER.COM, located at 601 Oakmont Lane, Suite 450, Westmont, IL 60559, registers and uses the domain name *www.andrewharper.com*. Upon information and belief, Defendant Andrew Harper regularly transacts or solicits business in the State of New York through, *inter alia*, a website resolving to *www.andrewharper.com*.

43. Upon information and belief, Defendant BookIt.Com Inc. d/b/a BOOKIT.COM, located at 14251 Panama City Beach Pkwy, Panama City Beach, FL 32413, registers and uses the domain name *www.bookit.com*. Upon information and belief, Defendant BookIt.Com Inc. regularly transacts or solicits business in the State of New York through, *inter alia*, a website resolving to *www.bookit.com*.

44. Upon information and belief, Defendant Escala Vacations d/b/a ESCALAVACATIONS.COM, located at 2332 Galiano Ave. Suite 119, Coral Gables, FL 33134, registers and uses the domain name *www.escalavacations.com*. Upon information and belief, Defendant Escala Vacations regularly transacts or solicits business in the State of New York through, *inter alia*, a website resolving to *www.escalavacations.com*.

13

{04892/606459-000/01156433.1}

45.     Upon information and belief, Defendant Farebuzz d/b/a FAREBUZZ.COM, located at 135 West 50th Street, Suite 504, New York, NY 10020, registers and uses the domain name *www.farebuzz.com.* Upon information and belief, Defendant Farebuzz regularly transacts or solicits business in the State of New York through, *inter alia*, a website resolving to *www.farebuzz.com.*

46.     Upon information and belief, Defendant Fareportal Inc. CHEAPOAIR.COM, located at 213 W 35th Street, Suite 1301, New York, NY 10001, registers and uses the domain name *www.cheapoair.com.* Upon information and belief, Defendant Fareportal Inc. regularly transacts or solicits business in the State of New York through, *inter alia*, a website resolving to *www.cheapoair.com.*

47.     Upon information and belief, Defendant Random House d/b/a FODORS.COM, located 1745 Broadway New York, NY 10019, registers and uses the domain name *www.fodors.com.* Upon information and belief, Defendant Random House regularly transacts or solicits business in the State of New York through, *inter alia*, a website resolving to *www.fodors.com.*

48.     Upon information and belief, Defendant GETAROOM.COM d/b/a GETAROOM.COM, located 3010 LBJ Freeway, Suite 1550, Dallas TX 75234, registers and uses the domain name *www.getaroom.com.* Upon information and belief, Defendant GETAROOM.COM regularly transacts or solicits business in the State of New York through, *inter alia*, a website resolving to *www.getaroom.com.*

49.     Upon information and belief, Defendant Gogobot, Inc. d/b/a GOGOBOT.COM, located 650 Live Oak Ave. Menlo Park, CA 94025, registers and uses the domain name *www.gogobot.com.* Upon information and belief, Defendant Gogobot, Inc. regularly transacts or

14

solicits business in the State of New York through, *inter alia*, a website resolving to *www.gogobot.com.*

50.    Upon information and belief, Defendant Hipmunk, Inc. d/b/a HIPMUNK.COM, located at 434 Brannan St., 1st Floor, San Francisco, CA 94107, registers and uses the domain name *www.hipmunk.com.* Upon information and belief, Defendant Hipmunk, Inc. regularly transacts or solicits business in the State of New York through, *inter alia*, a website resolving to *www.hipmunk.com.*

51.    Upon information and belief, Defendant HotelGuides.com, Inc. d/b/a HOTELGUIDES.COM, located at PO Box 13318, Charleston, SC 29422, registers and uses the domain name *www.hotelguides.com.* Upon information and belief, Defendant HotelGuides.com, Inc. regularly transacts or solicits business in the State of New York through, *inter alia*, a website resolving to *www.hotelguides.com.*

52.    Upon information and belief, Defendant Market Es Inc. d/b/a HOTELS-AND-DISCOUNTS.COM, located at 2295 S. Hiawassee Rd. Ste. 208 Orlando, FL 32835, registers and uses the domain name *www.hotels-and-discounts.com.* Upon information and belief, Defendant Market Es Inc. regularly transacts or solicits business in the State of New York through, *inter alia*, a website resolving to *www.hotels-and-discounts.com.*

53.    Upon information and belief, Defendant HotelsTravel.com d/b/a HOTELSTRAVEL.COM, located at 99 West Hawthorne Ave. Suite 420, Valley Stream, NY, US 11580, registers and uses the domain name *www.HotelsTravel.com.* Upon information and belief, Defendant HotelsTravel.com regularly transacts or solicits business in the State of New York through, *inter alia*, a website resolving to *www.HotelsTravel.com.*

15

54. Upon information and belief, Defendant Esteban Oliverez d/b/a INSANELYCHEAPFLIGHTS.COM, located at 1050 East Flamingo Road, Suite S-302 Las Vegas, NV 89119, registers and uses the domain name *www.insanelycheapflights.com.* Upon information and belief, Defendant Esteban Oliverez regularly transacts or solicits business in the State of New York through, *inter alia*, a website resolving to *www.insanelycheapflights.com.*

55. Upon information and belief, Defendant Luxemont, LLC d/b/a JUSTLUXE.COM, located at 501 W Broadway Plaza A #321 San Diego, CA 92101, registers and uses the domain name *www.justluxe.com.* Upon information and belief, Defendant Luxemont, LLC regularly transacts or solicits business in the State of New York through, *inter alia*, a website resolving to *www.justluxe.com.*

56. Upon information and belief, Defendant Lonely Planet Global, Inc. d/b/a LONELYPLANET.COM, located at 150 Linden St., Oakland, CA 94607 registers and uses the domain name *www.lonelyplanet.com.* Upon information and belief, Defendant Lonely Planet Global, Inc. regularly transacts or solicits business in the State of New York through, *inter alia*, a website resolving to *www.lonelyplanet.com.*

57. Upon information and belief, Defendant Luxe Travel, LLC d/b/a LUXETRAVEL.COM, located at 1004 E. Ogden Ave. Milwaukee, WI 53202, registers and uses the domain name *www.luxetravel.com.* Upon information and belief, Defendant Luxe Travel, LLC regularly transacts or solicits business in the State of New York through, *inter alia*, a website resolving to *www.luxetravel.com.*

58. Upon information and belief, Defendant Luxury Travel Media d/b/a LUXURYTRAVELMAGAZINE.COM, located at PO Box 7246 Fairfax Station, VA 22039-7246, registers and uses the domain name *www.luxurytravelmagazine.com.* Upon information

16

and belief, Defendant Luxury Travel Media regularly transacts or solicits business in the State of New York through, *inter alia*, a website resolving to *www.luxurytravelmagazine.com.*

59.     Upon information and belief, Defendant Metro Travel Guide d/b/a METROTRAVELGUIDE.COM, located at 2139 East Primrose Springfield, MO 65804, registers and uses the domain name *www.metrotravelguide.com.* Upon information and belief, Defendant Metro Travel Guide regularly transacts or solicits business in the State of New York through, *inter alia*, a website resolving to *www.metrotravelguide.com.*

60.     Upon information and belief, Defendant Mobissimo Inc. d/b/a MOBISSIMO.COM, located at 631 Howard Street, Suite 520, San Francisco, CA 94105, registers and uses the domain name *www.mobissimo.com.* Upon information and belief, Defendant Mobissimo Inc. regularly transacts or solicits business in the State of New York through, *inter alia*, a website resolving to *www.mobissimo.com.*

61.     Upon information and belief, Defendant NexTag, Inc. d/b/a NEXTAG.COM, located at 2955 Campus Drive, 3rd Floor, San Mateo, CA 94403, registers and uses the domain name *www.nextag.com.* Upon information and belief, Defendant NexTag, Inc. regularly transacts or solicits business in the State of New York through, *inter alia*, a website resolving to *www.nextag.com.*

62.     Upon information and belief, Defendant Qantas Airways Limited d/b/a *www.qantas.com.au*, located at Building 23, JFK International Airport, Jamaica, NY 11430 registers and uses the domain name *www.qantas.com.au.* Upon information and belief, Defendant Qatar Airways regularly transacts or solicits business in the State of New York through, *inter alia*, a website resolving to *www.qantas.com.au.*

17

63.    Upon    information    and    belief,    Defendant    Qatar    Airways    d/b/a
*www.qatarairways.com*, located at Trump Tower, 725 Fifth Avenue, New York, NY 10022
registers and uses the domain name *www.qatarairways.com.* Upon information and belief,
Defendant Qatar Airways regularly transacts or solicits business in the State of New York
through, *inter alia*, a website resolving to *www.qatarairways.com.*

64.    Upon    information    and    belief,    Defendant    Joe    Mazzarella    d/b/a
ROOMRATE.COM, located at 110 Doyle Road, Tolland, CT 06084, registers and uses the
domain name *www.roomrate.com.* Upon information and belief, Defendant Joe Mazzarella
regularly transacts or solicits business in the State of New York through, *inter alia*, a website
resolving to *www.roomrate.com.*

65.    Upon information and belief, WK Travel Inc. d/b/a TRAVELSPOT.US, located at
135 W 50th Street, Suite-500, New York, NY 10020, registers and uses the domain name
domain name *www.travelspot.us.* Upon information and belief, Defendant Alliance Reservations
Network regularly transacts or solicits business in the State of New York through, *inter alia*, a
website resolving to *www.travelspot.us.*

66.    Upon    information    and    belief,    Defendant    Travelocity.com    LP    d/b/a
TRAVELOCITY.COM, located at 3150 Sabre Dr., Southlake, TX 76092, registers and uses the
domain name *www.travelocity.com.* Upon information and belief, Defendant Travelocity.com LP
regularly transacts or solicits business in the State of New York through, *inter alia*, a website
resolving to *www.travelocity.com.*

67.    Upon    information    and    belief,    Defendant    TripAdvisor    LLC    d/b/a
TRIPADVISOR.COM, located at 141 Needham Street, Newton, MA 02464, registers and uses
the domain name *www.tripadvisor.com.* Upon information and belief, Defendant TripAdvisor

18

{04892/601459-000/01156433 1}

LLC regularly transacts or solicits business in the State of New York through, *inter alia*, a website resolving to *www.tripadvisor.com.*

68.     Upon     information     and     belief,     Defendant     Tablet     Inc.     d/b/a TABLETHOTELS.COM, located at 6 West 18th Street, 3rd Floor, New York, NY 10011, registers and uses the domain name *www.tablethotels.com.* Upon information and belief, Defendant Tablet regularly transacts or solicits business in the State of New York through, *inter alia*, a website resolving to *www.tablethotels.com.*

69.     Upon information and belief, Defendant Does 1 through 100 are unknown entities operating websites that resolve to unknown domain names that currently display photographs that are the subject of the Copyrighted Works alleged herein. Upon information and belief, Defendants (including, but not limited to, Defendants GHM, VFM, and Pegasus) supplied infringing photographs to Defendant Does 1 through 100 without Plaintiff's knowledge or authorization. The identity of DOES 1 through 100 is unknown to the Plaintiff despite the Plaintiff's best efforts to identify the same, but the named Defendants herein above are believed to possess knowledge of the identities of Does 1 through 100.

## FACTUAL BACKGROUND

70.     Over the years, Junior Lee has established a widely successful business in travel and hotel photography worldwide. She has photographed The Setai Miami - USA, The Heritage House Mendocino - USA, The Chedi Milan - Italy, The Leela Goa - India, The Chedi Muscat - Oman, The Nam Hai Hoi An - Vietnam, The Chedi Chiang Mai - Thailand, The Chedi Phuket - Thailand, The Datai Langkawi - Malaysia, The Andaman Langkawi - Malaysia, The Saujana Kuala Lumpur - Malaysia, The Club at The Saujana Kuala Lumpur - Malaysia, Carcosa Seri Negara Kuala Lumpur - Malaysia, The Legian Seminyak - Bali, The Club at The Legian

19

Seminyak - Bali, The Chedi Club Ubud - Bali, The Serai Club Jimbaran - Bali, The Lalu Sun Moon Lake - Taiwan, Langsuan Apartment Bangkok - Thailand, Seah St. Apartment - Singapore, GHM Boutique Products - Singapore, The Fullerton Hotel - Singapore, Raffles Hotel - Singapore, La Pari-Pari Hotel Langkawi - Malaysia, and Four Seasons Great Exuma - Bahamas. Her photographs are highly sought after works of art that businesses worldwide routinely display in the course of promoting their facilities, custom and trade.

71.     The nature of Ms. Lee's photography business is promotional in nature. Generally, Ms. Lee is commissioned by her clientele to photograph certain items, personnel, sites, or facilities, modify the images as necessary, and deliver the final product to her clientele for approval. Ms. Lee is usually compensated via the client's purchase of marketing materials that incorporate her photographs (*i.e.*, the client purchases the marketing materials designed and manufactured by Ms. Lee, inclusive of a license to distribute the marketing materials created by Ms. Lee  not the underlying photographs).

72.     Ms. Lee specifically reserves all rights to her works that are not otherwise purchased by her client. One of the rights she reserves is the ownership of the photographs (including the copyright in and to the same).

73.     From December 2000, Ms. Lee was exclusively commissioned by GHM to shoot a series of photographs at the Hotels for advertising, promotion and documentation purposes ("Hotel Photographs"). Specifically, Ms. Lee and GHM entered an agreement under which GHM would arrange for Ms. Lee to photograph certain hotel properties, and the hotels themselves would compensate Ms. Lee for her work.

74.     On or around August 2003, Ms. Lee submitted her Hotel Photographs to GHM as agreed. GHM accepted the Hotel Photographs but repeatedly refused to honor its payment

20

obligation without cause. Ultimately, after litigation, GHM and Ms. Lee amicably resolved the dispute.

75. The settlement between GHM and Ms. Lee did not include the transfer of any rights to GHM concerning the Hotel Photographs, which rights remained exclusively owned by Ms. Lee. Moreover, the settlement did not include a license for GHM to distribute the Hotel Photographs to third parties for use in promotion of GHM's businesses.

76. Aside from her legal counsel and certain government agencies, Ms. Lee did not disclose the Hotel Photographs to anyone other than GHM or otherwise allow them to be publically disseminated in any manner, including on the Internet.

77. Ms. Lee, through various business entities (including, but not limited to, Wave-s, The Wave Pte. Ltd. and The Wave Design Pte. Ltd.) obtained copyright registrations from the United States Copyright Office for the Hotel Photographs (collectively and individually, "Copyrighted Works"). True and correct copies of registration certificates for the Copyrighted Works have been annexed as exhibits to the Original Complaint in this matter (*Dkt. 1*).

| Registration Number | Title of Work |
| --- | --- |
| VAu 1-055-458 | The Wave Design Pte. Ltd. Unpublished photographs 2005 (C) sctai429 – sctai803 |
| VAu 1-055-459 | The Wave Design Pte. Ltd. Unpublished photographs 2005 (D) sctai960 – sctai1179 |
| VAu 1-057-927 | The Wave Pte. Unpublished sctai 182 |
| VAu 1-060-180 | The Wave Design Pte. Ltd. unpublished sctai0183; 0184 |
| VAu 1-060-182 | Wave-s unpublished sctai959 |
| VA 1-432-324 | Wave-s Photographs 2001 |
| VA 1-432-325 | Wave-s Photographs 2002 |

21

| VA 1-432-326 | The Wave Design Pte. Ltd. Photographs 2007(A) |
| VA 1-432-327 | The Wave Design Pte. Ltd. Photographs 2007 (B) |
| VA 1-432-328 | Wave-s Photographs 2003 |
| VA 1-432-329 | Wave-s Photographs 2004 |
| VA 1-432-330 | The Wave Design Pte. Ltd. Photographs 2006 |
| VA 1-432-331 | The Wave Pte. Ltd. Photographs 2005 (A) |
| VA 1-432-332 | The Wave Design Pte. Ltd. Photographs 2005 |
| VA 1-432-336 | Wave-s Photographs 2002 (B) |
| VA 1-758-524 | Wave-s Photographs 2004 (B) |
| VA 1-765-854 | The Wave Design Pte. Ltd. published legian 121 |

78.    On November 11, 2011, Ms. Lee assigned all right, title and interest in and to the Copyrighted Works to Plaintiff.

79.    Plaintiff has never assigned or otherwise transferred any interest in and to the Copyrighted Works to any Defendant identified herein or otherwise dedicated them to the public.

80.    Upon information and belief, GHM has reproduced and distributed the Hotel Photographs that are the subject of the Copyrighted Works to Defendants without consent, authorization or appropriate acknowledgement from Plaintiff or Junior Lee.

81.    Upon information and belief, GHM materially contributed to Defendants' infringement of Plaintiff's Copyrighted Works by disseminating the Hotel Photographs to Defendants.

82.    Unsurprisingly, after GHM circulated the Hotel Photographs to its business partners, including, but not limited to, all Defendants named herein, Defendants reproduced, displayed and/or distributed Plaintiff's Hotel Photographs on and through various travel, hotel

22

and realty websites. Indeed, upon information and belief, GHM provided Defendants with the Hotel Photographs knowing and/or anticipating that the Hotel Photographs would be publicized on travel, hotel and realty websites and would generate revenue for GHM's business.

83.     Upon information and belief, GHM Hotel Photographs purposefully disseminated the Hotel Photographs, thereby inducing Defendants to violate Plaintiff's rights in the Hotel Photographs to drive interest to the properties featured in the Hotel Photographs, all for GHM's own commercial gain.

84.     Upon information and belief, Defendant GHM provided Defendant VFM with digital reproductions of the Hotel Photographs. Upon information and belief, VFM thereafter held itself out to the public and/or its customers as (i) the author of the Hotel Photographs, (ii) and/or as having rights to Plaintiff's Hotel Photographs that are the subject of the Copyrighted Works. Upon further information and belief, VFM contracted and/or conspired with one or more of the other Defendants to create the appearance that VFM controlled rights to Plaintiff's Copyrighted Works.

85.     Upon information and belief, VFM, without the consent of Plaintiff, controlled the unauthorized distribution of the Hotel Photographs by reproducing, displaying and distributing one or more copies of Plaintiff's Hotel Photographs to its customers, including to certain Defendants (including, but not limited to, Defendant Does 1-100), for purposes of trade, including promoting bookings and receiving compensation for its efforts in that regard.

86.     Upon information and belief, VFM's distribution, display and reproduction of the Hotel Photographs resulted in VFM's own commercial gain.

87.     Defendant Pegasus obtained digital reproductions of the Hotel Photographs.

23

{04892/606459-000/01156433.1}

88.     Upon information and belief, VFM may have supplied Pegasus with digital reproductions of the Hotel Photographs without the consent of Plaintiff.

89.     Upon information and belief, Pegasus, without the consent of Plaintiff, controlled the unauthorized distribution of the Hotel Photographs by reproducing, displaying and distributing one or more copies of Plaintiff's Hotel Photographs to its customers, including to certain Defendants (including, but not limited to, Defendant Does 1-100), for purposes of trade, including promoting bookings and receiving compensation for its efforts in that regard.

90.     Upon information and belief, Pegasus' distribution, display and reproduction of the Hotel Photographs resulted in Pegasus' own commercial gain.

91.     Defendants did not seek, nor have they ever sought, Plaintiff or Junior Lee's permission to utilize the Hotel Photographs.

92.     Despite having no permission, consent or license to do so from Plaintiff, Defendants have and continue to use the Hotel Photographs and have not compensated Plaintiff for such use.

93.     Upon information and belief, the Hotel Photographs that are the subject of the Copyrighted Works have been seen and continue to be seen by millions of users on a daily basis.

94.     Upon information and belief, Defendants (including, but not limited to, Defendant Does 1-100) have utilized the Hotel Photographs for purposes of trade, including promoting and advertising the bookings to the boutique and high-end hotels featured in those Works, thus realizing millions of dollars in revenue. Examples of said use have been annexed as exhibits to the Original Complaint in this matter (*Dkt.* 1), which exhibits are hereby incorporated by reference pursuant to Rule 10(c) of the Federal Rules of Civil Procedure as is fully set forth herein or otherwise annexed as exhibits hereto.

24

{04892/606459-000/01156433.1}

### First Claim for Relief
### Copyright Infringement Against All Defendants
### (17 U.S.C. § 101 *et. seq.*)

95.     Plaintiff repeats and realleges by reference each and every allegation contained in paragraphs above.

96.     Defendants have directly, vicariously or contributorily infringed Plaintiff's Hotel Photographs that are the subject of the Copyrighted Works by reproducing, displaying, or distributing unauthorized copies of Plaintiff's photographs in violation of 17 U.S.C. § 501 *et seq.* One or more Defendants have further induced the infringement of Plaintiff's Copyrighted Works by others.

97.     Each of the Defendants (including, but not limited to, Defendant Does 1-100), either directly or indirectly, copied Plaintiff's entire images for its own personal commercial gain. Moreover, Defendants' use of the Hotel Photographs are for the exact same purpose as Plaintiff's intended use - to be used to promote and market hotel properties and destination locations; thus, there is no added benefit to the public from having Defendants display Plaintiff's Hotel Photographs.

98.     Without authorization or consent, Defendant GHM has reproduced, displayed or distributed one or more of Plaintiff's Copyrighted Works of Registration Nos., VAu 1-055-458, VAu 1-055-459, VAu 1-057-927, VAu 1-060-180, VAu 1-060-182, VA 1-432-324, VA 1-432-325, VA 1-432-326, VA 1-432-327, VA 1-432-328, VA 1-432-329, VA 1-432-330, VA 1-432-331, VA 1-432-332, VA 1-432-336, VA 1-758-524, VA 1-765-854.

99.     Without authorization or consent, Defendant VFM has reproduced, displayed or distributed to other Defendants (including, but not limited to, Defendant Does 1-100), Plaintiff's Copyrighted Works of Registration Nos., VAu 1-055-458, VAu 1-055-459, VAu 1-057-927,

25

{04892/606459-000/01156433.1}

VAu 1-060-180, VAu 1-060-182, VA 1-432-324, VA 1-432-325, VA 1-432-326, VA 1-432-327,
VA 1-432-328, VA 1-432-329, VA 1-432-330, VA 1-432-331, VA 1-432-332, VA 1-432-336,
VA 1-758-524, and VA 1-765-854.

100.    Without authorization or consent, Defendant Pegasus has reproduced, displayed
or distributed to other Defendants (including, but not limited to, Defendant Does 1-100), at a
minimum, Plaintiff's Copyrighted Works of Registration Nos., VA 1-432-325, VA 1-432-326,
VA 1-432-328, VA 1-432-329, VA 1-432-330, VA 1-432-331, VA 1-432-332, VA 1-825-264
and VA 1-825-429.

101.    Without authorization or consent, Defendant About, Inc. d/b/a *www.about.com*
has reproduced, displayed or distributed Plaintiff's Copyrighted Works of Registration Nos. VAu
1-060-182, VA 1-432-324, VA 1-432-325, VA 1-432-326, VA 1-432-327, VA 1-432-328, VA 1-
432-329, VA 1-432-330, VA 1-432-331, VA 1-432-332, VA 1-825-429, and VA 1-758-524.

102.    Without authorization or consent, Defendant Alliance Reservations Network d/b/a
*www.reservetravel.com* has reproduced, displayed or distributed Plaintiff's Copyrighted Works
of Registration Nos., VA 1-432-325, VA 1-432-326, VA 1-432-327, VA 1-432-328, VA 1-432-
329, VA 1-432-330, VA 1-432-331, and VA 1-432-332.

103.    Without authorization or consent, Defendant Budgetworks, Inc. d/b/a
*www.setaicondorentals.com* has reproduced, displayed, or distributed Plaintiff's Copyrighted
Works of Registration Nos. VA 1-432-329, VA 1-432-330, VA 1-432-331, and VA 1-432-332.

104.    Without authorization or consent, Defendant Delta Airlines d/b/a *www.delta.com*
has reproduced, displayed, or distributed Plaintiff's Copyrighted Works of Registration Nos.
VAu 1-060-182, VA 1-432-326, VA 1-432-327, VA 1-432-328, VA 1-432-329, VA 1-432-330,
VA 1-432-331, VA 1-432-332, and VA 1-758-524.

26

{04892/606459-000/01156433.1}

105. Without authorization or consent, Defendant Esslinger Wooten Maxwell, Inc. d/b/a *www.nelsongonzalez.com* has reproduced, displayed, or distributed Plaintiff's Copyrighted Works of Registration Nos. VA 1-432-331, and VA 1-432-332.

106. Without authorization or consent, Defendant JetBlue Airways Corporation d/b/a *www.jetblue.com* has reproduced, displayed or distributed Plaintiff's Copyrighted Works of Registration Nos.VA 1-432-325, VA 1-432-326, VA 1-432-327, VA 1-432-328, VA 1-432-329, VA 1-432-330, VA 1-432-331, VA 1-432-332, and VA 1-758-524.

107. Without authorization or consent, Defendant Frommer Media d/b/a *www.frommers.com* has reproduced, displayed or distributed Plaintiff's Copyrighted Works of Registration Nos. VA 1-432-326, VA 1-432-328, VA 1-432-329, VA 1-432-330, VA 1-432-331, and VA 1-432-332.

108. Without authorization or consent, Defendant Lexyl Travel Technologies d/b/a *www.hotelplanner.com* has reproduced, displayed or distributed Plaintiff's Copyrighted Works of Registration Nos. VA 1-432-325, VA 1-432-326, VA 1-432-327, VA 1-432-328, VA 1-432-329, VA 1-432-331, VA 1-432-332, and VA 1-758-524.

109. Without authorization or consent, Defendant IBT Media Inc. d/b/a *www.ibtimes.com* has reproduced, displayed or distributed Plaintiff's Copyrighted Works of Registration Nos. VA 1-432-324, VA 1-432-325, VA 1-432-326, VA 1-432-328, VA 1-432-329, VA 1-432-330, VA 1-432-331, VA 1-432-332, VAu 1-055-458, VAu 1-057-927.

110. Without authorization or consent, Defendant Kayak Software Corporation d/b/a *www.kayak.com* has reproduced, displayed or distributed Plaintiff's Copyrighted Works of Registration Nos. VAu 1-060-182, VA 1-432-324, VA 1-432-325, VA 1-432-326, VA 1-432-

327, VA 1-432-328, VA 1-432-329, VA 1-432-330, VA 1-432-331, VA 1-432-332, and VA 1-758-524.

111.    Without    authorization    or    consent,    Defendant    MySoBe.com    d/b/a/
*www.mysobe.com* has reproduced, displayed or distributed Plaintiff's Copyrighted Works of
Registration Nos. VA 1-432-324, VA 1-432-325, VA 1-432-326, VA 1-432-328, VA 1-432-329,
VA 1-432-330, VA 1-432-331, VA 1-432-332, and VA 1-758-524.

112.    Without    authorization    or    consent,    Defendant    Netadvantage.com    d/b/a/
*www.ihsadvantage.com* has reproduced, displayed or distributed Plaintiff's Copyrighted Works
of Registration Nos. VA 1-432-329 and VA 1-432-331.

113.    Without authorization or consent, Defendant Orbitz Worldwide LLC d/b/a
*www.orbitz.com* has reproduced, displayed or distributed Plaintiff's Copyrighted Works of
Registration Nos. VA 1-432-325, VA 1-432-326, VA 1-432-327, VA 1-432-328, VA 1-432-329,
VA 1-432-330, VA 1-432-331, VA 1-432-332, and VA 1-758-524.

114.    Without authorization or consent, Defendant Questex Media LLC d/b/a
*www.fivestaralliance.com* has reproduced, displayed or distributed Plaintiff's Copyrighted
Works of Registration Nos. VA 1-432-325, VA 1-432-326, VA 1-432-328, VA 1-432-329, VA
1-432-331, VA 1-432-332, and VA 1-758-524.

115.    Without    authorization    or    consent,    Defendant    Cedora,    Inc.    d/b/a
*www.realadventures.com* has reproduced, displayed or distributed Plaintiff's Copyrighted Works
of Registration Nos. VA 1-432-329 and VA 1-432-332.

116.    Without authorization or consent, Defendant Setai Owners LLC d/b/a
*www.setai.com* d/b/a *www.setai-realty.com* has reproduced, displayed or distributed Plaintiff's

28

Copyrighted Works of Registration Nos. VAu 1-055-459, VA 1-432-329, VA 1-432-330, VA 1-432-331, VA 1-432-332, and VA 1-758-524.

117.    Without authorization or consent, Defendant Spa Finder, Inc. d/b/a/ *www.spafinder.com* has reproduced, displayed or distributed Plaintiff's Copyrighted Works of Registration Nos. VAu 1-060-182, VA 1-432-326, VA 1-432-329, VA 1-432-330, VA 1-432-331, and VA 1-432-332.

118.    Without authorization or consent, Defendant The Leading Hotels of the World d/b/a *www.lhw.com* has reproduced, displayed or distributed Plaintiff's Copyrighted Works of Registration Nos. VA 1-432-325, VA 1-432-326, VA 1-432-328, VA 1-432-329, VA 1-432-330, VA 1-432-331 and VA 1-432-332.

119.    Without authorization or consent, Defendant This Exit LLC d/b/a *www.roadsideamerica.com* has reproduced, displayed or distributed Plaintiff's Copyrighted Works of Registration Nos. VA 1-432-325, VA 1-432-326, VA 1-432-327, VA 1-432-328, VA 1-432-329, VA 1-432-330, VA 1-432-331 and VA 1-432-332.

120.    Without authorization or consent, Defendant Room77 d/b/a *www.room77.com* has reproduced, displayed or distributed Plaintiff's Copyrighted Works of Registration Nos. VA 1-825-429, VA 1-432-324, VA 1-432-325, VA 1-432-326, VA 1-432-327, VA 1-432-328, VA 1-432-329, VA 1-432-330, VA 1-432-331, VA 1-432-332 and VA 1-758-524.

121.    Without authorization or consent, Defendant Expedia, Inc. d/b/a *www.expedia.com* has reproduced, displayed or distributed Plaintiff's Copyrighted Works of Registration Nos. VA 1-432-325, VA 1-432-326, VA 1-432-327, VA 1-432-328, VA 1-432-329, VA 1-432-330, VA 1-432-331, VA 1-432-332, and VA 1-758-524.

29

122.    Without authorization or consent, Defendant Hotels.com GP LLC *d/b/a* *www.hotels.com* *d/b/a* *www.travelnow.com* has reproduced, displayed or distributed Plaintiff's Copyrighted Works of Registration Nos. VA 1-432-324, VA 1-432-325, VA 1-432-326, VA 1-432-327, VA 1-432-328, VA 1-432-329, VA 1-432-330, VA 1-432-331, VA 1-432-332 and VA 1-758-524.

123.    Without authorization or consent, Defendant Reservation Counter *d/b/a* *www.reservationcounter.com* has reproduced, displayed or distributed Plaintiff's Copyrighted Works of Registration Nos. VA 1-432-324, VA 1-432-325, VA 1-432-326, VA 1-432-327, VA 1-432-328, VA 1-432-329, VA 1-432-330, VA 1-432-331, VA 1-432-332 and VA 1-758-524.

124.    Without authorization or consent, Defendant American Airlines, Inc. *d/b/a* *www.aavacations.com* has reproduced, displayed or distributed Plaintiff's Copyrighted Works of Registration Nos. VAu 1-060-182, VA 1-432-325, VA 1-432-326, VA 1-432-328, VA 1-432-329, VA 1-432-330, VA 1-432-331, VA 1-432-332 and VA 1-758-524.

125.    Without authorization or consent, Defendant United Airlines Inc. *d/b/a* *hotels.united.com* has reproduced, displayed or distributed Plaintiff's Copyrighted Works of Registration Nos. VA 0001825264, VA 1-758-524, VA 1-825-429, VA 1-432-324, VA 1-432-325, VA 1-432-326, VA 1-432-327, VA 1-432-328, VA 1-432-329, VA 1-432-330, VA 1-432-331, VA 1-758-524 and VA 1-432-332.

126.    Without authorization or consent, Defendant hotelsbyme.com *d/b/a* *www.hotelsbyme.com* has reproduced, displayed or distributed Plaintiff's Copyrighted Works of Registration Nos. VA 1-758-524, VA 1-432-324, VA 1-432-325, VA 1-432-326, VA 1-432-327, VA 1-432-328, VA 1-432-329, VA 1-432-331, and VA 1-432-332.

30

127.    Without authorization or consent, Defendant Signature Travel Network d/b/a
www.signaturetravelnetwork.com has reproduced, displayed or distributed Plaintiff's
Copyrighted Works of Registration Nos. VA 1-432-331.

128.    Without authorization or consent, Defendant Frosch International Travel, Inc.
d/b/a www.froschvacations.com has reproduced, displayed or distributed Plaintiff's Copyrighted
Works of Registration Nos. VA 1-432-329, VA 1-432-331, VA 1-432-332, and VA 1-758-524.

129.    Without authorization or consent, Defendant Vacations By Tzell d/b/a
www.vacationsbytzell.com has reproduced, displayed or distributed Plaintiff's Copyrighted
Works of Registration No. VA 1-432-329, VA 1-432-331, VA 1-432-332 and VA 1-758-524.

130.    Without authorization or consent, Defendant Andrew Harper, LLC d/b/a
www.andrewharper.com has reproduced, displayed or distributed Plaintiff's Copyrighted Works
of Registration Nos. VA 1-432-326, VA 1-432-328, VA 1-432-329, VA 1-432-331, and VA 1-
432-332.

131.    Without authorization or consent, Defendant BookIt.Com Inc. d/b/a
www.bookit.com has reproduced, displayed or distributed Plaintiff's Copyrighted Works of
Registration Nos. VA 1-432-326, VA 1-432-327, VA 1-432-328, VA 1-432-329, VA 1-432-330,
VA 1-432-331, VA 1-432-332 and VA 1-758-524.

132.    Without authorization or consent, Defendant Escala Vacations d/b/a
www.escalavacations.com has reproduced, displayed or distributed Plaintiff's Copyrighted
Works of Registration Nos. VA0001825264, VA 0001829021, VA 1-432-324, VA 1-432-325,
VA 1-432-326, VA 1-432-328, VA 1-432-329, VA 1-432-331, and VA 1-432-332.

133.    Without authorization or consent, Defendant Farebuzz d/b/a www.farebuzz.com
has reproduced, displayed or distributed Plaintiff's Copyrighted Works of Registration Nos.

31

VA0001825264, VA 1-432-324, VA 1-432-325, VA 1-432-326, VA 1-432-327, VA 1-432-328, VA 1-432-329, VA 1-432-330, VA 1-432-331, VA 1-432-332, and VA 1-758-524.

134.    Without authorization or consent, Defendant Fareportal Inc. d/b/a *www.cheapoair.com* has reproduced, displayed or distributed Plaintiff's Copyrighted Works of Registration Nos. VA 1-432-324, VA 1-432-325, VA 1-432-326, VA 1-432-327, VA 1-432-328, VA 1-432-329, VA 1-432-330, VA 1-432-331, VA 1-432-332, and VA 1-758-524.

135.    Without authorization or consent, Defendant Random House d/b/a *www.fodors.com* has reproduced, displayed or distributed Plaintiff's Copyrighted Works of Registration Nos. VA 1-432-325, VA 1-432-326, VA 1-432-327, VA 1-432-328, VA 1-432-329, VA 1-825-429, VA 1-432-330, VA 1-432-331, VA 1-432-332, and VA 1-758-524.

136.    Without authorization or consent, Defendant Getaroom.Com d/b/a *www.getaroom.com* has reproduced, displayed or distributed Plaintiff's Copyrighted Works of Registration Nos. VA 1-432-325, VA 1-432-326, VA 1-432-328, VA 1-432-329, VA 1-432-331, VA 1-432-332, and VA 1-758-524.

137.    Without authorization or consent, Defendant Gogobot, Inc. d/b/a *www.gogobot.com* has reproduced, displayed or distributed Plaintiff's Copyrighted Works of Registration Nos. VA 1-432-330, VA 1-432-331, VA 1-432-332, and VA 1-758-524.

138.    Without authorization or consent, Defendant Hipmunk, Inc. d/b/a *www.hipmunk.com* has reproduced, displayed or distributed Plaintiff's Copyrighted Works of Registration Nos. VA 1-825-429, VA 1-432-325, VA 1-432-326, VA 1-432-328, VA 1-432-329, VA 1-432-330, VA 1-432-331, and VA 1-432-332.

139.    Without authorization or consent, Defendant HotelGuides.com, Inc. d/b/a *www.hotelguides.com* has reproduced, displayed or distributed Plaintiff's Copyrighted Works of

32

Registration Nos. VA 1-825-429, VA 1-758-524, VA 1-432-326, VA 1-432-329, VA 1-432-330, VA 1-432-331, and VA 1-432-332.

140.   Without authorization or consent, Defendant Market Es Inc. d/b/a *www.hotels-and-discounts.com* has reproduced, displayed or distributed Plaintiff's Copyrighted Works of Registration Nos. VA 1-825-429, VA 1-758-524, VA 1-432-325, VA 1-432-326, VA 1-432-327, VA 1-432-328, VA 1-432-329, VA 1-432-330, VA 1-432-331, and VA 1-432-332.

141.   Without authorization or consent, Defendant HotelsTravel.com d/b/a *www.HotelsTravel.com* has reproduced, displayed or distributed Plaintiff's Copyrighted Works of Registration Nos. VA 1-432-325, VA 1-432-326, VA 1-432-328, VA 1-432-329, VA 1-432-331, and VA 1-432-332.

142.   Without authorization or consent, Defendant Esteban Oliverez d/b/a *www.insanelycheapflights.com* has reproduced, displayed or distributed Plaintiff's Copyrighted Works of Registration Nos. VA 1-825-429, VA 1-758-524, VA 1-432-324, VA 1-432-325, VA 1-432-326, VA 1-432-327, VA 1-432-328, VA 1-432-329, VA 1-432-330, VA 1-432-331, and VA 1-432-332.

143.   Without authorization or consent, Defendant Luxemont, LLC d/b/a *www.justluxe.com* has reproduced, displayed or distributed Plaintiff's Copyrighted Works of Registration Nos. VA 1-758-524, VA 1-432-324, VA 1-432-325, VA 1-432-326, VA 1-432-328, VA 1-432-329, VA 1-432-330, VA 1-432-331, and VA 1-432-332.

144.   Without authorization or consent, Defendant Lonely Planet Global, Inc. d/b/a *www.lonelyplanet.com* has reproduced, displayed or distributed Plaintiff's Copyrighted Works of Registration Nos. VA 1-060-182, VA 1-825-429, VA 1-758-524, VA 1-432-324, VA 1-432-

33

325, VA 1-432-326, VA 1-432-327, VA 1-432-328, VA 1-432-329, VA 1-432-330, VA 1-432-331, and VA 1-432-332.

145. Without authorization or consent, Defendant Luxe Travel, LLC d/b/a *www.luxetravel.com* has reproduced, displayed or distributed Plaintiff's Copyrighted Works of Registration Nos. VA 1-060-182, VA 1-758-524, VA 1-432-329, VA 1-432-330, VA 1-432-331, and VA 1-432-332.

146. Without authorization or consent, Defendant Luxury Travel Media d/b/a *www.luxurytravelmagazine.com* has reproduced, displayed or distributed Plaintiff's Copyrighted Works of Registration Nos. VA 1-758-524, VAu 1-055-458, VA 1-432-324, VA 1-432-325, VA 1-432-326, VA 1-432-327, VA 1-432-328, VA 1-432-329, VA 1-432-330, VA 1-432-331 and VA -432-336.

147. Without authorization or consent, Defendant Metro Travel Guide d/b/a *www.metrotravelguide.com* has reproduced, displayed or distributed Plaintiff's Copyrighted Works of Registration Nos. VA 1-432-329, VA 1-432-331, and VA 1-432-332.

148. Without authorization or consent, Defendant Mobissimo Inc. d/b/a *www.mobissimo.com* has reproduced, displayed or distributed Plaintiff's Copyrighted Works of Registration Nos. VA 1-432-326, VA 1-432-328 and VA 1-432-332.

149. Without authorization or consent, Defendant NexTag, Inc. d/b/a *www.nextag.com* has reproduced, displayed or distributed Plaintiff's Copyrighted Works of Registration Nos. VA 1-432-325, VA 1-432-326, VA 1-432-328, VA 1-432-329, VA 1-432-331, and VA 1-432-332.

150. Without authorization or consent, Defendant Qantas Airways d/b/a/ *www.qantas.com.au* has reproduced, displayed or distributed Plaintiff's Copyrighted Works of Registration Nos. VA 1-432-326, VA 1-432-329 and VA 1-432-331.

34

151. Without authorization or consent, Defendant Qatar Airways d/b/a *www.qatarairways.com* has reproduced, displayed or distributed Plaintiff's Copyrighted Works of Registration Nos. VA 1-432-326, VA 1-432-328, VA 1-432-329, VA 1-432-331, VA 1-432-332, VA 1-825-264 and VA 1-829-021.

152. Without authorization or consent, Defendant Mazzarella d/b/a *www.roomrate.com* has reproduced, displayed or distributed Plaintiff's Copyrighted Works of Registration Nos. VA 1-845-429, VA 1-432-326, VA 1-432-329, VA 1-432-331, and VA 1-432-332.

153. Without authorization or consent, Defendant Travelocity.com LP d/b/a *www.travelocity.com* has reproduced, displayed or distributed Plaintiff's Copyrighted Works of Registration Nos. VA 1-825-429, VA 1-432-325, VA 1-432-326, VA 1-432-328, VA 1-432-329, VA 1-432-331, and VA 1-432-332.

154. Without authorization or consent, Defendant TripAdvisor LLC d/b/a *www.tripadvisor.com* has reproduced, displayed or distributed Plaintiff's Copyrighted Works of Registration Nos. VA 1-825-429, VA 1-432-325, VA 1-432-326, VA 1-432-327, VA 1-432-328, VA 1-432-329, VA 1-432-330, and VA 1-432-331.

155. Without authorization or consent, Defendant Tablet d/b/a *www.tablethotels.com* has reproduced, displayed or distributed Plaintiff's Copyrighted Works of Registration Nos. VA 1-758-524, VA 1-432-326, VA 1-432-329, VA 1-432-330, VA 1-432-331, and VA 1-432-332.

156. Without authorization or consent, Defendant WK Travel Inc. d/b/a *www.onetravel.com* and *www.travelspot.us* has reproduced, displayed or distributed Plaintiff's Copyrighted Works of Registration Nos. VA 1-432-325, VA 1-432-326, VA 1-432-327, VA 1-432-328, VA 1-432-329, VA 1-432-330, VA 1-432-331, VA 1-432-332, VA 1-758-524, VA 1-825-264, and VA 1-825-429.

35

157. Each Defendant's infringement of Plaintiff's rights in and to each of the Copyrighted Works constitutes a separate and distinct act of infringement.

158. Upon information and belief, Defendants knew or should have known that their acts constituted copyright infringement.

159. Defendants' conduct was willful within the meaning of the Copyright Act.

160. Plaintiff has been damaged by Defendants' conduct, including, but not limited to economic losses. Plaintiff continues to be damaged by such conduct, and has no adequate remedy at law to compensate the Plaintiff for all the possible damages stemming from the Defendants' conduct.

161. Because of the willful nature of the Defendants' conduct, Plaintiff is entitled to an award of statutory damages for each instance of copyright infringement by each Defendant, in lieu of recovery of exemplary damages, attorney's fees, and all associated costs.

## Second Claim for Relief
## Contributory Copyright Infringement

162. Plaintiff realleges by reference every allegation contained in paragraphs above.

163. GHM was aware of Plaintiff's rights in and to the Hotel Photographs, having contracted with Plaintiff to take the pictures.

164. Upon information and belief, GHM, without the consent of Plaintiff, distributed the Hotel Photographs to Defendants (including, but not limited to, Defendant Does 1-100).

165. Upon information and belief, VFM, without the consent of Plaintiff, distributed the Hotel Photographs to Defendants (including, but not limited to, Defendant Does 1-100).

166. Upon information and belief, Pegasus, without the consent of Plaintiff, distributed the Hotel Photographs to Defendants (including, but not limited to, Defendant Does 1-100).

36

167.   By providing the Hotel Photographs to Defendants for distribution and permitting unfettered access to the Hotel Photographs, GHM, VFM, and Pegasus each materially contributed to Defendants' infringement of Plaintiff's copyrights.

168.   GHM, VFM, and Pegasus each knew or should have known that Defendants would copy and publish the Hotel Photographs.

169.   By allowing Defendants access to the Hotel Photographs, GHM, VFM, and Pegasus each induced, permitted, caused, contributed to and/or encouraged Defendants to continue using Plaintiff's Hotel Photographs without Plaintiff's permission and without giving Plaintiff credit or paying Plaintiff royalties for the Hotel Photographs.

170.   GHM, VFM, and Pegasus each knew and/or should have known that the Hotel Photographs it was providing to third parties, would be used, published and disseminated on high-trafficked websites and in widely circulated promotional materials.

171.   The misconduct of GHM, VFM, and Pegasus each was willful and/or intentional and with knowledge of both Plaintiff's rights and Defendants' infringement of said rights.

172.   Upon information and belief, Defendants (including, but not limited to, Does 1-100) may each be liable for contributory copyright infringement alleged herein to the extent that one or all may have supplied, provided, distributed, or otherwise facilitated unfettered access by unknown third-parties to the Hotel Photographs without Plaintiff's knowledge or authorization.

173.   Plaintiff seeks all damages recoverable under the Copyright Act, including statutory or actual damages, including any profits or gains attributable to the infringement of the Hotel Photographs.

37

## Third Claim for Relief
## Vicarious Copyright Infringement

174.    Plaintiff repeats and realleges by reference each and every allegation contained in paragraphs above.

175.    Upon information and belief, Defendants (including, but not limited to, Defendant Does 1-100) are each vicariously liable for the copyright infringement alleged herein because Defendants each had the ability to supervise the infringing conduct and because it had a direct financial interest in the infringing conduct.

176.    VFM affirmatively assumed credit for Plaintiff's Hotel Photographs knowing that VFM did not photograph, license or in any way have permission to use, sell, license or assign the Hotel Photographs.

177.    No Defendants had the authority to license, sell, assign or grant permission for any third party to use or display the Hotel Photographs because Plaintiff is the sole and exclusive owner of the Hotel Photographs that are the subject of the Copyrighted Works and did not grant either any Defendant permission to license, sell, assign or use the Hotel Photographs.

178.    Notwithstanding the fact that neither VFM nor Pegasus had any right to license, sell, assign or permit any third party to use the Hotel Photographs, with each knowing it was not the owner of the copyright in the Hotel Photographs, VFM and Pegasus both continued to represent to third parties that it had such rights in and to the Hotel Photographs.

179.    Upon information and belief, VFM and Pegasus each controlled the distribution of the Hotel Photographs by contracting with various websites and hotels, including Defendants, to sell, assign or license the Hotel Photographs.

180.    Due to the nature of their control over the content on their websites, Defendants each had the right and the ability to supervise the infringing activities complained of herein.

38

{H4892/606459-000/01156433.1}

181.    Because of the nature of their business relationship, VFM and Pegasus each had the right and the ability to supervise the infringing activities of Defendants.

182.    VFM and Pegasus each knew and/or should have known that the Hotel Photographs it was providing to Defendants, would be used, published and disseminated on high-trafficked websites and in widely circulated promotional materials.

183.    Further, because VFM and Pegasus improperly and unlawfully represented to third parties, including Defendants, that it was the owner of and/or had the authority to grant permission to use the Hotel Photographs, VFM and Pegasus each knew that Defendants and others would not seek to secure an appropriate license or authorization from Plaintiff.

184.    As a result of Defendants' vicarious infringement of Plaintiff's copyrights, Defendants have obtained direct and indirect profits that they would not otherwise have realized but for their infringement of the Hotel Photographs that are the subject of the Copyrighted Works.

185.    Defendants' misconduct was willful, intentional and/or reckless and done for their own economic gain.

186.    Plaintiff seeks all damages recoverable under the Copyright Act, including statutory or actual damages, including a disgorgement of profits or gains directly or indirectly attributable to the infringement of the Hotel Photographs.

39

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests entry of judgment against each Defendant as follows:

A.      That Defendants have each infringed Plaintiff's rights in the Copyrighted Works;

B.      For entry of preliminary and permanent injunctions providing that such Defendants and their officers, agents, servants and those persons in active concert or participation shall be enjoined from infringement of Plaintiff's rights in the Copyrighted Works;

C.      For entry of preliminary and permanent injunctions providing that Defendants shall immediately remove all copies of the Copyrighted Works from their websites and/or immediately seek a license from Plaintiff for their use;

D.      For entry of judgment that such Defendants shall pay actual damages and profits, or statutory damages, pursuant to 17 U.S.C. § 504, at the election of Plaintiff;

E.      For entry of judgment that Defendants shall pay Plaintiff's costs and attorneys' fees incurred in this action, pursuant to 17 U.S.C. § 505;

F.      For entry of judgment that Plaintiff be granted such other relief as the Court deems just, equitable and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues triable to a jury.

Dated: April 23, 2014
White Plains, New York

Respectfully Submitted,

Cameron S. Reuber
LEASON ELLIS LLP
One Barker Avenue, Fifth Floor
White Plains, NY 10601
Tel: (914) 821-3075
Email: reuber@leasonellis.com

*Attorneys for Plaintiff*

{04892/606459-000/01155710.1}

# Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE WAVE STUDIO, LLC, a New York
Limited Liability Corporation,

        Plaintiff,

        v.

GENERAL HOTEL MANAGEMENT LTD., et
al.,

        Defendants.

CASE NO. 7:13-cv-09239-CS-PED

PLAINTIFF THE WAVE STUDIO,
LLC'S SUPPLEMENTAL
RESPONSES AND OBJECTIONS TO
THE FIRST SET OF REQUESTS FOR
ADMISSION OF DEFENDANT
GENERAL HOTEL MANAGEMENT,
LTD.

        Plaintiff The Wave Studio, LLC ("Wave" or "Plaintiff"), pursuant to Rule 36 of the
Federal Rules of Civil Procedure, hereby responds to the discovery requests set forth in the First
Set of Requests for Admission (collectively, the "Requests") propounded by Defendant General
Hotel Management Ltd. ("GHM" or "Defendant").

## GENERAL RESPONSE

        The following responses, while based on diligent exploration by Wave and its counsel are
necessarily supported only by those facts and writings, presently and specifically known and
available to Wave.

        Wave reserves the right to change, amend or supplement any or all of the information and
materials contained in its discovery responses with documents, information or objects that it
learns were omitted by inadvertence, mistake, excusable neglect, or as additional facts are
ascertained, analyses are made, research is completed, and contentions are made in this litigation.

        Wave's responses are made solely for the limited purpose of these proceedings, and are
subject to all objections as to competence, relevance, materiality, propriety and admissibility, and

to any and all other objections on any ground that would require the exclusion of any statements contained herein if the same were asked of, or statements contained herein were made by, a witness present and testifying in these proceedings.

Wave's response to each individual discovery request is submitted without prejudice to, and without in any way waiving, the general objections listed below but not expressly set forth in that response. The assertion of any objection to a discovery request in any response below is neither intended as, nor shall in any way be deemed, a waiver of Wave's right to assert that or any other objection on a later date.

Moreover, no incidental or implied admissions are intended by Wave's collective discovery responses. The fact that Wave has responded or objected to all or part of any discovery request shall not be construed or taken as an admission that Wave accepts or admits the existence of any purported facts set forth or assumed by such discovery request or that Wave has waived or intended to waive any part of any objection to the discovery request.

## GENERAL OBJECTIONS

1.      The answers herein are made on the basis of information and writings presently available to, and located by, Plaintiff upon reasonable investigation of its records and inquiry of its present employees and agents. Plaintiff reserves the right to modify its answers and objections herein with such additional information as it may subsequently discover. Furthermore, these answers and objections are made by Plaintiff without prejudice to its using or relying at trial on subsequently discovered documents and information or on documents and information omitted from these answers or objections, as a result of good faith oversight, error, or mistake.

/ / /

2

2.      The answers herein are made solely for the purpose of this action. Each answer is subject to all objections as to competence, relevance, materiality, propriety and admissibility, and to any and all other objections on grounds which would require the exclusion from evidence of any statement herein, if any question was asked of, or any statement contained herein was made by, a witness present and testifying in court, all of which objections and grounds are expressly reserved so that they may be made at trial.

3.      To the extent that any discovery request or part thereof calls for information, legal analysis or reasoning, writings, communications, or anything else protected from disclosure by the work product doctrine or the attorney-client privilege, or any other privilege, Plaintiff hereby objects to each and every such request.

4.      Plaintiff objects to any request, or part thereof, which purports to require it to conduct an investigation beyond its own records, present officers, agents, employees, and representatives, as unduly burdensome and oppressive.

5.      Plaintiff objects to each discovery requests to the extent that any definitions or instructions which are purportedly incorporated into the discovery request renders it vague, ambiguous, unintelligible, overbroad and/or burdensome and purports to place upon Plaintiff burdens not imposed by the applicable rules of the court and other applicable law. Plaintiff's answers herein shall be in accordance with its obligations under applicable law.

6.      Plaintiff objects to the discovery requests to the extent that they are unreasonably cumulative or duplicative, contain impermissible sub-parts, seek information that may be obtained from another source that is more convenient, less burdensome, or less expensive.

7.      Plaintiff objects to each and every discovery request in its entirety to the extent that it calls for an opinion or contention that relates to fact or the application of law to fact before

3

completion of specific discovery relating to those facts. Plaintiff reserves the right to supplement its responses upon completion of discovery.

8.     Plaintiff objects to the discovery requests to the extent that they seek to impose obligations beyond those imposed by the Federal Rules of Civil Procedure or the Local Rules of this Court or that are inconsistent therewith.

9.     Plaintiff further reserves the right to supplement these responses as this action and/or discovery continues and/or as further information comes to its attention.

10.     Plaintiff specifically incorporates each and every objection listed above into each and every answer made below, as though fully set forth therein.

## SPECIFIC OBJECTIONS

A.     Plaintiff objects to each and discovery request to the extent that it requires Plaintiff to obtain and produce information generated by persons over whom Plaintiff does not exercise control on the grounds that said discovery request exceeds the permissible scope of discovery. This objection will be referred to as the **"Absence of Control Objection."**

B.     Plaintiff objects to each discovery request to the extent that it calls for duplicative information, unnecessary searches, review, and production of information not likely to be discoverable, is intended to harass, or is otherwise designed to be oppressive. Plaintiff further objects to the discovery requests to the extent that they are overbroad or not reasonably limited in time. This objection will be referred to as the **"Undue Burden Objection."**

C.     Plaintiff objects to each discovery request to the extent that it is vague, ambiguous, overbroad or otherwise lacks sufficient precision to allow a response, as for example, where no time frame is provided for Plaintiff. This objection hereinafter will be referred to as the **"Ambiguity Objection."**

4

D.     Plaintiff objects to each discovery request to the extent that it seeks information irrelevant to the issues in this case or not reasonably calculated to lead to the discovery of admissible evidence. Such information can include, but not limited to, documents that are not relevant to the threshold issue of whether GHM had a right to use and distribute the photographs identified in Wave's Amended Complaint, which is the only issue before the Court at this time. This objection will be referred to as the **"Relevance Objection."**

E.     Plaintiff objects to each discovery request to the extent that it seeks information that is subject to the Attorney-Client Privilege or Work Product Exemption. This objection hereinafter will be referred to as the **"Privilege Objection."**

F.     Plaintiff globally objects to each discovery request to the extent that it seeks information concerning "the subject matter of this litigation."

G.     Plaintiff objects to inspection or production of documents outside the district in which the documents currently reside as well as where this matter is pending, namely the Southern District of New York. Plaintiff may be amenable to inspection and production of documents at a location mutually agreeable by the parties.

H.     Plaintiff objects to the definition of "Wave" to the extent that it seeks to improperly expand the production obligations of a single party, namely Plaintiff, beyond the scope of Plaintiff's obligations under the Federal Rules of Civil Procedure. Plaintiff shall not produce information possessed by third-party entities, whether related entities or not, that are otherwise properly subject to discovery pursuant to Rule 45 of the Federal Rules.

I.     Plaintiff objects to the production of business sensitive data without Defendant's prior agreement to maintain the suitable confidentiality thereof pursuant to entry of an agreed upon protective order in the judicial record.

5

## SUPPLEMENTAL RESPONSES AND OBJECTIONS TO FIRST SET OF REQUESTS FOR ADMISSION

REQUEST FOR ADMISSION NO. 1.

Admit that none of the authors of any of the photographs that Plaintiff asserts have been infringed in this action are citizens of the United States of America.

RESPONSE TO REQUEST FOR ADMISSION NO. 1.

Admitted.

REQUEST FOR ADMISSION NO. 2.

Admit that all of the photographs that Plaintiff asserts have been infringed in this action were first published in Singapore.

RESPONSE TO REQUEST FOR ADMISSION NO. 2.

Admitted.

REQUEST FOR ADMISSION NO. 3.

Admit that none of the photographs that Plaintiff asserts have been infringed in this action were first published in the United States.

RESPONSE TO REQUEST FOR ADMISSION NO. 3.

Admitted.

REQUEST FOR ADMISSION NO. 4.

Admit that the country of origin of all of the photographs that Plaintiff asserts have been infringed in this action is Singapore.

RESPONSE TO REQUEST FOR ADMISSION NO. 4.

Admitted.

/ / /

6

REQUEST FOR ADMISSION NO. 5.

Admit that none of the photographs that Plaintiff asserts have been infringed in this action have a country of origin of the United States.

RESPONSE TO REQUEST FOR ADMISSION NO. 5.

Denied.

REQUEST FOR ADMISSION NO. 6.

Admit that annexed hereto as Exhibit A and Bates-stamped TWS0199394-TWS0199399 is a genuine, true and accurate copy of an Assignment of Copyright between Wave-S as the assignor and The Wave Design Pte. Ltd. as assignee with an effective date of February 15, 2007.

RESPONSE TO REQUEST FOR ADMISSION NO. 6.

Denied. As Plaintiff has testified, the document attached as Exhibit A to Defendant GHM's First Set of Requests for Admission, is an ineffective, void *ab initio* assignment created in 2012 that could not be effective because Wave-S was dissolved at that time.

REQUEST FOR ADMISSION NO. 7.

Admit that the document annexed as Exhibit A lists the following titles/subjects as the works which are the subject of that document: setai001- setai-041; setai337-setai350; setai959; muscat001-muscat029; muscat030-muscat148; leela001-leela160; chiangmai001-chiangmai075; phuket001-phuket041; phuket042; legianclub001-legianclub015; legianclub016; legianclub017-legianclub022; legianclub023-legianclub034; legian001-legian006; legian007-legian025; legian026-legian065; legian122; chediclub001-chediclub140; chediclub141; lalu001-lalu026; lalu027-lalu158 (hereinafter, collectively "The Exhibit A Works").

/ / /

RESPONSE TO REQUEST FOR ADMISSION NO. 7.

Admitted.

REQUEST FOR ADMISSION NO. 8.

Admit that the document annexed as Exhibit A has a provision which assigns "absolutely all of 'Wave-S's" right title and interest in and to the copyright in" The Exhibit A Works to The Wave Design Pte. Ltd.

RESPONSE TO REQUEST FOR ADMISSION NO. 8.

Denied to the extent that Plaintiff has testified the document attached as Exhibit A to Defendant GHM's First Set of Requests for Admission, is an ineffective, void *ab initio* assignment created in 2012 that could not be effective because Wave-S was dissolved at that time. However, Plaintiff admits this void, ineffective assignment contains the referenced language.

REQUEST FOR ADMISSION NO. 9.

Admit that the document annexed as Exhibit A was not drafted on or before February 15, 2007.

RESPONSE TO REQUEST FOR ADMISSION NO. 9.

Admitted. It was drafted in 2012.

REQUEST FOR ADMISSION NO. 10.

Admit that the document annexed as Exhibit A was not signed on February 15, 2007.

RESPONSE TO REQUEST FOR ADMISSION NO. 10.

Admitted.

REQUEST FOR ADMISSION NO. 11.

Admit that the document annexed as Exhibit A was drafted in 2012.

8

RESPONSE TO REQUEST FOR ADMISSION NO. 11.

    Admitted.

REQUEST FOR ADMISSION NO. 12.

    Admit that the document annexed as Exhibit A was signed, for the first time by Lee Kar Yin, in 2012.

RESPONSE TO REQUEST FOR ADMISSION NO. 12.

    Admitted.

REQUEST FOR ADMISSION NO. 13.

    Admit that the document annexed as Exhibit A was signed and notarized in October of 2012.

RESPONSE TO REQUEST FOR ADMISSION NO. 13.

    Admitted.

REQUEST FOR ADMISSION NO. 14.

    Admit that the document annexed as Exhibit A was backdated, which term shall mean, for the purposes of these Requests for Admission, that the effective date of the agreement is prior to the actual date that the agreement was entered into.

RESPONSE TO REQUEST FOR ADMISSION NO. 14.

    Denied to the extent that this request suggests that the document annexed as Exhibit A is an effective instrument. Plaintiff has testified the document attached as Exhibit A to Defendant GHM's First Set of Requests for Admission is an ineffective, void *ab initio* assignment created in 2012 that could not be effective because Wave-S was dissolved at that time.

/ / /

/ / /

9

REQUEST FOR ADMISSION NO. 15.

Admit that there was no contemplated assignment by Lee Kar Yin of any rights in and to The Exhibit A Works to The Wave Design Pte. Ltd in February of 2007.

RESPONSE TO REQUEST FOR ADMISSION NO. 15.

Plaintiff admits that there was no contemplated assignment from Wave-S to The Wave Design Pte. Ltd. in February 2007. As Plaintiff has testified, When Wave-S ceased doing business, its assets were automatically transferred to Lee Kar Yin, Wave-S's sole owner.

REQUEST FOR ADMISSION NO. 16.

Admit that as of July 31, 2008, Wave-S was no longer in business in Singapore.

RESPONSE TO REQUEST FOR ADMISSION NO. 16.

Admitted.

REQUEST FOR ADMISSION NO. 17.

Admit that as of August 1, 2008, Wave-S was no longer in business in Singapore.

RESPONSE TO REQUEST FOR ADMISSION NO. 17.

Admitted.

REQUEST FOR ADMISSION NO. 18.

Admit that as of July 31, 2008, Wave-S was not in business anywhere in the world.

RESPONSE TO REQUEST FOR ADMISSION NO. 18.

Admitted.

REQUEST FOR ADMISSION NO. 19.

Admit that as of August 1, 2008, Wave-S was not in business anywhere in the world.

RESPONSE TO REQUEST FOR ADMISSION NO. 19.

Admitted.

REQUEST FOR ADMISSION NO. 20.

Admit that as of July 31, 2008, Wave-S had been formally stricken off from the register under section 344 of the companies Act in Singapore.

RESPONSE TO REQUEST FOR ADMISSION NO. 20.

Admitted.

REQUEST FOR ADMISSION NO. 21.

Admit that as of August 1, 2008, Wave-S had been formally stricken off from the registration under section 344 of the companies Act in Singapore.

RESPONSE TO REQUEST FOR ADMISSION NO. 21.

Admitted.

REQUEST FOR ADMISSION NO. 22.

Admit that as of July 31, 2008, Wave-S had no assets.

RESPONSE TO REQUEST FOR ADMISSION NO. 22.

Admitted.

REQUEST FOR ADMISSION NO. 23.

Admit that as of August 1, 2008, Wave-S had no assets.

RESPONSE TO REQUEST FOR ADMISSION NO. 23.

Admitted.

REQUEST FOR ADMISSION NO. 24.

Admit that as of July 31, 2009, Wave-S had no assets.

RESPONSE TO REQUEST FOR ADMISSION NO. 24.

Admitted.

/ / /

REQUEST FOR ADMISSION NO. 25.

Admit that as of July 31, 2008, Wave-S did not own any rights in any photographs.

RESPONSE TO REQUEST FOR ADMISSION NO. 25.

Admitted.

REQUEST FOR ADMISSION NO. 26.

Admit that as of August 1, 2008, Wave-S did not own any rights in any photographs.

RESPONSE TO REQUEST FOR ADMISSION NO. 26.

Admit.

REQUEST FOR ADMISSION NO. 27.

Admit that as of July 31, 2009, Wave-S did not own any rights in any photographs.

RESPONSE TO REQUEST FOR ADMISSION NO. 27.

Admitted.

REQUEST FOR ADMISSION NO. 28.

Admit that Copyright Registration No. VAu 1-060-182, attached as part of Exhibit 1 to

Plaintiff's Complaint in this proceeding, shows an effective date of registration of December 30,

2010.

RESPONSE TO REQUEST FOR ADMISSION NO. 28.

Admitted.

REQUEST FOR ADMISSION NO. 29.

Admit that Copyright Registration No. VAu 1-060-182, attached as part of Exhibit 1 to

Plaintiff's Complaint in this proceeding, registers unpublished photograph setai959.

RESPONSE TO REQUEST FOR ADMISSION NO. 29.

Admitted.

REQUEST FOR ADMISSION NO. 30.

     Admit that unpublished photograph setai959 is included as one of The Exhibit A Works as defined above.

RESPONSE TO REQUEST FOR ADMISSION NO. 30.

     Admitted that photograph setai959 is included as part of the Exhibit A Works to the ineffective, void *ab initio* assignment to which the Exhibit A Works were attached.

REQUEST FOR ADMISSION NO. 31.

     Admit that Copyright Registration No. VAu 1-060-182, attached as part of Exhibit 1 to Plaintiff's Complaint in this proceeding, lists Wave-S as the author and the copyright claimant.

RESPONSE TO REQUEST FOR ADMISSION NO. 31.

     Denied to the extent that this request suggests that the referenced copyright registration does not currently reflect the correct author and claimant. However, Plaintiff admits that on the date that the application for the referenced registration was filed, it incorrectly listed Wave-S as the author and the copyright claimant. Plaintiff has submitted appropriate paperwork with the Copyright Office, as allowed under Copyright Office procedure, to correct the author and claimant on the registration.

REQUEST FOR ADMISSION NO. 32.

     Admit that on the date the application to register Copyright Registration No. VAu 1-060-182 was submitted to the United States Copyright Office, Wave-S was no longer in business.

RESPONSE TO REQUEST FOR ADMISSION NO. 32.

     Denied to the extent that this request suggests that the referenced copyright registration does not currently reflect the correct author and claimant. However, Plaintiff admits that on the date that the application for the referenced registration was filed, Wave-S was no longer in

business.  Plaintiff has submitted appropriate paperwork with the Copyright Office, as allowed under Copyright Office procedure, to correct the author and claimant on the registration.

REQUEST FOR ADMISSION NO. 33.

Admit that on the date the application to register Copyright Registration No. VAu 1-060-182 was submitted to the United States Copyright Office, Wave-S had been formally stricken off from the register under section 344 of the companies Act in Singapore.

RESPONSE TO REQUEST FOR ADMISSION NO. 33.

Denied to the extent that this request suggests that the referenced copyright registration does not currently reflect the correct author and claimant.  However, Plaintiff admits that on the date that the application for the referenced registration was filed, Wave-S had been formally stricken off from the register under section 344 of the companies Act in Singapore.  Plaintiff has submitted appropriate paperwork with the Copyright Office, as allowed under Copyright Office procedure, to correct the author and claimant on the registration.

REQUEST FOR ADMISSION NO. 34.

Admit that on the date the application to register Copyright Registration No. VAu 1-060-182 was submitted to the United States Copyright Office, Wave-S did not exist.

RESPONSE TO REQUEST FOR ADMISSION NO. 34.

Denied.  Wave-S existed as of the date referenced in this request but as a dissolved corporation.

REQUEST FOR ADMISSION NO. 35.

Admit that the application for Copyright Registration No, VAu 1-060-182, attached as part of Exhibit 1 to Plaintiff's Complaint in this proceeding, was certified by Lee Kar Yin on December 29, 2010.

14

RESPONSE TO REQUEST FOR ADMISSION NO. 35.

Plaintiff objects to the term "certified" as vague and ambiguous in this context and on that basis denies this request. The application in question was signed by Lee Kar Yin with the reliance on counsel that everything was correctly stated. However, to the extent that the registration does not reflect the correct author and copyright claimant, Plaintiff has corrected that information, as is allowed under Copyright Office practice.

REQUEST FOR ADMISSION NO. 36.

Admit that at the time Lee Kar Yin certified Copyright Registration No. VAu 1-060-182, Wave-S was no longer in business.

RESPONSE TO REQUEST FOR ADMISSION NO. 36.

Plaintiff objects to the term "certified" as vague and ambiguous in this context and on that basis denies this request. This request is denied to the extent that it suggests that the referenced registration does not list the correct author and copyright right claimant. The application in question was signed by Lee Kar Yin with the reliance on counsel that everything was correctly stated. To the extent that the registration does not reflect the correct author and copyright claimant, Plaintiff has corrected that information, as is allowed under Copyright Office practice. However, Plaintiff does admit that as of the date the application was filed, Wave-S was no longer doing business.

REQUEST FOR ADMISSION NO. 37.

Admit that at the time Lee Kar Yin certified Copyright Registration No. VAu 1-060-182, Wave-S had been formally stricken off from the register under section 344 of the companies Act in Singapore.

/ / /

RESPONSE TO REQUEST FOR ADMISSION NO. 37.

Plaintiff objects to the term "certified" as vague and ambiguous in this context and on that basis denies this request. The application in question was signed by Lee Kar Yin with the reliance on counsel that everything was correctly stated. However, as has been corrected, the application should have reflected Lee Kar Yin as the claimant. Further, Plaintiff does admit that as of the date the application was filed, Wave-S had been stricken off the register under Section 344 of the Companies Act of Singapore.

REQUEST FOR ADMISSION NO. 38.

Admit that at the time Lee Kar Yin certified Copyright Registration No. VAu 1-060-182, Wave-S did not exist.

RESPONSE TO REQUEST FOR ADMISSION NO. 38.

Plaintiff objects to the term "certified" as vague and ambiguous in this context and on that basis denies this request. The application in question was signed by Lee Kar Yin with the reliance on counsel that everything was correctly stated. However, as has been corrected, the application should have reflected Lee Kar Yin as the claimant. Plaintiff also denies that Wave-S did not exist at the time of the application. It was merely a dissolved corporation at that time.

REQUEST FOR ADMISSION NO. 39.

Admit that all right title and interest in and to the copyright in setai959 was assigned to The Wave Design Pte. Ltd. on February 15, 2007.

RESPONSE TO REQUEST FOR ADMISSION NO. 39.

Denied.

REQUEST FOR ADMISSION NO. 40.

Admit that on December 29, 2010, Wave-S did not own any interest in or to setai959.

16

RESPONSE TO REQUEST FOR ADMISSION NO. 40.

Admitted. However, the application should have reflected Lee Kar Yin as the claimant. As Defendant is aware, Plaintiff has corrected the author/claimant for the registration, as authorized under applicable Copyright Office procedure.

REQUEST FOR ADMISSION NO. 41.

Admit that on December 30, 2010, Wave-S did not own any interest in or to setai959.

RESPONSE TO REQUEST FOR ADMISSION NO. 41.

Admitted. However, as has been corrected, the application should have reflected Lee Kar Yin as the claimant.

REQUEST FOR ADMISSION NO. 42.

Admit that Copyright Registration No. VA 1-432-329, attached as part of Exhibit 1 to Plaintiff's Complaint in this proceeding, shows an effective date of registration of December 29, 2010.

RESPONSE TO REQUEST FOR ADMISSION NO. 42.

Admitted.

REQUEST FOR ADMISSION NO. 43.

Admit that Copyright Registration No. VA 1-432-329, attached as part of Exhibit 1 to Plaintiff's Complaint in this proceeding, registers the following photographs: leelaOOl-leelal60; setai001-setai041; chedichub00l-chedichbl40; legianclub017-legianclub0l1; legian026-legian065; chiangmai001-chiangmai075 (hereinafter, collectively "The '329 Works").

RESPONSE TO REQUEST FOR ADMISSION NO. 43.

Admitted.

/ / /

REQUEST FOR ADMISSION NO. 44.

Admit that each of The '329 Works are included as part of The Exhibit A Works as defined above.

RESPONSE TO REQUEST FOR ADMISSION NO. 44.

Admitted that the '329 works are included as part of the Exhibit A Works to the ineffective, void *ab initio* assignment to which the Exhibit A Works were attached.

REQUEST FOR ADMISSION NO. 45.

Admit that Copyright Registration No. VA 1-432-329, attached as part of Exhibit 1 to Plaintiff's Complaint in this proceeding, lists Wave-S as the author and the copyright claimant.

RESPONSE TO REQUEST FOR ADMISSION NO. 45.

Admitted. However, as has been corrected under applicable Copyright Office procedure, the application should have reflected Lee Kar Yin as the claimant.

REQUEST FOR ADMISSION NO. 46.

Admit that on the date the application to register Copyright Registration No. VA 1-432-329 was submitted to the United States Copyright Office, Wave-S was no longer in business.

RESPONSE TO REQUEST FOR ADMISSION NO. 46.

Admitted. However, as has been corrected under applicable Copyright Office procedure, the application should have reflected Lee Kar Yin as the claimant.

REQUEST FOR ADMISSION NO. 47.

Admit that on the date the application to register Copyright Registration No. VA 1-432-329 was submitted to the United States Copyright Office, Wave-S had been formally stricken off from the register under section 344 of the companies Act in Singapore.

/ / /

18

RESPONSE TO REQUEST FOR ADMISSION NO. 47.

Admitted. However, as has been corrected under applicable Copyright Office procedure, the application should have reflected Lee Kar Yin as the claimant.

REQUEST FOR ADMISSION NO. 48.

Admit that on the date the application to register Copyright Registration No. VA 1-432-329 was submitted to the United States Copyright Office, Wave-S did not exist.

RESPONSE TO REQUEST FOR ADMISSION NO. 48.

Denied. As of the date of the referenced application, Wave-S had been dissolved, but still existed. Moreover, as has been corrected under applicable Copyright Office procedure, the application should have reflected Lee Kar Yin as the claimant.

REQUEST FOR ADMISSION NO. 49.

Admit that the application for Copyright Registration No. VA 1-432-329, attached as part of Exhibit 1 to Plaintiff's Complaint in this proceeding, was certified by Lee Kar Yin as the authorized agent of Wave-S on December 28, 2010.

RESPONSE TO REQUEST FOR ADMISSION NO. 49.

Plaintiff objects to the term "certified" as vague and ambiguous in this context and on that basis denies this request. The application in question was signed by Lee Kar Yin with the reliance on counsel that everything was correctly stated. However, as has been corrected, the application should have reflected Lee Kar Yin as the claimant. Wave-S had been stricken off the register under Section 344 of the Companies Act of Singapore.

REQUEST FOR ADMISSION NO. 50.

Admit that at the time Lee Kar Yin certified Copyright Registration No. VA 1-432-329 as the authorized agent of Wave-S, Wave-S was no longer in business.

RESPONSE TO REQUEST FOR ADMISSION NO. 50.

Plaintiff objects to the term "certified" as vague and ambiguous in this context and on that basis denies this request. The application in question was signed by Lee Kar Yin with the reliance on counsel that everything was correctly stated. However, as has been corrected, the application should have reflected Lee Kar Yin as the claimant. Further, Plaintiff does admit that as of the date the application was filed, Wave-S was no longer doing business.

REQUEST FOR ADMISSION NO. 51.

Admit that at the time Lee Kar Yin certified Copyright Registration No. VA 1-432-329 as the authorized agent of Wave-S, Wave-S had been formally stricken off from the register under section 344 of the companies Act in Singapore.

RESPONSE TO REQUEST FOR ADMISSION NO. 51.

Plaintiff objects to the term "certified" as vague and ambiguous in this context and on that basis denies this request. The application in question was signed by Lee Kar Yin with the reliance on counsel that everything was correctly stated. However, as has been corrected, the application should have reflected Lee Kar Yin as the claimant. Further, Plaintiff does admit that as of the date the application was filed, Wave-S had been stricken off from the register under Section 344 of the Companies Act of Singapore.

REQUEST FOR ADMISSION NO. 52.

Admit that at the time Lee Kar Yin certified Copyright Registration No. VA 1-432-329 as the authorized agent of Wave-S, Wave-S did not exist.

RESPONSE TO REQUEST FOR ADMISSION NO. 52.

Plaintiff objects to the term "certified" as vague and ambiguous in this context and on that basis denies this request. Notwithstanding this objection, Plaintiff responds as follows:

Denied. While Wave-S had been dissolved, it still existed. The application in question was signed by Lee Kar Yin with the reliance on counsel that everything was correctly stated. However, as has been corrected, the application should have reflected Lee Kar Yin as the claimant. Further, Plaintiff does admit that as of the date the application was filed, Wave-S was no longer doing business.

REQUEST FOR ADMISSION NO. 53.

Admit that all right title and interest in and to the copyright in The '329 Works was assigned to The Wave Design Pte. Ltd. on February 15, 2007.

RESPONSE TO REQUEST FOR ADMISSION NO. 53.

Denied.

REQUEST FOR ADMISSION NO. 54.

Admit that on December 28, 2010, Wave-S did not own any interest in or to any of The '329 Works.

RESPONSE TO REQUEST FOR ADMISSION NO. 54.

Admitted. To the extent that the '329 registration does not reflect the correct author and copyright claimant, Plaintiff has corrected that information, as is allowed under Copyright Office practice..

REQUEST FOR ADMISSION NO. 55.

Admit that on December 29, 2010, Wave-S did not own any interest in or to the '329 Works.

///

///

21

RESPONSE TO REQUEST FOR ADMISSION NO. 55.

Admitted.  To the extent that the '329 registration does not reflect the correct author and copyright claimant, Plaintiff has corrected that information, as is allowed under Copyright Office practice.

REQUEST FOR ADMISSION NO. 56.

Admit that Copyright Registration No. VA 1-432- 328, attached as part of Exhibit 1 to Plaintiff's Complaint in this proceeding, shows an effective date of registration of December 29, 2010.

RESPONSE TO REQUEST FOR ADMISSION NO. 56.

Admitted.

REQUEST FOR ADMISSION NO. 57.

Admit that Copyright Registration No. VA 1-432-328, attached as part of Exhibit 1 to Plaintiff's Complaint in this proceeding, registers the following photographs: muscat030-muscat148; laku159; legian007-legian025 (hereinafter, collectively "The '328 Works").

RESPONSE TO REQUEST FOR ADMISSION NO. 57.

Admitted.

REQUEST FOR ADMISSION NO. 58.

Admit that muscat030-muscat148 and legian007- legian025 are included as part of The Exhibit A Works as defined above.

RESPONSE TO REQUEST FOR ADMISSION NO. 58.

Admitted that muscat030-muscat148 and legian007- legian025 are included as part of the Exhibit A Works to the ineffective, void *ab initio* assignment to which the Exhibit A Works were attached.

22

REQUEST FOR ADMISSION NO. 59.

Admit that Copyright Registration No. VA 1-432- 328, attached as part of Exhibit 1 to Plaintiff's Complaint in this proceeding, lists Wave-S as the author (as an employer for hire of Masano Kawana) and the copyright claimant.

RESPONSE TO REQUEST FOR ADMISSION NO. 59.

Denied to the extent that this request suggests that the referenced copyright registration does not currently reflect the correct author and claimant. However, Plaintiff admits that on the date that the application for the referenced registration was filed, it incorrectly listed Wave-S as the author (as an employer for hire of Masano Kawana) and the copyright claimant. Plaintiff has submitted appropriate paperwork with the Copyright Office, as allowed under Copyright Office procedure, to correct the author and claimant on the registration.

REQUEST FOR ADMISSION NO. 60.

Admit that on the date the application to register Copyright Registration No. VA 1-432-328 was submitted to the United States Copyright Office, Wave-S was no longer in business.

RESPONSE TO REQUEST FOR ADMISSION NO. 60.

Denied to the extent that this request suggests that the referenced copyright registration does not currently reflect the correct author and claimant. However, Plaintiff admits that on the date that the referenced copyright application and registration was filed, it listed Wave-S as the author and copyright claimant. Plaintiff has submitted appropriate paperwork with the Copyright Office, as allowed under Copyright Office procedure, to correct the author and claimant on the registration.

/ / /

/ / /

REQUEST FOR ADMISSION NO. 61.

Admit that on the date the application to register Copyright Registration No. VA 1-432-328 was submitted to the United States Copyright Office, Wave-S had been formally stricken off from the register under section 344 of the companies Act in Singapore.

RESPONSE TO REQUEST FOR ADMISSION NO. 61.

Denied to the extent that this request suggests that the copyright registration does not currently reflect the correct author and claimant. Plaintiff has submitted appropriate paperwork with the Copyright Office, as allowed under Copyright Office procedure, to correct the author and claimant on the registration. However, Plaintiff admits that on the date that the referenced copyright application and registration was filed, Wave-S had been formally stricken off from the register under section 344 of the companies Act in Singapore.

REQUEST FOR ADMISSION NO. 62.

Admit that on the date the application to register Copyright Registration No. VA 1-432-328 was submitted to the United States Copyright Office, Wave-S did not exist.

RESPONSE TO REQUEST FOR ADMISSION NO. 62.

Denied. Wave-S existed on the date of the referenced application but as a dissolved corporation.

REQUEST FOR ADMISSION NO. 63.

Admit that the application for Copyright Registration No. VA 1-432-328, attached as part of Exhibit 1 to Plaintiff's Complaint in this proceeding, was certified by Lee Kar Yin as the authorized agent of Wave-S on December 28, 2010.

///

///

24

RESPONSE TO REQUEST FOR ADMISSION NO. 63.

Plaintiff objects to the term "certified" as vague and ambiguous in this context and on that basis denies this request. This request is denied to the extent that it suggests that the referenced registration does not list the correct author and copyright right claimant. The application in question was signed by Lee Kar Yin with the reliance on counsel that everything was correctly stated. To the extent that the registration does not reflect the correct author and copyright claimant, Plaintiff has corrected that information, as is allowed under Copyright Office practice.

REQUEST FOR ADMISSION NO. 64.

Admit that at the time Lee Kar Yin certified Copyright Registration No. VA 1-432-328 as the authorized agent of Wave-S, Wave-S was no longer in business.

RESPONSE TO REQUEST FOR ADMISSION NO. 64.

Plaintiff objects to the term "certified" as vague and ambiguous in this context and on that basis denies this request. This request is denied to the extent that it suggests that the referenced registration does not list the correct author and copyright right claimant. The application in question was signed by Lee Kar Yin with the reliance on counsel that everything was correctly stated. To the extent that the registration does not reflect the correct author and copyright claimant, Plaintiff has corrected that information, as is allowed under Copyright Office practice. However, Plaintiff does admit that as of the date the application was filed, Wave-S was no longer doing business.

/ / /

/ / /

25

REQUEST FOR ADMISSION NO. 65.

Admit that at the time Lee Kar Yin certified Copyright Registration No. VA 1-432-328 as the authorized agent of Wave-S, Wave-S had been formally stricken off from the register under section 344 of the companies Act in Singapore.

RESPONSE TO REQUEST FOR ADMISSION NO. 65.

Plaintiff objects to the term "certified" as vague and ambiguous in this context and on that basis denies this request. This request is denied to the extent that it suggests that the referenced registration does not list the correct author and copyright right claimant. The application in question was signed by Lee Kar Yin with the reliance on counsel that everything was correctly stated. To the extent that the registration does not reflect the correct author and copyright claimant, Plaintiff has corrected that information, as is allowed under Copyright Office practice. However, Plaintiff does admit that as of the date the application was filed, Wave-S had been formally stricken off from the register under section 344 of the companies Act in Singapore.

REQUEST FOR ADMISSION NO. 66.

Admit that at the time Lee Kar Yin certified Copyright Registration No. VA 1-432-328 as the authorized agent of Wave-S, Wave-S did not exist.

RESPONSE TO REQUEST FOR ADMISSION NO. 66.

Plaintiff objects to the term "certified" as vague and ambiguous in this context and on that basis denies this request. This request is denied to the extent that it suggests that the referenced registration does not list the correct author and copyright right claimant. The application in question was signed by Lee Kar Yin with the reliance on counsel that everything was correctly stated. To the extent that the registration does not reflect the correct author and

copyright claimant, Plaintiff has corrected that information, as is allowed under Copyright Office

practice. Plaintiff further denies that as of the date the application was filed Wave-S did not

exist. It was merely a dissolved corporation at that time.

REQUEST FOR ADMISSION NO. 67.

Admit that all right title and interest in and to the copyright in muscat030-muscat148 and

legian007-legian025 was assigned to The Wave Design Pte. Ltd. on February 15, 2007.

RESPONSE TO REQUEST FOR ADMISSION NO. 67.

Denied.

REQUEST FOR ADMISSION NO. 68.

Admit that on December 28, 2010, Wave-S did not own any interest in or to muscat030-

muscat148 and legian007-legian025.

RESPONSE TO REQUEST FOR ADMISSION NO. 68.

Admitted.

REQUEST FOR ADMISSION NO. 69.

Admit that on December 29, 2010, Wave-S did not own any interest in or to muscat030-

muscat148 and legian007-legian025.

RESPONSE TO REQUEST FOR ADMISSION NO. 69.

Admitted. To the extent that the '328 registration does not reflect the correct author and

copyright claimant, Plaintiff has corrected that information, as is allowed under Copyright Office

practice.

/ / /

/ / /

REQUEST FOR ADMISSION NO. 70.

Admit that Copyright Registration No. VA 1-432- 325, attached as part of Exhibit 1 to Plaintiff's Complaint in this proceeding, shows an effective date of registration of December 28, 2010.

RESPONSE TO REQUEST FOR ADMISSION NO. 70.

Admitted.

REQUEST FOR ADMISSION NO. 71.

Admit that Copyright Registration No. VA 1-432-325, attached as part of Exhibit 1 to Plaintiff's Complaint in this proceeding, registers the following photographs: lalm027-lalul58; muscat001-muscat029; legianclub001-legianclub015; legian001-legian006; phuket042 (hereinafter, collectively "The '325 Works").

RESPONSE TO REQUEST FOR ADMISSION NO. 71.

Admitted.

REQUEST FOR ADMISSION NO. 72.

Admit that The '325 Works are included as part of The Exhibit A Works as defined above.

RESPONSE TO REQUEST FOR ADMISSION NO. 72.

Admitted that The '325 Works are included as part of the Exhibit A Works to the ineffective, void *ab initio* assignment to which the Exhibit A Works were attached.

REQUEST FOR ADMISSION NO. 73.

Admit that Copyright Registration No. VA 1-432-325, attached as part of Exhibit 1 to Plaintiff's Complaint in this proceeding, lists Wave-S as the author (as an employer for hire of Masano Kawana) and the copyright claimant.

RESPONSE TO REQUEST FOR ADMISSION NO. 73.

Denied to the extent that this request suggests that the referenced copyright registration does not currently reflect the correct author and claimant. However, Plaintiff admits that on the date that the application for the referenced registration was filed, it incorrectly listed Wave-S as the author (as an employer for hire of Masano Kawana) and the copyright claimant. Plaintiff has submitted appropriate paperwork with the Copyright Office, as allowed under Copyright Office procedure, to correct the author and claimant on the registration.

REQUEST FOR ADMISSION NO. 74.

Admit that on the date the application to register Copyright Registration No. VA 1-432-325 was submitted to the United States Copyright Office, Wave-S was no longer in business.

RESPONSE TO REQUEST FOR ADMISSION NO. 74.

Denied to the extent that this request suggests that the referenced copyright registration does not currently reflect the correct author and claimant. However, Plaintiff admits that on the date that the referenced copyright application and registration was filed, Wave-S was no longer doing business. Plaintiff has submitted appropriate paperwork with the Copyright Office, as allowed under Copyright Office procedure, to correct the author and claimant on the registration.

REQUEST FOR ADMISSION NO. 75.

Admit that on the date the application to register Copyright Registration No. VA 1-432-325 was submitted to the United States Copyright Office, Wave-S had been formally stricken off from the register under section 344 of the companies Act in Singapore.

RESPONSE TO REQUEST FOR ADMISSION NO. 75.

Denied to the extent that this request suggests that the copyright registration does not currently reflect the correct author and claimant. Plaintiff has submitted appropriate paperwork

29

with the Copyright Office, as allowed under Copyright Office procedure, to correct the author and claimant on the registration. However, Plaintiff admits that on the date that the referenced copyright application and registration was filed, Wave-S had been formally stricken off from the register under section 344 of the companies Act in Singapore.

REQUEST FOR ADMISSION NO. 76.

Admit that on the date the application to register Copyright Registration No. VA 1-432-325 was submitted to the United States Copyright Office, Wave-S did not exist.

RESPONSE TO REQUEST FOR ADMISSION NO. 76.

Denied. Wave-S existed on the date of the referenced application but as a dissolved corporation.

REQUEST FOR ADMISSION NO. 77.

Admit that the application for Copyright Registration No. VA 1-432-325, attached as part of Exhibit 1 to Plaintiff's Complaint in this proceeding, was certified by Lee Kar Yin as the authorized agent of Wave-S on December 28, 2010.

RESPONSE TO REQUEST FOR ADMISSION NO. 77.

Plaintiff objects to the term "certified" as vague and ambiguous in this context and on that basis denies this request. This request is denied to the extent that it suggests that the referenced registration does not list the correct author and copyright right claimant. The application in question was signed by Lee Kar Yin with the reliance on counsel that everything was correctly stated. To the extent that the registration does not reflect the correct author and copyright claimant, Plaintiff has corrected that information, as is allowed under Copyright Office practice.

/ / /

REQUEST FOR ADMISSION NO. 78.

Admit that at the time Lee Kar Yin certified Copyright Registration No. VA 1-432-325 as the authorized agent of Wave-S, Wave-S was no longer in business.

RESPONSE TO REQUEST FOR ADMISSION NO. 78.

Plaintiff objects to the term "certified" as vague and ambiguous in this context and on that basis denies this request. This request is denied to the extent that it suggests that the referenced registration does not list the correct author and copyright right claimant. The application in question was signed by Lee Kar Yin with the reliance on counsel that everything was correctly stated. To the extent that the registration does not reflect the correct author and copyright claimant, Plaintiff has corrected that information, as is allowed under Copyright Office practice. However, Plaintiff does admit that as of the date the application was filed, Wave-S was no longer doing business.

REQUEST FOR ADMISSION NO. 79.

Admit that at the time Lee Kar Yin certified Copyright Registration No. VA 1-432-325 as the authorized agent of Wave-S, Wave-S had been formally stricken off from the register under section 344 of the companies Act in Singapore.

RESPONSE TO REQUEST FOR ADMISSION NO. 79.

Plaintiff objects to the term "certified" as vague and ambiguous in this context and on that basis denies this request. This request is denied to the extent that it suggests that the referenced registration does not list the correct author and copyright right claimant. The application in question was signed by Lee Kar Yin with the reliance on counsel that everything was correctly stated. To the extent that the registration does not reflect the correct author and copyright claimant, Plaintiff has corrected that information, as is allowed under Copyright Office

practice. However, Plaintiff does admit that as of the date the application was filed, Wave-S had been formally stricken off from the register under section 344 of the companies Act in Singapore.

REQUEST FOR ADMISSION NO. 80.

Admit that at the time Lee Kar Yin certified Copyright Registration No. VA 1-432-325 as the authorized agent of Wave-S, Wave-S did not exist.

RESPONSE TO REQUEST FOR ADMISSION NO. 80.

Plaintiff objects to the term "certified" as vague and ambiguous in this context and on that basis denies this request. This request is denied to the extent that it suggests that the referenced registration does not list the correct author and copyright right claimant. The application in question was signed by Lee Kar Yin with the reliance on counsel that everything was correctly stated. To the extent that the registration does not reflect the correct author and copyright claimant, Plaintiff has corrected that information, as is allowed under Copyright Office practice. Plaintiff further denies that as of the date the application was filed Wave-S did not exist. It was merely a dissolved corporation at that time.

REQUEST FOR ADMISSION NO. 81.

Admit that all right title and interest in and to the copyright in The '325 Works was assigned to The Wave Design Pte. Ltd. on February 15, 2007.

RESPONSE TO REQUEST FOR ADMISSION NO. 81.

Denied.

REQUEST FOR ADMISSION NO. 82.

Admit that on December 28, 2010, Wave-S did not own any interest in or to The '325 Works.

32

RESPONSE TO REQUEST FOR ADMISSION NO. 82.

Admitted. To the extent that the '325 registration does not reflect the correct author and copyright claimant, Plaintiff has corrected that information, as is allowed under Copyright Office practice.

REQUEST FOR ADMISSION NO. 83.

Admit that Copyright Registration No. VA 1-432-324, attached as part of Exhibit 1 to Plaintiff's Complaint in this proceeding, shows an effective date of registration of December 28, 2010.

RESPONSE TO REQUEST FOR ADMISSION NO. 83.

Admitted.

REQUEST FOR ADMISSION NO. 84.

Admit that Copyright Registration No. VA 1-432-324, attached as part of Exhibit 1 to Plaintiff's Complaint in this proceeding, registers the following photographs: phuket001-041; lalu001-lalu026 (hereinafter, collectively "The '324 Works").

RESPONSE TO REQUEST FOR ADMISSION NO. 84.

Admitted.

REQUEST FOR ADMISSION NO. 85.

Admit that The '324 Works are included as part of The Exhibit A Works as defined above.

RESPONSE TO REQUEST FOR ADMISSION NO. 85.

Admitted that The '324 Works are included as part of the Exhibit A Works to the ineffective, void *ab initio* assignment to which the Exhibit A Works were attached.

///

REQUEST FOR ADMISSION NO. 86.

Admit that Copyright Registration No. VA 1-432-324, attached as part of Exhibit 1 to Plaintiff's Complaint in this proceeding, lists Wave-S as the author (as an employer for hire of Masano Kawana) and the copyright claimant.

RESPONSE TO REQUEST FOR ADMISSION NO. 86.

Denied to the extent that this request suggests that the referenced copyright registration does not currently reflect the correct author and claimant. However, Plaintiff admits that on the date that the application for the referenced registration was filed, it incorrectly listed Wave-S as the author (as an employer for hire of Masano Kawana) and the copyright claimant.  Plaintiff has submitted appropriate paperwork with the Copyright Office, as allowed under Copyright Office procedure, to correct the author and claimant on the registration.

REQUEST FOR ADMISSION NO. 87.

Admit that on the date the application to register Copyright Registration No. VA 1-432-324 was submitted to the United States Copyright Office, Wave-S was no longer in business.

RESPONSE TO REQUEST FOR ADMISSION NO. 87.

Denied to the extent that this request suggests that the referenced copyright registration does not currently reflect the correct author and claimant. However, Plaintiff admits that on the date that the referenced copyright application and registration was filed, Wave-S was no longer doing business.  Plaintiff has submitted appropriate paperwork with the Copyright Office, as allowed under Copyright Office procedure, to correct the author and claimant on the registration.

REQUEST FOR ADMISSION NO. 88.

Admit that on the date the application to register Copyright Registration No. VA 1-432-324 was submitted to the United States Copyright Office, Wave-S had been formally stricken off

34

from the register under section 344 of the companies Act in Singapore.

RESPONSE TO REQUEST FOR ADMISSION NO. 88.

Denied to the extent that this request suggests that the copyright registration does not currently reflect the correct author and claimant. Plaintiff has submitted appropriate paperwork with the Copyright Office, as allowed under Copyright Office procedure, to correct the author and claimant on the registration. However, Plaintiff admits that on the date that the referenced copyright application and registration was filed, Wave-S had been formally stricken off from the register under section 344 of the companies Act in Singapore.

REQUEST FOR ADMISSION NO. 89.

Admit that on the date the application to register Copyright Registration No. VA 1-432-324 was submitted to the United States Copyright Office, Wave-S did not exist.

RESPONSE TO REQUEST FOR ADMISSION NO. 89.

Denied.  Wave-S existed on the date of the referenced application but as a dissolved corporation.

REQUEST FOR ADMISSION NO. 90.

Admit that the application for Copyright Registration No. VA 1-432-324, attached as part of Exhibit 1 to Plaintiff's Complaint in this proceeding, was certified by Lee Kar Yin as the authorized agent of Wave-S on December 28, 2010.

RESPONSE TO REQUEST FOR ADMISSION NO. 90.

Plaintiff objects to the term "certified" as vague and ambiguous in this context and on that basis denies this request. This request is denied to the extent that it suggests that the referenced registration does not list the correct author and copyright right claimant. The application in question was signed by Lee Kar Yin with the reliance on counsel that everything

35

was correctly stated. To the extent that the registration does not reflect the correct author and copyright claimant, Plaintiff has corrected that information, as is allowed under Copyright Office practice.

REQUEST FOR ADMISSION NO. 91.

Admit that at the time Lee Kar Yin certified Copyright Registration No. VA 1-432-324 as authorized agent of Wave-S, Wave-S was no longer in business.

RESPONSE TO REQUEST FOR ADMISSION NO. 91.

Plaintiff objects to the term "certified" as vague and ambiguous in this context and on that basis denies this request. This request is denied to the extent that it suggests that the referenced registration does not list the correct author and copyright right claimant. The application in question was signed by Lee Kar Yin with the reliance on counsel that everything was correctly stated. To the extent that the registration does not reflect the correct author and copyright claimant, Plaintiff has corrected that information, as is allowed under Copyright Office practice. However, Plaintiff does admit that as of the date the application was filed, Wave-S was no longer doing business.

REQUEST FOR ADMISSION NO. 92.

Admit that at the time Lee Kar Yin certified Copyright Registration No. VA 1-432-324 as authorized agent of Wave-S, Wave-S had been formally stricken off from the register under section 344 of the companies Act in Singapore.

RESPONSE TO REQUEST FOR ADMISSION NO. 92.

Plaintiff objects to the term "certified" as vague and ambiguous in this context and on that basis denies this request. This request is denied to the extent that it suggests that the referenced registration does not list the correct author and copyright right claimant. The

application in question was signed by Lee Kar Yin with the reliance on counsel that everything was correctly stated. To the extent that the registration does not reflect the correct author and copyright claimant, Plaintiff has corrected that information, as is allowed under Copyright Office practice. However, Plaintiff does admit that as of the date the application was filed, Wave-S had been formally stricken off from the register under section 344 of the companies Act in Singapore.

REQUEST FOR ADMISSION NO. 93.

Admit that at the time Lee Kar Yin certified Copyright Registration No. VA 1-432-324 as authorized agent of Wave-S, Wave-S did not exist.

RESPONSE TO REQUEST FOR ADMISSION NO. 93.

Denied. Wave-S existed but only as a dissolved corporation.

REQUEST FOR ADMISSION NO. 94.

Admit that all right title and interest in and to the copyright in The '324 Works was assigned to The Wave Design Pte. Ltd. on February 15, 2007.

RESPONSE TO REQUEST FOR ADMISSION NO. 94.

Denied.

REQUEST FOR ADMISSION NO. 95.

Admit that on December 28, 2010, Wave-S did not own any interest in or to The '324 Works.

RESPONSE TO REQUEST FOR ADMISSION NO. 95.

Admitted. To the extent that the '324 registration does not reflect the correct author and copyright claimant, Plaintiff has corrected that information, as is allowed under Copyright Office practice.

37

REQUEST FOR ADMISSION NO. 96.

Admit that Copyright Registration No. VA 1-432-336 has an effective date of registration of January 1, 2011.

RESPONSE TO REQUEST FOR ADMISSION NO. 96.

Admitted.

REQUEST FOR ADMISSION NO. 97.

Admit that Copyright Registration No. VA 1-432-336 lists Wave-S as the copyright claimant.

RESPONSE TO REQUEST FOR ADMISSION NO. 97.

Denied to the extent that this request suggests that the referenced copyright registration does not currently reflect the correct author and claimant. However, Plaintiff admits that on the date that the application for the referenced registration was filed, it incorrectly listed Wave-S as the author and the copyright claimant. Plaintiff has submitted appropriate paperwork with the Copyright Office, as allowed under Copyright Office procedure, to correct the author and claimant on the registration.

REQUEST FOR ADMISSION NO. 98.

Admit that on the date the application to register Copyright Registration No. VA 1-432-336 was submitted to the United States Copyright Office, Wave-S was no longer in business.

RESPONSE TO REQUEST FOR ADMISSION NO. 98.

Denied to the extent that this request suggests that the referenced copyright registration does not currently reflect the correct author and claimant. However, Plaintiff admits that on the date that the referenced copyright application and registration was filed, Wave-S was no longer

/ / /

38

doing business. Plaintiff has submitted appropriate paperwork with the Copyright Office, as allowed under Copyright Office procedure, to correct the author and claimant on the registration.

REQUEST FOR ADMISSION NO. 99.

Admit that on the date the application to register Copyright Registration No. VA 1-432-336 was submitted to the United States Copyright Office, Wave-S had been formally stricken off from the register under section 344 of the companies Act in Singapore.

RESPONSE TO REQUEST FOR ADMISSION NO. 99.

Denied to the extent that this request suggests that the copyright registration does not currently reflect the correct author and claimant. Plaintiff has submitted appropriate paperwork with the Copyright Office, as allowed under Copyright Office procedure, to correct the author and claimant on the registration. However, Plaintiff admits that on the date that the referenced copyright application and registration was filed, Wave-S had been formally stricken off from the register under section 344 of the companies Act in Singapore.

REQUEST FOR ADMISSION NO. 100.

Admit that on the date the application to register Copyright Registration No. VA 1-432-336 was submitted to the United States Copyright Office, Wave-S did not exist.

RESPONSE TO REQUEST FOR ADMISSION NO. 100.

Denied. Wave-S existed on the date of the referenced application but as a dissolved corporation.

REQUEST FOR ADMISSION NO. 101.

Admit that the application for Copyright Registration No. VA 1-432-336 was certified by Lee Kar Yin as the authorized agent of Wave-S.

///

39

RESPONSE TO REQUEST FOR ADMISSION NO. 101.

Plaintiff objects to the term "certified" as vague and ambiguous in this context and on that basis denies this request. This request is denied to the extent that it suggests that the referenced registration does not list the correct author and copyright right claimant. The application in question was signed by Lee Kar Yin with the reliance on counsel that everything was correctly stated. To the extent that the registration does not reflect the correct author and copyright claimant, Plaintiff has corrected that information, as is allowed under Copyright Office practice.

REQUEST FOR ADMISSION NO. 102.

Admit that at the time Lee Kar Yin certified Copyright Registration No. VA 1-432-336 as authorized agent of Wave-S, Wave-S was no longer in business.

RESPONSE TO REQUEST FOR ADMISSION NO. 102.

Plaintiff objects to the term "certified" as vague and ambiguous in this context and on that basis denies this request. This request is denied to the extent that it suggests that the referenced registration does not list the correct author and copyright right claimant. The application in question was signed by Lee Kar Yin with the reliance on counsel that everything was correctly stated. To the extent that the registration does not reflect the correct author and copyright claimant, Plaintiff has corrected that information, as is allowed under Copyright Office practice. However, Plaintiff does admit that as of the date the application was filed, Wave-S was no longer doing business.

/ / /

/ / /

REQUEST FOR ADMISSION NO. 103.

Admit that at the time Lee Kar Yin certified Copyright Registration No. VA 1-432-336 as authorized agent of Wave-S, Wave-S had been formally stricken off from the register under section 344 of the companies Act in Singapore.

RESPONSE TO REQUEST FOR ADMISSION NO. 103.

Plaintiff objects to the term "certified" as vague and ambiguous in this context and on that basis denies this request. This request is denied to the extent that it suggests that the referenced registration does not list the correct author and copyright right claimant. The application in question was signed by Lee Kar Yin with the reliance on counsel that everything was correctly stated. To the extent that the registration does not reflect the correct author and copyright claimant, Plaintiff has corrected that information, as is allowed under Copyright Office practice. However, Plaintiff does admit that as of the date the application was filed, Wave-S had been formally stricken off from the register under section 344 of the companies Act in Singapore.

REQUEST FOR ADMISSION NO. 104.

Admit that at the time Lee Kar Yin certified Copyright Registration No. VA 1-432-336 as authorized agent of Wave-S, Wave-S did not exist.

RESPONSE TO REQUEST FOR ADMISSION NO. 104.

Denied. Wave-S existed on the date of the referenced application but as a dissolved corporation.

REQUEST FOR ADMISSION NO. 105.

Admit that Copyright Registration No. VA 1-758- 524 has an effective date of registration of February 18, 2011.

41

RESPONSE TO REQUEST FOR ADMISSION NO. 105.

Admitted.

REQUEST FOR ADMISSION NO. 106.

Admit that Copyright Registration No. VA 1-758- 524 lists Wave-S as the copyright claimant.

RESPONSE TO REQUEST FOR ADMISSION NO. 106.

Denied to the extent that this request suggests that the referenced copyright registration does not currently reflect the correct author and claimant. However, Plaintiff admits that on the date that the application for the referenced registration was filed, it incorrectly listed Wave-S as the author and the copyright claimant. Plaintiff has submitted appropriate paperwork with the Copyright Office, as allowed under Copyright Office procedure, to correct the author and claimant on the registration.

REQUEST FOR ADMISSION NO. 107.

Admit that on the date the application to register Copyright Registration No. VA 1-758-524 was submitted to the United States Copyright Office, Wave-S was no longer in business.

RESPONSE TO REQUEST FOR ADMISSION NO. 107.

Denied to the extent that this request suggests that the referenced copyright registration does not currently reflect the correct author and claimant. However, Plaintiff admits that on the date that the referenced copyright application and registration was filed, Wave-S was no longer doing business. Plaintiff has submitted appropriate paperwork with the Copyright Office, as allowed under Copyright Office procedure, to correct the author and claimant on the registration.

/ / /

/ / /

42

REQUEST FOR ADMISSION NO. 108.

Admit that on the date the application to register Copyright Registration No. VA 1-758-524 was submitted to the United States Copyright Office, Wave-S had been formally stricken off from the register under section 344 of the companies Act in Singapore.

RESPONSE TO REQUEST FOR ADMISSION NO. 108.

Denied to the extent that this request suggests that the copyright registration does not currently reflect the correct author and claimant. Plaintiff has submitted appropriate paperwork with the Copyright Office, as allowed under Copyright Office procedure, to correct the author and claimant on the registration. However, Plaintiff admits that on the date that the referenced copyright application and registration was filed, Wave-S had been formally stricken off from the register under section 344 of the companies Act in Singapore.

REQUEST FOR ADMISSION NO. 109.

Admit that on the date the application to register Copyright Registration No. VA 1-758-524 was submitted to the United States Copyright Office, Wave-S did not exist.

RESPONSE TO REQUEST FOR ADMISSION NO. 109.

Denied. Wave-S existed but as a dissolved corporation.

REQUEST FOR ADMISSION NO. 110.

Admit that the application for Copyright Registration No. VA 1-758-524 was certified by Lee Kar Yin as the authorized agent of Wave-S.

RESPONSE TO REQUEST FOR ADMISSION NO. 110.

Plaintiff objects to the term "certified" as vague and ambiguous in this context and on that basis denies this request. This request is denied to the extent that it suggests that the referenced registration does not list the correct author and copyright right claimant. The

application in question was signed by Lee Kar Yin with the reliance on counsel that everything was correctly stated. To the extent that the registration does not reflect the correct author and copyright claimant, Plaintiff has corrected that information, as is allowed under Copyright Office practice.

REQUEST FOR ADMISSION NO. 111.

Admit that at the time Lee Kar Yin certified Copyright Registration No. VA 1-758-524 as authorized agent of Wave-S, Wave-S was no longer in business.

RESPONSE TO REQUEST FOR ADMISSION NO. 111.

Plaintiff objects to the term "certified" as vague and ambiguous in this context and on that basis denies this request. This request is denied to the extent that it suggests that the referenced registration does not list the correct author and copyright right claimant. The application in question was signed by Lee Kar Yin with the reliance on counsel that everything was correctly stated. To the extent that the registration does not reflect the correct author and copyright claimant, Plaintiff has corrected that information, as is allowed under Copyright Office practice. However, Plaintiff does admit that as of the date the application was filed, Wave-S was no longer doing business.

REQUEST FOR ADMISSION NO. 112.

Admit that at the time Lee Kar Yin certified Copyright Registration No. VA 1-758-524 as authorized agent of Wave-S, Wave-S had been formally stricken off from the register under section 344 of the companies Act in Singapore.

RESPONSE TO REQUEST FOR ADMISSION NO. 112.

Plaintiff objects to the term "certified" as vague and ambiguous in this context and on that basis denies this request. This request is denied to the extent that it suggests that the

44

referenced registration does not list the correct author and copyright right claimant. The application in question was signed by Lee Kar Yin with the reliance on counsel that everything was correctly stated. To the extent that the registration does not reflect the correct author and copyright claimant, Plaintiff has corrected that information, as is allowed under Copyright Office practice. However, Plaintiff does admit that as of the date the application was filed, Wave-S had been formally stricken off from the register under section 344 of the companies Act in Singapore.

REQUEST FOR ADMISSION NO. 113.

Admit that at the time Lee Kar Yin certified Copyright Registration No. VA 1-758-524 as authorized agent of Wave-S, Wave-S did not exist.

RESPONSE TO REQUEST FOR ADMISSION NO. 113.

Denied.  Wave-S existed as dissolved corporation.

REQUEST FOR ADMISSION NO. 114.

Admit that annexed hereto as Exhibit B and Bates-stamped TWSO 199392, which was labeled as Exhibit 2 to the deposition of Lee Kar Yin on May 21, 2015, is a genuine, true and accurate copy of the minutes of an Extra-Ordinary General Meeting of The Wave Pte. Ltd. on August 1, 2008.

RESPONSE TO REQUEST FOR ADMISSION NO. 114.

Admitted.

REQUEST FOR ADMISSION NO. 115.

Admit that the document annexed as Exhibit B indicates that as of August 1, 2008, the Board of Directors of The Wave Pte. Ltd. had "no inclination to continue operating the business."

45

RESPONSE TO REQUEST FOR ADMISSION NO. 115.

Admitted.

REQUEST FOR ADMISSION NO. 116.

Admit that the document annexed as Exhibit B indicates that as of August 1, 2008, The

Wave Pte. Ltd. was to apply to strike off its name from register under section 344 of the

companies Act of Singapore.

RESPONSE TO REQUEST FOR ADMISSION NO. 116.

Admitted.

REQUEST FOR ADMISSION NO. 117.

Admit that Wave-S ceased doing business prior to the formation of The Wave Pte. Ltd.

RESPONSE TO REQUEST FOR ADMISSION NO. 117.

Denied. The Wave Pte. Ltd. was formed in 2002. Wave-S ceased doing business in

2007.

REQUEST FOR ADMISSION NO. 118.

Admit that Wave-S ceased doing business prior to August 1, 2008.

RESPONSE TO REQUEST FOR ADMISSION NO. 118.

Admitted.

REQUEST FOR ADMISSION NO. 119.

Admit that as of August 1, 2008, all tangible and intangible assets which were owned by

The Wave Pte. Ltd., after discharging liabilities, were to be "repatriated and assigned

respectively and absolutely to Ms. Lee Kar Yin."

RESPONSE TO REQUEST FOR ADMISSION NO. 119.

Admitted.

46

REQUEST FOR ADMISSION NO. 120.

Admit that as of August 1, 2008, The Wave Pte. Ltd. was no longer in business in Singapore.

RESPONSE TO REQUEST FOR ADMISSION NO. 120.

Admitted.

REQUEST FOR ADMISSION NO. 121.

Admit that as of August 1, 2009, The Wave Pte. Ltd. was no longer in business in Singapore.

RESPONSE TO REQUEST FOR ADMISSION NO. 121.

Admitted.

REQUEST FOR ADMISSION NO. 122.

Admit that as of August 1, 2010, The Wave Pte. Ltd. was no longer in business in Singapore.

RESPONSE TO REQUEST FOR ADMISSION NO. 122.

Admitted.

REQUEST FOR ADMISSION NO. 123.

Admit that as of August 1, 2008, The Wave Pte. Ltd. was not in business anywhere in the world.

RESPONSE TO REQUEST FOR ADMISSION NO. 123.

Admitted.

REQUEST FOR ADMISSION NO. 124.

Admit that as of August 1, 2009, The Wave Pte. Ltd. was not in business anywhere in the world.

RESPONSE TO REQUEST FOR ADMISSION NO. 124.

Admitted.

REQUEST FOR ADMISSION NO. 125.

Admit that as of August 1, 2010, The Wave Pte. Ltd. was not in business anywhere in the world.

RESPONSE TO REQUEST FOR ADMISSION NO. 125.

Admitted.

REQUEST FOR ADMISSION NO. 126.

Admit that as of August 1, 2008, The Wave Pte. Ltd. had been formally stricken off from the register under section 344 of the companies Act in Singapore.

RESPONSE TO REQUEST FOR ADMISSION NO. 126.

Denied.

REQUEST FOR ADMISSION NO. 127.

Admit that as of August 1, 2009, The Wave Pte. Ltd. had been formally stricken off from the register under section 344 of the companies Act in Singapore.

RESPONSE TO REQUEST FOR ADMISSION NO. 127.

Admitted.

REQUEST FOR ADMISSION NO. 128.

Admit that as of August 1, 2010, The Wave Pte. Ltd. had been formally stricken off from the register under section 344 of the companies Act in Singapore.

RESPONSE TO REQUEST FOR ADMISSION NO. 128.

Admitted.

/ / /

REQUEST FOR ADMISSION NO. 129.

Admit that as of August 1, 2008, The Wave Pte. Ltd. had no assets.

RESPONSE TO REQUEST FOR ADMISSION NO. 129.

Admitted.

REQUEST FOR ADMISSION NO. 130.

Admit that as of August 1, 2009, The Wave Pte. Ltd. had no assets.

RESPONSE TO REQUEST FOR ADMISSION NO. 130.

Admitted.

REQUEST FOR ADMISSION NO. 131.

Admit that as of August 1, 2010, The Wave Pte. Ltd. had no assets.

RESPONSE TO REQUEST FOR ADMISSION NO. 131.

Admitted.

REQUEST FOR ADMISSION NO. 132.

Admit that as of August 1, 2008, The Wave Pte. Ltd. did not own any rights in any
photographs.

RESPONSE TO REQUEST FOR ADMISSION NO. 132.

Admitted.

REQUEST FOR ADMISSION NO. 133.

Admit that as of August 1, 2009, The Wave Pte. Ltd. did not own any rights in any
photographs.

RESPONSE TO REQUEST FOR ADMISSION NO. 133.

Admitted.

/ / /

REQUEST FOR ADMISSION NO. 134.

Admit that as of August 1, 2010, The Wave Pte. Ltd. did not own any rights in any photographs.

RESPONSE TO REQUEST FOR ADMISSION NO. 134.

Admitted.

REQUEST FOR ADMISSION NO. 135.

Admit that annexed hereto as Exhibit C and Bates-stamped TWS0199384-TWS0199386 is a genuine, true and accurate copy of an Assignment of Copyright between The Wave Pte. Ltd. as the assignor and The Wave Studio Pte. Ltd. as assignee with an effective date of July 28, 2008.

RESPONSE TO REQUEST FOR ADMISSION NO. 135.

Denied. As Plaintiff has testified, the document attached as Exhibit C to Defendant GHM's First Set of Requests for Admission, is an ineffective, void *ab initio* assignment created in 2012 that could not be effective because Wave Pte. Ltd. was dissolved at that time.

REQUEST FOR ADMISSION NO. 136.

Admit that the document annexed as Exhibit C lists the following titles/subjects as the works which are the subject of that document: setai042- setai181; setai82; datai001-datai04; andaman001-andaman066; seahsi001 - seahsi017 (hereinafter, collectively "The Exhibit C Works").

RESPONSE TO REQUEST FOR ADMISSION NO. 136.

Admitted. However, as Plaintiff has testified, the document attached as Exhibit C to Defendant GHM's First Set of Requests for Admission, is an ineffective, void *ab initio*

///

50

assignment created in 2012 that could not be effective because Wave Pte. Ltd. was dissolved at that time.

REQUEST FOR ADMISSION NO. 137.

Admit that the document annexed as Exhibit C has a provision which assigns "absolutely all of" The Wave Pte. Ltd.'s "right title and interest in and to the copyright in" The Exhibit C Works to The Wave Studio Pte. Ltd.

RESPONSE TO REQUEST FOR ADMISSION NO. 137.

Denied. As Plaintiff has testified, the document attached as Exhibit C to Defendant GHM's First Set of Requests for Admission, is an ineffective, void *ab initio* assignment created in 2012 that could not be effective because Wave Pte. Ltd. was dissolved at that time.

REQUEST FOR ADMISSION NO. 138.

Admit that the document annexed as Exhibit C was not drafted on or before July 28, 2008.

RESPONSE TO REQUEST FOR ADMISSION NO. 138.

Admitted.

REQUEST FOR ADMISSION NO. 139.

Admit that the document annexed as Exhibit C was not signed on July 28, 2008.

RESPONSE TO REQUEST FOR ADMISSION NO. 139.

Admitted.

REQUEST FOR ADMISSION NO. 140.

Admit that the document annexed as Exhibit C was drafted in 2012.

RESPONSE TO REQUEST FOR ADMISSION NO. 140.

Admitted.

REQUEST FOR ADMISSION NO. 141.

Admit that the document annexed as Exhibit C was signed, for the first time by Lee Kar

Yin, in 2012.

RESPONSE TO REQUEST FOR ADMISSION NO. 141.

Admitted.

REQUEST FOR ADMISSION NO. 142.

Admit that the document annexed as Exhibit C was signed and notarized on October 15,

2012.

RESPONSE TO REQUEST FOR ADMISSION NO. 142.

Admitted.

REQUEST FOR ADMISSION NO. 143.

Admit that the document annexed as Exhibit C was backdated, which term shall mean,

for the purposes of these Requests for Admission, that the effective date of the agreement is prior

to the actual date that the agreement was entered into.

RESPONSE TO REQUEST FOR ADMISSION NO. 143.

Denied to the extent that this request suggests that the document annexed as Exhibit C is

an effective instrument. Plaintiff has testified the document attached as Exhibit C to Defendant

GHM's First Set of Requests for Admission is an ineffective, void *ab initio* assignment created

in 2012 that could not be effective because Wave-S was dissolved at that time.

REQUEST FOR ADMISSION NO. 144.

Admit that there was no contemplated assignment by Lee Kar Yin of any rights in and to

The Exhibit C Works to The Wave Studio Pte. Ltd in 2008.

/ / /

52

RESPONSE TO REQUEST FOR ADMISSION NO. 144.

Plaintiff admits that there was no contemplated assignment from The Wave Pte. Ltd. to The Wave Studio Pte. Ltd. in July 2008. As Plaintiff has testified, when Wave Pte. Ltd. ceased doing business, its assets were assigned to Lee Kar Yin by the corporate resolution prior to its dissolution.

REQUEST FOR ADMISSION NO. 145.

Admit that Copyright Registration No. VA 1-432-331, attached as part of Exhibit 1 to Plaintiff's Complaint in this proceeding, shows an effective date of registration of December 30, 2010.

RESPONSE TO REQUEST FOR ADMISSION NO. 145.

Admitted.

REQUEST FOR ADMISSION NO. 146.

Admit that Copyright Registration No. VA 1-432-331, attached as part of Exhibit 1 to Plaintiff's Complaint in this proceeding, registers the following photographs: andmman001-andaman066; datai001-datail03; setai042-setai156; seahst001-017; setai157-setai159; setai181; setail60-setail80; datail04 (hereinafter, collectively "The '331 Works").

RESPONSE TO REQUEST FOR ADMISSION NO. 146.

Admitted.

REQUEST FOR ADMISSION NO. 147.

Admit that The '331 Works are included as part of The Exhibit C Works as defined above.

///

///

RESPONSE TO REQUEST FOR ADMISSION NO. 147.

Admitted that The '331 Works are included as part of the Exhibit C Works to the ineffective, void *ab initio* assignment to which the Exhibit C Works were attached.

REQUEST FOR ADMISSION NO. 148.

Admit that Copyright Registration No. VA 1-432-331, attached as part of Exhibit 1 to Plaintiff's Complaint in this proceeding, lists The Wave Pte. Ltd. as the author and the copyright claimant.

RESPONSE TO REQUEST FOR ADMISSION NO. 148.

Denied to the extent that this request suggests that the referenced copyright registration does not currently reflect the correct author and claimant. However, Plaintiff admits that on the date that the application for the referenced registration was filed, it incorrectly listed The Wave Pte. Ltd. as the author and the copyright claimant.  Plaintiff has submitted appropriate paperwork with the Copyright Office, as allowed under Copyright Office procedure, to correct the author and claimant on the registration.

REQUEST FOR ADMISSION NO. 149.

Admit that on the date the application to register Copyright Registration No. VA 1-432-331 was submitted to the United States Copyright Office, The Wave Pte. Ltd. was no longer in business.

RESPONSE TO REQUEST FOR ADMISSION NO. 149.

Denied to the extent that this request suggests that the referenced copyright registration does not currently reflect the correct author and claimant. However, Plaintiff admits that on the date that the referenced copyright application and registration was filed, The Wave Pte. Ltd. was no longer doing business.  Plaintiff has submitted appropriate paperwork with the Copyright

Office, as allowed under Copyright Office procedure, to correct the author and claimant on the registration.

REQUEST FOR ADMISSION NO. 150.

Admit that on the date the application to register Copyright Registration No. VA 1-432-331 was submitted to the United States Copyright Office, The Wave Pte. Ltd. had been formally stricken off from the register under section 344 of the companies Act in Singapore.

RESPONSE TO REQUEST FOR ADMISSION NO. 150.

Denied to the extent that this request suggests that the copyright registration does not currently reflect the correct author and claimant. Plaintiff has submitted appropriate paperwork with the Copyright Office, as allowed under Copyright Office procedure, to correct the author and claimant on the registration. However, Plaintiff admits that on the date that the referenced copyright application and registration was filed, The Wave Pte. Ltd. had been formally stricken off from the register under section 344 of the companies Act in Singapore.

REQUEST FOR ADMISSION NO. 151.

Admit that on the date the application to register Copyright Registration No. VA 1-432-331 was submitted to the United States Copyright Office, The Wave Pte. Ltd. did not exist.

RESPONSE TO REQUEST FOR ADMISSION NO. 151.

Denied. The Wave Pte. Ltd. existed as a dissolved corporation.

REQUEST FOR ADMISSION NO. 152.

Admit that the application for Copyright Registration No. VA 1-432-331, attached as part of Exhibit 1 to Plaintiff's Complaint in this proceeding, was certified by Lee Kar Yin as the authorized agent of The Wave Pte. Ltd. on December 28, 2010.

///

55

RESPONSE TO REQUEST FOR ADMISSION NO. 152.

Plaintiff objects to the term "certified" as vague and ambiguous in this context and on that basis denies this request. This request is denied to the extent that it suggests that the referenced registration does not list the correct author and copyright right claimant. The application in question was signed by Lee Kar Yin with the reliance on counsel that everything was correctly stated. To the extent that the registration does not reflect the correct author and copyright claimant, Plaintiff has corrected that information, as is allowed under Copyright Office practice.

REQUEST FOR ADMISSION NO. 153.

Admit that at the time Lee Kar Yin certified Copyright Registration No. VA 1-432-331 as the authorized agent of The Wave Pte. Ltd., The Wave Pte. Ltd. was no longer in business.

RESPONSE TO REQUEST FOR ADMISSION NO. 153.

Plaintiff objects to the term "certified" as vague and ambiguous in this context and on that basis denies this request. This request is denied to the extent that it suggests that the referenced registration does not list the correct author and copyright right claimant. The application in question was signed by Lee Kar Yin with the reliance on counsel that everything was correctly stated. To the extent that the registration does not reflect the correct author and copyright claimant, Plaintiff has corrected that information, as is allowed under Copyright Office practice. However, Plaintiff does admit that as of the date the application was filed, The Wave Pte. Ltd. was no longer doing business.

/ / /

/ / /

REQUEST FOR ADMISSION NO. 154.

Admit that at the time Lee Kar Yin certified Copyright Registration No. VA 1-432-331 as the authorized agent of The Wave Pte. Ltd., The Wave Pte. Ltd. had been formally stricken off from the register under section 344 of the companies Act in Singapore.

RESPONSE TO REQUEST FOR ADMISSION NO. 154.

Plaintiff objects to the term "certified" as vague and ambiguous in this context and on that basis denies this request. This request is denied to the extent that it suggests that the referenced registration does not list the correct author and copyright right claimant. The application in question was signed by Lee Kar Yin with the reliance on counsel that everything was correctly stated. To the extent that the registration does not reflect the correct author and copyright claimant, Plaintiff has corrected that information, as is allowed under Copyright Office practice. However, Plaintiff does admit that as of the date the application was filed, The Wave Pte. Ltd. had been formally stricken off from the register under section 344 of the companies Act in Singapore.

REQUEST FOR ADMISSION NO. 155.

Admit that on the date the application to register Copyright Registration No. VA 1-432-331 was submitted to the United States Copyright Office, The Wave Pte. Ltd. did not exist.

RESPONSE TO REQUEST FOR ADMISSION NO. 155.

Denied. The Wave Ptd. Ltd. existed as a dissolved corporation.

REQUEST FOR ADMISSION NO. 156.

Admit that all right title and interest in and to the copyright in The '331 Works was assigned to The Wave Studio Pte. Ltd. on July 28, 2008.

///

RESPONSE TO REQUEST FOR ADMISSION NO. 156.

Denied.

REQUEST FOR ADMISSION NO. 157.

Admit that on December 28, 2010, The Wave Pte. Ltd. did not own any interest in or to The '331 Works.

RESPONSE TO REQUEST FOR ADMISSION NO. 157.

Admitted. To the extent that the '331 registration does not reflect the correct author and copyright claimant, Plaintiff has corrected that information, as is allowed under Copyright Office practice.

REQUEST FOR ADMISSION NO. 158.

Admit that on December 30, 2010, The Wave Pte. Ltd. did not own any interest in or to The '331 Works.

RESPONSE TO REQUEST FOR ADMISSION NO. 158.

Admitted. To the extent that the '324 registration does not reflect the correct author and copyright claimant, Plaintiff has corrected that information, as is allowed under Copyright Office practice.

REQUEST FOR ADMISSION NO. 159.

Admit that Copyright Registration No. VAu 1-057-927, attached as part of Exhibit I to Plaintiff's Complaint in this proceeding, shows an effective date of registration of December 30, 2010.

RESPONSE TO REQUEST FOR ADMISSION NO. 159.

Admitted.

///

REQUEST FOR ADMISSION NO. 160.

Admit that Copyright Registration No. VAu 1- 057-927, attached as part of Exhibit 1 to Plaintiff's Complaint in this proceeding, registers unpublished photograph setail82.

RESPONSE TO REQUEST FOR ADMISSION NO. 160.

Admitted.

REQUEST FOR ADMISSION NO. 161.

Admit that unpublished photograph setail82 is included as one of The Exhibit C Works as defined above.

RESPONSE TO REQUEST FOR ADMISSION NO. 161.

Admitted that photograph setail82 is included as part of the Exhibit C Works to the ineffective, void *ab initio* assignment to which the Exhibit C Works were attached.

REQUEST FOR ADMISSION NO. 162.

Admit that Copyright Registration No. VAu 1- 057-927, attached as part of Exhibit 1 to Plaintiff's Complaint in this proceeding, lists The Wave Pte. Ltd. as the author and the copyright claimant.

RESPONSE TO REQUEST FOR ADMISSION NO. 162.

Denied to the extent that this request suggests that the referenced copyright registration does not currently reflect the correct author and claimant. However, Plaintiff admits that on the date that the application for the referenced registration was filed, it incorrectly listed The Wave Pte. Ltd. as the author and the copyright claimant.  Plaintiff has submitted appropriate paperwork with the Copyright Office, as allowed under Copyright Office procedure, to correct the author and claimant on the registration.

/ / /

REQUEST FOR ADMISSION NO. 163.

Admit that on the date the application to register Copyright Registration No. VAu 1-057-927 was submitted to the United States Copyright Office, The Wave Pte. Ltd. was no longer in business.

RESPONSE TO REQUEST FOR ADMISSION NO. 163.

Denied to the extent that this request suggests that the copyright registration does not currently reflect the correct author and claimant. Plaintiff has submitted appropriate paperwork with the Copyright Office, as allowed under Copyright Office procedure, to correct the author and claimant on the registration. However, Plaintiff admits that on the date that the referenced copyright application and registration was filed, The Wave Pte. Ltd. was no longer in business.

REQUEST FOR ADMISSION NO. 164.

Admit that on the date the application to register Copyright Registration No. VAu 1-057-927 was submitted to the United States Copyright Office, The Wave Pte. Ltd. had been formally stricken off from the register under section 344 of the companies Act in Singapore.

RESPONSE TO REQUEST FOR ADMISSION NO. 164.

Denied to the extent that this request suggests that the copyright registration does not currently reflect the correct author and claimant. Plaintiff has submitted appropriate paperwork with the Copyright Office, as allowed under Copyright Office procedure, to correct the author and claimant on the registration. However, Plaintiff admits that on the date that the referenced copyright application and registration was filed, The Wave Pte. Ltd. had been formally stricken off from the register under section 344 of the companies Act in Singapore.

///

///

REQUEST FOR ADMISSION NO. 165.

Admit that on the date the application to register Copyright Registration No. VAu 1-057-927 was submitted to the United States Copyright Office, The Wave Pte. Ltd. did not exist.

RESPONSE TO REQUEST FOR ADMISSION NO. 165.

Denied. The Wave Pte. Ltd. existed as a dissolved corporation.

REQUEST FOR ADMISSION NO. 166.

Admit that the application for Copyright Registration No. VAu 1-057-927, attached as part of Exhibit 1 to Plaintiff's Complaint in this proceeding, was certified by Lee Kar Yin on December 29, 2010.

RESPONSE TO REQUEST FOR ADMISSION NO. 166.

Plaintiff objects to the term "certified" as vague and ambiguous in this context and on that basis denies this request. This request is denied to the extent that it suggests that the referenced registration does not list the correct author and copyright right claimant. The application in question was signed by Lee Kar Yin with the reliance on counsel that everything was correctly stated. To the extent that the registration does not reflect the correct author and copyright claimant, Plaintiff has corrected that information, as is allowed under Copyright Office practice.

REQUEST FOR ADMISSION NO. 167.

Admit that at the time Lee Kar Yin certified Copyright Registration No. VAu 1-057-927, The Wave Pte. Ltd. was no longer in business.

RESPONSE TO REQUEST FOR ADMISSION NO. 167.

Plaintiff objects to the term "certified" as vague and ambiguous in this context and on that basis denies this request. Denied to the extent that this request suggests that the referenced

copyright registration does not currently reflect the correct author and claimant. However, Plaintiff admits that on the date that the referenced copyright application and registration was filed, The Wave Pte. Ltd. was no longer doing business. Plaintiff has submitted appropriate paperwork with the Copyright Office, as allowed under Copyright Office procedure, to correct the author and claimant on the registration.

REQUEST FOR ADMISSION NO. 168.

Admit that at the time Lee Kar Yin certified Copyright Registration No. VAu 1-057-927, The Wave Pte. Ltd had been formally stricken off from the register under section 344 of the companies Act in Singapore.

RESPONSE TO REQUEST FOR ADMISSION NO. 168.

Plaintiff objects to the term "certified" as vague and ambiguous in this context and on that basis denies this request. Denied to the extent that this request suggests that the referenced copyright registration does not currently reflect the correct author and claimant. However, Plaintiff admits that on the date that the referenced copyright application and registration was filed, The Wave Pte. Ltd. had been formally stricken off from the register under section 344 of the companies Act in Singapore. Plaintiff has submitted appropriate paperwork with the Copyright Office, as allowed under Copyright Office procedure, to correct the author and claimant on the registration.

REQUEST FOR ADMISSION NO. 169.

Admit that at the time Lee Kar Yin certified Copyright Registration No. VAu 1-057-927, The Wave Pte. Ltd. did not exist.

RESPONSE TO REQUEST FOR ADMISSION NO. 169.

Denied. The Wave Pte. Ltd. existed as a dissolved corporation.

62

REQUEST FOR ADMISSION NO. 170.

Admit that all right title and interest in and to the copyright in setai182 was assigned to The Wave Studio Pte. Ltd. on July 28, 2008.

RESPONSE TO REQUEST FOR ADMISSION NO. 170.

Denied. As Plaintiff has testified, the document attached as Exhibit C to Defendant GHM's First Set of Requests for Admission, is an ineffective, void *ab initio* assignment created in 2012 that could not be effective because Wave Pte. Ltd. was dissolved at that time

REQUEST FOR ADMISSION NO. 171.

Admit that on December 29, 2010, The Wave Pte. Ltd. did not own any interest in or to setai182.

RESPONSE TO REQUEST FOR ADMISSION NO. 171.

Admitted. However, to the extent this request suggests that the registration for the referenced photograph does not reflect the correct author or copyright claimant, Plaintiff has corrected any inadvertent error, as authorized by Copyright Office practice.

REQUEST FOR ADMISSION NO.172.

Admit that on December 30, 2010, The Wave Pte. Ltd. did not own any interest in or to setai182.

RESPONSE TO REQUEST FOR ADMISSION NO.172.

Admitted. However, to the extent this request suggests that the registration for the referenced photograph does not reflect the correct author or copyright claimant, Plaintiff has corrected any inadvertent error, as authorized by Copyright Office practice.

/ / /

/ / /

REQUEST FOR ADMISSION NO. 173.

Admit that annexed hereto as Exhibit D and Bates-stamped TWS0199400-TWS0199402 is a genuine, true and accurate copy of a Copyrights Assignment between Wave-S as the assignor and The Wave Studio, LLC as the assignee.

RESPONSE TO REQUEST FOR ADMISSION NO. 173.

Denied. As Plaintiff has testified and as Lee Kar Yin has stated in that certain corrective assignment dated September 4, 2015, the document attached as Exhibit D to Defendant GHM's First Set of Requests for Admission, is an ineffective assignment created in 2011.

REQUEST FOR ADMISSION NO. 174.

Admit that the document annexed as Exhibit D has a provision which assigns "all of Assignor' [sic] present and future rights, title and interest worldwide," in Copyright Registration Nos. VA 1-432-324, VA 1-432-325, VA 1-432-336, VA 1-432-328, VA 1-432-329, VA 1-758-524 and VAu 1-060-182 (hereinafter "The Exhibit D Registrations").

RESPONSE TO REQUEST FOR ADMISSION NO. 174.

Denied to the extent that Plaintiff has testified the document attached as Exhibit D to Defendant GHM's First Set of Requests for Admission, is an ineffective, void *ab initio* assignment created in 2011. However, Plaintiff admits this void, ineffective assignment contains the referenced language.

REQUEST FOR ADMISSION NO. 175.

Admit that the document annexed as Exhibit D was signed by Lee Kar Yin on behalf of Wave-S as assignor on November 11, 2011.

/ / /

/ / /

RESPONSE TO REQUEST FOR ADMISSION NO. 175.

Denied to the extent that Plaintiff has testified the document attached as Exhibit D to Defendant GHM's First Set of Requests for Admission, is an ineffective, void *ab initio* assignment created in 2011. However, Plaintiff admits this void, ineffective assignment was signed by Lee Kar Yin on behalf of Wave-S.

REQUEST FOR ADMISSION NO. 176.

Admit that at the time Lee Kar Yin signed the document annexed as Exhibit D on behalf of Wave-S, Wave-S was no longer in business.

RESPONSE TO REQUEST FOR ADMISSION NO. 176.

Admitted.

REQUEST FOR ADMISSION NO. 177.

Admit that at the time Lee Kar Yin signed the document annexed as Exhibit D on behalf of Wave-S, Wave-S had been formally stricken off from the register under section 344 of the companies Act in Singapore.

RESPONSE TO REQUEST FOR ADMISSION NO. 177.

Admitted.

REQUEST FOR ADMISSION NO. 178.

Admit that at the time Lee Kar Yin signed the document annexed as Exhibit D on behalf of Wave-S, Wave-S did not exist.

RESPONSE TO REQUEST FOR ADMISSION NO. 178.

Denied. Wave-S existed as a dissolved corporation.

/ / /

/ / /

REQUEST FOR ADMISSION NO.179.

Admit that on November 11, 2011, Wave-S did not own any interest in or to The Exhibit A Works.

RESPONSE TO REQUEST FOR ADMISSION NO.179.

Admitted. At the time, Lee Kar Yin, as an individual, was the owner of the rights assigned in Exhibit D.

REQUEST FOR ADMISSION NO. 180.

Admit that The Exhibit A Works are included in The Exhibit D Registrations.

RESPONSE TO REQUEST FOR ADMISSION NO. 180.

Admitted.

REQUEST FOR ADMISSION NO. 181.

Admit that on November 11, 2011, Wave-S did not own an interest in all of the photographs covered by The Exhibit D Registrations.

RESPONSE TO REQUEST FOR ADMISSION NO. 181.

Admitted. At the time, Lee Kar Yin, as an individual, was the owner of the rights assigned in Exhibit D.

REQUEST FOR ADMISSION NO. 182.

Admit that annexed hereto as Exhibit E and Bates-stamped TWS0199389-TWS0199391 is a genuine, true and accurate copy of a Copyrights Assignment between The Wave Pte. Ltd. as the assignor and The Wave Studio, LLC as the assignee.

///

///

RESPONSE TO REQUEST FOR ADMISSION NO. 182.

Denied to the extent that Plaintiff has testified the document attached as Exhibit E to Defendant GHM's First Set of Requests for Admission, is an ineffective, void *ab initio* assignment created in 2011.

REQUEST FOR ADMISSION NO. 183.

Admit that the document annexed as Exhibit E has a provision which assigns "all of Assignor'[sic] present and future rights, title and interest worldwide," in Copyright Registration Nos. VA 1-432-331 and VAu 1-057-927 (hereinafter "The Exhibit E Registrations").

RESPONSE TO REQUEST FOR ADMISSION NO.183.

Denied to the extent that Plaintiff has testified the document attached as Exhibit D to Defendant GHM's First Set of Requests for Admission, is an ineffective, void *ab initio* assignment created in 2011.  However, Plaintiff admits this void, ineffective assignment contains the referenced language.

REQUEST FOR ADMISSION NO. 184.

Admit that the document annexed as Exhibit E was signed by Lee Kar Yin on behalf of The Wave Pte. Ltd. as assignor on November 11, 2011.

RESPONSE TO REQUEST FOR ADMISSION NO. 184.

Denied to the extent that Plaintiff has testified the document attached as Exhibit D to Defendant GHM's First Set of Requests for Admission, is an ineffective, void *ab initio* assignment created in 2011.  However, Plaintiff admits this void, ineffective assignment was signed by Lee Kar Yin on behalf of Wave Pte. Ltd.

///

///

REQUEST FOR ADMISSION NO. 185.

Admit that at the time Lee Kar Yin signed the document annexed as Exhibit E on behalf of The Wave Pte. Ltd., The Wave Pte. Ltd. was no longer in business.

RESPONSE TO REQUEST FOR ADMISSION NO. 185.

Admitted.

REQUEST FOR ADMISSION NO. 186.

Admit that at the time Lee Kar Yin signed the document annexed as Exhibit E on behalf of The Wave Pte. Ltd., The Wave. Pte. Ltd. had been formally stricken off from the register under section 344 of the companies Act in Singapore.

RESPONSE TO REQUEST FOR ADMISSION NO. 186.

Admitted.

REQUEST FOR ADMISSION NO. 187.

Admit that at the time Lee Kar Yin signed the document annexed as Exhibit E on behalf of The Wave Pte. Ltd., The Wave Pte. Ltd. did not exist.

RESPONSE TO REQUEST FOR ADMISSION NO. 187.

Denied. The Wave Pte. Ltd. existed as a dissolved corporation.

REQUEST FOR ADMISSION NO. 188.

Admit that on November 11, 2011, The Wave Pte. Ltd. did not own any interest in or to The Exhibit C Works.

RESPONSE TO REQUEST FOR ADMISSION NO. 188.

Admitted. At the time, Lee Kar Yin, as an individual, was the owner of the referenced rights.

///

68

REQUEST FOR ADMISSION NO.189.

Admit that The Exhibit C Works are included in The Exhibit E Registrations.

RESPONSE TO REQUEST FOR ADMISSION NO.189.

Admitted.

REQUEST FOR ADMISSION NO. 190.

Admit that on November 11, 2011, The Wave Pte. Ltd. did not own an interest in all of the photographs covered by The Exhibit E Registrations.

RESPONSE TO REQUEST FOR ADMISSION NO. 190.

Admitted. At the time, Lee Kar Yin, as an individual, was the owner of the referenced rights.

REQUEST FOR ADMISSION NO. 191.

Admit that annexed hereto as Exhibit F, which was labeled as Exhibit 7 to the deposition of Lee Kar Yin on May 21, 2015, is a genuine, true and accurate copy of a Declaration of Dissolution of Wave-S and Transfer of copyrights to Lee Kar Yin, Declaration of Dissolution of the Wave Pte. Ltd. and Transfer of Copyrights to Lee Kar Yin, Declaration of Change of Name of the Wave Design Pte. Ltd. To the Wave Studio Pte. Ltd., and The Transfer of All Copyrights and Nunc Pro Tunc Assignment of Copyrights to The Wave Studio, LLC which was recorded in the United States Copyright Office on April 22, 2013 at Vol. 3629, Doc. No. 213.

RESPONSE TO REQUEST FOR ADMISSION NO. 191.

Admitted.

REQUEST FOR ADMISSION NO. 192.

Admit that the document annexed as Exhibit F was signed by Lee Kar Yin as the owner on behalf of The Wave Pte. Ltd. on January 7, 2013.

69

RESPONSE TO REQUEST FOR ADMISSION NO. 192.

Admitted.

REQUEST FOR ADMISSION NO. 193.

Admit that at the time Lee Kar Yin signed the document annexed as Exhibit F on behalf of The Wave Pte. Ltd., The Wave Pte. Ltd. was no longer in business.

RESPONSE TO REQUEST FOR ADMISSION NO. 193.

Admitted.

REQUEST FOR ADMISSION NO. 194.

Admit that at the time Lee Kar Yin signed the document annexed as Exhibit F on behalf of The Wave Pte. Ltd., The Wave, Pte. Ltd. had been formally stricken off from the register under section 344 of the companies Act in Singapore.

RESPONSE TO REQUEST FOR ADMISSION NO. 194.

Admitted.

REQUEST FOR ADMISSION NO. 195.

Admit that at the time Lee Kar Yin signed the document annexed as Exhibit F on behalf of The Wave Pte. Ltd., The Wave Pte. Ltd. did not exist.

RESPONSE TO REQUEST FOR ADMISSION NO. 195.

Denied. The Wave Pte. Ltd. existed as a dissolved corporation.

REQUEST FOR ADMISSION NO. 196.

Admit that the document annexed as Exhibit F was signed by Lee Kar Yin as the owner on behalf of Wave-S on January 7, 2013.

RESPONSE TO REQUEST FOR ADMISSION NO. 196.

Admitted.

70

REQUEST FOR ADMISSION NO. 197.

Admit that at the time Lee Kar Yin signed the document annexed as Exhibit F on behalf of Wave-S, Wave-S was no longer in business.

RESPONSE TO REQUEST FOR ADMISSION NO. 197.

Admitted.

REQUEST FOR ADMISSION NO. 198.

Admit that at the time Lee Kar Yin signed the document annexed as Exhibit F on behalf of Wave-S, Wave-S had been formally stricken off from the register under section 344 of the companies Act in Singapore.

RESPONSE TO REQUEST FOR ADMISSION NO. 198.

Admitted.

REQUEST FOR ADMISSION NO. 199.

Admit that at the time Lee Kar Yin signed the document annexed as Exhibit F on behalf of Wave-S, Wave-S did not exist.

RESPONSE TO REQUEST FOR ADMISSION NO. 199.

Denied. The Wave-S existed as a dissolved corporation.

REQUEST FOR ADMISSION NO. 200.

Admit that annexed hereto as Exhibit G, Bates- stamped TWS0355772-TWS0355778, and which was included in Exhibit 17 to the continued deposition of Lee Kar Yin on September 9, 2015, is a genuine, true and accurate copy of a Declaration of Lee Kar Yin and Nunc Pro Tunc Copyright Assignments To the Wave Studio LLC which was recorded in the United States Copyright Office on September 4, 2015.

/ / /

71

RESPONSE TO REQUEST FOR ADMISSION NO. 200.

Admitted.

REQUEST FOR ADMISSION NO. 201.

Admit that the document annexed as Exhibit G was signed by Lee Kar Yin as the owner on behalf of The Wave Studio Pte. Ltd. on September 4, 2015.

RESPONSE TO REQUEST FOR ADMISSION NO. 201.

Admitted.

REQUEST FOR ADMISSION NO. 202.

Admit that there is no written contract or agreement, signed by both a representative of one or more of the Wave Entities and a representative of GHM that indicates that one or more of the Wave Entities is the sole owner of the copyrights in and to any of the Photographs.

RESPONSE TO REQUEST FOR ADMISSION NO. 202.

Denied. There are literally hundreds of production estimates and terms of agreement that were sent by the various Wave entities stating clearly that the Wave entities were the owners of the copyrights to any photographs taken. Many of these documents were signed on behalf of the relevant hotels and some were on behalf of GHM as well. GHM also reviewed every single one of such documents and had seen the referenced language regarding the Wave entities' copyright ownership in the photographs.

REQUEST FOR ADMISSION NO. 203.

Admit that there is no written contract or agreement, signed by both Lee Kar Yin and a representative of GHM that indicates that one or more of the Wave Entities is the sole owner of the copyrights in and to any of the Photographs.

/ / /

RESPONSE TO REQUEST FOR ADMISSION NO. 203.

Denied. There are literally hundreds of production estimates and terms of agreement that were sent by the various Wave entities stating clearly that the Wave entities were the owners of the copyrights to any photographs taken. Many of these documents were signed on behalf of the relevant hotels and some were on behalf of GHM as well. GHM also reviewed every single one of such documents and had seen the referenced language regarding the Wave entities' copyright ownership in the photographs.

REQUEST FOR ADMISSION NO. 204.

Admit that there is no written contract or agreement, signed by both Lee Kar Yin and a representative of GHM that indicates that Lee Kar Yin is the sole owner of the copyrights in and to any of the Photographs.

RESPONSE TO REQUEST FOR ADMISSION NO. 204.

Admitted. However, there are literally hundreds of production estimates and terms of agreement that were sent by the various Wave entities stating clearly that the Wave entities were the owners of the copyrights to any photographs taken. Many of these documents were signed on behalf of the relevant hotels and some were on behalf of GHM as well. GHM also reviewed every single one of such documents and had seen the referenced language regarding the Wave entities' copyright ownership in the photographs. Lee Kar Yin is (or was) the owner of each of the Wave entities.

REQUEST FOR ADMISSION NO. 205.

Admit that there is no written contract or agreement, signed by both a representative of one or more of the Wave Entities and a representative of GHM that indicates that Lee Kar Yin is the sole owner of the copyrights in and to any of the Photographs.