

ABIGAIL J. REMORE
One Boland Drive
West Orange, NJ 07052
973.530.2114
Fax: 973.530.2314
ajremore@csglaw.com

csglaw.com

March 12, 2018

*Via E-filing and Email: chambersnysdseibel@nysd.uscourts.gov*

The Honorable Cathy Seibel
United States District Court
   for the Southern District of New York
The Hon. Charles L. Brieant Jr. Federal Building
   and United States Courthouse
300 Quarropas Street
White Plains, New York 10601-4150

> The parties should advise by letter, no later than 3/23/18, what they think should happen to the defendants in 13-CV-9239 other than GHM and to the cases related to 13-CV-9239.
>
> SO ORDERED.
>
> *Cathy Seibel*
> CATHY SEIBEL, U.S.D.J.
>
> 3/12/18

     Re:    **The Wave Studio, LLC v. General Hotel Management Ltd., et al.**
              **Case No. 7:13-cv-09239-CS-PED**

Dear Judge Seibel:

     This firm is counsel for Defendant General Hotel Management Ltd. ("GHM") in the case The Wave Studio, LLC v. General Hotel Management Ltd. et. al., Case No. 7:13-cv-09239-CS-PED and all cases consolidated therewith.  In accordance with Your Honor's March 10, 2017 Opinion and Order, the undersigned respectfully submits this letter as GHM's status update.

     Plaintiff, The Wave Studio, LLC ("Plaintiff") appealed Your Honor's decision to the Second Circuit Court of Appeals, where the matter was assigned Docket No. 17-1018.  Oral Argument took place on February 2, 2018, and on February 26, 2018, the Second Circuit Court of Appeals issued a summary order affirming Your Honor's March 10, 2017 judgment.  A copy of the Second Circuit's summary order is enclosed hereto.

     To the best of the undersigned and GHM's knowledge, neither Plaintiff nor its principal or affiliates have instituted proceedings against GHM in Singapore.

     We thank Your Honor for your attention to this matter.

                            Respectfully submitted,

                            /s/ *Abigail J. Remore*

                            Abigail J. Remore

AJR:
Enclosure
cc:    All counsel of record via ECF

17-1018
Wave Studio, LLC v. General Hotel Management, Ltd.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 26th day of February, two thousand eighteen.

Present:  ROSEMARY S. POOLER,
 ROBERT D. SACK,
 SUSAN L. CARNEY,
  *Circuit Judges*.

_____

THE WAVE STUDIO, LLC,

 *Plaintiff-Appellant*,

 v. 17-1018-cv

GENERAL HOTEL MANAGEMENT LTD.,

 *Defendant-Appellee*.[1]

_____

Appearing for Appellant:  Vijay K. Toke, Pillsbury Winthrop Shaw Pittman LLP, San Francisco, CA

 Nate Garhart, Cobalt LLP, Berkeley, CA (*on the brief*)

Appearing for Appellee:  Daniel D. Barnes, Chiesa Shahinian & Giantomasi PC (Abigail Jean Remore, Ronald L. Israel, *on the brief*), West Orange, N.J.

Appeal from the United States District Court for the Southern District of New York (Seibel, *J.*).

---

[1] The Clerk of Court is respectfully directed to amend the caption as above.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Appellant The Wave Studio, LLC ("Wave Studio") appeals from the March 10, 2017 order of the United States District Court for the Southern District of New York (Seibel, *J.*), granting appellee General Hotel Management Ltd.'s ("GHM") motion for summary judgment, dismissing Wave Studio's claim on forum non conveniens grounds, and severing Wave Studio's claims against GHM. *The Wave Studio, LLC v. General Hotel Management Ltd.*, No. 13-cv-9239, 2017 WL 972117 (S.D.N.Y. March 10, 2017). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.[2]

Because the doctrine of forum non conveniens regards a trial court's discretionary determination of whether it is an appropriate forum in which to adjudicate any given case, we give "substantial deference" to the district court's decision to dismiss a case on forum non conveniens grounds. *Pollux Holding Ltd. v. Chase Manhattan Bank*, 329 F.3d 64, 70 (2d Cir 2003). Accordingly, we will reverse a dismissal on forum non conveniens grounds only when a trial court has clearly abused its discretion. *Id*.

In this Circuit, a district court must proceed through a three-step process in making forum non conveniens determinations. First, the court must determine the level of deference due to the plaintiff's choice of forum. *Iragorri v. United Techs. Corp.*, 274 F.3d 65, 69-73 (2d Cir. 2001). Second, the court must establish that an adequate alternative forum exists. *Id.* at 73. If one does, the trial court must balance the public and private factors articulated by the Supreme Court in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947), *Koster v. (Am.) Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 524-27 (1947), and *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257-60 (1981) to determine whether dismissal is appropriate. *Iragorri,* 274 F.3d at 73-74.

In *Iragorri*, we explained that while a plaintiff's home forum is "presumed to be convenient" and thus entitled to much deference, *id.* at 71, a reviewing court must consider whether the plaintiff's choice of forum was motivated by convenience or by a "desire to impose tactical disadvantage on the defendant" in light of all the relevant facts, *id.* at 73. In other words,

> the greater the plaintiff's or the lawsuit's bona fide connection to the United States and to the forum of choice and the more it appears that considerations of convenience favor the conduct of the lawsuit in the United States, the more difficult it will be for the defendant to gain dismissal for *forum non conveniens*.

---

[2] The district court severed Wave Studio's claim against GHM from its claims against GHM's co-defendants before granting dismissal against GHM for forum non conveniens reasons. *Wave Studio, LLC*, 2017 WL 972117, at *9-10; *see* Fed. R. Civ. P. 21. GHM's argument that we lack jurisdiction to hear this appeal is therefore meritless. *Spencer, White and Prentis Inc. of Conn. v. Pfizer Inc.*, 498 F.2d 358, 361 (2d Cir. 1974) ("[A]ppeal from a judgment on a validly severed single claim may be timely taken as of right notwithstanding the pendency of the remaining claims. . . . ").

2

*Id.* at 72 (footnote omitted). Wave Studio argues that the trial court erred in not according its choice of forum a high level of deference because the Southern District of New York is its home forum. GHM argues that Wave Studio's choice of forum is entitled to no deference because it is a domestic plaintiff on paper only.

The district court summarized its assessment of the deference due to the plaintiff's choice of forum in a manner that has implications for the entire forum non conveniens analysis:

> Plaintiff's principal, Ms. Lee, is a Malaysian citizen domiciled in Singapore, the Wave Entities [with whom GHM contracted] are or were organized under the laws of Singapore, GHM has its principal place of business in Singapore, and the arrangements among them were no doubt centered there. Plaintiff has never had any employees that reside in the United States or leased or owned any office space here. Mr. Kawana, who worked for the Wave Entities in connection with the photographs created for GHM, is a citizen of Japan apparently based in Singapore. None of the photographs that Plaintiff asserts have been infringed in this action were taken in New York, and they were all first published in Singapore. Plaintiff's only connection to New York is that it is organized under New York law, and it is obvious that is the case only because the American attorney Ms. Lee originally hired to form Plaintiff and bring these lawsuits happened to have his office in White Plains.

*The Wave Studio, LLC*, 2017 WL 972117, at *6. The district court evaluated the facts of the litigation in the kind of holistic manner demanded by relevant precedents. In doing so, it appropriately embraced the *Piper* Court's emphasis on reasonableness and convenience, as well as its preference for a doctrine that is flexibly applied to the specific facts of any given case. *See Piper*, 454 U.S. at 249-50, 255-56. *Piper* and *Iragorri* make clear that a plaintiff's status as a "foreign" or "domestic" entity or individual is not dispositive of a proper forum non conveniens analysis. Accordingly, a paper plaintiff like the one in this case should not be afforded great deference regarding its choice of forum simply because it was organized under the laws of New York. Instead, the district court was tasked with assessing the "bona fide connection" of the plaintiff and the lawsuit to the United States and the Southern District of New York to determine whether deference is warranted. *Iragorri*, 274 F.3d at 72. The district court's determination that plaintiff's choice of forum is "entitled to little deference" due to the "absence of meaningful connections between Plaintiff and the Southern District of New York, and the evidence suggesting forum shopping" (including some admissions on that score by Wave Studio) was not an abuse of discretion. *The Wave Studio, LLC,* 2017 WL 972117, at *6.

On appeal, Wave Studio argues that the district court erred in not considering Singapore courts' ability to adjudicate its infringement (as opposed to its copyright ownership) claims. But Wave Studio did not raise this argument before the district court, and "[i]n general we refrain from passing on issues not raised below." *Virgilio v. City of New York*, 407 F.3d 105, 116 (2d Cir. 2005) (internal quotation marks and citation omitted). Even if this issue had been raised below, however, as the mere existence of the Singapore Copyright Act illustrates, Singapore law includes copyright principles. The record contains no reason to conclude that Singapore courts are not entirely capable of properly adjudicating copyright ownership and infringement claims. *See Creative Tech., Ltd. v. Aztech Sys. Pte., Ltd.*, 61 F.3d 696, 701-03 (9th Cir. 1995).

3

Additionally, the district court properly balanced the public and private interests at stake in the litigation. On all prongs of the analysis, the district court determined that Singapore was a preferable forum. The district court did not abuse its discretion in making those determinations.

We have considered the remainder of appellant's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED. Each side to bear its own costs.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4