

**ANTHONY T. PIERCE**
+1 202.887.4411/fax: +1 202.887.4288
apierce@akingump.com

March 23, 2018

Hon. Cathy Seibel
United States Judge
Charles L. Brieant United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

      Re:    *The Wave Studio, LLC v. American Express Company*
                Case No. 7:15-CV-03420-CS

                *The Wave Studio, LLC v General Hotel Management Ltd., et al.*
                Case No. 7:13-CV-9239-CS-PED

Dear Judge Seibel:

      Akin Gump Strauss Hauer & Feld LLP represents the defendant, American Express Company ("American Express") in *The Wave Studio, LLC v. American Express Company*, Case No. 7:15-CV-03420-CS, which has been consolidated with *The Wave Studio LLC v. General Hotel Management Ltd., et al.*, Case No. 7:13-CV-9239-CS-PED. We write in response to the Court's March 12, 2018 Order requesting the parties to advise the Court "what they think should happen to the defendants" following the Second Circuit's February 26, 2018, Summary Order affirming this Court's Order dismissing General Hotel Management Ltd. ("GHM") from this litigation.

      By way of brief background, on March 10, 2017, this Court granted GHM's Motion for Summary Judgment and dismissed The Wave Studio, LLC ("Wave")'s claims against GHM on the ground of *forum non conveniens*. Wave appealed this decision and on February 26, 2018, the Second Circuit affirmed this Court's Order, concluding: "The district court's determination that [Wave's] choice of forum is 'entitled to little deference' due to the 'absence of meaningful connections between Plaintiff and the Southern District of New York . . . ."

      For the reasons outlined in this Court's Order dismissing GHM, as affirmed by the Second Circuit, American Express should also be dismissed from this litigation. Notably, Wave concedes that the photographs at issue, with respect to American Express, were obtained by GHM. In its Complaint, Wave asserts: "On information and belief, [American Express] may have obtained the Unpublished Photographs directly from the property that is the subject of those

**Akin Gump**
STRAUSS HAUER & FELD LLP

March 23, 2018
Page 2

photographs." At the time the photographs in question were taken, GHM was either the owner or manager of the hotels that were the subject of the photographs. Thus Wave cannot litigate in this Court the issue of whether it possesses a valid copyright over the photographs it asserts American Express improperly published. American Express would need to file a cross-claim against GHM and GHM, in turn, would again seek dismissal on the ground of *forum non conveniens*.

Nor would further staying these actions serve either the public interest or judicial economy. Wave is free to seek a judgment against GHM in the courts of Singapore and then bring an action in New York asserting a copyright claim against American Express based upon any judgment it obtains. Unless and until it does so, however, this case lingers, seemingly indefinitely (the underlying action was, after all, filed nearly five years ago).

Based on the foregoing, it is respectfully submitted that American Express be dismissed from this action, without prejudice to Wave's right to later file an action asserting a copyright claim based on its having obtained a foreign judgment recognizing any such copyright.

Sincerely,

/s/ Anthony T. Pierce

cc: Nate Garhart, Cobalt, LLP, Counsel for Plaintiff