UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE WAVE STUDIO, LLC, | No. 21-cv-2691 |
| Plaintiff, | **COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| BOOKING HOLDINGS INC.; AGODA COMPANY PTE. LTD.; AGIP LLC; BOOKING.COM B.V.; BOOKING.COM (USA) INC., ROCKET TRAVEL, INC., and MOMONDO A/S, | |
| Defendants. | |

Plaintiff The Wave Studio, LLC ("Plaintiff"), by its attorneys, Browne George Ross O'Brien Annaguey & Ellis LLP, for its complaint against Defendants Booking Holdings Inc., Agoda Company Pte. Ltd., AGIP LLC, Booking.com B.V., Booking.com (USA) Inc., Rocket Travel, Inc., and Momondo A/S (collectively, "Defendants"), alleges as follows:

## NATURE OF THIS ACTION

1.     This is an action for copyright infringement arising out of Defendants' unauthorized reproduction, display, distribution, publication, and utilization of several of Plaintiff's photographs in connection with Defendants' highly profitable promotion and sale of hotel and travel bookings on websites accessed across the United States.

2.     Plaintiff is the copyright owner of photographic works created by its sole owner, member, and manager, Lee Kar Yin (a/k/a Junior Lee) ("Ms. Lee") and/or employees of one of the corporate entities controlled by Ms. Lee.  Ms. Lee is a Malaysian creative director, artist, and entrepreneur who, through her controlled entities, uses the photographs to create distinctive marketing and promotional materials for prominent hotels and renowned travel organizations worldwide.  Ms. Lee, or the relevant entity controlled by Ms. Lee, contracts with hotel

management companies and promotional agencies or directly with the hotel and travel locations to create marketing and promotional materials, including artistically designed and produced photographs of these elite hotel properties and travel destinations.  However, under the express terms of many of the contracts with such agencies and hotels, Ms. Lee, or the relevant entity controlled by Ms. Lee, retains sole and exclusive ownership of all right, title, and interest in and to the underlying photographs, as well as the sole and exclusive right to license, distribute, and use the photographs for any and all other purposes.

       3.     Defendants are a group of affiliated and/or related entities that provide travel services, such as airline, accommodation, and rental car reservations, on their on-line platforms. As set forth in more detail below, Defendants have committed blatant acts of copyright infringement, or conspired to do so, including by improperly using Plaintiff's photographs without authorization for their own financial gain by displaying Plaintiff's photographs on their websites and thereby generating traffic to and revenue for Defendants and their businesses.  By virtue of this action, Plaintiff seeks injunctive relief and monetary damages to remedy and redress Defendants' rampant, willful, and continued misuse of Plaintiff's copyrighted photographs.

## JURISDICTION AND VENUE

       4.     This Complaint alleges causes of action under the Copyright Laws of the United States, Title 17 of the United States Code.

       5.     This Court has subject matter jurisdiction over this Complaint pursuant to 28 U.S.C. §§ 1331, 1338 and 2201 as Plaintiff's claims against Defendants arise under Title 17 of the United States Code.

       6.     This Court has personal jurisdiction over Defendants pursuant to substantial and continuous contacts with the state of New York that all relate to and/or form the basis of this action and/or that they have done and continue to do business in this District, including but not limited to

entering into contracts with entities in this District and offering their services throughout this District through, *inter alia*, the websites Booking.com, bstatic.com, pclnc.com, agoda.com, agoda.net, priceline.com, KAYAK.com, Rentalcars.com, OpenTable.com, rocketmiles.com, and momondo.com.

7.     In addition, this Court has personal jurisdiction over Defendant Booking.com (USA) Inc. because, upon information and belief, its principal place of business is located within this District, and has personal jurisdiction over Rocket Travel, Inc. because, on information and belief, Rocket Travel, Inc. has a place of business located within this District.

8.     Pursuant to 28 U.S.C. §§ 1391 and 1400(a), venue properly lies in this District because a substantial part of the events giving rise to the claims alleged in this Complaint occurred in this judicial District and because Defendants reside or are found within this District within the meaning of 28 U.S.C. § 1400(a).

## THE PARTIES

9.     Plaintiff The Wave Studio, LLC is a limited liability company organized under the laws of the State of New York, with its principal place of business at 5 Penn Plaza, 24th Floor, New York, New York 10001.  Plaintiff is a business entity operated by creative director Junior Lee, a Malaysian citizen currently domiciled in Singapore.  Plaintiff was formed to hold, manage, and control the United States intellectual property rights to certain works, including, but not limited to United States copyright registrations created by Ms. Lee and/or employees of corporate entities controlled by Ms. Lee.

10.     Upon information and belief, Defendant Booking Holdings Inc. ("Booking Holdings") is a Delaware corporation with its principal place of business at 800 Connecticut Avenue, Norwalk, Connecticut 06854, and, during all relevant time periods herein, was authorized to do business in the state of New York.  Upon information and belief, Booking Holdings acts

through and controls related and affiliated entities, including, but not limited to, AGIP LLC, Agoda Company Pte. Ltd., Booking.com B.V., Booking.com (USA) Inc., Priceline.com LLC, Kayak Software Corporation d/b/a KAYAK.com, Rocket Travel, Inc., and Momondo A/S (collectively with Booking Holdings, the "Booking Group"). Upon information and belief, Booking Holdings, itself or through affiliated entities, owns, uses, and/or provides content for, and/or has owned, used, and/or provided content for at least the domain names booking.com, bstatic.com, priceline.com, pclnc.com, kayak.com, agoda.com, agoda.net, rocketmiles.com, and momondo.com. Upon information and belief, Booking Holdings and/or its related or affiliated companies regularly transact or solicit business in this District through, *inter alia*, websites resolving to booking.com, bstatic.com, priceline.com, pclnc.com, kayak.com, agoda.com, agoda.net, rocketmiles.com, and momondo.com.

11. Upon information and belief, Defendant Agoda Company Pte. Ltd. ("Agoda Company") is a 100%-owned subsidiary of Booking Holdings and is incorporated in Singapore, with its registered address at 30 Cecil Street, #19-08 Prudential Tower, Singapore 049712, and its largest corporate office in Bangkok, Thailand. Upon information and belief, Agoda Company, itself or through affiliated entities, owns, operates, uses, and/or provides content for, and/or has owned, used, and/or provided content for at least the domain names agoda.com and agoda.net. Upon information and belief, during all relevant time periods, Agoda Company and/or its related or affiliated companies regularly transacted or solicited business in this District through, *inter alia*, websites resolving to agoda.com and agoda.net. Upon information and belief, Agoda Company operates related and affiliated companies world-wide, including Defendant AGIP LLC and non-party Agoda International USA LLC ("Agoda USA"), which runs its American customer service operations and functions to offer customer service to Agoda Company's American customers.

Upon information and belief, Agoda USA is a Delaware limited liability company, with its principal place of business at 350 5th Ave., Ste. 4700, New York, New York, 10118-4700. Upon information and belief, Agoda USA works with Agoda Company to facilitate or provide Agoda Company's offering of accommodation services, including by publishing the infringing images.

12.     Upon information and belief, Defendant AGIP LLC ("AGIP") is a Delaware limited liability company, with its principal place of business at 800 Connecticut Avenue, Norwalk, Connecticut 06854, and has registered and/or owns the websites agoda.com and agoda.net. Upon information and belief, AGIP is an affiliated company to Agoda Company, and both were purchased by Booking Holdings in or around November 6, 2007. Upon information and belief, AGIP, itself or through affiliated entities, owns, uses, and/or provides content for, and/or has owned, used, and/or provided content for at least the domain names agoda.com and agoda.net. Upon information and belief, during all relevant time periods, AGIP and/or its related or affiliated companies regularly transacted or solicited business in this District through, *inter alia*, websites resolving to agoda.com and agoda.net.

13.     Upon information and belief, Defendant Booking.com B.V. ("Booking BV") is a 100%-owned subsidiary of Booking Holdings and is incorporated in the Netherlands, with its principal place of business at Herengracht 597, 1017 CE Amsterdam, Netherlands. Upon information and belief, Booking BV, itself or through affiliated entities, owns, uses, and/or provides content for, and/or has owned, operated, used, and/or provided content for at least the domain names booking.com and bstatic.com. Upon information and belief, during all relevant time periods, Booking BV and/or its related or affiliated companies regularly transacted or solicited business in this District through, *inter alia*, websites resolving to booking.com and bstatic.com. In addition, upon information and belief, Booking BV operates related and affiliated

companies worldwide, including Defendant Booking.com (USA) Inc. and non-party Booking.com Customer Service Center (USA) Inc., both of which are Delaware corporations with their principal places of business at 28 Liberty St., Floor 29, New York, New York 10005, and whose businesses provides services to Booking.com.

14. Upon information and belief, Defendant Booking.com (USA) Inc. ("Booking USA") is a Delaware corporation with its principal place of business at 28 Liberty St., Floor 29, New York, New York 10005, and its business provides services to Booking BV. Upon information and belief, Booking USA, itself or through affiliated entities, owns, uses, and/or provides content for, and/or has owned, operated, used, and/or provided content for at least the domain names booking.com and bstatic.com. Upon information and belief, Booking USA works with Booking BV to facilitate or provide Booking BV's offering of accommodation services, including by publishing the infringing images. Upon information and belief, during all relevant time periods, Booking USA and/or its related or affiliated companies regularly transacted or solicited business in this District through, *inter alia*, websites resolving to booking.com and bstatic.com.

15. Upon information and belief, Defendant Rocket Travel, Inc. ("Rocket"), is a Delaware corporation with its principal place of business at 641 West Lake St., Ste. 102, Chicago, Illinois 60661 and an office in this District located at 350 Fifth Avenue, New York, New York 10001. Upon information and belief, Rocket is a Booking Holdings-affiliated company, acquired by Booking Holdings in or around 2015. Upon information and belief, Rocket, itself or through affiliated entities, owns, uses, and/or provides content for, and/or has owned, operated, used, and/or provided content for at least the domain name rocketmiles.com. Upon information and belief, during all relevant time periods, Rocket and/or its related or affiliated companies regularly

transacted or solicited business in this District through, *inter alia*, websites resolving to rocketmiles.com.

16.     Upon information and belief, Defendant Momondo A/S ("Momondo"), is a Danish corporation with its principal place of business at Løvstræde 1, DK-1152, Copenhagen K, Denmark.  Upon information and belief, Momondo is a Booking Holdings-affiliated company, acquired by Booking Holdings on or around July 24, 2017.  Upon information and belief, Momondo, itself or through affiliated entities, owns, uses, and/or provides content for, and/or has owned, operated, used, and/or provided content for at least the domain name momondo.com.  Upon information and belief, during all relevant time periods, Momondo and/or its related or affiliated companies regularly transacted or solicited business in this District through, *inter alia*, websites resolving to momondo.com.

17.     Upon information and belief, Plaintiff alleges that each of the Defendants is and at all relevant times was an agent, employee, joint-venture, director, officer, co-conspirator, and/or partner of Defendants and, as to the conduct described herein, was acting within the scope of its authority as such.  In addition and/or in the alternative, AGIP, Agoda Company, Booking BV, and Booking USA, as well as the other companies within the Booking Group, are mere alter egos or instrumentalities of Booking Holdings, and the Booking Group operates as a single economic entity, with Booking Holdings exercising control over the other Booking Group entities.

## FACTUAL BACKGROUND

### A.     Creation of the Works At Issue

18.     Ms. Lee is a professional photographer, artist, designer, creative director, and entrepreneur.  Over more than 20 years, and through a series of entities that she established that are in the business of advertising, art, graphic design, and photography, Ms. Lee has established successful career in travel and hotel promotional material worldwide.

19. These entities include, but are not limited to, the following:

a. Wave-S, registered as a sole proprietorship in Singapore on February 21, 1994, which had as its principal activities art and graphic design services, and ceased doing business on February 21, 2007. Ms. Lee was the sole owner of Wave-S.

b. The Wave Pte. Ltd., incorporated in Singapore on February 8, 2002, which had as its principal activities advertising and art and graphic design services. Ms. Lee was a 50% shareholder of this entity. On August 1, 2008, its Board of Directors passed a resolution to assign all of its assets, which included among other things its intellectual property, to Ms. Lee and dissolved The Wave Pte. Ltd.

c. The Wave Design Pte. Ltd., incorporated in Singapore on July 1, 2005, which had as its principal business activities advertising, art and graphic design and photography. On July 27, 2007, The Wave Design Pte. Ltd. changed its name to its current name, The Wave Studio Pte. Ltd. Ms. Lee was, and remains, the sole owner and shareholder of this entity.

(These entities are referred to collectively as the "Wave Entities," and each individually the "Wave Entity.")

20. The business of the Wave Entities is promotional in nature, involving the conception and development of branding campaigns and the design, creation, and execution of design work (including photography, copywriting, composing the artwork, choosing appropriate color separation, and supervising the printing and/or production process) required to produce associated marketing collaterals such as flyers, brochures, press kits and calendars. Generally, Ms. Lee, or the relevant corporate entity controlled by Ms. Lee, was contacted to conceptualize a branding campaign, one element of which required Ms. Lee, or the relevant Wave Entity, to survey

the intended site, set up artistic elements and accents that will convey a desired impression of the site, design photograph's composition (including subject, angle, framing, lighting, and other technical as well as mechanical considerations), photograph certain items, personnel, sites, or facilities, conduct significant post-production work on the images with post-production image adjustments as necessary, and deliver the final product for the client's approval.  Ms. Lee and/or the Wave Entities are usually compensated via the client's purchase of a comprehensive set of marketing materials that reflect the brand concept designed by Ms. Lee, or the relevant corporate entity, which in many instances incorporate the photographs.  In other words, the client purchases the marketing materials designed and manufactured by Ms. Lee and/or the Wave Entities, inclusive of a limited license to distribute the marketing materials.  The client does not purchase the underlying photographs or any right to use and/or reproduce them.

21.     Ms. Lee and/or the Wave Entities issue production estimates and invoices to the clients.  In most of these, they specifically reserve all rights to the works that are not expressly purchased by the clients.  One of the rights reserved is the ownership of the photographs, including the copyright in and to the photographs.

22.     The photographs that Ms. Lee and/or the Wave Entities create (collectively and individually, the "Copyrighted Works") are highly sought after works of art that businesses worldwide routinely display in the course of promoting their facilities, custom, and trade.

23.     Ms. Lee and/or the Wave Entities have created photographs of numerous luxury hotels, including The Setai Miami (USA), The Heritage House Mendocino (USA), The Chedi Milan (Italy), The Leela Goa (India), The Chedi Muscat (Oman), The Nam Hai Hoi An (Vietnam), The Chedi Chiang Mai (Thailand), The Chedi Phuket (Thailand), The Datai Langkawi (Malaysia), The Andaman Langkawi (Malaysia), The Saujana Kuala Lumpur (Malaysia), The Club at The

Saujana Kuala Lumpur (Malaysia), Carcosa Seri Negara Kuala Lumpur (Malaysia), The Legian Seminyak (Bali), The Club at The Legian Seminyak (Bali), The Chedi Club Ubud (Bali), The Serai Club Jimbaran (Bali), The Lalu Sun Moon Lake (Taiwan), Langsuan Apartment Bangkok (Thailand), Seah St. Apartment (Singapore), and GHM Boutique Products (Singapore).

24.    At the very least, photographs of The Setai Miami, The Heritage House Mendocino, The Lalu Sun Moon Lake, Carcosa Seri Negara Kuala Lumpur, The Andaman Langkawi, The Chedi Muscat, and The Leela Goa are at issue in this matter.

B.    **Plaintiff Registered Copyrights in the Photographs at Issue**

25.    The Wave Entities obtained copyright registrations from the United States Copyright Office for the Copyrighted Works.  True and correct copies of the registration certificates for the Copyrighted Works are annexed hereto as **Exhibit 1**.  These copyright registrations are as follows:

| Registration Number | Title of Work |
|---|---|
| VA 1-432-324 | Wave-s Photographs 2001 |
| VA 1-432-325 | Wave-s Photographs 2002 |
| VA 1-432-326 | The Wave Design Pte. Ltd. Photographs 2007 (A) |
| VA 1-432-327 | The Wave Design Pte. Ltd. Photographs 2007 (B) |
| VA 1-432-328 | Wave-s Photographs 2003 |
| VA 1-432-329 | Wave-s Photographs 2004 |
| VA 1-432-330 | The Wave Design Pte. Ltd. Photographs 2006 |
| VA 1-432-331 | The Wave Pte. Ltd. Photographs 2005 (A) |
| VA 1-432-332 | The Wave Design Pte. Ltd. Photographs 2005 |
| VA 1-432-336 | Wave-s Photographs 2002 (B) |

| Registration Number | Title of Work |
|---|---|
| VA 1-432-637 | The Wave Design Re. Ltd. Photographs 2005 (B); Group Registration, Published Photos – 394 photographs / by The Wave Design Pte. Ltd. |
| VA 1-433-816 | Wave-s Photographs 2002 (C) |
| VA 1-437-151 | The Wave Design Pte. Ltd. – datai105 |
| VA 1-758-524 | Wave-s Photographs 2004 (B) |
| VA 1-765-854 | The Wave Design Pte. Ltd. published legian 121 |
| VA 1-824-376 | The Wave Design Pte. Ltd.- datai105 |
| VA 1-825-249 | The Wave Design Pte. Ltd.- detai104 |
| VA 1-825-264 | The Wave Design Pte Ltd.- andaman067 |
| VA 1-825-429 | Wave-s Photographs 2004 (D) - chediclub141 |
| VA 1-825-431 | Wave-s Photographs 2004 (C) - legian122 |
| VA 1-829-021 | The Wave Design Pte. Ltd. - andaman068 |
| VA 1-842-228 | The Wave Design Pte. Ltd. - bkk018 - bkk025 |
| VA 1-842-230 | Wave-s Photographs 2004 - chiangmai239 |
| VA 1-857-706 | Wave-S Photographs 2002 - lalu159 |
| VA-1-942-993 | The Wave Design Pte. Ltd. - setai1182 |
| VAu 1-055-458 | The Wave Design Pte. Ltd.[1] Unpublished photographs 2005 (C) setai429 – setai803 |
| VAu 1-055-459 | The Wave Design Pte. Ltd. Unpublished photographs 2005 (D) setai960 – setai1179 |
| VAu 1-057-927 | The Wave Pte. Ltd. unpublished setai 182 |
| VAu 1-060-180 | The Wave Design Pte. Ltd. unpublished setai0183; 0184 |

---

[1]     The Wave Design Pte. Ltd., as discussed previously, changed its name to The Wave Studio Pte. Ltd. as of July 27, 2007.

| Registration Number | Title of Work |
| --- | --- |
| VAu 1-060-182 | Wave-S unpublished setai959 |
| VAu 1-110-867 | The Wave Design Pte. Ltd. - Unpublished Photograph setai1180 |
| VAu 1-144-751 | The Wave Design Pte. Ltd. - Unpublished setai1181 |
| VAu 758-175 | The Wave Design Pte. Ltd. Unpublished photographs 2005 (C) setai429 - setai803 |

26.     Wave-S dissolved on February 21, 2007, and all assets of Wave-S, under Singapore law, reverted to Ms. Lee, including its copyrighted works.

27.     The Wave Pte. Ltd. dissolved on August 1, 2008.  On that same date, its Board of Directors passed a resolution that assigned all assets to Ms. Lee, including its copyrighted works.

28.     On July 27, 2007, The Wave Design Pte. Ltd. changed its name to The Wave Studio Pte. Ltd. and continued to own all the assets of The Wave Design Pte. Ltd., including its copyrighted works.

29.     On September 1, 2011, Ms. Lee formed Plaintiff for the purposes of holding, administering, and enforcing the copyrights to the Copyrighted Works.  Ms. Lee and the Wave Entities entered into a series of assignments to assign the copyright registrations to Plaintiff.  These assignments were recorded with the United States Copyright Office.

30.     Thereafter, in order to clarify and confirm certain assignments and resolve any doubt about the ownership of the copyrights to the Copyrighted Works, Ms. Lee, on behalf of Plaintiff and the Wave Entities, executed, on January 7, 2013, a Declaration and Nunc Pro Tunc Assignment of Copyright to Plaintiff, which was recorded at the United States Copyright Office on or about April 22, 2013.  Since this document omitted the effective dates (November 11, 2011) of the assignments of copyrights owned by Ms. Lee upon the dissolution of Wave-S and The Wave

Pte. Ltd. and by The Wave Studio Pte. Ltd. (f/k/a The Wave Design Pte. Ltd.), a Declaration and Nunc Pro Tunc Copyright Assignment was filed clarifying and confirming the chain of title to Plaintiff on or about September 4, 2015. True and correct copies of Ms. Lee's Declaration and the Nunc Pro Tunc Copyright Assignment are annexed hereto as **Exhibit 2.**

      C.     **Defendants Infringe Plaintiff's Copyrights**

     31.    Booking Holdings touts itself as "the world leader in online travel and related services."[2] Booking Holdings connects consumers who wish to make travel reservations – including accommodation, dining, car rentals – with providers of travel services around the world through its various brands' online platforms. Booking Holdings' services also permit consumers to compare travel reservation information from hundreds of online travel platforms at once through its meta-search services, which include KAYAK. Its six primary brands are booking.com, KAYAK (KAYAK.com), Priceline (priceline.com), Agoda (agoda.com and agoda.net), Rentalcars.com, and OpenTable (OpenTable.com). Booking Holdings wholly owns 14 subsidiaries. In 2019, 844 million room nights were booked across Booking Holdings' different platforms.

     32.    Agoda Company, a Booking Holding subsidiary, offers a global network for booking hotel and rental rooms across 2.5 million accommodation properties in more than 200 countries and territories worldwide. Headquartered in Singapore, Agoda Company employs more than 4,000 staff in 30 countries,[3] including in the United States. Although Agoda Company originally concentrated on the Asia Pacific market, it has expanded globally. The co-founder of

---

[2]    https://www.bookingholdings.com/about/factsheet/

[3]    https://www.bookingholdings.com/brands/agoda/

Agoda, former CEO, and current chairman of Agoda Company and strategic advisor to Booking

Holdings CEO Glenn Fogel ("Fogel"), Rob Rosenstein,[4] stated, in a May 9, 2018, article, that:

> [E]ven in the early days, Agoda sold rooms in Asia to Europeans,
> Middle Easterners, and Americans. As the business has scaled, it
> should come as no surprise that these have developed into more
> substantial markets and there's a network effect. So as you start to
> sell New York to Koreans, and Seoul to New Yorkers, you start to
> be able to do a decent job of selling that same New Yorker a room
> in New York . . . .[5]

The article states that Agoda Company has opened an office in New York (which presumably is

Agoda USA) and now has four U.S. offices.[6]

33. Agoda's Online Affiliate Agreement provides that its "brands" are considered to be

across the Booking Group:

> "Agoda Brands" means any term or keyword which is the same as
> or confusingly similar to (including any variations, translations,
> misspellings and singular/plural forms of) any of following term(s):
> Agoda, Booking, Bookings, Active Hotels, or Priceline, Rentalcars,
> KAYAK, Opentable, Buteeq, or Traveljigsaw (with or without any
> associated Internet domain names (with whatever (country code)
> top-level domain) (e.g. Agoda.com, Agoda.co.th, Booking.com,
> Booking.fr, www. rentalcars.com, ActiveHotels.com,
> priceline.co.uk, priceline.com, www.kayak.com,
> www.opentable.com, www.traveljigsaw.com,
> www.carhire3000.com, etc.).[7]

34. Upon information and belief, agoda.net, which is a website owned, maintained, and

operated by AGIP and Agoda Company, acts as a photo library that distributes photos – including

the Copyrighted Works – across, the Booking Group's platforms. In addition, some reward

---

[4] https://www.agoda.com/press/leadership/robert-rosenstein?cid=1844104

[5] https://skift.com/2018/05/09/agoda-names-new-ceo-as-it-aims-to-go-global/

[6] *Id.*

[7] https://partners.agoda.com/Content/pdf/Agoda_OnlineAffiliateAgreement.pdf

programs' websites, such as HSBC's, permit participants to book hotel stays pursuant to searches that are stated to be through agoda.com.

35.     Booking BV, another Booking Holdings subsidiary, claims it is "one of the world's largest travel marketplaces for both established brands and entrepreneurs of all sizes" and that it "enables properties all over the world to reach a global audience and grow their businesses."[8] Upon information and belief, bstatic.com, which is a website owned, maintained, and operated by Booking BV, acts as a photo library that distributes photos – including the Copyrighted Works – across, the Booking Group's platforms.   Other non-Booking Group entities, such as hotel.viajes.com, southwesthotels.com, and alaskaair.com, also pull from the bstatic.com website. In addition, some reward programs' websites, such as American Airlines', permit participants to book hotel stays pursuant to searches that are stated to be "Powered by Booking.com."

36.     Upon information and belief, Booking USA is a company affiliated with Booking BV and created to provide services to Booking BV in the United States, including marketing and optimizing Booking BV's products in the United States.  Upon information and belief, Booking USA works with the other Booking Group companies, including priceline.com, KAYAK.com, and Agoda Company, to grow the Booking Group's United States business and to facilitate or provide the other Booking Group's offerings of accommodation services, including by publishing the infringing images.[9]

37.     Rocket is affiliated with Booking Holdings, and offers hotel stays that consumers book through their airline, and other, rewards programs, thereby permitting them to earn rewards or use rewards from those programs.  For example, when using the Rocket website, consumers use

---

[8]     https://www.bookingholdings.com/brands/booking/

[9]     *Id.*

a menu to search for a specific travel location and travel dates, and chooses from a pull-down menu the specific reward program they want to use. The search result show options for booking hotels pursuant to the chosen reward program. In addition, some reward programs' websites, such as Alaska Airlines, permit participants to book hotel stays pursuant to searches that are stated to be "Powered by Rocketmiles." Rocket also has partnered with booking.com to permit booking.com reservations to made through the Rocket site to earn reward points.[10]

38.     Momondo, yet another Booking Holdings affiliated company, is managed by KAYAK.com and is part of the KAYAK portfolio of metasearch brands. Momondo is a global travel search site comparing flights, hotels and car rental deals and does not sell tickets, rooms, or car rentals. For example, when consumers search on momondo.com for available hotel rooms, the search results show an overview of available travel options, the latest available prices that are available on other websites, including other Booking Holdings affiliated websites, such as priceline.com, and let the consumers choose the offer they prefer. Once consumers click on a displayed offer, they are taken to that website to purchase that offer. On information and belief, Momondo works with other Booking Group companies, including Priceline and KAYAK.com to grow the Booking Group United States business and to facilitate or provide the other Booking Group's offering of accommodation services, including by publishing the infringing images.

39.     Defendants Agoda Company, AGIP, Booking BV, Booking USA, Rocket, and Momondo, in addition to other entities that are not a party to this action, such as Agoda USA, priceline.com, and KAYAK.com, are a group of affiliated and/or related entities under the holding group Booking Holdings. Although Booking Holdings calls them separate "brands," they, and

---

[10]     https://about.rocketmiles.com/how-it-works

Booking Holdings' subsidiaries, are run as an integrated and collaborative entity, with Booking

Holdings controlling the brands and subsidiaries. According to Booking Holdings' 2019 10-K:

> While historically our brands operated on a largely independent basis and many of them focused on a particular service (e.g., accommodation reservations) or geography, we are ***increasing the collaboration, cooperation and interdependency among our brands*** in our efforts to provide consumers with the best and most comprehensive services. We also seek to maximize the benefits of our scale by ***sharing resources and technological innovations***, co-developing new services and coordinating activities in key markets among our brands. For example, Booking.com, the world's leading brand for booking online accommodation reservations (based on room nights booked), offers rental car and other ground transportation services, flights, restaurant reservations, tours and activities reservations and other services, many of which are supported by our other brands. Similarly, hotel reservations available through Booking.com are also generally available through Agoda and Priceline.[11]

40.     In a call with analysts to share Booking Holding's second-quarter 2019 financial

results, in August 2019, Fogel – the President and CEO of Booking Holding and the CEO of

Booking.com – pushed what he called the "connected trip" concept, emphasizing the cooperation

of its brands, including "the ongoing integration of Rentalcars.com . . . with Booking.com . . . –

now providing pre-booked car service in approximately 800 cities globally – the ability to use

OpenTable . . . points to book a hotel through Kayak . . . and the ability for accommodation

---

[11]     Booking Holdings Inc., Annual Report (Form 10-K) 1 (Feb. 26, 2020), *available at* https://ir.bookingholdings.com/node/24796/html (emphasis added) (the "Booking Holdings 2019 10-K"); *see also* Booking Holdings Inc., Quarterly Report (Form 10-Q) 74 (Nov. 5, 2020), *available at* https://ir.bookingholdings.com/node/25216/html (the "Booking Holdings September 2020 10-Q") ("Historically, our brands operated on a largely independent basis and many of them focused on particular services or geographies. As we look to develop the Connected Trip and pursue our other strategic objectives, we are increasing the collaboration, cooperation and interdependency among our brands."); Booking Holdings Inc., Quarterly Report (Form 10-Q) 37 (Nov. 7, 2019), *available at* https://ir.bookingholdings.com/node/24626/html ("In addition, we are increasing collaboration among our brands to expand our product offerings with the aim of providing our customers the convenience of a frictionless travel experience.").

bookers to add an attraction with one click on Booking.com."[12]  When asked how Booking

Holdings would change when Fogel became CEO, Fogel said, "One of the benefits that I've had

is being part of bringing all the different companies into the group.  So I know where our strengths

are and I know how they can work together.  I want to bring our execution rate faster.  I want to

make things happen quicker.  I believe that urgency is important in this business, and I want to

bring this new holistic system to our customers faster."[13]

      41.    A significant majority of Booking Holdings' revenues are from the online

accommodation services.[14]  Of the six Booking Holdings' brands, booking.com, agoda.com, and

priceline.com provide accommodation reservation services, among other services.

      42.    Acting as a proxy for marketing efforts, these brands display images and other

information about hotels and properties in order to entice travelers to book accommodations at the

relevant property.  Upon a successful booking originating from one of the Booking Group's

brands, the relevant Booking Group brand derives booking fees (essentially, finder's fees), which

comprise a substantial source of revenues for the Booking Group.  Upon information and belief,

---

[12]      https://www.phocuswire.com/Booking-Holdings-q2-2019-earnings.

[13]      *Id.*

[14]      Booking Holdings 2019 10-K, at 2 ("A significant majority of our revenues, including a significant majority of our international revenues, is earned in connection with facilitating accommodation reservations."); *id.* at 36 ("A significant majority of our revenues, including a significant majority of our international revenues, is earned in connection with facilitating accommodation reservations."); Booking Holdings September 2020 10-Q, at 12 ("Approximately 91% and 88% of the Company's revenue for the three and nine months ended September 30, 2020, respectively, and 88% and 87% of the Company's revenue for the three and nine months ended September 30, 2019, respectively, relates to online accommodation reservation services."); *id.* at 43 ("Historically, our growth has primarily been generated by the worldwide accommodation reservation business of Booking.com, which is our most significant brand, and has been due, in part, to the availability of a large number of properties through Booking.com."); *id.* at 74 ("We believe that the number, variety and quality of accommodations on our platforms, and the corresponding access to accommodation room nights, had been a key driver of the growth of our accommodation reservation business prior to the COVID-19 pandemic.").

as described above, the Booking Group's brands utilize common resources in these marketing efforts, including common repositories of photographs used by the Booking Group entities, located at bstatic.com and agoda.net.

43.     Indeed, upon information and belief, these common repositories of photographs provides photographs, including the Copyrighted Works, not only to the Booking Group but to unrelated and unaffiliated companies that then display the Copyrighted Works on their platforms.

44.     The same accommodation providers may be listed on more than one of the Booking Holding platforms.  KAYAK and Momondo, for example, function as "meta-searchers" and simultaneously display reservation information and booking options while displaying a comparison of its own branded booking option with booking options provided by other websites, including Booking.com and priceline.com.

45.     Plaintiff has never assigned, licensed, or otherwise transferred any interest in and to the Copyrighted Works to Defendants or otherwise dedicated them to the public.  Nor have Defendants ever sought Plaintiff's, Ms. Lee's, or the Wave Entities' permission to utilize the Copyrighted Works.

46.     Despite having no permission, consent, or license to do so from Plaintiff, Defendants have used and continue to use the Copyrighted Works in violation of Plaintiff's exclusive rights as a copyright owner, and have not compensated Plaintiff for such use.  Examples of said use are annexed hereto as **Exhibit 3**.

47.     Upon information and belief, the Copyrighted Works that are the subject of this Complaint have been seen and continue to be seen by thousands, and likely millions, of visitors to the Booking Group's various platforms in the United States and worldwide.

48.     Upon information and belief, Defendants have utilized the Copyrighted Works for purposes of enhancing their respective businesses, including by promoting and advertising their respective bookings to the boutique and high-end hotels featured in the Copyrighted Works, which, in turn, yield booking fees and significant revenue for the Booking Group, all without Plaintiff's authorization.

**FIRST CLAIM FOR RELIEF**
**(Copyright Infringement Against All Defendants)**
**(17 U.S.C. § 101 et seq.)**

49.     Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 48 above.

50.     Defendants have directly infringed Plaintiff's Copyrighted Works by reproducing, displaying, and/or distributing unauthorized copies of Plaintiff's photographs in violation of 17 U.S.C. § 501 et seq.

51.     Defendants copied Plaintiff's entire images for their own personal commercial gain.

52.     Moreover, Defendants' use of the Copyrighted Works is for the exact same purpose as Plaintiff's intended use:  to promote and market hotel properties and destination locations.  Thus, there is no added benefit to the public by Defendants' display of Plaintiff's Copyrighted Works.

53.     Specifically, without authorization or consent, Defendants have reproduced, displayed, and/or distributed at least Plaintiff's Copyrighted Works of Registration Nos. VA 1-432-324, VA 1-432-325, VA 1-432-326, VA 1-432-327, VA 1-432-328, VA 1-432-329, VA 1-432-330, VA 1-432-331, VA 1-432-332, VA 1-432-336, VA 1-432-637, VA 1-433-816, VA 1-437-151, VA 1-758-524, VA 1-765-854, VA 1-824-376, VA 1-825-249, VA 1-825-264, VA 1-825-429, VA 1-825-431, VA 1-829-021, VA 1-842-228, VA 1-842-230, VA 1-857-706, VA 1-

942-993, VAu 1-055-458, VAu 1-055-459, VAu 1-057-927, VAu 1-060-180, VAu 1-060-182, VAu 1-110-867, VAu 1-144-751, and VAu 758-175.

54.     Defendants' infringement of Plaintiff's rights in and to each of the Copyrighted Works constitutes a separate and distinct act of infringement.

55.     Upon information and belief, Defendants knew or should have known that their acts constituted copyright infringement.

56.     Defendants' conduct was willful within the meaning of the Copyright Act.

57.     Plaintiff has been damaged by Defendants' conduct, including, but not limited to, economic losses.  Plaintiff continues to be damaged by such conduct, and has no adequate remedy at law to compensate Plaintiff for all the possible damages stemming from Defendants' conduct.

58.     Because of the willful nature of Defendants' conduct, Plaintiff is entitled to, at its election, an award of statutory damages for each instance of copyright infringement by Defendants, in lieu of recovery of exemplary damages, as well as attorneys' fees, and all associated costs.

### SECOND CLAIM FOR RELIEF
**(Contributory Copyright Infringement Against Booking Holdings, Booking BV, AGIP, Agoda Company, and Rocket)**

59.     Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 58 above.

60.     On information and belief, Booking Holdings, Booking BV, AGIP, Agoda Company, and Rocket had actual or constructive knowledge, or should have known, of Plaintiff's rights in and to the Copyrighted Works, and the Booking Group's infringement of Plaintiff's Copyrighted Works, due to the following actions:

a.     *The Wave Studio, LLC v. Amadeus North America, Inc., et al.*, No. 7:15-cv-06995-CS, originally filed in the United States District Court for the Northern District of California on March 24, 2015 and transferred to this Court on September 4, 2015, which

brings a claim against Booking Holdings' wholly-owned subsidiary, Priceline.com LLC, for its infringement of Plaintiff's Copyrighted Works, and alleges that Priceline.com LLC, "itself or through affiliated entities, owns and uses, and/or has owned and used, at least the domain names . . . booking.com . . . kayak.com, priceline.com," among other alleged affiliated websites.

        b.    *The Wave Studio, LLC v. General Hotel Management Ltd.; et al.*, No. 7:13-cv-09239-CS, filed in this Court on December 31, 2013, which brings a claim against Booking Holdings' wholly-owned subsidiary, Kayak Software Corporation d/b/a/ KAYAK.COM, for infringement of the copyright on Plaintiff's Copyrighted Works.

61.    Upon information and belief, Booking Holdings encouraged, caused, induced, materially contributed to, and/or assisted the Booking Group's infringement of Plaintiff's Copyrighted Words by operating the Booking Group as an integrated and collaborative entity where the so-called separate brands are interdependent and cross-list accommodation providers across platforms, as well as certain brands acting as a meta-searcher.

62.    Upon information and belief, Booking BV encouraged, caused, induced, materially contributed to, and/or assisted the Booking Group's infringement of Plaintiff's Copyrighted Works, as well as other non-affiliated entities' infringement, by housing certain Copyrighted Works in content distribution networks that act as photo libraries, including, but not limited to, bstatic.com.  These content distribution networks permit other websites, such as priceline.com, agoda.com, and websites not affiliated with the Booking Group, to "pull" the photographs from them.  Upon information and belief, Booking BV, through the bstatic.com website, and without the consent of Plaintiff, distributed the Copyrighted Works to, *inter alia*, Agoda Company and priceline.com.

63.     Upon information and belief, AGIP and Agoda Company encouraged, caused, induced, materially contributed to, and/or assisted the Booking Group's infringement of Plaintiff's Copyrighted Works by housing certain Copyrighted Works in content distribution networks that act as photo libraries, including, but not limited to, agoda.net.  These content distribution networks permit other websites, such as priceline.com, to "pull" the photographs from them.   Upon information and belief, AGIP and Agoda Company, through the agoda.net website, and without the consent of Plaintiff, distributed the Copyrighted Works to, *inter alia*, priceline.com.

64.     Upon information and belief, Booking BV, AGIP, Agoda Company, and Rocket encouraged, caused, induced, materially contributed to, and/or assisted the Booking Group's infringement, and non-affiliated entities' infringement of Plaintiff's Copyrighted Works, by hosting or providing search services for other entities' websites and, without the consent of Plaintiff, distributed the Copyrighted Works.

65.     By their actions, Booking Holdings, Booking BV, AGIP, Agoda Company, and Rocket each materially contributed to infringement of Plaintiff's copyrights, all without Plaintiff's permission and without giving Plaintiff credit or paying Plaintiff royalties for the Copyrighted Works.

66.     Booking Holdings, Booking BV, AGIP, Agoda Company, and Rocket each knew and/or should have known that the Copyrighted Works would be used, published and disseminated on high-trafficked websites and in widely circulated promotional materials.

67.     The misconduct of Booking Holdings, Booking BV, AGIP, Agoda Company, and Rocket each was willful and/or intentional and with knowledge of both Plaintiff's rights and the Booking Group's infringement of said rights.

68.     Upon information and belief, Defendants may each be liable for contributory copyright infringement alleged herein to the extent that one or all may have supplied, provided, distributed, or otherwise facilitated unfettered access by unknown third-parties to the Copyrighted Works without Plaintiff's knowledge or authorization.

69.     Plaintiff seeks all damages recoverable under the Copyright Act, including statutory or actual damages, including any profits or gains attributable to the infringement of the Copyrighted Works.

### THIRD CLAIM FOR RELIEF
**(Vicarious Copyright Infringement Against Defendant Booking Holdings)**

70.     Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 69 above.

71.     Upon information and belief, Booking Holdings is vicariously liable for the copyright infringement alleged herein because it had the ability to supervise the infringing conduct and because it had a direct financial interest in the infringing conduct.

72.     Booking Holdings did not have the ability to permit its related and/or affiliated companies to use or display the Copyrighted Works because Plaintiff is the sole and exclusive owner of the Copyrighted Works and did not grant Booking Holdings permission to license, sell, assign or use the Copyrighted Works.

73.     Notwithstanding the fact that Booking Holdings had no right to license, sell, assign or permit any third party to use the Copyrighted Works, and knowing it was not the owner of the copyright in the Copyrighted Works, Booking Holdings controlled the Booking Group not only by being the 100% owner of its subsidiaries, such as Agoda Company, Priceline.com LLC, and Booking.com, among others, but by operating the Booking Group as an integrated and collaborative entity where the so-called separate brands are interdependent and cross-list

accommodation providers across platforms.  Due to the nature of Booking Holdings' control over the content of the Booking Group's websites, it had the right and the ability to supervise the infringing activities complained of herein.

74.     Moreover, among other actions, Booking Holdings, knowing of the infringement of Plaintiff's copyright in other controlled entities, including KAYAK.com and priceline.com, declined to control and prohibit the use of the Copyrighted Works among other members of the Booking Group.

75.     As a direct result of the Booking Group's infringement of Plaintiff's copyrights, Booking Holdings has obtained direct and indirect profits that it would not otherwise have realized but for the Booking Group's infringement of the Copyrighted Works.

76.     Booking Holdings' misconduct was willful, intentional and/or reckless and done for its own economic gain.

77.     Plaintiff seeks all damages recoverable under the Copyright Act, including statutory or actual damages, including a disgorgement of profits or gains directly or indirectly attributable to the infringement of the Copyrighted Works.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court enter judgment against Defendants as follows:

1.     That Defendants have infringed, directly or indirectly, Plaintiff's rights in the Copyrighted Works;

2.     For entry of preliminary and permanent injunctions providing that Defendants and their officers, agents, servants, and those persons in active concert or participation shall be enjoined from directly or indirectly infringing Plaintiff's rights in the Copyrighted Works;

3. For entry of preliminary and permanent injunctions providing that Defendants shall immediately remove all copies of the Copyrighted Works from their websites, and destroy the Copyrighted Works in their possession, custody or control or return them to Plaintiff, and/or immediately obtain a license from Plaintiff for their use;

4. For Plaintiff's damages and Defendants' profits in such amount as may be found; alternatively, for maximum statutory damages in the amount of $150,000 with respect to each copyrighted work infringed either directly or indirectly, or for such other amounts as may be proper pursuant to 17 U.S.C. § 504(c);

5. For entry of judgment that Defendants shall pay Plaintiff's costs and attorneys' fees incurred in this action, pursuant to 17 U.S.C. § 505; and

6 For entry of judgment that Plaintiff be granted such other relief as the Court deems just, equitable and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues triable to a jury.

Dated: New York, New York
   March 29, 2021

BROWNE GEORGE ROSS
O'BRIEN ANNAGUEY & ELLIS LLP

By:   s/Brett D. Katz
   Brett D. Katz
5 Penn Plaza, 24th Floor
New York, New York 10001
Telephone:  (212) 413-2600
Facsimile:  (212) 413-2629
bkatz@bgrfirm.com

BROWNE GEORGE ROSS
O'BRIEN ANNAGUEY & ELLIS LLP
Keith J. Wesley*
Lori Sambol Brody*
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067

Telephone:  (310) 274-7100
Facsimile:  (310) 275-5697
kwesley@bgrfirm.com
lbrody@bgrfirm.com

BROWNE GEORGE ROSS
O'BRIEN ANNAGUEY & ELLIS LLP
Richard A. Schwartz*
801 South Figueroa Street, Suite 2000
Los Angeles, California 90017
Telephone:  (213) 725-9800
Facsimile:  (213) 725-9808
rschwartz@bgrfirm.com

*To be admitted *Pro Hac Vice*
*Attorneys for Plaintiff*