

CHIESA SHAHINIAN & GIANTOMASI PC

105 Eisenhower Parkway, Roseland, NJ 07068
csglaw.com

ABIGAIL J. REMORE
Member

ajremore@csglaw.com

O  973.530.2114     F  973.325.1501

November 22, 2023

<u>Via E-Filing and Email: chambersnysdseibel@nysd.uscourts.gov</u>
The Honorable Cathy Seibel
United States District Court for the Southern District of New York
The Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

   Re: <u>The Wave Studio, LLC v. General Hotel Management Ltd. et al.</u>
     <u>Case No. 7:13-cv-09239-CS</u>

Dear Judge Seibel:

   This firm is counsel for Defendant General Hotel Management Ltd. ("GHM") in the case The Wave Studio, LLC v. General Hotel Management Ltd. et. al., Case No. 7:13-cv-09239-CS-PED (the "Primary GHM Action") and all cases consolidated therewith (collectively, the "GHM Actions").

   We write in response to Plaintiff's November 7, 2023 pre-motion letter regarding Plaintiff's expected Motion to Lift the Stay in the GHM Actions (ECF No. 295, the "Pre-Motion Letter") and Your Honor's November 7, 2023 Order (ECF No. 296, the "Order") setting a hearing in connection with the same. GHM's position with respect to lifting the stay is set forth herein.

   As Your Honor may recall, the Primary GHM Action named over 50 defendants in addition to GHM. On July 3, 2014, Your Honor issued an order staying the case as to all defendants except for GHM so that The Wave Studio, LLC ("Plaintiff") and GHM could litigate the threshold issue of Plaintiff's claims against GHM. Thereafter, Plaintiff filed eight nearly identical lawsuits in the Northern District of California and one nearly identical lawsuit in the Southern District of New York, naming numerous additional defendants. Aside from one, all of those lawsuits were transferred to this Court and were consolidated with the Primary GHM Action. The cases with respect to each of the additional defendants were also stayed pending a decision on the threshold issue. On March 10, 2017, Your Honor issued a decision on motions for summary judgment in the Primary GHM Action, dismissing GHM from the action on the grounds of forum non conveniens, severing the claims against GHM, and continuing the stay of all of Plaintiff's claims against all other defendants so that Plaintiff could litigate as to the threshold issue against GHM in Singapore. The United States Court of Appeals for the Second Circuit upheld that decision on February 26, 2018. *Wave Studio, LLC v. Gen. Hotel Mgmt. Ltd.,* 712 F. App'x 88, 89 (2d Cir. 2018). Even after that decision and the institution of proceedings in Singapore, Plaintiff has filed even more nearly identical lawsuits against other defendants, some of which have been consolidated with the Primary GHM Action.

NEW JERSEY  NEW YORK

The Honorable Cathy Seibel
November 22, 2023
Page 2

Plaintiff did file an action against GHM, secured favorable rulings at trial and on appeal, and the parties to that litigation entered into a settlement to resolve all claims asserted in Singapore. However, it appears that the Pre-Motion Letter overstates the scope of the Singapore action (while not bothering to even provide the Court with a copy of the grounds for decision in that case). As the undersigned understands the operative facts, not all of the photographs that are the subject of the GHM Cases were at issue in the Singapore action, and the decision in the Singapore action and the settlement thereof is limited only to the photographs that were the subject of the Singapore action. Paragraph 48 of the grounds of decision (which Plaintiff asked the Court to pull from an exhibit in another related case) indicates that the subject of the Singapore suit was 2391 final photographs taken in 29 photo shoots from December 2000 to October 2007. On the contrary, GHM's analysis of the photographs at issue in the U.S. GHM Actions (last updated in March 2022) indicate that the photographs were published between 2001 (not 2000) and 2007 and are covered by 33 U.S. copyright registrations totaling more than 3100 photographs. Thus, neither the Court nor the defendants can be certain that any of the photographs that were the subject of the Singapore action are the same as any of the photographs that are the subject of the U.S. GHM Actions. At a minimum, it appears likely, if not certain, that the Singapore action was narrower than the scope of the claims against the remaining defendants in the U.S. GHM Actions. Plaintiff, not GHM or the other defendants, bears the burden of proving the scope of what was litigated and resolved in the Singapore action, how that compares with the GHM Actions, and the extent of the impact of the Singapore action on the GHM Actions. Plaintiff has made no effort to do so, and as such, it may not be proper for the stay to be lifted until Plaintiff can provide such information.

We also note that most of the other defendants in the GHM Actions have not yet answered or otherwise responded to their respective operative pleadings. Nearly a decade ago, one defendant filed a crossclaim against a number of other defendants and a counterclaim against the Plaintiff, none of which have been answered or responded to (and which that defendant sought to withdraw after the fact). It is also not clear whether all of the defendants have even been served. At this stage, the Court and the parties are dealing with at least ten separate similar, but not identical, complaints involving dozens and dozens (perhaps hundreds) of defendants scattered across the country and internationally, each alleged to have infringed different photographs which may or may not be the subject of the Singapore decision. It would be next to impossible for the Court and the parties to efficiently manage discovery and litigation with so many variables, particularly when the vast majority of those pleadings, now nearly a decade old, remain unanswered.

Provided that Plaintiff can meet its burden of demonstrating that the Singapore decision has an impact on the GHM Actions and the extent of that impact, if any, GHM will not object to the lifting of the stay. If the stay is lifted, GHM respectfully submits that the case should proceed as follows:

1. Plaintiff should first be required to file a consolidated amended complaint against the defendants remaining in consolidated GHM Actions that, at a minimum, expressly sets forth with specificity: (a), which photographs were the subject of the Singapore action; (b) which photographs Plaintiff is alleging were infringed or are being infringed by each of the defendants; and (c) whether each of the photographs alleged to have been infringed by each of the defendants were the subject of the Singapore action or the settlement thereof.

The Honorable Cathy Seibel
November 22, 2023
Page 3

      2.      Plaintiff should effectuate valid service of the amended complaint on all defendants that have not already been served.

      3.      Then, the defendants should be given the opportunity to respond to the amended complaint, following which responses to cross claims or counterclaims (if any) can be submitted and any motions filed in lieu of answers can be resolved.

      4.      After pleadings are completed, any motion practice attacking said pleadings (i.e. jurisdictional challenge) is resolved, and the Court and the parties have an understanding of the full scope of all claims and defenses, the parties should meet and confer regarding procedures for the case moving forward (i.e. whether discovery should proceed in stages or whether certain issues such as damages or cross-claims should be stayed pending a decision on liability as to the remaining defendants) and present a proposed joint plan to the Court for consideration.

Further, Plaintiff references a settlement agreement that neither the Court nor the other defendants have seen. GHM is not permitted to share a copy of it with its co-defendants or with the Court, as it is the subject of a confidentiality agreement. The undersigned wrote to Plaintiff's new counsel asking if Plaintiff would waive the confidentiality provision of the settlement agreement to facilitate the parties' response to the Pre-Motion Letter and avoid unnecessary motion practice. We have not received a response to that inquiry as of the submission of this letter.

We thank Your Honor for your attention to this matter and look forward to discussing with you further on November 29.

      Respectfully submitted,

      /s/ *Abigail J. Remore*

      Abigail J. Remore

AJR:tf
Cc:    All counsel of record via ECF