# Morgan Lewis

**Carla B. Oakley**
Partner
+1.415.442.1301
Carla.Oakley@morganlewis.com

November 22, 2023

**VIA ECF**

The Honorable Cathy Seibel
The Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse
300 Quarropas St.
White Plains, New York 10601-4150

Re:   *The Wave Studio, LLC v. General Hotel Management Ltd. et al.*, Case No. 7:13-cv-09239[1]

Dear Judge Seibel:

My firm represents and writes on behalf of the following defendants in the following cases: Booking Holdings, Inc., Agoda Company Pte Ltd., AGIP LLC, Booking.com BV, Booking.com (USA) Inc., Rocket Travel, Inc. and Momondo A/S (Case No. 21-cv-2691); Hotels Combined LLC (Case No. 15-cv-7950); Priceline.com LLC (Case No. 15-cv-6995); Getaroom.com and Kayak Software Corp. d/b/a Kayak.com[2] (Case No. 13-cv-9239); and Southwest Airlines Co. (Case No. 22-cv-5141), all filed by The Wave Studio, LLC ("Wave Studio").[3]

We write pursuant to the Court's November 7, 2023, Order (Dkt. 296[4]) and in response to Plaintiff's counsel's letter requesting a pre-motion conference on Plaintiff's planned Motion to Lift the Stay (Dkt. 295). Our clients oppose lifting the stay for all purposes until certain scope issues are resolved, as detailed below. At that point, our clients who have been served would not oppose lifting the stay, so long as Defendants retain the previously ordered 60 days in which to provide their responsive pleadings.

Your Honor's March 10, 2017, Opinion and Order on Summary Judgment ordered that Plaintiff adjudicate copyright ownership of the asserted copyrights and copyright infringement against

---

[1] Additional case captions for defendants on behalf of which we write are: *The Wave Studio, LLC v. Amadeus North America, Inc. et al.*, Case No. 15-cv-06995; *The Wave Studio, LLC v. British Airways PLC et al.*, Case No. 15-cv-07950; *The Wave Studio, LLC v. Booking Holdings Inc. et al.*, Case No. 21-cv-02691; *The Wave Studio, LLC v. Citibank N.A. et al.*, Case No. 22-cv-5141.

[2] Kayak.com is jointly represented by Clausen Miller, P.C.

[3] All named defendants have not been properly served or made appearances. This letter is not intended to waive rights to proper service or to constitute a general appearance.

[4] All Docket entries are to *The Wave Studio, LLC v. General Hotel Management Ltd. et al.*, Case No. 7:13-cv-09239, unless stated otherwise.

**Morgan, Lewis & Bockius LLP**

One Market
Spear Street Tower
San Francisco, CA  94105-1596      ☎ +1.415.442.1000
United States                                        ℻ +1.415.442.1001

The Honorable Cathy Seibel
November 22, 2023
Page 2

General Hotel Management Ltd. ("GHM") and stayed Plaintiff's claims as to all other Defendants pending resolution of those issues because that "will inform the resolution of Plaintiff's claims against the other Defendants who allegedly received Plaintiff's photographs from GHM." Dkt. 209.

Plaintiff asserts that the case in Singapore has been resolved through a trial and through a settlement, making broad unsupported claims about what was resolved. Neither we nor our clients are privy to the details of the resolution in Singapore, either through the trial or through the settlement. We do not concede that rulings in that action are binding on our clients, and we are unable to confirm the scope of what was resolved in Singapore. For example, Plaintiff has failed to provide any details regarding the photographs at issue in the Singapore action for which a determination was reached, including whether they are the same photographs that have been asserted in the consolidated actions, some subset of photographs, or an entirely different set of photographs created and provided to GHM under different circumstances. We understand from GHM's correspondence to the Court that "not all of the photographs that are the subject of the GHM Cases were at issue in the Singapore action, and the decision in the Singapore action and the settlement thereof is limited only to the photographs that were the subject of the Singapore action" and "it appears likely, if not certain, that the Singapore action was narrower than the scope of the claims against the remaining defendants in the U.S. GHM Actions" by hundreds of photographs. Dkt. 300.

While Plaintiff cites to documents from the Singapore action that Plaintiff submitted in a recent case that evidently was not consolidated with these cases nor otherwise brought to this Court's attention (*The Wave Studio, LLC v. Trivago, N.V.*, Case No. 7:23-cv-03586-NSR), those documents do not answer these questions. They instead underscore that it is impossible to ascertain which photographs were the subject of the Singapore action; it appears Wave elected to litigate as to only a subset of the photographs at issue in the cases before this Court. The fact that Plaintiff has failed in its various complaints against our clients to identify with any specificity the photographs allegedly infringed by each of our clients compounds the difficulty in ascertaining whether Plaintiff, in fact, obtained a ruling in Singapore that addresses all of the photographs obtained from GHM that are at issue here, as Your Honor directed Plaintiff to do.

Plaintiff bears the burden to demonstrate to the Court and parties the scope of the Singapore action. To that end, consistent with GHM's proposal (Dkt. 300), we propose that prior to lifting the stay generally, the Court first require that Plaintiff provide evidence to the Court and the Defendants regarding the details of the scope of the Singapore action and what was resolved there, including identifying with specificity the photographs at issue in the Singapore action and the determinations reached for those photographs, either through court order or settlement (which may or may not be binding here). Thereafter, Plaintiff should be ordered to file a consolidated amended complaint that pleads the requisite details of the specific photographs each Defendant is alleged to infringe, limited to those photographs at issue in the Singapore action, and completing proper service on those upon which service was never completed (or dropping those defendants).

We note also that Plaintiff has had ample time since the February 2023 appellate decisions in the Singapore action to provide this Court and Defendants with the detail necessary to ascertain whether Plaintiff did what Your Honor required in the March 10, 2017, order (Dkt. 209) and to ascertain the true scope of the rulings and resolution in the Singapore action. There is no reason to rush now without that information.

The Honorable Cathy Seibel
November 22, 2023
Page 3

Once the scope issues are resolved, our clients that have been served would not oppose lifting the stay for all purposes, with the Defendants having the previously ordered 60 days in which to provide their responsive pleadings. Dkts. 271, 278. Once all responsive pleadings have been submitted and related motion practice completed, the parties will have an understanding of the claims, counterclaims, crossclaims and defenses at issue and be in a position to suggest a proposed schedule to the Court through the normal case management process, including a mediation with a Magistrate and setting phases for fact discovery, anticipated motions for summary judgment and, should it be necessary, a damages discovery phase.

Lastly, none of the cases cited by Plaintiff requires that a stay be lifted where neither the Court nor the defendants are privy to details of the foreign litigation's findings or outcome details. Rather, in those cases, the defendants or their foreign affiliates were parties to the foreign litigation and privy to the details of the decision. *Tarazi v. Truehope Inc.*, 958 F. Supp. 2d 428, 438 (S.D.N.Y. 2013) (stay lifted where foreign litigation included all but one defendant in the domestic litigation and that this lone defendant's "interest in the Canadian action, to the extent it has one, is aligned with [one of the defendants in the foreign action] in that both entities seek a ruling that allows for the enforceability of the [underlying] Agreement"); *Argus Media Ltd. v. Tradition Fin. Servs. Inc.*, No. 09 CIV. 7966 (HB), 2009 WL 5125113, at *6 (S.D.N.Y. Dec. 29, 2009) (stay lifted where foreign litigation involved the foreign-affiliate of the defendant); *In re Hellas Telecommunications (Luxembourg) II SCA*, 555 B.R. 323, 330 (Bankr. S.D.N.Y. 2016) (explaining that "[i]f the U.K. Action results in a judgment against the U.S.-based defendants, the stay may be lifted for any proceedings seeking enforcement of the judgment.").

We appreciate Your Honor's attention to and careful management of these cases, and look forward to the conference on November 29, 2023.

Sincerely,

/s/ Carla B. Oakley

Carla B. Oakley