# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

THE WAVE STUDIO, LLC,

               *Plaintiff,*

       v.

GENERAL HOTEL MANAGEMENT LTD.,
ABOUT, INC., AGIP LLC, AGODA
COMPANY PTE. LTD., AIR CANADA,
ALLIANCE RESERVATION NETWORK,
AMERICAN AIRLINES, INC., AMERICAN
EXPRESS COMPANY, AOL INC.,
BOOKING.COM BV, BOOKING
HOLDINGS INC., BOOKING.COM USA
INC., BOOKIT.COM, INC., BRITISH
AIRWAYS PLC, CATHAY PACIFIC
AIRWAYS LTD., CHARLES KESSLER &
ASSOCIATES, INC., CITIBANK N.A.,
DELTA AIRLINES, INC., DESPEGAR.COM
CORP., DESPEGAR.COM USA, INC.,
EMERGING TRAVEL, INC., RATE HAWK,
ZEN HOTELS, EXPEDIA, INC.,
FAREBUZZ, FAREPORTAL, INC.,
FROMMER MEDIA LLC, FROSCH
INTERNATIONAL TRAVEL, INC.,
GETAROOM.COM, GOGOBOT, INC.,
GROUPON, INC., HOTELS COMBINED
LLC, HOTELS.COM GP LLC,
HOTELSBYME, JETBLUE AIRWAYS
CORPORATION, JOE MAZZARELLA,
KAYAK SOFTWARE CORPORATION,
LEXYL TRAVEL TECHNOLOGIES,
LONELY PLANET GLOBAL, INC.,
MAKEMYTRIP.COM, INC., METRO
TRAVEL GUIDE, MOMONDO A/S,
NETADVANTAGE.COM, ORBITZ
WORLDWIDE, LLC, PEGASUS
SOLUTIONS, INC., PRICELINE.COM LLC,
QATAR AIRWAYS Q.C.S.C.,

Case No. 7:13cv-09239-CS-PED

**MASTER COMPLAINT**

RANDOM HOUSE, RESERVATION
COUNTER, ROCKET TRAVEL, INC.,
SETAI OWNERS LLC, SIGNATURE
TRAVEL NETWORK, SKYSCANNER LTD.,
SOUTHWEST AIRLINES CO., SWISS
INTERNATIONAL AIR LINES LTD,
TABLET INC., THIS EXIT, LLC,
TRAVELOCITY.COM LP, TRAVELZOO
INC., TRAVIX TRAVEL USA INC.,
TRIPADVISOR LLC, TRIP.COM GROUP
LIMITED, TRIP.COM TRAVEL
SINGAPORE PTE. LTD., TRIVAGO N.V.,
TRIVAGO SERVICES US, LLC, UNITED
AIRLINES, INC., UNITED AIRLINES, INC.,
SUCCESSOR-IN-INTEREST TO
CONTINENTAL AIRLINES, INC.,
VACATIONS BY TZELL, VFM
LEONARDO, INC., VISA, INC.

*Defendants.*

Plaintiff The Wave Studio, LLC ("Plaintiff" or "Wave") hereby alleges against

Defendants as follows:

**NATURE OF THIS ACTION**

1.      This copyright infringement action arises from Defendants' willful, worldwide infringement of Wave's copyrighted images.

2.       For more than 20 years, Lee Kar Yin (also known as "Junior") has created branding, advertisement, and marketing materials such as flyers, brochures, press kits, and the like for luxury hotels and resorts across the globe. Ms. Lee's work is highly sought-after and frequently used for hotels, their management companies and travel agencies to advertise to global travelers. Ms. Lee captures these properties in their best light. She skillfully directs, styles, and conducts photoshoots, and then edits the photographs. Ms. Lee's hours, or sometimes days, of painstaking work put into each photograph produces images that are works-of-art:



**The Chedi – Muscat, Oman**



**The Setai - Miami Beach, USA**

3.      Over the years, Ms. Lee, through various corporate entities she set up for the purpose of carrying out her work in the creative industry, built an impressive database of 2,381 published photographs and about 756 unpublished photographs of luxury hotels and resorts created for, but not owned by, her clients. To protect her intellectual property rights in those photographs, Ms. Lee formed Wave and through Wave registered 30 copyrights for those photographs with the U.S. Copyright Office.

4.       Ms. Lee and Wave built that database during their working relationship with former client GHM (General Hotel Management, Ltd.), which managed luxury hotels and resorts around the world.

5.      GHM and GHM-managed hotels contracted with Wave for the branding, design, and production of marketing materials with a limited license to distribute the physical materials themselves. GHM and GHM-managed hotels *never* acquired the ownership rights to the underlying photographs or their copyrights, or any right to further use, reproduce, distribute or sublicense them. Indeed, Wave reiterated the limited nature of the license through its Terms and Conditions reserving all rights to its work, including ownership of the photographs and copyrights, on Wave's production estimates or quotes to GHM and GHM-managed hotels.

6.      Remarkably, despite not having any rights to use Wave's photographs, other than by distributing the printed marketing materials Wave itself was contracted to produce, GHM disseminated Wave's works to numerous third parties, and all without Ms. Lee's knowledge or consent.

7.      These third parties in possession of Wave's photographs not only used Wave's photographs for their own benefit, but also often further disseminated them to other third parties. This rampant and infringing proliferation of Wave's photographs spread to countless companies and websites, many of whom are now Defendants in this case.

8.      Defendants have no license or ownership interest in Wave's works. Tellingly, no Defendant has ever sought Wave's permission to use, reproduce, or distribute the works. Despite this, Defendants have continued to use, reproduce, and distribute Wave's works in violation of Wave's copyright rights without proper recompense.

9.      Defendants have utilized the Wave's works for the purpose of enhancing their respective businesses, including by promoting and advertising their bookings, driving significant web traffic to each high-end hotel featured in Wave's works, and increasing the number of bookings made through Defendants' booking platforms. In turn, all Defendants have yielded significant revenue, without Wave's authorization.

10.     Because of Defendants' indiscriminate infringement, Wave's photographs—the product of *Ms. Lee's* unique creative vision and detailed effort—are displayed on Defendants' websites, mobile sites, mobile applications, and potentially other platforms across the world, visible to thousands and likely millions of visitors, and have been reproduced and distributed, at a minimum, via Defendants' desktop or mobile websites, related content delivery networks, mobile apps, distribution hubs, storage mechanisms, and other electronic means, which are accessible and viewed by

individuals in many countries and in numerous languages. For this unauthorized use, Wave has not been compensated a single cent.

11.    After discovering the infringement, Ms. Lee instituted a thorough process, which continues, to identify the true extent of Defendants' infringement including through creative search solutions like automated reverse image searches.

12.    In 2013, Wave filed this action against GHM and other Defendants in the Southern District of New York. Wave filed this action within three years of discovering Defendants' infringement, which on information and belief continues to this day as to almost all remaining Defendants named in this Master Complaint.

13.    Wave and GHM quickly agreed to stay the case as to the other Defendants and resolve their litigation first, because unlike the other Defendants, GHM had the ability to raise potential defenses of ownership or licensed use.

14.    After hearing cross motions for summary judgment, in 2017 the Honorable Judge Cathy Seibel dismissed the action as to GHM on *forum non conveniens* grounds, severed the liability and damages phases of the case, and directed the liability phase to be decided in Singapore. She also stayed this action as to the other Defendants pending the resolution of the Singapore case.

15.    In 2018 Wave sued GHM in Singapore, and in January 2022, after a nine-day trial, the High Court of Singapore issued a decision on liability ruling *completely* in Wave's favor. Among other important findings, the Singapore Court held that Wave owns the 2,381 published photographs and about 756 unpublished photographs at issue, and that there was no implied license granted to either GHM or GHM-managed

hotels to use Wave's photographs for their branding, advertising, and marketing purposes. Consequently, the Singapore Court confirmed GHM and GHM-managed hotels did not have a license to use Wave's photographs for internet or other digital marketing or to distribute or sublicense them. GHM appealed the decision, but the Singapore Appellate Court affirmed the trial court's findings. After this second loss, GHM declined to further appeal.  Wave and GHM subsequently settled their dispute.

16.     Meanwhile, between 2014 and 2022 Wave commenced ten additional lawsuits against other Defendants for the copyright infringement of its works. Those cases were consolidated and are administered together here in the above-captioned case. Wave also initiated another copyright infringement lawsuit in 2023 that has not yet been consolidated with the others.

17.     In November 2023, Judge Seibel lifted the stay, and ordered Wave to file a master complaint with particularized allegations as to each Defendants' infringement to the extent such information is attainable.

18.     Wave now files this Master Complaint to establish the extent of Defendants' infringement and to recover the full measure of damages allowable under the law for the harm cause by Defendants' unmitigated worldwide theft.

19.      This Master Complaint applies to the following twelve cases, including the most recently filed action, *The Wave Studio, LLC v. Trivago, N.V.*, Case No. 7:23-cv-03586-NSR, which has not yet been consolidated with the other eleven lawsuits:

(1) *The Wave Studio, LLC v. Amadeus North America, Inc., et al.*, Case No. 7:15-cv-06995-CS;

(2) *The Wave Studio, LLC v. American Express Company*, Case No. 7:15-cv-03420;

(3) *The Wave Studio, LLC v. AOL Inc., et al.*, Case No. 7:15-cv-05962-CS;

(4) *The Wave Studio, LLC v. Booking Holdings Inc., et al.*, Case No. 7:21-cv-02691-CS;

(5) *The Wave Studio, LLC v. British Airways PLC, et al.*, Case No. 7:15-cv-07950-CS;

(6) *The Wave Studio, LLC v. Citibank N.A., et al.*, Case No. 7:22-cv-05141;

(7) *The Wave Studio, LLC v. General Hotel Management Ltd. et al.*, Case No. 7:13-cv-09239-CS-PED;

(8) *The Wave Studio, LLC v. Groupon, Inc., et al.*, Case No. 7:17-cv-03589-CS;

(9) *The Wave Studio, LLC v. United Airlines, Inc.*, Case No. 7:15-cv-05392-CS;

(10) *The Wave Studio, LLC v. Virgin America Inc., et al.*, Case No. 7:15-cv-05960-CS;

(11) *The Wave Studio, LLC v. Visa, Inc.*, Case No. 7:15- cv-04953-CS; and

(12) *The Wave Studio, LLC v. Trivago, N.V.*, Case No. 7:23-cv-03586-NSR.

20.     Wave filed each of the above actions within three years of discovering Defendants' infringement, which on information and belief continues.

## JURISDICTION AND VENUE

21.     This action arises under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*

22.     This Court therefore has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

23.     This Court has personal jurisdiction over Defendants because of their substantial and continuous contacts with the state of New York that all relate to or form the basis of this action, and because Defendants have done and continue to do business in this District, including but not limited to offering their services throughout this District through their respective product such as content delivery networks, application

programming interfaces, software as a service platform, websites, mobile sites and apps.

24.     Pursuant to 28 U.S.C. §§ 1391 and 1400(a), venue properly lies in this District because a substantial part of the events giving rise to Plaintiff's claims occurred in this District and because Defendants reside or are found within this District.

THE PARTIES

**Plaintiff The Wave Studio, LLC**

25.     Plaintiff The Wave Studio, LLC is a New York limited liability company with its principal place of business at 122 East 42nd Street, 18th Floor, New York, New York 10168.

26.     Wave is operated by creative director Junior Lee, a Malaysian citizen and a permanent resident of Singapore. Wave was formed to hold, manage, and control the United States intellectual property rights to Wave's works, including the United States copyright registrations for photographs created by Ms. Lee and employees of corporate entities controlled by Ms. Lee.

**Defendants**

27.     The following allegations (¶¶ 28 - 94) are made upon information and belief.

28.     **Defendant About, Inc**. ("About.com"), doing business as About.com, is a New York company located at 1500 Broadway, 6th Floor, New York, NY 10036. Since the filing of its original action against Defendant, Wave has learned that About.com was replaced and rebranded as Dotdash Meredith by Dotdash Media, Inc., a Delaware

corporation at 1440 Broadway Fl 24, New York, New York, 10018. About.com, itself or though affiliated entities, registers, owns, uses and provides content for (or has registered, owned, used and provided content for) the domain name www.about.com, and at all relevant times regularly transacted or solicited business in this District through, *inter alia*, www.about.com and related content delivery networks, mobile apps, mobile sites, other websites, and other means not known to Wave.

29.    **Defendant AGIP LLC** ("AGIP") is a Delaware limited liability company located at 800 Connecticut Avenue, Norwalk, Connecticut 06854. AGIP, itself or though affiliated entities, registers, owns, uses and provides content for (or has registered, owned, used and provided content for) the websites agoda.com and agoda.net. AGIP is affiliated with Defendant Agoda Company Pte. Ltd., and both were purchased by Defendant Booking Holdings Inc. around November 6, 2007. Additionally, AGIP, itself or though affiliated entities, registers, owns, uses and provides content for (or has registered, owned, used and provided content for) the domain names agoda.com and agoda.net, and at all relevant times regularly transacted or solicited business in this District through, *inter alia*, agoda.com and agoda.net and related content delivery networks, mobile apps, mobile sites, other websites, and other means not known to Wave.

30.    **Defendant Agoda Company Pte. Ltd.** ("Agoda Company") is a Singapore company registered at 30 Cecil Street, #19-08 Prudential Tower, Singapore 049712, and its largest corporate office in Bangkok, Thailand. Agoda Company is a 100%-owned subsidiary of Defendant Booking Holdings Inc. Agoda Company operates affiliated

companies worldwide, including Defendant AGIP LLC and nonparty Agoda International USA LLC, which runs its American customer service operations and functions to offer customer service to Agoda Company's American customers. Agoda International USA LLC is a Delaware limited liability company, with its principal place of business at 350 5th Ave., Ste. 4700, New York, New York, 10118-4700. Furthermore, Agoda International USA LLC works with Agoda Company to facilitate or provide Agoda Company's offering of accommodation services, including by publishing the infringing images. Agoda Company, itself or though affiliated entities, registers, owns, uses and provides content for (or has registered, owned, used and provided content for) the domain name agoda.com and agoda.net, and regularly transacts or solicits business in this District through, *inter alia*, agoda.com and agoda.net and related content delivery networks, mobile apps, mobile sites, other websites, and other means not known to Wave.

31.    **Defendant Air Canada** ("Air Canada") is a Canadian corporation located at 7373 Côte-Vertu Ouest, St Laurent, QC H4S 1Z3, Canada. Air Canada, itself or though affiliated entities, registers, owns, uses and provides content for (or has registered, owned, used and provided content for) the domain name www.aircanada.com, and at all relevant times regularly transacted or solicited business in this District through, *inter alia*, www.aircanada.com and related content delivery networks, mobile apps, mobile sites, other websites, and other means not known to Wave.

32.     **Defendant Alliance Reservation Network** ("Alliance Reservation Network"), doing business as Reservetravel.com, is located at 428 E. Thunderbird Rd. #427, Phoenix, AZ 85022. Since the filing of its original action against Defendant, Wave has learned that Alliance Reservation Network's company name is Alliance Reservation Network, LLC, that it is incorporated in Florida, and is headquartered at 6277 Sea Harbor Dr., Orlando, Florida, 32821. Alliance Reservation Network, itself or though affiliated entities, registers, owns, uses and provides content for (or has registered, owned, used and provided content for) the domain name www.reservetravel.com, and at all relevant times regularly transacted or solicited business in this District through, *inter alia*, www.reservetravel.com and related content delivery networks, mobile apps, mobile sites, other websites, and other means not known to Wave.

33.     **Defendant American Airlines, Inc.** ("American Airlines") doing business as AAVacations.com, is a Delaware corporation located at 1 Skyview Drive, Fort Worth, TX 76155. American Airlines, itself or though affiliated entities, registers, owns, uses and provides content for (or has registered, owned, used and provided content for) the domain name www.aavacations.com, and at all relevant times regularly transacted or solicited business in this District through, *inter alia*, www.aavacations.com and related content delivery networks, mobile apps, mobile sites, other websites, and other means not known to Wave.

34.     **Defendant American Express Company** ("Amex") is a New York corporation located at World Financial Center, 200 Vesey Street, 50th Floor, New York, New York, 10285. Defendant Amex, itself or though affiliated entities, registers, owns,

uses and provides content for (or has registered, owned, used and provided content for) the domain names americanexpressfhr.com, amextravel.com, travel.americanexpress.com, go.americanexpress-travel.com, travelandleisure.com, and travelandleisureasia.com, and at all relevant times regularly transacted or solicited business in this District through, *inter alia*, those domain names and related content delivery networks, mobile apps, mobile sites, other websites, and other means not known to Wave.

35.    **Defendant AOL Inc.** ("AOL") is a Delaware corporation located at 770 Broadway, 4th Floor, New York, New York 10003. Since the filing of its original action against Defendant, Wave has learned that AOL merged with Yahoo, and the company name is now Yahoo, Inc. AOL, itself or though affiliated entities, registers, owns, uses and provides content for (or has registered, owned, used and provided content for) the domain name travel.aol.com, and at all relevant times regularly transacted or solicited business in this District through, *inter alia*, travel.aol.com and related content delivery networks, mobile apps, mobile sites, other websites, and other means not known to Wave.

36.    **Defendant Booking.com BV** ("Booking BV") is a 100%-owned subsidiary of Defendant Booking Holdings Inc. and is incorporated in the Netherlands, located at Herengracht 597, 1017 CE Amsterdam, Netherlands. Booking BV operates affiliate companies worldwide, including Defendant Booking.com (USA) Inc. and nonparty Booking.com Customer Service Center (USA) Inc., both of which are Delaware corporations located at 28 Liberty St., Floor 29, New York, New York 10005. Booking

BV, itself or though affiliated entities, registers, owns, uses and provides content for (or has registered, owned, used and provided content for) the domain names booking.com and bstatic.com, and at all relevant times regularly transacted or solicited business in this District through, *inter alia*, booking.com and bstatic.com and related content delivery networks, mobile apps, mobile sites, other websites, and other means not known to Wave.

37.     **Defendant Booking Holdings Inc.** ("Booking Holdings") is a Delaware corporation located at 800 Connecticut Avenue, Norwalk, Connecticut 06854. Booking Holdings acts through and controls affiliate entities, including, but not limited to, Defendant AGIP LLC, Defendant Agoda Company Pte. Ltd., Defendant Booking.com BV, Defendant Booking.com (USA) Inc., Defendant Priceline.com LLC, Defendant Kayak Software Corporation, Defendant Hotels Combined, LLC, Defendant Rocket Travel, Inc., and Defendant Momondo A/S. Furthermore, Booking Holdings, itself or though affiliated entities, registers, owns, uses and provides content for (or has registered, owned, used and provided content for) the domain names booking.com, bstatic.com, priceline.com, pclnc.com, kayak.com, agoda.com, agoda.net, rocketmiles.com, and momondo.com, and at all relevant times regularly transacted or solicited business in this District through, *inter alia*, those domain names and related content delivery networks, mobile apps, mobile sites, other websites, and other means not known to Wave.

38.     **Defendant Booking.com USA Inc.** ("Booking USA") is a Delaware corporation located at 28 Liberty St., Floor 29, New York, New York 10005. Its business

provides services to Defendant Booking BV. Booking USA, itself or though affiliated

entities, registers, owns, uses and provides content for (or has registered, owned, used

and provided content for) the domain names booking.com and bstatic.com, regularly

transacts or solicits business in this District through, *inter alia*, booking.com and

bstatic.com and related content delivery networks, mobile apps, mobile sites, other

websites, and other means not known to Wave.

39.     **Defendant Bookit.com, Inc.** ("Bookit.com"), doing business as

BookIt.com, is a Florida company located at 14251 Panama City Beach Pkwy, Panama

City Beach, FL 32413. Since the filing of its original action against Defendant, Wave has

learned that Bookit.com, Inc. is inactive, but that Bookit.com Holdings, Inc., which is

active, shares its address, and has a new principal address of 7901 4th St N, STE 300, St.

Petersburg, FL 33702. Bookit.com, itself or though affiliated entities, registers, owns,

uses and provides content for (or has registered, owned, used and provided content for)

the domain name www.bookit.com, and at all relevant times regularly transacted or

solicited business in this District through, *inter alia*, www.bookit.com and related

content delivery networks, mobile apps, mobile sites, other websites, and other means

not known to Wave.

40.     **Defendant British Airways PLC** ("British Airways") is a foreign business

corporation registered in New York, located at 2 Park Ave., Suite 1100, New York, New

York 10016. Since the filing of its original action against Defendant, Wave has learned

that British Airways principal business office is currently 11 W 42nd St, Fl 24, New

York, NY, 10036. British Airways, itself or though affiliated entities, registers, owns,

uses and provides content for (or has registered, owned, used and provided content for) the domain name britishairways.com, and at all relevant times regularly transacted or solicited business in this district through, *inter alia*, britishairways.com and related content delivery networks, mobile apps, mobile sites, other websites, and other means not known to Wave.

41.    **Defendant Cathay Pacific Airways Ltd.** ("Cathay Pacific") is a foreign business corporation registered in Utah, and is located at 500-550 West 6th Avenue, Vancouver, British Columbia, Canada V5Z 4S2. Since the filing of its original action against Defendant, Wave has learned that Cathay Pacific has its headquarters in Hong Kong and has several officers throughout the world, and it has a California business registration at 360 Post Street, Suite 300, San Francisco, CA 94108. Cathay Pacific, itself or though affiliated entities, registers, owns, uses and provides content for (or has registered, owned, used and provided content for) the domain name cxholidays.com, and at all relevant times regularly transacted or solicited business in this district through, *inter alia*, cxholidays.com, holidays.cathaypacific.com, asiamiles.com, and related content delivery networks, mobile apps, mobile sites, other websites, and other means not known to Wave.

42.    **Defendant Charles Kessler & Associates, Inc.** ("Charles Kessler") is a Delaware corporation with its last known location at 5767 Uplander Way, Suite 203, Culver City, California 90230. Charles Kessler, itself or though affiliated entities, registers, owns, uses and provides content for (or has registered, owned, used and provided content for) the domain name hotel-savings.net, and at all relevant times

regularly transacted or solicited business in this District through, *inter alia*, hotel-savings.net and related content delivery networks, mobile apps, mobile sites, other websites, and other means not known to Wave.

43.     **Defendant Citibank N.A.** ("Citibank") is a national banking association located at 5800 South Corporate Place, Sioux Falls, South Dakota 57108. Citibank, itself or though affiliated entities, registers, owns, uses and provides content for (or has registered, owned, used and provided content for) the domain name www.citirewards.com, and at all relevant times regularly transacted or solicited business in this District through, *inter alia*, www.citirewards.com and related content delivery networks, mobile apps, mobile sites, other websites, and other means not known to Wave.

44.     **Defendant Delta Airlines, Inc.** ("Delta"), doing business as Delta.com, is a Delaware corporation located at 1030 Delta Boulevard, Atlanta, GA 30354. Delta, itself or though affiliated entities, registers, owns, uses and provides content for (or has registered, owned, used and provided content for) the domain name www.delta.com, and at all relevant times regularly transacted or solicited business in this District through, *inter alia*, www.delta.com and related content delivery networks, mobile apps, mobile sites, other websites, and other means not known to Wave.

45.     **Defendant Despegar.com Corp.** ("Despegar") is a British Virgin Islands corporation with its principal executive office located at Juana Manso 999, Ciudad Autónoma de Buenos Aires, Argentina C1107CBR. Despegar, itself or though affiliated entities, registers, owns, uses and provides content for (or has registered, owned, used

and provided content for) the domain names www.despegar.com,

www.viajesfalabella.com.co, www.us.despegar.com, and www.decolar.com, and at all

relevant times regularly transacted or solicited business in this District through, *inter*

*alia*, those domain names and related content delivery networks, mobile apps, mobile

sites, other websites, and other means not known to Wave.

46.    **Defendant Despegar.com USA, Inc.** ("Despegar USA") is a Delaware

corporation with an office located at 5201 Blue Lagoon Drive, Suite 927, Miami, Florida

33126. Despegar USA is a subsidiary of or otherwise affiliated with Despegar and, itself

or though affiliated entities, registers, owns, uses and provides content for (or has

registered, owned, used and provided content for) the domain names

www.despegar.com, www.us.despegar.com, www.viajesfalabella.com.co, and

www.decolar.com, and at all relevant times regularly transacted or solicited business in

this District through, *inter alia*, those domain names and related content delivery

networks, mobile apps, mobile sites, other websites, and other means not known to

Wave.

47.    **Defendant Emerging Travel, Inc.** together with its divisions or brands,

**Defendant Rate Hawk** and **Defendant Zen Hotels** (collectively "**Emerging Travel**

**Group**"), is a Delaware corporation located at 1000 N. West Street, Suite 1200,

Wilmington, DE 19801. Emerging Travel Group, itself or though affiliated entities,

registers, owns, uses and provides content for (or has registered, owned, used and

provided content for) the domain names www.emergingtravel.com,

www.ratehawk.com, www.zenhotels.com, and www.worldota.net, and at all relevant

times regularly transacted or solicited business in this district through, *inter alia*, those domain names and related content delivery networks, mobile apps, mobile sites, other websites, and other means not known to Wave.

48.     **Defendant Expedia, Inc.** ("Expedia"), doing business as Expedia.com, is a Delaware company located at 333 108th Ave NE, Bellevue, WA 98004. Since the filing of its original action against Defendant, Wave has learned that Expedia's principal office is currently at 1111 Expedia Group Way W Seattle, WA 98119, and that Expedia is the parent company of Defendants Orbitz, Hotels.com, and Travelocity. Expedia, itself or though affiliated entities, registers, owns, uses and provides content for (or has registered, owned, used and provided content for) the domain name www.expedia.com, and at all relevant times regularly transacted or solicited business in this District through, *inter alia*, www.expedia.com and related content delivery networks, mobile apps, mobile sites, other websites, and other means not known to Wave.

49.     **Defendant Farebuzz** ("Farebuzz"), doing business as Farebuzz.com, is located at 135 West 50th Street, Suite 504, New York, NY 10020. Since the filing of its original action against Defendant, Wave has learned that Farebuzz's company name is Jen N.Y. Inc., a Delaware company, located at 137 W. 25th Street, Fl 11, New York, NY, 10001. Farebuzz, itself or though affiliated entities, registers, owns, uses and provides content for (or has registered, owned, used and provided content for) the domain name www.farebuzz.com, and at all relevant times regularly transacted or solicited business in this District through, *inter alia*, www.farebuzz.com and related content delivery

networks, mobile apps, mobile sites, other websites, and other means not known to Wave.

50.    **Defendant Fareportal, Inc.** ("Fareportal"), doing business as CheapOair.com, is a New York company located at 213 W 35th Street, Suite 1301, New York, NY 10001. Since the filing of its original action against Defendant, Wave has learned that Fareportal is now located at 137 West 25th Street, Fl 11, New York, NY, 10001. Fareportal, itself or though affiliated entities, registers, owns, uses and provides content for (or has registered, owned, used and provided content for) the domain names ww.cheapoair.com, cheapostay.com, onetravel.com, travelspot.us, and at all relevant times regularly transacted or solicited business in this District through, *inter alia*, www.cheapoair.com, cheapostay.com, onetravel.com, travelspot.us, and related content delivery networks, mobile apps, mobile sites, other websites, and other means not known to Wave.

51.    **Defendant Frommer Media LLC** ("Frommer Media"), doing business as Frommers.com, is a New York company located at 767 Third Avenue, New York, NY 10017. Since the filing of its original action against Defendant, Wave has learned that Frommer Media is currently located at 3 South Court, Port Washington, NY, 11050. Frommer Media, itself or though affiliated entities, registers, owns, uses and provides content for (or has registered, owned, used and provided content for) the domain name www.frommers.com, and at all relevant times regularly transacted or solicited business in this District through, *inter alia*, www.frommers.com and related content delivery

networks, mobile apps, mobile sites, other websites, and other means not known to Wave.

52.    **Defendant Frosch International Travel, Inc.** ("Frosch"), doing business as www.froschvacations.com, is a located at 1 Greenway Plaza, Suite 800, Houston, TX 77046. Since the filing of its original action against Defendant, Wave has learned that Frosch is a Chase Company with co-headquarters in New York City and Houston, Texas. Wave has also since learned that the New York entity is named Frosch Holdco, Inc. and is incorporated in Texas, while the Texas entity is Frosch Holdco, LLC and is incorporated in Delaware. Frosch, itself or though affiliated entities, registers, owns, uses and provides content for (or has registered, owned, used and provided content for) the domain name www.froschvacations.com, and at all relevant times regularly transacted or solicited business in this District through, *inter alia*, www.froschvacations.com and related content delivery networks, mobile apps, mobile sites, other websites, and other means not known to Wave.

53.    **Defendant Getaroom.com** ("Getaroom.com"), doing business as Getaroom.com, is a located at 3010 LBJ Freeway, Suite 1550, Dallas TX 75234. Since the filing of its original action against Defendant, Wave has learned that Getaroom.com is a subsidiary of Priceline.com. Getaroom.com, itself or though affiliated entities, registers, owns, uses and provides content for (or has registered, owned, used and provided content for) the domain name www.getaroom.com, and at all relevant times regularly transacted or solicited business in this District through, *inter alia*, www.getaroom.com

and related content delivery networks, mobile apps, mobile sites, other websites, and other means not known to Wave.

54.     **Defendant Gogobot, Inc.** ("Gogobot"), doing business as Gogobot.com, is located at 650 Live Oak Ave, Menlo Park, CA 94025. Since the filing of its original action against Defendant, Wave has learned that Gogobot was rebranded to Trip.com in 2016 and acquired by the Ctrip Group in 2017. Gogobot, itself or though affiliated entities, registers, owns, uses and provides content for (or has registered, owned, used and provided content for) the domain name www.gogobot.com, and at all relevant times regularly transacted or solicited business in this District through, *inter alia*, www.gogobot.com and related content delivery networks, mobile apps, mobile sites, other websites, and other means not known to Wave.

55.     **Defendant Groupon, Inc.** ("Groupon") is a Delaware corporation located at 600 West Chicago Avenue, Suite 400, Chicago, IL 60654. Groupon, itself or though affiliated entities, registers, owns, uses and provides content for (or has registered, owned, used and provided content for) the domain name groupon.com, and at all relevant times regularly transacted or solicited business in this District through, *inter alia*, groupon.com and related content delivery networks, mobile apps, mobile sites, other websites, and other means not known to Wave.

56.     **Defendant Hotels Combined LLC** ("Hotels Combined") is a foreign business corporation licensed to do business in Delaware through its agent Valis Group, Inc., located at 501 Silverside Road, Suite 105, Wilmington, Delaware, 19809. Since the filing of its original action against Defendant, Wave has learned that Hotels Combined

is a part of Defendant Booking Holdings, Inc. Hotels Combined, itself or though affiliated entities, registers, owns, uses and provides content for (or has registered, owned, used and provided content for) numerous domain names,[1] and at all relevant times regularly transacted or solicited business in this District through, *inter alia*, those domain names and related content delivery networks, mobile apps, mobile sites, other websites, and other means not known to Wave.

57.    **Defendant Hotels.com GP LLC** ("Hotels.com"), doing business as Hotels.com and TravelNow.com, is a Texas company located at 5400 LBJ Freeway, Suite 500, Dallas, TX 75240. Since the filing of its original action against Defendant, Wave has learned that Hotels.com is a subsidiary of Defendant Expedia. Hotels.com, itself or though affiliated entities, registers, owns, uses and provides content for (or has registered, owned, used and provided content for) the domain names www.hotels.com and www.travelnow.com, and at all relevant times regularly transacted or solicited business in this District through, *inter alia*, www.hotels.com and www.travelnow.com and related content delivery networks, mobile apps, mobile sites, other websites, and other means not known to Wave.

---

[1] Including: hotelscombined.com, 7ojozat.com, amazebuy.com, booking.us.org, bookingadvisor.com, competehotel.com, brands.datahc.com, discounthotelcompare.com, easyhotelprice.com, exelentia.com, findexclusivehotels.com, gootels.com, hotel-discount.com, hotel.net, hotel2k.com, hotelbookingadvisor.com, hotelbookingsg.com, hotelchatter.com, hotelcomparerate.com, hoteldiscountbooking.com, hotelika.com, hotelium.com, hoteloogle.com, best-hotel-bookings.com, visitbritain.com, hotelstravel.com, hoteltout.com, intelligent-booking.com, momondo.com, mrhotelfinder.com, pulphotel.com, rome2rio.com, rrrooms.com, securehotelbooking.com, skyscanner.com, travbuddy.com, travel-allin1.com, travelhotelbooking.net, worldhotelsdeal.com, and smartertravel.com.

58.    **Defendant Hotelsbyme** ("Hotelsbyme"), doing business as HotelsByMe.com, is a Texas company located at 16055 Space Center Blvd., Suite 235, Houston, TX 77062. Hotelsbyme, itself or though affiliated entities, registers, owns, uses and provides content for (or has registered, owned, used and provided content for) the domain name hotelsbyme.com, and at all relevant times regularly transacted or solicited business in this District through, *inter alia*, www.hotelsbyme.com and related content delivery networks, mobile apps, mobile sites, other websites, and other means not known to Wave.

59.    **Defendant JetBlue Airways Corporation** ("JetBlue"), doing business as Jetblue.com, is a Delaware corporation located at 27-01 Queens Plaza North, Long Island City, NY 11101. JetBlue, itself or though affiliated entities, registers, owns, uses and provides content for (or has registered, owned, used and provided content for) the domain name jetblue.com, and at all relevant times regularly transacted or solicited business in this District through, *inter alia*, www.jetblue.com and related content delivery networks, mobile apps, mobile sites, other websites, and other means not known to Wave.

60.    **Defendant Joe Mazzarella** ("Roomrate.com"), doing business as Roomrate.com, is located at 110 Doyle Road, Tolland, CT 06084. Roomrate.com, itself or though affiliated entities, registers, owns, uses and provides content for (or has registered, owned, used and provided content for) the domain name www.roomrate.com, and at all relevant times regularly transacted or solicited business in this District through, *inter alia*, www.roomrate.com and related content delivery

networks, mobile apps, mobile sites, other websites, and other means not known to Wave.

61.    **Defendant Kayak Software Corporation** ("Kayak"), doing business as Kayak.com, is a Delaware company located at 55 North Water Street, Suite 1, Norwalk, CT 06854. Kayak is a private subsidiary of Defendant Booking Holdings, Inc. Since the filing of its original action against Defendant, Wave has learned that Kayak, itself or though affiliated entities, registers, owns, uses and provides content for (or has registered, owned, used and provided content for) the domain name www.kayak.com, and at all relevant times regularly transacted or solicited business in this District through, *inter alia*, www.kayak.com and related content delivery networks, mobile apps, mobile sites, other websites, and other means not known to Wave.

62.    **Defendant Lexyl Travel Technologies** ("Lexyl"), doing business as Hotelplanner.com, is a Florida company located at 777 S. Flagler Dr., Suite 800, West Tower, West Palm Beach, Florida 33401. Lexyl, itself or though affiliated entities, registers, owns, uses and provides content for (or has registered, owned, used and provided content for) the domain name www.hotelplanner.com, and at all relevant times regularly transacted or solicited business in this District through, *inter alia*, www.hotelplanner.com and related content delivery networks, mobile apps, mobile sites, other websites, and other means not known to Wave.

63.    **Defendant Lonely Planet Global, Inc.** ("Lonely Planet"), doing business as LonelyPlanet.com, is a Delaware business located at 150 Linden St., Oakland, CA 94607. Since the filing of its original action against Defendant, Wave has learned that

Lonely Planet is a subsidiary of NC2 Media, LLC. Lonely Planet, itself or though affiliated entities, registers, owns, uses and provides content for (or has registered, owned, used and provided content for) the domain name www.lonelyplanet.com, and at all relevant times regularly transacted or solicited business in this District through, *inter alia*, www.lonelyplanet.com and related content delivery networks, mobile apps, mobile sites, other websites, and other means not known to Wave.

64.    **Defendant MakeMyTrip.com, Inc.** ("MakeMyTrip.com") is a Delaware corporation located at 60 East 42nd Street, Suite 605, New York, New York 10165. MakeMyTrip.com is affiliated with MakeMyTrip India Pvt. Ltd., an Indian Company located at Tower A/B/C Epitome, Building No. 5, DLF Cyber City, DLF Phase III, Sector 25, Gurugram, Haryana 122002, India. MakeMyTrip.com is a subsidiary of Trip.com or otherwise affiliated with Trip.com. MakeMyTrip.com, itself or though affiliated entities, registers, owns, uses and provides content for (or has registered, owned, used and provided content for) the domain name www.makemytrip.com, and at all relevant times regularly transacted or solicited business in this District through, *inter alia*, www.makemytrip.com and related content delivery networks, mobile apps, mobile sites, other websites, and other means not known to Wave.

65.    **Defendant Metro Travel Guide** ("Metro Travel Guide"), doing business as MetroTravelGuide.com, is located at 2139 East Primrose Springfield, MO 65804. Metro Travel Guide, itself or though affiliated entities, registers, owns, uses and provides content for (or has registered, owned, used and provided content for) the domain name www.metrotravelguide.com, and at all relevant times regularly

transacted or solicited business in this District through, *inter alia*, www.metrotravelguide.com and related content delivery networks, mobile apps, mobile sites, other websites, and other means not known to Wave.

66.     **Defendant Momondo A/S** ("Momondo") is a Danish corporation located at Løvstræde 1, DK-1152, Copenhagen K, Denmark. Momondo is a Defendant Booking Holdings-affiliated company, acquired by Booking Holdings around July 24, 2017. Since the filing of its original action against Defendant, Wave has learned that Momondo is currently located at Momondo A/S Farvergade 10, 1 DK-1463 Copenhagen K Denmark. Additionally, Momondo, itself or though affiliated entities, registers, owns, uses and provides content for (or has registered, owned, used and provided content for) the domain name momondo.com, and at all relevant times regularly transacted or solicited business in this District through, *inter alia*, momondo.com, cheapflights.ca, cheapflights.com.au, cheapflights.co.nz, cheapvoli.it, cheapflights.co.za, cheapvols.fr, cheapflug.de, cheapvuelos.es, and related content delivery networks, mobile apps, mobile sites, other websites, and other means not known to Wave.

67.     **Defendant Netadvantage.com** ("Netadvantage.com"), doing business as ihsadvantage.com, is located at 2139 E. Primrose Springfield, MO 65804. Netadvantage.com, itself or though affiliated entities, registers, owns, uses and provides content for (or has registered, owned, used and provided content for) the domain name ihsadvantage.com, and at all relevant times regularly transacted or solicited business in this District through, *inter alia*, ihsadvantage.com and related

content delivery networks, mobile apps, mobile sites, other websites, and other means not known to Wave.

68.    **Defendant Orbitz Worldwide, LLC** ("Orbitz"), doing business as Orbitz.com, is a Delaware corporation located at 500 W. Madison St. 1000, Chicago, IL 60661. Orbitz, itself or though affiliated entities, registers, owns, uses and provides content for (or has registered, owned, used and provided content for) the domain name orbitz.com, and at all relevant times regularly transacted or solicited business in this District through, *inter alia*, orbitz.com and related content delivery networks, mobile apps, mobile sites, other websites, and other means not known to Wave.

69.    **Defendant Pegasus Solutions, Inc.** ("Pegasus") is a company headquartered in Dallas, Texas. Since the filing of its original action against Defendant, Wave has learned that Pegasus is now named Pegasus Solution Companies, Inc. and that in 2019 Pegasus merged with Travel Tripper, LLC. Pegasus, itself or though affiliated entities, registers, owns, uses and provides content for (or has registered, owned, used and provided content for) the domain name pegs.com, and at all relevant times regularly transacted or solicited business in this District through, *inter alia*, those domain names and related content delivery networks, mobile apps, mobile sites, other websites, and other means not known to Wave.

70.    **Defendant Priceline.com LLC** ("Priceline") is a Delaware corporation located at 800 Connecticut Avenue, Norwalk, Connecticut, 95054.  Since the filing of its original action against Defendant, Wave has learned that Priceline is one of Defendant Booking Holdings primary brands, and that in 2018 what was formerly the "Priceline

Group" changed its name to Booking Holdings. Priceline.com, itself or though affiliated entities, registers, owns, uses and provides content for (or has registered, owned, used and provided content for) numerous domain names,[2] and at all relevant times regularly transacted or solicited business in this District through, *inter alia*, those domain names and related content delivery networks, mobile apps, mobile sites, other websites, and other means not known to Wave.

71.    **Defendant Qatar Airways Q.C.S.C.** ("Qatar Airways") is located in Doha Qatar. Qatar Airways, itself or though affiliated entities, registers, owns, uses and provides content for (or has registered, owned, used and provided content for) the domain name www.qatarairways.com, and at all relevant times regularly transacted or solicited business in this District through, *inter alia*, that domain names and related content delivery networks, mobile apps, mobile sites, other websites, and other means not known to Wave.

72.    **Defendant Random House** ("Random House"), doing business as Fodors.com, is a Delaware company located at 1745 Broadway, New York, NY 10019. Since the filing of its original action against Defendant, Wave has learned that Random House sold Fodors travel guides to Internet Brands, Inc. in 2016, and that the current

---

[2] Including: booking-in.com, booking.com, webport.com, bookingsonline.net, cheaphotelbookings.com, finnair.com, hotelplanner.com, hotelsupermarket.com, hotelwithheart.com, lyddair.com, nileair.com, orangesmile.com, premierhotelbookings.com, traveloshop.com, worldhotel.com, xihalife.com, yayhotels.com, yayfloridahotels.com, yayindiahotels.com, yayindonesiahotels.com, yaymalaysiahotels.com, yayomanhotels.com, yaytaiwanhotels.com, yaythailandhotels.com, yayvietnamhotels.com, bookingbuddy.com, hotelroom.com, hotelsbycity.com, hotelsbycity.net, kayak.com, priceline.com, rezserver.com, airportshuttles.com, farecompare.com, faregeek.com, and smartertravel.com.

address is 909 N. Sepulveda Blvd 11th Floor, El Segundo, California 90245. Random House, itself or though affiliated entities, registers, owns, uses and provides content for (or has registered, owned, used and provided content for) the domain name fodors.com, and at all relevant times regularly transacted or solicited business in this District through, *inter alia*, fodors.com and related content delivery networks, mobile apps, mobile sites, other websites, and other means not known to Wave.

73.    **Defendant Reservation Counter** ("Reservation Counter"), doing business as ReservationCounter.com, is a located at 8831 South Redwood Road, Suite D, West Jordan, Utah 84088. Since the filing of its original action against Defendant, Wave has learned that Reservation Counter's current headquarters is at 4700 W Daybreak Parkway, Suite 100N, South Jordan, UT 84009, and that ReservationCounter.com is a website owned, maintained, and operated by TravelPass Group, LLC. Reservation Counter com, itself or though affiliated entities, registers, owns, uses and provides content for (or has registered, owned, used and provided content for) the domain name ReservationCounter.com, and at all relevant times regularly transacted or solicited business in this District through, *inter alia*, ReservationCounter.com and related content delivery networks, mobile apps, mobile sites, other websites, and other means not known to Wave.

74.    **Defendant Rocket Travel, Inc.** ("Rocket") is a Delaware corporation located at 641 West Lake St., Ste. 102, Chicago, Illinois 60661, with an office in this District located at 350 Fifth Avenue, New York, New York 10001. Rocket is a Defendant Booking Holdings Inc.-affiliated company, acquired by Defendant Booking Holdings

Inc. around 2015. Additionally, Rocket, itself or though affiliated entities, registers, owns, uses and provides content for (or has registered, owned, used and provided content for) the domain name rocketmiles.com, and at all relevant times regularly transacted or solicited business in this District through, *inter alia*, rocketmiles.com and related content delivery networks, mobile apps, mobile sites, other websites, and other means not known to Wave.

75.    **Defendant Setai Owners LLC** ("Setai Owners"), doing business as setai.com and setai-realty.com, is a Delaware company located at 2001 Collins Avenue, Miami Beach, FL 33139. Since the filing of its original action against Defendant, Wave has learned that Setai Owners is currently located at 405 Lexington Ave Fl 26, New York, New York, 10174.  Setai Owners, itself or though affiliated entities, registers, owns, uses and provides content for (or has registered, owned, used and provided content for) the domain names setai.com and setai-realty.com, and at all relevant times regularly transacted or solicited business in this District through, *inter alia*, setai.com and setai-realty.com, and related content delivery networks, mobile apps, mobile sites, other websites, and other means not known to Wave.

76.    **Defendant Signature Travel Network** ("Signature Travel"), doing business as www.signaturetravelnetwork.com, is a California company located at 4640 Admiralty Way, Suite 306, Marina del Rey, CA 90292. Since the filing of its original action against Defendant, Wave has learned that Signature Travel's full name is Signature Travel Network Cooperative, Inc., with a principal address at 390 N. Pacific Coast Hwy, Suite 3200, El Segundo, CA 90245. Signature Travel, itself or though

affiliated entities, registers, owns, uses and provides content for (or has registered, owned, used and provided content for) the domain name www.signaturetravelnetwork.com, and at all relevant times regularly transacted or solicited business in this District through, *inter alia*, www.signaturetravelnetwork.com and related content delivery networks, mobile apps, mobile sites, other websites, and other means not known to Wave.

77.    **Defendant Skyscanner Ltd.** ("Skyscanner") is a company incorporated in the United Kingdom, with an office in the United States located at 777 Brickell Avenue, Miami, Florida 33131.  Skyscanner is a subsidiary of or is otherwise affiliated with Defendant Trip.com.  Skyscanner, itself or though affiliated entities, registers, owns, uses and provides content for (or has registered, owned, used and provided content for) the domain name www.skyscanner.com (and other websites), and at all relevant times regularly transacted or solicited business in this District through, *inter alia*, www.skyscanner.com and related content delivery networks, mobile apps, mobile sites, other websites, and other means not known to Wave.

78.    **Defendant Southwest Airlines Co.** ("Southwest") is a Texas corporation located at 2702 Love Field Dr., Dallas, Texas 75235. Southwest, itself or though affiliated entities, registers, owns, uses and provides content for (or has registered, owned, used and provided content for) the domain name www.southwesthotels.com, and at all relevant times regularly transacted or solicited business in this District through, *inter alia*, www.southwesthotels.com and related content delivery networks, mobile apps, mobile sites, other websites, and other means not known to Wave.

79.     **Defendant Swiss International Air Lines LTD** ("Swiss") is a foreign

business corporation registered in California, and located at 818 West Seventh Street,

2nd Floor, Los Angeles, California 90017. Swiss, itself or though affiliated entities,

registers, owns, uses and provides content for (or has registered, owned, used and

provided content for) the domain name swiss.com, hotels.swiss.com and at all relevant

times regularly transacted or solicited business in this District through, *inter alia*,

swiss.com, hotels-swiss.com, and related content delivery networks, mobile apps,

mobile sites, other websites, and other means not known to Wave.

80.     **Defendant Tablet Inc.** ("Tablet"), doing business as TabletHotels.com, is a

Delaware company located at 6 West 18th Street, 3rd Floor, New York, NY 10011.

Tablet, itself or though affiliated entities, registers, owns, uses and provides content for

(or has registered, owned, used and provided content for) the domain name tablet.com,

and at all relevant times regularly transacted or solicited business in this District

through, *inter alia*, tablet.com and related content delivery networks, mobile apps,

mobile sites, other websites, and other means not known to Wave.

81.     **Defendant This Exit, LLC** ("This Exit"), doing business as

RoadsideAmerica.com, is a California company located at 23 Tenaya Lane, Novato, CA

94948. This Exit, itself or though affiliated entities, registers, owns, uses and provides

content for (or has registered, owned, used and provided content for) the domain name

roadsideamerica.com, and at all relevant times regularly transacted or solicited business

in this District through, *inter alia*, roadsideamerica.com and related content delivery

networks, mobile apps, mobile sites, other websites, and other means not known to Wave.

82.     **Defendant Travelocity.com LP** ("Travelocity"), doing business as Travelocity.com, is located at 3150 Sabre Dr., Southlake, TX 76092. Since the filing of its original action against Defendant, Wave has learned that Travelocity is a brand of Expedia Group Inc. that was rolled into another Expedia subsidiary named Travelscape, LLC. Travelocity, itself or though affiliated entities, registers, owns, uses and provides content for (or has registered, owned, used and provided content for) the domain name travelocity.com, and at all relevant times regularly transacted or solicited business in this District through, *inter alia*, travelocity.com and related content delivery networks, mobile apps, mobile sites, other websites, and other means not known to Wave.

83.     **Defendant Travelzoo Inc.** ("Travelzoo") is a Delaware corporation located at 590 Madison Ave., 37th Floor, New York, New York, 10022. Travelzoo, itself or though affiliated entities, registers, owns, uses and provides content for (or has registered, owned, used and provided content for) the domain names travelfly.com and travelintelligence.com, and at all relevant times regularly transacted or solicited business in this District through, *inter alia*, travelfly.com and travelintelligence.com and related content delivery networks, mobile apps, mobile sites, other websites, and other means not known to Wave.

84.     **Defendant Travix Travel USA Inc.** ("Travix") is a Georgia corporation located at 333 W. Santa Clara St., Suite 800, San Jose, California 95113. Since the filing of its original action against Defendant, Wave has learned that Travix is a Delaware

corporation located at 99 S Almaden Blvd #880, San Jose, CA 95113, and was acquired

by Trip.com in 2020. Travix, itself or though affiliated entities, registers, owns, uses and

provides content for (or has registered, owned, used and provided content for) the

domain name vayama.com, and at all relevant times regularly transacted or solicited

business in this District through, *inter alia*, vayama.com and related content delivery

networks, mobile apps, mobile sites, other websites, and other means not known to

Wave.

85.     **Defendant TripAdvisor LLC** ("TripAdvisor"), doing business as

TripAdvisor.com, is a Delaware company located at 141 Needham Street, Newton, MA

02464. Since the filing of its original action against Defendant, Wave has learned that

current company principal address is 400 1st Avenue, Needham, MA 02494.

TripAdvisor, itself or though affiliated entities, registers, owns, uses and provides

content for (or has registered, owned, used and provided content for) the domain

names tripadvisor.com and media-cdn.tripadvisor.com, and at all relevant times

regularly transacted or solicited business in this District through, *inter alia*,

tripadvisor.com, media-cdn.tripadvisor.com and related content delivery networks,

mobile apps, mobile sites, other websites, and other means not known to Wave.

86.     **Defendant Trip.com Group Limited** ("Trip.com") is a Cayman Island

corporation located at 968 Jin Zhong Road, Shanghai, China 200335. Since the filing of

its original action against Defendant, Wave has learned that Trip.com is affiliated with

Defendants Skyscanner, Gogobot, and Makemytrip.com, and Trip.com Travel

Singapore Pte. Ltd., among others. Trip.com, itself or though affiliated entities, registers,

owns, uses and provides content for (or has registered, owned, used and provided content for) the domain names www.trip.com, www.skyscanner.com, www.gogobot.com, www.ctrip.com, www.makemytrip.com, www.hoteltravel.com, us.trip.com, m.ctrip.com (and other websites), and at all relevant times regularly transacted or solicited business in this District through, *inter alia*, those domain names and related content delivery networks, mobile apps, mobile sites, other websites, and other means not known to Wave.

87.    **Defendant Trip.com Travel Singapore Pte. Ltd.** ("Trip.com Singapore") is a Singapore corporation located at 1 Harbourfront Avenue, Keppel Bay Tower, Singapore 098632. Trip.com Singapore is a subsidiary of or otherwise affiliated with Trip.com. Trip.com Singapore, itself or though affiliated entities, registers, owns, uses and provides content for (or has registered, owned, used and provided content for) the domain name www.trip.com, m.ctrip.com  (and other websites), and at all relevant times regularly transacted or solicited business in this District through, *inter alia*, www.trip.com, m.ctrip.com and related content delivery networks, mobile apps, mobile sites, other websites, and other means not known to Wave.

88.    **Defendant Trivago N.V.** is a German corporation located at Kesselstrasse 5 – 7, 40221 Düsseldorf, Germany. **Defendant Trivago Services US, LLC** is a Delaware limited liability company with an office at 140 Broadway, 46th Floor, New York, New York 10005. Trivago N.V. and Trivago Services US, LLC are collectively referred to herein as "Trivago." Trivago, itself or though affiliated entities, registers, owns, uses and provides content for (or has registered, owned, used and provided content for) the

domain name www.trivago.com.com (and other websites), and at all relevant times regularly transacted or solicited business in this District through, *inter alia*, www.trivago.com and related content delivery networks, mobile apps, mobile sites, other websites, and other means not known to Wave.

89.    **Defendant United Airlines, Inc.** ("United"), doing business as Hotels.United.com, is a Delaware company located at PO Box 66100, Chicago, IL 60666. Since the filing of its original action against Defendant, Wave has learned that United's current address is 233 South Wacker Drive, Chicago, Illinois, 60606. United, itself or though affiliated entities, registers, owns, uses and provides content for (or has registered, owned, used and provided content for) the domain name hotels.united.com, and at all relevant times regularly transacted or solicited business in this District through, *inter alia*, hotels.united.com and related content delivery networks, mobile apps, mobile sites, other websites, and other means not known to Wave.

90.    **Defendant United Airlines, Inc.**, successor-in-interest to Continental Airlines, Inc. ("United (SSI to Continental)"), is a Delaware corporation located at 233 South Wacker Drive, Chicago, Illinois, 60606. United (SS to Continental), itself or though affiliated entities, registers, owns, uses and provides content for (or has registered, owned, used and provided content for) the domain name hotels.continental.com, and at all relevant times regularly transacted or solicited business in this District through, *inter alia*, hotels.continental.com.com and related content delivery networks, mobile apps, mobile sites, other websites, and other means not known to Wave.

91.     **Defendant Vacations By Tzell** ("Vacations By Tzell"), doing business as www.vacationsbytzell.com, is located at 119 W. 40th Street, New York, NY 10018. Vacations By Tzell, itself or though affiliated entities, registers, owns, uses and provides content for (or has registered, owned, used and provided content for) the domain name www.vacationsbytzell.com, and at all relevant times regularly transacted or solicited business in this District through, *inter alia*, vacationsbytzell.com and related content delivery networks, mobile apps, mobile sites, other websites, and other means not known to Wave.

92.     **Defendant VFM Leonardo, Inc.** ("VFM") is a Canadian corporation located at 111 Peter Street, Suite 530, Toronto, Canada M5V2H1. VFM, itself or through affiliated entities, registers, owns, uses, and providers content for (or has registered, owned, used and provided content for) the domain name leonardoworldwide.com, and at all relevant times regularly transacted or solicited business in this District through, *inter alia*, leonardoworldwide.com and related content delivery networks, mobile apps, mobile sites, and other means not known to Wave.

93.     **Defendant Visa, Inc.** ("VISA") is a Delaware corporation located at 900 Metro Center Boulevard, Foster City, California 90017. Visa, itself or though affiliated entities, registers, owns, uses and provides content for (or has registered, owned, used and provided content for) the domain names visasignaturehotels.com, visaluxuryhotels.com, myvisaluxuryhotels.com, visaluxuryhotelcollection.com, visainfinitehotels.com, visaplatinumhotels.com, kiwicollection.com, spasofamerica.com, and worlds-luxuryguide.com, and at all relevant times regularly transacted or solicited

business in this District through, *inter alia*, those domain names and related content delivery networks, mobile apps, mobile sites, other websites, and other means not known to Wave.

94.    The true names and capacities, whether individual, corporate, or otherwise, of Defendants Does 1 through 100 are presently unknown to Wave, who, therefore, sues them by such fictitious names. Wave expects, but is presently without information sufficient to confirm, that one or more of Defendants distributed Wave's photographs to third parties without Wave's authorization or otherwise infringed upon Wave's copyright rights to the works of art at issue in this case, infringing those copyright rights. When Wave ascertains the identity and nature of any such third parties, Wave will seek leave of Court to amend this Complaint accordingly. On information and belief, Wave alleges that each of Does 1 through 100 was the agent, representative, or employee of each of the other Defendants and was acting at all times within the scope of his, her, or its agency or representative capacity, and that each of Does 1 through 100 is liable to Wave in connection with the claims sued upon here and is responsible in some manner for the wrongful acts and conduct alleged here.

## ALLEGATIONS COMMON TO ALL DEFENDANTS

**I.    Wave's creative process and business practices.**

95.    Junior Lee is an interdisciplinary artist, creative designer, and entrepreneur. Through her company, Wave, Ms. Lee is in the business of advertising, graphic design, and photography. In the course of her work, Ms. Lee contracts with

hotel management companies, promotional agencies, or directly with hotels and travel companies. She is well-established in the travel and hotel industries worldwide.

96.    Wave creates branding campaigns and develops marketing materials for its clients. This includes crafting materials like flyers, brochures, press kits, packaging, and calendars. Wave is a "one-stop-shop" that covers the entire process from inception to completion, including, *inter alia*, conceptualization of design, photography, typography, copyrighting, production supervision, color separation, and printing.

97.    Ms. Lee crafts images for inclusion in the materials. This involves a rigorous, multi-step creative process that requires Ms. Lee to survey photoshoot sites, set up artistic elements, design photo compositions (considering subjects, angles, framing, lighting, and other technical aspects), photograph specific scenes, perform post-production work, incorporate the edited images into the requested marketing materials, and deliver final marketing materials to clients.

98.    Typically, clients purchase Wave's marketing materials with a limited license to distribute the physical marketing materials themselves. Wave never sells the ownership rights to the underlying photographs or their copyrights, or any right to further use, reproduce, sublicense or distribute them to its clients.

99.    Indeed, in providing services, Wave issues production estimates to its clients that specifically reserve all of Wave's rights to the works, including the ownership of the photographs and the copyrights.

II.     **Wave creates the photographs at issue.**

100.    For thirteen years GHM, an entity that manages upscale hotels and resorts

around the world, required the hotels they oversaw to engage Wave to create their

marketing materials. Those hotels and resorts include:

- The Setai Miami (USA)
- Carcosa Seri Negara Kuala Lumpur (Malaysia)

- The Heritage House Mendocino (USA)
- The Legian Seminyak (Bali)

- The Chedi Milan (Italy)
- The Club at The Legian Seminyak (Bali)

- The Leela Goa (India)
- The Chedi Club Ubud (Bali)

- The Chedi Muscat (Oman)
- The Serai Club Jimbaran (Bali)

- The Nam Hai Hoi An (Vietnam)
- The Lalu Sun Moon Lake (Taiwan)

- The Chedi Chiang Mai (Thailand)
- The Datai Langkawi (Malaysia)

- The Chedi Phuket (Thailand)
- The Andaman Langkawi (Malaysia)

- The Saujana Kuala Lumpur (Malaysia)
- The Club at The Saujana Kuala Lumpur (Malaysia)

(Collectively, the "Hotels").[3]

---

3 Eight of these hotels have been renamed and rebranded over the years. These hotels include: St Regis Goa (f/k/a The Leela), Four Seasons The Nam Hai (f/k/a The Nam Hai),Tanah Gajah by Hadiprana (f/k/a The Chedi Club), Anantara Chiang Mai (f/k/a The Chedi Chiang Mai), The Surin Phuket (f/k/a The Chedi Phuket), [The] Heritage House Resort & Spa Little River (f/k/a The Heritage House Mendocino) and Radisson Blu Milan (f/k/a The Chedi Milan).

101.    GHM and the Hotels worked with Ms. Lee as follows: (1) GHM or the Hotels requested work, (2) Wave generated a production estimate,[4] (3) the parties agreed to final terms, (4) Wave completed the work, and (5) the Hotels paid Wave.

102.    Many of the orders GHM or the Hotels placed with Wave required photographs of the Hotels. GHM, however, did not have an adequate library of high-quality photographs of the Hotels, so Ms. Lee orchestrated photoshoots of them herself.

103.    As the creative director, Ms. Lee hired photographers, planned, styled, and directed the photoshoots, and then edited (either personally or through close supervision of her employees) the raw photographs before incorporating the finished product into promotional materials. Ms. Lee and her staff spent an extensive amount of time crafting each photograph so it would properly portray the high-end qualities of each property. Typically, for example, post-production on a seven-day photoshoot would require a team of three or four artists and about three months to complete.

104.    It was through these photoshoots—29 of them in total conducted between December 2000 and October 2007—that Wave built a proprietary database of 2,381 published photographs and about 756 unpublished photographs (collectively and individually, the "Copyrighted Works") that were used to fulfill orders for GHM and the Hotels. As discussed below, the High Court of Singapore would later rule that Wave is the owner of the Copyrighted Works.

---

[4] As alleged above, Wave's production estimates, including those with GHM and the Hotels, invariably reserved all rights to Wave's photographs, including the ownership of the photographs and the associated copyrights.

**III.    Wave's validly registered copyrights in the photographs at issue.**

105.    Wave's Copyrighted Works hold immense value for Wave and Ms. Lee, representing a culmination of her substantial investment in resources—spanning time, effort, talent, creativity, and financial commitment. The Copyrighted Works embody a sequence of original and creative decisions by Ms. Lee and constitute copyrightable subject matter under the United States copyright laws.

106.    Wave owns at least 30 valid and registered copyrights for the Copyrighted Works which comprise 2,381 published photographs and about 756 unpublished, and which were duly registered with the U.S. Copyright Office under the following Registration Numbers:

| Registration Number | Title of Work |
| --- | --- |
| VA 1-432-324 | Wave-s Photographs 2001 |
| VA 1-432-325 | Wave-s Photographs 2002 |
| VA 1-432-326 | The Wave Design Pte. Ltd. Photographs 2007 (A) |
| VA 1-432-327 | The Wave Design Pte. Ltd. Photographs 2007 (B) |
| VA 1-432-328 | Wave-s Photographs 2003 |
| VA 1-432-329 | Wave-s Photographs 2004 |
| VA 1-432-330 | The Wave Design Pte. Ltd. Photographs 2006 |
| VA 1-432-331 | The Wave Pte. Ltd. Photographs 2005 (A) |
| VA 1-432-332 | The Wave Design Pte. Ltd. Photographs 2005 (B) |
| VA 1-432-336 | Wave-s Photographs 2002 (B) |

| Registration Number | Title of Work |
|---|---|
| VA 1-433-816 | Wave-s Photographs 2002 (C) |
| VA 1-765-854 | The Wave Design Pte. Ltd. published legian 121 |
| VA 1-758-524 | Wave-s Photographs 2004 (B) |
| VA 1-824-376 | The Wave Design Pte. Ltd.- datai105 |
| VA 1-825-249 | The Wave Design Pte. Ltd.- datai104 |
| VA 1-825-264 | The Wave Design Pte. Ltd.- andaman067 |
| VA 1-825-429 | Wave-s Photographs 2004 (D) – chediclub141 |
| VA 1-825-431 | Wave-s Photographs 2004 – (C) - legian122 |
| VA 1-829-021 | The Wave Design Pte. Ltd. - andaman068 |
| VA 1-842-228 | The Wave Design Pte. Ltd - bkk0–8 - bkk025 |
| VA 1-842-230 | Wave-s Photographs 2004 - chiangmai239 |
| VA 1-857-706 | Wave-S Photographs 2002 - lalu159 |
| VA-1-942-993 | The Wave Design Pte. Ltd - setai1182 |
| VAu 1-055-458 | The Wave Design Pte. Ltd. Unpublished photographs 2005 (C) setai429 – setai803 |
| VAu 1-055-459 | The Wave Design Pte. Ltd. Unpublished photographs 2005 (D) setai804 – setai958; setai960 – setai1179 |
| VAu 1-057-927 | The Wave Design Pte. Ltd. unpublished setai 182 |
| VAu 1-060-180 | The Wave Design Pte. Ltd. unpublished setai0183;0184 |
| VAu 1-060-182 | Wave-S unpublished setai959 |

| Registration Number | Title of Work |
|---|---|
| VAu 1-110-867 | The Wave Design Pte. Ltd. - Unpublished Photograph setai 1180 |
| VAu 1-144-751 | The Wave Design Pte. Ltd. - Unpublished setai1181 |

*See, The Wave Studio, LLC v. Citibank, N.A., et al.*, Case No. 7:22-cv-05141-CS, ECF No. 1 at Exhibit 1-A through 1-G.

107.    On September 1, 2011, Ms. Lee formed Wave for the purposes of holding, administering, and enforcing the copyrights to the Copyrighted Works.

108.    Over the years, Ms. Lee had set up related Wave entities for the purpose of carrying out her work in the creative industry. Ms. Lee and those prior Wave entities entered into a series of assignments to assign the copyright in Wave's works to Wave. These assignments were recorded with the United States Copyright Office.[5]

109.    Wave is the sole owner and proprietor of all right, title, and interest in and to the Copyrighted Works. The copyrights in the Copyrighted Works are, and always were, valid.

**IV.    Ms. Lee discovers Defendants' unauthorized worldwide use of Wave's photographs.**

110.    At some point after GHM stopped working with Wave, and unbeknownst to Ms. Lee, GHM disseminated the Copyrighted Works to numerous third parties, including without limitation travel magazines, booking websites and financial

---

[5] As discussed below, the High Court of Singapore found that the chain of title for all rights and ownership of the Copyrighted Works was intact and flowed from prior Wave entities to Wave.

institutions, to promote its hotels. Many of the Defendants admit that they received the Copyrighted Works from GHM.

111.    No matter how they were disseminated, Ms. Lee eventually discovered that third parties were using Wave's Copyrighted Works for their own benefit and promotion, and often further disseminated them to other third parties. Many of these third parties are Defendants in this case.

112.    As a result, the Copyrighted Works were—and in many instances still are—displayed on numerous third-party websites, mobile sites and mobile apps across the world, visible to thousands, and likely millions, of visitors to the Defendants' various websites and platforms.

113.    Wave never assigned, licensed, or otherwise transferred any interest to the Copyrighted Works to Defendants, or otherwise dedicated them to the public. Nor has any Defendant ever sought Wave's or Ms. Lee's permission to use or reproduce the Copyrighted Works.

114.    Despite having no permission, consent, or license to do so from Wave, Defendants have used, and a number of them, continue to use, reproduce or distribute the Copyrighted Works in violation of Wave's exclusive rights as copyright owner and have not compensated Wave for such use.

115.    Defendants have utilized the Copyrighted Works for the purpose of enhancing their respective businesses, including by promoting and advertising their bookings, driving significant web traffic to each high-end hotel featured in Wave's works, and increasing the number of bookings made through Defendants' booking

platforms. In turn, all Defendants have yielded significant revenue, without Wave's authorization.

116.    Despite her limited resources as a small business owner, Ms. Lee has spent much of the past decade establishing her and Wave's ownership of the copyrights in the Copyrighted Works and investigating and identifying the infringement of the Copyrighted Works by Defendants.

117.    Ms. Lee's process to identify Defendants' infringement (which is ongoing) includes, amongst other means, using automated reverse image search engines, and each listed domain in its dropdown menu within its website to confirm Defendants' use of Wave's Copyrighted Works. Ms. Lee further uses backlinks to various domains to identify the country and the URL (Uniform Resource Locator), or unique address, where the image is being displayed.[6]

118.    Some infringements use hidden layers that mask the ability to identify some photographs, which significantly hampers Wave's ability to uncover all infringements of Wave's Copyrighted Works. As a result of issues like these coupled with the sheer magnitude of the infringement, it is unlikely that all of Defendants' infringements will be discovered.

---

[6] A reverse image search "is the act of searching the internet with an image rather than keywords." https://www.semrush.com/blog/reverse-image-search/. A backlink is defined as "a link created when one website links to another. https://www.semrush.com/blog/what-are-backlinks/.

119.    Given the extent and magnitude of Defendants' brazen infringement, Wave filed this lawsuit in the Southern District of New York to enforce its copyright rights against Defendants.

**V.    Wave sues GHM in the Southern District of New York.**

120.    In 2013, Wave sued GHM and dozens of other Defendants for copyright infringement of the Copyrighted Works. ECF Nos. 1 & 7 (Complaint and Amended Complaint). Wave filed this action within three years of discovering each Defendants' infringement, which on information and belief continues.

121.    Early on, Wave and GHM agreed to stay the case as to all other Defendants. After three years of discovery, the parties filed cross-motions for summary judgment on the merits, *i.e.*, as to the propriety or impropriety of GHM's use and dissemination of Wave's works. ECF Nos. 178 & 186 (Cross-Motions for Summary Judgment). In its motion, GHM also moved to dismiss the case on *forum non conveniens* grounds.

122.    In March 2017, the Honorable Judge Cathy Seibel of the Southern District of New York dismissed the action as to GHM on *forum non conveniens* grounds, severed the liability and damages phases of the case, and directed liability to be decided in Singapore. She also stayed this action as to the other Defendants "pending the resolution of the case between Plaintiff and GHM in Singapore." ECF No. 209 at 21-22 (Summary Judgment Opinion).

123.    Applying New York law, Judge Seibel considered the "adequacy of the alternative forum" as part of its *forum non conveniens* analysis. Judge Seibel was

"persuaded that Singapore copyright law is well developed and that Plaintiff can adequately pursue its claims in Singapore," *id.* at 14, and ultimately decided that it more made sense to resolve any liability issues there:

> [W]hether or not GHM infringed any of Plaintiff's alleged copyrights will inform the resolution of Plaintiff's claims against the other Defendants who allegedly received Plaintiff's photographs from GHM. That issue can, for the reasons discussed earlier, be resolved more appropriately and less expensively in Singapore. Further, to the extent it is resolved in Plaintiff's favor, the remaining claims will involve different witnesses and documents.

*Id.* at 21.

124.    Judge Seibel retained jurisdiction on the damages phase of the case and left the existing stay in place as to all other Defendants.

125.    In the meantime, between 2014 and 2022, Wave commenced ten additional lawsuits against other defendants in the travel and hotel booking industries with substantially similar allegations and claims for the infringement of the Copyrighted Works. Those cases were consolidated and are now being administered in the above-captioned case.

## VI.    The Singapore Court declares Wave the owner of the Copyrighted Works.

126.    In 2018, after having its case against GHM dismissed on *forum non conveniens* grounds, Wave sued GHM in the High Court of Singapore. Following a nine-day trial, in June 2022 the High Court of the Republic of Singapore issued a comprehensive 117-page decision, resulting in a complete verdict for Wave on liability. *See The Wave Studio Pte. Ltd., et al v. General Hotel Management (Singapore) Pte. Ltd.* (Suit No. 175 of 2018). The Singapore Court found that:

**(1)**     At the time of their creation, the prior Wave entities owned all of the Copyrighted Works;

**(2)**     Wave currently owns the Copyrighted Works;

**(3)**     The chain of title for all rights and ownership of the Copyrighted Works was intact and flowed from prior Wave entities to Wave;

**(4)**     Wave had not provided an implied license to the Hotels or GHM to use the Copyrighted Works for branding, advertising, and marketing purposes;

**(5)**     GHM infringed a number of Wave's Copyrighted Works by using and disseminating them publicly; and

**(6)**     GHM's defenses of laches, acquiescence and estoppel failed.

*Id*. at 90-91.

127.     Noteworthy in the Singapore decision, is the Singapore Court's respect for Ms. Lee. All issues that turned on credibility systematically were decided in Ms. Lee's favor and included harsh criticism of the defendants. One sentence in the opinion stands out most: "Ms. Lee's account of events struck me as being honest: she maintained her account of events under cross-examination and made no attempt to embellish it." *Id*. at 42-43.

128.     GHM appealed the decision to the Appellate Division of the High Court of the Republic of Singapore.

**VII.    The Singapore Appellate Court affirms the Trial Court's findings.**

129.     Immediately on conclusion of a February 2023 hearing, the appeal was dismissed by the Appellate Division of the High Court of the Republic of Singapore. The Singapore Appellate Division confirmed the lower court's finding for Wave on

liability. The affirmation by the Appellate Division of the High Court of Singapore renders the decision final because GHM did not move for leave to appeal to the Court of Appeal.

130.    Wave and GHM subsequently settled the dispute, and in October 2023 the High Court of Singapore issued a consent order memorializing the settlement.

**VIII.    Wave files new lawsuits in the Southern District of New York.**

131.    Between 2014 and 2022, Wave commenced ten additional lawsuits against other defendants in the travel and hotel booking industries with substantially similar allegations and claims for the infringement of the Copyrighted Works. Wave filed these actions within three years of discovering Defendants' infringement, which on information and belief continues. Those cases were consolidated and are now being administered in the above-captioned case.

132.    Then in April 2023, Wave initiated a copyright infringement lawsuit against Defendants Trivago N.V., Trivago Services US, LLC, Trip.com Group Limited, Trip.com Travel Singapore Pte. Ltd., Skyscanner Ltd., MakeMyTrip India Pvt. Ltd., MakeMyTrip.com, Inc., Despegar.com Corp. and Despegar.com USA, Inc., alleging infringement of the Copyrighted Works. *See The Wave Studio, LLC v. Trivago, N.V.*, Case No. 7:23-cv-03586-NSR, ECF Nos. 1, 6, 41 (Complaint, Amended Complaint, Second Amended Complaint). Wave filed that action within three years of discovering Defendants' infringement, which on information and belief continues.

133.    Wave filed a motion for a temporary restraining order and preliminary injunction in that case enjoin those Defendants from further using Wave's Copyrighted Works. *Id.*, ECF No. 18 (Motion for PI &TRO).

134.    At the time, Judge Seibel declined to consolidate that matter with the others.

135.    The presiding judge, the Honorable Judge Nelson S. Román, denied Wave's motion on the grounds that Wave failed to show irreparable harm. *Id.*, ECF No. 37 (PI & TRO Order) at 15-18. As a result, Judge Román declined to thoroughly analyze the other elements a party must prove to obtain a preliminary injunction. *Id.*

136.    Notably, however, Judge Román briefly discussed Wave's likelihood of success on the merits, commenting that "Plaintiff makes a strong argument that under principles of comity, this Court should honor the Singapore Court's decisions, *see supra*, finding that Plaintiff owned the copyrighted works under its Copyright Registrations and that GHM infringed on those rights by disseminating the copyrighted works to third parties without authorization." *Id.* at 19.

**IX.    Judge Seibel lifts the stay and orders Wave to file this complaint.**

137.    In early November 2023, Wave submitted a letter requesting a pre-motion conference on Wave's motion to lift the stay in this case. ECF No. 295. Shortly thereafter, Defendants filed fourteen letters in opposition. *See generally* ECF Nos. 300 – 316. For the most part, Defendants did not expressly object to Wave's motion to lift the stay. Instead, they sought, among other things, the condition that if the stay was lifted, Wave should

submit a comprehensive amended complaint containing more detailed allegations regarding each Defendants' infringement.

138.    Judge Seibel held a hearing on November 29, 2023 and lifted the stay. *See* Nov. 29 Hrg. Tr. at 31:5-7.

139.    Judge Seibel also commented during the hearing that she would consider consolidating the *Trivago* matter (Case No. 7:23-cv-03586-NSR) with the instant action. *Id.* at 23:19-24:4, 26:16-19, 39:23-40:9.

140.    In addition, Judge Seibel ordered that Wave file a master amended complaint with particularized allegations of Defendants' infringement on Wave's Copyrighted Works by January 16, 2024. *Id.* at 22:16-23:18.

141.    To that end, on December 13, 2023, Wave's counsel sent a letter to Defendants' Counsel to "seek your consent to work collaboratively with Plaintiff to determine the extent to which each Defendant is infringing or has been infringing on Plaintiff's copyrighted works."

142.    Wave's counsel proposed a collaborative and relatively simple three-step process as follows: (1) Wave would provide Defendants with a list of the hotels where Wave's Copyrighted Works originated; (2) each Defendant would produce to Wave all of the photographs that it is using or has used to advertise each hotel in the list (because, as explained in the letter, "only Defendants are in possession of the complete library of photographs used to promote these hotels"); and (3) Wave would identify from the libraries of Defendants' photographs which of the Wave Copyrighted Works are being or have been used.

143.    Wave's counsel noted that "all parties will receive the evidence contemplated by this process in the ordinary course of discovery," and by "[p]articipating in this collaborative process will streamline this case, save our clients' money and put the parties in the best position to maximize the ninety days set aside for settlement talks following our filing of the master complaint."

144.    Despite Defendants' claim at the November 29, 2023 hearing before Judge Seibel to want to understand the extent of the infringement in this case, almost all Defendants rejected Wave's proposal. Regardless, Wave has diligently worked to compile and identify, to the best of its ability, Defendants' known infringement to a degree of reasonable particularity.

## ALLEGATIONS AGAINST SPECIFIC DEFENDANTS

145.    Wave has identified and alleged as many infringements as it reasonably can for each Defendant. However, there is a library of over 3,000 Copyrighted Works connected to the Hotels, exclusively owned by Wave, which only Defendants, their marketing partners, affiliates, subsidiaries, parents and others can identify from their own public and non-public electronic platforms, as infringing.

146.    Consistent with the Court's November 29, 2023 directive, Wave makes the following particularized allegations regarding Defendants' infringement on Wave's Copyrighted Works.

147.    The following particularized allegations refer to and incorporate by reference the attached **Exhibit 1**, a compendium of spreadsheets organized by

Defendant. The spreadsheets identify the following (using Defendant About.com, Inc. as an example):

**(1) The domain name by which the infringement occurred:**

**(2) The date range in which the infringement occurred:**

**(3) The total number of copyright registrations and photographs infringed by the domain name:**

**(4) The specific registration numbers infringed upon:**



**(5) The hotel/resort:**

| Registration No | Photo Title | Photo No. | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| VA 1-432-324 | phuket | 001 | 041 | | | | | | | | |
| VA 1-432-324 | lalu | 022 | 013 | 020 | 016 | 003 | 0004 | 023 | 008 | | |
| VA 1-432-325 | muscat | 017 | 018 | 001 | | | | | | | |
| | lalu | 039 | 117 | 134 | 042 | 155 | 080 | 085 | 150 | 116 | 151 |
| | | 073 | 103 | 088 | 087 | 127 | 052 | 112 | 100 | 090 | 126 |
| | | 093 | 092 | 056 | 099 | 135 | 048 | 035 | 036 | 079 | 084 |
| | | 046 | 030 | 074 | 142 | 145 | 147 | 050 | 051 | 078 | 077 |
| | | 076 | 106 | 111 | 068 | 071 | 086 | 154 | 114 | 107 | 144 |
| | | 124 | 143 | | | | | | | | |

**(6) And the specific photographs infringed:**

| Registration No | Photo Title | Photo No. | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| VA 1-432-324 | phuket | 001 | 041 | | | | | | | | |
| VA 1-432-324 | lalu | 022 | 013 | 020 | 016 | 003 | 0004 | 023 | 008 | | |
| VA 1-432-325 | muscat | 017 | 018 | 001 | | | | | | | |
| | lalu | 039 | 117 | 134 | 042 | 155 | 080 | 085 | 150 | 116 | 151 |
| | | 073 | 103 | 088 | 087 | 127 | 052 | 112 | 100 | 090 | 126 |
| | | 093 | 092 | 056 | 099 | 135 | 048 | 035 | 036 | 079 | 084 |
| | | 046 | 030 | 074 | 142 | 145 | 147 | 050 | 051 | 078 | 077 |
| | | 076 | 106 | 111 | 068 | 071 | 086 | 154 | 114 | 107 | 144 |
| | | 124 | 143 | | | | | | | | |

148.    The photograph numbers refer to specific file names (e.g., file name "phuket001.jpg," "lalu022.jpg," "muscat 017.jpg," etc…). Wave will produce the photographs, identified by their corresponding file names, as part of their disclosures pursuant to Rule 26(1)(a)(ii).

149.    Separately, Defendants in *The Wave Studio, LLC v. Trivago, N.V.*, Case No. 7:23-cv-03586-NSR are already on notice of Wave's particularized allegations regarding their infringement. *See* Second Amended Complaint and Exhibits thereto in *The Wave Studio, LLC v. Trivago, N.V.*, Case No. 7:23-cv-03586-NSR, ECF No. 41. That is, the

process to identify infringing photographs, to the extent Wave can know it, has already

been completed and disclosed to each defendant in that case.[7]

150. Because Wave, without the benefit of discovery, does not know — and will

likely never know — the total and complete extent of infringement, the below are only

non-exhaustive examples of Defendants' infringement, to the best of Wave's

knowledge, information, and belief at this time. If Defendants had acted collaboratively

and provided their libraries of photographs to Plaintiff, the parties would have a much

more extensive and accurate assessment of the infringement at issue in this case.

151. For the same reasons, the below non-exhaustive examples of Defendants'

infringement are limited to (1) infringement that occurred on Defendants' desktop

websites (*i.e.*, these examples *do not* identify any infringment that occurred on

Defendants' mobile applications) and (2) infringement that occurred between 2012 and

2020.

152. Wave expressly reserves the right to pursue damages related to any and

all of Defendants' infringement of the Copyrighted Works, including those not alleged

here.

---

[7] Including Trivago N.V., Trivago Services US, LLC, Trip.com Group Limited, Trip.com Travel Singapore PTE. LTD., Skyscanner Ltd., Makemytrip India PVT. LTD., Makemytrip.com, Inc., Despegar.com Corp., and Despegar.com USA, Inc.

**The Booking Group (Including Defendants AGIP, Agoda Company, Booking.com BV, Booking.com USA Inc., Priceline.com, Kayak, Rocket Travel, and Momondo)**

153.    Upon information and belief, the Booking Group, itself or through affiliated entities, has reproduced, displayed, and distributed one or more copies of Wave's Copyrighted Works through, at a minimum, its desktop or mobile websites or apps at the domain names booking.com, bstatic.com, priceline.com, pclnc.com, kayak.com, agoda.com, agoda.net, rocketmiles.com, and momondo.com, other websites, related content delivery networks, mobile apps, mobile sites, distribution hubs, storage mechanisms and other electronic means, which are accessible and viewed by individuals in many countries and in numerous languages, including in the United States and in this District. Upon information and belief, the Booking Group further distributed one or more copies of Wave's Copyrighted Works in numerous countries and in many languages.

154.    To date, Wave has identified not less than 104,557 photographs, including reproductions of Wave Copyrighted Works and derivative works based upon the Copyrighted Works that are being infringed by the Booking Group, the Booking Group's marketing partners and affiliates, subsidiaries, and parents, on multiple electronic platforms, in multiple countries and in multiple languages all over the world.

155.    For particularized allegations regarding this Defendant's infringement, see Ex. 1 at 1 - 723.

**The Emerging Travel Group (including Defendants Emerging Travel, Inc. Rate Hawk and Zen Hotels)**

156.    Upon information and belief, the Emerging Travel Group, itself or through affiliated entities, has reproduced, displayed, and distributed one or more copies of Wave's Copyrighted Works through, at a minimum, its desktop or mobile websites or apps at the domain names www.emergingtravel.com, www.ratehawk.com, www.zenhotels.com, and www.worldota.net, other websites, related content delivery networks, mobile apps, mobile sites, distribution hubs, storage mechanisms and other electronic means, which are accessible and viewed by individuals in many countries and in numerous languages, including in the United States and in this District. Upon information and belief, the Emerging Travel Group further distributed one or more copies of Wave's Copyrighted Works in numerous countries and in many languages.

157.    To date, Wave has identified not less than 248 photographs, including reproductions of Wave Copyrighted Works and derivative works based upon the Copyrighted Works that are being infringed by the Emerging Travel Group, the Emerging Travel Group's marketing partners, affiliates, subsidiaries, parents and others, on multiple electronic platforms, in multiple countries and in multiple languages all over the world.

158.    For particularized allegations regarding this Defendant's infringement, see Ex. 1 at 724-730.

**The Signature Travel Group (including Defendants Signature Travel Network, Frosch International Travel, Inc., and Defendant Vacations By Tzell.**

159.    Upon information and belief, the Signature Travel Network Group, itself or through affiliated entities, has reproduced, displayed, and distributed one or more copies of Wave's Copyrighted Works through, at a minimum, its desktop or mobile websites or apps at the domain name www.signaturetravelnetwork.com, www.vacationsbytzell.com, www.forschvacations.com, and other websites, related content delivery networks, mobile apps, mobile sites, distribution hubs, storage mechanisms and other electronic means, which are accessible and viewed by individuals in many countries and in numerous languages, including in the United States and in this District. Upon information and belief, the Signature Travel Group further distributed one or more copies of Wave's Copyrighted Works in numerous countries and in many languages.

160.    To date, Wave has identified not less than 132 photographs, including reproductions of Wave Copyrighted Works and derivative works based upon the Copyrighted Works that are being infringed by the Signature Travel Group, the Signature Travel Group's marketing partners, affiliates, subsidiaries, parents and others, on multiple electronic platforms, in multiple countries and in multiple languages all over the world.

161.    For particularized allegations regarding this Defendant's infringement, see Ex. 1 at 731-733.

**Defendant About, Inc. (*dba* About.com)**

162.    Upon information and belief,  About.com, itself or through affiliated entities, has reproduced, displayed, and distributed one or more copies of Wave's Copyrighted Works through, at a minimum, its desktop or mobile websites or apps at the domain name www.about.com, other websites, related content delivery networks, mobile apps, mobile sites, distribution hubs, storage mechanisms and other electronic means, which are accessible and viewed by individuals in many countries and in numerous languages, including in the United States and in this District. Upon information and belief, About.com further distributed one or more copies of Wave's Copyrighted Works in numerous countries and in many languages.

163.    To date, Wave has identified not less than 239 photographs, including reproductions of Wave Copyrighted Works and derivative works based upon the Copyrighted Works that are being infringed by About.com, About.com's marketing partners, affiliates, subsidiaries, parents and others, on multiple electronic platforms, in multiple countries and in multiple languages all over the world.

164.    For particularized allegations regarding this Defendant's infringement, see Ex. 1 at 734-735.


**Defendant Air Canada**

165.    Upon information and belief, Air Canada, itself or through affiliated entities, has reproduced, displayed, and distributed one or more copies of Wave's Copyrighted Works through, at a minimum, its desktop or mobile websites or apps at

the domain name www.aircanada.com, other websites, related content delivery networks, mobile apps, mobile sites, distribution hubs, storage mechanisms and other electronic means, which are accessible and viewed by individuals in many countries and in numerous languages, including in the United States and in this District. Upon information and belief, Air Canada further distributed one or more copies of Wave's Copyrighted Works in numerous countries and in many languages.

166.    To date, Wave has identified not less than 97 photographs, including reproductions of Wave Copyrighted Works and derivative works based upon the Copyrighted Works that are being infringed by Air Canada, Air Canada's marketing partners, affiliates, subsidiaries, parents and others, on multiple electronic platforms, in multiple countries and in multiple languages all over the world.

167.    For particularized allegations regarding this Defendant's infringement, see Ex. 1 at 736-738.

**Defendant Alliance Reservation Network (*dba* reservetravel.com)**

168.    Upon information and belief, Alliance Reservation Network, itself or through affiliated entities, has reproduced, displayed, and distributed one or more copies of Wave's Copyrighted Works through, at a minimum, its desktop or mobile websites or apps at the domain name www.reservetravel.com, other websites, related content delivery networks, mobile apps, mobile sites, distribution hubs, storage mechanisms and other electronic means, which are accessible and viewed by individuals in many countries and in numerous languages, including in the United

States and in this District. Upon information and belief, Alliance Reservation Network further distributed one or more copies of Wave's Copyrighted Works in numerous countries and in many languages.

169.    To date, Wave has identified not less than 224 photographs, including reproductions of Wave Copyrighted Works and derivative works based upon the Copyrighted Works that are being infringed by Alliance Reservation Network, Alliance Reservation Network's marketing partners, affiliates, subsidiaries, parents and others, on multiple electronic platforms, in multiple countries and in multiple languages all over the world.

170.    For particularized allegations regarding this Defendant's infringement, see Ex. 1 at 739-741.


**Defendant American Airlines, Inc. (*dba* AAVacations.com)**

171.    Upon information and belief, American Airlines, itself or through affiliated entities, has reproduced, displayed, and distributed one or more copies of Wave's Copyrighted Works through, at a minimum, its desktop or mobile websites or apps at the domain name www.aavacations.com, bookaahotels.com, other websites, related content delivery networks, mobile apps, mobile sites, distribution hubs, storage mechanisms and other electronic means, which are accessible and viewed by individuals in many countries and in numerous languages, including in the United States and in this District. Upon information and belief, American Airlines further

distributed one or more copies of Wave's Copyrighted Works in numerous countries and in many languages.

172.    To date, Wave has identified not less than 111 photographs, including reproductions of Wave Copyrighted Works and derivative works based upon the Copyrighted Works that are being infringed by American Airlines, American Airlines' marketing partners, affiliates, subsidiaries, parents and others, on multiple electronic platforms, in multiple countries and in multiple languages all over the world.

173.    For particularized allegations regarding this Defendant's infringement, see Ex. 1 at 742-743.

**Defendant American Express Company**

174.    Upon information and belief, Amex, itself or through affiliated entities, has reproduced, displayed, and distributed one or more copies of Wave's Copyrighted Works through, at a minimum, its desktop or mobile websites or apps at the domain names americanexpressfhr.com, amextravel.com, travel.americanexpress.com, go.americanexpress-travel.com, travelandleisure.com, and travelandleisureasia.com, other websites, related content delivery networks, mobile apps, mobile sites, distribution hubs, storage mechanisms and other electronic means, which are accessible and viewed by individuals in many countries and in numerous languages, including in the United States and in this District. Upon information and belief, Amex further distributed one or more copies of Wave's Copyrighted Works in numerous countries and in many languages.

175.    To date, Wave has identified not less than 600 photographs, including reproductions of Wave Copyrighted Works and derivative works based upon the Copyrighted Works that are being infringed by Amex, Amex's marketing partners, affiliates, subsidiaries, parents and others, on multiple electronic platforms, in multiple countries and in multiple languages all over the world.

176.    For particularized allegations regarding this Defendant's infringement, see Ex. 1 at 744-753.

**Defendant AOL Inc.**

177.    Upon information and belief, AOL, itself or through affiliated entities, has reproduced, displayed, and distributed one or more copies of Wave's Copyrighted Works through, at a minimum, its desktop or mobile websites or apps at the domain name travel.aol.com, other websites, related content delivery networks, mobile apps, mobile sites, distribution hubs, storage mechanisms and other electronic means, which are accessible and viewed by individuals in many countries and in numerous languages, including in the United States and in this District. Upon information and belief, AOL further distributed one or more copies of Wave's Copyrighted Works in numerous countries and in many languages.

178.    To date, Wave has identified not less than 189 photographs, including reproductions of Wave Copyrighted Works and derivative works based upon the Copyrighted Works that are being infringed by AOL, AOL's marketing partners,

affiliates, subsidiaries, parents and others, on multiple electronic platforms, in multiple

countries and in multiple languages all over the world.

179.     For particularized allegations regarding this Defendant's infringement,

see Ex. 1 at 754-755.

**Defendant Bookit.com, Inc. (*dba* Bookit.com)**

180.     Upon information and belief, Bookit.com, itself or through affiliated

entities, has reproduced, displayed, and distributed one or more copies of Wave's

Copyrighted Works through, at a minimum, its desktop or mobile websites or apps at

the domain name www.bookit.com, other websites, related content delivery networks,

mobile apps, mobile sites, distribution hubs, storage mechanisms and other electronic

means, which are accessible and viewed by individuals in many countries and in

numerous languages, including in the United States and in this District. Upon

information and belief, Bookit.com further distributed one or more copies of Wave's

Copyrighted Works in numerous countries and in many languages.

181.     To date, Wave has identified not less than 252 photographs, including

reproductions of Wave Copyrighted Works and derivative works based upon the

Copyrighted Works that are being infringed by Bookit.com, Bookit.com's marketing

partners, affiliates, subsidiaries, parents and others, on multiple electronic platforms, in

multiple countries and in multiple languages all over the world.

182.     For particularized allegations regarding this Defendant's infringement,

see Ex. 1 at 756-760.

**Defendant British Airways PLC**

183.    Upon information and belief, British Airways, itself or through affiliated entities, has reproduced, displayed, and distributed one or more copies of Wave's Copyrighted Works through, at a minimum, its desktop or mobile websites or apps at the domain name britishairways.com, other websites, related content delivery networks, mobile apps, mobile sites, distribution hubs, storage mechanisms and other electronic means, which are accessible and viewed by individuals in many countries and in numerous languages, including in the United States and in this District. Upon information and belief, British Airways further distributed one or more copies of Wave's Copyrighted Works in numerous countries and in many languages.

184.    To date, Wave has identified not less than 16 photographs, including reproductions of Wave Copyrighted Works and derivative works based upon the Copyrighted Works that are being infringed by British Airways, British Airways's marketing partners, affiliates, subsidiaries, parents and others, on multiple electronic platforms, in multiple countries and in multiple languages all over the world.

185.    For particularized allegations regarding this Defendant's infringement, see Ex. 1 at 761-762

**Defendant Cathay Pacific Airways Ltd.**

186.    Upon information and belief, Cathay Pacific, itself or through affiliated entities, has reproduced, displayed, and distributed one or more copies of Wave's Copyrighted Works through, at a minimum, its desktop or mobile websites or apps at

the domain name cxholidays.com, holidays.cathaypacific.com, other websites, related content delivery networks, mobile apps, mobile sites, distribution hubs, storage mechanisms and other electronic means, which are accessible and viewed by individuals in many countries and in numerous languages, including in the United States and in this District. Upon information and belief, Cathay Pacific further distributed one or more copies of Wave's Copyrighted Works in numerous countries and in many languages.

187. To date, Wave has identified not less than 38 photographs, including reproductions of Wave Copyrighted Works and derivative works based upon the Copyrighted Works that are being infringed by Cathay Pacific, Cathay Pacific's marketing partners, affiliates, subsidiaries, parents and others, on multiple electronic platforms, in multiple countries and in multiple languages all over the world.

188. The For particularized allegations regarding this Defendant's infringement, see Ex. 1 at 763-769.

**Defendant Charles Kessler & Associates, Inc.**

189. Upon information and belief, Charles Kessler, itself or through affiliated entities, has reproduced, displayed, and distributed one or more copies of Wave's Copyrighted Works through, at a minimum, its desktop or mobile websites or apps at the domain name hotel-savings.net, other websites, related content delivery networks, mobile apps, mobile sites, distribution hubs, storage mechanisms and other electronic means, which are accessible and viewed by individuals in many countries and in

numerous languages, including in the United States and in this District. Upon information and belief, Charles Kessler further distributed one or more copies of Wave's Copyrighted Works in numerous countries and in many languages.

190.    To date, Wave has identified not less than 159 photographs, including reproductions of Wave Copyrighted Works and derivative works based upon the Copyrighted Works that are being infringed by Charles Kessler, Charles Kessler's marketing partners, affiliates, subsidiaries, parents and others, on multiple electronic platforms, in multiple countries and in multiple languages all over the world.

191.    For particularized allegations regarding this Defendant's infringement, see Ex. 1 at 770-771.

**Defendant Citibank N.A.**

192.    Upon information and belief, Citibank, itself or through affiliated entities, has reproduced, displayed, and distributed one or more copies of Wave's Copyrighted Works through, at a minimum, its desktop or mobile websites or apps at the domain name www.citirewards.com,  other websites, related content delivery networks, mobile apps, mobile sites, distribution hubs, storage mechanisms and other electronic means, which are accessible and viewed by individuals in many countries and in numerous languages, including in the United States and in this District. Upon information and belief, Citibank further distributed one or more copies of Wave's Copyrighted Works in numerous countries and in many languages.

193.    To date, Wave has identified not less than 123 photographs, including reproductions of Wave Copyrighted Works and derivative works based upon the Copyrighted Works that are being infringed by Citibank, Citibank's marketing partners, affiliates, subsidiaries, parents and others, on multiple electronic platforms, in multiple countries and in multiple languages all over the world.

194.    For particularized allegations regarding this Defendant's infringement, see Ex. 1 at 772-775.

**Defendant Delta Airlines, Inc. (*dba* Delta.com)**

195.    Upon information and belief, Delta, itself or through affiliated entities, has reproduced, displayed, and distributed one or more copies of Wave's Copyrighted Works through, at a minimum, its desktop or mobile websites or apps at the domain name www.delta.com, hotels-delta.com, other websites, related content delivery networks, mobile apps, mobile sites, distribution hubs, storage mechanisms and other electronic means, which are accessible and viewed by individuals in many countries and in numerous languages, including in the United States and in this District. Upon information and belief, Delta further distributed one or more copies of Wave's Copyrighted Works in numerous countries and in many languages.

196.    To date, Wave has identified not less than 199 photographs, including reproductions of Wave Copyrighted Works and derivative works based upon the Copyrighted Works that are being infringed by Delta, Delta's marketing partners,

affiliates, subsidiaries, parents and others, on multiple electronic platforms, in multiple

countries and in multiple languages all over the world.

197.    For particularized allegations regarding this Defendant's infringement,

see Ex. 1 at 776-777.


**Defendants Despegar USA Inc. and Despegar.com Corp.**

198.    Upon information and belief, Despegar USA is affiliated with Despegar.

199.    Upon information and belief, Despegar USA, itself or through affiliated

entities, has reproduced, displayed, and distributed one or more copies of Wave's

Copyrighted Works through, at a minimum, its desktop or mobile websites or apps at

the domain name www.despegar.com, www.us.despegar.com,

www.viajesfalabella.com.co, www.decolar.com, other websites, related content delivery

networks, mobile apps, mobile sites, distribution hubs, storage mechanisms and other

electronic means, which are accessible and viewed by individuals in many countries

and in numerous languages, including in the United States and in this District. Upon

information and belief, Despegar USA further distributed one or more copies of Wave's

Copyrighted Works in numerous countries and in many languages.

200.    To date, Wave has identified not less than 1,093 photographs, including

reproductions of Wave Copyrighted Works and derivative works based upon the

Copyrighted Works that are being infringed by Despegar USA, Despegar USA's

marketing partners, affiliates, subsidiaries, parents and others, on multiple electronic

platforms, in multiple countries and in multiple languages all over the world.

201.    For particularized allegations regarding this Defendant's infringement, see the Second Amended Complaint in *The Wave Studio, LLC v. Trivago, N.V.*, Case No. 7:23-cv-03586-NSR, ECF No. 41 at 28-29.

**Defendant Expedia, Inc. (*dba* Expedia.com)**

202.    Upon information and belief, Expedia, itself or through affiliated entities, has reproduced, displayed, and distributed one or more copies of Wave's Copyrighted Works through, at a minimum, its desktop or mobile websites or apps at the domain name www.expedia.com, other websites, related content delivery networks, mobile apps, mobile sites, distribution hubs, storage mechanisms and other electronic means, which are accessible and viewed by individuals in many countries and in numerous languages, including in the United States and in this District. Upon information and belief, Expedia further distributed one or more copies of Wave's Copyrighted Works in numerous countries and in many languages.

203.    To date, Wave has identified not less than 9,592 photographs, including reproductions of Wave Copyrighted Works and derivative works based upon the Copyrighted Works that are being infringed by Expedia, Expedia's marketing partners, affiliates, subsidiaries, parents and others, on multiple electronic platforms, in multiple countries and in multiple languages all over the world.

204.    For particularized allegations regarding this Defendant's infringement, see Ex. 1 at 778-873.

**Defendant Farebuzz (*dba* Farebuzz.com)**

205. Upon information and belief, Farebuzz, itself or through affiliated entities, has reproduced, displayed, and distributed one or more copies of Wave's Copyrighted Works through, at a minimum, its desktop or mobile websites or apps at the domain name www.farebuzz.com, other websites, related content delivery networks, mobile apps, mobile sites, distribution hubs, storage mechanisms and other electronic means, which are accessible and viewed by individuals in many countries and in numerous languages, including in the United States and in this District. Upon information and belief, Farebuzz further distributed one or more copies of Wave's Copyrighted Works in numerous countries and in many languages.

206. To date, Wave has identified not less than 196 photographs, including reproductions of Wave Copyrighted Works and derivative works based upon the Copyrighted Works that are being infringed by Farebuzz, Farebuzz's marketing partners, affiliates, subsidiaries, parents and others, on multiple electronic platforms, in multiple countries and in multiple languages all over the world.

207. For particularized allegations regarding this Defendant's infringement, see Ex. 1 at 874-875.

**Defendant Fareportal, Inc. (*dba* CheapOair.com)**

208. Upon information and belief, Fareportal, itself or through affiliated entities, has reproduced, displayed, and distributed one or more copies of Wave's Copyrighted Works through, at a minimum, its desktop or mobile websites or apps at

the domain name www.cheapoair.com, cheapostay.com, onetravel.com, travelspot.us, other websites, related content delivery networks, mobile apps, mobile sites, distribution hubs, storage mechanisms and other electronic means, which are accessible and viewed by individuals in many countries and in numerous languages, including in the United States and in this District. Upon information and belief, Fareportal further distributed one or more copies of Wave's Copyrighted Works in numerous countries and in many languages.

209.    To date, Wave has identified not less than 1,111 photographs, including reproductions of Wave Copyrighted Works and derivative works based upon the Copyrighted Works that are being infringed by Fareportal, Fareportal's marketing partners, affiliates, subsidiaries, parents and others, on multiple electronic platforms, in multiple countries and in multiple languages all over the world.

210.    For particularized allegations regarding this Defendant's infringement, see Ex. 1 at 876-886.


**Defendant Frommer Media LLC (*dba* Frommers.com)**

211.    Upon information and belief, Frommer Media, itself or through affiliated entities, has reproduced, displayed, and distributed one or more copies of Wave's Copyrighted Works through, at a minimum, its desktop or mobile websites or apps at the domain name www.frommers.com, other websites, related content delivery networks, mobile apps, mobile sites, distribution hubs, storage mechanisms and other electronic means, which are accessible and viewed by individuals in many countries

and in numerous languages, including in the United States and in this District. Upon information and belief, Frommer Media further distributed one or more copies of Wave's Copyrighted Works in numerous countries and in many languages.

212.    To date, Wave has identified not less than 253 photographs, including reproductions of Wave Copyrighted Works and derivative works based upon the Copyrighted Works that are being infringed by Frommer Media, Frommer Media's marketing partners, affiliates, subsidiaries, parents and others, on multiple electronic platforms, in multiple countries and in multiple languages all over the world.

213.    For particularized allegations regarding this Defendant's infringement, see Ex. 1 at 887-889.


**Defendant Getaroom.com (*dba* Getaroom.com)**

214.    Upon information and belief, Getaroom.com, itself or through affiliated entities, has reproduced, displayed, and distributed one or more copies of Wave's Copyrighted Works through, at a minimum, its desktop or mobile websites or apps at the domain name www.getaroom.com, other websites, related content delivery networks, mobile apps, mobile sites, distribution hubs, storage mechanisms and other electronic means, which are accessible and viewed by individuals in many countries and in numerous languages, including in the United States and in this District. Upon information and belief, Getaroom.com further distributed one or more copies of Wave's Copyrighted Works in numerous countries and in many languages.

215.    To date, Wave has identified not less than 120 photographs, including reproductions of Wave Copyrighted Works and derivative works based upon the Copyrighted Works that are being infringed by Getaroom.com, Getaroom.com's marketing partners, affiliates, subsidiaries, parents and others, on multiple electronic platforms, in multiple countries and in multiple languages all over the world.

216.    For particularized allegations regarding this Defendant's infringement, see Ex. 1 at 890-891.

**Defendant Gogobot, Inc. (*dba* Gogobot.com)**

217.    Upon information and belief, Gogobot.com, itself or through affiliated entities, has reproduced, displayed, and distributed one or more copies of Wave's Copyrighted Works through, at a minimum, its desktop or mobile websites or apps at the domain name www.gogobot.com, other websites, related content delivery networks, mobile apps, mobile sites, distribution hubs, storage mechanisms and other electronic means, which are accessible and viewed by individuals in many countries and in numerous languages, including in the United States and in this District. Upon information and belief, Gogobot.com further distributed one or more copies of Wave's Copyrighted Works in numerous countries and in many languages.

218.    To date, Wave has identified not less than 25 photographs, including reproductions of Wave Copyrighted Works and derivative works based upon the Copyrighted Works that are being infringed by Gogobot.com, Gogobot.com's

marketing partners, affiliates, subsidiaries, parents and others, on multiple electronic platforms, in multiple countries and in multiple languages all over the world.

219.    For particularized allegations regarding this Defendant's infringement, see Ex. 1 at 892-893.

**Defendant Groupon, Inc.**

220.    Upon information and belief, Groupon, itself or through affiliated entities, has reproduced, displayed, and distributed one or more copies of Wave's Copyrighted Works through, at a minimum, its desktop or mobile websites or apps at the domain name groupon.com, groupon.sg, other websites, related content delivery networks, mobile apps, mobile sites, distribution hubs, storage mechanisms and other electronic means, which are accessible and viewed by individuals in many countries and in numerous languages, including in the United States and in this District. Upon information and belief, Groupon further distributed one or more copies of Wave's Copyrighted Works in numerous countries and in many languages.

221.    To date, Wave has identified not less than 124 photographs, including reproductions of Wave Copyrighted Works and derivative works based upon the Copyrighted Works that are being infringed by Groupon, Groupon's marketing partners, affiliates, subsidiaries, parents and others, on multiple electronic platforms, in multiple countries and in multiple languages all over the world.

222.    For particularized allegations regarding this Defendant's infringement, see Ex. 1 at 894-896.

**Defendant Hotels Combined LLC**

223.    Upon information and belief, Hotels Combined, itself or through affiliated entities, has reproduced, displayed, and distributed one or more copies of Wave's Copyrighted Works through, at a minimum, its desktop or mobile websites or apps at numerous domain names,[8] other websites, related content delivery networks, mobile apps, mobile sites, distribution hubs, storage mechanisms and other electronic means, which are accessible and viewed by individuals in many countries and in numerous languages, including in the United States and in this District. Upon information and belief, Hotels Combined further distributed one or more copies of Wave's Copyrighted Works in numerous countries and in many languages.

224.    To date, Wave has identified not less than 10,101 photographs, including reproductions of Wave Copyrighted Works and derivative works based upon the Copyrighted Works that are being infringed by Hotels Combined, Hotels Combined's marketing partners, affiliates, subsidiaries, parents and others, on multiple electronic platforms, in multiple countries and in multiple languages all over the world.

---

[8] Including but not limited to: hotelscombined.com, 7ojozat.com, amazebuy.com, booking.us.org, bookingadvisor.com, competehotel.com, brands.datahc.com, discounthotelcompare.com, easyhotelprice.com, exelentia.com, findexclusivehotels.com, gootels.com, hotel-discount.com, hotel.net, hotel2k.com, hotelbookingadvisor.com, hotelbookingsg.com, hotelchatter.com, hotelcomparerate.com, hoteldiscountbooking.com, hotelika.com, hotelium.com, hoteloogle.com, best-hotel-bookings.com, visitbritain.com, hotelstravel.com, hoteltout.com, intelligent-booking.com, momondo.com, mrhotelfinder.com, pulphotel.com, rome2rio.com, rrrooms.com, securehotelbooking.com, skyscanner.com, travbuddy.com, travel-allin1.com, travelhotelbooking.net, worldhotelsdeal.com, and smartertravel.com.

225.    For particularized allegations regarding this Defendant's infringement, see Ex. 1 at 897-982.

**Defendant Hotels.com GP LLC (*dba* Hotels.com)**

226.    Upon information and belief, Hotels.com, itself or through affiliated entities, has reproduced, displayed, and distributed one or more copies of Wave's Copyrighted Works through, at a minimum, its desktop or mobile websites or apps at the domain name www.hotels.com and www.travelnow.com, other websites, related content delivery networks, mobile apps, mobile sites, distribution hubs, storage mechanisms and other electronic means, which are accessible and viewed by individuals in many countries and in numerous languages, including in the United States and in this District. Upon information and belief, Hotels.com further distributed one or more copies of Wave's Copyrighted Works in numerous countries and in many languages.

227.    To date, Wave has identified not less than 15,627 photographs, including reproductions of Wave Copyrighted Works and derivative works based upon the Copyrighted Works that are being infringed by Hotels.com, Hotels.com's marketing partners, affiliates, subsidiaries, parents and others, on multiple electronic platforms, in multiple countries and in multiple languages all over the world.

228.    For particularized allegations regarding this Defendant's infringement, see Ex. 1 at 983-1150.

**Defendant Hotelsbyme (*dba* Hotelsbyme.com)**

229.    Upon information and belief, Hotelsbyme, itself or through affiliated entities, has reproduced, displayed, and distributed one or more copies of Wave's Copyrighted Works through, at a minimum, its desktop or mobile websites or apps at the domain name hotelsbyme.com, other websites, related content delivery networks, mobile apps, mobile sites, distribution hubs, storage mechanisms and other electronic means, which are accessible and viewed by individuals in many countries and in numerous languages, including in the United States and in this District. Upon information and belief, Hotelsbyme further distributed one or more copies of Wave's Copyrighted Works in numerous countries and in many languages.

230.    To date, Wave has identified not less than 124 photographs, including reproductions of Wave Copyrighted Works and derivative works based upon the Copyrighted Works that are being infringed by Hotelsbyme, Hotelsbyme's marketing partners, affiliates, subsidiaries, parents and others, on multiple electronic platforms, in multiple countries and in multiple languages all over the world.

231.    For particularized allegations regarding this Defendant's infringement, see Ex. 1 at 1151–1152.

**Defendant JetBlue Airways Corporation (*dba* Jetblue.com)**

232.    Upon information and belief, JetBlue, itself or through affiliated entities, has reproduced, displayed, and distributed one or more copies of Wave's Copyrighted Works through, at a minimum, its desktop or mobile websites or apps at the domain

name www.jetblue.com, other websites, related content delivery networks, mobile apps, mobile sites, distribution hubs, storage mechanisms and other electronic means, which are accessible and viewed by individuals in many countries and in numerous languages, including in the United States and in this District. Upon information and belief, JetBlue further distributed one or more copies of Wave's Copyrighted Works in numerous countries and in many languages.

233.    To date, Wave has identified not less than 354 photographs, including reproductions of Wave Copyrighted Works and derivative works based upon the Copyrighted Works that are being infringed by JetBlue, JetBlue's marketing partners, affiliates, subsidiaries, parents and others, on multiple electronic platforms, in multiple countries and in multiple languages all over the world.

234.    For particularized allegations regarding this Defendant's infringement, see Ex. 1 at 1153-1156.

**Defendant Joe Mazzarella (*dba* Roomrate.com)**

235.    Upon information and belief, Roomrate.com, itself or through affiliated entities, has reproduced, displayed, and distributed one or more copies of Wave's Copyrighted Works through, at a minimum, its desktop or mobile websites or apps at the domain name www.roomrate.com, other websites, related content delivery networks, mobile apps, mobile sites, distribution hubs, storage mechanisms and other electronic means, which are accessible and viewed by individuals in many countries and in numerous languages, including in the United States and in this District. Upon

information and belief, Roomrate.com further distributed one or more copies of Wave's Copyrighted Works in numerous countries and in many languages.

236.    To date, Wave has identified not less than 486 photographs, including reproductions of Wave Copyrighted Works and derivative works based upon the Copyrighted Works that are being infringed by Roomrate.com, Roomrate.com's marketing partners, affiliates, subsidiaries, parents and others, on multiple electronic platforms, in multiple countries and in multiple languages all over the world.

237.    For particularized allegations regarding this Defendant's infringement, see Ex. 1 at 1157-1158.

### Defendant Lexyl Travel Technologies (*dba* Hotelplanner.com)

238.    Upon information and belief, Lexyl, itself or through affiliated entities, has reproduced, displayed, and distributed one or more copies of Wave's Copyrighted Works through, at a minimum, its desktop or mobile websites or apps at the domain name www.hotelplanner.com, other websites, related content delivery networks, mobile apps, mobile sites, distribution hubs, storage mechanisms and other electronic means, which are accessible and viewed by individuals in many countries and in numerous languages, including in the United States and in this District. Upon information and belief, Lexyl further distributed one or more copies of Wave's Copyrighted Works in numerous countries and in many languages.

239.    To date, Wave has identified not less than 147 photographs, including reproductions of Wave Copyrighted Works and derivative works based upon the

Copyrighted Works that are being infringed by Lexyl, Lexyl's marketing partners, affiliates, subsidiaries, parents and others, on multiple electronic platforms, in multiple countries and in multiple languages all over the world.

240.    For particularized allegations regarding this Defendant's infringement, see Ex. 1 at 1159-1163.

**Defendant Lonely Planet Global, Inc. (*dba* lonelyplanet.com)**

241.    Upon information and belief, Lonely Planet, itself or through affiliated entities, has reproduced, displayed, and distributed one or more copies of Wave's Copyrighted Works through, at a minimum, its desktop or mobile websites or apps at the domain name www.lonelyplanet.com, other websites, related content delivery networks, mobile apps, mobile sites, distribution hubs, storage mechanisms and other electronic means, which are accessible and viewed by individuals in many countries and in numerous languages, including in the United States and in this District. Upon information and belief, Lonely Planet further distributed one or more copies of Wave's Copyrighted Works in numerous countries and in many languages.

242.    To date, Wave has identified not less than 147 photographs, including reproductions of Wave Copyrighted Works and derivative works based upon the Copyrighted Works that are being infringed by Lonely Planet, Lonely Planet's marketing partners, affiliates, subsidiaries, parents and others, on multiple electronic platforms, in multiple countries and in multiple languages all over the world.

243.    For particularized allegations regarding this Defendant's infringement, see Ex. 1 at 1164-1166.

**Defendant MakeMyTrip.com**

244.    Upon information and belief,  MakeMyTrip.com, itself or through affiliated entities, has reproduced, displayed, and distributed one or more copies of Wave's Copyrighted Works through, at a minimum, its desktop or mobile websites or apps at the domain name www.makemytrip.com and hotel travel.com, www.goibibo.com, other websites, related content delivery networks, mobile apps, mobile sites, distribution hubs, storage mechanisms and other electronic means, which are accessible and viewed by individuals in many countries and in numerous languages, including in the United States and in this District. MakeMyTrip.com further distributed one or more copies of Wave's Copyrighted Works in numerous countries and in many languages.

245.    To date, Wave has identified not less than 29 photographs, including reproductions of Wave Copyrighted Works and derivative works based upon the Copyrighted Works that are being infringed by MakeMyTrip.com, MakeMyTrip.com's marketing partners, affiliates, subsidiaries, parents and others, on multiple electronic platforms, in multiple countries and in multiple languages all over the world.

246.    For particularized allegations regarding this Defendant's infringement, see the Second Amended Complaint in *The Wave Studio, LLC v. Trivago, N.V.*, Case No. 7:23-cv-03586-NSR, ECF No. 41 at 27.

**Defendant Metro Travel Guide (*dba* MetroTravelGuide.com)**

247.    Upon information and belief, Metro Travel Guide, itself or through affiliated entities, has reproduced, displayed, and distributed one or more copies of Wave's Copyrighted Works through, at a minimum, its desktop or mobile websites or apps at the domain name www.metrotravelguide.com, other websites, related content delivery networks, mobile apps, mobile sites, distribution hubs, storage mechanisms and other electronic means, which are accessible and viewed by individuals in many countries and in numerous languages, including in the United States and in this District. Upon information and belief, Metro Travel Guide further distributed one or more copies of Wave's Copyrighted Works in numerous countries and in many languages.

248.    To date, Wave has identified not less than 8 photographs, including reproductions of Wave Copyrighted Works and derivative works based upon the Copyrighted Works that are being infringed by Metro Travel Guide, Metro Travel Guide's marketing partners, affiliates, subsidiaries, parents and others, on multiple electronic platforms, in multiple countries and in multiple languages all over the world.

249.    For particularized allegations regarding this Defendant's infringement, see Ex. 1 at 1167-1168.

**Defendant Netadvantage.com (*dba* ihsadvantage.com)**

250.    Upon information and belief, Netadvantage.com, itself or through affiliated entities, has reproduced, displayed, and distributed one or more copies of

Wave's Copyrighted Works through, at a minimum, its desktop or mobile websites or apps at the domain name ihsadvantage.com, other websites, related content delivery networks, mobile apps, mobile sites, distribution hubs, storage mechanisms and other electronic means, which are accessible and viewed by individuals in many countries and in numerous languages, including in the United States and in this District. Upon information and belief, Netadvantage.com further distributed one or more copies of Wave's Copyrighted Works in numerous countries and in many languages.

251.    To date, Wave has identified not less than 111 photographs, including reproductions of Wave Copyrighted Works and derivative works based upon the Copyrighted Works that are being infringed by Netadvantage.com, Netadvantage.com's marketing partners, affiliates, subsidiaries, parents and others, on multiple electronic platforms, in multiple countries and in multiple languages all over the world.

252.    For particularized allegations regarding this Defendant's infringement, see Ex. 1 at 1169-1171.


**Defendant Orbitz Worldwide, LLC (*dba* orbitz.com)**

253.    Upon information and belief, Orbitz, itself or through affiliated entities, has reproduced, displayed, and distributed one or more copies of Wave's Copyrighted Works through, at a minimum, its desktop or mobile websites or apps at the domain name orbitz.com, other websites, related content delivery networks, mobile apps, mobile sites, distribution hubs, storage mechanisms and other electronic means, which

are accessible and viewed by individuals in many countries and in numerous languages, including in the United States and in this District. Upon information and belief, Orbitz further distributed one or more copies of Wave's Copyrighted Works in numerous countries and in many languages.

254.    To date, Wave has identified not less than 2,457 photographs, including reproductions of Wave Copyrighted Works and derivative works based upon the Copyrighted Works that are being infringed by Orbitz, Orbitz's marketing partners, affiliates, subsidiaries, parents and others, on multiple electronic platforms, in multiple countries and in multiple languages all over the world.

255.    For particularized allegations regarding this Defendant's infringement, see Ex. 1 at 1464-1503.

**Defendant Pegasus Solutions, Inc.**

256.    Upon information and belief, Pegasus, itself or through affiliated entities, has reproduced, displayed, and distributed one or more copies of Wave's Copyrighted Works through, at a minimum, its desktop or mobile websites or apps, other websites, related content delivery networks, mobile apps, mobile sites, distribution hubs, storage mechanisms and other electronic means, which are accessible and viewed by individuals in many countries and in numerous languages, including in the United States and in this District. Upon information and belief, Pegasus further distributed one or more copies of Wave's Copyrighted Works in numerous countries and in many languages.

257.    To date, Wave has identified not less than 70 photographs, including reproductions of Wave Copyrighted Works and derivative works based upon the Copyrighted Works that are being infringed by Pegasus, Pegasus's marketing partners, affiliates, subsidiaries, parents and others, on multiple electronic platforms, in multiple countries and in multiple languages all over the world.

258.    For particularized allegations regarding this Defendant's infringement, see Ex. 1 at 1172-1174.


**Defendant Qatar Airways Q.C.S.C.**

259.    Upon information and belief, Qatar Airways, itself or through affiliated entities, has reproduced, displayed, and distributed one or more copies of Wave's Copyrighted Works through, at a minimum, its desktop or mobile websites or apps at the domain name qatarairways.com, other websites, related content delivery networks, mobile apps, mobile sites, distribution hubs, storage mechanisms and other electronic means, which are accessible and viewed by individuals in many countries and in numerous languages, including in the United States and in this District. Upon information and belief, Qatar Airways further distributed one or more copies of Wave's Copyrighted Works in numerous countries and in many languages.

260.    To date, Wave has identified not less than 70 photographs, including reproductions of Wave Copyrighted Works and derivative works based upon the Copyrighted Works that are being infringed by Qatar Airways, Qatar Airways's

marketing partners, affiliates, subsidiaries, parents and others, on multiple electronic platforms, in multiple countries and in multiple languages all over the world.

261.    For particularized allegations regarding this Defendant's infringement, see Ex. 1 at 1175-1177.

**Defendant Random House (*dba* fodors.com)**

262.    Upon information and belief, Random House, itself or through affiliated entities, has reproduced, displayed, and distributed one or more copies of Wave's Copyrighted Works through, at a minimum, its desktop or mobile websites or apps at the domain name fodors.com, other websites, related content delivery networks, mobile apps, mobile sites, distribution hubs, storage mechanisms and other electronic means, which are accessible and viewed by individuals in many countries and in numerous languages, including in the United States and in this District. Upon information and belief, Random House further distributed one or more copies of Wave's Copyrighted Works in numerous countries and in many languages.

263.    To date, Wave has identified not less than 147 photographs, including reproductions of Wave Copyrighted Works and derivative works based upon the Copyrighted Works that are being infringed by Random House, Random House's marketing partners, affiliates, subsidiaries, parents and others, on multiple electronic platforms, in multiple countries and in multiple languages all over the world.

264.    For particularized allegations regarding this Defendant's infringement, see Ex. 1 at 1178-1179.

**Defendant Reservation Counter (*dba* ReservationCounter.com)**

265.    Upon information and belief, Reservation Counter, itself or through affiliated entities, has reproduced, displayed, and distributed one or more copies of Wave's Copyrighted Works through, at a minimum, its desktop or mobile websites or apps at the domain name ReservationCounter.com, other websites, related content delivery networks, mobile apps, mobile sites, distribution hubs, storage mechanisms and other electronic means, which are accessible and viewed by individuals in many countries and in numerous languages, including in the United States and in this District. Upon information and belief, Reservation Counter further distributed one or more copies of Wave's Copyrighted Works in numerous countries and in many languages.

266.    To date, Wave has identified not less than 135 photographs, including reproductions of Wave Copyrighted Works and derivative works based upon the Copyrighted Works that are being infringed by Reservation Counter, Reservation Counter's marketing partners, affiliates, subsidiaries, parents and others, on multiple electronic platforms, in multiple countries and in multiple languages all over the world.

267.    For particularized allegations regarding this Defendant's infringement, see Ex. 1 at 1180-1181.

**Defendant Setai Owners LLC (*dba* setai.com and setai-realty.com)**

268.    Upon information and belief, Setai Owners, itself or through affiliated entities, has reproduced, displayed, and distributed one or more copies of Wave's

Copyrighted Works through, at a minimum, its desktop or mobile websites or apps at the domain names setai.com and setai-realty.com, other websites, related content delivery networks, mobile apps, mobile sites, distribution hubs, storage mechanisms and other electronic means, which are accessible and viewed by individuals in many countries and in numerous languages, including in the United States and in this District. Upon information and belief, Setai Owners further distributed one or more copies of Wave's Copyrighted Works in numerous countries and in many languages.

269.    To date, Wave has identified not less than 421 photographs, including reproductions of Wave Copyrighted Works and derivative works based upon the Copyrighted Works that are being infringed by Setai Owners, Setai Owners's marketing partners, affiliates, subsidiaries, parents and others, on multiple electronic platforms, in multiple countries and in multiple languages all over the world.

270.    For particularized allegations regarding this Defendant's infringement, see Ex. 1 at 1182-1190.


**Defendant Skyscanner Ltd.**

271.    Upon information and belief, Skyscanner operates, manages, and controls the webpage www.skyscanner.com.

272.    Upon information and belief, Skyscanner, itself or through affiliated entities, has reproduced, displayed, and distributed one or more copies of Wave's Copyrighted Works through, at a minimum, its desktop or mobile websites or apps at the domain name www.skyscanner.com, other websites, related content delivery

networks, mobile apps, mobile sites, distribution hubs, storage mechanisms and other electronic means, which are accessible and viewed by individuals in many countries and in numerous languages, including in the United States and in this District. Skyscanner further distributed one or more copies of Wave's Copyrighted Works in numerous countries and in many languages.

273.    To date, Wave has identified not less than 113 photographs, including reproductions of Wave Copyrighted Works and derivative works based upon the Copyrighted Works that are being infringed by Skyscanner, Skyscanner's marketing partners, affiliates, subsidiaries, parents and others, on multiple electronic platforms, in multiple countries and in multiple languages all over the world.

274.    For particularized allegations regarding this Defendant's infringement, see the Second Amended Complaint in *The Wave Studio, LLC v. Trivago, N.V.*, Case No. 7:23-cv-03586-NSR, ECF No. 41 at 26-27.

**Defendant Southwest Airlines Co.**

275.    Upon information and belief, Southwest, itself or through affiliated entities, has reproduced, displayed, and distributed one or more copies of Wave's Copyrighted Works through, at a minimum, its desktop or mobile websites or apps at the domain name ww.southwesthotels.com, other websites, related content delivery networks, mobile apps, mobile sites, distribution hubs, storage mechanisms and other electronic means, which are accessible and viewed by individuals in many countries and in numerous languages, including in the United States and in this District. Upon

information and belief, Southwest further distributed one or more copies of Wave's

Copyrighted Works in numerous countries and in many languages.

276.    To date, Wave has identified not less than 37 photographs, including

reproductions of Wave Copyrighted Works and derivative works based upon the

Copyrighted Works that are being infringed by Southwest, Southwest's marketing

partners, affiliates, subsidiaries, parents and others, on multiple electronic platforms, in

multiple countries and in multiple languages all over the world.

277.    For particularized allegations regarding this Defendant's infringement,

see Ex. 1 at 1191-1193.


**Defendant Swiss International Air Lines LTD**

278.    Upon information and belief, Swiss, itself or through affiliated entities, has

reproduced, displayed, and distributed one or more copies of Wave's Copyrighted

Works through, at a minimum, its desktop or mobile websites or apps at the domain

name swiss.com, hotesl-swiss.com, other websites, related content delivery networks,

mobile apps, mobile sites, distribution hubs, storage mechanisms and other electronic

means, which are accessible and viewed by individuals in many countries and in

numerous languages, including in the United States and in this District. Upon

information and belief, Swiss further distributed one or more copies of Wave's

Copyrighted Works in numerous countries and in many languages.

279.    To date, Wave has identified not less than 222 photographs, including

reproductions of Wave Copyrighted Works and derivative works based upon the

Copyrighted Works that are being infringed by Swiss, Swiss's marketing partners, affiliates, subsidiaries, parents and others, on multiple electronic platforms, in multiple countries and in multiple languages all over the world.

280.    For particularized allegations regarding this Defendant's infringement, see Ex. 1 at 1194-1198

**Defendant Tablet Inc. (*dba* TabletHotels.com)**

281.    Upon information and belief, Tablet, itself or through affiliated entities, has reproduced, displayed, and distributed one or more copies of Wave's Copyrighted Works through, at a minimum, its desktop or mobile websites or apps at the domain name tablet.com, other websites, related content delivery networks, mobile apps, mobile sites, distribution hubs, storage mechanisms and other electronic means, which are accessible and viewed by individuals in many countries and in numerous languages, including in the United States and in this District. Upon information and belief, Tablet further distributed one or more copies of Wave's Copyrighted Works in numerous countries and in many languages.

282.    To date, Wave has identified not less than 30 photographs, including reproductions of Wave Copyrighted Works and derivative works based upon the Copyrighted Works that are being infringed by Tablet, Tablet's marketing partners, affiliates, subsidiaries, parents and others, on multiple electronic platforms, in multiple countries and in multiple languages all over the world.

283.    For particularized allegations regarding this Defendant's infringement, see Ex. 1 at 1199-1200.

**Defendant This Exit, LLC (*dba* RoadsideAmerica.com)**

284.    Upon information and belief, This Exit, itself or through affiliated entities, has reproduced, displayed, and distributed one or more copies of Wave's Copyrighted Works through, at a minimum, its desktop or mobile websites or apps at the domain name roadsideamerica.com, other websites, related content delivery networks, mobile apps, mobile sites, distribution hubs, storage mechanisms and other electronic means, which are accessible and viewed by individuals in many countries and in numerous languages, including in the United States and in this District. Upon information and belief, This Exit further distributed one or more copies of Wave's Copyrighted Works in numerous countries and in many languages.

285.    To date, Wave has identified not less than 56 photographs, including reproductions of Wave Copyrighted Works and derivative works based upon the Copyrighted Works that are being infringed by This Exit, This Exit's marketing partners, affiliates, subsidiaries, parents and others, on multiple electronic platforms, in multiple countries and in multiple languages all over the world.

286.    For particularized allegations regarding this Defendant's infringement, see Ex. 1 at 1201-1202.

**Defendant Travelocity.com LP (*dba* Travelocity.com)**

287.    Upon information and belief, Travelocity, itself or through affiliated entities, has reproduced, displayed, and distributed one or more copies of Wave's Copyrighted Works through, at a minimum, its desktop or mobile websites or apps at the domain name travelocity.com, other websites, related content delivery networks, mobile apps, mobile sites, distribution hubs, storage mechanisms and other electronic means, which are accessible and viewed by individuals in many countries and in numerous languages, including in the United States and in this District. Upon information and belief, Travelocity further distributed one or more copies of Wave's Copyrighted Works in numerous countries and in many languages.

288.    To date, Wave has identified not less than 112 photographs, including reproductions of Wave Copyrighted Works and derivative works based upon the Copyrighted Works that are being infringed by Travelocity, Travelocity's marketing partners, affiliates, subsidiaries, parents and others, on multiple electronic platforms, in multiple countries and in multiple languages all over the world.

289.    For particularized allegations regarding this Defendant's infringement, see Ex. 1 at 1203-1216.

**Defendant Travelzoo Inc.**

290.    Upon information and belief, Travelzoo, itself or through affiliated entities, has reproduced, displayed, and distributed one or more copies of Wave's Copyrighted Works through, at a minimum, its desktop or mobile websites or apps at

the domain names travelfly.com and travelintelligence.com, other websites, related

content delivery networks, mobile apps, mobile sites, distribution hubs, storage

mechanisms and other electronic means, which are accessible and viewed by

individuals in many countries and in numerous languages, including in the United

States and in this District. Upon information and belief, Travelzoo further distributed

one or more copies of Wave's Copyrighted Works in numerous countries and in many

languages.

291.    To date, Wave has identified not less than 195 photographs, including

reproductions of Wave Copyrighted Works and derivative works based upon the

Copyrighted Works that are being infringed by Travelzoo, Travelzoo's marketing

partners, affiliates, subsidiaries, parents and others, on multiple electronic platforms, in

multiple countries and in multiple languages all over the world.

292.    For particularized allegations regarding this Defendant's infringement,

see Ex. 1 at 1217-1219.


**Defendant Travix Travel USA Inc.**

293.    Upon information and belief, Travix, itself or through affiliated entities,

has reproduced, displayed, and distributed one or more copies of Wave's Copyrighted

Works through, at a minimum, its desktop or mobile websites or apps at the domain

name vayama.com, other websites, related content delivery networks, mobile apps,

mobile sites, distribution hubs, storage mechanisms and other electronic means, which

are accessible and viewed by individuals in many countries and in numerous

languages, including in the United States and in this District. Upon information and belief, Travix further distributed one or more copies of Wave's Copyrighted Works in numerous countries and in many languages.

294.    To date, Wave has identified not less than 4,324 photographs, including reproductions of Wave Copyrighted Works and derivative works based upon the Copyrighted Works that are being infringed by Travix, Travix's marketing partners, affiliates, subsidiaries, parents and others, on multiple electronic platforms, in multiple countries and in multiple languages all over the world.

295.    For particularized allegations regarding this Defendant's infringement, see Ex. 1 at 1220-1258.


**Defendant TripAdvisor LLC (*dba* TripAdvisor.com)**

296.    Upon information and belief, TripAdvisor, itself or through affiliated entities, has reproduced, displayed, and distributed one or more copies of Wave's Copyrighted Works through, at a minimum, its desktop or mobile websites or apps at the domain name tripadvisor.com, other websites, related content delivery networks, mobile apps, mobile sites, distribution hubs, storage mechanisms and other electronic means, which are accessible and viewed by individuals in many countries and in numerous languages, including in the United States and in this District. Upon information and belief, TripAdvisor further distributed one or more copies of Wave's Copyrighted Works in numerous countries and in many languages.

297.    To date, Wave has identified not less than 1,323 photographs, including reproductions of Wave Copyrighted Works and derivative works based upon the Copyrighted Works that are being infringed by TripAdvisor, TripAdvisor's marketing partners, affiliates, subsidiaries, parents and others, on multiple electronic platforms, in multiple countries and in multiple languages all over the world.

298.    For particularized allegations regarding this Defendant's infringement, see Ex. 1 at 1259-1279.

**Defendant Trip.com Group Limited**

299.    Upon information and belief, Trip.com facilitates hotel and other travel bookings to more than 400 million members as well as other unregistered consumers, making it one of the leading online travel agencies in the world.

300.    Upon information and belief, Trip.com, itself or through affiliated entities, has reproduced, displayed, and distributed one or more copies of Wave's Copyrighted Works through, at a minimum, its desktop or mobile websites or apps at the domain names www.trip.com, www.skyscanner.com , www.gogobot.com, and www.ctrip.com, www. Makemytrip.com, www.hoteltravel.com, us.trip.com mobile app, and perhaps other websites, related content delivery networks, mobile apps, mobile sites, distribution hubs, storage mechanisms and other electronic means, which are accessible and viewed by individuals in many countries and in numerous languages, including in the United States and in this District. Trip.com further distributed one or more copies of Wave's Copyrighted Works in numerous countries and in many languages.

301.    To date, Wave has identified not less than 101 photographs, including reproductions of Wave Copyrighted Works and derivative works based upon the Copyrighted Works that are being infringed by Trip.com, Trip.com's marketing partners, affiliates, subsidiaries, parents and others, on multiple electronic platforms, in multiple countries and in multiple languages all over the world.

302.    For particularized allegations regarding this Defendant's infringement, see the Second Amended Complaint in *The Wave Studio, LLC v. Trivago, N.V.*, Case No. 7:23-cv-03586-NSR, ECF No. 41 at 21 – 24.

**Defendant Trip.com Travel Singapore Pte. Ltd.**

303.    Upon information and belief, Trip.com Singapore operates, manages, and controls the webpage www.trip.com.

304.    Upon information and belief, Trip.com Singapore, itself or through affiliated entities, has reproduced, displayed, and distributed one or more copies of Wave's Copyrighted Works through, at a minimum, its desktop or mobile websites or apps at the domain names www.trip.com, www.skyscanner.com , www.gogobot.com, and www.ctrip.com, www. Makemytrip.com, www.hoteltravel.com, us.trip.com mobile app, and perhaps other websites, related content delivery networks, mobile apps, mobile sites, distribution hubs, storage mechanisms and other electronic means, which are accessible and viewed by individuals in many countries and in numerous languages, including in the United States and in this District. Trip.com Singapore

further distributed one or more copies of Wave's Copyrighted Works in numerous countries and in many languages.

305.    To date, Wave has identified not less than 101 photographs, including reproductions of Wave Copyrighted Works and derivative works based upon the Copyrighted Works that are being infringed by Trip.com Singapore, Trip.com Singapore's marketing partners, affiliates, subsidiaries, parents and others, on multiple electronic platforms, in multiple countries and in multiple languages all over the world.

306.    For particularized allegations regarding this Defendant's infringement, see the Second Amended Complaint in *The Wave Studio, LLC v. Trivago, N.V.*, Case No. 7:23-cv-03586-NSR, ECF No. 41 at 28-29.


**Defendants Trivago N.V. and Trivago Services US, LLC (together, "Trivago")**

307.    Upon information and belief, Trivago operates an online hotel search platform that allows users to search for, compare, and book hotels. Trivago also offers marketing tools and services to hotels and hotel chains, as well as to online travel agencies and advertisers, among others.

308.    Upon information and belief, Trivago, itself or through affiliated entities, has reproduced, displayed, and distributed one or more copies of Wave's Copyrighted Works through, at a minimum, its desktop or mobile websites or apps at the domain name www.trivago.com, other websites, related content delivery networks, mobile apps, mobile sites, distribution hubs, storage mechanisms and other electronic means, which are accessible and viewed by individuals in many countries and in numerous

languages, including in the United States and in this District. Trivago further distributed one or more copies of Wave's Copyrighted Works in numerous countries and in many languages.

309.    To date, Wave has identified not less than 378 photographs, including reproductions of Wave Copyrighted Works and derivative works based upon the Copyrighted Works that are being infringed by Trivago, Trivago's marketing partners, affiliates, subsidiaries, parents and others, on multiple electronic platforms, in multiple countries and in multiple languages all over the world.

310.    For particularized allegations regarding this Defendant's infringement, see the Second Amended Complaint in *The Wave Studio, LLC v. Trivago, N.V.*, Case No. 7:23-cv-03586-NSR, ECF No. 41 at 21 – 24.


**Defendant United Airlines, Inc. (*dba* Hotels.United.com)**

311.    Upon information and belief, United, itself or through affiliated entities, has reproduced, displayed, and distributed one or more copies of Wave's Copyrighted Works through, at a minimum, its desktop or mobile websites or apps at the domain name hotels.united.com, other websites, related content delivery networks, mobile apps, mobile sites, distribution hubs, storage mechanisms and other electronic means, which are accessible and viewed by individuals in many countries and in numerous languages, including in the United States and in this District. Upon information and belief, United further distributed one or more copies of Wave's Copyrighted Works in numerous countries and in many languages.

312.    To date, Wave has identified not less than 296 photographs, including reproductions of Wave Copyrighted Works and derivative works based upon the Copyrighted Works that are being infringed by United, United's marketing partners, affiliates, subsidiaries, parents and others, on multiple electronic platforms, in multiple countries and in multiple languages all over the world.

313.    For particularized allegations regarding this Defendant's infringement, see Ex. 1 at 1280-1282.

**Defendant United Airlines, Inc. (*successor-in-interest* to Continental Airlines, Inc.)**

314.    Upon information and belief, United (SSI to Continental), itself or through affiliated entities, has reproduced, displayed, and distributed one or more copies of Wave's Copyrighted Works through, at a minimum, its desktop or mobile websites or apps at the domain name Hotels.Continental.com, other websites, related content delivery networks, mobile apps, mobile sites, distribution hubs, storage mechanisms and other electronic means, which are accessible and viewed by individuals in many countries and in numerous languages, including in the United States and in this District. Upon information and belief, United (SSI to Continental) further distributed one or more copies of Wave's Copyrighted Works in numerous countries and in many languages.

315.    To date, Wave has identified not less than 157 photographs, including reproductions of Wave Copyrighted Works and derivative works based upon the Copyrighted Works that are being infringed by United (SSI to Continental), United (SSI

to Continental)'s marketing partners, affiliates, subsidiaries, parents and others, on multiple electronic platforms, in multiple countries and in multiple languages all over the world.

316.    For particularized allegations regarding this Defendant's infringement, see Ex. 1 at 1283-1284.

**Defendant VFM Leonardo, Inc.**

317.    Upon information and belief, VFM, itself or through affiliated entities, has reproduced, displayed, and distributed one or more copies of Wave's Copyrighted Works through, at a minimum, its desktop or mobile websites or apps at various domain names, other websites, related content delivery networks, mobile apps, mobile sites, distribution hubs, storage mechanisms and other electronic means, which are accessible and viewed by individuals in many countries and in numerous languages, including in the United States and in this District. Upon information and belief, VFM further distributed one or more copies of Wave's Copyrighted Works in numerous countries and in many languages.

318.    To date, Wave has identified not less than 10,018 photographs, including reproductions of Wave Copyrighted Works and derivative works based upon the Copyrighted Works that are being infringed by VFM, VFM's marketing partners, affiliates, subsidiaries, parents and others, on multiple electronic platforms, in multiple countries and in multiple languages all over the world.

319.    For particularized allegations regarding this Defendant's infringement, see Ex. 1 at 1285-1402.

**Defendant Visa, Inc.**

320.    Upon information and belief, Visa, itself or through affiliated entities, has reproduced, displayed, and distributed one or more copies of Wave's Copyrighted Works through, at a minimum, its desktop or mobile websites or apps at the domain names visasignaturehotels.com, visaluxuryhotels.com, myvisaluxuryhotels.com, visaluxuryhotelcollection.com, visainfinitehotels.com, visaplatinumhotels.com, kiwicollection.com, spasofamerica.com, and worlds-luxuryguide.com, other websites, related content delivery networks, mobile apps, mobile sites, distribution hubs, storage mechanisms and other electronic means, which are accessible and viewed by individuals in many countries and in numerous languages, including in the United States and in this District. Upon information and belief, Visa further distributed one or more copies of Wave's Copyrighted Works in numerous countries and in many languages.

321.    To date, Wave has identified not less than 2,495 photographs, including reproductions of Wave Copyrighted Works and derivative works based upon the Copyrighted Works that are being infringed by Visa, Visa's marketing partners, affiliates, subsidiaries, parents and others, on multiple electronic platforms, in multiple countries and in multiple languages all over the world.

322.    For particularized allegations regarding this Defendant's infringement,

see Ex. 1 at 1403-1463.

### CLAIMS FOR RELIEF

### Count 1 – Copyright Infringement Against All Defendants
### (17 U.S.C. § 101 *et seq.*)

323.    Wave repeats and realleges each and every allegation above as if fully set

forth herein.

324.    The Copyrighted Works are original, creative works, and constitute

copyrightable subject matter under the copyright laws of the United States.

325.    Wave is the owner of valid copyrights in the Copyrighted Works, and the

Register of Copyrights has issued valid Certificates of Registration. *See, The Wave Studio,*

*LLC v. Citibank, N.A., et al.*, Case No. 7:22-cv-05141-CS, ECF No. 1 at Exhibit 1-A through

1-G.

326.    Wave has complied in all respects with 17 U.S.C. § 101 *et seq.*, and has

secured the exclusive rights and privileges in and to the copyrights in the Copyrighted

Works.

327.    Defendants have directly infringed and continue to directly infringe

Wave's Copyrighted Works by, *inter alia*, reproducing, displaying, and distributing

unauthorized copies of Wave's photographs in violation of 17 U.S.C. § 501 *et seq.*

328.    For example, regarding reproduction, Defendants copied Wave's entire

images for their own personal commercial gain without Wave's authorization.

329.    Regarding distribution, Defendants, either directly themselves or through affiliated entities or partners, have distributed Wave's Copyrighted Works to additional third parties without Wave's authorization, each act of which constitutes a separate infringing act.

330.    Regarding display, Defendants have used the Copyrighted Works for substantially the same purpose as Wave's intended use: to promote and market lifestyles, hotel properties, and destination locations or to advertise and promote examples of Wave's artistic works. Therefore, there is no added benefit to the public by Defendants' display of Wave's Copyrighted Works.

331.    Without authorization or consent, Defendants have illicitly reproduced, displayed, or distributed Wave's Copyrighted Works.

332.    Defendants knew or should have known that they were required to purchase a license to copy, distribute, or display the Copyrighted Works.

333.    Defendants have and had the ability to stop or limit such infringing use, and chose not to do so.

334.    Defendants' infringement of Wave's Copyrighted Works has been deliberate, willful, and in utter disregard of Wave's rights.

335.    As a direct and proximate cause of Defendants' infringement, Wave has been substantially harmed in an amount not capable of determination at this time.

336.    Wave is entitled to injunctive relief preventing Defendants, their agents and employees, and all persons acting in concert or participation with them, from engaging in any further infringement of the Copyrighted Works.

337.    Pursuant to 17 U.S.C. § 504(b), Wave is entitled to recover from Defendants actual damages it has sustained and will sustain, disgorgement of any gains, profits, and advantages obtained by Defendants because of their acts of infringement, and attorneys' fees and costs. At present, the amount of such damages, gains, profits, and advantages cannot be fully ascertained by Wave, but will be established according to proof at trial.

338.    Pursuant to 17 U.S.C. § 504(c), Wave may in lieu of actual damages and profits, and at any time before final judgment is rendered, elect statutory damages for all infringements involved in the action with respect to each of Wave's works that Defendants infringed. Accordingly, under 17 U.S.C. § 504(c)(1), Wave may recover statutory damages of up to $30,000.00 per work infringed.

339.    Moreover, pursuant to 17 U.S.C. § 504(c)(2), because Defendants engaged in willful infringement, Wave may recover statutory damages of up to $150,000.00 per work willfully infringed. Plaintiff will make its election within the time permitted.


### Count 2 – Contributory Copyright Infringement Against All Defendants
### (17 U.S.C. § 101 *et seq.*)

340.    Wave repeats and realleges each and every allegation above as if fully set forth herein.

341.    Upon information and belief, Defendants have each contributorily infringed Wave's rights in the Copyrighted Works. Each Defendant has, for their own profit, distributed, provided, or otherwise trafficked, without Wave's authorization, the

Copyrighted Works to third parties (including without limitation other Defendants) with the intention that such third parties display, reproduce, copy, or further distribute the Copyrighted Works for such third parties' profit, all in violation of Wave's exclusive rights under the Copyright Act to the Copyrighted Works.

342.    Defendants knew, or should have known, that they did not have ownership or licensed rights, nor Wave's authorization, to engage in such unauthorized distribution, provision, and trafficking of the Copyrighted Works to such third parties (including without limitation other Defendants). Further, because Defendants engaged in such distribution, provision, and trafficking of the Copyrighted Works to such third parties with the intention that such third parties display, reproduce, copy, and further distribute the Copyrighted Works for such third parties' profit without Wave's authorization, Defendants knowingly and unlawfully induced such third parties (including without limitation other Defendants) to directly infringe Wave's exclusive rights in the Copyrighted Works, in violation of 17 U.S.C. § 501 *et seq*.

343.    Without authorization or consent, Defendants, and each of them, distributed, provided, or otherwise trafficked to third parties (including without limitation other Defendants), Wave's Copyrighted Works.

344.    By providing unfettered access to the Copyrighted Works to third parties (including without limitation other Defendants) for distribution (who in turn, directly infringed Wave's rights in the Copyrighted Works), Defendants each materially contributed to such third parties' infringement of Wave's copyrights in the Copyrighted Works. Accordingly, the contributory infringement by Defendants of Wave's exclusive

rights in and to the Copyrighted Works, and to each separate third party to whom Defendants distributed, provided, or otherwise trafficked in Wave's Copyrighted Works without authorization, each constitutes a separate and distinct act of contributory infringement.

345.    Further, upon information and belief, such third parties (including without limitation other Defendants) may each be liable for contributory copyright infringement alleged herein to the extent that one or all may have supplied, provided, distributed, or otherwise facilitated unfettered access and use by other unknown third parties to the Copyrighted Works without Wave's knowledge or authorization.

346.    Defendants' conduct was deliberate, willful, and in utter disregard of Wave's rights.

347.    Wave has been damaged by such Defendants' conduct, including, but not limited to, economic losses. Wave seeks all damages recoverable under the Copyright Act, including statutory or actual damages, including a disgorgement of profits or gains directly or indirectly attributable to the infringement of the Copyrighted Works. Wave continues to be damaged by such conduct and has no adequate remedy at law to compensate Wave for all the possible damages stemming from Defendants' conduct, entitling Wave to injunctive relief.

## Count 3 – Vicarious Copyright Infringement Against All Defendants
### (17 U.S.C. § 101 *et seq.*)

348.    Wave repeats and realleges each and every allegation above as if fully set forth herein.

349.    Upon information and belief, Defendants are each vicariously liable for the copyright infringement alleged herein because Defendants each had the ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

350.    None of the Defendants had the authority to license, sell, assign, or grant permission for any third party to use or display the Copyrighted Works. Notwithstanding that they had no right to license, sell, assign or permit any third party to use the Copyrighted Works, with each knowing it was not the owner of the copyright in such works, Defendants each continue to represent, or imply, to third parties that they have such rights in and to the Copyrighted Works.

351.    Upon information and belief, Defendants each controlled the distribution of the Copyrighted Works by contracting with various third parties to display, copy, reproduce, distribute, sell, assign, or license the Copyrighted Works. Specifically, without authorization or consent, Defendants distributed, provided, or otherwise trafficked to such third parties, without Wave's authorization, each of Wave's Copyrighted Works.

352.    Because of the nature of their control over the content on their websites, related content delivery networks, mobile apps, mobile sites, distribution hubs, storage

mechanisms and other electronic means, such third parties each had the right and the ability to supervise the infringing activities complained of herein. And because of the nature of their business relationship with such third parties, Defendants each had the right and the ability to supervise and control the infringing activities of such third parties.

353.    Defendants each knew or should have known that the Copyrighted Works they were providing to such third parties, would be used, published and disseminated on high-trafficked websites and other media and in widely circulated promotional materials.

354.    Further, because Defendants each improperly and unlawfully represented, or implied, to third parties that it was the owner of or had the authority to grant permission to use the Copyrighted Works, Defendants each knew that such third parties and others would not seek to secure an appropriate license or authorization from Wave.

355.    As a result of such Defendants' vicarious infringement of Wave's copyrights, Defendants have obtained direct and indirect profits that they would not otherwise have realized, but for their infringement of the Copyrighted Works.

356.    Such Defendants' misconduct was willful, intentional, or reckless, and done for their own economic gain.

357.    Wave seeks all damages recoverable under the Copyright Act, including statutory or actual damages, including a disgorgement of profits or gains directly or indirectly attributable to the infringement of the Copyrighted Works

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Wave respectfully requests judgment in its favor and against Defendants as follows:

A.    Finding that Defendants have infringed Wave's copyrights in the Copyrighted Works;

B.    Finding that Defendants' infringement of Wave's copyrights was willful;

C.    Issuing a permanent injunction enjoining Defendants, their agents, servants, employees, attorneys, successors, and assigns, and all persons, firms and corporations acting in concert with them, from directly or indirectly infringing Wave's copyrights in the Copyrighted Works;

D.    Issuing a permanent injunction providing that Defendants shall immediately remove all copies of the Copyrighted Works from their websites, related content delivery networks, mobile apps, mobile sites, distribution hubs, storage mechanisms and other electronic means, and destroy the Copyrighted Works in their possession, custody or control or return them to Plaintiff, or immediately obtain a license from Plaintiff for their use;

E.    Pursuant to 17 U.S.C. § 504(b), awarding actual damages that Wave has sustained and will sustain in an amount to be determined at trial,

including disgorgement of any gains, profits, and advantages obtained by Defendants because of their acts of infringement;

F.      Pursuant to 17 U.S.C. 504(c), awarding $30,000 for each act of copyright infringement, or $150,000 for each act of willful copyright infringement;

G.      Pursuant to 17 U.S.C. § 505, awarding reasonable attorneys' fees and costs;

H.      Awarding pre-judgment and post-judgment interest, to the fullest extent available; and

I.      Awarding other, further and different relief as the Court deems just and proper.

## JURY DEMAND

Wave demands trial by jury on all issues triable to a jury.

Dated: Los Angeles, California
        January 25, 2024

ROBINS KAPLAN LLP

By: /s/ *Roman M. Silberfeld*
    Roman M. Silberfeld (*pro hac vice*)
    Annie Huang
    Gabriel Berg
    GBerg@RobinsKaplan.com
    Jessica Gutierrez (*pro hac vice* to be filed)
    Zac Cohen (*pro hac vice* to be filed)
    Waleed Abbasi

    1325 Avenue of the Americas, Suite 2601
    New York, New York 10019
    Telephone: (212) 980-7400

    *Attorneys for Plaintiff, The Wave Studio, LLC*