# Morgan Lewis

**Carla B. Oakley**
Partner
+1.415.442.1301
Carla.Oakley@morganlewis.com

February 7, 2024

**VIA ECF**

The Honorable Cathy Seibel
The Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse
300 Quarropas St.
White Plains, New York 10601-4150

Re:   *The Wave Studio, LLC v. General Hotel Management Ltd. et al.*, Case No. 7:13-cv-09239[1]

Dear Judge Seibel:

My firm represents and writes on behalf of the following Defendants in the following cases: Booking Holdings, Inc., Agoda Company Pte Ltd., AGIP LLC, Booking.com BV, Booking.com (USA) Inc., Rocket Travel, Inc. and Momondo A/S (Case No. 21-cv-2691); Hotels Combined LLC (Case No. 15-cv-7950); Priceline.com LLC (Case No. 15-cv-6995); Getaroom.com and Kayak Software Corp. d/b/a Kayak.com[2] (Case No. 13-cv-9239); and Southwest Airlines Co. (Case No. 22-cv-5141), all filed by The Wave Studio, LLC ("Wave Studio").

We write to seek the Court's assistance in addressing Plaintiff's failure to produce to Defendants a native version of the spreadsheet attached to the "Master Complaint" (Dkt. 324[3]) as ordered by Your Honor.  It is impossible for Defendants to evaluate Plaintiff's claims without a properly searchable spreadsheet, ideally with links to or screenshots of the alleged infringements.  Plaintiff has not provided a native spreadsheet, has not provided the asserted photographs in a useful format, and has not provided any active links or screenshots that align with the allegations of the Master Complaint or the spreadsheet, *i.e.* the alleged infringements.

During the November 29, 2023, conference, the Court ordered that Plaintiff attach to the Master Complaint a spreadsheet with details about each photograph, including who allegedly infringed it and when and where it was allegedly infringed.  Transcript 31:14-16.  The Court ordered Plaintiff to provide the native version of the spreadsheet: that is, the "raw materials" and "not just a pdf."  *Id.*

---

[1] Additional case captions for defendants on behalf of which we write are: *The Wave Studio, LLC v. Amadeus North America, Inc. et al.*, Case No. 15-cv-06995; *The Wave Studio, LLC v. British Airways PLC et al.*, Case No. 15-cv-07950; *The Wave Studio, LLC v. Booking Holdings Inc. et al.*, Case No. 21-cv-02691; *The Wave Studio, LLC v. Citibank N.A. et al.*, Case No. 22-cv-5141.

[2] Getaroom.com and Kayak.com are jointly represented by Clausen Miller, P.C.

[3] All Docket entries are to *The Wave Studio, LLC v. General Hotel Management Ltd. et al.*, Case No. 7:13-cv-09239.

The Honorable Cathy Seibel
February 7, 2024
Page 2

at 31:14-32:2.  Defendants need the native version of the spreadsheet as ordered by the Court so that they can run searches and sort the data in a way that allows them to evaluate and defend against Plaintiff's vague claims.[4]  The Court also ordered that Plaintiff provide copies of the asserted photographs, which Plaintiff's counsel agreed to produce as a share file or similar.  *Id.* at 36:22-25.

When Plaintiff filed the Master Complaint on January 16, 2024, Plaintiff attached a 1500-page PDF version of a spreadsheet, but failed to provide either the native spreadsheet or the share file of the asserted photographs.  On January 18, 2024, we wrote to counsel, requesting these and other documents discussed at the conference.  On January 26, 2024, Plaintiff's counsel said that Plaintiff would provide the photographs but did not respond to the other points.  On February 1, 2024, Plaintiff's counsel provided approximately thirty additional PDF files purporting to show images of the asserted photographs, with each PDF file containing multiple pages and multiple images on each page.  Plaintiff did not produce JPG files or otherwise provide the photographs in a way that could be organized or searched; the PDF files are not text searchable and images in the PDFs were not divided by copyright registration.

We reiterated our request for a native version of the spreadsheet on January 27, 2024, and again on February 2, 2024.  Rather than responding to any of our requests, counsel stated in Plaintiff's Status Letter on February 5, 2024 (Dkt. 335) that the PDF of the spreadsheet is adequate and that any native or searchable format would reveal privileged information.  We respectfully disagree.  The 1500-page PDF is not adequate, and while it is not clear what attorney-client information may exist in the native spreadsheet file, surely it can be sanitized by Plaintiff and privileged metadata, if any, can be removed.

The 1500-page PDF of the spreadsheet and the additional thirty PDFs of images that Plaintiff has provided are not usable.  The PDF of the spreadsheet includes dozens of Defendants and hundreds of photographs identified by number, with identification of "domains" with dates or date ranges that are not active links to the alleged infringements.  Should Defendants attempt to organize the PDF data manually, it would require extensive labor and many hours of legal fees.  This task is made even more tedious because the numbering system Plaintiff uses is duplicated across the various identified copyright registrations, such that there are multiple photos labeled as 001, 002, and so on. Further, the PDF spreadsheet does not provide the actual allegedly infringing *usages* of Plaintiff's claimed photographs.  For settlement talks to be productive, Plaintiff should provide a native spreadsheet, ideally with links, screenshots or other evidence of the alleged infringements purportedly identified therein.

If and when Plaintiff provides a native spreadsheet, Defendants will be able to search and organize the raw data, including by photo number, Defendant name, dates, registration numbers, hotels, and "domain" names.  Defendants will also be able to explore any active links to or other evidence of the

---

[4] Specifically, Your Honor said: "it would be very helpful, now that I am thinking about it, is if everybody – since it's going to be some form of spreadsheet, could get the – not just a pdf of the spreadsheet, but the spreadsheet because if you don't do it defendant by defendant, everybody is going to want to play with it to come out – to find which photographs they are accused of.  If you do it defendant by defendant, some people may want to know, well, who else is accused of this same photo?  So it would be helpful if they got the raw materials so they could play with it."  Transcript 31:14-32:2.

The Honorable Cathy Seibel
February 7, 2024
Page 3

alleged infringements in their evaluation of Plaintiff's claims, including whether these photos ever appeared on Defendants' sites.

We note further that Plaintiff failed to identify the specific photographs litigated in the Singapore case and failed to provide the Singapore case settlement agreement, both of which would be very helpful for the settlement discussions, as discussed at the November conference.

Regarding mediation, we continue to support enlisting the assistance of Magistrate Judge Victoria Reznik. We anticipate seeking her guidance with understanding the Plaintiff's allegations and advising how to move forward with productive settlement discussions given the material deficiencies of the Master Complaint. We hope that Plaintiff will provide Defendants "what they need in order for settlement talks to be productive," as stated in Your Honor's last order (Dkt. 334).

We appreciate Your Honor's attention to and careful management of these cases and look forward to Your Honor's assistance.

Respectfully Submitted,


/s/ *Carla B. Oakley*


Carla B. Oakley