**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Tel 202.955.8500
www.gibsondunn.com

Howard S. Hogan
Direct: +1 202.887.3640
Fax: +1 202.530.9550
HHogan@gibsondunn.com

February 8, 2024

**VIA ECF**

The Honorable Cathy Seibel
United States District Judge
The Hon. Charles L. Brieant Jr. Federal Building and U.S. Courthouse
U.S. District Court for the Southern District of New York
300 Quarropas Street
White Plains, New York 10601-4150

Re:   *The Wave Studio, LLC v. General Hotel Mgmt. Ltd. et al.*, 7:13-cv-09239 (CS)(VR)

Dear Judge Seibel:

This firm recently entered a notice of appearance on behalf of American Airlines, Inc. in the above-referenced action.  *See* Dkt. No. 329.  We write to express American Airlines' support for the request made by counsel for Booking Holdings, Inc., Agoda Company Pte Ltd., AGIP LLC, Booking.com BV, Booking.com (USA) Inc., Rocket Travel, Inc., Momondo A/S Hotels Combined LLC, Priceline.com LLC, Getaroom.com and Kayak Software Corp. d/b/a Kayak.com2, and Southwest Airlines Co.  *See* Dkt. No. 336 (Letter of Carla B. Oakley dated February 7, 2024).

Although this firm is new to the matter, it has already become apparent that the "Master Complaint" recently filed in this action (Dkt. No. 332) does not provide American Airlines (and we suspect other defendants) with what it needs in order for settlement talks to be productive.  As Your Honor is aware, this case arises from a group of photographs that Plaintiff allegedly took of hotels in Singapore for defendant General Hospital Management Ltd. ("GHM") for the purpose of promoting the hotels that GHM managed.  According to the Master Complaint, 111 of these photographs were allegedly displayed on the website for American Airlines' travel agent vacation booking platform, AAVacations.com ("AAV").  *See* Master Compl. ¶¶ 171-73.

In contrast to the allegations against some defendants, American Airlines was not responsible for the photographs that were allegedly displayed on the AAV site to promote the hotels at issue.  Rather, the AAV site provided a forum where other online travel agencies could offer consumers the opportunity to pair flights on American Airlines with hotel bookings and other travel experiences.  When a consumer entered specific search criteria on the AAV site, online travel agencies (including some of the other defendants) directly served up responsive information that may (or may not) have included some of the asserted photographs.  As a result, American Airlines did not maintain records of the content displayed in response to specific searches, even at the time the alleged infringements occurred.

**GIBSON DUNN**

The Honorable Cathy Seibel
February 8, 2024
Page 2

This is why the information requested in Ms. Oakley's February 7 letter is so important. Without seeing screenshots that align with the allegations of the complaint in a format that facilitates the review and analysis of Plaintiff's assertions, American Airlines cannot determine whether it can identify the online travel agencies responsible for each of the alleged infringing displays, much less evaluate American Airlines' own potential exposure. It is possible that the only times that these photographs were allegedly displayed on the AAV site was in response to Plaintiff's own searches.

As I am sure the Court appreciates, American Airlines disputes that it has any liability to the Plaintiff and otherwise reserves all substantive rights and defenses (including contractual indemnification rights). But without the information that the Court specifically discussed at the November 29 hearing, *see*, *e.g.*, Hearing Tr. 23:2-8 (directing plaintiff to produce "in spreadsheet form as to each defendant what photo, how long," and whether it was infringed on a "website" or if "it's other than on the website . . . how it was infringed"), it is impossible to have the kinds of discussions that the Court contemplated. *See id.* at 34:16-35:9. There is no real question that the Court has the authority to direct the production of a limited set of available electronically stored information that could possibly render further litigation moot. *Cf. Bethpage Water Dist. v. Northrop Grumman Corp.*, No. 13-cv-6362, 2014 WL 6883529, at *2 (E.D.N.Y. Dec. 3, 2014) (describing the "'broad discretion in the trial court' . . . to direct partial discovery limited to certain issues . . . .") (quoting *H.L. Moore Drug Exch., Inc. v. Smith, Kline & French Labs.*, 384 F.2d 97, 97 (2d Cir. 1967)).

In light of the foregoing, we respectfully join in Ms. Oakley's request. We thank the Court for its time and attention.

Respectfully submitted,

*Howard Hogan*

Howard S. Hogan

cc:     Counsel of record (via ECF)