

1325 AVENUE OF THE AMERICAS   212 980 7400 TEL
SUITE 2601                    212 980 7499 FAX
NEW YORK, NY 10019            ROBINSKAPLAN.COM

GABRIEL BERG
212 980 7458 TEL
GBERG@ROBINSKAPLAN.COM

February 23, 2024

**VIA ECF**
Hon. Victoria Reznik
United States Magistrate Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601-4150

Re:   *The Wave Studio, LLC v. General Hotel Management Ltd., et al.*,
      Case No. 7-13-cv-09239-CS-VR; Joint Letter

Dear Judge Reznik:

Pursuant to Your Honor's February 13, 2024 Scheduling Order (ECF No. 339), the parties set forth below hereby submit this Joint Letter in advance of the telephonic Status Conference scheduled for February 29, 2024, at 11:00 a.m. As the parties were unable to collectively agree on the substance of the letter, Plaintiff's position is set forth initially, followed by the joint position of the co-Defendants listed in the signature blocks below.[1]

**Plaintiff's Position:**

Procedural Posture

Plaintiff The Wave Studio, LLC ("Plaintiff"), originally filed this copyright infringement lawsuit in 2013 against General Hotel Management Ltd. ("GHM") and other Defendants, alleging infringement of Plaintiff's photographs promoting numerous upscale hotels. Plaintiff and GHM agreed to stay the case as to the other Defendants and resolve their litigation first. In 2017, the Honorable Judge Cathy Seibel dismissed the action as to GHM on *forum non conveniens* grounds, severed the liability and damages phases of the case, and directed the liability phase to be decided in Singapore. Judge Seibel stayed this action as to the other Defendants pending the resolution of the Singapore case.

In 2018 Plaintiff sued GHM in Singapore, and in January 2022, after a trial, the High Court of Singapore issued a decision on liability ruling in Wave's favor. Among other things, the

---

[1] Defendants acknowledge that this joint letter exceeds the page limitation set forth in Your Honor's judicial preferences. Given the large number of parties in the case, the lengthy and complicated procedural history of the matter, and the fact that parties were unable to collectively agree on the letter's substance, Defendants respectfully submit that in order to give the Court a complete picture of the status of the matter, it was necessary to exceed the page limitation. We thank Your Honor for your understanding on this issue.

Singapore Court held that Wave owns the 2,381 published photographs and 756 unpublished photographs at issue in the case. GHM appealed the decision, but the Singapore Appellate Court affirmed the trial court's findings. GHM declined to further appeal. Plaintiff and GHM subsequently settled their dispute.

Meanwhile, between 2014 and 2023 Plaintiff commenced eleven additional lawsuits against other Defendants for the copyright infringement of its works, alleging that the infringement was worldwide and extended to mobile applications and other electronic platforms. These lawsuits are jointly administered together here in the above-captioned case.

In November 2023, Judge Seibel lifted the stay in this jointly administered case, and ordered Plaintiff to file a Master Complaint with particularized allegations as to each Defendants' infringement—to the extent such information is known to Plaintiff. At the hearing lifting the stay, many Defendants tried to distance themselves from the Singapore decision. With ownership of the photos decided in Wave's favor, however, Judge Seibel correctly said of the evidence in this case: "But that sounds like the easy part to prove. I mean, if all that was at issue here was -- was not validity, was not ownership, it was just: Did the plaintiff's picture end up on the defendant's website, that's probably the least controversial point." (ECF No. 321 at 29).

Judge Seibel also ordered the parties to use the 90-days after the filing of the Master Complaint to attempt to resolve the case with a neutral, and not to respond to the Master Complaint or engage in motion practice or discovery until the 90-day period ends.

On January 16, 2024, Plaintiff filed its Master Complaint.

Anticipated Next Steps

All parties have agreed to participate in a settlement conference with Your Honor.

Plaintiff has identified a subgroup of Defendants who, based on Plaintiff's current knowledge, have committed display-only infringement (as opposed to display infringement, plus widespread distribution, advertising and marketing of the photos) by violating Plaintiff's exclusive right to display Plaintiff's photographs. Plaintiff intends to make individualized settlement demands of this subgroup of Defendants. Given the large number of Defendants in this matter, Plaintiff suggests that a first settlement conference with Your Honor be limited to these display-only alleged infringing Defendants. This maximizes, in Plaintiff's view, the chances of resolving the matter with this subgroup, first, before mediating with the other Defendants.

It is also Plaintiff's position that prior to the settlement conference, all Defendants should disclose the existence and extent of their insurance coverage, including the name of their insurers, the policy limits, and whether there is a reservation of rights. This information is obligated to be disclosed to Plaintiff in the ordinary course of discovery and will enhance the chances of resolution with all Defendants.

**<u>Defendants' Position:</u>**

<u>Procedural Posture (Defendants)</u>

Plaintiff originally filed this copyright infringement lawsuit in 2013 against GHM and other Defendants, alleging infringement of Plaintiff's photographs to promote numerous upscale hotels that are or were at one point managed by GHM. On July 14, 2014, the Court, with the consent of the parties, entered an order staying the case as to all Defendants except for GHM, while Plaintiff and GHM first litigated the preliminary threshold issue – GHM's right to use and disseminate the allegedly infringing photographs. (ECF Doc. 67).[2] The stay was entered prior to the other Defendants even responding to the initial pleading (with one possible exception). After Plaintiff and GHM engaged in discovery that was limited to this preliminary threshold issue, Plaintiff and GHM filed cross-motions for summary judgment as to such threshold issue. Defendants other than GHM did not participate in and do not have access to that initial limited discovery. On March 10, 2017, the Honorable Judge Cathy Seibel ruled on those cross motions – granting GHM's motion and denying Plaintiff's cross-motion. (ECF Doc. 209). Specifically, Judge Seibel dismissed the action as to GHM on *forum non conveniens* grounds and severed all of Plaintiff's claims against GHM from the claims against the other Defendants. Judge Seibel continued the stay of the claims against all of the other Defendants, as well as any cross claims against GHM, pending the resolution of the case between Plaintiff and GHM in Singapore.[3] Beyond litigation of the preliminary threshold issue (in which only Plaintiff and GHM participated), no other fact or expert discovery has taken place – including with respect to jurisdiction over other Defendants, validity of Plaintiff's claimed copyright registrations, liability as to the other Defendants, and any damages as a result of the alleged infringement.

In 2018 Plaintiff sued GHM in Singapore on a related (but not identical) claim – namely, alleged infringement of certain of Plaintiff's photographs that were displayed in the online issues of GHM's *The Magazine*. In January 2022, after a trial, the High Court of Singapore issued a decision finding infringement of 242 photographs. Among other things, the Singapore Court held under Singapore law that Wave owns the copyright in the "Raw Photographs" and "Final Photographs" (the edited versions of certain Raw Photographs) as defined in the Singapore Action. According to the Singapore decision, there were 2381 "Final Photographs" at issue in that case. Plaintiff alleges in these cases that there were 756 unpublished photographs at issue in the Singapore case, though it is unclear on the face of the Singapore decision if these unpublished photographs constitute the "Raw Photographs" or, if not, how many of the "Raw Photographs" are at issue in this proceeding and/or were allegedly infringed by any of the Defendants. As of the date of this letter, it is not clear whether the photographs that were at issue in the Singapore Action are identical to the photographs that are at issue in the instant U.S. cases. The Singapore Court only

---

[2] All ECF references are to the docket in Case No. 7:13-cv-09239.
[3] Specifically, as to severance, Judge Seibel's order states, "Plaintiff's claims against GHM are hereby severed to facilitate dismissal of Plaintiff's claims against GHM on *forum non conveniens* grounds. Plaintiff's claims against Defendants other than GHM, as well as any cross-claims against GHM, will continue to be stayed pending the resolution of the case between Plaintiff and GHM in Singapore." (ECF No. 209 at p. 21). As such, Defendants respectfully submit that Plaintiff's characterization of the scope of the severed claims is incorrect. (*See also* ECF No. 253).

held GHM liable for infringement of the 242 photographs that appeared in GHM's magazine (no liability ruling was made as to the remainder of the photographs). GHM appealed the decision, but the Singapore Appellate Court affirmed the trial court's findings. GHM declined to further appeal.

Plaintiff and GHM subsequently settled their dispute prior to the completion of the damages phase of the Singapore case. As of the date of this letter, no parties apart from Plaintiff and GHM have seen a copy of the settlement agreement in the Singapore action, as it contains a confidentiality provision. While GHM has agreed to waive the confidentiality provision of that agreement, Plaintiff has, to date, refused to do so despite multiple requests from Defendants. Among other reasons, because Defendants argue that Plaintiff cannot recover from both GHM and other Defendants for the same infringements, the non-GHM Defendants identified below believe that it is absolutely essential that they see the Singapore settlement agreement before any meaningful settlement discussions can commence.

Meanwhile, between 2014 and 2023 Plaintiff commenced eleven additional lawsuits against other Defendants for the alleged copyright infringement of Plaintiff's claimed photographs, alleging that the infringement was worldwide and extended to mobile applications and other electronic platforms. All but one of these lawsuits has been consolidated with the above-captioned case and/or are jointly administered with the above-captioned case. Some Defendants raised jurisdictional challenges and/or moved for dismissal for failure to state a claim; on February 2, 2024, Judge Seibel stayed Plaintiff's obligation to respond to the motion pending the outcome of settlement negotiations. (ECF No. 334.)

In November 2023, upon receiving notice that the Singapore matter between Plaintiff and GHM had been fully and finally resolved, Judge Seibel lifted the stay in the consolidated cases, and ordered Plaintiff to file a Master Complaint with particularized allegations as to each Defendants' alleged infringement—to the extent such information is known to Plaintiff. Judge Seibel also ordered the parties to use the 90 days after the filing of the Master Complaint to attempt to amicably resolve or at least narrow the scope of the cases. Judge Seibel encouraged the parties to seek the assistance of Your Honor or another neutral party to assist in reaching an amicable resolution. Judge Seibel has not set deadlines for any of the Defendants to respond to the Master Complaint, and instead indicated that those deadlines would be discussed at a status conference after the 90-day period ends. Judge Seibel confirmed that the parties shall not engage in motion practice or discovery during the 90-day period and that next steps should be discussed at the status conference. The next status conference before Judge Seibel is scheduled for April 11, 2024. Judge Seibel said she would reset the conference if the parties required additional time to address settlement.

On January 16, 2024, Plaintiff filed its Master Complaint (ECF No. 324). The Defendants identified below assert that information that Judge Seibel ordered Plaintiff to provide in connection with its Master Complaint is outstanding (*see, e.g.,* ECF Nos. 336, 337), namely (1) a native version of the pdf spreadsheets attached to the Master Complaint, (2) the asserted photographs in a format that can be searched or organized, and (3) active links to or screenshots of the alleged

infringements. The Defendants identified below maintain that Plaintiff must provide these materials in a suitable format for settlement discussions to move forward.

In connection with the preparation of this joint letter, Plaintiff for the first time indicated that it has identified a subgroup of Defendants who, based on Plaintiff's alleged current knowledge, have committed display-only infringement (the "Display Only Defendants"). Plaintiff has not disclosed the identity of those Defendants to the Defendants as a whole. Contrary to Plaintiff's assertion with respect to the Display Only Defendants, Plaintiff's Master Complaint generically alleges that *all* Defendants have "distributed, provided, or otherwise trafficked, without WAVE's authorization, the Copyrighted Works to third parties." (ECF No. 324 at ¶ 341). However, nothing in the Master Complaint or associated exhibits lists these photographs or makes any specific allegations with respect to which Defendants distributed them to which other Defendants. The Defendants identified below also allege this lack of specificity is in direct contravention to Judge Seibel's instructions at the November 29, 2023 hearing. (*See, e.g.* Transcript, p. 34).

In addition, on February 6, 2024, counsel of record for Travix Travel USA, Inc. notified Plaintiff that it was dissolved in 2021 and had provided notice to the Court at that time. (*See* ECF No. 272). It asked that Plaintiff either dismiss or explain the legal and factual basis for alleging that Travix Travel USA has ongoing operations and continues to infringe Plaintiff's copyrights. Plaintiff has not responded.

Suggested Next Steps (Defendants)

All parties listed below have agreed to participate in a settlement conference with Your Honor as an initial step to working toward an amicable resolution.

The Defendants identified below respectfully suggest that Your Honor hold an initial conference with *all* of the parties wherein an appropriate and efficient procedure for a settlement conference (or multiple settlement conferences) can be discussed and hopefully agreed upon. At that conference, Defendants would like to discuss what information should be produced by Plaintiff so that Defendants can evaluate Plaintiff's demands, should any be made.

In addition to the overdue materials that Judge Seibel ordered to be provided along with the Master Complaint (listed above), the Defendants identified below request that the Plaintiff be required to (1) identify the specific photographs litigated in the Singapore case, (2) provide the Singapore case settlement agreement, (3) identify the Display Only Defendants, and (4) separately for each of the Defendants from whom Plaintiff seeks a monetary settlement, make formal and detailed settlement demand, including the rationale supporting Plaintiff's claimed entitlement to the amount of consideration demanded. Defendants request that this information be provided no later than 14 days prior to the settlement conference and will agree to respond to the demand no later than 7 days after receipt thereof. *See, e.g.*, Order Re Settlement Conference Procedures, *Diamont v. Trans Union*, 7:23-cv-03183 (Feb. 16, 2024) (Reznik, MJ). Defendants will have difficulty proceeding with a settlement conference or mediation if these steps are not met. Given the complicated and lengthy history of this dispute, requiring Plaintiff to make formal and detailed

demands in advance of any mediation would facilitate the Defendants' substantive evaluation of Plaintiff's claims and the potential for any cross-claims, thus enhancing the chances of reaching a resolution.

**Conclusion:**

This letter is submitted on behalf of all parties listed below, by and through their respective counsel. The parties look forward to discussing these matters with Your Honor on February 29, 2024.

Respectfully Submitted,

**Counsel for Plaintiff:**

*Gabriel Berg*

Gabriel Berg
Robins Kaplan LLP
*Counsel for Plaintiff*

**Counsel for Defendants**

/s/ Abigail J. Remore
Abigail J. Remore
Chiesa Shahinian & Giantomasi PC
*Counsel for Defendant General Hotel Management Ltd.*

/s/ Matthew S. Trokenheim
Matthew S. Trokenheim
Goldberg Segalla
*Counsel for Defendant Setai Owners*

/s/ Todd Gregorian
Todd Gregorian
Fenwick & West LLP
*Counsel for Defendant Travix Travel USA, Inc.*

/s/ John Bauer
John Bauer
Ashley Summer
Nelson Mullins Riley & Scarborough LLP
*Counsel for Defendants Emerging Travel, Inc; Emerging Travel, Inc. dba as Rate Hawk; and Emerging Travel, Inc. dba as Zen Hotels*

/s/ Roger Maldonado
Roger Maldonado
Smith, Gambrell & Russell, LLP
*Counsel for Defendant trivago N.V.*

/s/ James Rosenfeld
James Rosenfeld
Davis Wright Tremaine LLP
*Counsel for Defendant Groupon, Inc.*

Hon. Victoria Reznik
February 23, 2024
    Page 7

*/s/ Howard Hogan*
Howard Hogan
Gibson, Dunn & Crutcher LLP
*Counsel for Defendant American Airlines, Inc.*

*/s/ Sapna Palla*
Sapna Palla
Allen & Overy LLP
*Counsel for Defendant Qatar Airways QCSC*

*/s/ Andrew H. Winetroub*
Andrew H. Winetroub
Robert A. Weikert
Nixon Peabody LLP
*Counsel for Defendant Cathay Pacific Airways, Ltd.*

*/s/ Anna Menkova*
Anna Menkova
Pollock Cohen LLP
*Counsel for Defendants Trip.com Group Limited, Trip.com Travel Singapore Pte. Ltd., Skyscanner Ltd., MakeMyTrip India Pvt. Ltd., and MakeMyTrip, Inc.*

*/s/ Erica E. Holland*
Erica E. Holland
Anthony T. Pierce
Akin Gump Strauss Hauer & Feld LLP
*Counsel for Defendant American Express Company*

*/s/ Richard Straussman*
Richard Straussman
Weitzman Law Offices, LLC
*Counsel for Defendants Signaure Travel Network Cooperative, Inc. ; Tzell Travel, LLC; Frosh International Travel, Inc.*

*/s/ Carla B. Oakley*
Carla B. Oakley
Meaghan H. Kent
Morgan, Lewis & Bockius LLP
*Counsel for Defendants Getaroom.com and Kayak Software Corp. (co-counsel with Clausen Miller), and for Priceline.com LLC, Hotels Combined LLC, AGIP LLC, Agoda Company Pte Ltd., Booking Holdings, Inc., Booking.com (USA) Inc., Booking.com B.V., Momondo A/S, Rocket Travel, Inc. and Southwest Airlines Co.*

*/s/ Harvey R. Herman*
Harvey R. Herman
Clausen Miller
*Counsel for Defendants About, Inc. d/b/a About.com; Alliance Reservation Network d/b/a Reservetravel.com; Bookit.com, Inc.; Expedia, Inc. d/b/a Expedia.com; Fareportal, Inc. d/b/a Cheapoair.com; Farebuzz d/b/a Farebuzz.com; Frommer Media d/b/a Frommers.com; Getaroom.com d/b/a Getaroom.com; Hotels.com GP LLC d/b/a Hotels.com d/b/a Travelnow.com; Hotelsbyme d/b/a Hotelsbyme.com; Lexyl Travel Technologies d/b/a Hotelplanner.com; Esteban Oliverez d/b/a Insanelycheapflights.com; JetBlue Airways Corporation d/b/a JetBlue.com; Kayak Software Corporation d/b/a Kayak.com; Lonely Planet Global, Inc. d/b/a Lonelyplanet.com; Metro Travel Guide d/b/a Metrotravelguide.com; Netadvantage.com d/b/a IHSadvantage.com; Reservation Counter d/b/a Reservationcounter.com; Pegasus Solutions, Inc.; Random House d/b/a Fodors.com; This Exit, LLC d/b/a Roadside America.com; Travelocity.com d/b/a Travelocity.com; Tripadvisor, LLC d/b/a Tripadvisor.com; United Airlines, Inc. d/b/a Hotels.United.com; Gogobot, Inc. d/b/a gogobot.com; Qantas Airways Ltd.; WK Travel, Inc.; AOL, Inc.; Travelzoo, Inc.; Charles Kessler Associates, Inc.; United Airlines, Inc. Successor-In-Interest to Continental Airlines, Inc.; Swiss International Air Lines, LTD; Virgin America, Inc.; Virgin Vacations, Inc.; Virgin Atlantic Airways Limited; VFM Leonardo, Inc.*

*/s/ Michael McCue*
Michael McCue
Lewis Roca
*Counsel for Visa, Inc.*

*/s/ Andrew S. McElligott*
William H. Frankel
Andrew S. McElligott
Crowell & Moring LLP
*Counsel for Defendant British Airways*