

1325 AVENUE OF THE AMERICAS  
SUITE 2601  
NEW YORK, NY 10019  

212 980 7400 TEL  
212 980 7499 FAX  
ROBINSKAPLAN.COM  

GABRIEL BERG  
212 980 7458 TEL  
GBERG@ROBINSKAPLAN.COM  

March 8, 2024

Hon. Victoria Reznik  
U.S. Magistrate Judge  
Southern District of New York  
300 Quarropas St.  
White Plains, NY 10601-4150  

**Re:**   *The Wave Studio, LLC v. General Hotel Management Ltd., et al.,*  
    **Case No. 7-13-cv-09239-CS-VR; Plaintiff's Letter**

Dear Judge Reznik:

    We write pursuant to Your Honor's March 1, 2024 Minute Entry Order ("Order"). This Court held: "By no later than March 8, 2024, Plaintiff must submit a letter to the Court that provides an update on (1) Plaintiff's ability to produce active links or screenshots of the alleged infringements; (2) Plaintiff's ability to identify the photographs in the Singapore litigation; and (3) whether Plaintiff objects to producing excerpts of the Singapore case settlement agreement, addressing the payment amount, scope of settlement, and which photographs were covered by the agreement."

    After consultation with our e-discovery group and outside vendors, we have made significant progress.

    1.    Within two weeks from today, by March 22, 2024, Plaintiff will produce the evidence of infringement—snapshots in time at various points over the years based on Plaintiff's investigations and not the universe of infringement—directed to display-only infringers. Plaintiff will produce the evidence of infringement as to all other Defendants—again, snapshots in time at various points over the years and not the universe of infringement—by April 5, 2024.

    Plaintiff reiterates that working collaboratively with Defendants by comparing the library of Wave's photographs against Defendants' own library of photographs used over the years, is the most efficient and productive method to identifying as much of the universe of infringing photographs as possible. Defendants are incentivized to do so for two reasons: One, Defendants will be

Hon. Victoria Reznik
March 8, 2024
Page 2

obligated to produce these libraries of photographs in the ordinary course of discovery. Two, and more importantly, Defendants naturally should be motivated to mitigate their damages, especially as to ongoing and willful infringement. With the exception of the display-only infringers, Plaintiff respectfully requests that this Court order the parties to so collaborate.

      2.      The Singapore trial court decision defined the photos at issue in the Singapore case as: (1) 2,381 published photographs owned by Wave; and (2) 756 unpublished photographs also owned by Wave. GHM appealed the decision, but the Singapore Appellate Court affirmed the trial court's findings. GHM declined to further appeal. Plaintiff will produce to Defendants electronic versions of all 3,137 photographs by March 15, 2024, in accordance with this Court's Order. Plaintiff will distinguish the published photographs from the unpublished ones.

      3.      We respectfully request additional time, until March 15, 2024, to consult with our client regarding its willingness to waive confidentiality and produce excerpts of the Wave-GHM Settlement Agreement.

As part of its Order, this Court also held that: "the Court was inclined to grant Plaintiff's request to order the Defendants to disclose the existence and extent of their insurance coverage, including the names of their insurers, the policy limits, and whether there is a reservation of rights, in accordance with Rule 26(a)(1)(A)(iv) of the Federal Rules of Civil Procedure." The Court provided Defendants an opportunity to confer with their clients and raise any objections, by March 7, 2024.

For the Court's benefit, the following Defendants have objected on jurisdictional grounds: Trip.com Group Limited, Trip.com Travel Singapore Pte. Ltd., Skyscanner Ltd., MakeMyTrip India Pvt., Ltd.

Other Defendants have lodged conditional objections, primarily based on Defendants' assertion that the parties enter into a protective order prior to Defendants' disclosure of their insurance policy, including Qatar Airways Group Q.C.S.C. (which also preserves all jurisdictional challenges)

Defendants Booking Holdings, Inc., Agoda Company Pte Ltd., AGIP LLC, Booking.com BV, Booking.com (USA) Inc., Rocket Travel, Inc. and Momondo A/S, Hotels Combined LLC, Priceline.com LLC, Getaroom.com and Kayak Software Corp. d/b/a Kayak.com and Southwest Airlines Co. all conditionally object to the production of their insurance policies without the entry of a protective order. A subset of these Defendants, Agoda Company Pte. Ltd., Booking.com B.V. and Momondo A/S preserve their jurisdictional challenges. All Defendants named in

Hon. Victoria Reznik
March 8, 2024
Page 3

this paragraph request an extension of time, to March 29, 2024, to produce their insurance policies.

    Finally, Defendant American Express requests an extension of time because it has not received a response from its potential insurers.

    Respectfully Submitted,
    *Gabriel Berg*
    Gabriel Berg
    Partner

94726380.1