UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
The Wave Studio, LLC,

                        Plaintiff,

      -against-

General Hotel Management Ltd., et al.,

                      Defendants.
----------------------------------------------------------------X

13-cv-9239-CS-VR

**ORDER**

**VICTORIA REZNIK, United States Magistrate Judge:**

      The Court assumes familiarity with the relevant facts and procedural posture of this action. As relevant here, Judge Seibel directed the parties to engage in early settlement discussions before filing an answer or engaging in motion practice and discovery. (ECF No. 321 at 34–40).

      On March 1, 2024, the Court held a telephonic Status Conference, during which the Court discussed the parties' positions on proceeding with settlement negotiations in an efficient manner. (ECF 03/01/2024 Minute Entry). Before the Conference, Plaintiff requested that the Court order the Defendants to disclose the existence and extent of their insurance coverage, including the names of their insurers, the policy limits, and whether there is a reservation of rights, in accordance with Rule 26(a)(1)(A)(iv) of the Federal Rules of Civil Procedure. (ECF No. 342 at 2). During the conference, several Defendants informed the Court that they would object to disclosing their insurance information. (ECF 03/01/2024 Minute Entry). The Court directed Defendants to file any objections by letter by March 7, 2024. (*Id.*). The Court has now received 6 letters from 53 different Defendants. (ECF Nos. 345 to 350).

Eight Defendants[1] object to disclosing their insurance information because they assert that the Court lacks personal jurisdiction over them, and they plan to raise this defense in their respective responses to the operative complaint. (*See* ECF Nos. 345, 347, 348). Thirteen Defendants[2] object to disclosing their insurance information absent a stipulated protective order. (ECF Nos. 347, 348). Fifteen Defendants[3] request extensions of time to disclose their insurance information. (*See* ECF Nos. 347 to 350). For the reasons below, all Defendants who have not yet disclosed their insurance information (including reservation of rights letters) to Plaintiff are directed to do so by no later than **March 29, 2024**. All produced insurance information shall be treated as confidential, subject to a formally stipulated protective order to be entered after the parties meet and confer and agree upon relevant terms.

For those eight Defendants[4] intending to raise jurisdictional defenses, the Court clarifies that their production of insurance information is being ordered for the limited purpose of settlement discussions and that all defenses are preserved. It is true that a party may "waive or forfeit a personal jurisdiction defense" by giving a plaintiff "a reasonable expectation that it will defend the suit on the merits" or "caus[ing] the court to go to some effort that would be wasted if

---

[1] These eight Defendants are: (1) Trip.com Group Limited; (2) Trip.com Travel Singapore Pte. Ltd.; (3) Skyscanner Ltd.; (4) MakeMyTrip India Pvt., Ltd.; (5) Qatar Airways Group Q.C.S.C.; (6) Agoda Company Pte. Ltd.; (7) Booking.com B.V.; and (8) Momondo A/S. (ECF Nos. 345, 347, 348).

[2] These thirteen Defendants are: (1) Qatar Airways Group Q.C.S.C.; (2) Booking Holdings, Inc.; (3) Agoda Company Pte. Ltd.; (4) AGIP LLC; (5) Booking.com BV; (6) Booking.com (USA) Inc.; (7) Rocket Travel, Inc.; (8) Momondo A/S; (9) Hotels Combined LLC; (10) Priceline.com LLC; (11) Getaroom.com; (12) Kayak Software Corp. d/b/a Kayak.com; and (13) Southwest Airlines Co. (ECF Nos. 347, 348). Four of these Defendants—Qatar Airways Group Q.C.S.C.; Agoda Company Pte. Ltd.; Booking.com B.V.; and Momondo A/S—also object on personal jurisdiction grounds, per note 1 above. (ECF Nos. 347, 348).

[3] These fifteen Defendants are: (1) Qatar Airways Group Q.C.S.C.; (2) Booking Holdings, Inc.; (3) Agoda Company Pte. Ltd.; (4) AGIP LLC; (5) Booking.com BV; (6) Booking.com (USA) Inc.; (7) Rocket Travel, Inc.; (8) Momondo A/S; (9) Hotels Combined LLC; (10) Priceline.com LLC; (11) Getaroom.com; (12) Kayak Software Corp. d/b/a Kayak.com; (13) Southwest Airlines Co.; (14) American Express; and (15) British Airways PLC. (ECF Nos. 347 to 350). As noted above, some of these Defendants also raise objections on personal jurisdiction grounds and/or the need for a protective order.

[4] *See supra* note 1.

personal jurisdiction is later found lacking." *Corporación Mexicana De Mantenimiento Integral, S. De R.L. De C.V. v. Pemex-Exploración Y Producción*, 832 F.3d 92, 102 (2d Cir. 2016).  But the mere participation in settlement negotiations, mediated by a magistrate judge, is insufficient to cause waiver or forfeiture of personal jurisdiction. *See Nike, Inc. v. Liu*, No. 21-cv-248, 2021 WL 5964126, at *2–3 (S.D.N.Y. Dec. 16, 2021) (holding that defendant did not waive her personal jurisdiction defense where most of her interaction with plaintiffs was "in the context of settlement negotiations"); *Elbex Video Kabushiki Kaisha v. Taiwan Regular Elec. Co.*, No. 93-cv-6160, 1994 WL 185896, at *1–2 (S.D.N.Y. May 10, 1994) (holding that stipulated requests for extensions of time and participation in one settlement discussion was insufficient to waive a defense based on lack of personal jurisdiction due to improper service of process); *Durant v. Traditional Invs., Ltd.*, No. 88-cv-9048, 1990 WL 33611, at *3 (S.D.N.Y. Mar. 22, 1990) ("[Defendants] waited approximately ten months to file a motion to quash service of process and dismiss the complaint.  During that time, defendants have done little more than engage in settlement negotiations, hire and discharge lawyers, and evade discovery.  Their participation in the litigation has not been substantial enough to constitute waiver of the right to bring the pending motion."); *Sec. Trading Corp. v. Sec. Seminar, Inc.*, 633 F. Supp. 938, 939 (S.D.N.Y. 1986) (holding that a ten-month delay in moving to dismiss based on lack of personal jurisdiction resulting from defendant's participation in settlement negotiations did not result in waiver of such defense).  Because these Defendants continue to maintain that there is no personal jurisdiction over them, it would be unreasonable for Plaintiff to expect that they would defend themselves on the merits if settlement discussions faltered and they were required to respond to the operative complaint.  Further, because the Court is directing these Defendants to disclose their insurance information for the limited purpose of facilitating settlement discussions, such

disclosure would not amount to waiver or forfeiture of personal jurisdiction. *See Nike, Inc.*, 2021 WL 5964126, at *2–3; *Elbex Video Kabushiki Kaisha*, 1994 WL 185896, at *1–2; *Durant*, 1990 WL 33611, at *3; *Sec. Trading Corp.*, 633 F. Supp. at 939.

Separately, Plaintiff asks for an extension of time, until March 15, 2024, to determine its willingness to waive confidentiality and produce excerpts of the Wave-GHM Settlement Agreement. (ECF No. 351 at 2). Plaintiff's request is **GRANTED**.

**SO ORDERED.**

DATED:   White Plains, New York
         March 12, 2024

_____
VICTORIA REZNIK
United States Magistrate Judge