

1325 AVENUE OF THE AMERICAS    212 980 7400 TEL
SUITE 2601    212 980 7499 FAX
NEW YORK, NY 10019    ROBINSKAPLAN.COM

GABRIEL BERG
212 980 7458 TEL
GBERG@ROBINSKAPLAN.COM

March 15, 2024

Hon. Victoria Reznik
U.S. Magistrate Judge
Southern District of New York
300 Quarropas St.
White Plains, NY 10601-4150

Re: *The Wave Studio, LLC v. General Hotel Management Ltd., et al.*,
    **Case No. 7-13-cv-09239-CS-VR**

Dear Judge Reznik:

We write pursuant to Your Honor's March 1, 2024 Minute Entry Order ("Order"). In its Order, this Court held: "By no later than March 15, 2024, Plaintiff will do the following: (1) produce to all Defendants a native version of the pdf spreadsheets attached to the Master Complaint; (2) produce to all Defendants an electronic copy of Plaintiff's library of photographs; (3) identify the "Display-Only Defendants" to all Defendants and file a letter on the docket with the same information for the Court; and (4) submit to each of the Display-Only Defendants a formal settlement demand that includes Plaintiff's rationale in support. After Plaintiff identifies the Display-Only Defendants, the Court will schedule *ex parte* Pre-Settlement Conference calls with the relevant parties." ECF, March 1, 2024 Order.

1. On Wednesday, March 13, 2024, all Defendants were served with native spreadsheet versions of the pdfs attached to the Master Complaint.

2. On Wednesday, March 13, 2024, all Defendants were served with electronic versions of Plaintiff's library of photographs at issue in the Singapore Action—and here. These photographs include 2,381 published photographs owned by Wave and 756 unpublished photographs also owned by Wave. Plaintiff's electronic library is organized by hotel and by published and unpublished photographs. This organization of Wave's photographs makes it even easier for Defendants to compare the 3,137 photographs against their own libraries of photographs, or to work collaboratively with Plaintiff to do so.

Hon. Victoria Reznik
March 15, 2024
Page 2

Undertaking this exercise, with or without collaborating with Plaintiff, necessarily will identify a more complete universe of infringement. Plaintiff renews its request that the Court order Defendants to undertake this task.

    3.    The Display-Only Defendants include:

| | | | | |
|---|---|---|---|---|
| 1. Air Canada | 2. American Airlines | 3. Andrew Harper, LLC | 4. British Airways | 5. Cathay Pacific Airways Ltd. |
| 6. Delta Airways | 7. Escala Vacations | 8. Esteban Oliverez | 9. Farebuzz | 10. Frommer Media |
| 11. Frosch Int'l Travel, Inc. | 12. Getaroom.com | 13. Hipmunck, Inc. | 14. Hotelsbyme.com | 15. IBT Media Inc. |
| 16. Jetblue Airways | 17. Joe Mazzarella (roomrate) | 18. KLM Royal Dutch Airlines | 19. Lonely Planet Global Inc. | 20. Luxemont, LLC. |
| 21. Luxury Travel Media (Luxury Travel Magazine.com | 22. Market Es Inc (Hotels and Discounts.com) | 23. Metro Travel Guide | 24. Mobissimo Inc. | 25. MySoBe.com |
| 26. Netadvantage.com | 27. Nextag, Inc. | 28. Quantas Airways | 29. Qatar Airways | 30. Random House (fodors) |
| 31. Reservation Counter | 32. Room 77 | 33. Southwest Airlines | 34. Spa Finder, Inc. | 35. Swiss Int'l Air Lines, Ltd. |
| 36. Tablet, Inc. | 37. This Exit LLC | 38. United Airlines | | |

    4.    By the end of today, each Display-Only infringer with counsel will have been served a Demand Letter, unique to that Display-Only Defendant.[1] The demand letter to the Display-Only infringers contains an individual settlement

---

[1] Ten Display-Only Defendants are unrepresented by counsel. Plaintiff diligently is working to identify senior executives within each company to whom the Demand Letter will be delivered (with a cover email urging counsel for that unrepresented party to contact Plaintiff's counsel). This task may spill over into early next week.

Hon. Victoria Reznik
March 15, 2024
Page 3

demand based on a reasonable royalty, multiplied by the number of infringements currently known.

     5.    As proposed by this Court's Order, Wave has agreed to produce "excerpts of the Singapore case settlement agreement, addressing the payment amount, scope of settlement, and which photographs were covered by the agreement." Plaintiff respectfully requests that it be permitted to do so by March 22, 2024.

Consistent with Plaintiff's March 8, 2024 letter, each Display-Only Defendant will receive evidence of infringement—snapshots in time at various points over the years based on Plaintiff's investigations and not the universe of infringement—by March 22, 2024.

                                                  Respectfully Submitted,
                                                  *Gabriel Berg*
                                                  Gabriel Berg
                                                  Partner