

1325 AVENUE OF THE AMERICAS  212 980 7400 TEL
SUITE 2601                   212 980 7499 FAX
NEW YORK, NY 10019           ROBINSKAPLAN.COM

GABRIEL BERG
212 980 7458 TEL
GBERG@ROBINSKAPLAN.COM

August 23, 2024

**VIA ECF**
Hon. Victoria Reznik
United States Magistrate Judge
United States Courthouse
300 Quarropas Street
White Plains, New York 10601-4150

Re:  *The Wave Studio, LLC v. General Hotel Management Ltd., et al.,*
     **Case No. 7-13-cv-09239-CS-VR; Joint Letter**

Dear Judge Reznik:

On August 20, 2024, Plaintiff and a group of Defendants met and conferred about the briefing schedule for certain threshold issues and ongoing settlement discussions. The Defendants informed Plaintiff that based on the number of Defendants, they would be filing a separate submission with the Court on these issues. Accordingly, Plaintiff respectfully submits for Your Honor's consideration Plaintiff's positions on these issues.

**Proposed Briefing Schedule and Format**

The parties discussed the schedule and format for briefing four issues:

(1) whether the related Singapore decision controls in this case;

(2) whether Plaintiff's claims are barred by the statute of limitations;

(3) whether Plaintiff's claims are barred by the doctrine of extraterritoriality;

(4) whether there is a lack of personal jurisdiction over certain defendants.

Plaintiff disputes any contention that the Singapore decision doesn't control, and further disputes that there are any grounds for dismissal based on the statute of limitations, the doctrine of extraterritoriality, or a lack of personal jurisdiction. With that said, these issues, in Plaintiff's view, should be addressed by Defendants in two briefs: **(1)** a joint defense motion regarding whether the Singapore decision controls in this case, and **(2)** a joint defense motion to dismiss on statute of limitations, extraterritoriality, and personal jurisdiction grounds.

95235743.1

Hon. Victoria Reznik
August 23, 2024
Page 2

Plaintiff proposes the following briefing schedule and format, which it believes will facilitate the efficient resolution of these issues.

As to briefing on whether the related Singapore decision controls in this case, Plaintiff proposes that:

- On **Tuesday, October 1, 2024**, Defendants will submit their joint opening brief.

- By **Friday, October 25, 2024**, Plaintiff will submit its response.

- By **Friday, November 8, 2024**, Defendants will submit their joint reply, if any.

Whether the Singapore decision controls is ripe for determination. It makes sense to resolve this issue now, and first, because it will affect the scope of the litigation (*e.g.*, whether ownership of the Wave images is at issue), and because no discovery is required to resolve it. A decision either way could also help push settlement discussions forward. The sooner this issue is decided, the better.

As to the motions to dismiss on the other three grounds Plaintiff proposes two options:

### Option A

- On **Tuesday, October 1, 2024**, participating Defendants will submit their joint motion to dismiss.

- Plaintiff and participating Defendants will then have **five (5) months** following the date that Defendants submit their joint motion to dismiss to conduct targeted discovery limited to the issues relevant to Defendants' joint motion to dismiss.

- By **Friday, February 28, 2025** Plaintiff will submit its response.

- By **Friday, March 14, 2025**, Defendants will submit their joint reply, if any.

- Oral argument will be held as soon as possible thereafter.

- As to the Defendants that choose to not participate in motion to dismiss briefing, the existing stay will remain in place and be extended for the duration of this briefing schedule. Plaintiff reserves the right to move to lift the stay at any time for any reason.

### Option B

- Plaintiff and participating Defendants will have **five (5) months** to conduct less targeted discovery limited to the issues relevant to Defendants' joint motion to dismiss.

- On **Friday, January 24, 2025**, participating Defendants will submit their joint motion to dismiss.

Hon. Victoria Reznik
August 23, 2024
Page 3

- By **Friday, February 28, 2025**, Plaintiff will submit its response.
- By **Friday, March 14, 2025**, Defendants will submit their joint reply, if any.
- Oral argument will be held as soon as possible thereafter.
- As to the Defendants that choose to not participate in motion to dismiss briefing, the existing stay will remain in place and be extended for the duration of this briefing schedule. Plaintiff reserves the right to move to lift the stay at any time for any reason.

Determining whether Plaintiff's claims should be dismissed on these various grounds will require some targeted discovery. Plaintiff prefers **Option A** over **Option B**, because **Option A** will allow the parties to narrow discovery based on briefing that has already been submitted. In either case, Plaintiff believes that five months to conduct discovery limited to only these issues and to only the Defendants who have indicated that they intend to move to dismiss, will suffice.

Plaintiff proposes a *joint* defense motion because, with dozens of defendants in this case, separate motions will be unwieldy and impractical. Indeed, the discussed purpose of Plaintiff preparing and filing a Master Complaint was so that there could be just one motion to dismiss against one complaint. *See* Nov. 29, 2023 Hrg. Tr. at 21:2-18. Most importantly, responding to individual motions—as opposed to one motion—is inefficient for this Court.

Some Defendants have complained that if they have a jurisdictional challenge, they should not be required to brief the issue of whether the Singapore decision should apply to them. Yet, there is complete unity of interest among all Defendants on this issue. For this reason, even if this Court were to permit the Defendants challenging jurisdiction to opt out of the briefing on the question of whether the Singapore decision applies to them, the briefing should still proceed as proposed because those Defendants who unsuccessfully challenge jurisdiction ultimately likely would be bound by any decision in Plaintiff's favor. In addition, Plaintiff does not believe there is a good faith challenge to the question of whether the Singapore decision is binding. This Court relied on the sophistication of the Singapore Court's system as part of its decision to send this matter to Singapore for a liability determination in the first instance.

Many Defendants have asked Plaintiff to agree that if Defendants do not move to dismiss now on jurisdiction, statute of limitations or extraterritoriality grounds, the defenses are preserved for later in the case. Plaintiff does not agree. These are threshold questions that should be answered now.

Hon. Victoria Reznik
August 23, 2024
Page 4

Plaintiff takes no position on whether the participating Defendants will be allowed to take discovery of Plaintiff during the five-month discovery period, except that to the extent it is permitted it must be strictly limited to the issues in their briefing. Some Defendants have taken the position that discovery is not required at all to resolve these issues because they can be resolved on the pleadings alone.

Finally, Defendants' proposal of moving to dismiss on the four issues identified above, one-by-one until there is an order issued on each of four motions, is inefficient, overcomplicating and likely will take over a year, if not longer. There is no justification for such an approach, especially in a case that began over a decade ago.

**Continued Settlement Discussions**

Plaintiff proposes the following schedule to facilitate settlement discussions, to be conducted simultaneously with the briefing schedule above:

- Defendants will attempt to develop and if successful provide a global settlement offer to Plaintiff by **September 16, 2024**,[1] together with an explanation of their damages model and any supporting documentation, including associated expert reports, if any.

- Plaintiff will, within four (4) weeks of receiving Defendants' offer, make a counter-offer to Defendants, together with an explanation of its damages model and any supporting documentation, including associated expert reports, if any.

- Thereafter, if believed to be productive, the parties will jointly seek Magistrate Judge Reznik's assistance in negotiating a global resolution.

Plaintiff looks forward to discussing these matters with Your Honor.

                                        Respectfully Submitted,

                                        *Gabriel Berg*

                                        Gabriel Berg
                                        Robins Kaplan LLP
                                        Counsel for Plaintiff

---

[1] Defendants in their letter do not propose an alternative date to provide a global settlement offer.

95235743.1