**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Tel 202.955.8500
gibsondunn.com

Howard S. Hogan
Direct: +1 202.887.3640
Fax: +1 202.530.9550
HHogan@gibsondunn.com

August 23, 2024

VIA ECF

Hon. Victoria Reznik
United States Magistrate Judge
U.S. District Court for the Southern District of New York
The Hon. Charles L. Brieant Jr. Federal Building and Courthouse
300 Quarropas Street
White Plains, New York 10601-4150

Re:   *The Wave Studio, LLC v. General Hotel Management Ltd., et al.*,
      Case No. 7:13-cv-09239 (CS) (VR); JOINT LETTER

Dear Judge Reznik:

The undersigned are counsel to a subset of defendants in the above-referenced matter and designated related matters who Plaintiff has designated as "display only defendants" or who have otherwise been accused of operating websites that displayed photographs provided by third parties (who are mostly other defendants in this matter). While we join in the submission from other defendants that proposes a plan to allow some defendants to assert threshold dispositive motions, *see* ECF No. 380, we also write separately to emphasize the importance of the request to continue the stay of the cases as it relates to defendants who will not file motions related to jurisdictional, territorial, and/or statute of limitations defenses. We note that Plaintiff does not oppose this extension of the stay, *see* ECF No. 379, and we write to provide the Court with further justification.

It is well-established that "a district court has considerable discretion to stay discovery." *Roper v. City of New York*, 2017 WL 462270, at *1 (S.D.N.Y. Jan. 25, 2017). This discretion is often exercised in the analogous context of patent litigation, when plaintiffs allege "patent infringement against several defendants including both the alleged infringer and its customer." *WP Banquet, LLC v. Target Corp.*, 2016 WL 9450448, at *5 (C.D. Cal. Dec. 15, 2016). In such cases, courts routinely stay claims against defendants who are "peripheral" to the issues being litigated. *See, e.g., Richmond v. Lumisol Elec. Ltd.*, 2014 WL 1716447, at *4 (D.N.J. Apr. 30, 2014) (quoting *MGT Gaming, Inc. v. WMS Gaming, Inc.*, 978 F. Supp. 2d 647, 664 (S.D. Miss. 2013)). The same principles favor a stay here, and Plaintiff agrees that it should continue for those defendants who will not file motions to dismiss at this stage.

We also write to confirm that there continues to be no deadline as yet to file pleadings in response to the Master Complaint (answers or otherwise) and to preserve our right to seek a broader stay once the Court decides those threshold defenses, if the case does not settle in the interim. While we had initially been hopeful that Plaintiff's designation of "display only defendants" would help facilitate settlement by allowing Plaintiff to settle out defendants that

Plaintiff believed were more peripheral to the issues in the litigation, it has now become increasingly clear that Plaintiff is leveraging the continued involvement of the large group of defendants that Plaintiff has hauled before this Court to make this process as expensive as possible for everyone in order to justify a settlement payment that has no relationship to the actual exposure of the "display only defendants." Even compliance with this Court's direction to meet and confer as to proposals to move the case along is very time consuming given the large number of defendants in the case. And although we agree with the proposal to see if the case may be narrowed by allowing some defendants with jurisdictional, territorial, and statute of limitations defenses to be heard now, we also believe that other defendants are being prejudiced by being required to expend resources on monitoring and keeping up to date on the many moving pieces in this complex litigation. We worry that this burden will grow as discovery commences. The requested stay will help to ameliorate this prejudice, at least while the threshold defenses are decided with respect to the defendants that plan to move to dismiss at this stage.

Importantly, the defenses that are covered by the parties' current proposal are *not* the only important issues of fact and law that will significantly influence the scope and outcome of this litigation. Even after those issues are decided, whether or not Plaintiff were to prevail, there will still be other important issues that can be decided on summary judgment after targeted discovery such as:

- The fair market value of Wave's asserted photographs and licenses;

- Whether each photo or hotel photo shoot should be treated as a single "work" under the Copyright Act;

- Whether the photographs at issue were created as "works made for hire" or created subject to an implied license to use the photographs to promote the hotels in question as a matter of U.S. law;

- Whether the asserted photographs were, in fact, included in the specimens submitted for the copyright registrations asserted; and

- Whether Plaintiff can authenticate the asserted screen shots under the Federal Rules of Evidence.

Our clients, many of whom plaintiff has labelled as "display only defendants," operated websites where other defendants provided photographs to promote the hotels that GHM managed. In some cases, our clients did not even maintain records of what photographs were or were not displayed to promote GHM's hotels (among thousands and thousands of other, unrelated hotels that were competing for the attention of consumers). Our clients, therefore,

**GIBSON DUNN**

August 23, 2024
Page 3

"would not have substantive knowledge about the [alleged] infringement" and "would only be liable if the upstream defendant[s]" that posted the photographs on our clients' sites were found to infringe, so "adjudication of the [copyright] infringement claim[s] against the upstream defendant[s is very likely to] dispose[] of the claim[s] against the downstream defendant[s]." *Richmond*, 2014 WL 1716447, at *4.

"The guiding principles" of stays like the ones that our clients will seek are "efficiency and judicial economy." *Innovative Foundry Techs. LLC v. Semiconductor Mfg. Int'l Corp.*, 2020 WL 13885113, at *1 (W.D. Tex. Dec. 30, 2020); *see also Altair Instruments, Inc. v. Telebrands Corp.*, 2020 WL 1956516, at *3 (C.D. Cal. Mar. 31, 2020) ("[B]ecause Telebrands as the manufacturer is the 'true defendant' in this case, which is in its early stages, the Court finds judicial economy warrants a stay."); *Seville Classics, Inc. v. Neatfreak Grp.*, 2016 WL 6661176, at *6 (C.D. Cal. Apr. 1, 2016) (granting a stay because "these retail defendants are peripheral to the substantive infringement liability claims" and because "a stay would simplify the issues and result in judicial economy").

The content provider defendants (plus Plaintiff) will have most if not all of the discovery needed to decide these additional key issues, which can be litigated without requiring the "display only defendants" and the functionally equivalent defendants to unnecessarily bear the burdens of that litigation. Only if Plaintiff can prevail on these central issues in the case should our clients be forced to bear the burden of litigation as to the more marginal issue of receipt of the photographs at issue from the content provider defendants—if necessary. Furthermore, staying the case as to the more peripheral defendants will have the additional benefit of simplifying the progress of the case and potentially avoiding much of the potential derivative litigation over cross-claims being made for indemnification from the content provider defendants. If the parties who have the most at stake in the litigation are ultimately successful in the defense of the claims against them, then that would undoubtedly carry over to the downstream, non-content providing defendants as well, thereby avoiding the need to litigate all of the various defendants' indemnification claims against those responsible parties.

**Conclusion:**

For the foregoing reasons, we join in the request that the Court continue the stay of the cases as against parties that do not move to dismiss in the initial round of threshold motion. We further respectfully request that the Court allow our clients to preserve their rights to seek to extend that stay for (a) all defendants that Plaintiff has designated as "display only defendants," and (b) other defendants who can demonstrate to the Court that they should be treated similarly—after the initial motions to dismiss are decided. This letter is submitted on behalf of all parties listed below, by and through their respective counsel. We are available to discuss or brief this proposal further as the Court prefers.

GIBSON DUNN

August 23, 2024
Page 4

Respectfully submitted,

| | |
|---|---|
| /s/ _____<br>Howard Hogan<br>Gibson, Dunn & Crutcher LLP<br>*Counsel for Defendant American Airlines, Inc.* | /s/ _____<br>Kimberly K. Dodd<br>Foley & Lardner LLP<br>*Counsel for Defendant Citibank, N.A.* |
| /s/ _____<br>William Frankel<br>Crowell & Moring LLP<br>*Counsel for Defendant British Airways P.L.C.* | /s/ _____<br>Vivian Rivera-Drohan<br>Drohan Lee LLP<br>*Counsel for Defendant Tablet Inc.* |
| /s/ _____<br>David S. Korzenik<br>Miller Korzenik Sommers Rayman LLP<br>*Counsel for Defendant Qatar Airways QCSC* | /s/ _____<br>Robert A. Weikert & Andrew H. Winetroub<br>Nixon Peabody LLP<br>*Counsel for Defendant Cathay Pacific Airways Ltd.* |
| /s/ _____<br>Paula Cruz Cedillo<br>McCarter & English, LLP<br>*Counsel for Defendant Joseph Mazzarella d/b/a Roomrate.com* | /s/ _____<br>Kenneth Weitzman<br>Weitzman IP<br>*Counsel for Defendants Signature Travel Network Cooperative, Inc.; Tzell Travel, LLC; Frosh International Travel, Inc.* |
| /s/ _____<br>Carla B. Oakley & Meaghan H. Kent<br>Morgan, Lewis & Bockius LLP<br>*Counsel for Defendants Getaroom.com and Kayak Software Corp. (co-counsel with Clausen Miller), and Priceline.com LLC, Hotels Combined LLC, AGIP LLC, Agoda Company Pte Ltd., Booking Holdings, Inc., Booking.com (USA) Inc., Booking.com B.V., Momondo A/S, Rocket Travel, Inc. and Southwest Airlines Co.* | |