```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
The Wave Studio, LLC,

                                        Plaintiff,

               -against-                                              13-cv-9239-CS-VR

General Hotel Management Ltd., et al.,                                   ORDER

                                        Defendants.
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/5/2024

**VICTORIA REZNIK, United States Magistrate Judge:**

The Court assumes familiarity with the relevant facts and procedural posture of this action. As relevant here, the Court has engaged with some of the parties in ongoing settlement discussions, most recently on July 31, 2024. At the conclusion of the last conference, the Court and the parties identified at least four disputed threshold issues that impact the parties' respective settlement positions: (1) whether there is a lack of personal jurisdiction over certain defendants; (2) whether Plaintiff's claims are barred by the doctrine of extraterritoriality; (3) whether Plaintiff's claims are barred by the statute of limitations; and (4) whether the related Singapore decision controls in this case. The Court directed the parties to meet and confer about whether and when to address these issues for early motion practice, including whether discovery may be necessary to resolve them, and to report back to the Court by August 23, 2024.

The Court has reviewed the parties' letters with dueling proposals for briefing schedules and the staging of early dispositive motions. (ECF Nos. 379; 380;

381; 382; 383). After further consideration, including consultation with Judge Seibel, the Court orders the following:

1. **Omnibus briefing schedule for preliminary Rule 12 motions to dismiss limited to personal jurisdiction, extraterritoriality, and the statute of limitations.**[1]

    a. Moving parties shall serve (not file on the docket) one omnibus motion/memorandum of law with the applicable law. Although defendants argue that coordination among multiple law firms and defendants may be difficult, many defendants appear to be represented by the same law firms, which should make the task less burdensome.

    b. Each moving party may also serve (not file on the docket) their own supplemental memorandum of law addressing the facts and law specific to them.

    c. These early dispositive motions should be submitted based on the understanding that no discovery is necessary to make them.

    d. But, if after moving papers are served, Plaintiff believes limited discovery is necessary to oppose any of the motions, they must justify such discovery to the Court by submitting a letter to the undersigned within two weeks of receiving Defendants' moving papers. The letter must explain what discovery they need, from which defendant, and

---

[1] The Court intentionally did not include briefing on the issue of whether the related Singapore decision controls in this case but recognizes that the parties may want to raise this with Judge Seibel soon after these Rule 12 motions are decided.

2

      why. These requests must be specific and targeted to be considered by the Court.

    e. Defendants from whom discovery is sought will have an opportunity to respond, and the Court will promptly decide what, if any, discovery may be taken before Plaintiff's oppositions are due.

    f. After resolving any discovery issues, the Court will set deadlines for the remainder of the briefing schedule.

2. **Continued stay for those defendants who will not move to dismiss**

    a. The case will continue to be stayed for all defendants who do not file motions to dismiss, as outlined above.

    b. Defendants who elect not to file Rule 12 motions on the threshold issues listed above do not waive their right to assert any claims or defenses later in the normal course of the case, and in accordance with the Federal Rules.

    c. Any applications for a further stay of discovery will be deferred until after the Rule 12 motions are decided, in consultation with the undersigned.

3. **Defendants Trip.com Group Limited, Trip.com Travel Singapore Pte. Ltd., Skyscanner Ltd., MakeMyTrip India Pvt., Ltd., and MakeMyTrip, Inc. (collectively, the Trip Defendants)**

    a. The Trip Defendants were previously granted leave to file a motion to dismiss and served moving papers on Plaintiff on December 19, 2023.

    b. The Trip Defendants do not have to join the Omnibus motion above and may instead renew their pending motion, which they must serve (not file on the docket) at the same time the Omnibus motion is due.

    c. As with the Omnibus motion, Plaintiff will have two weeks to identify any limited discovery they seek, per the procedures above, after which the Court will set the remaining briefing schedule.

4. **Continued settlement discussions**

    a. While the Rule 12 motions are pending, the parties will pursue global settlement discussions, which may require the development and exchange of damages models and/or expert analyses.

    b. Defendants will make a good faith effort to develop a global settlement offer to Plaintiff along with an explanation of their damages model and any supporting documentation (including associated expert reports, if any).

    c. Plaintiff will provide a counter-offer to Defendants within four weeks of receiving Defendants' global settlement offer, along with an explanation of Plaintiff's damages model and any supporting documentation (including associated expert reports, if any).

    d. By separate order, the Court will set a date by which the parties must jointly advise the Court about the status of these negotiations.

5. **After resolution of the pending motions**

    a. Within 21 days after the pending motions are decided, the remaining parties will meet and confer about a proposed schedule for additional responsive pleading and discovery, to be submitted to the Court for approval.

    b. At that time, the Court will also entertain any requests for continuing the stay as to some but not all remaining defendants.

6. **Joint letter to the Court**

The parties who intend to engage in Rule 12 motion practice as outlined above shall meet and confer and submit a joint letter by no later than **Wednesday, September 18, 2024**, with a proposed deadline for Defendants' Omnibus motion and supplemental memoranda, along with proposed page limitations. Competing proposals may be submitted separately.

**SO ORDERED.**

DATED:   White Plains, New York
         September 5, 2024

_____
VICTORIA REZNIK
United States Magistrate Judge