UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
The Wave Studio, LLC,

                             Plaintiff,

                 -against-

General Hotel Management Ltd., et al.,
                            Defendants.
------------------------------------------------------------------X

13-cv-9239-CS-VR

**ORDER**

**VICTORIA REZNIK, United States Magistrate Judge:**

After a conference with the parties in July 2024, the Court identified four disputed threshold issues that impacted the parties' ability to settle this matter, and determined that preliminary Rule 12 motions regarding three of those issues—the statute of limitations, personal jurisdiction, and extraterritoriality—would be beneficial to all parties. By order dated September 5, 2024 (the September 2024 order), Defendants were directed to make a single, joint Omnibus Motion addressing only those three issues, accompanied by a single memorandum of law. (ECF No. 384).[1] Each defendant was also allowed to submit its own "supplemental memorandum of law addressing the facts and law specific to [it]." (*Id.* at 2). The parties were directed to submit a joint letter to the Court with a proposal containing a deadline and page limitations for the Omnibus Motion and supplemental memorandum of law. (*Id.* at 5).

---

[1] Defendants Trip.com Group Limited, Trip.com Travel Singapore Pte. Ltd., Skyscanner Ltd., MakeMyTrip India Pvt., Ltd., and MakeMyTrip, Inc. (collectively, the Trip Defendants) were granted leave to renew a pending motion to dismiss made before consolidation, so they were not required to join the omnibus motion or serve a supplemental memorandum. (ECF No. 384 at 3-4).

1

Shortly thereafter, the Court received the parties' joint letter, which proposed a page limitation for each defendant's supplemental memorandum of five pages per threshold issue. (ECF No. 388). To understand the potential volume of pages the Court would receive if it adopted Defendants' proposed page limitations, the Court directed Defendants, individually or jointly, to submit a letter clarifying whether each of them intended to join the Omnibus Motion and serve a supplemental memorandum of law. (ECF No. 390). Upon review of those letters, (ECF Nos. 391–99, 400, 402–08), it became apparent that the September 2024 order needed clarification, because many defendants stated that they did not intend to join the Omnibus Motion or serve supplemental memoranda but reserved their right to assert any claim or defense in this action, whether or not it was based on the statute of limitations, personal jurisdiction, or extraterritoriality.

The purpose of the Omnibus Motion was to conserve judicial resources by addressing threshold issues that may reduce the number of defendants or claims and, therefore, whittle this case down to a more manageable size. Pursuing that purpose served two interests: (1) it lessened the number of potential future Rule 12 motions on issues other than the three threshold issues identified, and (2) it enhanced the likelihood of a global settlement among the parties. But it now appears that some defendants believe they can avoid joining the Omnibus Motion and raise these three threshold issues in a later Rule 12 motion. That directly

contradicts the purpose of the Omnibus Motion and amounts to a poor allocation of judicial resources. Thus, it is necessary to issue the following clarification.

Any defendant that intends to use a Rule 12 motion to raise the issue of the statute of limitations, personal jurisdiction, or extraterritoriality must join the Omnibus Motion and assert those arguments now. A defendant may still submit a later Rule 12 motion on a different issue, and may also choose to raise the statute of limitations, personal jurisdiction, and extraterritoriality as defenses in a responsive pleading or summary judgment motion (to the extent not waived under the Federal Rules). But any additional Rule 12 motions asserting one of the three threshold issues are prohibited.

With that clarification, by no later than **Monday, October 28, 2024**, Defendants[2] (individually or jointly) are directed to submit a letter to the Court stating whether they intend to raise any of these three threshold issues, join the Omnibus Motion, and serve a supplemental memorandum of law. Counsel representing groups of defendants should also state whether they intend to file separate or combined briefs on behalf of their clients. If any defendant still cannot commit to a decision by that date, the Court will assume that it does intend to raise all three issues, join the Omnibus Motion, and serve a supplemental memorandum of law, and will determine page limitations accordingly.

---

[2] This clarification does not apply to the Trip Defendants, which will operate under the same directions as stated in the September 2024 order.

Finally, given the timing of this Order and the subsequent letters to be submitted by Defendants, the Court will extend the deadline for Defendants to submit their Omnibus Motion and supplemental memoranda of law to December 6, 2024.

**SO ORDERED.**

DATED:   White Plains, New York
         10/21/2024

_____
VICTORIA REZNIK
United States Magistrate Judge