UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
The Wave Studio, LLC,

                               Plaintiff,

              -against-

General Hotel Management Ltd., et al.,
                             Defendants.
-----------------------------------------------------------------X

13-cv-9239-CS-VR

**ORDER**

**VICTORIA REZNIK, United States Magistrate Judge:**

      By order dated October 21, 2024, this Court directed Defendants to submit letters clarifying whether they intended to join the Omnibus Motion addressing the threshold issues of the statute of limitations, personal jurisdiction, and extraterritoriality. (ECF No. 409). Upon review of those letters (ECF Nos. 412–20), it appears that an Omnibus Motion no longer makes sense. Despite many defendants' expressed desire to address these threshold issues several months ago (ECF No. 380), only ten parties expressed their intention to join the Omnibus Motion and raise these issues in the latest batch of letters.

      Those ten parties, all of whom are represented by the same counsel,[1] are Defendants Booking Holdings Inc., Agoda Company Pte Ltd., AGIP LLC, Booking.com BV, Booking.com (USA) Inc., Rocket Travel, Inc., Momondo A/S, Priceline.com LLC, Hotels Combined LLC, and Southwest Airlines Co. (collectively, "the Moving Defendants"). In their letter, the Moving Defendants sought to submit

---

[1] All ten of these parties are represented by Morgan, Lewis & Bockius LLP (ECF No. 418), but they are also jointly represented by other counsel. Defendant Priceline.com, LLC is jointly represented by Cantor Colburn, L.L.P., and the remaining nine parties are jointly represented by Fish & Richardson P.C.

a Rule 12 motion raising the issues of the statute of limitations and extraterritoriality, but not personal jurisdiction. (ECF No. 418).

After further consideration, and because of the reduced interest in pursuing the Omnibus Motion, the Court orders the following:

1. The Omnibus Motion requirement is hereby eliminated.

2. The request by the Moving Defendants to file their own Rule 12 motion is **GRANTED**. The Moving Defendants are directed to serve (not file) their motion addressing the statute of limitations and extraterritoriality issues by no later than **December 6, 2024**. The memorandum of law in support of the motion is limited to 25 pages, as requested by the Moving Defendants, and as stated in this Court's Individual Practices in Civil Cases.

3. As stated in the Court's previous order (ECF No. 384), Defendants Trip.com Group Limited, Trip.com Travel Singapore Pte. Ltd., Skyscanner Ltd., MakeMyTrip India Pvt., Ltd., and MakeMyTrip, Inc. (collectively "the Trip Defendants") are directed to serve (not file) their separate, renewed motion to dismiss by no later than **December 6, 2024**.

4. All other deadlines and procedures described in the Court's order dated September 5, 2024 (ECF No. 384) remain unchanged.

**SO ORDERED.**

DATED:   White Plains, New York
         10/31/2024

_____
VICTORIA REZNIK
United States Magistrate Judge