

        2121 AVENUE OF THE STARS    310 552 0130 TEL
        SUITE 2800    310 229 5800 FAX
        LOS ANGELES, CA 90067    ROBINSKAPLAN.COM

December 20, 2024

**VIA ECF**
Hon. Victoria Reznik
United States Magistrate Judge
United States Courthouse
300 Quarropas Street
White Plains, New York 10601-4150

**Re:**   *The Wave Studio, LLC v. General Hotel Management Ltd., et al.,*
        **Case No. 7-13-cv-09239-CS-VR;**

Dear Judge Reznik:

    Pursuant to the Court's Orders dated September 5, 2024, October 21, 2024, and October 31, 2024,[1] Plaintiff The Wave Studio, LLC ("Wave") writes to express the need for limited discovery to respond to the three motions to dismiss.

    I.   Synopsis of the three motions to dismiss.

    Fifteen Defendants served three separate motions to dismiss based on the statute of limitations, extra territoriality, and personal jurisdiction. Each Defendant's basis for seeking dismissal is summarized as follows.

> "The Booking Defendants Motion"[2] – Defendants Booking Holdings Inc., Agoda Company Pte. Ltd., AGIP LLC, Booking.com BV, Booking.com (USA) Inc., Rocket Travel, Inc., Momondo A/S, Priceline.com LLC, Hotel Combined LLC, and Southwest Airlines Co. move to dismiss claims on two grounds. First, all Booking Defendants move to dismiss on the grounds that the claims are barred by the statute of limitations.[3] Second, Defendants Agoda Company Pte. Ltd. and Momondo A/S move to dismiss on the additional ground that the claims are barred by the doctrine of extraterritoriality.[4]

---

[1] ECF Nos. 384, 409-410, and 421.
[2] The Booking Holdings Defendants' Notice of Motion and Motion to Dismiss on Specific Grounds Per Court's Orders, dated and served on December 6, 2024 ("The Booking Defendants' Motion").
[3] *Id.* at 2.
[4] *Id.*

Hon. Victoria Reznik
December 20, 2024
Page 2

> "The Trip Defendants Motion"[5] – Defendants Trip.com Group Limited, Trip.com Travel Singapore Pte. Ltd., Skyscanner Ltd., and MakeMyTrip, Inc., seek dismissal on the grounds that the claims are barred by the statute of limitations and for failure to state a claim.[6] Additionally, Trip.com Group Limited, Trip.com Travel Singapore Pte. Ltd., and Skyscanner Ltd., the International Trip Defendants, move to dismiss based on a lack of personal jurisdiction and the doctrine of extraterritoriality.[7]
>
> "The Qatar Airlines Motion"[8] – Defendant Qatar Airlines Q.C.S.C. moves to dismiss the Master Complaint based on the doctrine of extraterritoriality.

II. <u>Wave seeks specific and narrow discovery.</u>

It is impossible for Wave to know the full extent of Defendants' infringement of Wave's photographs on the limited information available to the public. Requiring Wave to know and allege all infringement unfairly shifts the burden on the Plaintiff. Additionally, Defendants are the only ones who have the information Waves seeks and can easily provide the information.

> *A. Discovery is needed determine separate infringing republications occurring three years before the filing of the action.*

Under the separate accrual rule, rule, "when a defendant commits successive violations, the statute of limitations runs separately from each violation."[9] Even if some of Wave's claims are timed barred, infringing acts three years prior to the filing of the complaint are not time barred. The application of the statute of limitations depends on whether the defendant published the allegedly infringing photograph on its website once and the photo was continuously available for public viewing, or whether the photograph was republished on defendant's website a second time within the statute of limitations.[10]

Wave requires limited discovery to determine whether Defendants have committed separate infringing republications from the instances Wave has already

---

[5] Memorandum of Law in Support of Motion to Dismiss the Master Complaint Pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6) by Defendants: Trip.com Group Limited, Trip.com Travel Singapore Pte. Ltd., Skyscanner Ltd., and MakeMyTrip, Inc., dated and served on December 6, 2024 ("The Trip Defendants' Motion").

[6] *Id*. at 17, 23.

[7] *Id*. at 7, 16.

[8] Notice of Motion and Motion to Dismiss, Defendant Qatar Airlines Q.C.S.C., dated and served December 6, 2024.

[9] *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 671 (2014).

[10] *See in Michael Grecco Prods., Inc. v. Valuewalk, LLC*, 345 F. Supp. 3d 482, 511-12 (S.D.N.Y. 2018).

Hon. Victoria Reznik
December 20, 2024
Page 3

identified. Wave seeks the following information from the identified Defendants during the limited time period through written discovery and/or oral deposition.

| **Defendant** | **Time Period** |
| --- | --- |
| Booking Holdings Inc. | March 29, 2018 – March 29, 2021 |
| Agoda Company Pte. Ltd. | March 29, 2018 – March 29, 2021 |
| AGIP LLC | March 29, 2018 – March 29, 2021 |
| Booking.com BV | March 29, 2018 – March 29, 2021 |
| Booking.com (USA) Inc. | March 29, 2018 – March 29, 2021 |
| Rocket Travel, Inc. | March 29, 2018 – March 29, 2021 |
| Momondo A/S | March 29, 2018 – March 29, 2021 |
| Priceline.com LLC | March 24, 2012 – March 24, 2015 |
| Hotel Combined LLC | March 23, 2012 – March 23, 2015 |
| Southwest Airlines Co. | June 18, 2019 – June 19, 2022 |
| | |
| Trip.com Group Limited | April 28, 2020 – April 28, 2023 |
| Trip.com Travel Singapore Pte. Ltd. | April 28, 2020 – April 28, 2023 |
| Skyscanner Ltd. | April 28, 2020 – April 28, 2023 |
| MakeMyTrip, Inc. | April 28, 2020 – April 28, 2023 |

**Requested Discovery**

- List every instance of every Wave photograph published or distributed on any platform, website, mobile app, database, marketing product, and or print format.
- Provide the url(s) for each published or distributed photograph.
- List the date when the photograph was obtained.
- List the date when the photograph was first published or distributed.
- List the dates of when the photographs were taken down, and if applicable, republished.
- List every parent company, subsidiary, partner, or affiliate who had access to the Wave photographs and the dates they had access.
- Are photographs accessible across all platforms, websites, mobile apps, or databases? If so, list the dates when the photographs were accessible.

Hon. Victoria Reznik
December 20, 2024
Page 4

- Describe your process for determining whether a photo is a registered copyright.

    B. *Discovery is required to determine the application of the predicate-act doctrine.*

The *predicate-act doctrine* provides that a party who commits an act of infringement in the U.S., which permits further reproduction outside the U.S., is liable for infringement under the U.S. Copyright Act for infringing acts occurring outside the country.[11] For example, one court found that defendant's act of pulling the photographs from its U.S. database and sending it over the internet to the UK affiliate was sufficient to constitute a predicate act.[12]

Wave requires limited discovery to determine whether Defendants' extraterritorial infringement is subject to liability in the U.S. Wave requests the following information from the listed defendants, limited to the identified time period, through written discovery and/or oral deposition.

| Defendant | Time Period |
| --- | --- |
| Agoda Company Pte. Ltd. | March 29, 2018 – March 29, 2021 |
| Momondo A/S | March 29, 2018 – March 29, 2021 |
| Trip.com Group Limited | March 29, 2018 – March 29, 2021 |
| Trip.com Travel Singapore Pte. Ltd. | March 29, 2018 – March 29, 2021 |
| Skyscanner Ltd. | March 29, 2018 – March 29, 2021 |
| | |
| Qatar Airlines Q.C.S.C. | December 31, 2010 – December 31, 2013 |

**Requested Discovery**

- List every instance of every Wave photograph published or distributed on any platform, website, mobile app, or database.
- Where did you obtain these photographs?
- Who provided these photographs to you?
- Did you limit access to your website to only those visitors outside the U.S., also known as geo-blocking?

---

[11] *See Update Art, Inc. v. Modiin Pub., Ltd.*, 843 F.2d 67, 73 (2d Cir. 1988).
[12] *Craig v. UMG Recordings, Inc.*, 380 F. Supp. 3d 324, 331-32 (S.D.N.Y. 2019).

95705177.2

Hon. Victoria Reznik
December 20, 2024
Page 5

- Did you distribute or publish the photographs to any parent company, subsidiary, partner, or affiliate.
- Were the photographs accessible across all platforms, websites, mobile apps, subsidiary, partner, or affiliate? If so, list the dates when the photographs were accessible.

C.  *Additional discovery is necessary to determine personal jurisdiction.*

Wave requires additional information to determine whether Trip.com Group Limited, Trip.com Travel Singapore Pte. Ltd., and Skyscanner Ltd. have meaningful contacts in New York. Wave seeks the information described below.

| **Defendant** | **Time Period** |
| --- | --- |
| Trip.com Group Limited | March 29, 2018 – March 29, 2021 |
| Trip.com Travel Singapore Pte. Ltd. | March 29, 2018 – March 29, 2021 |
| Skyscanner Ltd. | March 29, 2018 – March 29, 2021 |

**Requested Discovery**

- Did you offer any products, tools, platforms, applications, or services to any businesses in the State of New York?
- Describe any marketing efforts directed at U.S. consumers.
- State the total number of annual visitors to any of your websites, mobile apps, or platforms from the U.S.
- State the total number of annual visitors to any of your websites, mobile apps, or platforms from the State of New York.

Wave appreciates Your Honor's consideration of this request for limited discovery.

Respectfully Submitted,

Roman M. Silberfeld
Robins Kaplan LLP
Counsel for Plaintiff

95705177.2