# POLLOCK | COHEN LLP

111 BROADWAY, SUITE 1804
NEW YORK, NY 10006
(212) 337-5361

*CONTACT:*
Adam Pollock
Adam@PollockCohen.com
(646) 290-7251

---

February 3, 2025

**VIA ECF**

Hon. Victoria Reznik
United States Magistrate Judge
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

  Re: *The Wave Studio, LLC v. Trivago et al.*, No. 7:23-cv-03586
     (the "2023 Action")
    *The Wave Studio, LLC v. General Hotel Management Ltd. et al.*,
     No. 7:13-cv-09239-CS-VR (the "2013 Action")

Dear Judge Reznik:

We represent Defendants Trip.com Group Limited, Trip.com Travel Singapore Pte. Ltd., Skyscanner Ltd., and MakeMyTrip, Inc. (the "Trip Defendants"). We write oppose Plaintiff's improper request for an additional two weeks to file a reply with respect to the proposed discovery (ECF no. 428.) We understand that the other moving defendants will submit separate letters and we join in their arguments.

More than a year ago – on December 19, 2023 – the Trip Defendants served on Plaintiff their Motion to Dismiss in the above-referenced "2023 Action." Then, a year ago, Plaintiff amended and served its Master Complaint in the above-referenced "2013 Action." (Jan. 26, 2024, ECF no. 332.)

Plaintiff raised the issue of discovery by letter dated August 23, 2024. (ECF no. 379.) By order dated September 5, 2024, Your Honor directed that if "Plaintiff believes limited discovery is necessary to oppose any of the motions, they must justify such discovery to the Court by submitting a letter…." (ECF no. 384; *see also* ECF nos. 409, 410, 422.)

On December 6, 2024, the Trip Defendants served on Plaintiff their Motion to Dismiss with respect to the Master Complaint. (*See* Oct. 31, 2024 Order, ECF no. 421.) Almost two months later, on December 20, 2024, Plaintiff sought expansive requests for discovery. (ECF no. 422.) On January 24, 2025, the defendants who served motions to dismiss filed an opposition to Plaintiff's discovery requests. (ECF no. 426.) On January 27, 2025, Your Honor ordered Plaintiff to submit a reply by Friday, January 31, 2025. (ECF no. 427.)

Hon. Victoria Reznik
February 3, 2025
Page 2 of 2

Rather than replying in further support of the discovery requests, Plaintiff filed a last-minute request for extra time. (ECF no. 428.) The belated request comes in clear violation of Rule 2.E of Your Honor's Individual Practices. ("Absent an emergency, a request for an adjournment of a court proceeding or an extension of a deadline must be made at least 48 hours before the scheduled proceeding or deadline.")

Further, Plaintiff claims that the parties are "engaged in negotiations". But there are no "negotiations." Instead, during a brief phone conversation with my colleague, Plaintiff's counsel simply indicated that Plaintiff would withdraw its discovery requests in their entirety if our clients stipulated to Plaintiff's filing of an amended complaint.

Plaintiff has known about the Trip Defendants' bases for their motions for more than a year now. Now, on the Friday its reply is due, Plaintiff's position has suddenly changed—*it no longer needs discovery* and instead indicates that it may seek to amend its complaint to address the pleading issues.

As detailed in the forthcoming letter by the BHI Moving Defendants, counsel for the BHI Defendants, on behalf of all of the moving defendants, declined the proposal, advising Plaintiff via email:

> The defendants decline plaintiff's request for a stipulation for plaintiff to file another amended complaint in exchange for plaintiff's withdrawal of its requests for discovery. Plaintiff's eleventh-hour proposal confirms that it does not require discovery from defendants. Plaintiff's request for yet another chance to amend its claims is also contrary to Judge Seibel's order at the conference in November 2023 and will only serve to further delay the case and cause defendants to incur additional expense, particularly as plaintiff is unwilling to forego discovery if defendants file another motion to dismiss.

This email was sent *before* Plaintiff wrote to Your Honor claiming some kind of "negotiations."

Overall, Plaintiff should have, but did not, plead all necessary facts in its Master Complaint, per Judge Seibel's order. Moreover, Plaintiff has not explained how further discovery would cure any of the defects of the Master Complaint without engaging in a fishing expedition. Indeed, the newfound request to amend admits that discovery will *not* solve the defects at all.

Thank you for your consideration in this matter.

Sincerely,

/s/ *Adam Pollock*

POLLOCK | COHEN LLP