# MILLER KORZENIK SOMMERS RAYMAN LLP
THE PARAMOUNT BUILDING • 1501 BROADWAY, SUITE 2015 • NEW YORK, NY 10036
TEL 212-752-9200 • FAX 212-688-3996 • WWW.MKSR.LAW

February 3, 2025

**VIA ECF**
Hon. Victoria Reznik
United States Magistrate Judge
United States Courthouse
300 Quarropas Street
White Plains, New York 10601-4150

      Re:  *The Wave Studio, LLC v. General Hotel Management Ltd., et al.,*
           Case No. 7-13-cv-09239-CS-VR; Opposition to Wave Letter Motion Dkt 45

Dear Judge Reznik:

      We write on behalf of Qatar Airways Q.C.S.C. ("Qatar"), one of the defendants that moved to dismiss Plaintiff The Wave Studio, LLC's ("Wave") Master Complaint in accordance with the procedure that Your Honor put in place after consultation with all of the parties.

      We strongly oppose Wave's request for ***more time to "decide"*** whether a) to persist with its novel motion for discovery in aid of opposing a Motion to Dismiss or b) to seek leave to yet further amend their Master Complaint because it may be deficient under the plausibility standard of FRCP 12(b)(6).

      Our defendant group ("Moving Defendants") made motions to dismiss based on specific and focused grounds that were well-defined by the Court *before* the motions were made. Wave was, thus, well informed of the grounds for these motions long before they were scheduled and long before they were even served by defendants.

      *After* Moving Defendants prepared and served their expected motions to dismiss, Wave belatedly announced that it did not have enough information to frame a plausible complaint against these defendants and moved for discovery in aid of framing yet another amended complaint.

      Moving Defendants jointly opposed Wave's motion for discovery. Rule 26 does not normally indulge discovery to see *if* a cause of action *might plausibly* be pleaded.

      Any plaintiff that seeks discovery in order to answer a 12(b)(6) motion has made an awkward admission about the troubled plausibility of its pleading. It is all the more awkward when the pleading under scrutiny has already been amended in the form of a Master Complaint that the Court expected to be comprehensive and final.

      Finding itself in this awkward predicament, Wave at the last minute moves for *more time* "to decide" whether it needs discovery or whether it might try to amend its deficient Master

Qatar Airways Opposition to Wave Ltr. Mot. for "Time to Decide" and Early Discovery
Page 2 of 2

Complaint. There is something strikingly unfair and wrong with what Wave is doing here. If Wave is still not able to frame a plausible cause of action against the moving defendants at this unusually late stage, then Wave has a duty to drop these claims immediately.

     Wave has had over a decade to figure out if it has viable and pleadable causes of action against these defendants. The fact that it has chosen to include so many defendants does not lighten the 12(b)(6) requirements.

     We therefore request an order to this effect:

1. Wave's motion for discovery should now be denied;

2. Wave should be required to respond to Moving Defendants' Motions to Dismiss; and

3. If the Motions to Dismiss are granted, they should be granted with prejudice - with no permission to make further amendments to the Master Complaint.
    a. Any further amendments would be at odds with the Court's prior rulimg of November 2023, and at this extremely late date, it would be highly unfair and prejudicial to Moving Defendants for any further amendments to be entertained.

     Wave is trying to keep its dead claims walking to run up our costs and then to extract high-ticket nuisance settlements from the remaining crowd of defendants.

     It is presumptuous and misleading for Wave to tell the Court that they are in "negotiations" with us over any amendment or disclosures. There are no such negotiations at hand with us. Wave never contacted Qatar counsel regarding this matter. We join with the other Moving Defendants in opposing Wave's last minute motion and in supporting their account of events.

     Respectfully submitted,
Miller Korzenik Sommers Rayman LLP

By: /s/ *David S. Korzenik*
    David S. Korzenik
Counsel for Defendant Qatar Airways QCSC

cc: By ECF