2261 MARKET STREET, NO. 606
SAN FRANCISCO, CALIFORNIA, 94114

**Warren Kash Warren**

WARRENKASHWARREN.COM
+1 (415) 895 2940

June 18, 2025

**By ECF**

The Honorable Victoria Reznik
United States District Judge
Federal Building and United States Courthouse
300 Quarropas Street
White Plains, New York, 10601-4150

Re:   The Wave Studio, LLC:  Consolidated New York Cases, No. 13-9239 (S.D.N.Y.)

Dear Judge Reznik:

Plaintiff The Wave Studios LLC ("Wave") respectfully submits this letter to request a status conference be held to allow this case, which is now at a natural inflection point, to proceed in an orderly manner.  Since the parties were last before the Court, Wave has confirmed that all defendants were duly served, Wave has resolved and dismissed 27 defendants across the related actions, and the parties will complete briefing on the pending motions to dismiss and cross-motions on Monday, June 23, 2025.[1]  On May 28, 2025, Wave also sent defendants a letter seeking to clarify representation among the defendants and to re-engage in global settlement discussions.  *See* Attachment 1.

### I.   The Master Complaint's Limited Role and Resulting Confusion

Wave filed a "master complaint" at Docket No. 332 pursuant to Judge Seibel's directives at the November 29, 2023 hearing to facilitate global settlement discussions.  *See* Docket No. 321 at 21:7-23:18.  The master complaint served its limited purpose while the parties and the Court focused on global settlement and threshold jurisdictional issues, but it was never filed across all related dockets, never served on all defendants, and never designated by the Court as superseding the operative pleadings.  It was meant to streamline motions to dismiss, not to replace the substantive complaints or claims in each case.

Nonetheless, several defendants—most recently the Booking and Trip defendants—have cited the master complaint as fully governing the claims against them, including on issues unrelated to jurisdiction.  This misapprehends both the procedural posture of the cases and the Court's instructions, and will impact the next phases of the case, which will eventually require defendants to answer the operative complaints.

Revisiting the context in which the master complaint was filed clarifies the procedural ambiguity now surrounding the pleadings.  As the Court is aware, the impetus for a summary complaint document arose from Judge Seibel's administrative concerns about the number of defendants, and potential resolution.  Judge Seibel's pre-hearing order on November 7, 2023 required defendants to submit letters identifying, among other things, their position on lifting the stay now that the Singapore action had concluded, and what the next stages of the litigation should be.  Docket No. 296.  On November 27, 2023, Wave filed a

---

[1] As of the May 2, 2025 dismissal of Delta Airlines d/b/a delta.com and Delta Airlines, Inc. (Docket No. 487), there are no longer any remaining claims asserted against or by General Hotel Management Ltd. in these related actions.  Plaintiff thus requests that General Hotel Management Ltd. be terminated from the docket.

The Honorable Victoria Reznik
June 18, 2025
Page 2

letter attaching a chart that attempted to summarize the many responses from defendants, Docket No. 314, which largely called for resolution on the application of the decisions in the Singapore action. *See* Docket Nos. 300-307, 310-113.

Judge Seibel noted at the November 29, 2023 hearing that "these cases are related, but they are not consolidated," and expressed that it "was not sure it really matters at this stage" what the relationship among the cases was given the Court's primary focus on narrowing the case through settlement. Docket No. 321 at 23:15-17. Plaintiff Wave proposed "a master complaint for all of the cases so that as we look forward from here, we don't have 11, 14 or whatever it is motions to dismiss" as defendants indicated they may file in their letter, and instead would have one "omnibus" motion to dismiss for all challenging defendants. Docket No. 321 at 21:10-14. Although the Court felt such a document would be useful, Judge Seibel stated that "[w]hat I would propose is, after that, that you work out a settlement before we start having answers and motions to dismiss and all that." *Id*. at 24:14-16. Thus, the plan at that time—reflected in Judge Seibel's scheduling order and endorsed by all present—was to pursue global settlement discussions facilitated by the master complaint. Judge Seibel set a further status conference for April 11, 2024 to evaluate progress on the contemplated settlement discussions. Docket Text-Only Entry, Nov. 29, 2023. There was no discussion at that time regarding the superseding of the individual complaints across the related cases.

This limited purpose for the master complaint was again memorialized before this Court. At the February 29, 2024 hearing, Plaintiff's counsel confirmed that the master complaint does not supersede any other complaint, and explained that Wave was "trying to put everything in one place so that motion practice isn't unwieldy… [t]he idea was to try to make it all efficient." Docket No. 353 (Feb. 29, 2024 Hr'g Tr.) at 52:21-24.

Settlement discussions nevertheless proceeded slowly, and "[a]fter a conference with the parties in July 2024, the Court identified four disputed threshold issues that impacted the parties' ability to settle this matter, and determined that preliminary Rule 12 motions regarding three of those issues—statute of limitations, personal jurisdiction, and extraterritoriality—would be beneficial to all parties." Docket No. 409 at 1. As the Court recognized, before attempting to stage or organize the broader litigation, it was appropriate to first address whether the Court has jurisdiction over each party.

Wave proposed a schedule of motion practice whereby all defendants would proceed under one omnibus motion, as discussed at the November 2023 hearing before Judge Seibel. Docket No. 379 at 2-3 ("Plaintiff proposes a joint defense motion because, with dozens of defendants in this case, separate motions will be unwieldy and impractical. Indeed, the discussed purpose of Plaintiff preparing and filing a Master Complaint was so that there could be just one motion to dismiss against one complaint"). But defendants—by their own letter of the same date (Docket No. 380)—rejected proposed coordination, insisted on individual motions to dismiss, and explicitly sought to delay resolution of core legal issues like the Singapore judgment's effect. As late as September 2024, this Court was still coordinating omnibus motion practice, ordering Defendants "to make a single, joint Omnibus Motion addressing only those three issues, accompanied by a single memorandum of law." Docket No. 409 at 1 (citing Docket No. 384 [September 5, 2024 Order]). But, defendants continued to object to proceeding with a single omnibus motion. *See* Docket No. 388.

The Honorable Victoria Reznik
June 18, 2025
Page 3

On September 23, 2024, the Court noted that the proposed individual "supplemental" briefing defendants' sought alongside the omnibus motion "could amount to over 1,000 pages of briefing" and "encouraged" defendants "to submit joint Supplemental Memorandum." Docket No. 390. But, "many defendants stated that they did not intend to join the Omnibus Motion or serve supplemental memoranda but reserved their right to assert any claim or defense in this action, whether or not it was based on the statute of limitations, personal jurisdiction, or extraterritoriality." Docket No. 409 (citing Docket Nos. 390, 391-99, 400, 402-08). As the Court stated at the time,

> [t]he purpose of the Omnibus Motion was to conserve judicial resources by addressing threshold issues that may reduce the number of defendants or claims and, therefore, whittle this case down to a more manageable size. Pursuing that purpose served two interests: (1) it lessened the number of potential future Rule 12 motions on issues other than the three threshold issues identified, and (2) it enhanced the likelihood of a global settlement among the parties. But it now appears that some defendants believe they can avoid joining the Omnibus Motion and raise these three threshold issues in a later Rule 12 motion. That directly contradicts the purpose of the Omnibus Motion and amounts to a poor allocation of judicial resources.

Docket No. 409. Despite the master complaint being filed for the purpose of global settlement and a single omnibus motion to dismiss, the defendants ultimately could not unify around one motion or a global settlement, and "because of the reduced interest in pursuing the Omnibus Motion," the Court ultimately eliminated the omnibus motion and allowed defendants to file multiple separate jurisdictional motions with reference to the master complaint. Docket No. 421. Of the more than 60 named defendants, only two groups—Booking and Trip defendants—elected to move on jurisdictional grounds. The Court reserved other matters for later resolution, for example, Judge Seibel sent the matter of ownership and implied license away to the courts in Singapore for resolution in 2018.[2] This Court specified in its September 5, 2024 order that "[t]he Court intentionally did not include briefing on the issue of whether the related Singapore decision controls in this case but recognizes that the parties may want to raise this with Judge Seibel soon after these Rule 12 motions are decided." Docket No. 384 at n.1.[3]

The Court has approached this matter in phases, beginning with whether it has jurisdiction over the defendants. Only two groups of defendants—the Booking and Trip defendants—participated in that briefing, and with that briefing due to be in Judge Seibel's hands next Monday, June 23, Wave requests a

---

[2] The action in Singapore resolved ownership of the complete body of photographic works created during the relevant campaigns—both edited and unedited—and was broader in scope than the claims pending in the U.S. GHM Actions. The U.S. case concerns a subset of the same works, and the Singapore courts adjudicated the matter of ownership in plaintiffs' favor. The Singapore decision states that the "Final Photographs" at issue comprised 2,381 images from photo shoots between December 2000 and October 2007, and expressly recognized that these Final Photographs were created from a broader pool of Raw Images (often multiple photos were edited together to result in the final works), and that both sets—the Raw and Final—were at issue in the litigation. Specifically, the court rejected defendants' argument that the Raw Images were excluded, holding that "[b]oth the Raw Images and Final Photographs are subject to the present claim" and finding that Wave owned copyright in both. *See* Docket No. 314 at 25 of 174.

[3] Wave notes that new counsel for the Trip Moving Defendants attempted to nevertheless introduce this subject matter into its motion to dismiss reply and cross-motion opposition, to which Wave objects here and in responsive briefing given the Court and Judge Seibel both expressly reserved briefing regarding the Singapore proceedings for a later date.

The Honorable Victoria Reznik
June 18, 2025
Page 4

status conference to determine how best to organize or stage the remaining defendants in the cases going forward and when to take up common issues like the effect of the Singapore action.

### II.    Defendants Now Leverage Procedural Ambiguity to Evade Participation

Some defendants appear to be relying upon the procedural ambiguity of the master complaint to avoid participating in these next steps. For example, Defendant Amadeus North America, Inc. has invoked its omission from the master complaint to contend it is no longer a party, stating:

> Upon receipt of the Master Complaint, we (Amadeus) moved to the sideline in this matter as Amadeus was not identified in the Master Complaint. We took this as a sign that Amadeus is no longer a target. Thus, we do not anticipate joining other defendants going forward.

Attachment 2. However, Amadeus was named and served with a properly filed complaint. *See The Wave Studio, LLC v. Amadeus North America, Inc.*, No. 15-6995; *id.*, Docket No. 24. Amadeus has not been dismissed, but did cease to participate in the litigation long before the master complaint was filed, submitting no position in response to Judge Seibel's November 7, 2023 request regarding the stay and failing to appear at the November 27, 2023 hearing. Its omission from the later-filed master complaint simply reflected Wave's assessment that Amadeus was not a realistic target in the first stage of global settlement conferences. Amadeus plainly knew it remained a defendant—its counsel filed a *pro hac vice* application two months after the master complaint was submitted. *See id.*, Docket No. 106. Since then, Amadeus has continued to "sideline" itself, ostensibly avoiding participation in settlement and motion practice until the Court turned back to the operative complaints. Other defendants have similarly insisted their participation was limited to their unconsolidated cases. For instance, the Trip moving defendants requested on May 19, 2025, during the motion to dismiss briefing, that Wave provide a "draft Third Amended Complaint," which is the next numbered iteration in the individual related *Trivago* case's pleadings, to assess whether they would consent to Wave's cross-motion for leave to amend (Attachment 3) and additional counsel for the Trip defendants appeared last week exclusively in the related case. *See The Wave Studio LLC v. Trivago N.V.*, No. 23-3586, Docket No. 103. As recently as today, the Booking Defendants disregarded the Court's scheduling order and unilaterally filed their motion to dismiss and reply briefing in closed related case dockets instead of the consolidated docket. *See e.g., Amadeus*, No. 15-6995, Docket No. 139. Indeed, even Southwest Airlines Co.—a party Wave dismissed and the Court terminated from the docket on April 7, 2025 (Docket No. 453)—attempted to file a motion to dismiss in its closed related case docket through counsel for Booking Defendants Carla Oakley. *See The Wave Studio, LLC v. Citibank N.A. et al.*, 22-5141, Docket Nos. 106-107. This procedural confusion is untenable.

### III.    Request for Parties to Appear

To move forward, every defendant must appear before the Court on the record. All defendants were served—many more than a decade ago—but several have not yet entered appearances:

- Escala Travel Corp. f/k/a Escala Vacations (served 4/29/2014, Docket No. 521)
- Spa Finder, Inc. (served 4/29/2014, Docket No. 520)
- The Leading Hotels of the World, Ltd. (served 4/28/2014, Docket No. 519)

The Honorable Victoria Reznik
June 18, 2025
Page 5

- FSA Travel, LLC d/b/a/ FiveStarAlliance.com and as successor-in-interest to Questex Media Group LLC (served 4/30/2014, Docket No. 518)
- Luxemont, LLC (served 4/30/2014, Docket No. 517)
- Hotelstravel.com (served 4/28/2014, Docket No. 516)
- Hotelguides.com, LLC f/k/a Hotelguides.com, Inc. (served 4/30/2014, Docket No. 515)
- SAP Concur, Inc. as successor-in-interest to Hipmunk, Inc. (served 4/25/2014, Docket No. 514)

While the stay and administrative closure of the related dockets may underlie some parties' delay in entering their appearances, these parties were duly served and cannot remain in procedural limbo indefinitely. Wave respectfully requests that the Court direct all defendants to appear in all related cases by July 7, 2025, or another date certain the Court deems appropriate.

Wave further requests that all defendants confirm current counsel of record on the docket by the same date. For example, the firm Morgan, Lewis & Bockius LLP is listed on the docket as counsel of record for Defendant Orbitz Worldwide, LLC, but attorney Carla Oakley, a partner with the firm and lead counsel for several defendants in this matter, recently stated:

> Your letter suggests that I or my firm represent Orbitz Worldwide, LLC. That is not correct. That company was acquired by Expedia, which is represented by other counsel.

Attachment 4. Yet, no notice of withdrawal or substitution has been filed to reflect this. Such uncertainty perpetrates due process concerns for Wave, which cannot determine whom to serve case documents or with whom to engage in resolution efforts.

### IV.     Wave Remains Open to Global Resolution

Wave participated extensively in settlement conferences with this Court, and remains open to considering the global settlement offer defendants committed to provide. Indeed, Wave's May 28, 2025 letter invited renewed settlement discussions (*see* Attachment 1), but no defendant has yet responded to these overtures. Wave again extends this invitation and attaches hereto an updated identification of domains at which Wave has found its copyrighted works and the defendants that Wave believes to be responsible for the redistribution, storage, and republication of these works. *See* Attachments 5a-5b. Wave is happy to provide this spreadsheet in native format to of-record counsel for each defendant once they have appropriately appeared on the docket.

Accordingly, Wave respectfully requests that the Court set a status conference to confirm and set next steps in the case; order all served defendants who have not appeared to file a notice of appearance by July 7, 2025; and direct parties to confirm and update their counsel of record in the relevant dockets.

We thank the Court for its continued attention and are available at the Court's convenience.

Very Truly Yours,

Jennifer A. Kash