# ATTACHMENT 1



# The Wave Studio, LLC v. General Hotel Management Ltd., No. 7:13-cv-09239 (S.D. New York)

1 message

---

**Francesca Germinario** <francesca@warrenkashwarren.com>   Wed, May 28, 2025 at 9:32 PM
To: Harvey Herman <hherman@clausen.com>, Carla Oakley <carla.oakley@morganlewis.com>, Duane Mathiowetz <duane.mathiowetz@practus.com>, Anthony Pierce <apierce@akingump.com>, James Rosenfeld <jamesrosenfeld@dwt.com>, Kimberly Dodd <kdodd@foley.com>, Daniel Gorman <daniel.gorman@troutman.com>, James Trigg <jtrigg@ktslaw.com>, John Bauer <jbauer@baueriplaw.com>, Kenneth Weitzman <kweitzman@weitzmanip.com>, Thomas Finn <tfinn@mccarter.com>, Paula Cedillo <pcedillo@mccarter.com>, Robert Liu <robert.liu@balancelawfirm.com>, Christopher Belter <cbelter@goldbergsegalla.com>, Matthew Scott Trokenheim <mtrokenheim@goldbergsegalla.com>, Vivian Drohan <vdrohan@dlkny.com>, Kathryn Fritz <kfritz@fenwick.com>, Jedediah Wakefield <jwakefield@fenwick.com>, Charles Moulins <cmoulins@fenwick.com>, Sarah Gottlieb <sgottlieb@sgrlaw.com>, Roger Maldonado <rmaldonado@sgrlaw.com>, Aaron Johnson <aaron.johnson@wbd-us.com>, Jeffrey John Catalano <jcatalano@sgrlaw.com>
Cc: Mike Cilento <michael@ilawco.com>, "The Wave Studio, LLC: Consolidated New York Cases" <13-9239@cases.warrenlex.com>

Counsel:

Please find attached a letter from Jennifer A. Kash.

Thanks,
Francesca

--
Francesca Germinario    francesca@warrenkashwarren.com    +1 (415) 895-2942

---

📎 **May 28, 2025 Kash Letter.pdf**
240K

**Warren Kash Warren**

2261 MARKET STREET, NO. 606
SAN FRANCISCO, CALIFORNIA, 94114

WARRENKASHWARREN.COM
+1 (415) 895 2940

May 28, 2025

**By Electronic Mail**

Harvey Herman
28 Liberty Street, 39th Floor
New York, New York, 10005
Clausen Miller P.C.[1]

Re:    The Wave Studio, LLC:  Consolidated New York Cases, No. 13-9239 (S.D.N.Y.)

Dear Mr. Herman and Counsel of Record for Remaining Defendants:

My firm recently appeared as lead counsel for Wave in the matters consolidated in the Southern District of New York as Case No. 13-9239.  I write to reignite discussion with the defendants as to whether we might be able to reach consensus on a path forward to eventually present to the Court, inclusive of any potential staged litigation or plan for global settlement.  I note that the Court's September 5, 2024 Order (Docket No. 384) anticipated that the parties would continue to discuss settlement during the pendency of the Rule 12 motions.

As an initial matter, we should close the loop on any outstanding questions as to the current representation of the live defendants.  Although all defendants remaining in this case were served, some defendants have not appeared on the docket.  To the extent those copied on this correspondence are acting as—or can identify—counsel for those defendants who have not appeared, please kindly revert with such information and/or update your appearance on the docket.[2]  Given the passage of time, I also ask counsel copied on this correspondence to review the list of remaining defendants in the consolidated case and the lawyer(s) and/or law firm(s) we understand to be representing them following my signature below, and revert with any comments or corrections.

I direct the remainder of this correspondence primarily to you, Mr. Herman, as although my review of the case file evinces several different pods of parties and non-parties who have been corresponding with the Court over the course of the last twelve months or so, your firm Clausen Miller P.C. represents many of

---

[1] Counsel of record for Defendants Alliance Reservation Network, AOL Inc., Bookit.com, Inc., Charles Kessler & Associates, Inc., Dotdash Meredith, Inc., f/k/a About, Inc., Insanelycheapflights.com, Expedia Group, Inc., Farebuzz, Fareportal, Inc. d/b/a Cheapoair, Frommer Media LLC, Getaroom.com (co-counsel with Morgan Lewis), Gogobot, Inc., Groupon, Inc., Hotels.com GP LLC d/b/a Travelnow, Hotelsbyme, Kayak Software Corporation (co-counsel with Morgan Lewis), Lexyl Travel Technologies, Lonely Planet Global, Inc., Metro Travel Guide, Netadvantage.com, Cendyn Corp. f/k/a Pegasus Solutions, Inc., Random House d/b/a Fodors.com, Reservation Counter, This Exit, LLC d/b/a Roadsideamerica.com, Travelocity.com LP, TravelZoo Inc., TripAdvisor LLC, Leonardo Worldwide Services f/k/a VFM Leonardo, Inc., and WK Travel d/b/a onetravel.com.

[2] Escala Travel Corp.. f/k/a Escala Vacations, FSA Travel, LLC d/b/a FiveStarAlliance.com and as successor-in-interest to Questex Media Group LLC, SAP Concur, Inc. as successor-in-interest to Hipmunk, Inc., Hotelguides.com, LLC, Hotelstravel.com, Luxemont, LLC d/b/a justluxe.com, Spa Finder, Inc., and The Leading Hotels of the World, Ltd.

Herman, Harvey
May 28, 2025
Page 2

these entities.  Your letter of August 23, 2024 (Docket No. 380), is also amongst the more recent correspondence reflecting the discussions of at least the majority of the remaining defendants as to how this matter might progress following the currently pending Rule 12 motions.  At this juncture, it is clear that to cooperate and reach resolution or organization, the parties must level the information playing field.

I would like to first revisit the settlement discussions that took place throughout most of 2024.  As you know, Judge Seibel ordered that a Master Complaint be submitted to provide helpful additional information for the parties to discuss settlement.  The Court's referral thereafter to Magistrate Judge Reznick was principally to help settle this matter.

It is my understanding that prior counsel for Wave attempted to divide settlement discussions into two phases for groups referred to as display only or non-display only.  The Court encouraged counsel to attempt to provide a possible framework for settlement, and prior counsel for Wave thus attempted to furnish documents, rates, and provisional countable metrics under F.R.E. 408 for the purposes of trying to arrive at a monetary figure for the first phase of settlement discussions.  Judge Reznick conducted several conferences under the umbrella of F.R.E. 408, during which participating defendants ultimately posited that no settlement discussion would be fruitful without (1) the production of further documents by Wave and (2) motion practice on "threshold" jurisdictional issues believed (at the time) to be uniform amongst the many defendants.  For the avoidance of doubt, the offers Wave made as part of these prior settlement efforts are no longer on the table, nor does the settlement accounting have any relevance moving forward.[3]

While it is clear to me that Wave took to heart the Court's directive to find a way to resolve its claims, I cannot tell where defendants now stand on this issue.  I have reviewed correspondence by and amongst the Court and the parties between roughly March and August of 2024 wherein defendants appeared to raise the possibility of a waterfall or group settlement proposal.  As noted above, I have also reviewed your letter of August 23, 2024 to the Court wherein you represented that:

> Defendants will work together to develop and if they are able to develop, will provide a global settlement offer to Plaintiff along with an explanation of their damages model and any supporting documentation (i.e. expert report if any, document production).

Docket No. 380 at 7.  Your letter further proposed that Plaintiff would have four weeks to submit a counter-offer to such an offer, and Judge Reznick's September 5, 2024 Order adopted your general outline for an ongoing defense effort to determine if global settlement was possible.  Docket No. 384 at 4.  Please provide an update as to where the defendants are in the process of their good faith effort to "develop a global settlement offer to Plaintiff."

Your letter to the Court of August 23, 2024 also referred to proposed procedures for after the "above motions" had been ruled upon.  As almost one year has elapsed since your letter and the briefing on the jurisdictional motions is not complete, I suggest that the parties not wait to at least begin discussing some of the proposals you previously floated.  In particular, you noted that:

---

[3] Since April 4, 2025, Wave has dismissed or otherwise resolved its claims against 26 defendants.  Wave is presently in settlement discussions with several other parties with whom it is likely to reach a resolution.

Herman, Harvey
May 28, 2025
Page 3

> Some, but not all of the Defendants that are signed on to this proposal request that, after motion practice on the above issues is completed, a stay be applied to Defendants whose claims are ultimately derivative of the claims against Defendants that are "content providers." Such derivative Defendants would be either those that Plaintiff has classified as display only Defendants or any other Defendants that can demonstrate to the Court that they are similarly situated, while the supposed "content providers" can, with Plaintiff, undertake the burden of fact discovery, litigation, and summary judgment for certain fact intensive threshold legal issues. The Defendants that put forth this proposal argue that it should be accepted because it minimizes the burden on display-only/downstream Defendants. There is not agreement amongst all Defendants on this matter at this time, but we wanted to make sure the Court was aware of that issue.

Docket No. 380 at 8. To determine whether this proposal to the Court, or something similar, is still a plausible starting point for discussion of a way to stage this litigation, please identify the "content provider" entities and the "certain fact intensive threshold legal issues" to which you refer.

I look forward to discussing with you further.

Best Regards,

Jennifer A. Kash


Cc:  Counsel of Record for Remaining Defendants (as set forth below)

- Carla B. Oakley of Morgan Lewis LLP, Counsel of Record for Defendants AGIP LLC, Agoda Company Pte. Ltd., Booking Holdings, Inc., Booking.com USA Inc., Booking.com BV, Getaroom.com (co-counsel with Clausen Miller), Hotels Combined LLC, Kayak Software Corporation (co-counsel with Clausen Miller), Momondo A/S, Priceline.com LLC, and Rocket Travel, Inc. d/b/a Rocket Miles by Agoda; and on behalf of Morgan Lewis LLP, Counsel of Record for Defendant Orbitz Worldwide, LLC.

- Duane H. Mathiowetz of Practus, LLP, Counsel of Record for Defendant Amadeus North America, Inc.

- Anthony Pierce, Akin Gump, LLP, Counsel of Record for Defendant American Express Company

- James Rosenfeld of David Wright & Tremaine LLP, Counsel of Record for Defendants IBT Media Inc., Groupon, and Citibank N.A.

- Kimberly Dodd of Foley & Lardner LLP, and Daniel E. Gorman of Troutman Pepper Hamilton Sanders LLP, Counsel of Record for Defendant Citibank N.A.

Herman, Harvey
May 28, 2025
Page 4

- James A. Trigg of Kilpatrick Townsend & Stockton LLP, Counsel of Record for Defendants Despegar.com Corp. and Despegar.com USA, Inc.

- John Bauer of Nelson Mullins Riley & Scarborough LLP, Counsel of Record for Defendant Emerging Travel, Inc.

- Kenneth Weitzman of Weitzman Law Offices, Counsel of Record for Defendants Frosch Holdco, LLC, f/k/a Frosch International Travel, Inc., Signature Travel Network Cooperative, Inc., and Tzell Travel Group f/k/a Vacations by Tzell

- Thomas J. Finn and Paula Cruz Cedillo, McCarter & English, LLP, Counsel of Record for Defendant Joseph Mazzarella d/b/a Roomrate.com

- Beixiao Robert Liu of The Balance Law Firm, Counsel of Record for Defendants MakeMyTrip, Inc., Skyscanner Ltd., Trip.com Group Limited, and Trip.com Travel Singapore PTE. Ltd.

- Christopher J. Belter and Matthew Scott Trokenheim of Goldberg Segalla LLP, Counsel of Record for Defendant Setai Owners LLC a/k/a Setai Hotel Acquisitions LLC.

- Vivian Drohan of Drohan Lee, LLP, Counsel of Record for Defendant Tablet LLC d/b/a Tablethotels.com

- Kathryn Jean Fritz, Jedediah Wakefield and Charles Edouard Moulins of Fenwick & West LLP, Counsel of Record for Defendant Travix Travel USA Inc.

- Sarah A. Gottlieb, Roger Juan Maldonado, Jeffrey John Catalano and Roger Juan Maldonado of Smith Gambrell Russell LLP, Counsel of Record for Defendant Trivago N.V.

- Aaron David Johnson and Michael J. McCue of Womble Bond Dickinson, Counsel of Record for Defendant VISA, Inc.