UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE WAVE STUDIO, LLC,

                      Plaintiff,

      v.

GENERAL HOTEL MANAGEMENT LTD., *et al.*,

                 Defendants.

No. 7:13-cv-09239-CS-PED

Related Action:
No. 7:23-cv-03586

**Memorandum of Law in Support of Motion to Dismiss**
**The Master Complaint**
**Pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6)**
**by Defendants:**
Trip.com Group Limited,
Trip.com Travel Singapore Pte. Ltd.,
Skyscanner Ltd., and
MakeMyTrip, Inc.

POLLOCK COHEN LLP
111 Broadway, Suite 1804
New York, NY 10006
(212) 337-5361

*Attorneys for Defendants*
*Trip.com Group Limited, Trip.com Travel*
*Singapore Pte. Ltd., Skyscanner Ltd., and*
*MakeMyTrip, Inc.*

## TABLE OF CONTENTS

Preliminary Statement.................................................................................................... 2

Background ....................................................................................................................... 4

Procedural History .......................................................................................................... 6

Argument ......................................................................................................................... 7

    I.    The Court does not have jurisdiction over the International Defendants. ............. 7

        A.    There is no specific jurisdiction over the International Defendants in New York............................................................................................. 10

        B.    Federal Rule of Civil Procedure 4(k)(2) also does not allow for jurisdiction. .......................................................................................... 13

    II.    The Copyright Act does not have extraterritorial application. ........................... 16

    III.    The Master Complaint fails to state a claim against any of the Trip Defendants. 17

        A.    The Master Complaint Fails to State a Claim for Direct Infringement. ... 18

        B.    The Master Complaint fails to state a claim for contributory infringement. ........................................................................................... 18

        C.    The Master Complaint fails to state a claim for vicarious infringement. . 21

    IV.    The Court should dismiss all claims against the Trip Defendants as time-barred.23

Conclusion ..................................................................................................................... 24

# TABLE OF AUTHORITIES

**Cases**

*Arista Recs. LLC v. Lime Grp. LLC*,
  784 F. Supp. 2d 398 (S.D.N.Y. 2011) .............................................................. 19, 22

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ..................................................................................... 17

*Bayshore Cap. Advisors, LLC v. Creative Wealth Media Fin. Corp.*,
  2023 WL 2751049 (S.D.N.Y. Mar. 31, 2023) ............................................... 7

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ..................................................................................... 17

*Berry v. Deutsche Bank Tr. Co. Americas*,
  2008 WL 4694968 (S.D.N.Y. Oct. 21, 2008) ............................................... 22

*Briskin v. Shopify, Inc.*,
  2023 WL 8225346 (9th Cir. Nov. 28, 2023) ........................................... 11, 15

*Brown v. Daikin Am. Inc.*,
  756 F.3d 219 (2d Cir. 2014) ......................................................................... 17

*BWP Media USA Inc. v. Hollywood Fan Sites*, LLC,
  69 F. Supp. 3d 342 (S.D.N.Y. 2014) ................................................. 19, 21, 23

*Faulkner v. Nat'l Geographic Enters. Inc.*,
  409 F.3d 26 (2d Cir. 2005) ........................................................................... 19

*Freeplay Music, LLC v. Dave Arbogast Buick-GMC, Inc.*,
  2017 WL 449913 (S.D.N.Y. Jan. 18, 2017) ................................................. 11

*Gym Door Repairs, Inc. v. Young Equip. Sales, Inc.*,
  206 F. Supp. 3d 869 (S.D.N.Y. 2016) .......................................................... 21

*Hartmann v. Amazon.com, Inc.*,
  2021 WL 3683510 (S.D.N.Y. Aug. 19, 2021) ......................................... 18, 20

*Heinert v. Bank of Am. N.A.*,
  835 Fed. Appx. 627 (2d Cir. 2020) .............................................................. 17

*In re Yukos Oil Co. Dec. Litig.*,
  2006 WL 3026024 (S.D.N.Y. Oct. 25, 2006) ............................................... 17

*Jacobs v. Carnival Corp.*,
  2009 WL 856637 (S.D.N.Y. Mar. 25, 2009) ................................................ 18

*Jazini v. Nissan Motor Co., Ltd.*,
   148 F.3d 181 (2d Cir. 1998) .......................................................................... 8

*Klauber Bros., Inc. v. URBN US Retail LLC*,
   2023 WL 1818472 (S.D.N.Y. Feb. 8, 2023) ................................................ 22

*Lensky v. Turk Hava Yollari, A.O.*,
   2023 WL 6173334 (2d Cir. Sept. 22, 2023) ................................................ 14

*Lepore v. NL Brand Holdings LLC*,
   2017 WL 4712633 (S.D.N.Y. Sept. 28, 2017) .......................................... 22

*Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*,
   732 F.3d 161 (2d Cir. 2013) ........................................................................ 10

*Lixenberg v. Complex Media, Inc.*,
   2023 WL 144663 (S.D.N.Y. Jan. 10, 2023) ......................................... 20, 21

*Luvdarts, LLC v. AT&T Mobility, LLC*,
   710 F.3d 1068 (9th Cir. 2013) ..................................................................... 20

*Matthew Bender & Co. v. W. Pub. Co.*,
   158 F.3d 693 (2d Cir. 1998) ........................................................................ 19

*Minden Pictures, Inc. v. Complex Media, Inc.*,
   2023 WL 2648027 (S.D.N.Y. Mar. 27, 2023) .......................................... 24

*Porina v. Marward Shipping Co.*,
   521 F.3d 122 (2d Cir. 2008) ........................................................................ 14

*Pruthi v. Empire City Casino*,
   2022 WL 596370 (S.D.N.Y. Feb. 28, 2022) ................................... 4, 7, 10

*Psihoyos v. John Wiley & Sons, Inc.*,
   748 F.3d 120 (2d Cir. 2014) ........................................................................ 23

*Skrodzki v. Marcello*,
   810 F. Supp. 2d 501 (E.D.N.Y. 2011) ................................................ 10, 11

*Starmedia Network, Inc. v. Star Media, Inc.*,
   2001 WL 417118 (S.D.N.Y. Apr. 23, 2001) ............................................. 10

*State St. Glob. Advisors Tr. Co. v. Visbal*,
   431 F. Supp. 3d 322 (S.D.N.Y. 2020) ....................................................... 19

*Troma Entm't, Inc. v. Centennial Pictures Inc.*,
   729 F.3d 215 (2d Cir. 2013) ............................................................ 11, 12, 13

*Wave Studio, LLC v. trivago N.V.*,
  2023 WL 3720079 (S.D.N.Y. May 30, 2023)....................................................................... 2, 11

*Wolk v. Kodak Imaging Network, Inc.*,
  840 F. Supp. 2d 724 (S.D.N.Y. 2012) .............................................................................. 20

*Zurich Am. Life Ins. Co. v. Nagel*,
  571 F. Supp. 3d 168 (S.D.N.Y. 2021) .............................................................................. 14

**Statutes**

17 U.S.C. § 101 ............................................................................................................... 3, 6

For the reasons set forth below, the Trip Defendants respectfully request that this Court dismiss the Master Complaint as against them, with prejudice, pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). Given the many parties and tortured history of this decade-long case, we start with a few definitions for clarity.

- The "**Trip Defendants**" are the following four defendants:

  1. "**Trip.com**"                    Trip.com Group Limited

  2. "**Trip.com Singapore**"     Trip.com Travel Singapore Pte. Ltd.

  3. "**Skyscanner**"               Skyscanner Ltd.

  4. "**MakeMyTrip**"             MakeMyTrip, Inc.[1]

- The "**International Defendants**" refers to defendants Trip.com, Trip.com Singapore, and Skyscanner.

- The "**Master Complaint**" is ECF No. 332 in the above-captioned case, no. 7:13-cv-09239. References to "¶__" are to paragraphs of the Master Complaint.

- The "**2023 *Trivago* Action**" was a separate case filed in 2023 against the Trip Defendants and some other defendants, No. 7:23-cv-03586.

- The "**Second Amended Complaint**" or "**SAC**" is ECF No. 41 in the 2023 *Trivago* Action, no. 7:23-cv-03586.

- The "**PI Opinion**" is an order entered by the Court on May 30, 2023 in the 2023 *Trivago* Action, denying Plaintiff Wave Studio's application for a preliminary injunction (2023 *Trivago* Action, ECF No. 37, reported at *Wave Studio, LLC v. trivago N.V.*, 2023 WL 3720079, at *5 (S.D.N.Y. May 30, 2023)).

---

[1] MakeMyTrip, Inc. is incorrectly referred to in the Master Complaint as "MakeMyTrip.com, Inc."

The Trip Defendants respectfully submit this Memorandum of Law in support of their Motion to Dismiss the Master Complaint (ECF No. 332).

## PRELIMINARY STATEMENT

This motion seeks to dismiss Plaintiff's Master Complaint.

First, despite Plaintiff's many attempts to state a claim, the Master Complaint still fails to adequately allege jurisdiction over the International Defendants. Plaintiff's theory of jurisdiction, as articulated in the 2023 *Trivago* Action, is that "the Court has jurisdiction over the International Defendants with no clear connection to New York other than the fact that their websites could be accessed by individuals in New York." (PI Opinion, 2023 WL 3720079, at *5). But this theory has been repeatedly rejected by courts in New York and elsewhere, including this one. *See id*. And Plaintiff's attempt to rely on Federal Rule of Civil Procedure 4(k)(2)— which allows a jurisdictional analysis based on aggregated contacts with the United States as a whole, if there is no jurisdiction over an international defendant in any specific U.S. state—fares no better.

In the Master Complaint, Plaintiff again has made no effort to remedy the deficiencies already identified by this Court. *See* PI Opinion, 2023 WL 3720079, at *8 (highlighting the type of allegations that would have been required to successfully assert jurisdiction, such as a different case where "content from [a] website was downloaded in the United States over 320,000 times by mobile users … ."). Here, in contrast, "Plaintiff fails to offer similarly detailed allegations regarding the [Trip] Defendants' level of contact with United States-based users." *Id.*

The Master Complaint should also be dismissed as to the Trip Defendants because it fails to state a claim against any of them. Plaintiff alleges that some photos from its "library of over 3,000" (¶ 145) copyrighted works were shown on the Trip Defendants' websites at some point during the last ten years. It attaches a complicated table that includes a few examples only as to

Skyscanner (and not the other Trip Defendants), and otherwise merely refers to the complaint in the 2023 *Trivago* Action. This does *not* satisfy Rule 8.

Consequently, the first cause of action fails to state a claim for direct copyright infringement because it fails to plead which *specific* works are the subject of Plaintiff's claim, by what acts the Trip Defendants allegedly infringed Plaintiff's copyright, or any details on the timing of the alleged infringements. The SAC's allegations are inadequate. Further, the sole U.S. defendant (MakeMyTrip, Inc.) does not even offer hotel bookings and does not have any hotel photographs on its website in the United States.

The second cause of action fails to state a claim for contributory copyright infringement because it fails to identify any specific direct infringement (*i.e.* when and by whom) to which the Trip Defendants allegedly contributed. And even if it did, it fails to allege the remaining elements of a contributory infringement claim. The Master Complaint contains no facts showing that the Trip Defendants had specific knowledge of the underlying infringing activity, or how the Trip Defendants have induced, caused, or materially contributed to that infringement.

The third cause of action fails to state a claim for vicarious copyright infringement because it fails to allege any specific way in which the Trip Defendants could control the alleged infringing activities of unspecified third parties, and also fails to allege any specific financial benefit to the Trip Defendants tied to such activities.

Next, for the International Defendants, the allegedly infringing acts took place entirely outside of the United States and New York, but the Copyright Act does not have extraterritorial application. Accordingly, the copyright claims should be dismissed against the International Defendants for that additional reason.

Finally, all of Plaintiff's claims against the Trip Defendants should be dismissed on the ground that they are untimely.

Thus, all claims against the Trip Defendants should be dismissed.

## BACKGROUND

According to the Master Complaint:[2] Trip.com is a Cayman Islands corporation located in China (¶ 86); Trip.com Singapore is a Singapore corporation located in Singapore (¶ 87); Skyscanner is incorporated in the United Kingdom with "an office in the United States located at 777 Brickell Avenue, Miami, Florida" (¶ 77);[3] and MakeMyTrip is a Delaware corporation "affiliated with" the Indian entity MakeMyTrip India Pvt. Ltd. (¶ 64).[4]

Plaintiff The Wave Studio, LLC, is a New York limited liability company formed and controlled by Ms. Lee Kar Yin (a/k/a Junior Lee), a Malaysian citizen and a permanent resident of Singapore. Ms. Lee claims to be "an interdisciplinary artist, creative designer, and entrepreneur" who "is in the business of advertising, graphic design, and photography." (¶ 95.) She formed several entities to hold intellectual property rights to the works that she created. Plaintiff has brought more than 20 cases of copyright infringement in U.S. courts since 2013.

The Trip Defendants are online travel booking platforms. Plaintiff alleges that the action "arises from Defendants' willful, worldwide infringement of Wave's copyrighted images." (¶ 1.) The Master Complaint asserts three causes of action: (1) direct copyright infringement, (2) contributory copyright infringement, and (3) vicarious copyright infringement.

---

[2] These "facts" are taken from the Master Complaint and are presumed to be true for purposes of this motion. *Pruthi v. Empire City Casino*, 2022 WL 596370, at *1 (S.D.N.Y. Feb. 28, 2022).

[3] Plaintiff incorrectly alleges that Skyscanner has an office in Florida.

[4] In the 2023 Trivago Action (the original complaint against the Trip Defendants), MakeMyTrip India Pvt. Ltd was alleged to be a defendant. Now, MakeMyTrip India Pvt. Ltd has been dropped as a defendant and instead is merely alleged to be an affiliate of MakeMyTrip.

Plaintiff claims infringement of a number of photographs of luxury hotel properties that Ms. Lee created; Ms. Lee formed Wave, through which she holds the registered copyrights. (¶ 3.) Ms. Lee and Wave built up a database of photos during their working relationship with General Hotel Management, Ltd. ("GHM"), which manages luxury hotels and resorts worldwide and allegedly disseminated Wave's works to third parties without Ms. Lee's knowledge or consent. (¶¶ 4–6.)

Plaintiff claims that *all* of the defendants in the Master Complaint allegedly copied Plaintiff's images "to promote and market lifestyles, hotel properties, and destination locations or to advertise and promote examples of [Plaintiff's] artistic works." (¶ 330.) Plaintiff claims that Trip.com has infringed "not less than 101 photographs" (¶ 301), that Trip.com Singapore has infringed "not less than 101 photographs" (¶ 305), that Skyscanner has infringed "not less than 113 photographs" (¶ 273), and that MakeMyTrip.com has infringed "not less than 29 photographs" (¶ 245).

The Master Complaint identifies *zero* of these 344 allegedly infringing photographs. Instead, in terms of the specific copyrighted works at issue, Plaintiff only alleges generally that "there is a library of over 3,000 Copyrighted Works ... which only Defendants, their marketing partners, affiliates, subsidiaries, parents and others can identify from their own public and non-public electronic platforms, as infringing." (¶ 145.)

In denying Plaintiff's previous application for injunctive relief, the Court had "encouraged" Plaintiff to "specify which specific works it claims that each of the Defendants is infringing upon." (PI Opinion, 2023 WL 3720079, at *12.) And although the Master Complaint now includes a 1,504 page spreadsheet listing names of photographs that were purportedly available for viewing on certain websites, *there is no information about the purported*

*infringement by Trip.com, Trip.com Singapore, or MakeMyTrip.* (¶ 147 & ECF no. 332-1.)[5]

Instead, Plaintiff simply alleges that the Trip Defendants "are already on notice of Wave's

particularized allegations regarding their infringement," and that "the process to identify

infringing photographs, to the extent Wave can know it, has already been completed and

disclosed" to the Trip Defendants. (¶ 149.)

## PROCEDURAL HISTORY

The initial case against GHM was filed in December 2013 — *more than ten years ago*.

On April 28, 2023, Plaintiff filed a case against a number of additional defendants, including the

Trip Defendants (2023 *Trivago* Action, ECF No. 1) and filed an amended complaint later that

day (2023 *Trivago* Action, ECF No. 6).  On May 5, 2023, Plaintiff sought an ex parte temporary

restraining order and a Preliminary Injunction. (2023 *Trivago* Action, ECF No. 11, the "TRO

Application.") Before the Court ruled upon Plaintiff's TRO Application with respect to, *inter*

*alia*, the International Defendants, Plaintiff filed with leave a supplemental memorandum of law

in support of its argument that the Court has jurisdiction over the International Defendants. (2023

*Trivago* Action, ECF No. 33.) The Court denied the motion for injunctive relief on May 30,

2023. (*See* PI Opinion.)

On June 5, 2023, Plaintiff filed a Second Amended Complaint ("SAC") and an

Affirmation regarding jurisdiction over the International Defendants. (2023 *Trivago* Action, ECF

Nos. 41, 42.) Plaintiff subsequently filed exhibits to the SAC. (2023 *Trivago* Action, ECF No.

49.)

---

[5] A spreadsheet showing the "Photo Numbers" of the photos allegedly infringed by Skyscanner
is on page 909 of ECF No. 332-1.

The Trip Defendants executed a waiver of service on August 2, 2023. (2023 *Trivago*
Action, ECF No. 53.) On October 30, 2023, the Trip Defendants wrote to the Court seeking
leave to file a motion to dismiss (2023 *Trivago* Action, ECF No. 58), and Plaintiff responded on
November 6, 2023 ("Pltf. Ltr.," 2023 *Trivago* Action, ECF No. 60.) The Court granted the Trip
Defendants leave to serve a motion to dismiss (2023 *Trivago* Action, ECF No. 61), and the
moving papers were served on Plaintiff on December 19, 2023, as instructed by the Court.

Then, on February 2, 2024, the two cases were consolidated, and Judge Seibel suspended
further briefing pending settlement discussions. (ECF No. 334.)

On September 5, 2024, Judge Reznik entered an order (ECF No. 384) allowing the Trip
Defendants to renew their pending motion to dismiss, which deadline was extended to December
6, 2024 (ECF No. 409).

## ARGUMENT

## I.    The Court does not have jurisdiction over the International Defendants.

The Court should dismiss all claims against the International Defendants pursuant to
Federal Rule of Civil Procedure 12(b)(2) because the Court lacks jurisdiction over these
defendants. "On a Rule 12(b)(2) motion, the plaintiff has the burden of establishing that the court
maintains jurisdiction over the defendant." *Bayshore Cap. Advisors, LLC v. Creative Wealth
Media Fin. Corp.*, 2023 WL 2751049, at *13 (S.D.N.Y. Mar. 31, 2023) (citing *In re Magnetic
Audiotape Antitrust Litig.*, 334 F.3d 204, 206 (2d Cir. 2003)).

"A prima facie showing of jurisdiction 'does not mean that plaintiff must show only some
evidence of jurisdiction; it means that plaintiff must plead facts which, if true, are sufficient in
themselves to establish jurisdiction." *Pruthi v. Empire City Casino*, 2022 WL 596370, at *2
(S.D.N.Y. Feb. 28, 2022) (citation omitted). Pleadings that assert only "conclusory non-fact-
specific jurisdictional allegations" or state a "legal conclusion couched as a factual allegation" do

not meet this burden. *See Jazini v. Nissan Motor Co., Ltd*., 148 F.3d 181, 185 (2d Cir. 1998)

(quotation omitted). While a court is to assume the truth of all well-pleaded factual allegations

that support a finding of personal jurisdiction, it should not draw 'argumentative inferences' in

the plaintiff's favor." *Pruthi*, 2022 WL 596370, at *2 (citing *Robinson v. Overseas Military Sales

Corp*., 21 F.3d 502, 507 (2d Cir. 1994)).

Plaintiff does not even try to allege that the International Defendants are subject to

jurisdiction in New York. The only assertion of jurisdiction in the Master Complaint is the

following generic and conclusory paragraph, which Plaintiff generically claims applies to *more

than 70 defendants*:

> This Court has personal jurisdiction over Defendants because of
> their substantial and continuous contacts with the state of New York
> that all relate to or form the basis of this action, and because
> Defendants have done and continue to do business in this District,
> including but not limited to offering their services throughout this
> District through their respective product[s] such as content delivery
> networks, application programming interfaces, software as a service
> platform[s], websites, mobile sites and apps.

¶ 23.

In the 2023 *Trivago* Action, Plaintiff also filed a "Jurisdictional Affirmation" from

counsel asserting that "the Court [in the 2023 action had] extensively questioned Wave at the

hearing on May 12, 2023, eliciting Plaintiff's specific jurisdiction basis." (2023 *Trivago* Action,

ECF No. 42, June 5, 2023, ¶ 3.) However, the affirmation does not actually provide any further

details. Instead, it repeats an effectively meaningless assemblage of words, claiming that the

defendants have "a general approach to doing business in the United States as a whole." (*Id.*

¶¶ 6(a), 7(a), 7(a) [there are two paragraphs numbered 7]). The same affirmation asserts that the

International Defendants are "not subject to the general jurisdiction of any other state in the

United States," to the best of Plaintiff's knowledge. *See id*. But counsel does not *actually*

describe Plaintiff's "specific jurisdiction basis." Nor is such information included in the Master

Complaint. Indeed, neither the affirmation, the SAC, nor the Master Complaint contains any

discussion of whether the International Defendants are subject to specific jurisdiction in any state

other than New York.

Plaintiff appears to be asserting two mutually inconsistent theories of jurisdiction. First, it

asserts that the International Defendants are subject to specific jurisdiction in New York. Second,

it asserts that the International Defendants are subject to jurisdiction under Federal Rule of Civil

Procedure 4(k)(2), which "permits federal courts to exercise personal jurisdiction over a

defendant that lacks contacts with any single state if the complaint alleges federal claims and the

defendant maintains sufficient contacts with the United States as a whole." PI Opinion, 2023 WL

3720079, at *5. Both theories fail. There is no basis for asserting jurisdiction over the

International Defendants, who are foreign entities with no meaningful connection to New York

or the United States.

Further, in connection with the application for a temporary restraining order made before

the International Defendants were served, the Court *already* identified serious weaknesses in

Plaintiff's theory that "the Court has jurisdiction over the International Defendants with no clear

connection to New York other than the fact that their websites could be accessed by individuals

in New York." PI Opinion, 2023 WL 3720079, at *12 (denying preliminary injunction, including

for failure to make a sufficient showing of jurisdiction despite the Court allowing supplemental

briefing on that point). The Court even allowed Plaintiff the opportunity to supplement its

deficient jurisdictional allegations with the benefit of the Court's guidance on what was required.

Despite this history, (1) the SAC, (2) counsel's Jurisdictional Affirmation, and (3) the Master

Complaint *still* contain only generic and conclusory allegations that cannot support jurisdiction over the International Defendants.

### A.    There is no specific jurisdiction over the International Defendants in New York.

Courts follow a two-step inquiry to evaluate whether international defendants are subject to specific jurisdiction in New York. *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 168 (2d Cir. 2013). First, the Court must "look to the law of the forum state to determine whether personal jurisdiction will lie." *Id*. (citation omitted). If the Court concludes that jurisdiction lies under the law of the forum state, the Court must then consider whether the "exercise of personal jurisdiction over a foreign defendant comports with due process protections established under the United States Constitution." *Id*. (citation omitted).

Plaintiff's allegations of "substantial and continuous contacts" and "do[ing] business in this District," *generically made as to all 70+ defendants,* are insufficient to make a prima facie showing of jurisdiction. *See Pruthi*, 2022 WL 596370, at *2 ("conclusory non-fact-specific jurisdictional allegations" and "legal conclusion[s] couched as a factual allegation" cannot satisfy Plaintiff's burden). Plaintiff alleges in the Master Complaint that all 70+ defendants are "offering their services" in New York "through their" websites and mobile applications. (¶ 23.) This generic pleading is wildly insufficient to show either specific or general jurisdiction over the International Defendants. *See, e.g.*, *Starmedia Network, Inc. v. Star Media, Inc.*, 2001 WL 417118, at *3 (S.D.N.Y. Apr. 23, 2001) ("it is now well established that one does not subject himself to the jurisdiction of the courts in another state simply because he maintains a web site which residents of that state visit."); *Skrodzki v. Marcello*, 810 F. Supp. 2d 501, 516–17 (E.D.N.Y. 2011) ("[T]he Second Circuit has made clear that personal jurisdiction over a defendant is not appropriate simply because the defendant maintains a website which residents of

New York may visit.") (internal citations omitted); *Savage Universal Corp. v. Grazier Constr., Inc.*, 2004 WL 1824102, at *9 (S.D.N.Y. Aug. 13, 2004) ("It stretches the meaning of 'transacting business' to subject defendants to personal jurisdiction in any state merely for operating a website, however commercial in nature, that is capable of reaching customers in that state, without some evidence or allegation that commercial activity in that state actually occurred."); *see also Briskin v. Shopify, Inc.*, 2023 WL 8225346, at *11 (9th Cir. Nov. 28, 2023) ("[O]ur cases have consistently rejected the suggestion that operating a website that is viewable anywhere means that the defendant is suable everywhere.").

This conclusion holds true even when the plaintiff is a New York entity.[6] *See, e.g.*, *Troma Entm't, Inc. v. Centennial Pictures Inc.*, 729 F.3d 215 (2d Cir. 2013) (plaintiff was not harmed in New York by use of copyrighted materials elsewhere); *Freeplay Music, LLC v. Dave Arbogast Buick-GMC, Inc.*, 2017 WL 449913, at *7 (S.D.N.Y. Jan. 18, 2017) (rejecting plaintiff's position

---

[6] Plaintiff's status as a New York entity is tenuous. As Judge Seibel observed:

> Plaintiff does not deny its lack of connections to New York, and there is at least an element of forum shopping in its decision to file suit in this Court. Plaintiff is admittedly a holding company formed under New York law prior to the onset of this case and located within this District for the purpose of enforcing the copyrights to the photographs at issue in this case. Although Plaintiff was formed under New York law, its sole member is Ms. Lee, the real party in interest, who is a foreigner. She testified at her deposition that Plaintiff was formed in New York because "the justice system in [the] United States of America is one of the best to protect the creative works of Wave." Given the absence of meaningful connections between Plaintiff and the Southern District of New York, and the evidence suggesting forum shopping, Plaintiff's choice of forum is entitled to little deference.

*Wave Studio, LLC v. Gen. Hotel Mgmt. Ltd.*, No. 13 Civ. 9239 (CS), 2017 WL 972117, at *6 (S.D.N.Y. Mar. 10, 2017) (citations omitted), *aff'd*, 712 F. App'x 88 (2d Cir. 2018); *see also id.* at *6 n.11 ("Plaintiff here is a New York company only because that was convenient for former counsel, and that apart from that all-but-random connection, neither Plaintiff (which essentially exists only on paper) nor the instant controversy has any connection to this forum.").

that to avoid dismissal "it need only establish that it is a New York copyright holder and [the defendant] uploaded [plaintiff's] copyrighted music to the Internet for public access.").

Plaintiff's response to the Trip Defendants' pre-motion letter argued that *Troma* "held that the missing piece to confer personal jurisdiction over international defendants in that case was 'the uploading and making available of copyrighted materials...' on the internet." Pltf. Ltr., 2023 *Trivago* Action, ECF No. 60, at 2–3. In fact, *Troma* distinguished an earlier decision involving a book that was made available for free *download* "to anyone with an Internet connection." *Troma*, 729 F.3d at 219 (distinguishing *Penguin Group (USA), Inc. v. American Buddha* ("*Penguin II*"), 16 N.Y.3d 295 (2011)). *Troma* focused instead on the nature of the harm alleged, observing that "Troma alleges that [the defendants], in essence, usurped two potential licensing agreements in Germany, and it maintains that this caused what it labels 'generalized harm (i.e., statutory damages as a result of [defendants'] willful infringement) to its exclusive distribution right.'" *Id*. at 220.

Plaintiff's complaint here is more analogous to the situation in *Troma* where the Second Circuit found no jurisdiction; Plaintiff's core complaint is that it lost the opportunity to charge licensing fees in connection with the Trip Defendants' alleged use of the images. There is no allegation that the Trip Defendants made the copyrighted images freely available for download on the internet, as was the case in *Penguin II*. In fact, to date Plaintiff has failed, upon multiple requests, to provide the Trip Defendants with the URLs where the images can allegedly be viewed, let alone downloaded. "This case is therefore more like traditional commercial tort cases in which the place where the plaintiff's business is lost or threatened exerts a significant gravitational influence on the jurisdictional analysis. Whether that place is California—where [the defendants] allegedly hatched their scheme—or Germany—where they put it into effect—

- 12 -

we need not say. It is not New York." *Troma*, 729 F.3d at 220 (citations and internal quotations omitted).

### B.    Federal Rule of Civil Procedure 4(k)(2) also does not allow for jurisdiction.

Plaintiff's attempt to invoke jurisdiction under Federal Rule of Civil Procedure 4(k)(2) based on aggregate contacts with the United States as a whole, rather than any specific state, also fails. This Court noted three requirements to satisfy personal jurisdiction under this Rule:

> Under Rule 4(k)(2), a plaintiff can establish personal jurisdiction if: (1) the claim arises under federal law; (2) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and (3) the exercise of jurisdiction is consistent with the U.S. Constitution and laws. *Id.* With respect to the last prong:
>
>> []In assessing whether the exercise of jurisdiction would be consistent with the Constitution, the relevant inquiry is whether jurisdiction comports with due process. The Rule 4(k)(2) jurisdictional analysis mirrors that of the standard personal jurisdiction analysis, except in one critical respect: The due process analysis for Rule 4(k)(2) jurisdiction hinges on whether the non-resident has sufficient minimum contacts with the United States as a whole instead of with the specific forum state. A plaintiff may seek to establish contacts supporting either specific or general jurisdiction under Rule 4(k)(2). If sufficient minimum contacts are demonstrated, the Court must then consider whether the "assertion of personal jurisdiction is reasonable under the circumstances of the particular case."

PI Opinion, 2023 WL 3720079, at *5–6 (citing and block quoting *George Moundreas & Co SA v. Jinhai Intelligent Mfg*, 2021 WL 168930, at *11 (S.D.N.Y. Jan. 18, 2021)).

Although Plaintiff's claims arise under federal law, it cannot satisfy the other two requirements of Rule 4(k)(2). As to the second (that "the defendant is not subject to jurisdiction in any state's courts of general jurisdiction"), the Master Complaint does not even make any such allegation.[7]

---

[7] A footnote in the SAC from the 2023 *Trivago* Action (ECF No. 49) had merely stated: "based on the public record Wave has a good faith basis to believe that no international Defendant is

(continued…)

This is insufficient—Rule 4(k)(2) can apply only when a plaintiff certifies that the defendant is not subject to any state's courts of general jurisdiction, either general or specific. *See, e.g.*, *Lensky v. Turk Hava Yollari, A.O.*, 2023 WL 6173334, at *2 (2d Cir. Sept. 22, 2023) (observing that this Rule 4(k)(2) condition was met because "both parties agree that [defendant] is not subject to either general or specific personal jurisdiction in New York … or in any other State's courts of general jurisdiction.") (emphasis added). Even if the Court were to consider Plaintiff's footnote made in the SAC from the 2023 *Trivago* Action (ECF No. 49) – an allegation *not* made in the Master Complaint, it still would not satisfy Rule 4(k)(2). And it cannot be corrected because Plaintiff claims—albeit incorrectly—that the International Defendants are, in fact, subject to jurisdiction in New York.

As to the third prong in the Rule 4(k)(2) analysis, Plaintiff has made no showing that a finding of jurisdiction comports with due process. The requirement entails a finding (i) that the non-resident has sufficient minimum contacts with the United States and (ii) that the assertion of personal jurisdiction is reasonable under the circumstances of the case. *See Porina v. Marward Shipping Co.*, 521 F.3d 122, 127 (2d Cir. 2008); *see also Zurich Am. Life Ins. Co. v. Nagel*, 571 F. Supp. 3d 168, 178 (S.D.N.Y. 2021) ("The personal jurisdiction analysis under Rule 4(k)(2) mirrors the standard personal jurisdiction analysis ... except the question of whether exercising personal jurisdiction comports with due process depends on whether the non-resident has sufficient minimum contacts with the United States as a whole.").

---

subject to the general jurisdiction of any state in the United States." SAC (2023 *Trivago* Action, ECF No. 41) ¶ 13 n.2. And Counsel's Jurisdictional Affirmation previously filed in that action (2023 *Trivago* Action, ECF No. 42) also claimed that there was no *general* jurisdiction in other states, but said nothing about whether any defendant is subject to *specific* jurisdiction elsewhere.

The Master Complaint fails to demonstrate either of these findings. Plaintiff does not allege any specific contacts between the International Defendants and the United States, or how the International Defendants could reasonably be haled into court here.[8] Plaintiff's jurisdictional theory appears to be that because the International Defendants maintain websites that are accessible worldwide, including in the United States, they are subject to jurisdiction here. That is not the law. Notably, this Court has already flagged Plaintiff's "fail[ure] to offer … detailed allegations regarding the Defendants' level of contact with the United States based users." PI Opinion, 2023 WL 3720079, at *8.

The Court also highlighted the type of factual allegations that were missing from Plaintiff's complaint. *See id.* (distinguishing the Ninth Circuit's decision in *Lang Van, Inc. v. VNG Corp.*, 40 F.4th 1034, 1041 (9th Cir 2022), observing that "[a]mong the facts considered, the court noted that content from VNG's website was downloaded in the United States over 320,000 times by mobile users, and VNG did not geoblock use of its application in the United States even though it had the ability to do so. Plaintiff fails to offer similarly detailed allegations regarding the Defendants' level of contact with United States-based users"); *see also Briskin*, 2023 WL 8225346, at *13:

> [Defendant's] web payment platform does not have a forum-specific focus. Nor has [plaintiff] alleged facts showing that [defendant] is specifically appealing to an audience in California, or actively targeting the forum state. Defendant's platform is accessible across the United States, and the platform is indifferent to the location of either the merchant or the end

---

[8] "To make the reasonableness determination in a case where a foreign entity may be subject to personal jurisdiction, courts consider the following factors: (1) the burden that the exercise of jurisdiction will impose on the entity; (2) the interests of the forum nation in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the international judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of nations in furthering substantive social policies." PI Opinion, 2023 WL 3720079, at *7 (citation omitted). The Master Complaint does not discuss these factors at all, likely because every single one of them weighs against a finding of jurisdiction.

> consumer. No one has alleged that Shopify alters its data collection activities based on the location of a given online purchaser. It did not prioritize consumers in California or specifically cultivate them.

This Court also faulted Plaintiff for its failure to "meaningfully" engage in a reasonableness analysis addressing the factors set out above. Plaintiff failed to heed that advice. And Counsel's Jurisdictional Affirmation also failed to address these factors, as did the Master Complaint.

In sum, despite this Court's clear prior guidance, Plaintiff has conspicuously failed to improve its allegations in any respect. The Master Complaint fails to make a prima facie showing of jurisdiction against any of the International Defendants. The claims against them should be dismissed.

## II.    The Copyright Act does not have extraterritorial application.

"[I]t is not seriously disputed that United States copyright laws do not have extraterritorial effect, and that infringing acts that take place entirely outside of the United States are not actionable under our copyright laws." *Armstrong v. Virgin Records, Ltd.*, 91 F. Supp. 2d 628, 634 (S.D.N.Y. 2000) (internal citations omitted).

For the International Defendants, the allegedly infringing acts took place entirely outside of the United States and New York: the photographs were not directed, intended to have an effect in, or hosted in the United States or New York, and are thus not actionable under U.S. Copyright Law. Nor has Plaintiff pleaded as much. *State Street Global Advisors Trust Co. v. Visbal*, 431 F. Supp. 3d 322, 339–40 (S.D.N.Y. 2020) (that content is simply accessible in the United States is insufficient grounds for jurisdiction); *Skrodzki v Marcello*, 810 F. Supp. 2d 501, 516–17 (E.D.N.Y. 2011) ("[T]he Second Circuit has made clear that personal jurisdiction over a defendant is not appropriate simply because the defendant maintains a website which residents of New York may visit.") (internal citations omitted); *Savage Universal Corp. v. Grazier Constr., Inc.*, 2004 WL 1824102, at *9 (S.D.N.Y. Aug. 13, 2004) ("It stretches the meaning of

'transacting business' to subject defendants to personal jurisdiction in any state merely for operating a website, however commercial in nature, that is capable of reaching customers in that state, without some evidence or allegation that commercial activity in that state actually occurred.").

### III.    The Master Complaint fails to state a claim against any of the Trip Defendants.

Separately, the Court should dismiss all claims against the Trip Defendants pursuant to Federal Rule of Civil Procedure 12(b)(6) because the Master Complaint fails to state a claim against any of them. To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This "plausibility standard" requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Twombly*, 550 U.S. at 555. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint ... has not shown that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679.

Although a plaintiff's factual allegations must generally be accepted as true, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Brown v. Daikin Am. Inc.*, 756 F.3d 219, 225 (2d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). For this reason, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Twombly*, 550 U.S. at 555); *see also Heinert v. Bank of Am. N.A.*, 835 Fed. Appx. 627, 629 (2d Cir. 2020) ("Allegations that are 'conclusory' are not entitled to be assumed true.").

Furthermore, the Court need not accept as true "any allegations that are contradicted by documents deemed to be part of the complaint, or materials amenable to judicial notice." *In re Yukos Oil Co. Dec. Litig.*, 2006 WL 3026024, at *12 (S.D.N.Y. Oct. 25, 2006). For the reasons

- 17 -

stated below, the Master Complaint does not state a claim against the Trip Defendants and should be dismissed under Rule 12(b)(6).

### A.    The Master Complaint Fails to State a Claim for Direct Infringement.

The first cause of action fails to state a claim for direct infringement under 17 U.S.C. § 501 because it fails to plead which specific original works are the subject of Plaintiff's claim, and by what acts during which time period the Trip Defendants allegedly infringed Plaintiff's copyright. Plaintiff attaches a table that identifies a handful of works from a "library of over 3,000" (¶ 145) that were allegedly infringed by defendant Skyscanner. This is inadequate, as Plaintiff fails to provide any details on the timing of the alleged infringements. *See, e.g.*, *Jacobs v. Carnival Corp.*, 2009 WL 856637, at *5 (S.D.N.Y. Mar. 25, 2009) (dismissing copyright claims because plaintiff failed to allege "by what acts and during what time the defendant infringed the copyright" and made "no reference whatsoever to time in the Complaint."); *Hartmann v. Amazon.com, Inc.*, 2021 WL 3683510, at *4 (S.D.N.Y. Aug. 19, 2021) (Rule 8 not satisfied when plaintiff "base[s] an infringement claim on overly-inclusive lists" that are "vague ... regarding which works are the subject of" the claim").

Even after Judge Seibel directed Plaintiff to prepare a spreadsheet detailing which defendants infringed which photos, for how long, when, and how, those key details are still missing from the Master Complaint. And, as noted above, the sole US defendant (MakeMyTrip, Inc.) does not even offer hotel bookings and does not have any hotel photographs on its website in the United States.

### B.    The Master Complaint fails to state a claim for contributory infringement.

The second cause of action fails to state a claim for contributory infringement because it fails to identify any specific direct infringement (i.e. when and by whom) to which the Trip Defendants allegedly contributed, or that the Trip Defendants had specific knowledge of the

underlying infringing activity, or how the Trip Defendants have induced, caused, or materially contributed to that infringement.

To state a claim based on secondary liability, a plaintiff first must allege direct infringement by the relevant third party. *See Arista Recs. LLC v. Lime Grp. LLC*, 784 F. Supp. 2d 398, 423 (S.D.N.Y. 2011) (citing *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 929–30 (2005), and *Faulkner v. Nat'l Geographic Enters. Inc.*, 409 F.3d 26, 40 (2d Cir. 2005)); *see also Matthew Bender & Co. v. W. Pub. Co.*, 158 F.3d 693, 706 (2d Cir. 1998) (dismissing the contributory infringement claim because the plaintiff failed to identify any primary infringer). Here, the Master Complaint fails to identify any third party responsible for direct infringement. For example, the Master Complaint generically alleges that *all 70+* "Defendants knew, or should have known, that they did not have ownership or licensed rights, nor Wave's authorization, to engage in such unauthorized distribution, provision, and trafficking of the Copyrighted Works to *such third parties* (including without limitation other Defendants" (¶ 342) (emphasis added), and that *all 70+* "Defendants each controlled the distribution of the Copyrighted Works by contracting with *various third parties* …." (¶ 351) (emphasis added). This is plainly insufficient.

In addition, to state a claim for contributory copyright infringement, a plaintiff must allege that (1) the defendant has knowledge of the infringing activity; and (2) the defendant induced, caused, or materially contributed to the infringing conduct of another. *BWP Media USA Inc. v. Hollywood Fan Sites*, LLC, 69 F. Supp. 3d 342, 356 (S.D.N.Y. 2014).

Regarding the first element, a plaintiff must allege specific knowledge of the underlying infringing conduct. *See State St. Glob. Advisors Tr. Co. v. Visbal*, 431 F. Supp. 3d 322, 358 (S.D.N.Y. 2020) (dismissing counterclaim of contributory copyright infringement because the

defendant pleaded no more than the plaintiff's generalized knowledge of the possibility of underlying infringement); *Luvdarts, LLC v. AT&T Mobility, LLC*, 710 F.3d 1068, 1072 (9th Cir. 2013).

     *Hartmann v. Apple, Inc*. is instructive. 2021 WL 4267820 (S.D.N.Y. Sept. 20, 2021). In that case, the plaintiff attempted to establish the defendant's knowledge by alleging that "Apple employs a digital rights management team," "uses a digital rights management software to monitor its rights to prevent unauthorized usage," has "the benefit of industry experience," and "had access to license and distribution information contained in metadata accompanying digital copies of Plaintiff's motion pictures…." *Id.* at *7. The court found the allegations to be conclusory and dismissed the contributory infringement claim. *Id*.

     Here, the Master Complaint contains far fewer factual allegations than in *Hartmann*. Plaintiff simply recites this element by alleging that *all* of the 70+ "Defendants knew, or should have known, that they did not have ownership or licensed rights, nor Wave's authorization, to engage in such unauthorized distribution, provision, and trafficking of the Copyrighted Works to such third parties (including without limitation other Defendants)." (¶ 342.) These conclusory allegations are insufficient.

     Regarding the second element, merely providing the means of infringement is insufficient for contributory copyright infringement liability. *Wolk v. Kodak Imaging Network, Inc.*, 840 F. Supp. 2d 724, 750 (S.D.N.Y. 2012) (internal citation omitted). For example, in *Lixenberg v. Complex Media, Inc.*, the plaintiff alleged that the defendants published photographs obtained from third parties that the defendant(s) knew, or should have known, were not authorized to be published by the defendant(s); published the subject photographs on affiliate, third-party, and social media sites; and distributed the subject photographs to third-parties and the public. 2023

WL 144663, at *3 (S.D.N.Y. Jan. 10, 2023). The court disregarded these allegations as "no more than 'threadbare recitals of a cause of action's elements, supported by mere conclusory statements,' which cannot sustain a claim on a motion to dismiss." *Id*.

Here, the Master Complaint employs a similarly defective pleading strategy, simply alleging in conclusory fashion as to all 70+ defendants that "[b]y providing unfettered access to the Copyrighted Works to third parties …, [*all* of the] Defendants each materially contributed to such third parties' infringement of Wave's copyrights in the Copyrighted Works." (¶ 344.) The claim should be dismissed on this ground as well. *See Gym Door Repairs, Inc. v. Young Equip. Sales, Inc.*, 206 F. Supp. 3d 869, 898–99 (S.D.N.Y. 2016) ("a defendant cannot be liable for "merely providing the means to accomplish an infringing activity … ." Allegations did not include any "active steps ... to encourage direct infringement ... such as advertising an infringing use or instructing how to engage in an infringing use," nor do they "show an affirmative intent that the product be used to infringe, and ... that infringement was encouraged.").

In sum, the Master Complaint fails to identify the primary infringer, and contains no facts showing that the Trip Defendants had specific knowledge of the underlying allegedly infringing activity, nor how the Trip Defendants have induced, caused, or materially contributed to that infringement. Plaintiff's claim for contributory infringement should therefore be dismissed.

### C.    The Master Complaint fails to state a claim for vicarious infringement.

The third cause of action fails to state a claim for vicarious infringement because it fails to allege any specific way in which the Trip Defendants could control the allegedly infringing activities of unspecified third parties, and also fails to allege any specific financial benefit to the Trip Defendants tied to such activities.

A defendant is liable for vicarious infringement where it "profits from direct infringement while declining to exercise a right to stop or limit it." *BWP*, 69 F. Supp. 3d at 357. The

establishment of a direct infringement by the relevant third party is required to allege a vicarious copyright infringement claim.[9] *Lime Grp.*, 784 F. Supp. 2d at 423; *Klauber Bros., Inc. v. URBN US Retail LLC*, 2023 WL 1818472, at *7 (S.D.N.Y. Feb. 8, 2023) (noting that defendants are vicariously liable only when the third party's infringement is established).

The two elements required to establish vicarious copyright infringement are: (1) the defendant has the right and ability to supervise but declines to exercise it, and (2) the defendant has an obvious and direct financial interest in the exploitation of copyrighted materials. *Id*.

As to the first element, merely pointing out the existence of a contractual relationship is insufficient to allege vicarious liability. *Lepore v. NL Brand Holdings LLC*, 2017 WL 4712633, at *4 (S.D.N.Y. Sept. 28, 2017) (holding that the plaintiffs' allegation that "defendants have [and exercise] a contractual right and ability to supervise and control," without alleging any additional facts, is conclusory and fails to establish vicarious liability); *Berry v. Deutsche Bank Tr. Co. Americas*, 2008 WL 4694968, at *5 (S.D.N.Y. Oct. 21, 2008), *aff'd*, 378 F. App'x 110 (2d Cir. 2010) (holding that plaintiff failed to allege any facts showing the degree of control necessary to state a claim of vicarious copyright infringement because the relationship between a lender and borrower alone is not sufficient to establish the right and ability to supervise the borrower). Here, the Master Complaint alleges that the *all* of the 70+ defendants "controlled the distribution of the Copyrighted Works by contracting with various third parties to display, copy, reproduce, distribute, sell, assign, or license the Copyrighted Works[,]" but does not specify how such control works. (¶ 351.) These allegations are plainly insufficient to state a claim.

---

[9] As noted above, the Master Complaint fails to identify *any* third party responsible for direct infringement.

For the second element, the plaintiff must allege a causal relationship between the infringing activity and any financial benefit the defendant obtains. *BWP*, 69 F. Supp. 3d at 358. Conclusory statements such as "[defendants] had a direct financial interest in the infringing conduct" are not sufficient to hold defendants vicariously liable. *Lixenberg*, 2023 WL 144663, at *3. Here, the allegation that *all* of the 70+ Defendants in this action "have obtained direct and indirect profits that they would not otherwise have realized, but for their infringement of the Copyrighted Works" (¶ 355), is obviously conclusory and insufficient.

Thus, the third cause of action for vicarious infringement should be dismissed because it fails to identify the primary infringer and fails to state sufficient facts to support this claim.

## IV.     The Court should dismiss all claims against the Trip Defendants as time-barred.

Finally, all of Plaintiff's claims against the Trip Defendants should be dismissed on the ground that they are untimely. The Copyright Act provides for a three-year statute of limitations. 17 U.S.C. § 507 ("No civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued."); *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 671 (2014) ("Under the Act's three-year provision, an infringement is actionable within three years, and only three years, of its occurrence. And the infringer is insulated from liability for earlier infringements of the same work."). Although the Supreme Court recently ruled that damages are available beyond the three-year period, the claim must still be timely filed. *Warner Chappell Music, Inc. v. Nealy*, 601 U.S. 366, 368 (2024).

"Civil actions for copyright infringement must be 'commenced within three years after the claim *accrued*.'" *Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120, 124 (2d Cir. 2014) (emphasis added). In the Second Circuit, "an infringement claim does not 'accrue' until the copyright holder discovers, or with due diligence should have discovered, the infringement." *Id*.;

see *Minden Pictures, Inc. v. Complex Media, Inc.*, 2023 WL 2648027, at *2 (S.D.N.Y. Mar. 27, 2023).

This case was originally filed over *ten years* ago. Accordingly, based on Plaintiff's own allegations, it was or should have been aware of any infringing uses of these photographs long before filing its action against the Trip Defendants in April 2023. The Court should therefore dismiss these untimely claims.

## CONCLUSION

The Court should dismiss the Master Complaint as against all the Trip Defendants both because the substantive claims against them fail and because they are untimely, and further as against the International Defendants for want of jurisdiction and because the Copyright Act does not have extraterritorial application.

Dated:      December 6, 2024      Respectfully submitted,
              New York, NY

By: */s/ Adam Pollock*

Adam Pollock
Anna Menkova
POLLOCK COHEN LLP
111 Broadway, 18th Floor
New York, NY 10006
Tel: (212) 337-5361
Email: Adam@pollockcohen.com

*Counsel for Defendants MakeMyTrip, Inc., Skyscanner Ltd., Trip.com Travel Singapore Pte. Ltd., and Trip.com Group Limited*