**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

THE WAVE STUDIO, LLC,

                    Plaintiff,

      v.

GENERAL HOTEL MANAGEMENT LTD., *et al.*,

                  Defendants.

No. 7:13-cv-09239-CS-PED

Related Action:
No. 7:23-cv-03586

**Trip Defendants' Reply in Support of Motion to Dismiss and**
**Opposition to Plaintiff's Cross-Motion for Leave To Amend**

**BALANCE LAW FIRM**
One World Trade Center, Suite 8500
New York, New York 10007
(212) 741)-8080
robert.liu@balancelawfirm.com

*Attorneys for Defendants Trip.com Group Limited,*
*Trip.com Travel Singapore Pte. Ltd.,*
*Skyscanner Ltd., and MakeMyTrip, Inc.*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................ iii

PRELIMINARY STATEMENT ...................................................................................1

ARGUMENT ...............................................................................................................2

I.    PLAINTIFF FAILS TO SATISFY ITS BURDEN OF ESTABLISHING THAT THIS COURT HAS PERSONAL JURISDICTION OVER THE INTERNATIONAL DEFENDANTS .............................................................................2

    A.  *PLAINTIFF'S CONCLUSORY ALLEGATIONS FAIL TO ESTABLISH PERSONAL JURISDICTION UNDER NEW YORK LAW AS TO EACH OF THE INTERNATIONAL DEFENDANTS, AND ASSERTING PERSONAL JURISDICTION WOULD BE UNREASONABLE* .................................................3

    B.  *PLAINTIFF'S 4(k)(2) ARGUMENT CONTRADICTS PLAINTIFF'S ARGUMENT THAT THIS COURT HAS PERSONAL JURISDICTION BASED ON NEW YORK LAW AND OTHERWISE LACKS MERIT* ..............................................................5

II.   PLAINTIFF'S CLAIMS REMAIN EXTRATERRITORIAL AND NON-ACTIONABLE UNDER THE COPYRIGHT ACT ..................................................10

III.  PLAINTIFF'S COPYRIGHT CLAIMS REMAIN DEFICIENT AND TIME-BARRED .................................................................................................................12

    A.  *COPYRIGHT CLAIMS FAIL TO MEET RULE 8 STANDARDS* ..........................12

    B.  *PLAINTIFF'S INFRINGEMENT CLAIMS AGAINST MAKEMYTRIP REMAIN WHOLLY UNSUPPORTED* ..................................................................................14

IV.  PLAINTIFF'S CROSS-MOTION TO AMEND SHOULD BE DENIED AS FUTILE AND PREJUDICIAL .............................................................................15

    A.  *PLAINTIFF'S CLAIMS AGAINST TRIP DEFENDANTS ARE TIME-BARRED AND FACIALLY IMPLAUSIBLE* .......................................................................15

    B.  *PLAINTIFF'S CLAIMS AGAINST TRIP DEFENDANTS ARE "NOT NEWLY ACCRUED" CLAIMS BUT ARE MERELY DERIVATIVE OF SETTLED CLAIMS AGAINST GHM AND ACCORDINGLY FUTILE* ..................................................18

CONCLUSION ...........................................................................................................20

## TABLE OF AUTHORITIES

**Cases**

*Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.,* 751 F.3d 796, 803
(7th Cir. 2014) citing *be2 LLC v. Invanov,* 642 F.3d 555, at *558 (7th Cir. 2011) ........ 4
*Arista Records L.L.C. v. Usenet.com, Inc.,* No. 07 Civ. 8822 (S.D.N.Y. 2010).............. 20
*Arista Records L.L.C. v. Lime Grp. L.L.C.*, 784 F. Supp. 2d 313 (S.D.N.Y. 2011) ... 18, 19
*Asahi Metal Indus. Co. v. Superior Court of Cal.,* 480 U.S. 102 (1987)........................... 5
*Ashcroft v. Iqbal,* 556 U.S. 662 (2009) ................................................................. 14
*Astor Chocolate Corp. v. Elite Gold Ltd.*, 510 F. Supp. 3d 108, 125 (S.D.N.Y. 2020)...... 8
*Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007) ...................................................... 14
*Bellefonte Re Ins. Co. v. Argonaut Ins. Co.*, 757 F.2d 523 (2d Cir. 1985) ...................... 19
*Best Van Lines, Inc. v. Walker*, 490 F.3d 239 (2d Cir. 2007) (citing *CutCo Indus. v.
Naughton,* 806 F.2d 361, 365 (2d Cir. 1986) ...................................................... 4
*BNSF Railway Co. v. Tyrrell*, 137 S. Ct. 1549, 1558-59 (2017) ................................... 9
*Briskin v. Shopify, Inc.*, 2023 WL 8225346, at *11 (9th Cir. 2023) ............................ 4, 5
*Bristol-Myers Squibb v. Superior Court*, 137 S. Ct. 1773, 1783 (2017)
(quoting *Rush v. Savchuk*, 444 U.S. 320, 332 (1980) ........................................... 2
*Bryant v. Media Right Prods.,* 603 F.3d 135 (2d Cir. 2010) ....................................... 19
*BWP Media USA, Inc. v. Hollywood Fan Sites, L.L.C.*, 69 F. Supp. 3d 342
(S.D.N.Y. 2014).............................................................................................. 13
*Cartoon Network LP v. CSC Holdings, Inc.*, 536 F.3d 121, 131 (2d Cir. 2008) ............. 11
*City of Long Beach v. Total Gas & Power N. Am., Inc.*, 465 F. Supp. 3d 416
(S.D.N.Y. 2020)......................................................................................... 6, 7, 8
*Daimler AG v. Bauman,* 571 U.S. 117 (2014)................................................... 2, 8, 9
*Dardana Ltd. v. A.O. Yuganskneftegaz*, 317 F.3d 202, 207 (2d Cir. 2003)................. 7, 8
*Dow Jones & Co. v. Juwai Ltd.*, No. 21-cv-7284, 2023 WL 2585934 (S.D.N.Y. 2023) . 12
*Foman v. Davis*, 371 U.S. 178 (1962) .................................................................. 15
*Lensky v. Turk Hava Yollari, A.O.*, 2023 WL 6173334, at *2 (2d Cir. Sept. 22, 2023) ..... 8
*Ochre L.L.C. v. Rockwell Architecture Planning & Design, P.C.,* No. 12 Civ. 2837 (KBF),
2012 WL 6082387, at *6 (S.D.N.Y. 2012) .................................................... 13
*Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d 1146, 1160–61 (9th Cir. 2007) ........ 11, 12
*Petrella v. MGM,* 572 U.S. 663 (2014)............................................................ 17, 18
*PK Music Performance, Inc. v. Timberlake*, 2018 WL 4759737, at *3 (S.D.N.Y. 2018) 15
*Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) ...................................... 2
*Rush v. Savchuk*, 444 U.S. 320, at *331-32 (1980) ................................................... 2
*Savage Universal Corp. v. Grazier Constr., Inc.,* No. 04 Civ. 1089 (GEL),
2004 WL 1824102, at *9 (S.D.N.Y. 2004)......................................................... 3
*Skrodzki v. Marcello*, 810 F. Supp. 2d 501, 516-17 (E.D.N.Y. 2011)............................. 5
*Smith v. Weeknd,* No. CV 19-2507 PA (MRWx), 2019 U.S. Dist. LEXIS 221922,
at *7-9 (C.D. Cal. 2019).................................................................................. 12
*Starmedia Network, Inc. v. Star Media, Inc.*, 2001 WL 417118, at *3 (S.D.N.Y. 2001)... 5
*TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493 (2d Cir. 2014) ............................ 19, 20
*United States Media Corp. v. Edde Entm't Corp.,* No. 94 Civ. 4849, 1998 U.S. Dist.
LEXIS 10985, 1998 WL 401532, at *20 (S.D.N.Y. 1998).................................... 19, 20
*United States v. McKeon*, 738 F.2d 26 (2d Cir. 1984).................................................... 19

*Wolf v. Travolta,* 167 F. Supp. 3d 1077 (C.D. Cal. 2016) .......................................... 17, 18

*Wood v. Santa Barbara Chamber of Commerce, Inc.*,
    705 F.2d 1515 (9th Cir. 1983) .................................................................. 16

**Statutes**

17 U.S.C. § 507(b) .......................................................................................... 15, 17

**Rules**

Fed. R. Civ. P. 4(k)(2) ............................................................................. 1, 5, 6, 7, 8

Fed. R. Civ. P. 8 ................................................................................................. 14

N.Y. C.P.L.R. § 302(a)(1) .................................................................................. 4

Defendants Trip.com Group Limited ("Trip.com"), Trip.com Travel Singapore Pte. Ltd. ("Trip.com Singapore"), Skyscanner Ltd. ("Skyscanner"), and MakeMyTrip, Inc. ("MakeMyTrip") (collectively, the "Trip Defendants") respectfully submit this combined reply and opposition to Plaintiff's "Memorandum of Law in Opposition to the Motion to Dismiss filed by [the Trip Defendants] and in Support of Cross Motion for Leave to Amend" ("Plaintiff's Memorandum"). Three of these defendants—Trip.com, Trip.com Singapore, and Skyscanner (collectively, the "International Defendants")—are foreign entities with no meaningful connections to the United States or the State of New York.

## PRELIMINARY STATEMENT

The opening memorandum in support of the Trip Defendants' Motion to Dismiss showed that this Court lacks personal jurisdiction over the International Defendants and that, in any event, all of the claims asserted against the Trip Defendants should be dismissed as legally deficient. Plaintiff's Memorandum tries—but fails—to rescue Plaintiff's claims, and Plaintiff's effort to shore up the claims by seeking leave to amend also lacks merit, for the reasons discussed in the Trip Defendants' opening memorandum, below, and in the accompanying declarations. First, Plaintiff has failed to satisfy its burden of establishing that this Court has personal jurisdiction over the International Defendants, regardless of whether Plaintiff invokes New York law or Rule 4(k)(2) of the Federal Rules of Civil Procedure. Second, Plaintiff's copyright claims are extraterritorial and therefore are not actionable under the Copyright Act. Third, the copyright claims are time-barred and deficient. Finally, leave to amend should be denied as futile and prejudicial.

## ARGUMENT

**I.    PLAINTIFF FAILS TO SATISFY ITS BURDEN OF ESTABLISHING THAT THIS COURT HAS PERSONAL JURISDICTION OVER THE INTERNATIONAL DEFENDANTS.**

Personal jurisdiction is "an essential element" of a court's jurisdiction, "without which the court is powerless to proceed to an adjudication." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (quotation marks omitted). A plaintiff can seek to satisfy its personal jurisdiction burden by establishing general personal jurisdiction or specific personal jurisdiction. *See Daimler AG v. Bauman*, 571 U.S. 117, 126-27 (2014). Moreover, a plaintiff must establish personal jurisdiction "as to each defendant over whom a state court exercises jurisdiction," *Bristol-Myers Squibb v. Superior Court*, 137 S. Ct. 1773, 1783 (2017) (quoting *Rush v. Savchuk*, 444 U.S. 320, 332 (1980)), so it is "plainly unconstitutional" for a court to "consider[] the 'defending parties' together and aggregat[e] their forum contacts in determining whether it has [personal] jurisdiction," *Rush*, 444 U.S. at *331-32.

By filing a cross-motion for leave to amend to add new allegations after reviewing the International Defendants' dismissal arguments, Plaintiff implicitly acknowledged that its prior allegations failed to satisfy its burden of establishing that this Court has personal jurisdiction over the International Defendants. Plaintiff's concern was well-founded, but its attempted solution misses the mark. As discussed below and in the International Defendants' opening memorandum of law, Plaintiff's prior allegations fall well short, and the proposed new allegations for which Plaintiff seeks leave to amend do so as well, so the Court should dismiss the International Defendants for lack of personal jurisdiction.

A.  **PLAINTIFF'S CONCLUSORY ALLEGATIONS FAIL TO ESTABLISH PERSONAL JURISDICTION UNDER NEW YORK LAW AS TO EACH OF THE INTERNATIONAL DEFENDANTS, AND ASSERTING PERSONAL JURISDICTION WOULD BE UNREASONABLE.**

Plaintiff's Memorandum shows that Plaintiff does not contend that this Court has general personal jurisdiction over the Intentional Defendants under New York law. Indeed, Plaintiff affirmatively asserts that no state has general personal jurisdiction over the International Defendants (which Plaintiff calls the "Jurisdiction Movants"). *See* Plaintiff's Mem. at 14. Thus, the only jurisdictional theory that the Court needs to evaluate here is whether it has specific personal jurisdiction over each of the International Defendants under New York law and federal due process principles.

Plaintiff's jurisdictional allegations are conclusory and not supported by factual detail sufficient to satisfy Plaintiff's burden of establishing specific personal jurisdiction as to each of the International Defendants. Plaintiff's theory of personal jurisdiction is based on the alleged fact that the International Defendants operate commercial websites accessible from New York. However, this Court has already held that "it stretches the meaning of 'transacting business' to subject defendants to personal jurisdiction in any state merely for operating a website, however commercial in nature, that is capable of reaching customers in that state, without some evidence or allegation that commercial activity in that state actually occurred." *Savage Universal Corp. v. Grazier Constr., Inc.*, No. 04 Civ. 1089 (GEL), 2004 WL 1824102, at *9 (S.D.N.Y. 2004). Plaintiff's Exhibits 7, 8, and 9 merely show that Trip.com's websites and mobile apps are publicly accessible—not that they were actually used to conduct infringing acts in, or target infringing acts at, New York. This defect also undermines Plaintiff's personal jurisdiction arguments as to the other International Defendants.

Plaintiff fails to demonstrate that the International Defendants transacted business in New York or that the claims arise from such business. There are no allegations of bookings, contracts, or transactions with New York consumers attributable to the International Defendants. Even if a website is interactive, that does not suffice to confer jurisdiction absent evidence that any of the International Defendants purposefully directed their activities at New York, which they did not. *See Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 252 (2d Cir. 2007) ("We think that a website's interactivity may be useful for analyzing personal jurisdiction under section 302(a)(1), 'but only insofar as it helps to decide whether the defendant "transacts any business" in New York—that is, whether the defendant, through the website, purposefully avail[ed] himself of the privilege of conducting activities within New York, thus invoking the benefits and protections of its laws.'") (citing *CutCo Indus. v. Naughton,* 806 F.2d 361, 365 (2d Cir. 1986)). The use of a content delivery network ("CDN") (Ex. 20) and mere accessibility of the website in New York do not constitute purposeful availment. *Id.* at 251-53 (mere website accessibility in New York "does not, without more, constitute 'transact[ing] business' in New York for the purposes of New York's long-arm statute."); *see also Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.,* 751 F.3d 796, 803 (7th Cir. 2014) ("We have warned that [c]ourts should be careful in resolving questions about personal jurisdiction involving online contacts to ensure that a defendant is not haled into court simply because the defendant owns or operates a website that is accessible in the forum state, even if that site is 'interactive.'" "This makes sense; the operation of an interactive website does not show that the *defendant* has formed a contact with the forum state. And, without the defendant's creating a sufficient connection (or "minimum contacts") with the forum state itself, personal jurisdiction is not proper.") (emphasis in original) (citing *be2 LLC v. Invanov,* 642 F.3d 555, at *558 (7th Cir. 2011)); *Briskin v. Shopify, Inc.*, 2023

4

WL 8225346, at *11 (9th Cir. 2023) ("[O]ur cases have consistently rejected the suggestion that operating a website that is viewable anywhere means that the defendant is suable everywhere."); *Skrodzki v. Marcello*, 810 F. Supp. 2d 501, 516-17 (E.D.N.Y. 2011) ("[T]he Second Circuit has made clear that personal jurisdiction over a defendant is not appropriate simply because the defendant maintains a website which residents of New York may visit.") (internal citations omitted); *Starmedia Network, Inc. v. Star Media, Inc.*, 2001 WL 417118, at *3 (S.D.N.Y. 2001) (stating that "it is now well established that one does not subject himself to the jurisdiction of the courts in another state simply because he maintains a web site which residents of that state visit").

Even assuming for the sake of argument that Plaintiff has satisfied its burden of establishing requisite minimum contacts between each of the International Defendants and New York, the Court should decline to assert personal jurisdiction because it would be unreasonable and violate due process principles. The burden on the International Defendants—foreign companies based in China, Singapore, and the United Kingdom—would be significant. *Asahi Metal Indus. Co. v. Superior Court of Cal.,* 480 U.S. 102, 114 (1987). No infringing acts are alleged to have occurred domestically. Moreover, the alleged infringing conduct stems from GHM's dissemination of photographs, which was already litigated in Singapore. SAC ¶¶ 35–38. Plaintiff prevailed and obtained judgment there. Any attempt to relitigate these settled issues here is unreasonable and simply nonsensical. Logic dictates that Singapore remains the appropriate forum for any further enforcement, having already resolved ownership and liability.

**B.     PLAINTIFF'S RULE 4(k)(2) ARGUMENT CONTRADICTS PLAINTIFF'S ARGUMENT THAT THIS COURT HAS PERSONAL JURISDICTION BASED ON NEW YORK LAW AND OTHERWISE LACKS MERIT.**

Plaintiff tries to have its cake and eat it too by arguing that this Court has personal jurisdiction based on New York law (and the International Defendants' alleged contacts with New York) and also contending that the Court has personal jurisdiction based on Rule 4(k)(2) (and the International Defendants' alleged aggregate contacts with the United States as a whole), but that argument fails for several reasons.

**First**, this internally inconsistent litigation gambit merely reinforces the conclusion that Plaintiff does not have a viable argument that this Court has personal jurisdiction based on New York law because Rule 4(k)(2) allows a court to exercise personal jurisdiction over a defendant if two other requirements of the rule are satisfied and if "'the defendant is not subject to jurisdiction in any state's court of general jurisdiction,'" *City of Long Beach v. Total Gas & Power N. Am., Inc.*, 465 F. Supp. 3d 416, 433 (S.D.N.Y. 2020) (quoting Rule 4(k)(2)). In other words, by arguing that Rule 4(k)(2) applies, Plaintiff necessarily concedes that the International Defendants are not subject under state law to the personal jurisdiction of any state court. *See id.* ("By arguing that Rule 4(k)(2) applies, [plaintiff] necessarily concedes that [defendants] are not subject under state law to the jurisdiction of any state court.").

**Second**, Plaintiff's attempt to invoke the negating-personal-jurisdiction requirement of Rule 4(k)(2) fails because Plaintiff's June 5, 2023 Jurisdictional Affirmation (ECF No. 42, Case No. 7:23-cv-03586) does not certify unequivocally that the International Defendants are "not subject to jurisdiction in any state's court of general jurisdiction," Rule 4(k)(2). Instead, Plaintiff waffled—asserting that "no states have general jurisdiction over the International Defendants," Jurisdictional Affirmation ¶ 2, but also stating that, "[a]s to all Defendants, [Plaintiff] has a good faith basis to allege that this Court has specific jurisdiction over each of them given the intentional

conduct directed at New York," *id*. ¶ 3. Such equivocation does not satisfy the negating-personal-jurisdiction requirement of Rule 4(k)(2).

      **Third**, even if this Court were to ignore the assertion in Paragraph 3 and thereby remove the internal inconsistency from the Jurisdictional Affirmation, Plaintiff's effort to satisfy the negating-personal-jurisdiction requirement of Rule 4(k)(2) is unavailing because Plaintiff erroneously conflates two different phrases—"any state's court of general jurisdiction," Rule 4(k)(2), and "general jurisdiction over the International Defendants," Jurisdictional Affirmation ¶ 2. Thus, Plaintiff makes the same mistake made by the plaintiff in the *City of Long Beach* case when trying to invoke Rule 4(k)(2). As this Court correctly explained, the plaintiff in that case "evidently misreads the phrase 'courts of general jurisdiction' to mean 'general personal jurisdiction,' which is a type of personal jurisdiction rather than a type of court." *City of Long Beach,* 465 F. Supp. 3d at 433 n.75. Likewise, in this case, Plaintiff mixes up the phrase and concept "courts of general jurisdiction" with the entirely different phrase and concept "general personal jurisdiction." As the Second Circuit stated: "Under this provision [Rule 4(k)(2)], a defendant sued under federal law may be subject to jurisdiction based on its contacts with the United States as a whole, ***when the defendant is not subject to personal jurisdiction in any state***." *Dardana Ltd. v. A.O. Yugansknefiegaz*, 317 F.3d 202, 207 (2d Cir. 2003) (emphasis added). The Second Circuit said "personal jurisdiction" broadly and did not state narrowly, as Plaintiff argues here, that the negating-personal-jurisdiction requirement of Rule 4(k)(2) applies only when a plaintiff negates the existence of general personal jurisdiction. Thus, Plaintiff cannot satisfy this element of Rule 4(k)(2) only by negating the existence of general personal jurisdiction over the International Defendants in any state's courts of general jurisdiction; Plaintiff also needs to negate the existence of specific personal jurisdiction over the International Defendants in any state's

courts of general jurisdiction. *See Lensky v. Turk Hava Yollari, A.O.*, 2023 WL 6173334, at *2 (2d Cir. Sept. 22, 2023); *City of Long Beach,* 465 F. Supp. 3d at 433 n.75; *see also Astor Chocolate Corp. v. Elite Gold Ltd.*, 510 F. Supp. 3d 108, 125 (S.D.N.Y. 2020) (stating that, "to meet the second requirement of Rule 4(k)(2), plaintiffs need to certify that, to their knowledge, the foreign defendant is not subject to jurisdiction in any other state").

*Finally*, even assuming for the sake of argument that Plaintiff has satisfied both of the other requirements of Rule 4(2)(k), it has not satisfied—and cannot satisfy—the requirement that exercising personal jurisdiction here "is consistent with the United States Constitution and laws," Rule 4(2)(k), which means the Due Process Clause of the Fifth Amendment, *Dardana Ltd.*, 317 F.3d at 207.

Plaintiff first contends that this Court has general personal jurisdiction over the International Defendants and argues that Plaintiff must show that they had continuous and systematic general business contacts with the United States. Plaintiff's Mem. at 17. Even assuming for the sake of the argument that that is the correct standard (*but see infra* page 9-10 (discussing Supreme Court's *Daimler* ruling)), Plaintiff has failed to satisfy its burden of establishing that the International Defendants had continuous and systematic contacts with the United States sufficient to give this Court general personal jurisdiction. For example, Plaintiff claims that Trip.com has a U.S.-based customer service address at 261 Madison Avenue, Suite 10088, New York, NY, *see* Plaintiff's Mem. at 3, 17, but that is incorrect, Declaration of Yuetao Ding ¶ 6 ("Ding Declaration") (attached as **Exhibit 1**). That address was not leased, occupied, or used by Trip.com, Trip.com Singapore, or Skyscanner. *Id*. ¶ 8. Instead, it was a shared WeWork space that was—but is no longer—leased by a U.S.-based and separately incorporated subsidiary, which does not operate the trip.com website and does not provide hotel booking services. *See id*. ¶¶ 6-7. Trip.com, Trip.com

Singapore, and Skyscanner do not own, lease, or maintain any offices in the State of New York. Id. ¶ 5.[1] Plaintiff's other arguments also miss the mark.

If the Court is inclined to accept Plaintiff's arguments regarding general personal jurisdiction based on the International Defendants' alleged continuous and systematic contacts with the United States, the International Defendants respectfully request that the Court take into account the Fourteenth Amendment due process principles discussed in the Supreme Court's *Daimler* case, which rejected the prior standard for asserting general personal jurisdiction over corporations (continuous operations in the forum) and drastically narrowed the circumstances in which courts are allowed to exercise general personal jurisdiction. Since *Daimler* was decided in 2014, due process principles prevent a court from asserting general personal jurisdiction over a company unless there are "affiliations" between the company and the forum State that are "so continuous and systematic as to render [the foreign [company]] essentially at home in the forum State." *Daimler*, 571 U.S. at 133 n.11 (quotation marks omitted); *see id*. at 137 (stating that a corporation is amenable to general personal jurisdiction in a forum "in which the corporation is fairly regarded as at home") (quotation marks omitted).[2] A defendant's "place of incorporation and principal place of business are paradig[m] . . . bases for general jurisdiction." *Daimler*, 571 U.S. at 137 (alterations in original; quotation marks omitted). However, none of the International Defendants are "at home" in the United States within the meaning of *Daimler* and its progeny because these defendants are not incorporated, and do not have their principal places of business, in the United States. Trip.com is incorporated in the Cayman Islands and has its principal place of

---

[1] Given that the International Defendants have submitted this declaration, Plaintiff cannot rest on mere pleading allegations to satisfy its burden of establishing personal jurisdiction.

[2] Moreover, the "due process constraint described in *Daimler* . . . applies to all state-court assertions of general [personal] jurisdiction over nonresident defendants; the constraint does not vary with the type of claim asserted or business enterprise sued." *BNSF Railway Co. v. Tyrrell*, 137 S. Ct. 1549, 1558-59 (2017).

business in Singapore. Ding Declaration ¶ 2. Trip.com Singapore is incorporated, and has its principal place of business, in Singapore. *Id*. ¶ 3. Skyscanner is incorporated, and has its principal place of business, in the United Kingdom. *Id*. ¶ 4. Accordingly, the Court should decline to assert general personal jurisdiction over the International Defendants because none of them are "at home" in the United States.

Plaintiff argues in the alternative that this Court has specific personal jurisdiction over the International Defendants, Plaintiff's Mem. at 17-19, but that argument also lacks merit. Plaintiff has not satisfied its burden of establishing: (a) that each of the International Defendants purposely availed itself of the privilege of conducting activities within the United States; and (b) that Plaintiff's claims arose out of or relate to that defendant's contacts with the United States. The same arguments discussed, and the same case law cited, above in Section I.A. apply here as well.

Likewise, for the reasons discussed above in Section I.A., it would be unreasonable and contrary to applicable due process principles for this Court to assert personal jurisdiction over the International Defendants.

## II.    PLAINTIFF'S CLAIMS REMAIN EXTRATERRITORIAL AND NON-ACTIONABLE UNDER THE COPYRIGHT ACT.

Plaintiff's claims remain extraterritorial and therefore non-actionable under the Copyright Act. Even under the proposed amendments, the alleged infringing acts are said to have occurred entirely outside the United States. Plaintiff alleges that foreign entities - Trip.com (China), Trip.com (Singapore) and Skyscanner (U.K.), offered their services, displayed photographs on foreign-hosted platforms, yet fails to allege that any infringing act was initiated in or directed from the United States. Master Compl. ¶¶ 23, 77, 86, 87.

At most, Plaintiff alleges that these platforms are accessible from the United States or that data may have been routed through U.S.-based infrastructure. But mere accessibility or incidental

routing through U.S. servers is insufficient to trigger liability under U.S. copyright law. In *Perfect 10, Inc. v. Amazon.com, Inc.*, the Ninth Circuit held that automated content delivery systems do not constitute direct infringement. Specifically, Google's automated retrieval and display of images lacked the requisite "***volitional conduct***." 508 F.3d 1146, 1160–61 (9th Cir. 2007). Similarly, the use of content delivery networks (*e.g.,* Akamai or AWS) by the Trip Defendants involves automated caching and routing, ***not affirmative acts*** of reproduction or distribution. The court further explained that even where Google's system facilitated the appearance of infringing images on user screens, it did so through automated linking or caching mechanisms, not through the kind of intentional, affirmative copying that the Copyright Act requires. *Id*. This holding applies with equal force here: the Trip Defendants' alleged use of content delivery networks (e.g., Akamai or AWS) involves automated routing and caching, not volitional acts of reproduction or distribution. Accordingly, these allegations cannot sustain a claim of direct infringement; *see also*, *Cartoon Network LP v. CSC Holdings, Inc.*, 536 F.3d 121, 131 (2d Cir. 2008) (emphasizing direct infringement requires "volitional conduct" by the defendant; automated systems that respond to user requests do not suffice).

The Second Circuit in *Cartoon Network LP v. CSC Holdings, Inc.* likewise emphasized that direct infringement requires volitional conduct by the defendant. Automated systems responding to user requests do not suffice. 536 F.3d 121, 131 (2d Cir. 2008). Here, Plaintiff does not allege that any Trip Defendant uploaded, reproduced, or distributed the photographs from ***within the U.S.***, nor that any U.S.-based systems were used under their control. The only allegations relate to use of global CDNs with some nodes in the U.S. (Master Compl. ¶¶ T12, T25, T33; Exs. 20, 27, 28). But courts have repeatedly rejected the theory that CDN routing establishes domestic infringement. 536 F.3d 121, 131 (2d Cir. 2008) ("volitional conduct" required;

automation insufficient); *Perfect 10*, 508 F.3d at 1160–61 (automated image caching not actionable). Plaintiff's reliance on header data suggesting that some requests routed through U.S. edge servers (Ex. 28) is misplaced. CDN vendors, not Defendants, control routing behavior, which is automatic and indifferent to geography or copyright status.

Plaintiff's attempt to analogize to *Dow Jones & Co. v. Juwai Ltd.*, No. 21-cv-7284, 2023 WL 2585934 (S.D.N.Y. 2023), is unavailing. In *Juwai*, the court found specific allegations of U.S.-originating conduct and predicate acts. *Id.* at *5–6. No such domestic conduct is alleged here.

The Master Complaint fails to allege that the Trip Defendants own, operate, or control any U.S.-based servers or initiated any domestic infringing conduct. In the absence of domestic, volitional acts by these Defendants, the Copyright Act does not apply. Accordingly, the claims are legally deficient, and amendment would be futile.

## III.    PLAINTIFF'S COPYRIGHT CLAIMS REMAIN DEFICIENT AND TIME-BARRED.

### A.    THE COPYRIGHT CLAIMS FAIL TO MEET RULE 8 STANDARDS.

#### 1.    Improper Group Pleading Renders The Complaint Deficient Under Rule 8.

The proposed amended Master Complaint continues to lump 70+ defendants for all claims failing to identify any primary infringer.[3] Claims for contributory and vicarious infringement against the same defendants who are also alleged to have directly infringed cannot survive dismissal. *See, e.g., Smith v. Weeknd,* No. CV 19-2507 PA (MRWx), 2019 U.S. Dist. LEXIS 221922, at *7-9 (C.D. Cal. 2019) (rejecting plaintiff's argument that defendants simultaneously

---

[3] In the 2013 case, GHM was identified as the primary infringer, and that liability is dispositive. SAC ¶ 3. As discussed *infra* Section IV(B), this fact alone renders any amendment futile, as the issue has already been adjudicated and any further recovery would constitute an impermissible double recovery.

are direct infringers and "also necessarily contributorily and vicariously infringe when the song is played on streaming services, advertised and played on social media, downloaded, and sold in stores or online"). Federal courts, including those in this Circuit, routinely dismiss complaints that impermissibly lump defendants together. *Ochre L.L.C. v. Rockwell Architecture Planning & Design, P.C.*, No. 12 Civ. 2837 (KBF), 2012 WL 6082387, at *6 (S.D.N.Y. 2012) (dismissing claim that failed to distinguish among defendants) ("plaintiff cannot force the various defendants to guess at the nature of its claims"). Plaintiff's broad allegations against "Defendants" as a collective do not identify which acts are attributable to whom, nor do they clarify who allegedly committed direct acts of copying versus who allegedly contributed to or benefited from it. This failure warrants dismissal of all claims.

Further, Plaintiff does not plausibly plead knowledge, control, or financial benefit sufficient to support contributory or vicarious infringement claims. To state a claim for contributory infringement, Plaintiff must allege (1) knowledge of specific infringing activity, and (2) material contribution. Plaintiff alleges neither. *See BWP Media USA, Inc. v. Hollywood Fan Sites, L.L.C.*, 69 F. Supp. 3d 342, 356 (S.D.N.Y. 2014). The Master Complaint offers only conclusory assertions, devoid of any factual support, that the Trip Defendants "should have known" their platforms hosted infringing images. Such bare allegations are insufficient.

Similarly, Plaintiff's vicarious infringement theory rests on the unsubstantiated claim that the Trip Defendants had the "right and ability to supervise" infringing content SAC ¶87. However, Plaintiff offers no factual allegations showing that any Defendant actually exercised such control or derived a direct financial benefit from the alleged infringement—both of which are required elements of a vicarious infringement claim. *BWP Media USA Inc. v. Hollywood Fan Sites, L.L.C.*, 69 F. Supp. 3d 342, 357 (S.D.N.Y. 2014); *Id.* at *357.

### B.   PLAINTIFF'S INFRINGEMENT CLAIMS AGAINST MAKEMYTRIP REMAIN WHOLLY UNSUPPORTED.

Plaintiff's claims against MakeMyTrip, Inc. are not merely deficient—they are entirely unsupported by any factual allegations or evidence. Despite being named as a defendant, the SAC and the proposed Master Complaint fail to allege that MakeMyTrip operated a website that displayed, reproduced, or distributed any of the allegedly infringed photographs. This is because they cannot—MakeMyTrip does not own, operate, manage, or control any website or domain, including "www.makemytrip.com." Singh Decl. ¶¶ 3–4 (attached as **Exhibit 2**).

Indeed, Plaintiff concedes that the allegedly infringing conduct arises from online travel platforms and content delivery networks used to disseminate images. Yet Plaintiff fails to identify a single website operated by MakeMyTrip that hosts or displays the copyrighted works. Nor does Plaintiff attempt to offer any evidence in its opposition or proposed amendments.

Unlike the allegations against Trip.com or Skyscanner, there is no claim that MakeMyTrip used any content delivery network (CDN), transmitted images to U.S.-based users, or otherwise played a role in the dissemination of the photographs. Instead, Plaintiff resorts to vague, conclusory assertions that MakeMyTrip "infringed not less than 29 photographs," without identifying a single act of reproduction, display, or distribution attributable to MakeMyTrip. Such generalized allegations fail under Fed. R. Civ. P. 8 and are insufficient to state a claim under *Iqbal* and *Twombly*. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Moreover, to the extent Plaintiff attempts to rely on corporate affiliation between MakeMyTrip and other Trip entities, such a theory fails as a matter of law absent allegations of agency, control, or joint action, none of which are pled.

Because the SAC and proposed amendments offer no plausible claim of infringement against MakeMyTrip, any further amendment would be futile. The claims against MakeMyTrip should be dismissed with prejudice. *Foman v. Davis*, 371 U.S. 178 (1962).

## IV.     PLAINTIFF'S CROSS-MOTION TO AMEND SHOULD BE DENIED AS FUTILE AND PREJUDICIAL.

### A.     PLAINTIFF'S CLAIMS AGAINST TRIP DEFENDANTS ARE TIME-BARRED AND FACIALLY IMPLAUSIBLE.

#### 1.  The Copyright Act's Three-Year Statute of Limitations Applies Per Work.

As noted, the Copyright Act's three-year limitations period under 17 U.S.C. § 507(b) applies separately to each allegedly infringed work and begins to run upon discovery.

Plaintiff fails to identify any infringed work first used or discovered within three years. Plaintiff does not tie any allegedly infringed photograph to an act of first infringement (or discovery thereof) within the three years prior to filing suit on April 28, 2023. The SAC and Master Complaint provide no such dates or work-specific allegations. Instead, Plaintiff concedes that the uses by Trip Defendants and others were ***downstream*** from earlier disseminations by GHM—a party whose liability has already been adjudicated and settled and as set forth in greater detail below, bars the claims.

Further, the law is clear - a copyright claim accrues when the plaintiff either knew or reasonably should have known of the alleged infringement. *PK Music Performance, Inc. v. Timberlake*, 2018 WL 4759737, at *3 *(S.D.N.Y. 2018)*.

Plaintiff's own pleadings make clear that it had both the tools and the opportunity to discover the Trip Defendants' alleged conduct years before it filed suit in 2023.

First, Plaintiff affirmatively alleges that since discovering the infringement in 2013, it instituted a thorough process to identify the scope of unauthorized use, including through

"automated reverse image searches" Master Comp. ¶¶ 11, 117. These allegations show that Plaintiff was actively searching for and tracking downstream use of its images well before 2020.

Second, Plaintiff acknowledges that it engaged in "three years of discovery" in the GHM case prior to trial in Singapore. Master Compl. ¶ 121. Yet despite alleging that GHM "disseminated Wave's works to numerous third parties," including entities that "further disseminated them to other third parties" (*id.* ¶¶ 6–7), if Plaintiff had propounded appropriate discovery requests, they should have already identified those downstream recipients or obtained information regarding sublicenses, digital transmission logs, or image-sharing arrangements. Discovery against GHM provided a direct and obvious opportunity to trace precisely the kind of secondary distribution that Plaintiff now claims it only recently discovered and claims was "ongoing."

Third, Plaintiff's allegations show that the Trip Defendants' alleged infringement was public-facing and persistent. Plaintiff accuses the Trip Defendants of reproducing and displaying the photographs "on their own websites, and in articles, photo galleries, and promotional materials" SAC ¶¶ 7–10. These acts allegedly occurred on high-traffic travel platforms available to the general public and readily searchable through Plaintiff's own stated investigation tools. Plaintiff simply failed to act on information that was publicly accessible.

This case mirrors the Ninth Circuit's reasoning in *Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515 (9th Cir. 1983), where the court held that a plaintiff who already initiated suit against one party was on notice of potential infringement by others and had a duty to investigate. "[T]hat suspicion placed upon [the plaintiff] a duty to investigate further into possible infringements of his copyrights." *Id.* at 1521. The court emphasized that "equity will impute to a litigant knowledge of facts that would have been revealed by reasonably required further investigation." *Id.*

As applied in *Wolf v. Travolta*, 167 F. Supp. 3d 1077, 1097 (C.D. Cal. 2016), the court found that "no rational trier of fact would find that plaintiff reasonably could not have discovered" the alleged infringement years earlier, explaining that "[n]o rational jury would, on the[ ] narrow facts [of the case], fail to find that a reasonable litigant should have investigated and would have discovered the potential causes of action underlying this lawsuit." *Id.*

Here, the facts are no different. Plaintiff had access to the same publicly facing websites, yet failed to investigate or act. Thus, like in *Wood* and *Wolf*, Plaintiff's claims should be dismissed as time-barred.

Plaintiff simply failed to act on information that was publicly available and thus the claims are untimely. Accordingly, Plaintiff's own admissions confirm that it had both actual and constructive notice of the Trip Defendants' alleged use of the photographs well before April 2020. Because Plaintiff failed to name these defendants until 2023, the claims are time-barred under 17 U.S.C. § 507(b), and any amendment would be futile.

Further, Plaintiff cannot rescue stale claims by asserting that each alleged use by the Trip Defendants is "newly accrued" and constitutes new acts of infringement. While *Petrella v. MGM*, 572 U.S. 663 (2014), recognized that the statute of limitations for copyright infringement runs separately from each discrete act of infringement, courts have uniformly held that this principle does not extend to claims based on passive or continuing consequences of prior conduct. As provided above, Plaintiff's own pleadings confirm that the alleged uses at issue stem from GHM's original dissemination of the photographs and were a result of "past and continuing infringement." Opp. Br. at 21.

Critically, Plaintiff fails to allege that the Trip Defendants engaged in any **new volitional acts** of infringement within the three years preceding the April 28, 2023 complaint. There is no

allegation of republication, reposting, or redistribution that would independently reset the statute of limitations. As multiple courts have held, the continued presence of content on a website especially where derived from upstream distribution  does not constitute a new act of infringement. *Petrella v. MGM,* 572 U.S. 663, 671 (2014) ("Separately accruing harm should not be confused with harm from past violations that are continuing"); *Wolf v. Travolta,* 167 F. Supp. 3d 1077 (C.D. Cal. 2016) (Fact that allegedly infringing document, which was published outside relevant three-year limitations period for copyright infringement, remained on alleged infringers' website, did not give rise under separate-accrual rule to discrete claim accruing within three-year limitations period; presence on website at best constituted harm from past violation that was continuing, and not new wrong that gave rise to separately accruing harm within limitations period.); *Arista Records L.LC. v. Lime Grp. L.L.C.*, 784 F. Supp. 2d 313, 316 (S.D.N.Y. 2011).

Moreover, Plaintiff's claims against Trip Defendants, as discussed in more detail below are derivative of settled claims against GHM and therefore barred by claim preclusion.

### B.  PLAINTIFF'S CLAIMS AGAINST TRIP DEFENDANTS ARE "NOT NEWLY ACCRUED" CLAIMS BUT ARE MERELY DERIVATIVE OF SETTLED CLAIMS AGAINST GHM AND ACCORDINGLY FUTILE.

Contrary to Plaintiff's assertion, the claims are not "newly accrued"; they are downstream infringements of GHM's infringement and Plaintiff has already conceded this fact. Plaintiff admits in the operative pleadings that GHM "disseminated Wave's works to numerous third parties, and all without Ms. Lee's knowledge or consent," and that "[t]hese third parties in possession of Wave's photographs not only used Wave's photographs for their own benefit, but also often further disseminated them to other third parties" resulting in a "rampant and infringing proliferation of Wave's photographs [that] spread to countless companies and websites, many of whom are now Defendants in this case." Master Compl. ¶¶ 6–7; SAC ¶3 ("Early into the related case, GHM

proposed to stay the case as to all other Defendants on the theory that if GHM had the right to use and disseminate the photographs, such a right would be case-dispositive as to GHM and the vast majority of the other Defendants. Wave agreed.").

Plaintiff cannot now disavow these allegations or attempt to plead around them. *Bellefonte Re Ins. Co. v. Argonaut Ins. Co.*, 757 F.2d 523, 528 (2d Cir. 1985) ("party's assertion of fact in a pleading is a judicial admission by which it normally is bound throughout the course of the proceeding."); *United States v. McKeon*, 738 F.2d 26, 31 (2d Cir. 1984) ("A party thus cannot advance one version of the facts in its pleadings, conclude that its interests would be better served by a different version, and amend its pleadings to incorporate that version, safe in the belief that the trier of fact will never learn of the change in stories."). They are derivative of adjudicated conduct that was the subject of the Singapore trial and have since been resolved by settlement. Master Compl. ¶15. As such, they are barred by principles of claim preclusion. *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 503 (2d Cir. 2014).

The Second Circuit has made clear that a copyright holder is not entitled to an award of statutory damages for each act of infringement of the same work. *Bryant v. Media Right Prods.*, 603 F.3d 135, 144 (2d Cir. 2010). Statutory damages are assessed per work infringed, not per defendant or per act of infringement. *Id.*; *see also*, *Arista Records. L.L.C. v. Lime Grp. L.L.C.*, 784 F. Supp. 2d 313, 316 (S.D.N.Y. 2011) ("the Court is confident that Congress intended for the Copyright Act *to treat jointly and severally liable infringers the same way that the statute treats individually liable infringers.* For any individually liable infringer, a plaintiff is entitled to one statutory damage award per work. For any two or more jointly and severally liable infringers, a plaintiff is entitled to one statutory damage award per work.") (emphasis in original); *see also*, *United States Media Corp. v. Edde Entm't Corp.*, No. 94 Civ. 4849, 1998 U.S. Dist. LEXIS 10985,

1998 WL 401532, at *20 (S.D.N.Y. 1998); *Arista Records L.L.C. v. Usenet.com, Inc.,* No. 07 Civ. 8822, 2010 WL 3629587, at *1 (S.D.N.Y. 2010).

Permitting amendment under these circumstances would authorize Plaintiff to relitigate settled claims and pursue multiple recoveries for the same set of works—a result squarely foreclosed by Second Circuit precedent. As such, Plaintiff's proposed amendment confirms that the claims are not independently viable. They are derivative, duplicative, and barred as a matter of law.

Because the alleged use of the works by the Trip Defendants arises from the same conduct, concerns the same copyrighted works, and was part of the same broader dispute already resolved in the consolidated GHM proceeding, the claims are both time-barred and barred by claim preclusion. The Court may take judicial notice of the consolidation order, GHM judgment, and Plaintiff's admissions in the pleadings. *TechnoMarine SA*, *v. Giftports, Inc.*, 758 F.3d 493, at *498 (2d Cir. 2014) ("A court may consider a *res judicata* defense on a Rule 12(b)(6) motion to dismiss when the court's inquiry is limited to the plaintiff's complaint, documents attached or incorporated therein, and materials appropriate for judicial notice.").

## **CONCLUSION**

For the foregoing reasons, the Court should deny leave to amend and dismiss all claims against the Trip Defendants with prejudice.

Dated:  New York, NY
        June 6, 2025

Respectfully submitted,

By: /s/ *B. Robert Liu*

B. Robert Liu, Esq.
Dayna Cooper, Esq. (*pro hac vice* forthcoming)

BALANCE LAW FIRM
One World Trade Ctr, Ste 8500
New York, NY 10007
(212) 741-8080
robert.liu@balancelawfirm.com
dayna.cooper@balancelawfirm.com

*Attorneys for Defendants Trip.com Group
Limited, Trip.com Travel Singapore Pte.
Ltd., Skyscanner Ltd., and MakeMyTrip, Inc.*

## **LOCAL CIVIL RULE 7.1 CERTIFICATE OF COMPLIANCE**

This memorandum of law complies with the word count limitation of the Local Civil Rule 7.1(c) because, according to the word count of the word-processing software used to prepare this document, it contains 5,991 words, exclusive of any caption and signature block.

/s/ *B. Robert Liu*

B. Robert Liu

# EXHIBIT 1: Declaration of Yuetao Ding

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| THE WAVE STUDIO, LLC,<br><br>                              Plaintiff,<br><br>         v.<br><br>GENERAL HOTEL MANAGEMENT LTD., *et al.*,<br><br>                              Defendants. | No. 7:13-cv-09239-CS-PED<br><br>Related Action:<br>No. 7:23-cv-03586 |

## <u>DECLARATION OF YUETAO DING</u>

I, Yuetao Ding, declare under penalty of perjury pursuant to 28 U.S. Code § 1746 as follows:

1. I am Senior Legal Counsel of Trip.com Group Limited ("Trip.com"), one of the defendants in this lawsuit. I make this declaration based on personal knowledge and my review of corporate records in the regular course of my duties. I am over the age of eighteen. If called as a witness, I could and would competently testify to the facts set forth herein.

2. Trip.com is incorporated in Cayman Islands and has its principal place of business in Singapore.

3. Another named defendant—Trip.com Travel Singapore Pte. Ltd. ("Trip.com Singapore")—is a subsidiary of Trip.com. Trip.com Singapore is incorporated, and has its principal place of business, in Singapore.

4. Another named defendant—Skyscanner Ltd. ("Skyscanner")—is a subsidiary of Trip.com. Skyscanner is incorporated, and has its principal place of business, in the United Kingdom.

1

5.  Trip.com, Trip.com Singapore, and Skyscanner: (a) do not own, lease, or maintain any offices in the State of New York; (b) do not have any employees in the State of New York; and (c) do not conduct any regular business in the State of New York.

6.  Plaintiff's filings reference a New York address—261 Madison Avenue, Suite 10088, New York, NY—and assert that it is a U.S.-based customer service address for "Trip.com." That is incorrect; that address was a shared WeWork space formerly leased by Ctrip International Travel (U.S.) Co., Ltd., a U.S.-based and separately incorporated subsidiary.

7.  Ctrip International Travel (U.S.) Co., Ltd. does not operate the website trip.com, nor does it provide hotel booking services. That WeWork space has been vacated by Ctrip International Travel (U.S.) Co., Ltd. since February 2022, so before this lawsuit was filed in 2023.

8.  The 261 Madison Avenue address was not leased, occupied, or used by Trip.com, Trip.com Singapore, or Skyscanner.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 6th day of June, 2025, at Shanghai, China.

_____
Yuetao Ding

# EXHIBIT 2: Declaration of Adhiraj Singh

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

<table>
<tr><td>THE WAVE STUDIO, LLC,<br><br>                  Plaintiff,<br><br>     v.<br><br>GENERAL HOTEL MANAGEMENT LTD., <i>et al.</i>,<br><br>                  Defendants.</td><td>No. 7:13-cv-09239-CS-PED<br><br>Related Action:<br>No. 7:23-cv-03586</td></tr>
</table>

**DECLARATION OF Adhiraj Singh IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR LEAVE TO AMEND AND REPLY IN SUPPORT OF MOTION TO DISMISS**

I, Adhiraj Singh, hereby declare as follows:

1. I am employed as Associate General Counsel at MakeMyTrip's Headquarters in India ("MakeMyTrip HQ"), which operates a U.S. affiliate MakeMyTrip Inc. ("MakeMyTrip"), a named defendant in the above-captioned matter. I make this declaration based on personal knowledge and my review of corporate records in the regular course of my duties. If called as a witness, I could and would competently testify to the facts set forth herein.

2. MakeMyTrip is a Delaware corporation.

3. MakeMyTrip does not own, operate, manage, or control any website or domain, including the domain "www.makemytrip.com." That domain and related web infrastructure are operated by MakeMyTrip India Private Limited.



4. MakeMyTrip does not host, publish, or display any hotel photographs or images on any website, platform, or application. It also does not maintain any content delivery networks, storage hubs, or distribution mechanisms for the alleged images at issue in this litigation.

5. MakeMyTrip has not authorized any third party to publish or display any of the Plaintiff's photographs on its behalf.

6. Based on my knowledge and review of company records, MakeMyTrip has never displayed, copied, distributed, or otherwise used any of the photographs alleged in this action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 5th day of June, 2025, in Gurugram, India.

Name: Adhiraj Singh