## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

The Wave Studio, LLC,

                           Plaintiff,

        -against-

General Hotel Management Ltd., et al.,

                           Defendants.

Case No. 7:13-cv-09239-CS-VR

**Plaintiff The Wave Studio, LLC's Reply
ISO its Cross-Motion for Leave to Amend**

Dated: June 20, 2025
San Francisco, California

Jennifer A. Kash (*pro hac vice*)
(CA Bar No. 203679)
Francesca M. S. Germinario (*pro hac vice*)
(NY Bar No. 5629407)
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
13-9239@cases.warrenlex.com

Michael D. Cilento, Esq.
(NY Bar No. 5459664)
LEWIS & LIN LLC
77 Sands Street, 6th Floor
Brooklyn, New York, 11201
+1 (718) 243-9323
+1 (718) 243-9326 facsimile
Michael@iLawco.com

*Attorneys for Plaintiff The Wave Studio, LLC*

## <u>TABLE OF CONTENTS</u>

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I.    Wave's Request for Leave to Add Curative Allegations Should be Granted . . . . . . . . . . 2

II.   Defendants Do Not Dispute Wave's Amendments are Curative . . . . . . . . . . . . . . . . . . . .3

    A.    Trip Cannot Show Wave's Proposed Amendments are Insufficient to
        Overcome Their Challenge To Personal Jurisdiction . . . . . . . . . . . . . . . . . . . . . . . 3

    B.    Proposed Amendments Overcome Defendants' Extraterritorial
        Challenge . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

III.  Defendants' Affirmative Defenses are Legally Insufficient to Establish Futility . . . . . . . . 7

    A.    Defendants' Statute of Limitations Affirmative Defense Does Not Render
        Amendment Futile . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    B.    The Second Circuit has Rejected the Ninth Circuit 'Server Test' . . . . . . . . . . . . 9

IV.   The Singapore Ruling Is Not Properly Before The Court . . . . . . . . . . . . . . . . . . . . . . . . 10

    A.    Defendants Improperly Raise Preclusion and Damages Arguments . . . . . . . . . . 10

    B.    Defendants' "Downstream" Infringer Argument is Irrelevant to Pleading
        Sufficiency . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .12

# TABLE OF AUTHORITIES

*Cases*                                                                                      *Pages*

*Arista Records LLC v. Lime Grp. LLC*,
    784 F. Supp. 2d 398 (S.D.N.Y. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10-11

*Arista Recs. LLC v. Usenet.com, Inc.*,
    No. 07-8822, 2010 WL 3629587 (S.D.N.Y. Sept. 16, 2010) . . . . . . . . . . . . . . . . . . . . . 10

*Bangkok Crafts Corp. v. Capitolo di San Pietro in Vaticano*,
    No. 03-15, 2005 WL 1706490 (S.D.N.Y. July 21, 2005) . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Best Van Lines, Inc. v. Walker*,
    490 F.3d 239 (2d Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Bryant v. Media Right Prods., Inc.*,
    603 F.3d 135 (2d Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Chloé v. Queen Bee of Beverly Hills, LLC*,
    616 F.3d 158 (2d Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Daimler AG v. Bauman*,
    571 U.S. 117 (2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Demaitre v. City of New York*,
    No. 18-12403, 2020 WL 6048192 (S.D.N.Y. Oct. 11, 2020) . . . . . . . . . . . . . . . . . . . . . . 3

*Dularidze v. Turk Hava Yallario A.O.*,
    No. 20-04978, 2024 WL 3567332 (S.D.N.Y. July 28, 2024) . . . . . . . . . . . . . . . . . . . . . . 4

*Ford Motor Company v. Montana Eighth Judicial District Court*,
    592 U.S. 351 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Goldman v. Breitbart News Network, LLC*,
    302 F. Supp. 3d 585 (S.D.N.Y. 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9

*ISI Int'l, Inc. v. Borden Ladner Gervais LLP*,
    256 F.3d 548 (7th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*It's a 10, Inc. v. PH Beauty Labs, Inc.*,
    718 F.Supp. 2d 332 (S.D.N.Y. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 7

*Lensky v. Turk Hava Yollari A.O.*,
    No. 20-4978, 2024 WL 4467347 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*McDonough v. Cycling Sports Grp., Inc.*,
    392 F. Supp. 3d 320 (W.D.N.Y. 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**TABLE OF AUTHORITIES**

*(continued)*

<table>
<tr><td align="center">*Cases*</td><td align="right">**Pages**</td></tr>
</table>

*McGucken v. Newsweek LLC*,
2022 WL 836786 (S.D.N.Y. Mar. 21, 2022) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9

*Michael Grecco Prods., Inc. v. RADesign, Inc.*,
112 F.4th 144 (2d Cir. 2024) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 8-9

*Morrison v. National Australia Bank Ltd.*,
561 U.S. 247 (2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Nicklen v. Sinclair Broad. Grp., Inc.*,
551 F. Supp. 3d 188 (S.D.N.Y. 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9

*Oliver Sch., Inc. v. Foley*,
930 F.2d 248 (2d Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Perfect 10, Inc. v. Amazon Inc.*,
508 F.3d 1146 (9th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7,9

*Petrella v. Metro-Goldwyn-Mayer, Inc.*,
572 U.S. 663 (2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Porina v. Marward Shipping Co.*,
521 F.3d 122 (2d Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4-5

*RegenLab USA LLC v. Estar Techs. Ltd.*,
335 F. Supp. 3d 526 (S.D.N.Y. 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Savage Universal Corp. v. Grazier Consr., Inc.*,
No. 04-1089, 2004 WL 1824102 (S.D.N.Y. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Scholz Design, Inc. v. Sard Custom Homes, LLC*
691 F.3d 182 (2d Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*,
647 B.R. 42 (Bankr. S.D.N.Y. 2022) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Starmedia Network, Inc. v. Star Media, Inc.*,
2001 WL 417118 (S.D.N.Y. Apr. 23, 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Synthes, Inc. v. Marotta*,
281 F.R.D. 217 (E.D. Pa. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

## **TABLE OF AUTHORITIES**
*(continued)*

*Cases*                                                                                          **Pages**

*United States v. Prado*,
933 F.3d 121 (2d Cir. 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Other Authorities*

*The Wave Studio, LLC v. Trivago N.V.*,
   No. 23-3587, Docket No. 37 (S.D.N.Y. May 30, 2023) . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*The Wave Studio, LLC v. Trivago N.V.*,
   No. 23-3587, Docket No. 42 (S.D.N.Y. June 5, 2023) . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

## <u>INTRODUCTION</u>

Wave's proposed amendments directly address the grounds on which the Trip Defendants moved to dismiss, adding detailed allegations to support personal jurisdiction under Rule 4(k)(2), establishing domestic infringing conduct, and clarifying Defendants' independent liability under the Copyright Act. Defendants largely fail to acknowledge these curative amendments, let alone explain why they fall short of the Rule 12(b)(6) threshold. To argue futility of the proposed amendments, they instead press jurisdictional and affirmative defenses including speculative statute of limitations, claim preclusion, and damages theories that are neither pleaded nor provable on the current record.

Their assertion that jurisdiction still fails under *Daimler* is simply wrong on the law: Rule 4(k)(2) jurisdiction is governed by the Fifth Amendment, not the Fourteenth, and thus in the Second Circuit the *Porina* framework—not *Daimler*—applies. Wave's proposed amendments allege that Defendants purposefully direct commercial activity toward the U.S., operate interactive booking platforms, use U.S.-based infrastructure, and profit from U.S. consumers. These contacts support jurisdiction under Rule 4(k)(2).

Defendants' other arguments about affirmative defenses do not preclude leave to amend. The Second Circuit has made clear that the statute of limitations is a fact-based defense that cannot defeat amendment unless conclusively established on the face of the complaint. Here, it is not. Defendants point to no allegations of discovery date, undue delay, or lack of diligence in the complaint. Their argument amounts to improper burden-shifting and guesswork, which *Michael Grecco* squarely forecloses.

The same is true of Defendants' volitional conduct argument, which relies on a "server test" rejected by courts in this Circuit. The Second Circuit recognizes that displaying an infringing image to U.S. consumers constitutes an actionable claim under the Copyright Act. Wave alleges that, and more.

Finally, Defendants raise for the first time in this staged briefing arguments about preclusion tied to the Singapore proceedings. The Court has deferred that issue for later, and it is neither amenable to decision now, nor determinative of the cross-motion.

Because the proposed amendments state plausible claims, and Defendants identify no prejudice, this Court should grant Wave's cross-motion.

## ARGUMENT

### I.    Wave's Request for Leave to Add Curative Allegations Should be Granted

In opposing amendment, Defendants rely exclusively on futility, on which Defendants bear the burden of proof. *It's a 10, Inc. v. PH Beauty Labs, Inc.*, 718 F. Supp. 2d 332, 339 (S.D.N.Y. 2010). The introduction pays lip service to "prejudice" as a ground for opposing amendment, but Defendants provide no argument on this ground to carry their burden, conceding this ground is no obstacle to amendment. *Bangkok Crafts Corp. v. Capitolo di San Pietro in Vaticano*, 2005 WL 1706490, at *4 (S.D.N.Y. July 21, 2005). In any event, no discovery has occurred, no deadlines would be affected, and the amendments would not alter the basic theory of the case—their opposition thus rests solely on futility.

Futility is a "high bar," and "given the liberal standard for the amendment of pleadings," courts "place a heavy burden on opponents who wish to declare a proposed amendment futile." *Synthes, Inc. v. Marotta*, 281 F.R.D. 217, 229 (E.D. Pa. 2012). Courts evaluate futility under Rule 12(b)(6) to determine whether the proposed complaint states a plausible claim, accepting

well-pleaded allegations as true and drawing reasonable inferences in Plaintiff's favor. *It's a 10*, 718 F. Supp. 2d at 339. A proposed claim is not futile if the factual allegations are curative, and "'[w]here the possibility exists that [a] defect can be cured,' leave to amend 'should normally be granted.'" *Demaitre v. City of New York*, 2020 WL 6048192, at *8 (S.D.N.Y. Oct. 11, 2020) (citing *Oliver Sch., Inc. v. Foley*, 930 F.2d 248, 253 (2d Cir. 1991)).

## II.    Defendants Do Not Dispute Wave's Amendments are Curative

### A.    Trip Cannot Show Wave's Proposed Amendments are Insufficient to Overcome Their Challenge To Personal Jurisdiction

Trip's Motion to Dismiss challenged this Court's personal jurisdiction, and on cross-motion in response, Wave offered amendments alleging Defendants' contacts with the United States as a whole. *See* Cilento Decl. in support of Cross-Motion, Ex. 1. But, on opposition to Wave's cross-motion to amend, Defendants conspicuously fail to acknowledge Wave's proposed amendments or dispute their cure of purported personal jurisdiction deficiencies.

Unable to dispute that the amendments prima facie plead jurisdiction, Defendants resort to technical objection. First, Defendants erroneously argue that Wave must first negate general jurisdiction in each state to proceed under the federal long-arm statute. Not so. "A defendant who wants to preclude use of Rule 4(k)(2) has only to name some other state in which the suit could proceed" and "[t]his procedure makes it unnecessary to traipse through the 50 states, asking whether each could entertain the suit." *ISI Int'l, Inc. v. Borden Ladner Gervais LLP*, 256 F.3d 548, 552 (7th Cir. 2001), as amended (July 2, 2001). Wave met its burden of filing a jurisdictional affirmation certifying that no Trip Defendant is subject to general jurisdiction in any U.S. state. As Defendants "contend[] that [they] cannot be sued in the forum state and

refuse[] to identify any other where suit is possible, then the federal court is entitled to use Rule 4(k)(2)." *RegenLab USA LLC v. Estar Techs. Ltd.*, 335 F. Supp. 3d 526, 547 (S.D.N.Y. 2018).[1] This Court is now entitled to rely on Rule 4(k)(2) to find Defendants subject to personal jurisdiction in this Court.[2]

Defendants mistakenly argue that under *Daimler AG v. Bauman,* a foreign defendant is subject to personal jurisdiction only where it is "essentially at home." 571 U.S. 117 (2014) (citations omitted). The *Daimler* standard does not apply here. Wave has argued personal jurisdiction under Rule 4(k)(2), which provides federal long-arm jurisdiction over foreign defendants not subject to any one state's general jurisdiction but with sufficient contacts with the United States as a whole. While the Supreme Court in *Daimler* concluded that personal jurisdiction under the Fourteenth Amendment's due process clause was improper absent the defendant being "at home" in that state, *id*., the Second Circuit in *Porina* held that personal jurisdiction under Rule 4(k)(2) arises under the Fifth Amendment. *Porina v. Marward Shipping Co*., 521 F.3d 122, 127 (2d Cir. 2008). As *Daimler* did not address Rule 4(k)(2), post-*Daimler* district courts in this Circuit—and the Second Circuit itself—have continued to apply the *Porina* standard in Rule 4(k)(2) cases. *See, e.g. Lensky v. Turk Hava Yollari A.O.,* No. 20-4978, 2024 WL 4467347, at *1 (S.D.N.Y. Oct. 10, 2024) (on remand, finding "in this circuit, the *Porina* test remains the appropriate general jurisdiction test under Rule 4(k)(2)"); *Dularidze v. Turk Hava Yallario A.O*., 2024 WL 3567332, at *4 (S.D.N.Y. July 28, 2024)) (citing Second Circuit law,

---

[1] In *RegenLab*, 335 F. Supp. 3d 535-36, the court applied Federal Circuit law but observed that the test was consistent with the Second Circuit's analogous standard.
[2] Defendants mischaracterize events in the *Trivago* case. Judge Roman instructed Wave to certify that "to its knowledge the International Defendants are not subject to the general jurisdiction of another state." *Trivago*, Case No. 23-3586, Docket No. 37 at 22. Shortly thereafter, Wave filed its Jurisdictional Affirmation certifying the same. *Id*., Docket No. 42 at 1.

4

finding "Defendant urges the Court to instead apply the standard applicable to the general jurisdiction inquiry under the Fourteenth Amendment" and "consider whether Defendant's contacts with the United States rendered it 'essentially at home in the forum'. . . But the application of that test would be improper"). Indeed, just last year, the Second Circuit reaffirmed in *Michael Grecco Prods., Inc. v. RADesign, Inc.* that due process under Rule 4(k)(2) is not coextensive with state-specific jurisdiction. 112 F.4th 144 (2d Cir. 2024).

Applying *Porina,* as the Court must, the specific jurisdiction inquiry asks whether the defendant purposefully directed its conduct at the United States; whether the plaintiff's claims arise out of or relate to that conduct; and whether the exercise of jurisdiction would be reasonable and consistent with due process. 521 F.3d at 127; Wave Opp. to MTD at 17. Each of these requirements is readily satisfied by the proposed amendments. Defendants operate travel platforms that are tailored to U.S. users, market to U.S. consumers, use U.S. infrastructure, and derive substantial revenue from their U.S.-facing operations.[3] They are precisely the kind of actors Rule 4(k)(2) was intended to reach.[4]

---

[3] Defendants' delivery of products and services into the stream of commerce with the expectation of purchase by consumers in the U.S. supports personal jurisdiction. *McDonough v. Cycling Sports Grp., Inc.*, 392 F. Supp. 3d 320, 328 (W.D.N.Y. 2019); *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 647 B.R. 42, 59 (Bankr. S.D.N.Y. 2022) (quoting *Ford Motor Company v. Montana Eighth Judicial District Court,* 592 U.S. 351, 362) ("'[P]roof that a plaintiff's claim came about because of the defendant's in-state conduct' is not required").

[4] Wave objects to Defendants' introduction of new material with their mixed reply/opposition, which Defendants patently hoped to fashion into their second bite at a motion to dismiss for lack of personal jurisdiction (Opp. at n.1); but these efforts are of no moment. Defendants use the wrong standard, and the Ding Declaration submitted with the opposition makes no attempt to rebut jurisdiction under *Porina.* It denies not a single proposed allegation about operating globally accessible travel platforms designed to serve millions of U.S. customers, tailoring their sites to U.S. users, causing display or distribution of infringing images to U.S. users, or on U.S. servers, or monetizing those displays through U.S.-based revenue channels, advertising services, or reseller networks. *Compare Porina,* 521 F.3d 122 at 127 *with* Declaration of Y. Ding ISO Opp.

Exercise of jurisdiction would be both fair and reasonable. Defendants are sophisticated, international corporations that have affirmatively chosen to serve the U.S. market at scale and that profit from U.S.-directed bookings and display copyrighted materials in the course of doing so—there is nothing unfair about requiring them to defend those acts in this Court. *Chloé v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 173 (2d Cir. 2010) (where a foreign defendant engages in commercial activity directed toward the forum, jurisdiction is reasonable under the Due Process Clause).[5]

### B.    Proposed Amendments Overcome the Extraterritoriality Challenges

Defendants moved for dismissal on extraterritorial grounds, and Wave cross-moved with proposed amendments that add factual detail showing Defendants' infringing actions in the United States. *See* Cilento Decl. in support of Cross-Motion, Ex. 1. Once again, Defendants do not dispute that the amended complaint pleads domestic infringing conduct, and instead appear to argue the futility of the existing allegations only—a matter not at issue on this motion. As Wave's amendments are robust and curative, and Defendants do not assert that Wave's amendments fail to cure their extraterritoriality challenge, this Court need go no further, and should conclude that the amendments are not futile, granting leave to allow them to be pleaded.[6]

---

[5] Defendants argue their websites lack sufficient domestic business transactions to establish personal jurisdiction, but cite cases finding jurisdiction with far less. *See e.g., Savage Universal Corp. v. Grazier Constr., Inc.*, 2004 WL 1824102 (S.D.N.Y. 2004) (defendant selling glassine paper products without evidence of transactions with New York customers); *Starmedia Network, Inc. v. Star Media, Inc.*, 2001 WL 417118 (S.D.N.Y. Apr. 23, 2001) (company had two employees, two hundred customers, and no sales in New York); *Best Van Lines, Inc. v. Walker*, 490 F. 3d 239, 248 (2d Cir. 2007) (noting a single transaction in New York can suffice).

[6] As extraterritorial application of federal law is a "merits question" and not a matter of subject matter or personal jurisdiction, *Morrison v. Nat'l Australia Bank Ltd.*, 561 U.S. 247, 254 (2010), it is evaluated on the pleadings. *See United States v. Prado*, 933 F.3d 121, 138 (2d Cir. 2019) ("The Supreme Court corrected our reasoning, explaining that the extent of the statute's extraterritorial reach is not an issue related to the court's jurisdiction").

To the extent Defendants coherently argue the futility of the proposed allegations at all on extraterritoriality grounds, they appear to reframe the argument as one about volition, claiming that the law requires more purposeful conduct on their part. Opp. at 7-8. This argument fails for three reasons. First, it improperly invites the Court to credit Defendants' attorney argument over the well-pleaded allegations in the complaint. The complaint alleges among other things that Defendants develop and optimize their sites through infrastructure they control or direct to entice U.S. consumers into navigating to and accessing sites with infringing content, for Defendants' commercial benefit. Those allegations must be accepted as true. *It's a 10*, 718 F. Supp. 2d at 339.

Second, Defendants rely on the "Server Test" from the Ninth Circuit's *Perfect 10* decision, but this District has squarely rejected that test. *See Goldman v. Breitbart News Network, LLC*, 302 F. Supp. 3d 585, 593–96 (S.D.N.Y. 2018); *Nicklen v. Sinclair Broad. Grp., Inc.*, 551 F. Supp. 3d 188, 194-95 (S.D.N.Y. 2021). In the Second Circuit, a defendant need not host the image or make a copy—causing a copyrighted image to display on a U.S. user's screen is actionable. *McGucken v. Newsweek LLC*, 2022 WL 836786, at *6 (S.D.N.Y. Mar. 21, 2022). In short, Defendants offer no basis to conclude that the amended allegations fail to allege actionable, domestic infringement.

### III.  Defendants' Affirmative Defenses are Legally Insufficient to Establish Futility

Defendants raise statute of limitations and volitional conduct arguments to oppose amendment, but these are premature merits issues—not proper grounds for denying leave to amend. None of the proposed defenses are yet at issue, as Defendants have not answered the complaint. More fundamentally, Defendants misunderstand the governing standard—a cross-motion to amend is not the forum for litigating affirmative defenses. An amendment is

futile only if it is clear on its face that the claim would be barred as a matter of law.  *Michael Grecco,* 112 F.4th at 149-54.  That high bar is not met here.

### A.    Defendants' Statute of Limitations Affirmative Defense Does Not Render Amendment Futile

Defendants argue that Wave's claims are time-barred, but the Second Circuit has held that "[t]he lapse of a limitations period is an affirmative defense that a defendant must plead and prove."  *Michael Grecco,* 112 F.4th at 149.  Wave has no obligation to anticipate and plead around it, and because resolution of the defense requires factual development beyond the face of the complaint, it cannot support a futility finding.  *Id.* at 154.  Consequently, it is not ripe for resolution on a motion testing sufficiency of the pleadings.  *Id.,* at 150.  ("[A]ffirmative defenses, like the statute of limitations, often require consideration of facts outside of the complaint and thus are inappropriate to resolve on a motion to dismiss").

Defendants point to no allegations in the pleadings that allege dates of discovery, instead urging the Court to infer constructive knowledge from vague claims about Wave's sophistication.  Opp. 15-18.  But *Michael Grecco* expressly rejected this "sophisticated plaintiff" rationale, holding that courts cannot infer constructive discovery of infringement without specific allegations of what the plaintiff knew and when.  *Michael Grecco*, 112 F.4th at 152-53.  Whether Wave acted diligently is a fact-intensive inquiry, and Wave alleges that it did.  *See* Docket No. 332 ¶¶ 20, 116-18.  The allegations do not detail Wave's investigation of each claim at the time, or the resources then available to it.  *Compare* Docket No. 332 at ¶¶ 64, 77, 87, 244-46, 271-74, 303-06 *with Michael Grecco*, 112 F.4th at 153.  Without those facts, Defendants cannot conclusively establish its statute of limitations defense.

8

Defendants' reliance on Wave's actions in related litigation is similarly unavailing. That Wave brought other claims against other parties does not prove Wave knew of Defendants' particular conduct, or lacked diligence in discovering it. *Compare* Opp. at 16 with *Michael Grecco*, 112 F.4th at 154. The burden remains with Defendants to prove their defense.[7] "[T]o hold otherwise," as the Second Circuit cautioned, "would improperly shift the pleading burden . . . from the defendant to the plaintiff." *Id.* at 153.

**B.    The Second Circuit has Rejected the Ninth Circuit "Server Test"**

Reiterating their Motion to Dismiss argument, Defendants argue that Wave fails to allege "new volitional acts" by Defendants, relying on the Ninth Circuit's discredited "Server Test" from *Perfect 10, Inc. v. Amazon.com Inc.*, 508 F.3d 1146, 1160-61 (9th Cir. 2007). But courts in this District have repeatedly rejected that rule. *See Nicklen v. Sinclair*, 551 F. Supp. 3d 188, 194-96 (S.D.N.Y. 2021); *Goldman v. Breitbart News Network, LLC*, 302 F. Supp. 3d 585, 595-96 (S.D.N.Y. 2018). In the Second Circuit, a party need not host or store an infringing image to be liable for "displaying" it. *Goldman*, 302 F. Supp. 3d at 593-94. The Second Circuit reasoned that the Copyright Act "defines 'display' as 'to show a copy of' a work, 17 U.S.C. § 101, and not 'to make and then show a copy of the copyrighted work.'" *McGucken v. Newsweek LLC*, 2022 WL 836786, at *6 (S.D.N.Y. Mar. 21, 2022) (quoting *Nicklen*, 551 F. Supp. 3d at 195). Wave's proposed allegations likewise state that Defendants caused Wave's copyrighted photographs to be displayed to U.S. consumers via their own platforms, for commercial gain.

---

[7] Lack of diligence is "a fact-intensive inquiry that cannot be determined from the general nature of a copyright holder's sophistication alone." *Compare* Opp. at 15-16 with *Michael Grecco*, 112 F.4th at 152-3 (internal citation omitted). Wave's allegations demonstrate due diligence. Docket No. 332 at ¶¶ 20, 116-118.

**IV.    The Singapore Ruling is Not Properly Before the Court**

    **A.    Defendants Improperly Raise Preclusion and Damages Arguments**

Defendants' invocation of the Singapore court's rulings and claim preclusion is equally misplaced.  Opp. at 18-20.  This Court ordered that briefing on the Singapore proceedings would occur later.  Docket No. 384 at 2.  Defendants flout that order by raising a preclusion theory to oppose amendment, and the attempt to relitigate the Singapore ruling on this single cross-motion—on an incomplete record and without coordination with other defendants—only underscores the wisdom of the Court's prior instruction.  Defendants' arguments applying the Singapore rulings to U.S. statutory damages fare no better.  Defendants proffer premature analysis of damages far outside the pleadings, for which there is no record evidence, arguing that Wave is seeking double recovery based on a hypothetical award of statutory damages by the Singapore courts.  Opp. at 12 n. 3, 19-20.  But Wave was never awarded statutory damages; indeed, the Singapore courts unsurprisingly neither addressed nor adjudicated U.S. remedies under the U.S. Copyright Act.  *See generally* Docket No. 321 at ¶¶ 15-16, 28-29.  More importantly, Wave has alleged multiple theories of recovery, including statutory damages and actual damages.  *See e.g.*, Docket No. 332 at 114-115.  Defendants' speculative and unsupported damages objections provide no basis to deny amendment.[8]

Defendants' mischaracterizations of the pleadings and procedural history require full and coordinated briefing to address.  The Court should enforce its scheduling order and strike Section IV.B of Defendants' opposition brief.

---

[8] Nothing Defendants cite in support of their damages arguments was adjudicated at the pleadings stage.  *See e.g.,* Opp. at 19-20, citing *Bryant v. Media Right Prods., Inc.*, 603 F.3d 135, 139 (2d Cir. 2010) (summary judgment); *Arista Recs. LLC v. Lime Grp. LLC*, 784 F. Supp. 2d 313, 314 (S.D.N.Y. 2011) (summary judgment); *Arista Recs. LLC v. Usenet.com, Inc*., 2010 WL 3629587, at *1 (S.D.N.Y. Sept. 16, 2010) (summary judgment).

**B.      Defendants' "Downstream" Infringer Argument is Irrelevant to Pleading Sufficiency**

Defendants also attempt to evade liability by claiming they are merely "downstream" from GHM and therefore not responsible for infringement after the Singapore decisions.  Opp. at 15-16, 18.  But the Copyright Act imposes liability on any entity that exercises plaintiff's exclusive rights under 17 U.S.C. § 106—regardless of whether they received the works from another infringer.  Copyright law does not recognize a good-faith 'pass-through' defense.  *Arista Records LLC v. Lime Grp. LLC*, 784 F. Supp. 2d 398, 422-438 (S.D.N.Y. 2011) (acknowledging liability of downstream infringers).  Wave's proposed allegations are fully consistent with that standard.  Each act of infringement alleged is a separately accruing claim.  *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 671 (2014).  That other infringers, including GHM, may have committed earlier or even simultaneous acts of infringement does not immunize Defendants from liability for their own violations under the law, *id.*, and thus whether Defendants obtained the photos from another party is immaterial at the pleading stage.

At bottom, Defendants ask the Court to resolve fact disputes about how they obtained the copyrighted works and how they use them—questions properly resolved on summary judgment or at trial, not on a motion to dismiss.  They are free to raise damages defenses later, but those arguments do not affect the sufficiency of the pleadings.  The proposed allegations provide that Defendants displayed copyrighted images on their own platforms, for their own commercial benefit, without permission.  "Nothing more is required in order to state a claim for copyright infringement."  *Scholz Design, Inc. v. Sard Custom Homes, LLC*, 691 F.3d 182, 192 (2d Cir. 2012).  Because Wave has stated a plausible claim, the proposed allegations are not futile.

11

## **CONCLUSION**

For all the foregoing reasons, Wave's cross-motion should be granted.

Respectfully submitted,

_____

Jennifer A. Kash (*pro hac vice*)
(CA Bar No. 203679)
Francesca M. S. Germinario (*pro hac vice*)
(NY Bar No. 5629407)
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
13-9239@cases.warrenlex.com

Michael D. Cilento, Esq.
(NY Bar No. 5459664)
LEWIS & LIN LLC
77 Sands Street, 6th Floor
Brooklyn, New York, 11201
+1 (718) 243-9323
+1 (718) 243-9326 facsimile
Michael@iLawco.com

*Attorneys for Plaintiff The Wave Studio, LLC*

12

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby confirm that this brief complies with the type and number limitations set forth in Local Civil Rule 7.1.  I certify that this document contains 3,497 words, which were counted using the word count feature in Microsoft Word, in 12-point Times font.  The word count does not include the caption page or the signature blocks.

Francesca M.S. Germinario