# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| The Wave Studio, LLC,<br><br>       Plaintiff,<br><br>-against-<br><br>General Hotel Management Ltd., et al.,<br><br>       Defendants. | Case No. 7:13-cv-09239-CS-VR<br><br>**Plaintiff The Wave Studio, LLC's Reply ISO Its Cross-Motion for Leave to Amend**<br><br>Dated:  June 20, 2025<br>San Francisco, California |

Jennifer A. Kash (*pro hac vice*)
(CA Bar No. 203679)
Francesca M. S. Germinario (*pro hac vice*)
(NY Bar No. 5629407)
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
13-9239@cases.warrenlex.com

Michael D. Cilento, Esq.
(NY Bar No. 5459664)
LEWIS & LIN LLC
77 Sands Street, 6th Floor
Brooklyn, New York, 11201
+1 (718) 243-9323
+1 (718) 243-9326 facsimile
Michael@iLawco.com

*Attorneys for Plaintiff The Wave Studio, LLC*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I.      The Defendants Fail to Demonstrate That Amendment Would Be Futile . . . . . . . . . . . . 2

        A.     Futility Requires Legal Impossibility, Not Disputed Facts . . . . . . . . . . . . . . . . . . . . 2

        B.     Defendants' Unproven Statute of Limitations Defense Does Not Preclude
             Amendment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

             1.     Defendants Improperly Rely on Materials Outside The Pleading . . . . . . . 3

             2.     Defendants Fail to Meet Their Burden to Prove That All of Wave's
                    Claims Are Time Barred . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

             3.     Defendants' Argument That Infringements Are Not "Separately
                    Accruing" Does Not Bar Amendment . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

             4.     The Proposed Allegations Regard and Relate Back to Each of
                    Defendants' Complaints . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

II.     Extraterritoriality Does Not Bar Wave's Claims Against Agoda and
      Momondo . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .12

# **TABLE OF AUTHORITIES**

*Cases*              *Pages*

*A. ex rel. A. v. Hartford Bd. of Educ.*,
    No. 11-1381, 2012 WL 3887020 (D. Conn. Sept. 6, 2012) . . . . . . . . . . . . . . . . . . . . . . . . 3

*APL Microscopic, LLC v. United States*,
    144 Fed. Cl. 489 (2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 8

*Baker v. Weber*,
    No. 19-1093, 2021 WL 4480998 (S.D.N.Y. Sept. 30, 2021) . . . . . . . . . . . . . . . . . . . . . . 5

*Balintulo v. Ford Motor Co.*,
    796 F.3d 160 (2d Cir. 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Calise v. Casa Redimix Concrete Corp.*,
    No. 20-716, 2022 WL 355665 (S.D.N.Y. Feb. 4, 2022) . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Clark v. Hanley*,
    89 F.4th 78 (2d Cir. 2023) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Diversey v. Schmidly*,
    738 F.3d 1196 (10th Cir. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 8

*Dow Jones & Company, Inc. v. Juwai Ltd.*,
    No. 21-7284. 2023 WL 2561588 (S.D.N.Y. 2023) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Fogel v. Chestnutt*,
    668 F.2d 100 (2d Cir. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Global Network Commc'ns, Inc. v. City of New York*,
    458 F.3d 150 (2d Cir. July 21, 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Great Mill Rock LLC v. Stellex Cap, Mgmt. LP*,
    No. 20-3056, 2020 WL 5370626 (S.D.N.Y. Sept. 4, 2020) . . . . . . . . . . . . . . . . . . . . . . 3

*Grecco v. Age Fotostock Am., Inc*,
    No. 21-423, 2021 WL 3353926 (S.D.N.Y.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*IHS Dialysis Inc. v. Davita, Inc.*,
    No. 12-2468, 2013 WL 1309737 (S.D.N.Y. Mar. 31, 2013) . . . . . . . . . . . . . . . . . . . . . 5

*It's a 10, Inc. v. PH Beauty Labs, Inc.*,
    718 F.Supp. 2d 332 (S.D.N.Y. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Lateral Recovery, LLC v. Cap. Merch. Servs., LLC*,
    632 F.Supp. 3d 402 (S.D.N.Y. 2022) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

# **TABLE OF AUTHORITIES**
*(continued)*

*Cases* **Pages**

*Loreley Financing (Jersey) No. 3 Ltd. v. Wells Fargo Securities, LLC*,
    797 F.3d 160 (2d Cir. 2015) ............................................................ 2, 11

*Michael Grecco Prods., Inc. v. RADesign, Inc.*,
    112 F.4th 144 (2d Cir. 2024) ...........................................................3, 6, 8

*Morrison v. National Australia Bank Ltd.*,
    561 U.S. 247 (2010) ............................................................ 11

*Park v. Skidmore, Owings & Merrill LLP*,
    No. 17-4473, 2019 WL 9228987 (S.D.N.Y. Sep. 30, 2019) ...................... 3-4

*Petrella v. Metro-Goldwyn-Mayer, Inc.*,
    572 U.S. 663 (2014) ............................................................ 5-6

*Rams v. Def Jam Recordings, Inc.*,
    202 F. Supp. 3d 376 (S.D.N.Y. 2016) ............................................................ 7

*Ronzani v. Sanofi S.A.*,
    899 F.2d 195 (2d Cir. 1990) ............................................................ 2

*Ryder Energy Distribution Corp. v. Merrill Lynch Commodities Inc.*,
    748 F.2d 774 (2d Cir. 1984) ............................................................ 2

*Tapia v. Huaquechula Rest. Corp.*,
    No. 18-10771, 2020 WL 3893314 (S.D.N.Y. July 10, 2020) ...................... 5

*United States v. Prado*,
    933 F.3d 121 (2d Cir. 2019) ............................................................ 11

*Warren v. John Wiley & Sons, Inc.*,
    952 F. Supp. 2d 610 (S.D.N.Y. 2013) ............................................................ 4

*Winklevoss Consultants, Inc. v. CVS Pharmacy, Inc.*,
    No. 12-471, 2013 WL 2423801 (D. Conn. June 4, 2013) ............................ 3

*Statutes & Rules*

Fed. R. Evid. 201 ............................................................ 5

**INTRODUCTION**

This cross-motion presents a straightforward question: whether Plaintiff's proposed amendments plausibly state a claim under the Copyright Act. They do. The Booking Defendants raise no challenge based on undue delay, prejudice, or bad faith. Instead, they oppose amendment solely on the ground of futility—a "particularly high" bar at this stage of litigation, before any ruling on a motion to dismiss, before discovery has commenced, and before Defendants have even answered the complaints.

Yet Defendants attempt to manufacture futility by muddying the record. Their arguments rely not on the pleadings, but on a patchwork of extrinsic materials—screenshots, spreadsheets, metadata, and attorney arguments—none of which may be credited at this stage. They misstate the nature of Plaintiff's proposed allegations, mischaracterize the operative complaints, and speculate freely about the timing and location of conduct not alleged. What Defendants do not offer—and cannot offer—is a legal basis to preclude amendment at this juncture. The Second Circuit has held that futility is a question of legal sufficiency, not factual dispute. A motion for leave to amend must be granted unless the proposed amendment is frivolous or legally insufficient on its face. The proposed amendments here clear that threshold with ease.

Defendants' broader strategy across its filings of exploiting procedural complexity to avoid answering well-pleaded claims does not withstand scrutiny under Rule 15. The proposed amendments add factual detail, respond directly to the grounds raised in the motion to dismiss, and—at minimum—plausibly state claims that are not facially time-barred, not foreclosed by extraterritoriality, and not precluded as a matter of law. The Court need not resolve disputed facts or accept Defendants' characterizations to grant leave to amend.

1

# ARGUMENT

## I. The Defendants Fail to Demonstrate That Amendment Would be Futile

### A. Futility Requires Legal Impossibility, Not Disputed Facts

Courts in this Circuit consistently hold that futility under Rule 15(a) mirrors the Rule 12(b)(6) standard; thus, a proposed amendment is futile only if it fails to state a claim on which relief could be granted, assuming all factual allegations are true and drawing all inferences in the pleader's favor. *Balintulo v. Ford Motor Co.*, 796 F.3d 160, 164 (2d Cir. 2015). The Booking Defendants oppose amendment on futility grounds alone, which is an "especially high" bar under Rule 15 at this early stage of litigation, before any Rule 12 ruling, discovery, or answers to the complaints. Opp. at 4; *It's a 10, Inc. v. PH Beauty Labs, Inc.*, 718 F. Supp. 2d 332, 339 (S.D.N.Y. 2010).[1]

Defendants have not met that burden here. Their arguments rest on a speculative statute of limitations defense, improper reliance on settlement-related materials, and disputes of fact that cannot be resolved at the pleadings stage. Opp. at 4-12. Given the early stage of litigation, with no substantial discovery, summary judgment motions, or trial date set, leave to amend should be granted. *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities Inc.*, 748 F.2d 774, 783 (2d Cir. 1984). Indeed, proceedings are so preliminary that Defendants have not even answered, and the affirmative defenses underpinning their opposition are not yet at issue.

---

[1] Even if the Court agreed that the existing allegations were insufficient, the law favors allowing amendment to correct specific deficiencies. *Loreley Financing (Jersey) No. 3 Ltd. v. Wells Fargo Securities, LLC*, 797 F.3d 160 (2d Cir. 2015); *Ronzani v. Sanofi S.A.*, 899 F.2d 195, 198 (2d Cir. 1990) ("When a motion to dismiss is granted, 'the usual practice is to grant leave to amend the complaint'") (internal citation omitted).

2

B.  **Defendants' Unproven Statute of Limitations Defense Does Not Preclude Amendment**

Wave is not required to anticipate potential affirmative defenses, such as the statute of limitations, and plead around defenses. *Michael Grecco Prods., Inc. v. RADesign, Inc.*, 112 F.4th 144, 154 (2d Cir. 2024). The burden of proving this affirmative defense falls on Defendants, *id.* at 154, and their failure to meet this burden renders their only futility argument ineffective. At most, the arguments Booking Defendants "raise[] here are better suited for the summary judgment stage, and must be rejected at this time as premature." *Winklevoss Consultants, Inc. v. CVS Pharmacy, Inc.*, No. 12-471, 2013 WL 2423801, at *1 (D. Conn. June 4, 2013).[2]

1.  **Defendants Improperly Rely on Materials Outside The Pleadings**

At the motion to dismiss stage, the allegations need only plead facts consistent with discovery within the limitations period. To prove otherwise, Defendants are limited to the pleadings and documents from which the Court may take judicial notice. *Great Mill Rock LLC v. Stellex Cap. Mgmt. LP*, No. 20-3056, 2020 WL 5370626, at *2 n.1 (S.D.N.Y. Sept. 4, 2020) ("extraneous documents, which contradict allegations in the complaint, are not considered on a motion to dismiss"); *A. ex rel. A. v. Hartford Bd. of Educ.*, No. 11-1381, 2012 WL 3887020, at *4 (D. Conn. Sept. 6, 2012) ("the Court cannot consider facts outside the pleadings in considering the futility of an amendment"). But, Defendants point to no judicial admissions in any complaint that would time bar Wave's claims. Whatever factual disputes Defendants raise about the allegations only prove that dismissal is improper at the pleadings stage. *Park v. Skidmore,*

---

[2] In *Winklevoss Consultants,* the court rejected "futility arguments [] largely predicated on extrinsic documents, testimony and facts culled from discovery" under Rule 15. 2013 WL 2423801, at *1.

*Owings & Merrill LLP*, 2019 WL 9228987, at *3 (S.D.N.Y Sep. 30, 2019) (alleged discovery dates are questions of fact inappropriate for dismissal).[3]

Defendants claim that the dates on various extrinsic materials are binding admissions of discovery for statute of limitations purposes (Opp. at 5-6), but Wave's allegations plead only the dates when—made on information and belief—Defendants committed infringing acts, not when Wave discovered them. Docket No. 332 ¶ 147. As is common in copyright infringement pleadings, the complaints nowhere allege when Wave discovered defendants' violative acts, and Defendants cite no such allegation. *See generally* Opp.[4] This is fatal to Defendants' opposition.

Without relevant allegations, Defendants resort to screenshots generated for settlement negotiations that are "neither attached to the [] Complaint, nor [] incorporated by reference in it or integral to it." *Lateral Recovery, LLC v. Cap. Merch. Servs., LLC*, 632 F. Supp. 3d 402, 446 (S.D.N.Y. 2022) (declining to consider settlement agreement and materials not within the pleadings on motion to dismiss). This is unavailing. That these documents were produced to inform settlement discussions is clear from the Court's transcript, and from the fact that discovery was stayed when the documents were provided. Defendant's use of documents provided in a good faith attempt at settlement cuts against the policy of encouraging candor in settlement discussions.

Far from supporting Defendants, these extrinsic materials give rise to factual disputes. Attorney argument about investigating document metadata, creation of charts with dates inferred via cross-reference among spreadsheets and settlement materials (Opp. at 3, 10-11), is effectively expert opinion, not support from the complaint or judicially noticeable documents. "Whether or

---

[3] "The fact that a pleading contains references to documents that may eventually be ruled inadmissible in evidence is not a proper basis for dismissal pursuant to Rule 12(b)(6)." *Calise v. Casa Redimix Concrete Corp.*, No. 20-716, 2022 WL 355665, at *4 (S.D.N.Y. Feb. 4, 2022).

[4] *Warren v. John Wiley & Sons, Inc.*, 952 F. Supp. 2d 610, 618 (S.D.N.Y. 2013) (applying Rule 8's sufficient notice standard to copyright claim).

not the existence of the submitted documents are a proper subject of judicial notice, the facts contained therein, which Defendant seeks to offer for their truth, are most certainly not." *IHS Dialysis Inc. v. Davita, Inc.*, No. 12-2468, 2013 WL 1309737, at *3 n.2 (S.D.N.Y. Mar. 31, 2013) (citing Fed. R. Evid. 201 & *Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 156 (2d Cir. July 21, 2006) [holding it was reversible error on a motion to dismiss to consider matters outside the pleadings "to make a finding of fact that controverted the plaintiff's [] factual assertions set out in its complaint"]).

### 2. Defendants Fail to Meet Their Burden to Prove That All of Wave's Claims Are Time Barred

"An infringer commits a new wrong '[e]ach time an infringing work is reproduced or distributed,' so 'each infringing act starts a new limitations period.'" *Baker v. Weber*, 2021 WL 4480998, at *11 (S.D.N.Y. Sept. 30, 2021) (quoting *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 671 (2014)). The Supreme Court has directed that courts must consider each act of infringement separately when considering if a claim is barred by the Copyright Act's statute of limitations, and the accrual date for each right in the copyright holder's bundle of rights should also be considered independently. *Petrella*, 572 U.S. at 671 ("each infringing act starts a new limitations period"); *Diversey v. Schmidly,* 738 F.3d 1196, 1201 (10th Cir. 2013). "Each alleged" act of infringement "creates a new claim or right, some of which may well be within the statute of limitations; and the statute of limitations operates, as a practical matter, to create a range for possible damages as opposed to a complete elimination of a claim for relief." *Tapia v. Huaquechula Rest. Corp.*, No. 18-10771, 2020 WL 3893314, at *2 (S.D.N.Y. July 10, 2020). As such, "Defendants' argument concerning the statute of limitations is an inappropriate means by which to adjudicate Plaintiffs' motion [for leave to amend] or that defense in this context." *Id.*

5

At best, the Booking Defendants' motion challenges only infringement of Wave's display right. Defendants simply ignore alleged violations of Wave's other rights, supplying no accrual date, discovery date, or allegation that establishes a limitations defense to each alleged violation. Even as to the one right addressed in Defendants' motion—direct infringement of Waves' display right—Defendants fail to prove all of Wave's disputed claims are time-barred. The "pleading requirements of the Federal Rules of Civil Procedure do not compel a litigant to anticipate potential affirmative defenses, such as the statute of limitations, and to affirmatively plead facts in avoidance of such defenses." *Michael Grecco,* 112 F.4th at 154 (quoting *Clark v. Hanley*, 89 F.4th 78, 93-94 (2d Cir. 2023)). Defendants' acts leading to display of each photo on each domain or platform constitutes a unique infringing act—creating distinct, separately accruing harms. *See Petrella*, 572 U.S. at 671. To meet their burden to prove all Wave's claims are time barred, at a minimum Defendants needed to address each photo separately, identifying when Wave purportedly discovered infringement, identifying an accrual date, and pointing to admissions in the complaint. *Id*. Defendants fail to offer any act-by-act or even photo-by-photo analysis, and therefore cannot meet their burden.

Defendants fail to address whether Wave's separate claims for violation of its reproduction and distribution rights are time barred. *See generally* Opp.; Docket No. 332 ¶¶ 8, 114. A plaintiff can pursue a claim for infringement of a different right under the Copyright Act if it was discovered later and is not barred by the statute of limitations, even if another right is found to be time-barred. *APL Microscopic, LLC v. United States*, 144 Fed. Cl. 489, 493 (2019) (evaluating each right violated separately for purposes of statute of limitations and finding APL's claim of infringement as to the right of reproduction to be time-barred but its claims as to the right of distribution and right of display to be timely).

Wave also pleads contributory and vicarious infringement against Defendants, Docket No. 332 ¶¶ 340-57, but Defendants fail to address Wave's indirect infringement claims altogether. Wave's discovery of Defendants' acts, supervision, and control over infringement is separate and distinct from any alleged violation of Wave's display rights,[5] and Defendants offer no statute of limitations argument regarding the indirect infringement claims. Defendants' silence is dispositive: they have not met their burden to show that each claim, as augmented by the proposed allegations, would be time-barred, and therefore cannot meet the futility standard.

### 3. Defendants' Argument That Infringements Are Not "Separately Accruing" Does Not Bar Amendment

Defendants do not seriously dispute that at least some of the acts identified are timely. Here, as in its motion to dismiss, they rely upon attorney argument and an unsupported theory of indivisibility, portraying a decade of infringement across multiple platforms and legal entities as a single "continuous" act by arguing all alleged infringement acts amount to a single act of 'hosting photos on a website.' Opp. at 6-7. In the instant cross-motion, Wave proposes amendments adding further factual heft to its existing allegations (*see* Cilento Decl. in support of Cross-Motion, Ex. 1), and Defendants again fail to contend with these additional details, instead persistently minimizing the breadth and scope of Wave's infringement allegations. Opp. at 8-12; *see* Wave Opp. to MTD at 18 ("Defendants do not analyze the later alleged uses to consider whether they are technically or temporally distinct, whether new platforms or URLs are involved, or whether new distribution, reproduction, or display occurred—each of which is distinct under the Copyright Act."); *see also* Docket No. 332 ¶¶ 323-331.

But Wave alleges three distinct types of infringement across various platforms, including but not limited to desktop websites, mobile websites, related content delivery networks, mobile

---

[5] *Rams v. Def Jam Recordings, Inc.*, 202 F. Supp. 3d 376, 385 (S.D.N.Y. 2016) (contributory infringement); *id*. at 383 (vicarious infringement).

7

applications, distribution hubs, storage mechanisms, and other electronic means or platforms (Docket No. 332 ¶¶ 10, 29-30, 36-38, 53, 56, 61, 66, 70, 74, 153-155). Wave's proposed amendments further plead that Defendants operate across hundreds of online travel platforms and multiple subsidiaries. *See* Cilento Decl. in support of Cross-Motion, Ex. 1. Wave also pleads that the full scope of the Booking Group's infringement remains concealed. Docket No. 332 118.

In the face of these allegations, Defendants offer unsubstantiated fiction, proposing that **if** Wave's photos were displayed in some type of collective repository, they were probably also simultaneously displayed and unchanging in form across multiple commerce platforms since their collective initial appearance—a daydream they contend disposes of Wave's claims. *See* Opp. at 6-7 (citing proposed amendments at B8, B13–B15). The allegations contain no support for Defendants' assertions, and the Copyright Act does not permit Defendants to collapse a series of discrete wrongs into a single, monolithic event at their convenience. *See Diversey v. Schmidly*, 738 F.3d 1196, 1201 (10th Cir. 2013); *APL Microscopic, LLC v. United States*, 144 Fed. Cl. 489, 493 (2019). Indeed, the very allegation Booking seizes on—that Booking Group defendants accessed photographs from shared servers like bstatic.com and agoda.net—only confirms the breadth and reach of the enterprise, substantiating Wave's allegations of frequent and systemic misconduct.

To ascertain the nature of each of these violative acts, pinpoint the precise accrual date for each separate claim, and discern whether these acts are independent or ongoing, requires more than is shown in Defendant's moving papers. *Michael Grecco*, 112 F.4th at 152 (noting "date of discovery" is "a fact-intensive inquiry"). As Defendants cannot sufficiently demonstrate the supposed single, continuous infringement required to support their statute of limitations defense, the defense poses no obstacle to amendment.

8

### 4. The Proposed Allegations Regard and Relate Back to Each of Defendants' Complaints

Defendants argue that Plaintiff's reference to infringing acts as early as 2012 renders the amendment improper, suggesting that those claims stem solely from the 2021 complaint and are therefore untimely. Opp. at 10-11. But Defendants assume their premise. The Compendium Spreadsheets Defendants challenge in their motion to dismiss drew from allegations that implicated each complaint Wave has filed against the moving defendants. Docket No. 332-1. The proposed curative allegations thus detail infringing conduct not confined to the 2021 filing; they implicate multiple timely-filed complaints (e.g., 2013 Kayak complaint, the 2015 Priceline complaint, and the 2021 Booking complaint). Plaintiff is not "backfilling" the 2021 complaint with stale claims—it is matching distinct acts to their appropriate procedural counterparts, just as Rule 15 permits. What Defendants fail to grasp is that Wave filed the 2021 complaint during a multi-year stay of the consolidated cases to assert new violations by Booking subsidiaries that, in a more typical procedural context, would have been added to earlier complaints via amendment. Wave's identification of infringing acts in a summary 'compendium' document does not somehow forfeit Wave's right to amend earlier complaints. Nothing in Rule 15 or governing precedent precludes Plaintiff from correcting or clarifying its allegations in this context. The proposed amendments are consistent with the allegations, the procedural history, and the applicable standards governing relation back and amendment. Accordingly, the Court should grant leave.

### II. Extraterritoriality Does Not Bar Wave's Claims Against Agoda and Momondo

Defendants' argument that claims against Agoda and Momondo exceed the extraterritorial scope of the Act due to the alleged timing of infringement is doubly flawed. The proposed amendments do not allege that the relevant infringements occurred solely between

9

2012 and 2014, nor do they allege that such conduct is exclusively foreign. First, Defendants derive those dates not from the pleadings, but from the extrinsic materials and attorney argument discussed above, which improperly converts the pleadings stage into a factual merits inquiry. Opp. 3, 10-11. That same flaw undermines this extraterritoriality challenge.

Second, the proposed amendments specifically allege that Agoda and Momondo engaged in infringement using U.S.-based servers and infrastructure and benefitted from these U.S.-based acts—this sufficiently pleads the domestic predicate act plus factors. *Grecco v. Age Fotostock Am., Inc*, 2021 WL 3353926, at *4 (S.D.N.Y. Aug. 2, 2021); *Dow Jones & Company, Inc. v. Juwai Ltd.*, 2023 WL 2561588, at *5 (S.D.N.Y. 2023) (internal quotations omitted) ("Where a complaint alleges that Defendants caused a copy of an infringing work to be made on[] servers in the United States, the complaint plainly alleges an act of direct infringement in the United States"). If one infringement is pleaded with a predicate U.S. act, Wave pleads at least one viable claim and dismissal is unavailable to defendants. The Master Complaint pleads numerous such U.S.-based predicate acts. *See* Docket No. 332 ¶¶ 30, 66, 153-55. And the proposed amendments add further detail—including allegations that infringing content was distributed through U.S.-based content delivery infrastructure, including U.S.-hosted servers, corporate resources, and personnel. *See* Opp., Cilento Decl. Ex. 1 at B20–B31. These allegations are sufficient to plead the predicate act exception to the extraterritorial bar and to state timely claims. *Dow Jones*, 2023 WL 2561588, at *3. Whether those predicate acts ultimately suffice to impose liability, as Defendants argue extensively (Opp. at 1, 5, 7-8, 10), is a merits question. At the pleading stage, defendants' effort to dismiss based on speculative dating and contested inferences is legally unsupported and should be rejected.

Defendants also conflate the prescriptive reach of the statute with the Court's jurisdiction to hear the case (Opp. at 10), but because extraterritoriality goes to the scope of liability, not

jurisdiction, the Court need only determine whether the complaint plausibly pleads a domestic predicate act. As the Second Circuit emphasized in *United States v. Prado*, 933 F.3d 121, 138 (2d Cir. 2019), the Supreme Court "chastised" lower courts for treating statutory extraterritoriality as a jurisdictional issue rather than a merits inquiry; the circuit court noted that *Morrison* held that "to ask what conduct [a statute] reaches is to ask what conduct [it] prohibits, which is a merits question. Subject-matter jurisdiction, by contrast, refers to a tribunal's power to hear a case." *Morrison v. National Australia Bank Ltd.,* 561 U.S. 247, 254 (2010). "[W]hen the plaintiff bases his cause of action upon an act of Congress, [jurisdiction] cannot be defeated by a plea denying the merits of his claim." *Id.* (quoting *Fogel v. Chestnutt*, 668 F.2d 100, 106 (2d Cir. 1981)).

Accordingly, Defendants' extraterritoriality challenge is premature and misframed. Wave has plausibly alleged U.S.-based predicate acts, and the questions Defendants raise go to the merits, not the pleadings. Their arguments fail to support dismissal and instead support the utility of the proposed amendments.

If the Court denies Defendants' motions to dismiss, the existing allegations will be shown sufficient. If, however, the Court grants any part of Defendants' motion, Wave should be entitled to amend under the law. *Loreley Financing (Jersey) No. 3 Ltd. v. Wells Fargo Securities, LLC*, 797 F.3d 160, 190 (2d Cir. 2015) ("[w]ithout the benefit of a ruling, many a plaintiff will not see the necessity of amendment or be in a position to weigh the practicality and possible means of curing specific deficiencies"). Defendants have failed to demonstrate that amendment would be futile.

## **CONCLUSION**

For all the foregoing reasons, and for the reasons stated in Wave's opposition to the Booking Defendants' Motion to Dismiss, Wave respectfully submits that its Cross-Motion for Leave to Amend should be granted.

Respectfully submitted,

_____
Jennifer A. Kash (*pro hac vice*)
(CA Bar No. 203679)
Francesca M. S. Germinario (*pro hac vice*)
(NY Bar No. 5629407)
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
13-9239@cases.warrenlex.com

Michael D. Cilento, Esq.
(NY Bar No. 5459664)
LEWIS & LIN LLC
77 Sands Street, 6th Floor
Brooklyn, New York, 11201
+1 (718) 243-9323
+1 (718) 243-9326 facsimile
Michael@iLawco.com

*Attorneys for Plaintiff The Wave Studio, LLC*

**CERTIFICATE OF COMPLIANCE**

      I hereby confirm that this brief complies with the type and number limitations set forth in Local Civil Rule 7.1. I certify that this document contains 3,430 words, which were counted using the word count feature in Microsoft Word, in 12-point Times font. The word count does not include the caption page or the signature blocks.

      _____
      Francesca M.S. Germinario