

**Clausen Miller P.C.**
CHICAGO, IL
NEW YORK
CALIFORNIA
NEW JERSEY
INDIANA
WISCONSIN
CONNECTICUT
FLORIDA
TEXAS

**Clausen Miller LLP**
LONDON, ENGLAND

**CMI Clausen Miller International**
Clausen Miller LLP, LONDON
Clausen Miller P.C.
Grenier Avocats, PARIS
Studio Legale Corapi, ROME
van Cutsem-Wittamer-Marnef & Partners, BRUSSELS

Attorneys at Law    28 Liberty Street, 39th Floor • New York, NY 10005 • www.clausen.com
Tel: 212.805.3900 • Fax: 212.805.3939

**Harvey R. Herman, Esq.**
**Direct Line:** (312) 606-7451
**E-Mail:** hherman@clausen.com

June 27, 2025

**VIA ECF**

Magistrate Judge Victoria Reznik
United States District Court
Southern District of New York
300 Quarropas Street, Courtroom 420
White Plains, NY 10601-4150

      Re: *The Wave Studio, LLC v. General Hotel Management, Ltd., et al.*
            Civil Action No:    7:13-cv-09239-CS

Dear Judge Reznik:

    We represent the following Defendants (also identified in Document Numbers 302 and 444:)[1]

> 1) About, Inc. d/b/a About.com; 2) Alliance Reservation Network d/b/a Reservetravel.com; 3) Bookit.com, Inc.; 4) Expedia, Inc. d/b/a Expedia.com; 5) Fareportal, Inc. d/b/a Cheapoair.com; 6) Farebuzz d/b/a Farebuzz.com; 7) Frommer Media d/b/a Frommers.com; 8) Getaroom.com d/b/a Getaroom.com; 9) Hotels.com GP LLC d/b/a Hotels.com d/b/a Travelnow.com; 10) Hotelsbyme d/b/a Hotelsbyme.com; 11) Lexyl Travel Technologies d/b/a Hotelplanner.com; 12) Esteban Oliverez d/b/a Insanelycheapflights.com; 13) JetBlue Airways Corporation d/b/a JetBlue.com; 14) Kayak Software Corporation d/b/a Kayak.com; 15) Lonely Planet Global, Inc. d/b/a Lonelyplanet.com; 16) Metro Travel Guide d/b/a Metrotravelguide.com; 17) Netadvantage.com d/b/a IHSadvantage.com; 18) Reservation Counter d/b/a Reservationcounter.com; 19) Pegasus Solutions, Inc.; 20) Random

---

[1] Defendants KAYAK Software Corp. and Getaroom.com are represented by our firm and also by the Morgan Lewis firm. The Morgan Lewis firm is submitting a letter on behalf of those Defendants.

11762100.1



Magistrate Judge Victoria Reznik
June 27, 2025
Page 2

> House d/b/a Fodors.com; 21) This Exit, LLC d/b/a Roadside merica.com; 22) Travelocity.com d/b/a Travelocity.com; 23) Tripadvisor, LLC d/b/a Tripadvisor.com; 24) United Airlines, Inc. d/b/a Hotels.United.com; 25) Gogobot, Inc. d/b/a gogobot.com; 26) Qantas Airways Ltd.; 27) WK Travel, Inc.; 28) AOL, Inc.; (29; Travelzoo, Inc.; 30) Charles Kessler Associates, Inc.; 31) United Airlines, Inc. Successor-In-Interest to Continental Airlines, Inc.; 32) Swiss International Air Lines, LTD; 33) Virgin America, Inc.; 34) Virgin Vacations, Inc.; 35) Virgin Atlantic Airways Limited; 36) VFM Leonardo, Inc. 37) Groupon, Inc.; and 38) Air Canada.

This letter is written in response to the Plaintiff, Wave Studios LLC's June 18, 2025 letter to the Court. Plaintiff's letter purports to summarize the procedural history of this case for the apparent objective of clarifying "the procedural ambiguity now surrounding the pleadings." (Doc. No. 528). The letter mischaracterizes and misrepresents the procedural history of the case. In particular, Plaintiff incorrectly characterizes the objective of the "Master Complaint" and incorrectly states that the Master Complaint does not replace the Complaints or claims in the lawsuits which Plaintiff has filed. This letter will correct and clarify Plaintiff's misunderstanding of the case history and pleadings.

I.   **MASTER COMPLAINT**

The Plaintiff filed its initial lawsuit against dozens of Defendants in 2013, Case No. 7:13-cv-09239-CS. The case was stayed as to all parties except for Plaintiff and General Hotel Management ("GHM"). In 2017, this Court granted summary judgment in favor of GHM on forum non conveniens grounds. In 2018, Plaintiff sued GHM in Singapore. Between 2014 to 2023, Plaintiff filed eleven additional lawsuits alleging nearly identical copyright infringement claims as alleged in the 2013 primary action. On November 7, 2023, after matters in the Singapore litigation were concluded, Plaintiff requested that the Stay be lifted. (Doc. No. 295.) In response to Plaintiff's request, the Defendants made clear that Plaintiff should be required to file a consolidated amended complaint against all of the Defendants that at a minimum expressly alleged which photographs were infringed by which Defendants. (Doc No. 300; 301-306; and 314.) The request was made because the Plaintiff's complaint allegations were vague and did not properly inform the Defendants of the alleged copyright infringements.

The Court held a status conference on November 29, 2023. The primary point of discussion concerned the fact that the Plaintiff would be required to file a "Master Complaint" that would act as the operative complaint. The Court required that the Plaintiff specifically plead which photographs were allegedly infringed by each Defendant, when the alleged infringement occurred and the manner of the alleged infringements. As part of the Master Complaint, Plaintiff was

11762100.1



Magistrate Judge Victoria Reznik
June 27, 2025
Page 3

required to supplement the Master Complaint with a compendium spreadsheet which contained specific information on the dates of the alleged infringement and the identity of each photograph and the manner of alleged infringement, "You are going to have a spreadsheet that's going to say, which—for each photographs who allegedly infringed it and when." (Doc. No. 321, 31:14-16.) The Plaintiff's Master Complaint in fact acknowledged the Court directives by including allegations that the Master Complaint applies and supersedes all of the case filed by the Plaintiff. (Doc. No. 332, paras 18-19.)

Plaintiff has filed 12 lawsuits against dozens of Defendants. The lawsuits all contained vague allegations of copyright infringements. The Complaints were inadequate in that they did not inform the Defendants of the alleged infringements. This created procedural problems and challenges for the Defendants and the Court. It is for this reason that the Defendants requested and the Court directed that the Plaintiff file a Master Complaint against the Defendants which alleged with specificity the Copyright infringement claims. The Master Complaint is the superseding and operative Complaint. There is no "procedural ambiguity" with respect to the Master Complaint.

## II.     SETTLEMENT CONFERENCE AND THRESHOLD MOTIONS

The Court wanted the Parties to explore settlement after Plaintiff's filing of the Master Complaint. The matter of settlement was problematic based on the thousands of alleged copyright infringement claims and the dozens of parties. Plaintiff therefore proposed having initial settlement discussions with those parties which the Plaintiff categorized as "Display Only Defendants." The Court held a settlement conference on July 31, 2024. The cases did not settle. At the conclusion of the settlement conference, Your Honor asked the parties to propose procedures for the Court to rule upon issues that may impact the parties' positions on settlement. This led to an evaluation of proceeding with Federal Rule 12 motions on specified topics. The Plaintiff appears to malign Defendants' efforts with respect to proceeding with the Threshold Motions. Plaintiff states that Defendants "rejected proposed coordination" with Plaintiff and "explicitly sought to delay resolution of core legal issues like the Singapore judgment's effect." (Doc 528, p. 2). Plaintiff is wrong. It was, in fact, Your Honor's decision to proceed with Rule 12 motions on the issues of personal jurisdiction, statute of limitations, and extraterritoriality, and to hold back motions pertaining to the impact, if any, of the Singapore decisions (or any aspect thereof). (Doc. 384).

In order to place matters in proper context and to avoid "Resulting Confusion," the Defendants will briefly comment on the motion procedures. As part of the proposed procedural rules for the motion practice, the Defendants proposed that they be entitled to file individual motions. The Defendants expressed that having to file a single motion would be impracticable given the disparate facts, different claims made against the dozens of Defendants and the fact that the Defendants were represented by different counsel. The Defendants pointed out that the fact



Magistrate Judge Victoria Reznik
June 27, 2025
Page 4

that Plaintiff does not want to have to "answer multiple preliminary motions is of no consequence- as it was Plaintiff's choice to sue so many different Defendants on these claims." (Doc No. 380, p 2).

The Court accommodated the interests of Plaintiff and Defendants. The Court ordered that the Defendants serve one omnibus motion but that each moving party may serve their own supplemental memorandum of law addressing the facts and law specific to them. (Doc No. 384, p. 2). Ultimately, three defendant groups elected to proceed with early Rule 12 motions, which eliminated the need for an omnibus motion, and Your Honor set a briefing schedule for those three individual motions to dismiss pursuant to Rule 12. Plaintiff requested extensive discovery to respond to the three motions to dismiss (Doc. 422), which the Moving Defendants opposed (Doc. 426). Plaintiff then asked for time to think about whether it needed discovery or would simply request leave "to file an amended Master Complaint." (Doc. 428). Plaintiff then withdrew its discovery requests and requested 45 days to serve "an Amended Master Complaint." (Doc. 433). Your Honor deemed the discovery requests moot and set the schedule for the remaining briefing on the motions to dismiss and Plaintiff's "cross-motion for leave to amend the master complaint." (Doc. 434).

Plaintiff thereafter engaged new counsel, who filed voluntary dismissals without prejudice as to various defendants, including two that had filed motions to dismiss.

The current case status is that there are motions to dismiss from two separate defendant groups pending, along with Plaintiff's cross-motions to amend the Master Complaint allegations as to the defendants in those two groups. The motions are fully briefed and the parties have requested oral arguments before Judge Seibel. The Defendants have proceeded in accordance with informed communications with Plaintiff and the Court. The Defendants have not leveraged any "Procedural Ambiguity to Evade Participation" in the case, nor do the Defendants agree that there is any "procedural ambiguity." To the extent that Plaintiff failed to identify any entities as defendants in the Master Complaint and failed to identify any alleged infringements attributable to such defendants in the Compendium Spreadsheet incorporated therein by reference, as appears to have been the case with Amadeus North America, Inc., that was Plaintiff's choice. The Court could not have been more clear that the Master Complaint was to include all claims about which Plaintiff then was aware.

Based on the current status of the Motions, the Defendants think it advisable that the Court hold a Status Conference after the Court rules on the Motions to Dismiss as originally contemplated by Your Honor and the parties.

11762100.1



Magistrate Judge Victoria Reznik
June 27, 2025
Page 5

      We thank the Court for its consideration of these matters.

                                  Very truly yours,

                    By:    */s/ Harvey R. Herman*

                                Harvey R. Herman

HRH:jar

cc:    All counsel of record via ECF

11762100.1