Akin Gump Strauss Hauer & Feld LLP
Robert S. Strauss Tower
2001 K Street, N.W.
Washington, DC 20006

T  +1 202.887.4000
F  +1 202.887.4288
akingump.com



June 27, 2025

VIA ELECTRONIC COURT FILING

The Honorable Victoria Reznik
United States Magistrate Judge
Unted States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York, 10601-4150

    Re:    *The Wave Studio, LLC v. General Hotel Management Ltd.*, et al., Case No. 7:13-CV-09239-CS-VR and Related Case No. 7:15-CV-03420

Dear Judge Reznik:

    As counsel to American Express in the above-captioned case, we write in response to the Court's June 20, 2025, order directing all defendants "to respond to the issues in Plaintiff's letter and to confirm and/or update their current counsel of record on the docket by no later than Friday, June 27, 2025." *See* Dkt. No. 529. Regarding the issues raised in Plaintiff's June 18, 2025 letter (the "Letter") filed at Docket No. 528; American Express responds as follows:

    I.    Counsel of Record

    American Express confirms that Anthony T. Pierce of Akin Gump Strauss Hauer & Feld LLP is the counsel of record for this matter, having been admitted *pro hac vice* in *The Wave Studio, LLC v. American Express Company,* Case No. 7:15-cv-03420-CS prior to its consolidation with the instant case. In addition, Akin attorney Erica Holland noticed an appearance in Case No. 7:15-cv-03420-CS prior to consolidation.

    II.    A Status Conference Would be Premature

As of the date of this letter, American Express understands that motions to dismiss filed by the "Trip" and "Booking" defendants have been fully briefed. American Express believes that a status conference would be premature until those motions have been ruled on.



The Honorable Victoria Reznik
June 27, 2025
Page 2

    III.    The Master Complaint is the Operative Complaint

The "master" complaint, filed at Docket No. 332, is the operative complaint in this matter. Any amendments thereto must be made upon motion for leave to amend in accordance with FRCP 15(a)(2). American Express relied on the allegations in the master complaint, alongside materials provided during the settlement process, to make a decision regarding whether to participate in the motions to dismiss. It would be unfair to change that factual basis ex post facto. Indeed, other defendants have already filed motions to dismiss the master complaint (see Dkt. No. 530).In keeping with this normal practice, the master complaint makes no indication that it was meant to be non-controlling. To the contrary, Wave states that it "now files this Master Complaint to establish the extent of Defendants' infringement and to recover the full measure of damages allowable under the law for the harm cause by Defendants' unmitigated worldwide theft." *See* Dkt. No. 332 at 8. This statement is consistent with an operative complaint rather than a mere empty vehicle to facilitate global settlement discussions or determine threshold jurisdictional issues.

American Express entered this matter via a separate, consolidated suit that was filed in January of 2015—more than a decade ago. Wave has had multiple opportunities to amend since then. We respectfully submit that Wave should not be allowed to depart from normal procedure to abrogate the operative complaint without filing for leave to amend.

    IV.    Settlement

American Express remains open to settlement discussions.

    Respectfully submitted,

    */s/Anthony T. Pierce*

    Anthony T. Pierce