# Morgan Lewis

**Carla B. Oakley**
Partner
+1.415.442.1301
carla.oakley@morganlewis.com

June 27, 2025

**VIA ECF**

The Honorable Victoria Reznik
United States Magistrate Judge
The Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse
300 Quarropas Street
White Plains, NY 10601-4150

Re:   *The Wave Studio, LLC v. Amadeus North America, Inc. et al.*, No. 7:15-cv-06995
      *The Wave Studio, LLC v. British Airways PLC, et al.*, No. 15-cv-07950
      *The Wave Studio, LLC v, Booking Holdings Inc., et al.*, No. 21-cv-02691
      *The Wave Studio, LLC v. General Hotel Management Ltd. et al.*, No. 13-cv-9239

Dear Magistrate Judge Reznik:

Pursuant to Your Honor's June 20, 2025, Order (ECF No. 529), we write on behalf of and confirm our representation of Defendants Booking Holdings Inc., Agoda Company Pte. Ltd., AGIP LLC, Booking.com BV, Booking.com (USA) Inc., Rocket Travel, Inc. and Momondo A/S (Case No. 21-cv-02691), Priceline.com LLC (Case No. 15-cv-06995), Hotels Combined LLC (Case No. 15-cv-07950), KAYAK Software Corp. and Getaroom.com (Case No. 13-cv-9239)[1] (the "Booking Holdings Defendants") in response to Plaintiff The Wave Studios LLC's June 18, 2025, letter (ECF No. 528). As detailed below, Plaintiff's latest effort is another attempt to reframe the record and avoid the consequences of its litigation decisions over the past twelve years. This pattern of shifting positions, meritless arguments and procedural maneuvering has needlessly prolonged these proceedings and imposed substantial and ongoing costs on the Booking Holdings Defendants.

**Plaintiff's Attempt to Recast the Purpose of the Master Complaint**

Plaintiff's letter incorrectly contends that the Master Complaint (ECF No. 332), filed pursuant to Judge Seibel's order at the November 29, 2023, hearing and related Minute Entry, was for the "limited purpose" of facilitating settlement discussions and streamlining motions to dismiss—not to replace the substantive complaints or claims in each case. Plaintiff's position is inconsistent with Judge Seibel's orders regarding the Master Complaint and Your Honor's orders regarding the early Rule 12 motions. Plaintiff's position also is a tacit acknowledgement of the fatal defects in its claims as detailed in our clients' motion to dismiss and of the futility of Plaintiff's proposed

---

[1] KAYAK Software and Getaroom.com are also represented by the Clausen Miller firm, which has deferred to our firm to submit this response on behalf of these two defendants.

Morgan, Lewis & Bockius LLP

One Market
Spear Street Tower
San Francisco, CA 94105-1596       ☏ +1.415.442.1000
United States                       ✉ +1.415.442.1001

The Honorable Victoria Reznik
June 27, 2025
Page 2

amended pleading.  Even if the Master Complaint were something less than an operative complaint (whatever that is and for which Plaintiff cites no authority), that would not save Plaintiff's claims challenged by our clients' pending Rule 12(b) motion to dismiss, nor make its cross-motion to amend any more viable.  Any "confusion" complained about by Plaintiff is of its own making.

At the November 23, 2023, hearing before Judge Seibel, the Court addressed concerns that Defendants could not determine what photographs they were alleged to have infringed, observing that "it does seem like [Plaintiff has] some cleaning up to do in terms of figuring out not only what claims are settled and what claims were ruled on in Singapore, but exactly who you are suing for what."  ECF No. 321, Nov. 23, 2023, Transcript, at 21:3-6.  Defendants proposed that Plaintiff file a consolidated master complaint (ECF Nos. 300, 301-306), which Plaintiff's counsel embraced: "The suggestion I think was made by someone – if not, I will make it – and that is **to have a master complaint for all of the cases** so that as we look forward from here, we don't have 11, 14 or whatever it is motions to dismiss."  ECF No. 321, at 21:7-18 (emphasis added).  Plaintiff's counsel did not propose that this "master complaint" would be for a limited purpose or that it would somehow exist in parallel with the pleadings in each of the related actions.

The Court expressed its "only concern about a master complaint," *i.e.*, "the volume," noting that if the master complaint had "3,000 photographs attached to it, it's going to crash the U.S. government's clunky system."  ECF No. 321, at 21:20-22:3.  After some discussion off the record, the Court ordered the filing of a master complaint:

> It's clear that before we can really move forward here, both sides would benefit from some clarity specifying as to each defendant exactly which photographs are alleged to have been infringed – when, where, and how – and plaintiff's not having – plaintiff's counsel, not having been in the case all along, want that information as much as defendants do, and then they are proposing a master complaint, which I think all agree would be helpful.

*Id.* at 22:7-15.  In colloquy with Plaintiff's counsel, the Court made clear that it expected the master complaint would enable each defendant "to look at the complaint and understand what his client is accused of doing with respect to which photo and how."  *Id.* at 34:9-14.  Plaintiff committed to identify "everything that we know is infringing . . . . There is no other purpose to a master complaint than that as far as we are concerned."  *Id.* at 34:5-8.

Consistent with the intention for the Master Complaint to avoid multiple different motions to dismiss across the different cases, our clients (other than KAYAK Software and Getaroom.com) filed a single early Rule 12(b) motion to dismiss, even though our clients had been sued in three separate cases, allowing Plaintiff to oppose a single motion rather than three separate motions.[2]

Plaintiff's current claim that the Master Complaint is for a limited purpose is at odds with the publicly filed Master Complaint (ECF No. 332) and its position taken in the recently filed motion to dismiss and cross-motion briefing (ECF No. 536).  The Master Complaint was not designated "for settlement only" and the allegations confirm that it was intended to be the operative complaint for

---

[2] Our motion to dismiss also challenged certain claims against Southwest Airlines Co., which was sued in a fourth action, but Plaintiff dismissed the claims against Southwest prior to opposing the motion.  ECF No. 100 in Case No. 22-cv-5141 (the "*Citibank* case").

The Honorable Victoria Reznik
June 27, 2025
Page 3

the consolidated actions.  ECF No. 332, ¶¶ 17-19.  In its Memorandum of Law in Opposition to Booking Holdings Defendants' Motion to Dismiss and in Support of Cross Motion for Leave to Amend, Plaintiff acknowledged that the Master Complaint was intended serve as the single pleading setting forth all of Wave's allegations across the related cases so that this action could proceed in an orderly fashion.  ECF No. 536 at 12[3] ("In an effort to streamline the proceedings before it, the Court ordered Wave to consolidate its allegations from all consolidated cases into one amended complaint.").  Plaintiff's cross motion to amend proposed allegations to be added *to the Master Complaint*, not to each of the predecessor complaints in the three separate cases impacted by our clients' motion to dismiss.  *Id.* at 29 (requesting leave "to amend its Master Complaint").

The Master Complaint was plainly intended not for a limited purpose, but to comprehensively set forth all alleged infringements by each of the Defendants then known by Plaintiff.  That the Court envisioned the Master Complaint might also aid in settlement discussions is no surprise.  As the Defendants repeatedly informed Plaintiff, settlement discussions without clarity about what specific infringements Plaintiff claimed were committed by which defendant would be of limited utility.

Plaintiff's position cannot be squared with the objectives of efficiency and clarity animating the directive to file the Master Complaint—and instead would result in a waste of the Court's time.  It would be nonsensical for Your Honor to schedule early Rule 12 motions and for our clients and other defendants to undertake the time and expense of preparing Rule 12 motions if the Master Complaint were not the operative complaint.  It likewise makes little sense for defendants to respond predecessor complaints, as Plaintiff seems to suggest (ECF No. 528, at 1), since the lack of necessary information in those complaints was what prompted the need for the master complaint.[4]

In sum, Plaintiff's attempt to recast the Master Complaint as a device of limited utility to assist settlement discussions defies the record and logic.[5]  The Court should reject Plaintiff's attempt to disavow its strategic pleading choices in the Master Complaint.  In all events, the effect and viability of the Master Complaint as to most of the Booking Holdings Defendants is now before Judge Seibel with our pending motion to dismiss.

---

[3] Citations to documents filed via the CM/ECF system refer to the page number in the system endorsement at the top of the page rather than the page number at the bottom of the page.

[4] Plaintiff states that the purported "limited purpose for the master complaint" was "confirmed" by its counsel at the February 29, 2024, conference before Your Honor.  ECF No. 528, at 2.  But counsel's views and obvious efforts to keep options open does not overrule Judge Seibel's order nor the Federal Rules of Civil Procedure.  Plaintiff's counsel said at that same conference: "**We were trying to put everything in one place** so that motion practice isn't unwieldy…. [T]he idea was to try to make it all efficient.  So that's what we were going for with the master complaint."  ECF No. 353, at 52:13-25 (emphasis added).

[5] Plaintiff's new counsel also attempts to recast other background facts and the impact of the Singapore case, none of which is germane.  Suffice to say that the Booking Holdings Defendants disagree with counsel's characterization and reserve their right to correct the record when and if necessary.

The Honorable Victoria Reznik
June 27, 2025
Page 4

**Plaintiff's Administrative Issues**

Plaintiff's June 18 letter (ECF No. 528) raises three administrative issues.

*First*, Plaintiff takes issue with the fact that we filed our clients' motion to dismiss and related papers in each of the cases impacted by the motion, rather than filing in the *GHM* case (which is *not* impacted by the motion). Your Honor's order did not, however, direct that the early motions to dismiss be filed in the *GHM* case, it merely set a deadline for the filing. Our motion and related papers used the captions for the impacted cases, as required by the Federal Rules of Civil Procedure and the Local Rules, such that filing in those cases should have come as no surprise.[6]

*Second*, representation of defendant Orbitz Worldwide is resolved. When Plaintiff's new counsel raised the issue, we promptly confirmed that counsel for Expedia (which acquired Orbitz) were responsible and advised Plaintiff accordingly. ECF No. 528, Ex. 4. James Rosenfeld, partner with Davis Wright Tremaine LLP, will be substituting in to represent Orbitz.

*Lastly*, Plaintiff requests that General Hotel Management Ltd. ("GHM") be terminated from the docket since Plaintiff dismissed, without prejudice, the claims against Delta Airlines, which had asserted cross claims against GHM. ECF No. 528, fn 1. As discussed extensively with Your Honor before and during the mediation in July 2024, many of the defendants are claiming indemnification from GHM (including our clients) and anticipate cross claims against GHM. GHM also has valuable historical knowledge. We therefore support GHM's continued participation.

**Status Conference**

The Booking Holdings Defendants are available at the Court's convenience but respectfully submit that a status conference and any further efforts towards settlement likely will be most productive following a ruling on the pending motions, as Your Honor and the parties anticipated when establishing the early motion procedure in the first instance. Indeed, many defendants may be dismissed entirely and/or have the claims against them substantially narrowed once the Court rules on the motions.

We thank Your Honor for your continued attention.

Respectfully submitted,

*/s/ Carla B. Oakley*

Carla B. Oakley

c: All counsel of record (via ECF)

---

[6] To ensure a complete court record in the *Citibank* case (Case No. 22-cv-5141), we also filed the motion to dismiss in that case because Southwest was a defendant and moving party when we served the motion to dismiss on December 6, 2024. Since Plaintiff thereafter dismissed Southwest, we did not file our reply or cross-motion opposition papers in the *Citibank* case. We are at a loss as to why Plaintiff calls this "untenable" or "procedural confusion."