**MEMO ENDORSED**

# Balance Law Firm

Telephone: +1(212) 741-8080  
Facsimile: +1(631) 490-4465  
https://balancelawfirm.com

One World Trade Ctr Ste 8500  
New York, NY 10007-0089  
DC, CT, NJ, MD, WA, AK

June 27, 2025

<u>Via ECF</u>

The Honorable Victoria Reznik  
U.S. District Court for the Southern District of New York  
Federal Building and United States Courthouse  
300 Quarropas Street  
White Plains, NY 10601

    Re: *The Wave Studio, LLC v. General Hotel Management Ltd., et al.*,  
       <u>No. 7:13-cv-09239-CS-VR (Related Case No. 7:23-cv-03586)</u>

Dear Judge Reznik:

    I and my law firm represent four defendants in this litigation: Trip.com Limited, Trip.com Travel Singapore Pte. Ltd., Skyscanner Ltd., and MakeMyTrip, Inc. (collectively, the "Trip Defendants"). No other law firms represent the Trip Defendants in this litigation.

    We write in response to the Court's June 20, 2025 Order (ECF No. 529) and Plaintiff's June 18, 2025 Letter to the Court ("Plaintiff's Letter") (ECF No. 528). Stripping away Plaintiff's unnecessary carping and complaining, the main issue presented in Plaintiff's Letter – from our perspective – is Plaintiff's request for a status conference. We support that request. In our view, a prompt status conference is necessary and appropriate for the Court and the parties to confer about certain important threshold issues.[1]

    *First*, Plaintiff is trying to take advantage of this litigation's tangled procedural history (which Plaintiff created) in a manner that does not make sense and unfairly prejudices three Trip Defendants that are foreign entities with no meaningful connections to the United States of America or the State of New York – and therefore filed a motion to dismiss for lack of personal jurisdiction.[2] Plaintiff named the International Defendants in pleadings (complaints in Case No.

---

[1] The fact that this letter does not respond to or rebut each argument or assertion made in Plaintiff's Letter should not be construed as my clients' agreement or acceptance of those arguments or assertions.

[2] Trip.com Limited, Trip.com Travel Singapore Pte. Ltd., and Skyscanner Ltd. (collectively, "the International Defendants") have a pending motion to dismiss for lack of personal jurisdiction. The motion-to-dismiss briefing and briefing on Plaintiff's cross-motion for leave to amend its

7:23-cv-03586 and a Master Complaint in Case No. 7:13-cv-09239) that asserted very bare-bones allegations regarding personal jurisdiction, falling well short of satisfying Plaintiff's burden of establishing personal jurisdiction over the International Defendants. After the International Defendants pointed out those serious flaws in motion-to-dismiss briefing, Plaintiff responded by only half-heartedly defending the adequacy of Plaintiff's pleadings and also filing a cross-motion for leave to amend the Master Complaint that tried to shore up Plaintiff's personal jurisdiction allegations as to the International Defendants. In its briefing, Plaintiff argued that the motion for leave to amend should be granted because the International Defendants have the demanding burden of demonstrating "futility" and failed to satisfy that burden. But that argument – together with Plaintiff's attempt to sandbag the International Defendants by initially asserting patently deficient, barebones personal-jurisdiction allegations and then seeking leave to amend to try to fix the flaws addressed by the International Defendants in their motion-to-dismiss briefing – unfairly prejudices the International Defendants by attempting to evade Plaintiff's burden of establishing that this Court has personal jurisdiction over the International Defendants. Plaintiff should be held to that burden, instead of being allowed to evade that burden through Plaintiff's motion-for-leave-to-amend gambit. Now that we have seen Plaintiff's proposed amendments, we have no interest in wasting the Court's or the parties' time litigating whether Plaintiff should be granted leave to amend. Instead, we are willing to agree to Plaintiff's proposed amendments that are directed to my clients, so long as my clients are allowed to file a new motion to dismiss that is directed to the operative amended complaint and that will be decided based on the correct legal standard that places the personal-jurisdiction burden on Plaintiff. Our proposed approach is consistent with the principle that an amended complaint supersedes the prior complaint and renders moot a pending motion to dismiss directed to the prior complaint. *See, e.g.*, *Effie Film, LLC v. Murphy*, No. 11 Civ. 783(TPG), 2012 WL 716556 (S.D.N.Y. Mar. 6, 2012); *Mitchell v. Home*, 377 F. Supp. 2d 361, 368 (S.D.N.Y. 2005). I sought Plaintiff's counsel agreement to that approach – *i.e.*, my clients agreeing to Plaintiff's amendments, with my clients being permitted to file a new motion to dismiss directed at the amended complaint (thereby mooting the pending motion to dismiss) – but Plaintiff's counsel rejected that proposal.

*Second*, if the Court sees potential merit to the proposal discussed above, a status conference would be appropriate to give us clear guidance regarding which targets – *i.e.*, which pleading(s) – to aim at in future motion-to-dismiss briefing. Plaintiff's Letter addresses alleged confusion regarding the impact of the Master Complaint vis-à-vis the individual complaints filed by Plaintiff in various lawsuits that make up this litigation and tries to relegate that Master Complaint to a limited role, apparently because Plaintiff does not like how various defendants have reacted to the Master Complaint. But Plaintiff should not be allowed to present a moving target and should not be permitted to disavow the Master Complaint that it drafted and filed. The Court should provide guidance regarding this issue, to ensure that any further briefing is directed at the right pleading(s) and to clear up any alleged confusion about the Master Complaint.

*Third*, the Court should set a briefing schedule so that any defendants that want to file a *forum non conveniens* motion can do so. We are interested in filing such a motion and do not

---

complaint were filed on June 23, 2025. We submit this letter without waiving lack-of-personal-jurisdiction objections or any other objections or defenses.

perceive any good reason for this Court to delay considering that important issue. The fact that certain defendants' lack-of-personal-jurisdiction objections are pending does not preclude this Court from evaluating, and ruling on, *forum non conveniens* arguments. As the Supreme Court held (and as Judge Seibel recognized in this case in her March 2017 *forum non conveniens* ruling (ECF No. 209)), a district court is permitted to decide a *forum non conveniens* motion without first deciding that it has personal jurisdiction over a defendant. *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422 (2007).

*Finally*, we are amenable to settlement discussions, if my clients remain defendants in this litigation after the Court has ruled on the threshold issues that have been and/or will be addressed in motion-to-dismiss briefing and *forum-non-conveniens* briefing.

In conclusion, we request a status conference with not only Your Honor but also with Judge Seibel because it is our understanding that she would decide any motions to dismiss and any *forum non conveniens* motions. In addition, Plaintiff's Letter discusses Judge Seibel's involvement with, and statements about, the Master Complaint. Thus, we believe that it would be helpful and appropriate for the parties to confer with Judge Seibel regarding the issues discussed above and any other issues that might be addressed at the status conference. Moreover, in light of the proposal discussed above (at page 2), we submit that the status conference should be conducted as soon as possible, before the Court spends time evaluating my clients' motion to dismiss and Plaintiff's cross-motion for leave to amend.

Respectfully submitted,

/s/ B. Robert Liu

B. Robert Liu

cc: All Counsel of Record (via ECF)

---

The Trip Defendants' request to submit a new motion to dismiss is **DENIED**. The decision to have combined briefing on the motions to dismiss and Plaintiff's cross-motion for leave to amend was intentional. Any opposition to Plaintiff's motion for leave to amend could have, and should have, addressed whether the proposed amendments cure any alleged jurisdictional defects, which makes a new, separate motion to dismiss unnecessary, Similarly, there is no point for the Trip Defendants to agree to an amended complaint that they plan to argue is still deficient on the same grounds.

The Court will defer setting a briefing schedule on any proposed motion to dismiss on forum non conveniens grounds for now. In the meantime, the Trip Defendants are directed to submit a letter, by no later than **7/17/2025**, explaining why they failed to previously raise the issue of forum non conveniens when the Court was initially setting a briefing schedule on threshold issues.

SO ORDERED.

Hon. Victoria Reznik, U.S.M.J.

Dated: 7/10/2025