# Balance Law Firm

Telephone: +1(212) 741-8080
Facsimile: +1(631) 490-4465
https://balancelawfirm.com

One World Trade Ctr Ste 8500
New York, NY 10007-0089
DC, CT, NJ, MD, WA, AK

July 17, 2025

<u>Via ECF</u>

The Honorable Victoria Reznik
U.S. District Court for the Southern District of New York
Federal Building and United States Courthouse
300 Quarropas Street
White Plains, NY 10601

    Re: *The Wave Studio, LLC v. General Hotel Management Ltd., et al.*,
        <u>No. 7:13-cv-09239-CS-VR (Related Case No. 7:23-cv-03586)</u>

Dear Judge Reznik:

    On behalf of defendants Trip.com Limited, Trip.com Travel Singapore Pte. Ltd., and Skyscanner Ltd. ("the International Trip Defendants"), as well as MakeMyTrip, Inc. (collectively, the "Trip Defendants"), we submit this response to the Court's July 10, 2025 Order (ECF No. 571).[1] Your Honor has requested that we explain why we have not raised the *forum non conveniens* ("FNC") motion earlier. I answer that question below, focusing on three key factors:

    1. our recent substitution in as counsel for the Trip Defendants on May 9, 2025;

    2. the complex procedural history of the case to date, with the question of personal jurisdiction still not finally resolved; and

    3. the experience of one of my colleagues in my firm (who was representing Sinochem) with the seminal *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 127 S. Ct. 1184 (2007) case on FNC, from the outset of that case–with the grant by the District Court of dismissal on FNC grounds without having first determined whether it had personal jurisdiction– through the unanimous decision of the U.S. Supreme Court affirming that dismissal and holding that a court can dismiss on FNC grounds without first having to determine whether it has either personal jurisdiction or subject matter jurisdiction.

    I elaborate on those three points below.

    Providing the information requested by Your Honor's order required us to delve into the complicated, lengthy procedural history of Case No. 7:13-cv-09239-CS ("the 2013 Action") and the related Case No. 7-23-cv-03586 ("the 2023 Action"), where Plaintiff initially asserted its claims against the Trip Defendants before that lawsuit was re-assigned to Judge Seibel in January 2024 due to its relationship with the 2013 Action. In May 2025, my law firm entered its appearance in both lawsuits for the Trip Defendants after being substituted for the Trip

---

[1] We submit this letter without waiving lack-of-personal-jurisdiction objections or any other objections or defenses.

Defendants' prior counsel. Given that much of the procedural history at issue here occurred before May 2025, we are at a disadvantage regarding the details of events that occurred before we began representing the Trip Defendants. To submit this response, we reviewed available transcripts, the docket sheets for both lawsuits, various Court orders, and numerous filings by the parties. Based on docket sheet entries, it appears that the Court conducted settlement-related conferences before May 2025 with Plaintiff and certain defendants–but not the Trip Defendants–that were not transcribed, so we do not have access to all information regarding what occurred in this litigation before May 2025. Moreover, the first substantive event in the 2023 Action–a May 12, 2023 show cause hearing on Plaintiff's request for a temporary restraining order and preliminary injunction–involved other defendants and occurred before service of process had been effected as to any of the Trip Defendants. The Trip Defendants did not appear at that show cause hearing, and the docket sheet does not show that the hearing was transcribed, so we do not know what was said during that hearing, except to the extent that Plaintiff's post-hearing submission (addressed below) and the May 30, 2023 Opinion and Order issued in the 2023 Action ("5/30/23 Ruling") (ECF No. 37) discussed certain parts of the hearing. In short, this response represents our best efforts to cobble together an understanding of the relevant procedural history based on available transcripts, dockets sheets, orders, and filings.

      Before the 2023 Action was re-assigned to Judge Seibel and before the Trip Defendants entered their appearances in that lawsuit, the judge presiding over the 2023 Action focused on personal jurisdiction as an important threshold issue. According to Plaintiff's May 22, 2023 memorandum filed in the 2023 Action: "During the May 12, 2023 hearing on Plaintiff's motion for a temporary restraining order, this Court inquired about its personal jurisdiction over certain of the foreign Defendants (the 'International Defendants') named in this action. This Court ordered additional briefing on the jurisdictional issue." Plaintiff's Mem. of Law in Support of this Court's Jurisdiction over International Defendants at 1 (ECF No. 33). Plaintiff's personal jurisdiction arguments lacked merit; the judge presiding over the 2023 Action held that Plaintiff failed to show that the Court has personal jurisdiction over the International Defendants. *See* 5/30/23 Ruling at 10-14. That ruling was based on Plaintiff's arguments, without any briefing or argument by the Trip Defendants, and Plaintiff's bare-bones allegations regarding personal jurisdiction asserted in the then-operative complaint (First Amended Complaint). That ruling granted Plaintiff leave to file amended pleadings, and Plaintiff filed its Second Amended Complaint (ECF No. 41) on June 5, 2023.

      Thus, when the Trip Defendants entered their appearances in the 2023 Action in August 2023, they had the benefit of the 5/30/23 Ruling rejecting Plaintiff's personal jurisdiction arguments, so it made sense for the Trip Defendants to focus on that important threshold issue. In October 2023, the Trip Defendants filed a letter requesting a pre-motion conference that summarized their proposed motion-to-dismiss arguments, including lack of personal jurisdiction. *See* Oct. 30, 2023 Letter (ECF. No. 58).[2] The judge presiding over the 2023 Action saw no need

---

[2] That letter was filed on behalf of the International Trip Defendants and a U.S.-based defendant that did not have a lack-of-personal-jurisdiction argument (MakeMyTrip, Inc.), so the letter addressed additional motion-to-dismiss arguments (failure to state a claim and Plaintiff's untimeliness).

to hold a pre-motion conference and ordered the Trip Defendants to serve (but not file) their motion to dismiss by December 19, 2023. Nov. 6, 2023 Order (ECF No. 61).

On August 23, 2024, after the 2023 Action had been re-assigned to Judge Seibel, the Trip Defendants submitted a letter (ECF No. 382) to Your Honor that discussed their then-pending motion to dismiss (served in the 2023 Action) and related issues. That letter stated that the Trip Defendants' motion to dismiss "ha[d] been stayed since February 2, 2024" and that "the Trip Defendants believe it is prudent to allow [them] to renew their pending outstanding motion, without further extending the briefing schedule." That letter also alluded to a July 31, 2024 settlement conference conducted by Your Honor with "certain Defendants and Plaintiff…, at the conclusion of which…Your Honor requested that the parties submit proposed procedures for the Court to address four issues that may impact the parties' positions in settlement, including whether discovery is required for any of the issues." The docket sheet does not show a transcript for that settlement conference, so we do not know exactly what was said during that conference, and the docket sheet states that counsel for Plaintiff and the so-called "display only" Defendants (*i.e.*, not our clients) appeared at that conference. The "four issues" discussed in that August 23, 2024 letter presumably are the same four issues that were identified on page 1 of Your Honor's September 5, 2024 Order (ECF No. 384).[3]

The positions taken by the Trip Defendants regarding their motion to dismiss were formulated and submitted to the Court based on the allegations in the Second Amended Complaint filed by Plaintiff in the 2023 Action ***before*** Your Honor issued the February 12, 2025 Order (ECF No. 434) that allowed Plaintiff to file a cross-motion for leave to amend the Master Complaint. That order was issued in response to Plaintiff's request for leave to amend that pleading–a request that Plaintiff made, after reviewing the arguments made by the International Trip Defendants in their opening motion-to-dismiss briefing, in an effort to shore up Plaintiff's flawed personal jurisdiction allegations. Plaintiff's ensuing proposed amendments to the Master Complaint presented substantially different allegations regarding personal jurisdiction vis-à-vis the International Trip Defendants than the bare-bones personal jurisdictions allegations in Plaintiff's Second Amended Complaint, which the International Trip Defendants attacked in their opening motion-to-dismiss briefing.

---

[3] Previously, Your Honor had issued a March 12, 2024 Order (ECF No. 354) about a March 1, 2024 telephonic status conference where the Court "discussed the parties' positions on proceeding with settlement negotiations in an efficient manner." Order at 1. That order also stated that various defendants – including the International Trip Defendants – "object[ed] to disclosing their insurance information because they assert that the Court lacks personal jurisdiction over them." *Id*. at 2 & n.1. That order went on to address personal jurisdiction issues in the context of compelled production of insurance information for the purpose of settlement discussions but did not state which arguments should be addressed by any of the defendants in any potential motions to dismiss. Thereafter, a May 31, 2024 docket entry order (ECF No. 373) stated that, "[a]s part of ongoing settlement discussions, Judge Reznik seeks to identify all defendants who intend to move to dismiss on statute of limitations and/or jurisdictional grounds (once motion practice and discovery are no longer stayed)" and directed any such defendant to submit a confidential email to Your Honor. That order did not require any defendants to inform Your Honor about any other motion-to-dismiss arguments.

The allegations and arguments regarding whether this Court has personal jurisdiction over the International Trip Defendants are now much more involved and complicated than in May 2023, when the 5/30/23 Ruling rejected Plaintiff's personal jurisdiction arguments, or in 2024 when the Court decided which issues should be addressed in briefing on "threshold issues." Although the Trip Defendants theoretically could have raised FNC at an earlier stage of this litigation, we respectfully submit that there were legitimate reasons why that did not occur. The Court initially directed that threshold briefing focus on personal jurisdiction, and prior counsel for the Trip Defendants proceeded accordingly.

Furthermore, one of my colleagues at my law firm Stephen Hudspeth was involved in leading the *Sinochem Int'l Co.* litigation on behalf of Sinochem from its outset–dismissal on FNC grounds by the District Court–through to the U.S. Supreme Court, which as noted above unanimously held that FNC issues can be addressed and resolved without any need for the court to have first established whether either personal jurisdiction or subject matter jurisdiction exists. *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 432 (2007). After I entered my appearance in May 2025, we conducted our own review of the record and as my colleague reviewed this action he called to my attention that FNC is highly applicable here, and we have now determined that FNC now presents an appropriate, and potentially more efficient, basis for this Court to dispose of the claims asserted against the Trip Defendants for the following reasons.

First, the action involves both a foreign plaintiff (Singaporean resident) and foreign corporate defendants (incorporated and/or headquartered in Singapore);

Second, because the court in which the alternate litigation would proceed is located in Singapore, which is approximate both to Plaintiff's (the alleged copyright owner's) location and also to the majority of the Trip International Defendants (and other defendants in this action as well, on information and belief); and

Third, it means that this Court no longer has to address complicated issues of personal jurisdiction and other matters which unnecessarily tie up this Court when (and this is the fourth point) the Singapore court has already been the forum in which Plaintiff litigated another action against another defendant in this case General Hotel Management on what are essentially the same claims as are present in this action.

Moreover, Plaintiff's evolving and expanding jurisdictional theories, including the proposed amendments to the Master Complaint, have heightened the need for an FNC analysis at this stage of this litigation for the claims asserted against the Trip Defendants.

In conclusion, due to the procedural complexity created by Plaintiff's shifting personal jurisdiction allegations in this litigation, Judge Seibel may determine (in exercising her case management discretion) that proceeding under *Sinochem* by disposing of the claims asserted against the Trip Defendants on FNC grounds is more efficient than ruling on the arguments presented in the Trip Defendants' briefing in support of their motion to dismiss and in opposition to Plaintiff's cross-motion for leave to amend the Master Complaint. Moreover, Plaintiff is well aware of the FNC ruling that Judge Seibel issued in March 2017 in this litigation (ECF No. 209), so Plaintiff could not have expected all of the other defendants to forego relying on the FNC doctrine. The Trip Defendants have meritorious FNC arguments, so the complex procedural history of this litigation–which was created by Plaintiff and its "moving target" allegations in complaints and proposed amendments to complaints and which includes Court conferences with other defendants (not the Trip Defendants)–should not be used to preclude the Trip Defendants

from filing an FNC motion at this stage of this litigation.[4] The Trip Defendants' view is that this case cries out for FNC treatment, and therefore, we respectfully request that leave be granted for the parties to brief the Court on this issue and to do so in the near future, thereby short-circuiting the need for this Court to address pending personal jurisdiction issues and, indeed, all of the matters in these cases especially when the Singaporean court has already itself addressed and resolved very similar issues in cases brought on behalf of this same alleged copyright holder.

                                                      Respectfully submitted,

                                                      /s/ *B. Robert Liu*
                                                      B. Robert Liu

cc: All Counsel of Record (via ECF)

---

[4] We do not know whether any of the other defendants are interested in filing *forum non conveniens* motions at this stage of these proceedings, but, even if no other defendant wants to file such a motion at this time, that should not preclude the Trip Defendants from filing such a motion. The other defendants may not be similarly situated to the Trip Defendants with respect to *forum non conveniens* arguments. Allowing the Trip Defendants to file a *forum non conveniens* motion at this time would be consistent with Judge Seibel's interest in narrowing the issues and defendants to simplify the proceedings in the 2013 Action. If granted, that motion would enable Judge Seibel and Your Honor to avoid the need to conduct any further proceedings as to the claims that Plaintiff is asserting against the four Trip Defendants.