**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
The Wave Studio, LLC,

                          Plaintiff,

      -against-

General Hotel Management Ltd. et al.,

                         Defendants.
-----------------------------------------------------------------X

13-cv-09239-CS-VR

**ORDER**

**VICTORIA REZNIK, United States Magistrate Judge:**

      In its recent letter, Plaintiff The Wave Studio, LLC (Wave) raised several issues about the procedural posture of the Master Complaint, including that certain defendants have evaded participation in the case and others have failed to serve notices of appearance. (ECF No. 528). To address these and other issues, Wave requested that the Court schedule a status conference to confirm and set next steps in the case; order all served defendants who have not appeared to file a notice of appearance by a date certain; and direct parties to confirm and update their counsel of record on the relevant dockets. In response, the Court directed Wave to serve a copy of their letter on all served defendants who have not appeared and show proof of service on the docket. (ECF No. 529). The Court also directed all parties to respond to the issues raised in Wave's letter and confirm and update their counsel of record on the docket. (*Id.*).

      To clarify the procedural posture of the case and set the parties' expectations for next steps in the case, the Court now addresses the other issues raised in Wave's letter.

      **Procedural Posture of Master Complaint**

      In making its case for a status conference, Wave asserted that the "master complaint" (at ECF No. 332) "was meant to streamline motions to dismiss, not to replace

the substantive complaints or claims in each case." (ECF No. 528 at 1). In Wave's view, the Master Complaint "served its limited purpose" of facilitating global settlement discussions and threshold motion practice, but in the next phase of the case, defendants will be required "to answer the operative complaints" in their respective cases. (*Id.*). Wave points out that several defendants have cited the Master Complaint as fully governing the claims against them, creating procedural ambiguity.

The undersigned has conferred with Judge Seibel, who confirmed that the purpose of the Master Complaint was to combine all claims against all defendants into one complaint, so that it would serve as the operative complaint across all cases for all purposes. Judge Seibel may later decide to separate or sever certain claims or defendants as necessary, depending on the outcome of motion practice and discovery.

If Wave and any other parties understood otherwise, the Court believes this does not impact the pending motions and can be addressed with all parties shortly after the pending motions are resolved.

**<u>Missing Defendants in Master Complaint</u>**

Wave asserts that some defendants appear to be relying on the "procedural ambiguity" of the Master Complaint to avoid participating in next steps in the case. As an example, Wave points out that defendant Amadeus North America, Inc. "has invoked its omission from the master complaint to contend it is no longer a party." (ECF No. 528 at 4). The Master Complaint, filed in the lead case 13-cv-09239, largely names and incorporates

the defendants in nine other pending cases.[1] But it omits Amadeus North America, Inc. from 15-cv-06995, despite including Priceline.com LLC, the only other remaining defendant from that action. It also appears to omit 13 remaining defendants who were originally named in the lead case, 13-cv-09239, before the Master Complaint was filed. Among them are the eight defendants that Wave complains have not appeared at all in this litigation. (ECF No. 528 at 4–5).[2] These omissions have likely added to the confusion among the parties. If these omissions were unintentional, and Wave feels compelled to amend the Master Complaint for a second time to correctly capture all remaining defendants involved in this litigation, it may seek leave to do so after the pending motions are resolved.

### Request for Parties to Appear

Wave points out that eight defendants have not yet entered appearances and asks that the Court direct them to appear in all related cases by a date certain. (ECF No. 528 at 4–5). Because of the stay and pending motions, the Court declines to do so. When the time comes for these parties to answer, move, or otherwise appear, and they fail to do so, Wave may take any actions available to it under the Federal Rules of Civil Procedure.

### Cleaning up the docket

Wave points out that the docket may not contain current information about counsel of record for each of the defendants who have entered appearances. The Court has since

---

[1] 15-cv-3420; 15-cv-04953; 15-cv-05962; 15-cv-06995;15-cv-07950; 17-cv-03589; 21-cv-02691; 22-cv-05141; and 23-cv-03586.

[2] These include Escala Travel Corp.; Spa Finder, Inc.; The Leading Hotels of the World, Ltd.; FSA Travel, LLC; Luxemont, LLC; Hotelstravel.com; Hotelguides.com, LLC; and SAP Concur, Inc.

required all appearing parties to identify current counsel of record. (ECF No. 529). But if the docket still contains outdated information, the parties are directed to submit notices of withdrawal and/or substitution to correct this.

### **Status Conference**

At this time, a status conference is premature, given the pending motions to dismiss. But shortly after the pending motions are resolved, the Court will schedule a status conference to address next steps in the case, including deadlines for the remaining parties to answer or move to dismiss and the prospect of further settlement discussions. Of course, the parties are free to explore settlement discussions at any time without this Court's direction.

**SO ORDERED.**

DATED:   White Plains, New York
         08/01/2025

_____
VICTORIA REZNIK
United States Magistrate Judge