**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| The Wave Studio, LLC, | No. 7:13-cv-09239 |
| Plaintiff, | Related Action: |
| | No. 7:23-cv-03586 |
| v. | |
| General Hotel Management, *et al.*, | |
| Defendants. | Judge Cathy Seibel |

**Memorandum of Law In Support of Trip Defendants' Motion to Dismiss Plaintiff's Claims on *Forum Non Conveniens* Grounds**

BALANCE LAW FIRM

1 World Trade Ctr Ste 8500

New York, NY 10007

*Attorneys for Defendants Trip.com Group Limited, Trip.com Travel Singapore Pte. Ltd., and Skyscanner Ltd.*

**Table of Contents**

**PRELIMINARY STATEMENT** .................................................................................1

*WAVE STUDIO* **FNC RULING AND SECOND CIRCUIT AFFIRMANCE**...........2

**STATEMENT OF FACTS** ......................................................................................5

**ARGUMENT** .........................................................................................................6

    I. FOR THE SAME REASONS DISCUSSED IN THE *WAVE STUDIO* FNC RULING
AND THE SECOND CIRCUIT'S AFFIRMANCE, PLAINTIFF'S CLAIMS SHOULD BE
DISMISSED ON *FORUM NON CONVENIENS* GROUNDS. ......................................7

        *A. ......As this Court Previously Held, Plaintiff's Choice of Forum is Entitled to Little
Deference.* ..............................................................................................................7

        *B.... This Court's Prior Ruling that Singapore is an Adequate Alternative Forum for
Litigating Plaintiff's Claims Applies with Even Greater Force Here.* ......................9

        *C.......The Same Balancing of Private and Public Interests Previously Conducted by
this Court Requires Dismissing Plaintiff's Claims on Forum Non Conveniens
Grounds.* ...............................................................................................................11

    II. FOR THE SAME REASONS DISCUSSED IN THE *WAVE STUDIO* FNC RULING,
THE COURT SHOULD SEVER THE CLAIMS ASSERTED AGAINST THE TRIP
DEFENDANTS TO FACILITATE DISMISSAL ON *FORUM NON CONVENIENS*
GROUNDS...............................................................................................................14

**CONCLUSION** ....................................................................................................15

# Table of Authorities

**Cases**

*City of Ouro Preto v. Merrill Lynch, Pierce, Fenner & Smith Inc.*,
  751 F. Supp. 2d 356 (S.D.N.Y. 2024) ............................................................6

*Iragorri v. United Techs. Corp.*,
  274 F.3d 65 (2d Cir. 2001) ............................................................7

*Marchante v. Reuters Am. L.L.C.*,
  736 F. Supp. 3d 209 (S.D.N.Y. 2024) ........................................................12

*RIGroup L.L.C. v. Trefonisco Mgmt.*,
  949 F. Supp. 2d 546 (S.D.N.Y. 2013) .................................................... 7, 10

*Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*,
  549 U.S. 422 (2007) ............................................................1, 7

*The Wave Studio, L.L.C. v. Gen. Hotel Mgmt.*,
  712 F. App'x 88 (2d Cir. 2018) ............................................................1, 4

*Tour de Fr., S.A.R.L. v. Societe Du Tour de Fr., S.A.R.L.*,
  675 F. Supp. 1439 (S.D.N.Y. 1987) ............................................................7

*Turedi v. Coca Cola Co.*,
  460 F. Supp. 2d 507 (S.D.N.Y. 2006) ........................................................12

*Wave Studio, L.L.C. v. Gen. Hotel Mgmt. Ltd.*,
  No. 13-CV-9239 (CS), 2017 WL 972117 (S.D.N.Y. Mar. 10, 2017) (hereinafter,
  "Wave Studio FNC Ruling") ....................................................................*passim*

*Star Colbert v. Dougan*,
  724 F. Supp. 3d 304 (S.D.N.Y. 2024) ........................................................13

**Other**

Fed. R. Civ. P. 21 ............................................................ 3, 14

Defendants Trip.com Group Limited ("Trip.com"), Trip.com Travel Singapore Pte. Ltd. ("Trip.com Singapore"), and Skyscanner Ltd. ("Skyscanner") (collectively, the "Trip Defendants") respectfully submit this memorandum of law in support of their Motion to Dismiss Plaintiff's Claims on *Forum Non Conveniens* Grounds.[1]

## **PRELIMINARY STATEMENT**

In a thorough, well-reasoned ruling, this Court severed and dismissed Plaintiff's claims against General Hotel Management, Ltd. ("GHM") on *forum non conveniens* grounds, acknowledging (by quoting from a 2006 Southern District of New York case) the "burden" that can be imposed on our judicial system "of serving as courtroom to the world for the adjudication of essentially foreign disputes with only nominal connections with the United States." *Wave Studio, L.L.C. v. Gen. Hotel Mgmt. Ltd.*, No. 13-CV-9239 (CS), 2017 WL 972117, at *7 (S.D.N.Y. Mar. 10, 2017) (Dkt. 209) (quotation marks omitted) (hereinafter, "*Wave Studio* FNC Ruling")[2]. The Second Circuit unanimously affirmed that ruling in all respects. *The Wave Studio, L.L.C. v. Gen. Hotel Mgmt.*, 712 F. App'x 88 (2d Cir. 2018) (summary order).

---

[1] These foreign defendants have objected to Plaintiff's claims based on lack of personal jurisdiction and have a pending motion that requests dismissal on that basis. In the alternative, these Defendants seek dismissal on *forum non conveniens* grounds, and if this motion is granted, the Court would not need to rule on their personal jurisdiction arguments. *See, e.g.*, *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 432 (2007). Defendants seek this *forum non conveniens* dismissal without waiving their lack-of-personal-jurisdiction objections and, except as specifically discussed below, without waiving any other objections or defenses.

[2] Except when otherwise indicated, citations to the docket are to filings on the docket for the "lead case" in this litigation where Plaintiff filed its Master Complaint, Civil Action No. 7:13-cv-09239-CS.

Plaintiff's claims against the Trip Defendants are the kind of "foreign dispute" for which this Court should not serve as "courtroom to the world," so those claims also should be severed and dismissed on *forum non conveniens* grounds for the same reasons addressed in the *Wave Studio* FNC Ruling. As the Court held in that ruling, Plaintiff's forum choice is entitled to little deference here. Moreover, this Court's prior ruling that Singapore is an adequate alternative forum for litigating Plaintiff's claims applies with even greater force here, as explained below. The same balancing of private and public interests previously conducted by this Court requires dismissing Plaintiff's claims on *forum non conveniens* grounds. During the intervening years since the *Wave Studio* FNC Ruling was issued, the record has become even stronger in favor of a *forum non conveniens* dismissal of the claims asserted against the Trip Defendants: (a) the Second Circuit affirmed that ruling; (b) Plaintiff litigated its claims against GHM in Singapore and prevailed; and (c) Plaintiff recently moved its office from White Plains to Albany, New York, so Plaintiff's prior minimal connection to the Southern District of New York—what the Court previously called an "all-but-random connection," *Wave Studio* FNC Ruling, 2017 WL 972117, at *6 n.11–no longer exists.

### *WAVE STUDIO* FNC RULING AND SECOND CIRCUIT AFFIRMANCE

In the *Wave Studio* FNC Ruling, the Court carefully considered the factors required by applicable case law, cited numerous on-point cases, and dismissed Plaintiff's claims against GHM on *forum non conveniens* grounds. As a threshold matter, the Court concluded that, "[g]iven the absence of meaningful connections between Plaintiff and the Southern District of New York, and the evidence suggesting forum shopping, Plaintiff's choice of forum is entitled to little deference." *Wave Studio*

FNC Ruling, 2017 WL 972117, at *6. Then, the Court found that "Singapore is an adequate alternative forum [for Plaintiff's claims], pointing out that "Singapore copyright law is well developed"; that "Plaintiff can adequately pursue its claims in Singapore"; and that GHM is headquartered, and amenable to service of process, in Singapore. *Id*. at *7. Next, the Court "'balanc[ed] public and private interests to determine whether the convenience of the parties and the ends of justice would best be served by dismissing the action.'" *Id*. at *8 (quoting *Murray v. BBC*, 81 F.3d 287, 293 (2d Cir. 1996)). After considering the locations of Plaintiff, the "Wave Entities," GHM, and other witnesses, the Court concluded that "the private interests weigh in favor of dismissal." *Id*.[3] The Court also held that the public interests–the lack of a local interest in this case and the likelihood that Singapore law will apply–weigh in favor of dismissal. *Id*. at *8–9.

Finally, the Court considered "whether the claims asserted against the stayed Defendants [*i.e.*, Defendants other than GHM] should prevent a *forum non conveniens* dismissal" and decided that those other claims did not prevent dismissal. *Wave Studio* FNC Ruling, 2017 WL 972117, at *9–10. The Court severed the claims asserted against GHM, relying on Rule 21 of the Federal Rules of Civil Procedure and cases standing for

---

[3] This Court and the parties have used the term "Wave Entities." Plaintiff The Wave Studio, LLC was not in existence when the photos at issue in this lawsuit were taken; Plaintiff was created in 2011. *Wave Studio* FNC Ruling, 2017 WL 972117, at *1. Plaintiff's principal–Lee Kar Yin, known as Junior Lee–"is or was also the principal of several other entities organized under the laws of Singapore including: Wave-S, the Wave Pte. Ltd., the Wave Studio Pte. Ltd., and the Wave Design Pte. Ltd. (collectively the 'Wave Entities')." *Id*. Moreover, the "Wave Entities are all based in Singapore and allegedly created the photographs at issue in this lawsuit." *Id*. Any references in the *Wave Studio* FNC Ruling to the Wave Entities "may be taken to include or refer to Ms. Lee as appropriate" because she "is the principal of the Wave Entities which created the photographs at issue in this case." *Id*. at *1 n.4.

the proposition that courts are permitted "to exercise their discretion to sever claims to facilitate dismissal on *forum non conveniens* grounds or a transfer of venue." *Wave Studio* FNC Ruling, 2017 WL 972117, at *10.

The Second Circuit unanimously affirmed the *Wave Studio* FNC Ruling, and discussed the "three-step process" that district courts must use when deciding *forum non conveniens* motions. *The Wave Studio, L.L.C.*, 712 F. App'x at 89. First, addressing how much deference this Court should have given to Plaintiff's forum choice, the Second Circuit saw no basis to disturb this Court's ruling that Plaintiff's choice was entitled to little deference. *Id.* at 89–90. The Second Circuit pointed out that applicable case law "make[s] clear that plaintiff's status as a 'foreign' or 'domestic' entity or individual is not dispositive" and that "a paper plaintiff like the one in this case should not be afforded great deference regarding its choice of forum simply because it was organized under the laws of New York." *Id.* at 90. Second, the Second Circuit concluded that the "record contains no reason to conclude that Singapore courts are not entirely capable of properly adjudicating copyright ownership and infringement claims." *Id.* Third, the Second Circuit upheld this Court's balancing of the public and private interests: "The district court properly balanced the public and private interests at stake in this litigation. On all prongs of the analysis, the district court determined that Singapore was a preferable forum." *Id.* Finally, the Second Circuit rejected the remainder of Plaintiff's arguments (albeit without identifying those arguments), finding "them to be without merit." *Id.*

## STATEMENT OF FACTS

Plaintiff's claims allege copyright infringement of photographs of luxury hotel properties. Master Complaint ¶¶ 104, 106. The photographs allegedly were commissioned by GHM, a Singapore-based hotel management company, for the purposes of advertising and promoting the hotels managed by GHM. *Id*. ¶ 5. GHM's principal place of business is in Singapore. *Wave Studio* FNC Ruling, 2017 WL 972117, at *2. The photographs were taken in Singapore, in various other foreign countries, and in Florida, and they were first published in Singapore. *Id*. None of the authors of the photographs are U.S. citizens. *Id*.

The Wave Entities hired Japanese photographer Masano Kawana, who was apparently based in Singapore, to assist with the shoots. *Wave Studio* FNC Ruling, 2017 WL 972117, at *2. After the photographs were delivered to GHM and the hotels, Plaintiff alleges that they were further disseminated without authorization to third parties, "many of whom are now Defendants in this case." Master Complaint ¶¶ 6−8.

Ms. Lee, Plaintiff's sole member, is a Malaysian citizen domiciled in Singapore. *Wave Studio* FNC Ruling, 2017 WL 972117, at *1. "Plaintiff has never had any employees that reside in the United States or leased or owned any office space here." *Id*. at *6.

Trip.com is incorporated in the Cayman Islands and has its principal place of business in Singapore. Declaration of Yuxin Chen ¶ 2 ("Chen Declaration") (attached as Exhibit 1). Trip.com Singapore is incorporated and has its principal place of business in Singapore. *Id*. ¶ 3. Skyscanner is incorporated and has its principal place of business in the United Kingdom.

The copyrighted works at issue in the claims asserted against the Trip Defendants share the same copyright registrations as the copyright registrations alleged to have been infringed by GHM in the First Amended Complaint (Dkt. 7) and the Master Complaint,

so the allegations against the Trip Defendants arise from the same alleged chain of dissemination that was alleged in Plaintiff's claims against GHM. Declaration of Dayna Cooper ¶ 3 ("Cooper Declaration") (attached as Exhibit 2). The pleadings concern the same photographs created by Ms. Lee through Plaintiff and its related entities, covering approximately 2,381 published and 756 unpublished works registered with the U.S. Copyright Office. *Id*. ¶ 4. The identified works depict the same core group of hotels, including The Setai Miami, The Leela Goa, The Chedi Muscat, The Datai Langkawi, The Lalu Sun Moon Lake, and The Chedi Chiang Mai, among others. *Id*.

## **ARGUMENT**

As this Court stated, *forum non conveniens* is, "'essentially, a supervening venue provision, permitting displacement of the ordinary rules of venue when, in light of certain conditions, the trial court thinks that jurisdiction ought to be declined.'" *Wave Studio FNC Ruling*, 2017 WL 972117, at \*5 (quoting *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.,* 549 U.S. 422, 429–30(2007)). "A district court therefore may dispose of an action by a *forum non conveniens* dismissal, bypassing questions of subject-matter and personal jurisdiction, when considerations of convenience, fairness, and judicial economy so warrant." *Sinochem Int'l Co.* at 432. Thus, the *forum non conveniens* doctrine permits dismissal where an alternative forum has jurisdiction to hear the case and trial in the chosen forum would impose "oppressiveness and vexation to a defendant out of all proportion to plaintiff's convenience," or where retaining the case would be inappropriate "because of considerations affecting the court's own administrative and legal problems." *City of Ouro Preto v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 751 F. Supp. 2d 356, 365 (S.D.N.Y. 2024). "The decision to dismiss a case on *forum non conveniens* grounds

lies wholly within the broad discretion of the district court." *Wave Studio* FNC Ruling, 2017 WL 972117, at *5 (quotation marks omitted).

This flexibility is especially important here, where personal jurisdiction questions are complex, but the *forum non conveniens* issue is straightforward. A district court is allowed to dismiss claims on *forum non conveniens* grounds without first addressing any jurisdictional issues. *See Sinochem Int'l Co.*, 549 U.S. at 432. And that is a more salient point when the jurisdictional issues are rather complex, as is the case here.

I. **FOR THE SAME REASONS DISCUSSED IN THE *WAVE STUDIO* FNC RULING AND THE SECOND CIRCUIT'S AFFIRMANCE, PLAINTIFF'S CLAIMS SHOULD BE DISMISSED ON *FORUM NON CONVENIENS* GROUNDS.**

### A. As this Court Previously Held, Plaintiff's Choice of Forum is Entitled to Little Deference.

The "'choice of a United States forum by a foreign plaintiff is entitled to less deference,'" *Wave Studio* FNC Ruling, 2017 WL 972117, at *6 (quoting *Iragorri v. United Techs. Corp.*, 274 F.3d 65, 71 (2d Cir. 2001)), and where the real party in interest is a foreigner and the plaintiff is a United States citizen solely by virtue of its place of incorporation, the plaintiff's choice of forum will carry considerably less weight," *Broad. Rights Int'l Corp. v. Societe du Tour de Fr., S.A.R.L. v. Societe Du Tour de Fr., S.A.R.L.*, 675 F. Supp. 1439, 1446–47 (S.D.N.Y. 1987). As this Court stated, "'the more it appears that the plaintiff's choice of a U.S. forum was motivated by forum-shopping reasons[,] the less deference the plaintiff's choice commands.'" *Wave Studio* FNC Ruling, 2017 WL 972117, at *6 (quoting *In re Optimal U.S. Litig.*, 837 F. Supp. 2d 244, 251 (S.D.N.Y. 2011)) (alteration in original). Moreover, even when the plaintiff is an American citizen or resident, "courts have held that deference to...[the] plaintiff's choice of forum is significantly diminished where the lawsuit arises from business that the plaintiff

conducted abroad." *RIGroup L.L.C. v. Trefonisco Mgmt.*, 949 F. Supp. 2d 546, 552 (S.D.N.Y. 2013), *aff'd*, 559 F. App'x 58 (2d Cir. 2014).

In light of these legal principles, the Court previously gave Plaintiff's forum choice "little deference," in light of "the absence of meaningful connections between Plaintiff and the Southern District of New York, and the evidence suggesting forum shopping," *Wave Studio* FNC Ruling, 2017 WL 972117, at *6, and the Court should reach the same conclusion here. "Plaintiff's principal, Ms. Lee, is a Malaysian citizen domiciled in Singapore," and "the Wave Entities are or were organized under Singapore law." *Id.* Plaintiff's only connection to New York is its incorporation under New York law, a decision Ms. Lee made because, as she testified, "'the justice system in [the] United States of America is one of the best to protect the creative works of Wave.'" *Id.* (alteration in original). As the Court found, Plaintiff's incorporation under New York law occurred "only because the American attorney Ms. Lee hired to form Plaintiff and bring these lawsuits happened to have his office in White Plains[, New York]." *Id.* "Plaintiff is admittedly a holding company formed under New York law prior to the onset of this case and located within this District for the purpose of enforcing the copyrights to the photographs at issue in this case." *Id.* (quotation marks omitted). Thus, "Plaintiff does not deny its lack of connections to New York." *Id.* Moreover, "Mr. Kawana, who worked for the Wave Entities in connection with the photographs created for GHM, is a citizen of Japan apparently based in Singapore." *Id.* "None of the photographs that Plaintiff asserts have been infringed in this action were taken in New York, and they were all first published in Singapore." *Id.* (citations omitted).

Likewise, the Court should give little deference to Plaintiff's forum choice when deciding this *forum non conveniens* motion. The same concerns previously expressed by

the Court—the absence of meaningful connections between Plaintiff and the Southern District of New York, as well as the evidence suggesting forum shopping by Plaintiff—apply here as well. The Trip Defendants are foreign companies that are not incorporated under New York law (or the law of any other state in this country) and that do not have their principal places of business in New York (or anywhere else in this country). Moreover, the fig leaf regarding Plaintiff's minimal connection to the Southern District of New York (the location of Plaintiff's former attorney's office) that was present when this Court issued the *Wave Studio* FNC Ruling has been stripped away. Plaintiff recently moved its office to Albany, New York, *see* Exhibit A to Cooper Declaration (last two pages), so Plaintiff no longer has any connection to this District.

### B. This Court's Prior Ruling that Singapore is an Adequate Alternative Forum for Litigating Plaintiff's Claims Applies with Even Greater Force Here.

As this Court explained, in "'the context of a motion to dismiss for *forum non conveniens*, a foreign jurisdiction is not adequate unless it will permit [the plaintiff] to litigate the subject matter of its dispute.'" *Wave Studio* FNC Ruling, 2017 WL 972117, at *7 (quoting *Royal & Sun All. Ins. Co. of Can. v. Century Int'l Arms, Inc.,* 466 F.3d 88, 95 (2d Cir. 2006)) (alternation in original). The *forum non conveniens* doctrine "demands that the alternate forum be adequate, not perfect, and not a mirror image of every substantive and procedural right, remedy and protection potentially available to Plaintiffs in the American forum of their choice." *Id.* (quotation marks omitted).

This Court has already determined that Singapore is an adequate alternative forum for litigating Plaintiff's claims, stating that "Singapore copyright law is well developed and that Plaintiff can adequately pursue its claims in Singapore." *Wave Studio* FNC Ruling, 2017 WL 972117, at *7. This conclusion was based on, *inter alia*, declarations

9

of experts in Singapore law; Plaintiff's admission that it "does not dispute that Singapore has an adequate legal system"; the fact that "Plaintiff has already demonstrated its own confidence in Singapore as an adequate alternative forum because it has previously sued GHM in Singapore as recently as 2010"; and case law concluding that Singapore is an adequate alternative forum. *Id.* (quotation marks omitted).

This Court's conclusion that Singapore is an adequate alternative forum for Plaintiff's claims was not only affirmed by the Second Circuit but also was vindicated by litigation in Singapore where Plaintiff pursued its claims against GHM—and prevailed. After a trial, a Singapore judge issued a lengthy written ruling in Plaintiff's favor. Civil Action No. 7:23-cv-03586-CS, Dkt. 13-1. Thereafter, a Singapore appeals court issued a written ruling that dismissed certain appeal arguments pressed by GHM and rejected GHM's other appeal arguments. Civil Action No. 7:23-cv-03586-CS, Dkt. 19-3.

In sum, the reasoning set forth by this Court in the *Wave Studio* FNC Ruling regarding the adequacy of Singapore as an alternative forum for litigating Plaintiff's claims applies with even more force to the *forum non conveniens* motion at issue here because what the Court predicted in that ruling subsequently occurred when Plaintiff litigated its claims in Singapore. Moreover, no "procedural barriers exist to Plaintiff bringing its claims against [the Trip Defendants], and having them fairly adjudicated, in Singapore." *Wave Studio* FNC Ruling, 2017 WL 972117, at *7. To avoid any potential doubt, the Trip Defendants hereby all state that they: (a) consent to the jurisdiction of the courts of Singapore for purposes of resolving the claims that are pending in this litigation; and (b) will not contest service of process in Singapore, if Plaintiff files those claims in a Singapore court and complies with applicable Singapore law regarding service of process on the Trip Defendants. Chen Declaration ¶ 5. An alternative forum

10

proposed by defendants is "adequate if the defendants are amenable to service of process there, and if it permits litigation of the subject matter of the dispute." *RIGroup L.L.C.*, 949 F. Supp. 2d at 553 (quoting *Pollux Holding, Ltd. v. Chase Manhattan Bank*, 329 F.3d 64, 75 (2d Cir. 2003)). Thus, Singapore is an adequate, alternative forum for the claims at issue here.

    C.   **The Same Balancing of Private and Public Interests Previously Conducted by this Court Requires Dismissing Plaintiff's Claims on *Forum Non Conveniens* Grounds.**

In the *Wave Studio* FNC Ruling, 2017 WL 972117, at *8, this Court considered applicable private interests and concluded that they weighed in favor of dismissal on *forum non conveniens* grounds. The Court stated that the "Wave Entities and GHM are or were located in Singapore and all of the Wave Entities are or were incorporated there." *Id.* Moreover, the Court pointed out that "New York is not even a convenient forum for Ms. Lee," who "resides full-time in Singapore," so "travel to New York is expensive and inconvenient for her." *Id.* (quotation marks omitted). The Court also relied on Ms. Lee's admission that, "'[w]hile Wave Studio maintains an office in White Plains, New York, all relevant documents and knowledge are in [her] possession in Singapore.'" *Id.* (alterations in original). In addition, the Court noted that "there are no witnesses located in or even near this forum," and "virtually all witnesses—such as the photographer who worked with Ms. Lee, the accountant who prepared assignments and other corporate documents for her, and the hotel managers who worked with her (assuming they are still located where the hotels are)—would find Singapore more convenient." *Id.* Plaintiff did "not provide[] any names of individuals who would be inconvenienced if this case were to proceed in Singapore" and did not "identif[y] anyone located in New York, or even in the United

States, whose testimony would be relevant and helpful to proving its claims against GHM." *Id.*

Likewise, the private interests weigh in favor of dismissing Plaintiff's claims against the Trip Defendants. The relevant witnesses on Plaintiff's side, as discussed above, are located in Singapore or elsewhere abroad, not in New York. Moreover, GHM—the alleged source of the unauthorized dissemination and therefore an important player regarding how, to whom, and under what circumstances the works at issue here were disseminated—is located in Singapore. If this case goes to trial, the witness for Trip.com, Trip.com Singapore, and Skyscanner is located in Singapore, which is where one of those defendants is incorporated and has its principal place of business and where another defendant has its principal place of business. Chen Declaration ¶¶ 5–6. Plaintiff, whose principal resides in Singapore, would suffer no cognizable hardship from litigating these claims in Singapore and should not be allowed to impose substantial burdens on the Trip Defendants by pursuing Plaintiff's claims in this Court.

Courts also consider the practical costs of litigating foreign disputes in New York. Where documents and testimony are in foreign languages, translation costs and delays weigh heavily toward dismissal. *See Marchante v. Reuters Am. L.L.C.*, 736 F. Supp. 3d 209, 220 (S.D.N.Y. 2024) (noting that translation of Spanish-language evidence and testimony would significantly increase the burdens of trying the case in New York); *Turedi v. Coca Cola Co.*, 460 F. Supp. 2d 507, 525 (S.D.N.Y. 2006) (same, citing costs of translations as a factor favoring dismissal). Here, the evidence and witnesses are located in Singapore and other foreign jurisdictions, and many materials are not in English. Requiring this Court to deal with cross-border discovery would compound the burdens

on the Court and the parties, which further support the conclusion that Singapore is the more convenient forum.

After evaluating applicable public interest factors, this Court concluded that they also weighed in favor of *forum non conveniens* dismissal. *Wave Studio* FNC Ruling, 2017 WL 972117, at *9. For example, the Court held that "there is no local interest in this case given that all of the relevant photographs were taken abroad (with the exception of Florida) and first published in Singapore, and presumably all of the relevant agreements were formed there." *Id*. Moreover, as the Court stated, "[t]hat plaintiff's former attorney was based in New York and Plaintiff was formed as a holding company here is not sufficient to give rise to a local interest in this case." *Id*. Thus, the Court concluded that "[c]laims with such a tenuous connection to this forum…do not justify the significant administrative costs that stand to be levied upon this Court, or the burden of jury duty expected to be thrust upon a community substantially distanced from the controversy." *Id*. (quotation marks omitted; alteration in original). The Court also held that, although it did not need to definitely resolve the choice of law issue, the likelihood that Singapore law will apply weighed in favor of dismissal. *Id*.

Here, the same analysis of applicable public interest factors also weighs in favor of dismissing the claims asserted against the Trip Defendants. It would be inappropriate to impose the burdens of jury duty on New Yorkers and the administrative burdens on this Court to adjudicate claims that involve foreign conduct, foreign parties and witnesses, and foreign works. The true local interest lies in Singapore, where Plaintiff's principal resides, where the Wave Entities operated, and where the photographs were created, first published, and subject to litigation in prior proceedings. Singapore copyright law also is likely to govern at least some issues in this case, which further supports the conclusion

that Singapore is a more appropriate forum to litigate the claims at issue here. Moreover, it is appropriate for the Court to consider the risk of inconsistent judgments due to related foreign proceedings. *See Star Colbert v. Dougan*, 724 F. Supp. 3d 304, 334 (S.D.N.Y. 2024) (risk of inconsistency with related Swiss litigation weighed heavily in favor of dismissal). That concern applies here because Singapore courts (as discussed above) already have adjudicated claims asserted by Plaintiff against GHM. Proceeding in this Court after those rulings creates the risk of conflicting judgments on overlapping issues of ownership, infringement, and scope of use. Singapore has the stronger interest in ensuring consistency with its own copyright judgments, which further tips the balance in favor of dismissal.

II.  **FOR THE SAME REASONS DISCUSSED IN THE *WAVE STUDIO* FNC RULING, THE COURT SHOULD SEVER THE CLAIMS ASSERTED AGAINST THE TRIP DEFENDANTS TO FACILITATE DISMISSAL ON *FORUM NON CONVENIENS* GROUNDS.**

After deciding that *forum non conveniens* dismissal was appropriate, this Court relied on the rule authorizing severance, *see* Fed. R. Civ. P. 21, and stated that "the Court has broad discretion to sever [Plaintiff's] claims against [GHM] and may do so for a variety of reasons, even if there exist some common question[s] of law and fact." *Wave Studio* FNC Ruling, 2017 WL 972117, at *10 (quotation marks omitted; alterations in original). The Court severed the claims asserted by Plaintiff against GHM to facilitate dismissal of those claims on *forum non conveniens* grounds.

The same reasoning applies with equal force here. The Court should exercise its discretion and sever the claims at issue here to facilitate dismissal based on the *forum non conveniens* doctrine.

14

## **CONCLUSION**

For the foregoing reasons, the Court should grant this motion and dismiss Plaintiff's claims against the Trip Defendants on *forum non conveniens* grounds.

Dated: New York, NY
      August 25, 2025

Respectfully submitted,

BALANCE LAW FIRM

By: s/ *B. Robert Liu*

Beixiao Robert Liu, Esq.
Dayna Cooper, Esq.
Stephen Hudspeth, Esq.

1 World Trade Ctr Ste 8500

New York, NY 10007

(212) 741-8080

(646) 558-4889 fax

robert.liu@balancelawfirm.com

dayna.cooper@balancelawfirm.com

stephen.hudspeth@balancelawfirm.com

*Attorneys for Defendants Trip.com Group Limited, Trip.com Travel Singapore Pte. Ltd., and Skyscanner Ltd.*

Certificate on Local Civil Rule 7.1(c) Compliance

Relying on the word count of the word-processing program used to prepare this document, the undersigned states that the number of words in this document is 4,324 and certifies that this document complies with the word-count limitation as set forth in Local Civil Rule 7.1(c).

s/ *B. Robert Liu*

Beixiao Robert Liu (Bar #: 5697552)

Balance Law Firm

1 World Trade Ctr Ste 8500
New York, NY 10007

(212) 741-8080

(646) 558-4889 fax

robert.liu@balancelawfirm.com