## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

The Wave Studio, LLC,

                    Plaintiff,

      -against-

General Hotel Management Ltd., et al.,

                  Defendants.

Case No. 7:13-cv-09239-CS-VR

**WAVE'S OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S CLAIMS ON *FORUM NON CONVENIENS* GROUNDS BY TRIP.COM GROUP LIMITED, TRIP.COM TRAVEL SINGAPORE PTE. LTD., AND SKYSCANNER LTD.**

Date:   September 22, 2025
         San Francisco, California

Matthew S. Warren (Bar No. MW6275)
Francesca M. S. Germinario
(NY Bar No. 5629407) (admission pending)
WARREN KASH WARREN LLP
305 Broadway, 7th Floor
New York, New York, 10007
+1 (646) 895-6440
+1 (646) 895-6996 facsimile
13-9239@cases.warrenlex.com

Michael D. Cilento (Bar No. MC2221)
LEWIS & LIN LLC
77 Sands Street, 6th Floor
Brooklyn, New York, 11201
+1 (718) 243-9323
+1 (718) 243-9326 facsimile
Michael@iLawco.com

*Attorneys for Plaintiff The Wave Studio, LLC*

## **<u>TABLE OF CONTENTS</u>**

INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

BACKGROUND. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

A.    The Court Stays the Case as to All Defendants Aside from GHM. . . . . . . . . . . . . . . . 2

B.    The Court Dismisses GHM on *Forum Non Conveniens* to Resolve Ownership. . . . . . . . . 2

C.    The Singapore Courts Rule for Wave. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

D.    Three of Five Trip Defendants Move for Dismissal Under *Forum Non Conveniens*. . . . . 4

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

I.    To Secure Dismissal for *Forum Non Conveniens*, Movants Bear the Burden of
Showing that Singapore is an Adequate Alternative Forum for These Claims, and That
Litigation in Singapore is Significantly Preferable to Proceeding Here. . . . . . . . . . . . . . . 4

II.    Singapore is Not An Adequate Forum to Resolve Wave's Infringement Claims. . . . . . . . 5

III.    Movants Have Not Shown That New York is Genuinely Inconvenient and That
Singapore is Significantly Preferable as a Forum for Wave's Infringement Claims. . . . . 12

      A.    The Private Interest Factors Do Not Favor Singapore. . . . . . . . . . . . . . . . . . . . . . . 12

            1.    Ease of Access to Evidence. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

            2.    Availability and Cost of Witness Testimony. . . . . . . . . . . . . . . . . . . . . . . . 14

            3.    Remaining Factors. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

      B.    The Public Interest Factors Do Not Favor Singapore. . . . . . . . . . . . . . . . . . . . . . . . 17

            1.    Administrative Difficulties Associated with Court Congestion. . . . . . . . . 17

            2.    New York is Related to the Litigation. . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

            3.    The United States Has an Interest in United States Copyright Law. . . . . . 19

            4.    U.S. Copyright Law, Not Singapore Law, Governs the Dispute. . . . . . . . 20

IV.    The Court Should Not Sever This Action, and Thus Should Deny the Motion. . . . . . . . 20

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

**TABLE OF AUTHORITIES**

*Cases*                                                                 *Pages*

*Abdullahi v. Pfizer, Inc.,*
    562 F.3d 163 (2d Cir. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Amimon Inc. v. Shenzhen Hollyland Tech Co.,*
    No. 20-9170, 2021 WL 5605258 (S.D.N.Y. Nov. 30, 2021). . . . . . . . . . . . . . . . . . . . 10-11

*Anwar v. Fairfield Greenwich Ltd.,*
    742 F. Supp. 2d 367 (S.D.N.Y. 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Bank of Credit & Com. Int'l (Overseas) Ltd. v. State Bank of Pak.,*
    273 F.3d 241 (2d Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Barnes v. Block,*
    No. 22-7236, 2025 WL 1736519 (S.D.N.Y. June 23, 2025). . . . . . . . . . . . . . . . . . . . . . 5

*BCRS1, LLC v. Unger,*
    No. 20-4246, 2021 WL 3667094 (E.D.N.Y. Aug. 18, 2021). . . . . . . . . . . . . . . . . . . . 9, 11

*Bent v. Zounds Hearing Franchising, LLC,*
    No. 15-6555, 2016 WL 153092 (S.D.N.Y. Jan. 12, 2016). . . . . . . . . . . . . . . . . . . . . . 21-22

*Bigio v. Coca-Cola Co.,*
    448 F.3d 176 (2d Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Blanco v. Banco Indus. de Venezuela, S.A.,*
    997 F.2d 974 (2d Cir. 1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Boosey & Hawkes Music Publishers, Ltd. v. Walt Disney Co.,*
    145 F.3d 481 (2d Cir. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21-22

*City of Ouro Preto v. Merrill Lynch, Pierce, Fenner & Smith Inc.,*
    751 F. Supp. 3d 356 (S.D.N.Y. 2024). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Creative Tech., Ltd. v. Aztech Sys. Pte., Ltd.,*
    61 F.3d 696 (9th Cir. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8-9

*Colo. River Water Conservation Dist. v. United States,*
    424 U.S. 800 (1976). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 18

*Cont'l Pac. Shipping, Ltd. v. CIT Grp./Equip. Fin., Inc.,*
    No. 96-2646, 1996 WL 571855 (S.D.N.Y. Oct. 7, 1996). . . . . . . . . . . . . . . . . . . . . . 16-17

*Deskovic v. City of Peekskill,*
    673 F. Supp. 2d 154 (S.D.N.Y. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

## TABLE OF AUTHORITIES

*(continued)*

*Cases*                                                                                                      *Pages*

*DigitAlb, Sh.a v. Setplex, LLC*,
    284 F. Supp. 3d 547 (S.D.N.Y. 2018). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10-11

*DiRienzo v. Philip Servs. Corp.*,
    294 F.3d 21 (2d Cir. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 14, 17, 19-20

*Donnelly v. Anand*,
    No. 21-9562, 2022 WL 4385901 (S.D.N.Y. Sept. 22, 2022). . . . . . . . . . . . . . . . . . . 11-12

*Google LLC v. Starovikov*,
    No. 21-10260, 2022 WL 1239656 (S.D.N.Y. Apr. 27, 2022). . . . . . . . . . . . . . . . . . . . . 9

*Halo Creative & Design Ltd. v. Comptoir Des Indes Inc.*,
    816 F.3d 1366 (Fed. Cir. 2016). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10-11

*Iragorri v. United Techs. Corp.*,
    274 F.3d 65 (2d Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 12, 15

*Itar–Tass Russian News Agency v. Russian Kurier, Inc.*,
    153 F.3d 82 (2d Cir. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Jacobs Vehicle Sys., Inc. v. Yang*,
    No. 12-181, 2013 WL 4833058 (M.D.N.C. Sept. 10, 2013). . . . . . . . . . . . . . . . . . . . . 5

*Joint Stock Co. "Channel One Russia Worldwide" v. Infomir LLC*,
    No. 16-1318, 2024 WL 5154462 (S.D.N.Y. Dec. 18, 2024). . . . . . . . . . . . . . . . . . . . 6-7

*Kislin v. Dikker*,
    No. 14-237, 2015 WL 410246 (S.D.N.Y. Jan. 16, 2015). . . . . . . . . . . . . . . . . . . . . . . 14

*Levitin v. Sony Music Ent.*,
    101 F. Supp. 3d 376 (S.D.N.Y. 2015). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 19, 22

*In re Livent, Inc. Sec. Litig.*,
    78 F. Supp. 2d 194 (S.D.N.Y. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Manela v. Garantia Banking Ltd.*,
    940 F. Supp. 584 (S.D.N.Y. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 18

*Massaquoi v. Virgin Atl. Airways*,
    945 F. Supp. 58 (S.D.N.Y. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**TABLE OF AUTHORITIES**

*(continued)*

*Cases*                                                                                      *Pages*

*Metito (Overseas) Ltd. v. Gen. Elec. Co.*,
    No. 05-9478, 2006 WL 3230301 (S.D.N.Y. Nov. 7, 2006). . . . . . . . . . . . . . . . . . . . . . . . 15

*Monegasque De Reassurances S.A.M. v. Nak Naftogaz of Ukraine*,
    311 F.3d 488 (2d Cir. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Norex Petroleum Ltd. v. Access Indus., Inc.*,
    416 F.3d 146 (2d Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Navar v. Walsh Constr. Co. II, LLC*,
    No. 18-10476, 2019 WL 7599890 (S.D.N.Y. Aug. 13, 2019). . . . . . . . . . . . . . . . . . . . . 21

*Petersen Energia Inversora, S.A.U. v. Argentine Republic*,
    No. 15-2739, 2016 WL 4735367 (S.D.N.Y. Sept. 9, 2016),
    *aff'd in part,* 895 F.3d 194 (2d Cir. 2018). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Pollux Holding Ltd. v. Chase Manhattan Bank*,
    329 F.3d 64 (2d Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7-8

*PT United Can Co. v. Crown Cork & Seal Co.*,
    138 F.3d 65 (2d Cir. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Sadhu Singh Hamdad Tr. v. Ajit Newspaper Advert., Mktg. & Commc'ns, Inc.*,
    503 F. Supp. 2d 577 (E.D.N.Y. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Schijndel v. Boeing Co.*,
    263 F. App'x 555 (9th Cir. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Shtofmakher v. David*,
    No. 14-6934, 2015 WL 5148832 (S.D.N.Y. Aug. 17, 2015). . . . . . . . . . . . . . . . . . . . . 13-15

*Silberman v. Innovation Luggage, Inc.*,
    No. 1-7109, 2003 WL 1787123 (S.D.N.Y. Apr. 3, 2003). . . . . . . . . . . . . . . . . . . . . . 7, 20

*U.S. Media Corp. v. Edde Ent. Corp.*,
    No. 94-4849, 1998 WL 401532 (S.D.N.Y. July 17, 1998) . . . . . . . . . . . . . . . . . . . . . . . 21

*Wave Studio, LLC v. Gen. Hotel Mgmt. Ltd.*,
    No. 13-9239, 2017 WL 972117 (S.D.N.Y. Mar. 10, 2017),
    *aff'd,* 712 F. App'x 88 (2d Cir. 2018). . . . . . . . . . . . . . . . . . . . . . . . . . . 2-3, 7-8, 10, 18, 21

*Wave Studio, LLC v. Gen. Hotel Mgmt. Ltd.*,
    712 F. App'x 88 (2d Cir. 2018). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**<u>TABLE OF AUTHORITIES</u>**

*(continued)*

*Other Proceedings*                                           *Pages*

*Aztech Sys. Pte. Ltd. v. Creative Tech. Ltd.,*
     [1995] SGHC 294 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Creative Tech. Ltd. v. Aztech Sys. Pte. Ltd.,*
     [1996] SGCA 71 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Wave Studio, LLC v. Gen. Hotel Mgmt. Ltd.,*
     No. 17-1018, Docket No. 66 (2d Cir. 2017). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 6

## INTRODUCTION

Three moving defendants ask the Court to dismiss plaintiff Wave's current claims against them, but their arguments do not address Wave's current claims against them. Instead, the moving defendants rely on the Court's prior dismissal under *forum non conveniens*, which allowed Wave and GHM to address and resolve GHM's prior claim that it was authorized to use and distribute Wave's photographs, and thus that most defendants were authorized as well. That dismissal allowed Wave and GHM to litigate those claims in Singapore under Singapore law. Wave prevailed, and returned to this Court to pursue its claims of infringement of its U.S. copyrights under U.S. law. Movants now ask the Court to ping-pong the case back to Singapore, based almost entirely on the Court's prior ruling for GHM. For three independent reasons, the Court should deny the motion.

First, dismissal under *forum non conveniens* requires the movant to show an adequate alternative forum for resolution of the claims. Movants here do not submit any evidence that Singapore is an adequate alternative forum for resolution of Wave's U.S. copyright claims, and Wave's evidence confirms that it is not. Without an alternative forum, movants cannot prevail.

Second, movants do not establish that this Court is genuinely inconvenient or that Singapore is significantly preferable. Movants claim great burden based on translation of documents into English, evidently forgetting that the courts of Singapore operate entirely in English and require translations as well. Movants put forward a single witness, but fail to take into account many other witnesses in the United States with much more knowledge. And movants claim that dismissal will streamline issues for the Court, ignoring that they have two affiliated companies, also defendants here, that are not movants and that will remain before this

Court.  As a result, dismissal will multiply rather than streamline issues, as two actions in two courts in two countries address overlapping conduct by interlocking companies.

Third, dismissal would first require severance, which movants should not receive. Movants barely bother asking the Court for severance; they appear to believe they are entitled to it based on the Court's prior ruling.  Movants are wrong:  the factors governing the severance decision, and especially the question of judicial efficiency, weigh strongly against severance and thus against the motion.

Movants ask the Court to multiply proceedings and increase inefficiency so that they can avoid litigating questions of U.S. copyright law in U.S. courts.  The Court should decline this invitation and deny the motion.

## BACKGROUND

### A.    The Court Stays the Case as to All Defendants Aside from GHM

This action concerns claims of copyright infringement by plaintiff The Wave Studios LLC ("Wave") against 68 defendants in the travel industry which used its photographs.  In 2014, in response to Wave's assertion of these claims, General Hotel Management ("GHM") argued that it was authorized to use and distribute Wave's photographs.  Because a "finding that GHM had such a right would be case-dispositive as to it and the vast majority of the other Defendants, who allegedly received the photographs from GHM," this Court stayed the case against all Defendants except GHM.  *Wave Studio, LLC v. Gen. Hotel Mgmt. Ltd.*, No. 13-9239, 2017 WL 972117, at *3 (S.D.N.Y. Mar. 10, 2017), *aff'd*, 712 F. App'x 88 (2d Cir. 2018).

### B.    The Court Dismisses GHM on *Forum Non Conveniens* to Resolve Ownership

Following this stay, in 2016, GHM moved for summary judgment of *forum non conveniens*, arguing that claims against it "must be litigated in Singapore."  Docket No. 179

– 2 –

at 18.  The Court found that "[o]wnership here is likely to be a matter of Singapore law," and dismissed GHM on *forum non conveniens* grounds, noting that "to the extent [these claims are] resolved in Plaintiff's favor, the remaining claims will involve different witnesses and documents." *Wave*, 2017 WL 972117, at *9-10.

Wave appealed.  On appeal, GHM argued that "the sole issue before the Court is whether the District Court abused its discretion in determining that the threshold issue, essentially a copyright ownership dispute, should be dismissed on *forum non conveniens* grounds," and that, "once the District Court determined that the threshold issue had to be heard in Singapore, it preserved all of Wave's infringement claims—which involve different witnesses, different evidence and different legal questions—by severing them and staying them in the Decision." Brief for Appellee GHM, *Wave Studio, LLC v. Gen. Hotel Mgmt. Ltd*, No. 17-1018, Docket No. 66 at 2, 17-18 (2d Cir. July 21, 2017).  The Second Circuit affirmed.  *Wave Studio, LLC v. Gen. Hotel Mgmt. Ltd.*, 712 F. App'x 88 (2d Cir. 2018).

**C.    The Singapore Courts Rule for Wave**

In 2018, as required by these rulings, Wave sued GHM in Singapore.  *See* Declaration of David Llewelyn ("Llewelyn Decl.") ¶¶ 35-39, *id.*, Ex. D.  The Singapore High Court conducted a trial, but did not apply the U.S. Copyright Act or consider U.S. conduct.  *Id.* ¶¶ 16-24, 38; *see generally id.*, Ex. D.  To the contrary, "no submissions were made by any party that any law other than Singapore law applied to the issues before the court," and the Singapore court applied its own contract and copyright law to determine the rights flowing from the parties' Singapore agreements.  *Id.* ¶ 38.  After a trial, the Singapore High Court found for Wave, and the Singapore appellate court affirmed.  *Id.* ¶¶ 39.

**D.      Three of Five Trip Defendants Move for Dismissal Under *Forum Non Conveniens***

In 2023, after the conclusion of the Singapore proceedings, Wave moved to lift the stay in

this Court so that it could litigate infringement of its copyrights.  Docket No. 321 at 17-18.  The

Court granted Wave's motion (*see id*. at 31, 39), but later imposed another stay pending

settlement conferences.  Docket No. 367.  In July 2025, four defendants associated with

Trip.com— Trip.com Group Limited, Trip.com Travel Singapore Pte. Ltd., Skyscanner Ltd. and

MakeMyTrip Inc.—sought and received leave to file a motion to dismiss for *forum non*

*conveniens*.  Docket No. 575.  In August, three of those four—Trip.com Group Limited,

Trip.com Travel Singapore Pte. Ltd., and Skyscanner Ltd.—served their motion to dismiss.

*See* Mot. at 1.  Two affiliated parties declined to join the motion:  defendant Travix Travel USA, a

wholly owned subsidiary of Trip.com Group Limited and a corporation organized under the laws

of the State of Georgia (Docket No. 332 ¶ 84), and defendant MakeMyTrip Inc., a Delaware

corporation affiliated with and partially controlled by Trip.com Group Limited.  *Id.* ¶¶ 64, 86,

87, 575; *see* Mot. at 1.

<u>**ARGUMENT**</u>

**I.      To Secure Dismissal for *Forum Non Conveniens*, Movants Bear the Burden of
        Showing that Singapore is an Adequate Alternative Forum for These Claims, and
        That Litigation in Singapore is Significantly Preferable to Proceeding Here**

Dismissal under *forum non conveniens* is not jurisdictional, but rather a matter of

discretion "root[ed] in the inherent power of the courts to manage their own affairs."

*Monegasque De Reassurances S.A.M. v. Nak Naftogaz of Ukraine*, 311 F.3d 488, 497 (2d Cir.

2002) (internal quotation marks omitted).  When making such a motion, "the defendant who

moves to dismiss on the basis of *forum non conveniens* bears a heavy burden at each stage of

analysis."  *Massaquoi v. Virgin Atl. Airways*, 945 F. Supp. 58, 61 (S.D.N.Y. 1996).  In the Second

Circuit, there are three stages to this analysis:  "Step one requires the Court to determine the degree of deference properly accorded the plaintiff's forum choice."  *Barnes v. Block*, No. 22-7236, 2025 WL 1736519, at *5 (S.D.N.Y. June 23, 2025) (citing *Iragorri v. United Techs. Corp.*, 274 F.3d 65, 70 (2d Cir. 2001)).  "Next, the Court must consider whether the alternative forum proposed by the defendants is adequate to adjudicate the parties' dispute."  *Barnes*, 2025 WL 1736519, at *5 (citing *Iragorri*, 274 F.3d at 73).  "Finally, a court balances the private and public interests implicated in the choice of forum."  *Id.*

     "Dismissal on the grounds of *forum non conveniens* is a harsh result in many cases." *Jacobs Vehicle Sys., Inc. v. Yang*, No. 12-181, 2013 WL 4833058, at *6 (M.D.N.C. Sept. 10, 2013).  And there is a "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them."  *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976).  To secure dismissal despite this obligation, movants must demonstrate that Wave's chosen forum is "genuinely inconvenient" and that the alternative forum is "significantly preferable."  *City of Ouro Preto v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 751 F. Supp. 3d 356, 365-66 (S.D.N.Y. 2024) (quoting *Iragorri*, 274 F.3d at 74-75).

## II.    Singapore is Not An Adequate Forum to Resolve Wave's Infringement Claims

     Following the previous dismissal of GHM for *forum non conveniens*, Singapore courts resolved Wave's ownership of the copyrights and ability to press infringement claims against GHM and the other defendants.  *See* Llewelyn Decl. ¶ 39; *supra* § C.  Wave now seeks to advance claims of U.S. infringement under U.S. copyright law.  Docket No. 332 ¶¶ 323-57.  But the movants ask this Court to ping-pong the case back to Singapore, claiming that "[t]his Court has already determined that Singapore is an adequate alternative forum for litigating Plaintiff's claims."  Mot. at 9.  Movants are doubly wrong; this Court has not decided that "Singapore is an

adequate alternative forum" for litigating Wave's claims of infringement under U.S. law, and indeed Singapore is not an adequate alternative forum for those claims. The Court can and should deny the motion for this reason.

In granting GHM's 2017 *forum non conveniens* motion, this Court recognized that the potentially "case-dispositive" finding that GHM had a "right" to distribute Wave's photographs required resolution of ownership and implied license claims based on Singapore contracts under Singapore law, and found that Singapore was the best forum to resolve those questions. *Wave*, 2017 WL 972117, at *8-9. The Singapore courts resolved those questions. Llewelyn Decl. ¶¶ 35-39. They did not consider U.S. copyright law or any U.S. law, and neither Wave nor GHM sought to raise those issues. *Id.* ¶ 38.

Movants now ask the Court to assume, without any evidence, that the Singapore courts would be equally adequate to decide issues of infringement under U.S. copyright law. Mot. at 9-10. But "the nature of a copyright interest is an issue distinct from the issue of whether the copyright has been infringed." *Levitin v. Sony Music Ent.*, 101 F. Supp. 3d 376, 387 (S.D.N.Y. 2015). Ownership depends on "the law of the state with the most significant relationship to the property and the parties," *Itar–Tass Russian News Agency v. Russian Kurier, Inc.*, 153 F.3d 82, 90-91 (2d Cir. 1998), "[h]owever, to decide whether a copyright infringement had occurred and for possible remedies, the laws of the country where the infringement took place applied." Brief for Appellee GHM, *Wave Studio, LLC v. Gen. Hotel Mgmt. Ltd*, No. 17-1018, Docket No. 66 at 19 (2d Cir. July 21, 2017) (citing *Itar–Tass,* 101 F. Supp. 3d at 91). Courts consistently recognize that copyright infringement claims are territorial and fall under the copyright law of the country where the alleged infringement occurred. *Itar–Tass,* 101 F. Supp. 3d at 91-92 ("[o]n infringement issues, the governing conflicts principle is usually *lex loci delicti*"); *Joint Stock Co.*

– 6 –

"*Channel One Russia Worldwide*" *v. Infomir LLC*, No. 16-1318, 2024 WL 5154462, at *5 (S.D.N.Y. Dec. 18, 2024) (same); *Silberman v. Innovation Luggage, Inc.*, No. 01-7109, 2003 WL 1787123, at *12 (S.D.N.Y. Apr. 3, 2003); *Sadhu Singh Hamdad Tr. v. Ajit Newspaper Advert., Mktg. & Commc'ns, Inc.*, 503 F. Supp. 2d 577, 585 (E.D.N.Y. 2007).  Given the difference in law and facts, the Court's prior ruling noted that, if GHM's claims of ownership and implied license were "resolved in Plaintiff's favor, the remaining claims will involve different witnesses and documents." *Wave*, 2017 WL 972117, at *10.

To determine that Singapore is an adequate forum to resolve the currently pending questions of infringement of U.S. copyright law, the Court must first find that Singapore "permits litigation of the subject matter of the dispute." *Pollux Holding Ltd. v. Chase Manhattan Bank*, 329 F.3d 64, 75 (2d Cir. 2003).  It does not.  Despite bearing the burden "at each stage of analysis," *supra* § I, movants provide no evidence that it does.  And for good reason:  as confirmed by Wave's expert witness on Singapore law, a distinguished attorney, professor, and advisor to Singapore courts on copyright law, the Singapore courts would not entertain these claims of infringement of U.S. copyright law.  Llewelyn Decl. ¶¶ 16-22, 27-32.[1]  As Prof. Llewelyn explains, Singapore's "copyright regime allows rights owners to enforce against acts of infringement that occur in Singapore, regardless of whether they are by a local or a foreigner," but "the key point is that these are infringements that take place within our jurisdiction." *Id.* ¶ 21.  To his "knowledge, there has been no case in which a Singapore Court has decided or even considered a case of alleged copyright infringement through acts occurring overseas." *Id.* ¶ 28. This is no surprise, as it would not "be open to a Singapore Court in a copyright infringement

---

[1] Courts typically rely on expert affidavits in deciding the question of adequacy of the forum. *E.g., In re Livent, Inc. Sec. Litig.*, 78 F. Supp. 2d 194, 210 (S.D.N.Y. 1999).

claim under the CA2021 to award damages in respect of acts occurring outside the territory of Singapore," *id.* ¶ 30, or "to grant an injunction with extraterritorial effect vis-à-vis a foreign copyright (ie, a foreign property right)." *Id.* ¶ 31. Instead, in "the case of proceedings brought in Singapore concerning alleged acts of infringement of U.S. registered copyright that have taken place (and/or are taking place) in the United States, and therefore involve determinations of U.S. copyright law," the most likely outcome would be dismissal under Singapore's *forum non conveniens* jurisprudence, in favor of resolution here. *Id.* ¶ 27.

Movants submit no contrary evidence. Instead, they rely entirely on their reference to "case law concluding that Singapore is an adequate alternative forum." Mot. at 10 (citing *Wave*, 2017 WL 972117, at *7). But the Court's prior ruling concerned only GHM's claims of ownership and implied license, *see supra*, so the "case law" movants cite must be the cases cited by this Court. And those cases cannot help movants. *Schijndel v. Boeing Co.* concerned claims "based on product liability" and did not discuss the adequacy of Singapore as a forum, but concluded that the district court did not "abuse its discretion in weighing the public interest factors." 263 F. App'x 555, 557 (9th Cir. 2008). *Anwar v. Fairfield Greenwich Ltd.* concerned claims for breach of fiduciary duty, negligence, and financial fraud claims based on "representations made by Standard Chartered employees in Singapore and Dubai." 742 F. Supp. 2d 367, 376 (S.D.N.Y. 2010). Neither bears on whether Singapore "permits litigation of the subject matter" of *this* dispute over infringement of U.S. copyrights. *Pollux*, 329 F.3d at 75.

The final case the Court cited was *Creative Tech., Ltd. v. Aztech Sys. Pte., Ltd.*, in which the Ninth Circuit suggested that Singapore courts would likely adjudicate copyright infringement claims occurring outside of Singapore and "subsum[e] the amount of damages incurred by Aztech Labs' alleged illegal distribution of pirated sound cards within the United States in the

– 8 –

amount of damages awarded under the Singapore Copyright Act for Aztech's alleged infringing

acts occurring in Singapore." 61 F.3d 696, 702 (9th Cir. 1995). But that is not what happened

after the U.S. courts dismissed the *Creative Tech.* parties and they litigated in Singapore. Instead,

both the Singapore High Court and the Court of Appeal applied Singapore copyright law to

alleged infringement occurring in Singapore. Llewelyn Decl. ¶¶ 31-34; *id*., Exs. A (*Aztech Sys.*

*Pte. Ltd. v. Creative Tech. Ltd.,* [1995] SGHC 294); B (*Creative Tech. Ltd. v. Aztech Sys. Pte.*

*Ltd.,* [1996] SGCA 71). These opinions by the Singapore courts cast substantial doubt on, if not

undermine entirely, the Ninth Circuit's conclusion in *Creative Tech.*.

       That is also what happened in Wave's litigation after the U.S. courts dismissed GHM for

*forum non conveniens*. The "litigation in Singapore where Plaintiff pursued its claims against

GHM—and prevailed," Mot. at 10, resolved ownership under Singapore law and some claims of

infringement that occurred within Singapore; the Singapore courts did not apply U.S. law and did

not resolve infringement anywhere else, including in the United States. Llewelyn Decl.

¶¶ 33-37. This limited result follows Singapore law; because the Singapore courts cannot award

either "damages for infringements other than those that take place within Singapore" or an

injunction "with extraterritorial effect vis-à-vis a foreign copyright (ie, a foreign property right),"

even "a successful plaintiff in Singapore would be forced to commence fresh proceedings in the

United States under the U.S. Copyright Act in order to obtain relief there." *Id.* ¶¶ 30-31.

       Movants provide neither evidence nor expert opinion of their own; this failure alone is

sufficient to deny their motion. *See, e.g.*, *Google LLC v. Starovikov*, No. 21-10260, 2022 WL

1239656, at *6-7 (S.D.N.Y. Apr. 27, 2022) (denying *forum non conveniens* motion where movant

failed to provide evidence or expert opinion); *BCRS1, LLC v. Unger*, No. 20-4246, 2021 WL

3667094, at *8 (E.D.N.Y. Aug. 18, 2021) (same where "defendant has not submitted any

– 9 –

evidence that plaintiff could pursue its claims in Canada"); *DigitAlb, Sh.a v. Setplex, LLC*, 284 F.
Supp. 3d 547, 563 (S.D.N.Y. 2018) (same where movant failed to "submit[] any affidavits or
other evidence that would allow this Court to determine whether any of its proposed fora are
adequate"); *see Bank of Credit & Com. Int'l (Overseas) Ltd. v. State Bank of Pak.*, 273 F.3d 241,
248 (2d Cir. 2001) (district courts should "keep in mind that it remains the movant's burden to
demonstrate the existence of an adequate alternative forum").

      Instead of submitting the required evidence, movants argue only that "the Court found
that Singapore is an adequate alternative forum for Plaintiff's claims, pointing out that Singapore
copyright law is well developed [and] that Plaintiff can adequately pursue its claims in
Singapore."  Mot. at 3 (quoting *Wave*, 2017 WL 972117, at *7) (internal quotations omitted).
But the Court's prior ruling addressed law regarding questions of ownership and implied license,
*see supra*, and did not address law regarding infringement.  *See supra.*  "It cannot be assumed
that a foreign court would adjudicate an intellectual property dispute where the alleged
infringement occurred elsewhere."  *Halo Creative & Design Ltd. v. Comptoir Des Indes Inc.*, 816
F.3d 1366, 1371 (Fed. Cir. 2016).  Movants seek precisely this assumption from the Court.  The
Court should decline this invitation, as in *Amimon Inc. v. Shenzhen Hollyland Tech Co.*, No.
20-9170, 2021 WL 5605258 (S.D.N.Y. Nov. 30, 2021).  In *Amimon*, the defendants argued that
China was an adequate forum because it is a signatory to copyright treaties and because the
plaintiff had separately brought claims there under Chinese copyright law.  *Id.* at *7-8.  The
*Amimon* court focused on "the question of whether China would permit litigation of the subject
matter of the dispute."  *Id.* at *7.  It noted that Amimon asserted claims for "copyright
infringement under the U.S. Copyright Act" for "the sale of products containing its Source Code
in New York," which were "claims for violations that occurred in the United States under U.S.

– 10 –

laws." *Id.* at *7. As movants do here, the *Amimon* defendants argued that plaintiff had also sued in China, but the court rejected this argument, finding that "the fact that China is an adequate forum to adjudicate whether Hollyland violated Chinese law does not inherently mean it is an adequate forum to evaluate whether Hollyland violated U.S. law." *Id.* at *8 (citing *Halo Creative*, 816 F.3d at 1371). *Amimon* found the defendant had not shown "that China is an adequate alternative to address the U.S.-based laws at issue before the Court here," and that "the Court finds that no adequate alternative exists," and thus denied the motion to dismiss without undertaking further analysis. *Amimon*, 2021 WL 5605258, at *8.

This Court should do the same. If "no adequate alternative exists, there is no need to evaluate the public and private interests," and the *forum non conveniens* "inquiry ends if there is no adequate alternative forum." *Id.* at *7-8; *see also BCRS1*, 2021 WL 3667094, at *7 (E.D.N.Y. Aug. 18, 2021). "If the defendant fails to satisfy this burden, the *forum non conveniens* motion 'must be denied regardless of the degree of deference accorded plaintiff's forum choice.'" *DigitAlb*, 284 F. Supp. 3d at 562 (quoting *Norex Petroleum Ltd. v. Access Indus., Inc.*, 416 F.3d 146, 157 (2d Cir. 2005)).[2] The movants cannot satisfy their "heavy burden" by sending this Court "on a wild goose chase through a foreign country's legal system." *BCRS1*, 2021 WL 3667094, at *9 (citing *Halo Creative*, 816 F.3d at 1372); *Donnelly v. Anand*, No. 21-9562, 2022 WL 4385901, at *9 (S.D.N.Y. Sept. 22, 2022) (defendants' "conclusory statement about Singapore's adequacy as an alternative forum does not satisfy their burden"). The Court should

---

[2] The Court previously found that "Plaintiff's choice of forum is entitled to little deference." *Wave*, 2017 WL 972117, at *6. Movants claim that "Plaintiff no longer has any connection to this District" based on its agent for service of process, but seek the same "little deference" the Court already awarded. Mot. at 8-9. It would be legal error to afford a plaintiff's choice less than "little deference," as "even a foreign plaintiff's decision to sue in a U.S. forum is entitled to some weight." *Bigio v. Coca-Cola Co.*, 448 F.3d 176, 179 (2d Cir. 2006).

deny the motion for lack of an adequate alternative forum.

### III.    Movants Have Not Shown That New York is Genuinely Inconvenient and That Singapore is Significantly Preferable as a Forum for Wave's Infringement Claims

Even if Court find that movants have shown that Singapore is an adequate alternative, it should still deny their motion as they have not met their "'burden of establishing . . . that the balance of private and public interest factors tilts heavily in favor of the alternative forum.'" *Donnelly*, 2022 WL 4385901, at \*9 (alteration in original) (quoting *Abdullahi v. Pfizer, Inc.*, 562 F.3d 163, 189 (2d Cir. 2009)).  To achieve dismissal, movants must show not only that litigating in New York is "genuinely inconvenient" but also that Singapore is "significantly preferable." *Iragorri*, 274 F.3d at 74-75.  They have not.  Once again, movants rely almost exclusively on the Court's previous decision, arguing that "[t]he same balancing of private and public interests previously conducted by this Court requires dismissing Plaintiff's claims."  Mot. at 2.  But the facts of this motion are different, making the private and public factors here different; these facts on this motion do not support dismissal.

#### A.    The Private Interest Factors Do Not Favor Singapore

The private interest factors include "(1) ease of access to evidence; (2) the availability of compulsory process for the attendance of unwilling witnesses; (3) the cost of willing witnesses' attendance; (4) if relevant, the possibility of a view of premises; and (5) all other factors that might make the trial quicker or less expensive."  *DiRienzo v. Philip Servs. Corp.*, 294 F.3d 21, 29-30 (2d Cir. 2002).  These factors uniformly support keeping this case in this Court.

##### 1.    Ease of Access to Evidence

Courts evaluating "ease of access to evidence," *DiRienzo*, 294 F.3d at 29, consider whether "pertinent documentary evidence" is "located abroad" and, if it is, whether the moving

party has "demonstrated that acquiring such documents would be unduly burdensome." *Shtofmakher v. David*, No. 14-6934, 2015 WL 5148832, at \*3 (S.D.N.Y. Aug. 17, 2015). Movants do not provide any evidence to support their claim; instead they baldly claim that "the evidence and witnesses are located in Singapore and other foreign jurisdictions, and many materials are not in English." Mot. at 12.

The Court can quickly dispense with movants' claim of burden due to translation. Movants argue that "translation costs and delays weigh heavily toward dismissal" (Mot. at 12), evidently forgetting that the Singapore courts operate in English, so "all documents filed or used in the Singapore courts must be in the English language" or accompanied by a certified translation into English. Llewelyn Decl. ¶ 38. That leaves only the location of documents. Following "technological advances in transportation and communication," those documents' location "is a factor which is to be given less weight now." *Shtofmakher*, 2015 WL 5148832, at \*3. Even when "pertinent documentary evidence" is "located abroad," a party cannot show that "acquiring such documents would be unduly burdensome" when they "could be obtained or compelled from" a party to the action. *Id.* Movants briefly refer to plaintiff's documents, but "defendants cannot rely on any inconvenience to plaintiff and witnesses whose expenses plaintiff will bear." *Manela v. Garantia Banking Ltd.*, 940 F. Supp. 584, 592 n.12 (S.D.N.Y. 1996). Movants next invoke GHM as "the alleged source of the unauthorized dissemination" and assume that GHM's evidence must be in Singapore. Mot. at 12. But GHM is not a movant, and movants provide only conclusory assertions that fail to show how GHM makes Singapore a more convenient forum for claims against them.

Finally, the movants ignore the many relevant documents that will be most accessible in the United States. Movants have two affiliates that are defendants to this action, incorporated in

the United States, and have operations here:  MakeMyTrip Inc. and Travix Travel USA.  *See supra* § D.  And even the movants themselves have at least one office in the United States, which movants called "a pivotal milestone" for their global strategy.  Germinario Decl. Ex. 1; *see also id.*, Ex. 2.  Movants were deeply enmeshed in the United States long before that; for example, in 2019, movants entered into a strategic joint venture with TripAdvisor, Inc., a Delaware corporation, to collaborate on content, marketing, and distribution, including "global content-licensing agreements allowing Trip brands, including Trip.com, Qunar and Skyscanner, to distribute TripAdvisor content."  Germinario Decl. Ex. 3; *see also id.*, Ex. 5.  The agreement provided, among other things, that "[e]ach of the parties hereto irrevocably and unconditionally submits to the exclusive jurisdiction of" courts in Delaware.  *Id.*, Ex. 4.  The movants also secured a board nomination to TripAdvisor's U.S.-based board, and lobbied for U.S. regulatory approval of the transaction.  *Id.*, Ex. 4 at 8, 10, 18.  In addition, movants evidently provide preferred status to U.S. hotels in exchange for an unspecified "business relationship."  *Id.*, Ex. 6.  These domestic activities, offices, and employees are directly relevant to Wave's claims of infringement in the United States, and accessible here.

### 2.    Availability and Cost of Witness Testimony

To evaluate "the availability of compulsory process for the attendance of unwilling witnesses" and "the cost of willing witnesses' attendance," *DiRienzo*, 294 F.3d at 29, courts consider the "availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses."  *Kislin v. Dikker*, No. 14-237, 2015 WL 410246, at *9 (S.D.N.Y. Jan. 16, 2015).  Movants submit only that the witness they would prefer to bring to trial "is located in Singapore."  Mot. at 12; Declaration of Yuxin Chen ¶ 6.  This is insufficient both legally and factually.  Legally, movants "have not identified witnesses they would call at

trial who would be unwilling to appear," even though "such identification is generally required

for a *forum non conveniens* dismissal." *Petersen Energia Inversora, S.A.U. v. Argentine*

*Republic*, No. 15-2739, 2016 WL 4735367, at *12 (S.D.N.Y. Sept. 9, 2016), *aff'd in part*, 895

F.3d 194 (2d Cir. 2018) (quoting *Metito (Overseas) Ltd. v. Gen. Elec. Co.*, No. 05-9478, 2006

WL 3230301, at *6 (S.D.N.Y. Nov. 7, 2006)).  Factually, movants provide no evidence that their

cherry-picked witness has any relevant knowledge about anything—and it is likely that she does

not, since she joined the company in February 2024.  *See* Germinario Decl. Ex. 7.  Defendants

also note that their proposed witness is an attorney, *see* Chen Decl. ¶ 6, potentially constraining

her testimony due to the attorney-client privilege.  In short, there is no evidence that their

designee would "provide key testimony in this dispute," and plenty of reason to believe she

would not.  *Shtofmakher*, 2015 WL 5148832, at *3.  Movants have not met their burden of

showing that New York is "genuinely inconvenient" and Singapore is "significantly preferable."

*Iragorri*, 274 F.3d at 74-75.

By contrast, many key witnesses, including the movants' U.S. marketing managers,

operations staff, and business development personnel, are already in the United States, making

New York more convenient than any foreign forum.  *See* Germinario Decl. Exs. 8-18.  The

movants' Los Angeles office is a hub for senior executives tasked with overseeing North

American growth, including the General Manager for the Americas, *id.*, Ex. 18, as well as

directors charged with market development, distribution, and supplier partnerships—functions

that directly govern use of the infringing travel content in the U.S. market.  *Id.*, Exs. 19, 25-27.

In addition, LinkedIn shows approximately 290 U.S. employees spread across marketing,

business development, and operational functions.  *Id.*, Exs. 20-22.  These U.S. employees include

members of movants' leadership teams and commercial managers who play a direct role in

distributing and monetizing media assets with U.S. consumers:

- Rich G. Sun, General Manager for the Americas, based in New York.  Movants acquired his company Universal Vision Corporation, one of the largest tour operators and wholesale travel agencies in North America (*Id.*, Exs. 18, 23), and Sun is now responsible for leading management and development of the Vacations, Hotel and International business lines.  He would testify about the Trip.com platform and movants' use of infringing media in key target markets in the region.  *Id.*, Exs. 18, 24.

- Aidan Aktouf, Regional Director for Growth Markets in the Americas, based in Los Angeles.  He would testify about movants' business expansion in U.S. markets, including coordination with distribution systems and partnerships with U.S. suppliers.  *Id.*, Ex. 9.

- Jia Feng, Regional Director overseeing West Coast American markets, based in Yorba Linda, California.  She would testify about movants' direct role in distributing and monetizing photographs for U.S. consumers on the West Coast.  *Id.*, Ex. 10.

- Luis Lizario, Regional Director overseeing East Coast American markets, based in New York.  He would testify about movants' parallel efforts in East Coast markets, including sales channels and consumer engagement.  *Id.*, Ex. 11.

- Ying Wang, Director of Global Chains, based in Boston.  He would testify about the cross-border flow of infringing travel media, as well as movants' global partnerships.  *Id.*, Ex. 12.

- Michelle Kang, Market Manager, based in Los Angeles.  She would testify about monetization and distribution of infringing travel media through partnership agreements with hotels and suppliers.  *Id.*, Ex. 13.

- Daniel Palmer, User Satisfaction Manager, based in Miami, Florida.  He would testify about consumer-facing portals in the U.S. including how infringing images were displayed and tested with U.S. users.  *Id.*, Ex. 14.

- Randi Wolfson, Head of Communications in America.  She would testify about marketing campaigns using the infringing images in U.S. media.  *Id.*, Exs. 15, 16.

- Daniel Almada, Commercial Lead, based in Miami, Florida.  He would testify about revenue generation from U.S. partnerships and consumer bookings using infringing photographs.  *Id.*, Ex. 17.

Collectively, these witnesses have discoverable information about how the infringing images

were disseminated, marketed, and monetized in the United States.  Their testimony underscores

that the relevant proof lies here, not in Singapore.  *Cont'l Pac. Shipping, Ltd. v. CIT Grp./Equip.*

*Fin., Inc.*, No. 96-2646, 1996 WL 571855, at *6 (S.D.N.Y. Oct. 7, 1996) ("Defendant offers three potential witnesses in Europe, while many potential witnesses may be located in the United States. This factor does not shift the balance against trial in New York").

### 3.    Remaining Factors

Movants' sole assertion of "other factors that might make the trial quicker or less expensive," *DiRienzo*, 294 F.3d at 30, is to claim that translation costs will make a trial here more expensive than in Singapore. Mot. at 12. But that is not so, because the Singapore courts use English as well. *See supra* § III.A.1. Granting the motion would make resolution of this action more complicated and more expensive, by splitting claims under the Copyright Act and preventing a single Court from considering joint and several liability. *See infra* §§ III.B.1, IV.

### B.    The Public Interest Factors Do Not Favor Singapore

Courts also consider "four public interest factors to be weighed in the forum *non conveniens inquiry*," including "(1) administrative difficulties associated with court congestion; (2) the unfairness of imposing jury duty on a community with no relation to the litigation; (3) the local interest in having localized controversies decided at home; and (4) avoiding difficult problems in conflict of laws and the application of foreign law." *DiRienzo*, 294 F.3d at 31 (internal quotation marks omitted).

### 1.    Administrative Difficulties Associated with Court Congestion

Movants argue that the "administrative burdens on this Court to adjudicate claims that involve foreign conduct, foreign parties and witnesses, and foreign works" weigh in favor of dismissal. Mot. at 13. But this argument founders on Wave's claims in this action, which address only violations of United States copyright law. Docket No. 332 ¶¶ 323-357.

"Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin." *Manela*, 940 F. Supp. at 595.  This principle favors resolution here, not in Singapore, as Wave alleges only violations of U.S. copyright law. *See supra* § II.  Movants ask the Court to "be wary of branding other nations' judicial forums as deficient in the substance or procedures that their laws contain" as "[s]uch denunciation . . . risk[s] imposing on our judicial system," *Wave*, 2017 WL 972117, at *7, quoting the "burden of serving as courtroom to the world for the adjudication of essentially foreign disputes with only nominal connections with the United States."  Mot. at 1 (quoting *Wave*, 2017 WL 972117, at *7). But that principle again supports resolution here:  this Court is not "serving as courtroom to the world" when it resolves claims of infringement under United States copyright law.  The movants ask this Court to turn this doctrine inside out, abdicating its "virtually unflagging obligation" to exercise its own jurisdiction, *Colo. River*, 424 U.S. at 817, simply because movants are multinational corporations with headquarters elsewhere, even though they maintain U.S. offices, employ U.S. staff, and participate in U.S. markets.  *See supra* §§ D, III.  Movants cite no doctrine of deference to such multinational corporations, and none exists.

Finally, granting the motion is more likely to increase the administrative burden on this Court than decrease it.  Movants' U.S. affiliates are not part of this motion, so Wave's claims against them would remain in this Court.  *See supra* § D.  Should the Court grant the motion, that division will invite disputes over whether particular claims or damages relate to activity by the movants (now presumably not subject to litigation here), the U.S. affiliates (still before this Court), or both (with status unclear).  To avoid becoming mired in disputes over the scope of discovery and the scope of damages, the Court can and should ensure the most efficient

resolution by keeping the claims together:  instead of "disparate lawsuits" in "separate countries involving the same facts, the claims can be efficiently adjudicated here in one suit."  *Levitin*, 101 F. Supp. 3d at 391.

### 2.    New York is Related to the Litigation

Courts next consider "the unfairness of imposing jury duty on a community with no relation to the litigation."  *DiRienzo*, 294 F.3d at 31.  Movants argue that "[i]t would be inappropriate to impose the burdens of jury duty on New Yorkers" for the same reason—that it purports the claims "involve foreign conduct, foreign parties and witnesses, and foreign works."  Mot. at 13.  As Wave has alleged infringement of its copyrights by the movants across the country, including in New York, a New York jury would not be inappropriately burdened by deciding these claims.  "New York has an interest in ensuring that companies transacting business in New York comply with the law."  *Levitin,* 101 F. Supp. 3d at 391.  Under movants' argument, a case involving nationwide harm can never be heard by any jury.  To state this argument is to refute it.

### 3.    The United States Has an Interest in United States Copyright Law

Courts next consider the "local interest in having localized controversies decided at home."  *DiRienzo*, 294 F.3d at 31.  The movants claim that "there is no local interest in this case given that all of the relevant photographs were taken abroad" and "first published in Singapore."  Mot. at 8 and 13.  Taking these statements as true, they were relevant only to ownership, not Wave's current claims of infringement; on those claims, the country of alleged infringement has the strongest interest in enforcing its own laws.  *See supra* § II.  Wave is a New York limited liability company and "the U.S. has an interest in ensuring that its citizens have a means of redress when injured by foreign entities."  *Levitin,* 101 F. Supp. 3d at 391.  Movants concede that

two of the three movants are not incorporated in Singapore (Mot. at 5; Chen Decl. ¶¶ 2-4), but nevertheless claim that Singapore has a stronger public interest in the claims of a Cayman holding company and a U.K. corporation than the United States does in addressing alleged dissemination of infringing works into the United States market in violation of U.S. own laws. Once again, to state this argument is to refute it.

### 4.    U.S. Copyright Law, Not Singapore Law, Governs the Dispute

Courts next consider whether dismissal for *forum non conveniens* would avoid "difficult problems in conflict of laws and the application of foreign law." *DiRienzo,* 294 F.3d at 31. Movants argue without support that "Singapore copyright law also is likely to govern at least some issues in this case." Mot. at 15. Movants are wrong. In this action Wave alleges only violations of U.S. copyright law, *see supra* § II, and movants fail to identify a Singaporean law that would govern the claims against them—nor could they, as "United States law determines whether [Wave's] copyrights have been infringed in the United States and, if so, what remedies are available.'" *Silberman*, 2003 WL 1787123, at *12.

## IV.    The Court Should Not Sever This Action, and Thus Should Deny the Motion

"[I]n order to grant a motion to dismiss for *forum non conveniens*, a court must satisfy itself that the litigation may be conducted elsewhere against all defendants." *PT United Can Co. v. Crown Cork & Seal Co.*, 138 F.3d 65, 73 (2d Cir. 1998) (citing *Blanco v. Banco Indus. de Venezuela, S.A.*, 997 F.2d 974, 981 (2d Cir. 1993)). Thus, to prevail on their motion, movants must show not only that the Court should dismiss under *forum non conveniens*, but also that the Court should sever Wave's claims against them from its claims against all other defendants.

To decide whether to sever a defendant, the Court will consider "(1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common

questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims." *Bent v. Zounds Hearing Franchising, LLC*, No. 15-6555, 2016 WL 153092, at *9 (S.D.N.Y. Jan. 12, 2016). "The moving party bears the burden of establishing that severance is warranted." *Navar v. Walsh Constr. Co. II, LLC*, No. 18-10476, 2019 WL 7599890, at *1 (S.D.N.Y. Aug. 13, 2019). Movants do not try to address these factors; again, they simply note that the Court severed claims against GHM, and state that "[t]he same reasoning applies with equal force here." Mot. at 14.

Movants are wrong. The Court treated GHM differently from other defendants because GHM's arguments, if successful, "would be case-dispositive as to it and the vast majority of the other Defendants, who allegedly received the photographs from GHM." *Wave*, 2017 WL 972117, at *8; *see supra* § A. But Wave prevailed against GHM, *supra* § C, and now asserts infringement claims under U.S. copyright law against the three movants, their two non-moving affiliates, and the other sixty-three defendants. To the contrary, the claims against all 68 defendants arise from overlapping facts, shared systems of photo distribution, and coordinated commercial ecosystems. Docket No. 332 ¶¶ 145-322. And, as allowed by copyright law, "[i]f several defendants participate in a transaction or series of transactions that brings about an infringement, they will be held jointly and severally liable for plaintiff's lost profits." *U.S. Media Corp. v. Edde Ent. Corp.*, No. 94-4849, 1998 WL 401532, at *8 (S.D.N.Y. July 17, 1998). If the Court severs the three moving parties from their two affiliate defendants, let alone any others that might be jointly and severally liable, the result will be to "complicate the suit, delay it, and render it more expensive." *Boosey & Hawkes Music Publishers, Ltd. v. Walt Disney Co.*, 145 F.3d 481, 492 (2d Cir. 1998). "[S]everance would hinder—not serve—the interests of justice and

judicial efficiency," creating exactly the sort of inefficiency *forum non conveniens* is meant to avoid. *Bent*, 2016 WL 153092, at *9; *see, e.g.*, *Boosey*, 145 F.3d at 492 ("Everything before us suggests that trial would be more 'easy, expeditious and inexpensive' in the district court than dispersed to 18 foreign nations"); *Levitin*, 101 F. Supp. at 393 (denying *forum non conveniens* dismissal where it would "splinter" the suit and plaintiff would be forced to pursue copyright claims "in nine foreign countries").

Severance is "a procedural device to be employed only in exceptional circumstances." *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 160 (S.D.N.Y. 2009). Those circumstances are not present here. Rather, severance will multiply proceedings, allow inconsistency and duplication, and decrease judicial efficiency. The Court should deny movants' motion to sever claims against them, and thus deny their motion to dismiss.

## **CONCLUSION**

For the foregoing reasons, the Court should deny the motion.

Date:  September 22, 2025

Respectfully submitted,

Matthew S. Warren (Bar No. MW6275)
Francesca M. S. Germinario
(NY Bar No. 5629407) (*admission pending*)
WARREN KASH WARREN LLP
305 Broadway, 7th Floor
New York, New York, 10007
+1 (646) 895-6440
+1 (646) 895-6996 facsimile
13-9239@cases.warrenlex.com

Michael D. Cilento (Bar No. MC2221)
LEWIS & LIN LLC
77 Sands Street, 6th Floor
Brooklyn, New York, 11201
+1 (718) 243-9323

– 22 –

+1 (718) 243-9326 facsimile
Michael@iLawco.com

*Attorneys for Plaintiff The Wave Studio, LLC*

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby confirm that this brief complies with the type and number limitations set forth in Local Civil Rule 7.1.  I certify that this document contains 6,975 words, which were counted using the word count feature in Microsoft Word, in 12-point Times font.  The word count does not include the caption page or the signature blocks.

Francesca M. S. Germinario