UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| The Wave Studio, LLC,<br><br>            Plaintiff,<br><br>            v.<br><br>General Hotel Management Ltd., *et al.*,<br><br>            Defendants. | No. 7:13-cv-09239-CS-VR<br>Related Action:<br>No. 7:23-cv-03586<br><br>Judge Cathy Seibel |

**REPLY MEMORANDUM IN SUPPORT
OF TRIP DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S CLAIMS ON *FORUM NON CONVENIENS* GROUNDS**

**PRELIMINARY STATEMENT**

Trip.com Group Limited ("Trip.com Group"), Trip.com Travel Singapore Pte. Ltd. ("Trip.com Singapore"), and Skyscanner Ltd. ("Skyscanner") (collectively, the "Trip Defendants") submit this reply in support of their Motion to Dismiss Plaintiff's Claims on *Forum Non Conveniens* Grounds ("Motion") (ECF No. 582). As shown by the memorandum of law filed in support of the Motion ("Opening Memorandum" (ECF No. 583)), the Motion should be granted based on this Court's prior ruling, *Wave Studio, L.L.C. v. General Hotel Mgmt. Ltd.*, No 13-CV-9239 (CS), 2017 WL 972117 (S.D.N.Y. Mar. 10, 2017) ("*Wave Studio* FNC Ruling"), the Second Circuit's affirmance, and other *forum non conveniens* cases. As discussed below, Plaintiff's Opposition (ECF No. 586) presents made-up "facts" and irrelevant arguments; mischaracterizes a declaration submitted by Plaintiff's Singapore law expert; and makes other arguments that fail to undermine the conclusion that the Motion should be granted.

1

# ARGUMENT

## I. PLAINTIFF'S OPPOSITION FAILS TO UNDERMINE THE CONCLUSION THAT SINGAPORE IS AN ADEQUATE ALTERNATIVE FORUM.

### A. Plaintiff's Discussion Of Singapore Law Regarding The *Forum Non Conveniens* Doctrine Is Irrelevant And Mischaracterizes The Declaration Of Plaintiff's Singapore Law Expert.

Arguing that Singapore is not an adequate alternative forum, Plaintiff misleadingly contends (based on the declaration of Plaintiff's Singapore law expert) that "in 'the case of proceedings brought in Singapore concerning alleged acts of infringement of U.S. registered copyright that have taken place . . . in the United States, and therefore involve determinations of U.S. copyright law,' the most likely outcome would be dismissal under Singapore's *forum non conveniens* jurisprudence, in favor of resolution here." Opp. at 8 (quoting Declaration of Gordon Llewelyn ("Llewelyn Declaration") ¶ 29). There are three significant problems with this argument; two are discussed in the subsequent paragraphs, and the third is discussed below (Section I.B).

*First*, the Llewelyn Declaration's discussion of Singapore law regarding the *forum non conveniens* doctrine is irrelevant. What matters is how the **U.S. Supreme Court, the Second Circuit, and other federal courts** apply the *forum non conveniens* doctrine–not how a **Singapore court** might apply Singapore's version of that doctrine to the inapposite, hypothetical lawsuit discussed in the Llewelyn Declaration. That part of the declaration is based entirely on the following scenario: "The doctrine of *forum non conveniens* in Singapore seeks to benefit **defendants who may be unfairly dragged into litigation in Singapore** where there is another forum/jurisdiction that is clearly more appropriate. **Where a defendant pleads that Singapore is *forum non conveniens***, a court will decline jurisdiction over (and stay) the action if there is

2

available a more appropriate forum for the trial of the action." Llewelyn Decl. ¶ 25 (emphasis added). However, none of that applies to the issues presented by the Motion, which affirmatively asks this Court to dismiss Plaintiff's claims so that they can be adjudicated in Singapore. If the Court grants the Motion and Plaintiff pursues its claims in Singapore, there would not be any defendants "unfairly dragged into litigation in Singapore"; the Trip Defendants would be sued there based on their argument that Singapore is the most appropriate forum to adjudicate Plaintiff's claims. In such a Singapore lawsuit, the Trip Defendants will not invoke the *forum non conveniens* doctrine. Thus, the hypothetical premise that is essential to this part of the Llewelyn Declaration has no connection to the real-world motion at issue here.

**Second**, Plaintiff quotes one snippet of the Llewelyn Declaration out of context, omitting the important language in Paragraph 25 quoted above. That declaration does **not** state what Plaintiff says in the Opposition, *supra* page 2 (quoting Opp. at 8 (quoting Llewelyn Decl. ¶ 29)); Plaintiff mischaracterizes the declaration, which merely presents the unremarkable–but irrelevant–opinion that defendants sued in Singapore can invoke the *forum non conveniens* doctrine.

## B. Plaintiff's Argument That Singapore Is Not An Adequate Alternative Forum Is Based On An Erroneous Legal Standard And Otherwise Lacks Merit.

The correct legal standard for determining whether an adequate alternative forum exists is not a high bar. It is a "well-established principle that the availability of an adequate alternative forum does not depend on the existence of the identical cause of action in the other forum, nor on identical remedies." *Norex Petroleum Ltd. v. Access Indust., Inc.*, 416 F.3d 146, 158 (2d Cir. 2005) (cleaned up). Moreover, the "law of an alternative forum need not be as favorable to a plaintiff as the plaintiff's chosen forum in

3

order for the forum to be adequate." *Wamai v. Industrial Bank of Korea*, No. 21-1956-cv, 2023 WL 2395675, at *3 (2d Cir. Mar. 8, 2023) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 250-52 (1981)); *see Alcoa S.S. Co. v. M/V Nordic Regent*, 654 F.2d 147, 159 (2d Cir. 1980) (en banc) ("It is abundantly clear . . . that the prospect of a lesser recovery does not justify refusing to dismiss on the ground of forum non conveniens."). Thus, "[o]nly where 'the remedy provided by the alternative forum is so clearly inadequate or unsatisfactory that **it is no remedy at all**' should a district court deny *forum non conveniens* dismissal on the ground that the alternative forum is inadequate." *Base Metal Trading Ltd. v. Russian Aluminum*, 98 F. App'x 47, 50 (2004) (quoting *Piper Aircraft*, 454 U.S. at 254) (emphasis added); *see Abdullahi v. Pfizer, Inc.*, 562 F.3d 163, 189 (2d Cir. 2009) (making same "no remedy at all" point). In other words, the "*forum non conveniens* doctrine does not guarantee the plaintiff its choice of law, or even that United States law will be applied in the alternative forum." *Creative Tech., Ltd. v. Aztech Sys. Pte., Ltd.*, 61 F.3d 696, 701 (9th Cir. 1995).[1]

Plaintiff claims that Singapore is not an adequate forum because Singapore courts cannot adjudicate Plaintiff's claims of infringement based on U.S. copyright law, *see* Opp.

---

[1] Plaintiff attacks one part of the *Creative Tech.* ruling, *see* Opp. at 8-9, based on an opinion about that ruling in the Llewelyn Declaration and the declaration's discussion of what occurred in that Singapore litigation after the *Creative Tech.* ruling was issued. However, the parties' particular litigation decisions affected the scope of that Singapore litigation, so Plaintiff's reliance on those events is misplaced. Moreover, the Ninth Circuit's ruling should be more persuasive to this Court than the opinion of an attorney who represented Plaintiff in its Singapore litigation against GHM, *see* Llewelyn Decl. ¶ 12, and therefore is an advocate for Plaintiff's litigation interests (not an objective expert). In any event, even if the Court were to accept the Llewelyn Declaration's criticism of that part of the *Creative Tech.* ruling, that would not undermine the persuasiveness of the language quoted above from another part of that ruling (61 F.3d at 701), which is a well-established principle of U.S. law regarding the *forum non conveniens* doctrine that the declaration does not–and cannot–criticize.

4

at 7, but that is the wrong legal standard for deciding this issue. The test is not whether a Singapore court will apply U.S. copyright law but rather whether the remedy provided by that court is so clearly inadequate or unsatisfactory that it is no remedy at all. In other words, "*forum non conveniens* dismissal is not trumped simply because the foreign forum will apply different substantive law than an American court." *Capital Currency Exchange, N.V. v. Nat'l Westminster Bank PLC*, 155 F.3d 603, 609-10 (2d Cir. 1998). Thus, "U.S. courts have repeatedly granted forum non conveniens dismissals on the grounds that, in applying their own domestic law, foreign courts could fashion remedies that adequately addressed the conduct that allegedly violated U.S. IP [intellectual property] law"–and "foreign courts may still prove adequate for adjudicating disputes that implicate U.S. IP law, even if those courts would not or could not apply U.S. IP law." *Sysco Machinery Corp. v. Cymtek Solutions, Inc.*, 124 F.4th 32, 40 (1st Cir. 2024) (affirming *forum non conveniens* dismissal because "we cannot say that Taiwanese IP law falls so short of U.S. IP law as to render its remedies an inadequate stand-in for U.S. remedies").

The same argument made by Plaintiff here was asserted in *Marchante*–"Plaintiff claims that Defendant must show that Spanish courts will affirmatively apply U.S. copyright law or agree to hear U.S. claims in Spain," *Marchante v. Reuters America LLC*, 736 F. Supp. 3d 209, 218 (S.D.N.Y. 2024) (quotation marks omitted)–but rejected when the *forum non conveniens* motion was granted. The *Marchante* ruling states that the "putative alternative forum is not required to adequately address U.S.-specific law." *Id*. (quotation marks omitted). It also states that the Second Circuit: (a) "articulated the relevant standard as whether foreign courts are 'capable of properly adjudicating copyright ownership and infringement claims'" and (b) explained that "'the mere existence of the Singapore Copyright Act' is sufficient to show that Singaporean law

5

'includes copyright principles,' thus making it an adequate forum.'" *Id.* (quoting *Wave Studio, L.L.C. v. Gen'l Hotel Mgmt. Ltd.*, 712 F. App'x 88, 90 (2d Cir. 2018)). Likewise, in a case where plaintiffs argued that China was not an adequate alternative forum for their U.S. copyright infringement claims because the "Chinese mediation was limited to the infringement within the Chinese market and could not address infringing activities in other countries or regions"–*i.e.*, essentially the same argument asserted by Plaintiff here– the court granted the *forum non conveniens* motion because, "even if true, that fact would not prevent dismissal, as a lesser or circumscribed remedy for Defendant's alleged infringement is still some remedy." *Cong v. Zhao*, No. 2:21-cv-01703-TL, 2025 WL 474249, at *3 (W.D. Wash. Feb. 12, 2025) (quotation marks omitted)).

When evaluated using the correct legal standard (not Plaintiff's erroneous standard), Singapore is an adequate alternative forum because it provides copyright protections that are analogous to copyright protections provided by U.S. law, so one cannot conclude that Singapore's remedy is so clearly inadequate or unsatisfactory that it is no remedy at all. As established by the accompanying declaration of a Singapore lawyer who has extensive experience and expertise with Singapore copyright law, Singapore law "provides appropriate causes of actions and remedies commensurate with the claims pleaded in this dispute," Declaration of Leck Kwang Hwee Andy ("Leck Declaration") ¶ 9, including copyright protection for photographs, *id.* ¶¶ 10-11. A Singapore court can grant various remedies for copyright infringement, including damages (including statutory damages), an account of profits, and injunctive relief. *Id.* ¶¶ 23-30.

The trip.com website (www.trip.com), where photographs at issue here were displayed, identifies Trip.com Singapore as the "Site Operator." Declaration of Min Zhai ("Zhai Declaration") ¶ 7 (filed this same date). Trip.com Singapore (which is incorporated,

6

and has its principal place of business, in Singapore) operates, hosts, maintains, and is responsible for the trip.com website, and the website server is located in Singapore. *Id*. The decisions to add those photographs to that website were made in Singapore by Trip.com Singapore. *Id*. The Trip.com Singapore database where the allegedly infringing photographs have been stored is located in Singapore. *Id*.

Thus, if Trip.com Singapore adding the photographs to the trip.com website constituted copyright infringement, that infringement occurred in Singapore and Singapore courts would apply Singapore copyright law. *See* Leck Decl. ¶¶ 8, 14-22. Moreover, Singapore courts would have the power to enjoin Trip.com Singapore from publishing the photographs on the trip.com website or otherwise disseminating them. *Id*. ¶ 31. In sum, Singapore is an adequate alternative forum, and Plaintiff's arguments to the contrary lack merit.[2]

Finally, if the Court has any doubt regarding whether Singapore is an adequate forum, the Court can order a conditional dismissal that would allow Plaintiff to return to this Court if Plaintiff files its claims in Singapore but is precluded from pursuing them by a Singapore court ruling that the court cannot adjudicate the claims.

## II. PLAINTIFF'S OPPOSITION FAILS TO UNDERMINE THE CONCLUSION THAT THE PUBLIC AND PRIVATE INTEREST FACTORS SUPPORT DISMISSAL ON *FORUM NON CONVENIENS* GROUNDS.

***First***, Plaintiff argues that the private interest factors do not favor Singapore, but

---

[2] Plaintiff relies heavily on the unpublished *Amimon* ruling, *see* Opp. at 10-11 (quoting *Amimon Inc. v. Shenzhen Hollyland Tech Co.*, No 20 Civ. 9170 (ER), 2021 WL 5605258 (S.D.N.Y. Nov. 30, 2021)), but that ruling did not apply the correct legal standards regarding adequacy of the alternative forum, *compare supra* pages 3-6 *with Amimon*, 2021 WL 5605258, at *7-8. Thus, this Court should not accept the *Amimon* ruling is persuasive authority.

that is incorrect. For example, addressing ease of access to evidence, Plaintiff discusses a Los Angeles office, *see* Opp. at 13 (and Plaintiff's Exhibits 1-2), but that office: (a) was opened in 2025; (b) is the office of, and is leased by, a different company that is not a defendant in this litigation; and (c) has nothing to do with the claims at issue here, Zhai Decl. ¶ 3. Plaintiff does not–and cannot—explain why a **Los Angeles** office that was opened **in 2025** has any bearing on whether claims filed in **New York** against the Trip Defendants **in 2023** should be dismissed on *forum non conveniens* grounds. The joint venture discussed in Plaintiff's Opposition (page 14) also has nothing to do with the claims asserted by Plaintiff in this litigation. Zhai Decl. ¶ 6. Those issues and the other issues that Plaintiff discusses regarding ease of access to evidence do not support its argument because they do not involve relevant evidence.

Plaintiff's arguments regarding witness convenience also fail. The first six persons identified by Plaintiff as U.S. witnesses, *see* Opp. at 16, are not employed by the Trip Defendants and do not have any knowledge relevant to the claims asserted in this litigation, Zhai Decl. ¶ 4. The other persons identified by Plaintiff (two Skyscanner employees in Miami; one former Skyscanner employee who worked in Miami) also do not have any knowledge relevant to the claims asserted in this litigation. *Id*. ¶ 5. Plaintiff apparently made up out of whole cloth the proposed testimony summaries for those nine persons. The exhibits cited by Plaintiff, *see* Opp. at 16, in no way support those summaries, so the Court should reject Plaintiff's sheer speculation.

In fact, a trial in Singapore would be much more convenient than a New York trial for witnesses relevant to one of the Trip Defendants' important defenses–the innocent user defense. *See* Zhai Decl. ¶¶ 8-10; Leck Decl. ¶ 32. One of those witnesses is located in Singapore and the other witness is located in Shanghai. Zhai Decl. ¶ 10.

8

***Second***, Plaintiff argues that the public interest factors do not favor Singapore, see Opp. at 17-20, but those arguments also lack merit. Plaintiff ignores the fact that, if publishing the photographs on the trip.com website constituted copyright infringement, that infringement occurred, as discussed above, in Singapore based on decisions made by a Singapore company (Trip.com Singapore). Regardless of where those photographs were viewed elsewhere via the Internet, the initial act of infringement (if there was infringement) occurred in Singapore, *see supra* page 7. Therefore, Singapore has a stronger interest than any other forum in adjudicating the infringement claims at issue here. *See Sysco*, 124 F.4th at 41 (Second Circuit stating that "we do not threaten the policies underlying U.S. IP law by affirming the dismissal of Sysco's claims in favor of a Taiwanese forum" (cleaned up)). Moreover, the jury duty burden should not be imposed on New Yorkers because there is no local interest, and New York has no connection to what happened in Singapore regarding the photographs at issue here. *See Wave Studio FNC Ruling*, 2017 WL 972117, at *9. Plaintiff also misses the mark by asserting that U.S. copyright law, not Singapore law, governs this dispute. As discussed above and in the Leck Declaration, Singapore law applies because the acts allegedly constituting infringement occurred in Singapore.[3]

### III. PLAINTIFF'S OPPOSITION FAILS TO UNDERMINE THE CONCLUSION THAT SEVERANCE IS APPROPRIATE TO FACILITATE DISMISSAL ON *FORUM NON CONVENIENS* GROUNDS.

Plaintiff tries to evade the same kind of severance ruling that this Court previously

---

[3] Plaintiff's reliance on *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), *see* Opp. at 5, 18, is misplaced because that is not a *forum non conveniens* case. The Supreme Court and numerous other federal courts, including this Court, repeatedly have held that the *forum non conveniens* doctrine expressly allows a federal court to decline to adjudicate a lawsuit, even if the court otherwise has jurisdiction over that lawsuit.

9

made when severing the claims asserted by Plaintiff against GHM to facilitate a *forum non conveniens* dismissal, *see Wave Studio* FNC Ruling, 2017 WL 972117, at *10, but Plaintiff's unpersuasive arguments fail to undermine the conclusion that the same kind of severance is appropriate here.

***First***, the severance arguments that Plaintiff makes here also were made–unsuccessfully–when Plaintiff appealed the *Wave Studio* FNC Ruling. Plaintiff's briefs argued that that ruling erroneously included a severance ruling. However, the Second Circuit was not persuaded, apparently concluding that Plaintiff's attacks on this Court's severance ruling were so clearly lacking in merit that they should be summarily rejected. *See Wave Studio*, 712 F. App'x at 90 ("We have considered the remainder of appellant's arguments [which would include the severance arguments] and find them to be without merit."). Plaintiff argues that severance will multiply proceedings and decrease judicial efficiency, *see* Opp. at 21-22, but it made the same arguments on appeal, *see* Plaintiff-Appellant's Brief ("Wave Studio's Appeal Brief") at 32-34, Dkt. No. 55, *The Wave Studio, LLC v. General Hotel Mgmt. Ltd.*, No. 17-1018 (2d Cir. July 21, 2017); Plaintiff-Appellant's Reply Brief at 11, Dkt. No. 72, *The Wave Studio, LLC v. General Hotel Mgmt. Ltd.*, No. 17-1018 (2d Cir. Nov. 1, 2017). Those arguments are just as unpersuasive now as when the Second Circuit summarily rejected them. Plaintiff also contends that severance is inappropriate because "the claims against all 68 defendants arise from overlapping facts, shared systems of photo distribution, and coordinated commercial ecosystems," Opp. at 21, but the same argument, *see* Wave Studio's Appeal Brief at 30 (arguing that severance was erroneous because "the parties here are inextricably intertwined"), failed to persuade the Second Circuit–and is not more persuasive here.

***Second***, even if the Second Circuit had not already summarily rejected Plaintiff's severance arguments, Plaintiff's effort to evade severance here lacks merit. Plaintiff discusses five factors–the same factors previously quoted by this Court, *compare* Opp. at 20-21 *with Wave Studio* FNC Ruling, 2017 WL 972117, at *9–but fails to acknowledge that "'[s]everance requires the presence of only one of those conditions,'" *id.* at *10 (quoting *Cestone v. Gen. Civer Holdings, Inc.*, No. 00-CV-3786, at *2 (S.D.N.Y. Mar. 18, 2002)). Moreover, even assuming for the sake of argument that, as Plaintiff contends, there are some common questions of law and fact between Plaintiff's claims against the Trip Defendants and Plaintiff's claims against other defendants, that does not carry the day for Plaintiff. The "Second Circuit 'has never required claims to be litigated together on that basis alone,'" *id.* at *10 (quoting *Erausquin v. Notz, Stucki Mgmt. (Bermuda) Ltd.*, 806 F. Supp. 2d 712, 722 (S.D.N.Y. 2011)), and this Court has "broad discretion" to sever claims "'for a wide variety of reasons,' even if 'there exist some common question[s] of law and fact'" between the claims to be severed and the remaining claims, *id.*

One of the factors quoted by Plaintiff–"whether settlement of the claims . . . would be facilitated," Opp. at 21 (quotation marks omitted)–supports severance here. The Trip Defendants expect that settlement of the claims asserted against them will be "facilitated" if the Court grants the Motion (*i.e.*, will be more likely if the Court grants the Motion). That is, by itself, sufficient to establish that severance is appropriate because, as this Court acknowledged, only one factor is required for severance to be ordered.

Two other factors–whether the claims arise out of the same transaction or occurrence and whether different witnesses and documentary proof are required for the separate claims, Opp. at 20-21–also support severance. With ownership of the photographs having been resolved in Plaintiff's favor, Plaintiff's claims against the Trip

11

Defendants do not arise out of the same transaction or occurrence as claims asserted against other defendants. As discussed above, the Trip Defendants received photographs at issue here from hotels pursuant to contracts between Trip.com Singapore and the hotels that were governed by Singapore law, and one of the Trip Defendant's main defenses to Plaintiff's claims is the innocent user defense. Those issues probably will dominate any trial involving the Trip.com Defendants, and most of the witnesses and documents required to litigate those issues will be different than the witnesses and documents that will be needed for any trial involving Plaintiff's other claims.

Thus, it is well within this Court's broad discretion to order severance to facilitate the *forum non conveniens* dismissal requested here.

## CONCLUSION

The Court should grant the Motion and dismiss Plaintiff's claims on *forum non conveniens* grounds.

Dated: New York, NY
October 6, 2025

Respectfully submitted,

BALANCE LAW FIRM

By: s/ *B. Robert Liu*

Beixiao Robert Liu, Esq.
Dayna Cooper, Esq.
Stephen Hudspeth, Esq.
1 World Trade Ctr Ste 8500
New York, NY 10007
(212) 741-8080
(646) 558-4889 fax
robert.liu@balancelawfirm.com
dayna.cooper@balancelawfirm.com
stephen.hudspeth@balancelawfirm.com

*Attorneys for Defendants Trip.com Group Limited, Trip.com Travel Singapore Pte. Ltd., and Skyscanner Ltd.*

12

<u>Certificate on Local Civil Rule 7.1(c) Compliance</u>

Relying on the word count of the word-processing program used to prepare this document, the undersigned states that the number of words in this document is 3,496 and certifies that this document complies with the word-count limitation as set forth in Local Civil Rule 7.1(c).

s/ *B. Robert Liu*

Beixiao Robert Liu (Bar #: 5697552)
Balance Law Firm
1 World Trade Ctr Ste 8500
New York, NY 10007
(212) 741-8080
(646) 558-4889 fax
robert.liu@balancelawfirm.com