UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE WAVE STUDIO, LLC,<br><br>        Plaintiff,<br><br>  v.<br><br>GENERAL HOTEL MANAGEMENT LTD., *et al.*,<br><br>        Defendants. | No. 7:13-cv-09239-CS-VR<br><br>Related Action:<br>No. 7:23-cv-03586 |

**DECLARATION OF MIN ZHAI IN SUPPORT OF TRIP
DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S CLAIMS ON *FORUM NON CONVENIENS* GROUNDS**

  I, Min Zhai, declare under penalty of perjury pursuant to 28 U.S. Code § 1746 as follows:

  1. I am Senior Legal Director and Head of Overseas Legal of Trip.com Group Limited ("Trip.com Group"), one of the defendants in this lawsuit. I make this declaration based on personal knowledge and my review of corporate records in the regular course of my duties. I am over the age of eighteen and am authorized to make the statements set forth in this declaration. If called as a witness, I could and would competently testify to the statements set forth below.

  2. I reviewed Plaintiff Wave's Opposition dated September 22, 2025 ("Plaintiff's Opposition") to Trip Defendants' Motion to Dismiss Plaintiff's Claims on *Forum Non Conveniens* Grounds, as well as the exhibits in support of Plaintiff's Opposition. I respond below to certain statements in Plaintiff's Opposition and exhibits.

  3. The Los Angeles office that Plaintiff alludes to (see Plaintiff's Opposition at page 14) and that is discussed in Plaintiff's Exhibit 1 and Exhibit 2 is an office of, and is leased by, Ctrip International Travel (U.S.) Co. Ltd., which is an indirect subsidiary of Trip.com Group.

The word "indirect" is used here because there are multiple subsidiaries (none of which are defendants in this litigation) between Trip.com Group and Ctrip International Travel (U.S.) Co. Ltd. Ctrip International Travel (U.S.) Co. Ltd. is not a defendant in this litigation. That Los Angeles office opened in 2025; it has nothing to do with the claims asserted by Plaintiff in this litigation and is not leased by any of the Trip Defendants.

4. Trip.com Group and Trip.com Singapore do not have any employees in the United States of America. Rich Sun, Aidan Aktouf, Jia Feng, Luis Lizarazo,[1] Ying Wang, and Michelle Kang (see Plaintiff's Opposition at page 16) are not employed by the Trip Defendants. They are employed by Ctrip International Travel (U.S.) Co. Ltd. As discussed above, Ctrip International Travel (U.S.) Co. Ltd.: (a) is an indirect subsidiary of Trip.com Group; and (b) is not a defendant in this litigation. Rich Sun, Aidan Aktouf, Jia Feng, Luis Lizarazo, Ying Wang, and Michelle Kang do not have any knowledge relevant to the claims asserted by Plaintiff in this litigation.

5. Skyscanner Ltd. does not have any employees in New York. It has an office in Miami, Florida, where Daniel Palmer and Daniel Almeda (see Plaintiff's Opposition at page 16) are located. Randi Wolfson (see Plaintiff's Opposition at page 16) used to be employed by Skyscanner Ltd. in Miami, but she is no longer employed by Skyscanner Ltd. Daniel Palmer, Daniel Almeda, and Randi Wolfson do not have any knowledge relevant to the claims asserted by Plaintiff in this litigation.

6. The joint venture discussed in Plaintiff's Opposition (page 14) has nothing to do with the claims asserted by Plaintiff in this litigation.

---

[1] Plaintiff's Opposition (page 16) discusses somebody named "Lius Lizario," but that seems to be a typographical error. The exhibit submitted by Plaintiff in support of that discussion (Plaintiff's Exhibit 11) involves Luis Lizarazo, so he is the person discussed in this declaration.

7. Trip.com Travel Singapore Pte. Ltd. ("Trip.com Singapore") is incorporated, and has its principal place of business, in Singapore. The trip.com website (www.trip.com), where photographs at issue in this litigation were displayed, identifies Trip.com Singapore as the "Site Operator." Trip.com Singapore operates, hosts, maintains, and is responsible for the trip.com website, and the website server is located in Singapore. The decisions to add those photographs to the trip.com website were made in Singapore by Trip.com Singapore. The Trip.com Singapore database where the allegedly infringing photographs have been stored is located in Singapore.

8. Trip.com Singapore received photographs at issue in this litigation from hotels, pursuant to contracts signed by Trip.com Singapore and each hotel that provided photographs to Trip.com Singapore to be added to the trip.com website. Those contracts addressed numerous issues, including information and pictures that would be provided to Trip.com Singapore. A true and correct copy of relevant excerpts from one such contract between Trip.com Singapore and a hotel is attached to this declaration as Exhibit A. Page 5 of that contract states: "Hotel [*i.e.*, the specific hotel that signed that contract] should guarantee Trip [defined on Page 1 as Trip.com Travel Singapore Pte. Ltd.] that ***all information and pictures that are provided to Trip*** shall be legitimate, reliable and an accurate reflection of hotel and offerings, ***and such Information shall not infringe or in any way harm the lawful rights of any other third party***" (emphasis added). Page 1 and Page 13 state that the contract is governed by Singapore law.

9. One of the Trip Defendants' important defenses to Plaintiff's claims in this litigation is that the Trip Defendants: (a) believed that each hotel that provided photographs that later became at issue in the lawsuit filed in 2023 by Plaintiffs against the Trip Defendants in the U.S. District Court for the Southern District of New York were authorized to provide those photographs to Trip.com Singapore to be added to the trip.com website; (b) did not know (and

could not reasonably have known) that the hotels were not authorized to provide those photographs to Trip.com Singapore; and (c) did not know (and could not reasonably have known) that adding those photographs to the trip.com website could be deemed to be copyright infringement. The contractual language quoted above in Paragraph 8 (from Exhibit A) is one important piece of evidence that supports that defense.

10. Another important piece of evidence in support of the defense discussed above would be testimony by Ru Yi (employed by Trip.com Singapore as Assistant Vice President of International Markets, Asia Pacific (APAC), who would explain how Trip.com Singapore entered into contractual agreements with hotels and the process by which photos were received from hotels and then added the trip.com website. If this litigation leads to a trial involving the Trip Defendants, they expect to call Ms. Ru Yi as a witness. She is based in Singapore, so it would be very inconvenient for her to testify at a trial in New York. Liang Liang Du signed the contract attached as Exhibit A for Trip.com Singapore. He is another witness whom the Trip Defendants expect to call in support of their defense if this litigation leads to a trial involving the Trip Defendants. Mr. Du currently works in Shanghai, so a trial in Singapore would be much more convenient for him than a trial in New York.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this ___6___ day of October, 2025 (U.S. EDT), at Shanghai, China.

_____
Min Zhai