**Warren Kash Warren**

2261 MARKET STREET, NO. 606
SAN FRANCISCO, CALIFORNIA, 94114

WARRENKASHWARREN.COM
+1 (415) 895 2940

October 31, 2025

**By Electronic Filing**

The Honorable Cathy Seibel
United States District Judge
The Honorable Charles L. Brieant Jr. Federal Building and United States Courthouse
United States District Court for the Southern District of New York
300 Quarropas Street, White Plains, New York, 10601-4150

Re:     The Wave Studio, LLC:  Consolidated New York Cases, No. 13-9239 (S.D.N.Y.)

Dear Judge Seibel:

Under the Court's Individual Rules of Practice Rule 2(B), plaintiff The Wave Studio, LLC ("Wave") respectfully seeks leave to file the enclosed surreply and rebuttal expert declaration in opposition to the motion to dismiss under *forum non conveniens* by Trip.com Group Limited, Trip.com Travel Singapore Pte. Ltd., and Skyscanner Ltd.  In reply supporting their motion, the movants submitted two declarations presenting new facts and arguments.  Wave seeks an opportunity to respond to these points.

**1.      Background**

On August 25, movants served their motion to dismiss, submitting no expert declaration and providing only a two-page factual declaration stating the location of each movant's headquarters.  In opposition, Wave argued that "[m]ovants provide neither evidence nor expert opinion of their own; this failure alone is sufficient to deny their motion."  Docket No. 586 at 9; *see generally id.*  On October 6, movants filed their reply, introducing two declarations including an expert, advancing facts and arguments not in movants' opening brief.  Docket No. 588.

**2.      Movants' Reply Declarations Introduce New Material**

Movants' declaration of Leck Kwang Hwee Andy introduces the new legal theory that actions by one movant, Trip.com Travel Singapore Pte. Ltd., amount to copyright infringement under Singapore law, and as such can be redressed by a Singapore court.  Docket No. 590.  And movants' declaration of Min Zhai presents dozens of new factual assertions, including descriptions of Trip.com's business operations and corporate structure.  Docket No. 589.

**3.      The Court Should Allow Wave to File a Brief Surreply**

"This Circuit has made clear it disfavors new issues being raised in reply papers."  *Rowley v. City of New York*, No. 00-1793, 2005 WL 2429514, at *5 (S.D.N.Y. Sept. 30, 2005) (collecting cases).  Courts do "not allow the movant to have the final word when raising new arguments or evidence in reply papers," and thus routinely permit sur-replies in these circumstances.  *Paz Sys., Inc. v. Dakota Grp. Corp.*, No. 5-4763, 2006 WL 8430241, at *4 (E.D.N.Y. June 16, 2006); *Sec. & Exch. Comm'n v. Ripple Labs, Inc.*, 2022 WL 329211, at *3 (S.D.N.Y. Feb. 3, 2022) ("Courts grant leave to file sur-replies when they address arguments raised for the first time in a reply brief"); *see also DT v. Somers Cent. Sch. Dist.*, 2009 WL 10706891, at

Honorable Cathy Seibel
October 31, 2025
Page 2

*2 (S.D.N.Y. Feb. 11, 2009) (granting leave to file sur-reply where party would be "unable to contest matters presented to the court for the first time in the opposing party's reply").  Where, as here, the movant seeks "dispositive" relief, courts "take further steps to ensure that all arguments are properly before them prior to rendering a final decision."  *Id*.

Accordingly, to avoid prejudice and ensure Wave has a fair opportunity to address the movants' new declarations and legal theories, Wave respectfully requests that the Court grant leave to file the enclosed surreply and supplemental expert declaration.  As the Court has not yet set a hearing date on the motion to dismiss, granting leave to file the enclosed surreply and supplemental declaration will not delay the schedule or prejudice any party.  To the contrary, it will promote fairness and judicial efficiency by ensuring that the Court considers the motion on a complete record.

Respectfully Submitted,

Matthew S. Warren