IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| The Wave Studio, LLC,<br><br>                  Plaintiff,<br><br>-against-<br><br>General Hotel Management Ltd., et al.,<br><br>                  Defendants. | Case No. 7:13-cv-09239-CS-VR<br><br>**WAVE'S SURREPLY IN OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S CLAIMS ON *FORUM NON CONVENIENS* GROUNDS BY TRIP.COM GROUP LIMITED, TRIP.COM TRAVEL SINGAPORE PTE. LTD., AND SKYSCANNER LTD.** |

Date:    October 31, 2025
          San Francisco, California

                                  Matthew S. Warren (Bar No. MW6275)
                                  Francesca M. S. Germinario (Bar No. 5629407)
                                  WARREN KASH WARREN LLP
                                  305 Broadway, 7th Floor
                                  New York, New York, 10007
                                  +1 (646) 895-6440
                                  +1 (646) 895-6996 facsimile
                                  13-9239@cases.warrenlex.com

                                  Michael D. Cilento (Bar No. MC2221)
                                  LEWIS & LIN LLC
                                  77 Sands Street, 6th Floor
                                  Brooklyn, New York, 11201
                                  +1 (718) 243-9323
                                  +1 (718) 243-9326 facsimile
                                  Michael@iLawco.com

                                  *Attorneys for Plaintiff The Wave Studio, LLC*

**INTRODUCTION**

Movants' opening brief provided no evidence regarding Singapore law or the adequacy of Singapore as a forum, relying instead on this Court's prior dismissal under *forum non conveniens* of claims against GHM.  After Wave presented evidence that Singapore is not an adequate forum for resolution of Wave's U.S. copyright law claims, however, movants submitted a reply brief that presented new evidence and made new arguments.  Wave therefore tenders this surreply, which shows that the new arguments do not help movants, but support denial of their motion.

**ARGUMENT**

**I.      Singapore is Not An Adequate Forum to Resolve Wave's Infringement Claims**

As Wave explained in its opposition and supported with evidence from a distinguished Singapore attorney, this case seeks relief for U.S. conduct targeting U.S. consumers, conduct that Singapore courts would not redress.  Opp. § II; Docket No. 586-29 ("Llewelyn Decl.") ¶¶ 16-22, 27-32.  In reply, neither movants nor their Singapore lawyers challenge these conclusions, trying instead to obfuscate the issues.  Movants submit a declaration of Mr. Leck Kwang Hwee Andy, who assumes that all infringement occurs in Singapore and concludes, based on that assumption, that the Singapore courts could issue "damages" to redress infringement.  Docket No. 590 ("Leck Decl.") ¶ 23; *see id.* ¶¶ 25-28.  But Mr. Leck does not address the scope of his posited damages. *See id.*  And for good reason:  as Prof. Llewelyn explained in his initial declaration, it is not "open to a Singapore Court in a copyright infringement claim under the CA2021 to award damages for acts of infringement other than those that take place within Singapore."  Llewelyn Decl. ¶ 32; *see id.* ¶ 33.  Mr. Leck's responsive declaration does not address this point, thus conceding it.  *See generally* Leck Decl.  Thus, as Prof. Llewelyn explains in his supplemental declaration, "[e]ven if these assumptions were found to be true, Mr Leck's analysis would apply

– 1 –

only to a claim of infringement of Singapore copyright in the Photographs by virtue of acts of reproduction in Singapore, publication in Singapore, or communication to the public in Singapore, of the Photographs." Llewelyn Suppl. Decl. ¶ 3; *see id.* ¶¶ 8-9. Neither Mr. Leck nor movants argue otherwise. Reply at 5-7; Leck Decl. ¶¶ 15-16, 19, 22.

Similarly, Mr. Leck states in his declaration that a Singapore court could "enjoin Trip.com Singapore from publishing the Photographs on the www.trip.com website or otherwise disseminating, publishing and/or communicating the Photographs." Leck Decl. ¶ 31. But as Prof. Llewelyn explained in his initial declaration, it is "not open to a Singapore Court to grant an injunction with extraterritorial effect vis-à-vis a foreign copyright (ie, a foreign property right)," and "the only injunction that a Singapore Court could grant is an injunction to cease any act of copyright infringement within the territory of Singapore," which would allow movants to continue infringing Wave's U.S. copyrights from servers in Malaysia or, indeed, the United States. Llewelyn Decl. ¶ 33; *see id.* ¶¶ 21, 34. Again, Mr. Leck's responsive declaration does not address this point, thus conceding it. *See generally* Leck Decl. Indeed, Mr. Leck states only that Singapore courts could "enjoin Trip.com Singapore," without mentioning the other movants that are not based in Singapore and which the Singapore courts could not enjoin. Leck Decl. ¶ 31; *see* Llewelyn Decl. ¶¶ 20-22. Movants go no further. *See* Reply at 7.

In this action, Wave seeks damages and injunctive relief for violations of U.S. copyrights that occurred within the United States; movants' suggested substitute of damages and injunctive relief for violations of Singapore copyrights by Singapore companies that occurred in Singapore "is so clearly inadequate or unsatisfactory that it is no remedy at all." Reply at 4 (quoting *Base Metal Trading Ltd. v. Russian Aluminum*, 98 F. App'x 47, 50 (2004)).

## II. The Reply Declaration of Min Zhai Confirms the Court Should Deny the Motion

Movants also present and rely on a second new declaration, from attorney Min Zhai. Docket No. 589 ("Zhai Decl."). The Court should not "consider evidence or argument introduced for the first time in a reply." *In re Gen. Motors LLC Ignition Switch Litig.,* No. 14-2543, 2016 WL 1441804, at *8 n.3 (S.D.N.Y. Apr. 12, 2016) (citing *Conn. Bar Ass'n v. United States*, 620 F.3d 81, 91 n.13 (2d Cir. 2010)). But even if the Court does consider Ms. Zhai's declaration, it serves only to confirm that the Court should deny the motion. At most, Ms. Zhai avers only regarding www.trip.com, and does not address or mention Wave's allegations against movants' other platforms, such as www.skyscanner.com, www.makemytrip.com, www.ctrip.com, vayama.com, www.gogobot.com, www.hoteltravel.com, www.goibibo.com, m.ctrip.com, and the Trip.com mobile app. *Compare* Zhai Decl. ¶¶ 6-8 *with* Docket No. 332 ¶¶ 54, 64, 77, 84, 86, 87, 217, 244, 271, 272, 293, 300, 304. The declaration thus confirms that the Singapore court could not remedy the alleged infringement Wave claims in this action.

Ms. Zhai tries to dismiss U.S.-based individuals Wave identified in its opposition as "not employed by the Trip Movants" but rather "indirect subsidiar[ies]." Zhai Decl. ¶¶ 3-4. Ms. Zhai provides nothing to support her claims, and the Court can and should dismiss this kind of "conclusory assertion." *Ingram Micro, Inc. v. Airoute Cargo Express, Inc.,* No. 99-12480, 2001 WL 282696, at *4 (S.D.N.Y. Mar. 22, 2001) (citing *G.B.C. Nigeria (Ltd.) v. M.V. Sophia First*, 588 F.Supp. 76, 79 (S.D.N.Y. 1984)). Even if the Court accepts Ms. Zhai's declaration at face value, this statement supports denying the motion, not granting it. The individuals that Zhai seeks to distance from the litigation—Rich Sun, Aidan Aktouf, Michelle Kang—publicly describe themselves as driving U.S. market development and hotel partnerships on behalf of Trip.com Group's global platforms, thus driving movants' and other Trip defendants'

infringement in the United States.  In April 2023, Rich Sun stated he was "excited to be joining Trip.com Group to continue to drive the growth of the business in the Americas as we pursue our ambitious program of global expansion in key markets around the world" and touted movants' U.S.-localized campaigns.  Docket No. 586-25.  Michelle Kang is a Market Manager leading content and media strategy for Trip.com in its Los Angeles office.  Docket No. 586-14.  Aidan Aktouf, Regional Director of Growth Markets for the Americas, states that he "[o]versees development of Trip.com's acquisition product in the Americas, driving execution across data/reporting, onboarding, contracting, and marketing in collaboration with cross-functional teams."  Docket No. 586-10.  Ms. Zhai's declaration also claims that "the Los Angeles office" has "nothing to do with the claims asserted by Plaintiff in this litigation" (*id.* ¶ 3), but Wave's evidence shows this U.S. office promoting the www.trip.com platform on behalf of Trip.com Group.  Docket Nos. 586-2, 586-20.  Again, the declaration confirms why the Court should deny the motion and resolve Wave's claims itself.  This Court's injunction power extends to infringement by all movants and their "parents, subsidiaries, affiliates, predecessors, successors, divisions, operating units, principals, officers, directors, shareholders, employees, attorneys, members, agents, heirs, representatives, spin-offs, and future assigns, as well as any persons or entities in active concert or participation with" them.  *Joint Stock Co. "Channel One Russia Worldwide" v. Infomir LLC*, No. 16-1318, 2024 WL 5154462, at *11 (S.D.N.Y. Dec. 18, 2024).  In contrast, the Singapore courts will not grant an injunction with extraterritorial effect.  *See* Llewelyn Decl. ¶ 33.

In a final effort to tip the balance of convenience in their favor, movants identify two entirely new potential witnesses—Liang Liang Du and Ru Yi—declaring that Ms. Yi "is based in Singapore, so it would be very inconvenient for her to testify at a trial in New York" and that

"Mr. Du currently works in Shanghai, so a trial in Singapore would be much more convenient for him than a trial in New York." Zhai Decl. ¶ 10. But movants do not explain how the availability, location, or importance of these witnesses requires dismissal; they do not even claim that these individuals would be "unwilling" witnesses. *See Petersen Energia Inversora, S.A.U. v. Argentine Republic*, No. 15-2739, 2016 WL 4735367, at *12 (S.D.N.Y. Sept. 9, 2016), *aff'd in part*, 895 F.3d 194 (2d Cir. 2018) (quoting *Shtofmakher v. David*, No. 14-6934, 2015 WL 5148832, at *3 (S.D.N.Y. Aug. 17, 2015) ("there is no evidence that they would be unwilling to testify, which renders the lack of a subpoena power a less compelling consideration"). Movants "have not shown" that any "travel costs" are "excessively burdensome." *Petersen*, 2016 WL 4735367, at *12 (quoting *Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 107 (2d Cir. 2000)).; *cf. Paisola v. GAP Adventures, Inc.*, No. 10-8920, 2012 WL 1026773, at *4 (S.D.N.Y. Mar. 14, 2012) ("defendants have failed to explain how transporting the documents or copies of them would be 'oppressive' or 'vexatious'"). Without more, the addition of these witnesses does not save movants. The Court should deny the motion.

## CONCLUSION

In light of the foregoing, Wave respectfully requests that the Court deny the motion to dismiss.

Date: October 31, 2025

Respectfully submitted,

/s/ Matthew S. Warren

Matthew S. Warren (Bar No. MW6275)
Francesca M. S. Germinario (Bar No. 5629407)
WARREN KASH WARREN LLP
305 Broadway, 7th Floor
New York, New York, 10007
+1 (646) 895-6440
+1 (646) 895-6996 facsimile

– 5 –

– 6 –

        13-9239@cases.warrenlex.com

        Michael D. Cilento (Bar No. MC2221)
        LEWIS & LIN LLC
        77 Sands Street, 6th Floor
        Brooklyn, New York, 11201
        +1 (718) 243-9323
        +1 (718) 243-9326 facsimile
        Michael@iLawco.com

        *Attorneys for Plaintiff The Wave Studio, LLC*

## CERTIFICATE OF COMPLIANCE

I hereby confirm that this brief complies with the type and number limitations set forth in Local Civil Rule 7.1. I certify that this document contains 1622 words, which were counted using the word count feature in Microsoft Word, in 12-point Times font. The word count does not include the caption page or the signature blocks.

_____
Francesca M. S. Germinario