## DECLARATION IN REPLY OF GORDON IONWY DAVID LLEWELYN

I, Gordon Ionwy David Llewelyn, declare as follows:

1. I have received the following documents:

    (a) the Defendants' Reply Memorandum In Support of Trip Defendants' Motion to Dismiss Plaintiff's Claims on *Forum Non Conveniens* Grounds dated 6 October 2025 ("**Memorandum**"); and

    (b) the Declaration of Leck Kwang Hwee Andy dated 5 October 2025 ("**Mr Leck's Declaration**"), in support of the above.

    I have reviewed the abovementioned documents and respectfully set out my brief response to Mr Leck's Declaration.

2. I note that Mr Leck's Declaration is based entirely on a series of assumptions (as set out at [8] of his Declaration) ("**Assumed Facts**"), all of which relate to factual points which have yet to be proven by the Defendants and remain to be determined.

3. Even if these assumptions were found to be true, Mr Leck's analysis would apply only to a claim of infringement of Singapore copyright in the Photographs by virtue of acts of reproduction in Singapore, publication in Singapore, or communication to the public in Singapore, of the Photographs.

4. Whilst Mr Leck makes reference to "the claims pleaded in this dispute" and "the facts at hand" at [9] and [15] of his Declaration respectively, he does not set out what the claims or the facts actually are, ie, that the claims concern alleged online infringements by the Defendants of the Plaintiff's U.S. copyrights through U.S. conduct (which I stated at the outset at [15] of my earlier Declaration).

5. At [18] of his Declaration, Mr Leck cites *Football Association Premier League Ltd v British Sky Broadcasting Ltd*[1] ("*Football Association v British Sky*"), and the test used by the English courts as being that "an act of communication is deemed to have occurred in-country if the person making the work available is located in the UK" before opining (at [21]) that based on the Assumed Facts "the act(s) of communication of the Photographs on www.trip.com... are deemed to have occurred in Singapore".

6. With respect to Mr Leck, his statements and rephrasing of the English test may give readers of his Declaration the wrong impression that the act of communication of a work by publishing it on a globally accessible website will only ever occur in the country where the person making the work available is located. As explained at [23] – [24] of my earlier Declaration, in the context of the World Wide Web, a decision to publish a copyright work

---

[1] [2013] EWHC 2058 (Ch).

1

on a website results in a communication to the public in each country from which the website can be accessed. It is then the copyright law in each of those countries which applies to determine whether the communication amounts to an infringing act there, regardless of where the decision to publish may have been made.

7. It is clear from a careful reading of *Football Association v British Sky* (and other cases cited such as *EMI Records Ltd v British Sky Broadcasting Ltd*[2]) that the test applied only to determine if there had been an act of communication of the copyright work in the UK; that there are also other acts of communication of the copyright work in other jurisdictions (as a result of the same decision to publish) is not precluded. In both *Football Association v British Sky* and *EMI Records v British Sky*, the issue before the English courts was whether the operators of a website were liable for a communication of a copyright work to the public in the UK via the website.[3] In the former case it was unclear who the operators were or how they could be contacted, whereas in the latter the operators were based outside the UK. Applying the English test, the relevant questions were therefore: Does the communication to the public take place in the UK? Under English law, if the communication originates from outside the UK, whether there is communication in the UK depends on whether it is targeted at the public in the UK.

8. Accordingly, Mr Leck's opinion does not extend to or address at all any acts of infringement occurring in the U.S., including communication of a copyright work to the public in the U.S. As stated at [30] – [33] of my earlier Declaration, to my knowledge the Singapore Court has never decided or even considered a case of alleged copyright infringement through acts occurring overseas and I do not consider it is open to a Singapore Court to grant remedies for such acts of infringement overseas. Mr Leck's Declaration does not offer any opinion to the contrary.

9. Finally, on double recovery of damages, Mr Leck states at [34] – [35] of his Declaration that "any damages awarded [to the Defendants] would, in principle, take into account the damages already paid by GHM to the Plaintiff, *to the extent that there is overlap in the actual loss suffered by the Plaintiff*" (emphasis added). Mr Leck misunderstands the previous ruling in the Singapore Wave Proceedings that I discussed in [12] and [35] – [39] of my earlier Declaration. As stated there, I acted as co-counsel for The Wave Studio Singapore in the Singapore Wave Proceedings against GHM Singapore and GHM BVI. That case considered only GHM's acts of infringement in relation to a magazine published and distributed in Singapore. That case did not consider any acts of infringement outside of Singapore, in the U.S. or anywhere else. There can therefore be no issue of double recovery between that case and this case, which concerns allegations of infringement of Wave's copyrights by the Defendants through U.S. conduct.

---

[2] [2013] EWHC 379 (Ch).
[3] *Football Association v British Sky*, at [45] – [46].

I declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed on this 28th day of October 2025 at Singapore.

_____

Gordon Ionwy David Llewelyn