**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| The Wave Studio, LLC, | No. 7:13-cv-09239-CS-VR |
| Plaintiff, | Related Action: |
|  | No. 7:23-cv-03586 |
| v. |  |
|  | Judge Cathy Seibel |
| General Hotel Management Ltd., *et al.*, | |
| Defendants. | |

**TRIP DEFENDANTS' SUR-SURREPLY IN
SUPPORT OF MOTION TO DISMISS PLAINTIFF'S
CLAIMS ON *FORUM NON CONVENIENS* GROUNDS**

Beixiao Robert Liu, Esq.
Dayna Cooper, Esq.
Stephen Hudspeth, Esq.
1 World Trade Center Suite 8500
New York, NY 10007
(212) 741-8080
(646) 558-4889 fax
robert.liu@balancelawfirm.com
dayna.cooper@balancelawfirm.com
stephen.hudspeth@balancelawfirm.com

*Attorneys for Defendants Trip.com Group
Limited, Trip.com Travel Singapore Pte. Ltd.,
and Skyscanner Ltd.*

Plaintiff's Surreply (ECF No. 593-1) argument that Singapore is not an adequate forum lacks merit. This Court previously held, and the Second Circuit affirmed, that Singapore is an adequate alternative forum for Plaintiff's infringement claims. Moreover, the availability of an adequate alternative forum does ***not*** depend on whether identical causes of action or identical remedies exist in that forum when compared to a plaintiff's chosen forum, and the alternative forum can be adequate even if that forum's law is not as favorable to a plaintiff as the law of its chosen forum. *See* Trip Defendants' Reply ("Reply") at 3-4 (citing cases) (ECF No. 588); *see also* Mem. in Support of Motion to Dismiss at 9 (same) (ECF No. 583). Plaintiff runs afoul of those well-established legal principles when complaining about differences between broader remedies and more favorable law in this Court versus narrower remedies and less favorable law in Singapore. Even big differences between remedies available in a foreign forum and remedies available in the United States court do not make the foreign forum inadequate. The key issue is whether remedies available to Plaintiff in Singapore would be so clearly inadequate or unsatisfactory that they are no remedy at all. *See* Reply at 4 (citing cases). That is not the case here, as shown by the evidence and arguments presented in the Trip Defendants' prior filings. In any event, to allay Plaintiff's concerns about the scope of damages, the Trip Defendants hereby commit that–if Plaintiff pursues these infringement claims in Singapore after this motion is granted and if the Singapore courts rule that damages are appropriate–they will not object to and will support, in the trial court and on appeal, the proposition that damages should be awarded for infringement involving not only photographs that were available to be viewed via the Internet in Singapore but also photographs that were available to be viewed via the Internet in this country.

Plaintiff also speculates that the Trip Defendants may use geographic boundaries

1

to evade a Singapore court's injunction, *see* Surreply at 2, but that argument fails because Trip.com Group Limited (which has its principal place of business in Singapore (ECF No. 531-19)) and Trip.com Travel Singapore Pte. Ltd. (which is incorporated, and has its principal place of business, in Singapore (ECF No. 589, ¶ 7)) would not be so foolish as to play such games with a Singapore court. Nevertheless, to allay Plaintiff's concerns about the scope of available injunctive relief, the Trip Defendants hereby commit that–if Plaintiff pursues these infringement claims in Singapore after the Motion is granted and if the Singapore courts rule that injunctive relief is appropriate–they will treat any injunction issued by the Singapore courts as a worldwide injunction and will not object to it, in the trial court or on appeal, based on geographic-boundary arguments.[1]

Plaintiff's arguments about witnesses also are unavailing. It discusses individuals located in this country, *see* Surreply at 3-4, but they do not have knowledge relevant to the claims or defenses at issue in this case, *see* Reply at 8, so they have no bearing on the private-interest-factors analysis. Plaintiff also erroneously mixes up two separate concepts–whether an unwilling witness could be compelled to testify at trial and the convenience of witnesses who would be called to testify without subpoenas, *see* Surreply at 4-5. The witnesses identified by the Trip Defendants would be called by them without trial subpoenas. It is proper for this Court to take into account the cost and inconvenience that would be created if those witnesses testify at a New York trial as opposed to a Singapore trial. The private-interest-factors analysis is not limited to unwilling witnesses.

The Court should dismiss Plaintiff's claims on *forum non conveniens* grounds.

---

[1] The commitments set forth above apply not only to the trip.com website (www.trip.com) but also to any other websites identified on page 3 of the Surreply, to the extent that any such websites are under the control of the Trip.com Defendants (directly or through their subsidiaries).

Dated: New York, NY    Respectfully submitted,
       November 18, 2025

BALANCE LAW FIRM

By: *B. Robert Liu*
Beixiao Robert Liu, Esq.
Dayna Cooper, Esq.
Stephen Hudspeth, Esq.
1 World Trade Center Suite 8500
New York, NY 10007
(212) 741-8080
(646) 558-4889 fax
robert.liu@balancelawfirm.com
dayna.cooper@balancelawfirm.com
stephen.hudspeth@balancelawfirm.com

*Attorneys for Defendants Trip.com Group Limited, Trip.com Travel Singapore Pte. Ltd., and Skyscanner Ltd.*