

701 El Camino Real
Redwood City, CA 94063
+1 (415) 426-4746

**Jennifer A. Kash**
jkash@bdiplaw.com

Via Electronic Filing Sysytem

March 18, 2026

Hon. Judge Victoria Reznik
The Hon. Charles L. Brient Jr. Federal Building
300 Quarropas St.
White Plains, NY 10601-4150
ReznikNYSDChambers@nysd.uscourts.gov

> **Re:** ***The Wave Studio, LLC v. General Hotel Mgmt. Ltd., et al.,***
> **Case No.: 7:13-cv-09239 (S.D.N.Y.)**

Dear Judge Reznik:

On March 13, 2026, Judge Seibel held a bench ruling conference during which the Court ordered Plaintiff The Wave Studio, LLC ("Wave") to provide a Second Amended Master Complaint containing the proposed allegations Judge Seibel addressed in the bench ruling.

## 1.    Second Amended Master Complaint

During the conference, Wave asked whether in order to streamline matters, Wave's Second Amended Master Complaint could also remove allegations pertaining to those parties that had been dismissed in the prior months, and correct the allegations to include the parties that had been inadvertently left out of the Master Complaint as discussed in the Court's August 1, 2025 Order. Docket No. 576 at 2-3.

As the Court noted in its August 1, 2025 Order, certain defendants were omitted from the Master Complaint.  The Court specified that if those omissions were unintentional, Wave could seek leave to amend to "correctly capture all remaining defendants involved in this litigation."  Docket No. 576 at 2-3.  Consistent with that guidance, Wave seeks leave to correct the forthcoming Second Amended Master Complaint to include the defendants that were inadvertently left out of the prior Master Complaint.  During the conference, Judge Seibel indicated that this approach appeared reasonable and recommended that the inadvertently omitted parties be given a brief opportunity (she suggested 10 days), to state any position regarding the corrected pleading before it is filed.

Thus, although Judge Seibel initially ordered that the Second Amended Master Complaint be filed 30 days after the bench ruling, Judge Seibel ultimately deferred to the Court the matter of setting a particular deadline occurring 30 days after the time set to respond to Wave's request elapses.

To ensure the Second Amended Master Complaint accurately identifies the appropriate parties given the passage of time, Wave also seeks leave to correct the caption, including the addition of "f/k/a" references where appropriate, to ensure that the pleading accurately reflects the defendants involved in the case.

Accordingly, Wave respectfully requests that the Court issue an order:

- Allowing Wave to make such corrections to the forthcoming Second Amended Master Complaint and caption;

- Providing that each omitted defendant shall have ten (10) days from service of such order to file a letter stating its position (if any) regarding the amendment or any procedural issues arising from its inclusion;[1] and

- Instructing Wave to file its Second Amended Master Complaint within thirty (30) days thereafter, or on any other date the Court deems appropriate.

## 2.    Private Mediation

During the March 13 conference, Wave also informed Judge Seibel that, once the corrected Second Amended Master Complaint is filed, Wave believes the most productive next step would be to order the parties to private mediation before requiring responses to the complaint.

Judge Seibel indicated that she has long viewed early resolution tools to be beneficial in this matter and counsel for Booking Defendants and Trip Defendants present at the conference were also amenable. At this juncture, a private mediation would streamline the parties before the remaining defendants respond to the complaint, and would also provide a practical forum for discussions involving entities that are not parties to the case but are otherwise indispensable.  Multiple defendants have expressed interest in exploring resolution but have advised Wave that settlement cannot meaningfully proceed on a piecemeal basis as they require coordination with not only other defendants, but also indemnitors, insurers, corporate affiliates, and other non-party stakeholders. A private mediation process would allow those entities to confidentially participate in resolution discussions.

For these reasons, Wave respectfully requests that the Court also order the following:

- Once the Second Amended Master Complaint is on file, all parties must proceed to a private mediation;

- Within thirty (30) days of the Court's order, the parties shall file a joint letter reporting on the selection of a mediator;

- The mediation shall be completed within ninety (90) days after the mediator is selected; and

---

[1] Wave would serve the Court's order on any parties who have not yet appeared and file proof of service on the docket.

- During this mediation period, the current stay of the action shall remain in effect, and defendants shall not be required to respond to the Second Amended Master Complaint unless and until the Court orders otherwise.

Wave believes this approach is consistent with the Court's prior guidance and Judge Seibel's expressed view that coordinated mediation would be a productive way to narrow the scope of this exceptionally large multi-defendant case.

Sincerely yours,

*/s/ Jennifer A. Kash*
Jennifer A. Kash